IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION - BOSTON)

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>Plaintiff,<br><br>-against-<br><br>DAVID J. HOEY, LAW OFFICES OF DAVID J. HOEY, P.C., DON C. KEENAN, D.C. KEENAN & ASSOCIATES, P.C. D/B/A THE KEENAN LAW FIRM, P.C., AND KEENAN'S KIDS FOUNDATION, INC.<br><br>Defendants | Civil Case No. 1:22-cv-10792-RGS |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER ALLOWING ALTERNATIVE SERVICE ON DEFENDANTS DON C. KEENAN and D.C. KEENAN & ASSOCIATES, P.C. D/B/A THE KEENAN LAW FIRM P.C. VIA SERVICE ON COUNSEL**

Plaintiff Kira Wahlstrom, through undersigned counsel, respectfully moves this Court to allow alternative service of Defendants Don C. Keenan ("Keenan"), an individual, and of D.C. Keenan & Associates, P.C. D/B/A The Keenan Law Firm, P.C. ("Keenan Law Firm"), organized in Florida and operating from Georgia, by serving counsel retained to represent these parties in this action.

**Summary of Grounds for Motion**

Keenan is an attorney who has been on notice of this lawsuit for two months alleging that he fraudulently overcharged fees and case expenses to his former client, Ms. Wahlstrom, when he represented Ms. Wahlstrom in a premises liability case after she was brutally attacked and raped. When the instant suit was filed, Keenan already had Boston counsel, attorney Ian Pinta,

1

appearing on his behalf in a related action pending in Suffolk Superior Court in which Keenan is a defendant accused of wrongdoing by another attorney for Keenan's handling of the fee recovery in Ms. Wahlstrom's rape case. Attorney Pinta commented to the press about this suit back on June 3, 2022. Ms. Wahlstrom has attempted to serve Keenan, through multiple attempts at his law office in Georgia, his office address in Florida, and another address in Florida listed with the Florida Secretary of State and believed to be Keenan's residence. Additionally, over a month ago, Ms. Wahlstrom sought, through undersigned counsel, for Keenan's Boston counsel, attorney Pinta, to accept service on his behalf. After two weeks, undersigned was advised that another attorney, John O'Connor of Peabody Arnold in Boston, was representing Keenan and his firm in this federal case. Undersigned repeated the request for counsel to accept service. Another three weeks has now passed and attorney O'Connor is unable to advise either way whether Keenan and Keenan Law will accept service. There is no indication that Keenan's dodging of service, as detailed herein, is about to stop. Keenan's evasion of service in this case where Keenan and the other defendants have stolen close to a million dollars from their former client, Ms. Wahlstrom, requires her to seek relief from this Court by ordering that service may be effected on these defendants by serving their counsel here in the Commonwealth to avoid further unnecessary delay and costs to Ms. Wahlstrom.

**Relevant Factual Background**

On May 23, 2022, Ms. Wahlstrom initiated this action against her prior counsel, attorneys David Hoey and Don Keenan and their respective law firms, for their deceit and betrayal in taking from her close to one million dollars in unearned and improper fees and unreasonable expenses from the recovery obtained in Ms. Wahlstrom's 2010 premises liability case. Dkt. No. 1, Complaint. In 2010, Ms. Wahlstrom sued the owners and operators of a garage where Ms.

Wahlstrom was brutally raped just 12 days after the same rapist had attacked and raped another woman in the same garage and the garage failed to warn and implement security measures thereafter. *Id.,* ¶¶ 10-14.

Don Keenan is an attorney domiciled in Florida and/or Georgia and practicing law in the State of Georgia. Dkt. No. 11, First Amended Complaint, ¶6.[1] Defendant D.C. Keenan & Associates P.C. d/b/a The Keenan Law Firm P.C. ("Keenan Law Firm") is a professional corporation believed to be wholly owned by Keenan, organized in Florida, and with its principal place of business at 148 Nassau St. N.W., Atlanta, GA 30303. *Id.*, ¶7. In the underlying premises liability case, Keenan was admitted *pro hac vice* to the Suffolk Superior Court and tried the case with Defendant David Hoey over four weeks in the summer of 2015. *Id.*, ¶¶ 21, 28.

Undersigned counsel arranged for a process server to attempt service on Keenan and Keenan Law Firm at their principal offices in Atlanta Georgia. Declaration of Bridget A. Zerner, ¶ 2 and Exhibit A, Affidavit of Diligence. As reflected in the process server's affidavit, attempts to serve the law office were made on May 26, May 31, June 1, and June 23, 2022 during regular business hours but the law office was locked and no one responded each time. This office address is the only address listed with the Georgia Secretary of State for both the principal office and the registered agent, Don Keenan. Exhibit G-2.

Undersigned counsel then also arranged for a process server to attempt service on Keenan and Keenan Law Firm at the firm's Florida address as stated on the firm's website. Zerner Dec., ¶3 and Exhibit B, Affidavit of Non-Service. As reported by the Florida process server, the Keenan Law Firm office could not be located at its listed address and when the process server

---

[1] Pursuant to Rule 15(a)(1)(B), Fed. R. Civ. P., Ms. Wahlstrom amended her complaint as a matter of course within twenty-one days after service of a responsive pleading (the Answer filed by Defendants Hoey and Hoey Law at Dkt. No. 9 filed on July 14, 2022).

called the law office number for assistance, the person first hung up on her and then on the second call said that she could not assist the process server with locating the law office:

> 6/7/2022 11:32 am Attempted service at 2441 US HIGHWAY 98, SANTA ROSA BEACH, FL 32459, There is no Keenan Law Firm at the listed address. I went online and saw the 2441 US 98 address is listed without a suite number. I called the number listed online to get a correct address (800-677-2025). A woman answered the phone and did not know the address and asked who I was. When I said I was a process server, I was put on hold and then the line was disconnected. I called back and got the same woman who told me I would need to locate the office myself. I called the Florida Bar and was told that the Keenan was not licensed in Florida and advised to call the Georgia bar. After being on hold with the GA bar for about 10 minutes I hung up because I needed to move on.

Exhibit B.

Keenan Law Firm's 2022 Florida Annual Report filed with the Secretary of State on March 30, 2022 states that the current registered agent for the law firm is Don C. Keenan at the address of 60 Auburn Drive, Santa Rosa Beach, Florida 32459, which is a residential address believed to be Keenan's home. Zerner Dec., ¶4 and Exhibit C. Undersigned counsel provided this address to the Florida process server to attempt service at this address. Zerner Dec., ¶ 4. The process server attempted service on June 17 and July 1, 2022 reporting that there is no access to the front door because of an electric gate at the drive entry. *Id.* and Exhibit B. A car was observed in the drive on both attempts as well as a security camera and the process server honked and waited but there was no response. *See,* Exhibit B and photos attached to affidavit.

Don Keenan and his firm were on notice of the lawsuit at least as of June 3, 2022 when Keenan's attorney Ian Pinta (appearing on behalf of Keenan in the related attorney fee litigation, *O'Toole v. Hoey, et al.*, Civil Action No. 2021-0741, Suffolk Superior Court) gave a statement reported by Massachusetts Lawyers Weekly. Zerner Dec., ¶5 and Exhibit D. The article reports at page 3:

> Keenan's attorney, Ian J. Pinta of Todd & Weld in Boston, calls his client "an

outstanding trial lawyer" who "achieved an outstanding result for Ms. Wahlstrom."

"Mr. Keenan denies her and Mr. O'Toole's allegations completely, and he will defend the lawsuits vigorously in court," he says in an emailed statement.

On June 24, 2022, undersigned asked attorney Pinta if he and his firm would also be representing Keenan and the Keenan Law Firm in Ms. Wahlstrom's federal suit. Zerner Dec., ¶6, and Exhibit E. On June 27, 2022, attorney Pinta responded that he did not yet know but would advise as soon as he had confirmation either way. *Id*. On June 29, 2022, undersigned responded asking if attorney Pinta could accept service of the federal complaint in this case and the parties could reach an agreement on a response date. *Id*. On July 8, 2022, having not heard back, undersigned emailed to attorney Pinta the affidavits from the Georgia and Florida process servers described and cited above and stated:

> Ian: We have attempted service of Mr. Keenan in Georgia and Florida on multiple occasions. See attached. Please advise if you are able to accept service or if we will need to incur the expense in seeking another remedy or go to the court for relief. I also note that I understand under Georgia law, where Mr. Keenan practices, defendants have a duty to avoid unnecessary costs of serving the summons. Thank you.

Zerner Dec., ¶7 and Exhibit E. On July 12, 2022, attorney Pinta advised he still did not know which firm would represent Keenan and his firm in this matter and then on July 13, 2022, attorney Pinta informed undersigned that Jack O'Connor of Peabody Arnold will be representing Keenan and his firm. Zerner Dec., ¶8 and Exhibit E. The same day, undersigned emailed a copy of the complaint with exhibits, the summons, as well as the affidavits of process servers from Georgia and Florida to attorney O'Connor asking if he would accept service for his clients and reach an agreement on a response deadline. Zerner Dec., ¶8 and Exhibit F. Attorney O'Connor promptly responded that he would be back to undersigned after he spoke to Don Keenan. *Id*. The next week, on July 19, 2022, attorney O'Connor called undersigned to introduce himself and

5

advised he did not have authorization to accept service at the moment but expected to hear back from his client soon. *Id*. As of July 28, 2022, undersigned had received no further response and emailed attorney O'Connor that if his client does not agree to accept service, Ms. Wahlstrom would move the court for an order authorizing substituted service on counsel and seek costs. *Id*. As of August 1, 2022, undersigned received no response at all and so emailed attorney O'Connor again seeking to further confer on the proposed motion as required by Local Rule 7.1. Zerner Dec., ¶9. On August 2, 2022, receiving no response, undersigned called attorney O'Connor and left a voicemail and sent a follow-up email regarding the proposed motion and seeking if the matter could be resolved without the need for a motion. Zerner Dec., ¶10 and Exhibit F. Attorney O'Connor called back in response and advised he still did not have an answer from his client on accepting service and was aware that the proposed motion may be filed but could not provide any other details as to his client's position or the cause for Keenan's delay in responding as counsel had still not spoken to Keenan yet himself. Zerner Dec., ¶10. No further response was received from Keenan's counsel as of the time this motion was filed. Zerner Dec., ¶11.

## ARGUMENT

### PLAINTIFF'S MOTION FOR AN ORDER ALLOWING SERVICE ON DEFENDANTS KEENAN AND KEENAN LAW FIRM THROUGH SERVICE ON COUNSEL SHOULD BE GRANTED

Ms. Wahlstrom has made a diligent effort through repeated attempts to serve Keenan under Rule 4(e),[2] by attempting to deliver a copy of the summons and complaint to him

---

[2] Fed. R. Civ. P. 4 (e) provides:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
   **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
   **(2)** doing any of the following:

personally or to an authorized agent at three different known addresses including attempting to leave a copy with a person of suitable age at the address believed to be Keenan's home in Florida as described above. These attempts also were in accord with the service options available under Massachusetts, Florida and Georgia law. *See,* Mass. R. Civ. P. 4 (d) and (e) (by delivering a copy to defendant personally or leaving copy at last and usual place of abode or delivering a copy to authorized agent); Fla. Stat. Ann. § 48.031 (service on individual may be made by delivering a copy to the person or by leaving the copies at usual place of abode with any person residing therein who is 15 years of age or older); Ga. Code Ann. § 9-11-4(e) (may serve defendant personally, or by leaving copies at the defendant's usual place of abode with some person of suitable age and discretion, or by delivering a copy to an agent authorized by appointment or by law to receive service of process)  Likewise, Ms. Wahlstrom made a diligent effort to serve Keenan Law in compliance with Rule 4(h)³ and state law. *See,* Mass. R. Civ. P. 4 (d)(2), Fla. Stat. Ann. § 48.081; Ga. Code Ann. § 9-11-4 (e)(1).

---

       **(A)** delivering a copy of the summons and of the complaint to the individual personally;
       **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
       **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

³     Fed. R. Civ. P. 4(h):

(h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
  (1) in a judicial district of the United States:
    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
  (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A) provide that service upon an individual or a corporation may be effected "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located...." The Massachusetts Rules of Civil Procedure provide that service outside of the Commonwealth may be accomplished "as directed by order of the court." Mass. R. Civ. P. 4(e). Similarly, inside the Commonwealth, if the plaintiff shows that he has been unable to effect service "after diligent search ..., the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law." Mass. R. Civ. P. 4(d)(1) and (2). *See, Swenson v. Mobilityless, LLC*, No. CV 19-30168-KAR, 2020 WL 2404835, at *1–4 (D. Mass. May 12, 2020)(Robertson, MJ); *Alves v. Daly*, No. CA 12-10935-MLW, 2013 WL 1330010, at *3–4 (D. Mass. Mar. 29, 2013) (Wolf, J.)("Where a plaintiff, on his own or through a process server, makes numerous unsuccessful attempts to effectuate service of process on a defendant, an alternative method of service may be permissible under Massachusetts law."); *Rua v. Glodis,* No. 10–40251–FDS, 2011 WL 5076319, at *1 (D.Mass. Oct.24, 2011) (Saylor, J.)("Massachusetts rules allow service by a court order of notice, but such orders may be granted only if, after 'diligent search,' the plaintiff 'can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made.' "); *Sec. & Exch. Comm'n v. Marvel Partners*, No. CV 08-12008-MLW, 2008 WL 11511616, at *1 (D. Mass. Dec. 22, 2008) (Wolf, J.)

Keenan, through his counsel, claimed he was going to vigorously defend this action, and yet he will not even accept service to do so. Instead, he appears to be actively evading service. His principal office in Atlanta has been locked repeatedly during regular business hours with no posted notice giving any indication as to why the office is closed (such as a notice indicating staff are working remotely) or how the office can be reached. His Florida office address could

not be physically located and the person answering his office phone number refused to assist the process server in locating the office. And the third address, which appears to be a private residence, is protected by an electric gate where no one responded to the process server's attempts to alert those inside to her presence. Moreover, Keenan has two sets of counsel representing him here in Boston, one retained specifically for this very case, and yet Keenan has not even responded to his own counsel on whether or not he authorizes them to accept service at this time even though the first request to counsel to accept service was made over a month ago back on June 29, 2022.

In light of the diligent effort by Ms. Wahlstrom to serve Keenan and Keenan Law and the fact that Keenan has been on notice of the lawsuit for two months, has counsel to represent him in this case, and for a month has refused to advise one way or the other whether he authorizes his counsel to accept service, there are grounds to allow Ms. Wahlstrom to serve Keenan and Keenan Law by serving counsel retained to represent them in this case, John O'Connor of Peabody Arnold, located here in Boston. *See, Swenson v. Mobilityless, LLC*, No. CV 19-30168-KAR, 2020 WL 2404835, at *3 (D. Mass. May 12, 2020) (Robertson, MJ) (allowing plaintiff to make service via certified mail to party in Arizona and via electronic service where evidence that plaintiff made diligent effort to effect service and that defendants were attempting to evade service); *Sec. & Exch. Comm'n v. Marvel Partners*, No. CV 08-12008-MLW, 2008 WL 11511616, at *1 (D. Mass. Dec. 22, 2008) ("the task of determining when the particularities and necessities of a given case require alternate service of process is placed squarely within the sound discretion of the district court" as long as the method of service of process is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Cooper v. Church of Scientology of*

*Bos., Inc.*, 92 F.R.D. 783, 784–86 (D. Mass. 1982) (McNaught, J) (order allowing substitute service on defendant outside the Commonwealth) Ms. Wahlstrom should not have to expend more time and cost to make further attempts of service.

Additionally, if attorney O'Connor confirms he will also be representing the newly added Defendant Keenan's Kids Foundation now that Ms. Wahlstrom has amended her complaint (Dkt. No. 11), then service on counsel should be allowed for this party as well since the Foundation has the same address in Georgia as the Keenan Law Firm where the process server made multiple attempts to serve Keenan and Keenan Law and Don Keenan is also the sole person listed as the CEO, CFO, Secretary and Registered Agent of the Foundation. *See,* Exhibit G. There is no reason to think Ms. Wahlstrom will have more success serving this party at the same address or through the same agent, Don Keenan.

Dated: August 2, 2022

Respectfully submitted,

*/s/ Bridget A. Zerner*
Bridget A. Zerner (BBO No. 669468)
John J.E. Markham, II (BBO No. 638579)
MARKHAM READ ZERNER LLC
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax:(617)742-8604
bzerner@markhamreadzerner.com
jmarkham@markhamreadzerner.com
*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 2, 2022 this document was served by electronic delivery through the CM/ECF system on the registered participants as identified on the Notice of Electronic Filing, which will forward copies to Counsel of Record.

   Additionally, I provided a copy of the foregoing document to attorney John O'Connor of Peabody Arnold LLP who has informed undersigned that he is representing Defendant Don Keenan and Defendant Keenan Law in this matter though he has not been authorized to accept service on behalf of Keenan and Keenan Law and has not yet filed an appearance.

          */s/ Bridget A. Zerner*
          Bridget A. Zerner