UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRA WAHLSTROM, *Plaintiff* v. DAVID J. HOEY, LAW OFFICES OF DAVID J. HOEY, P.C., DON C. KEENAN, AND D.C. KEENAN & ASSOCIATES, P.C. D/B/A THE KEENAN LAW FIRM, P.C. *Defendant* | 1:22-cv-10792-RGS |

**ANSWER OF DEFENDANTS DAVID J. HOEY AND THE LAW OFFICES OF DAVID J. HOEY, P.C. TO PLAINTIFF'S AMENDED COMPLAINT, WITH JURY DEMAND**

NOW come the Defendants, David J. Hoey and the Law Offices of David J. Hoey, P.C. ("Defendants") and hereby submit this Answer to the Plaintiff's Amended Complaint.

**INTRODUCTION**

1-2.    Paragraphs 1 and 2 represent a statement of the nature of the plaintiff's complaint as well as a general characterization of the allegations against the Defendants and therefore no response is required. To the extent a response is required, the Defendants deny any allegations and/or characterizations of wrongful conduct by the Defendants, either expressed or implied.

**THE PARTIES**

3.    Admitted.

4.      Admitted that David J. Hoey is an individual and attorney domiciled and practicing law in the Commonwealth of Massachusetts. Further admitted that Attorney Hoey acted on behalf of the Defendant Law Offices of David J. Hoey, P.C. The remaining allegations are denied.

5.      Admitted that the Law Offices of David J. Hoey, P.C. is a professional corporation, organized in Massachusetts and with its principal place of business at 352 Park Street, Suite 105, North Reading, Massachusetts 01864. The remaining allegations are denied.

6.      The Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 6, and call upon the plaintiff to prove the same.

7.      The Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 7, and call upon the plaintiff to prove the same.

8.      The Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 8, and call upon the plaintiff to prove the same.

## JURISDICTION AND VENUE

9.      This paragraph calls for a legal conclusion to which no response is required. Further answering, the Defendants state that to the extent Paragraph 9 is construed to contain allegations to which responses are required, the Defendants deny the same.

10.     This paragraph calls for a legal conclusion to which no response is required. Further answering, the Defendants state that to the extent Paragraph 10 is construed to contain allegations to which responses are required, the Defendants deny the same.

## FACTS

11.     Admitted.

12. Admitted.

13. The Defendants admit the first, third, and fifth sentences. As to the second sentence, the Defendants deny that Ms. Wahlstrom entered the elevator before Mr. Rivera. As to the fourth sentence, the Defendants deny Ms. Wahlstrom was grabbed by the throat. All other allegations contained in the fourth sentence are admitted.

14. Admitted.

15. The Defendants lack sufficient information to either admit or deny the allegations contained in the first sentence, and call upon the plaintiff to prove the same. As to the second sentence, admitted that Attorney O'Toole referred Ms. Wahlstrom to the Law Offices of David J. Hoey, P.C., but otherwise denied as alleged.

16. The Defendants admit that Ms. Wahlstrom entered into the Contingent Fee Agreement attached as Exhibit A to the plaintiff's complaint with the Law Offices of David J. Hoey, P.C. As to the second and third sentences, the Defendants state Exhibit A speaks for itself and therefore no further response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same. The remaining allegations contained in Paragraph 16 are denied.

17. The Defendants state the Contingent Fee Agreement speaks for itself and therefore no response is required.

18. The Defendants state the Contingent Fee Agreement speaks for itself and therefore no response is required.

19. As to the first and fourth sentences, the Defendants state that Exhibit B speaks for itself and therefore no response is required.  As to the second and third sentences, admitted that O'Toole and Wahlstrom signed the agreement, as reflected thereon and therefore no further response is required.  To the extent a response is required, the Defendants deny the plaintiff's characterizations and/ or interpretations of the same. The remaining allegations contained in Paragraph 19 are denied.

20. Admitted.

21. The Defendants admit that Don Keenan of the Keenan Law Firm, P.C. was counsel on the matter entitled *Wahlstrom v. JPA IV Management Company, Inc., et al.* No. 1084CV01022. The Defendants admit that Attorney Keenan sought admission to appear *pro hac vice* in the *Wahlstrom* matter. The remaining allegations contained in Paragraph 21 are denied as alleged.

22. The Defendants state that the e-mail chain attached as Exhibit C speaks for itself and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/ or interpretations of the same.

23. The Defendants state that the e-mail chain attached as Exhibit C speaks for itself and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/ or interpretations of the same. The remaining allegations contained in Paragraph 23 are denied.

24. The Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 24 and call upon the plaintiff to prove the same.

25. The Defendants admit that Exhibit D to the Plaintiff's Complaint is the Contingent Fee Agreement between the Keenan Law Firm and Ms. Wahlstrom, which speaks for itself and

therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same. The remaining allegations contained in Paragraph 25 are denied.

26. The Defendants state that Exhibit D speaks for itself and therefore no response is required.

27. The Defendants state that the Contingent Fee Agreements speak for themselves and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same. The remaining allegations contained in Paragraph 27 are denied.

28. The Defendants admit that the case was tried beginning on July 14, 2015 and ended with a verdict on August 11, 2015. The Defendants further admit that Attorneys Hoey, Sobczak, Keenan, and Gould participated in the trial. The remaining allegations contained in Paragraph 28 are denied.

29. The Defendants admit that the jury awarded Ms. Wahlstrom $4 million against the JPA defendants. The Defendants further admit that the judgment entered against the JPA defendants in 2015 totaled $6,650,829.58. The remaining allegations are denied as alleged.

30. Admitted that a Motion for a New Trial was filed by the JPA defendants in the *Wahlstrom v. LAZ Parking Ltd., LLC* matter and that the trial judge issued a decision on such motion, which motion and decision speak for themselves, and therefore no response is required. To the extent a response is required, the defendants deny the plaintiff's characterizations and/or interpretations of the same. The remaining allegations contained in Paragraph 30 are denied.

31.     The Defendants admit the first and third sentences. As to the second sentence, admitted that Patricia DeJuneas, Robert J. Cordy and Ashley P. Allen worked on the appeal. To the extent the second sentence expresses or implies any of the Defendants did not participate or provide legal services to Ms. Wahlstrom in the appellate matters, the same is denied. The remaining allegations are denied as alleged.

32.     The Defendants state that the allegations made in the first sentence contains a conclusion of law to which no response is required. As to the third sentence, the Defendants admit that Attorney Hoey did not sit at counsel table for the appellate oral argument. Otherwise, as to the second and third sentences, the Defendants state that the docket for the Appeals Court and the briefs filed with the Appeals Court speak for themselves and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same.

33.     Denied as alleged.

34.     The Defendants admit that Attorney Hoey did not file the interlocutory appeal application or the appellate briefs. The Defendants admit that Attorney Hoey's name or signatures did not appear on any of the appellate briefs. All remaining allegations contained in Paragraph 34 are denied.

35.     The Defendants admit the first sentence. The Defendants lack sufficient knowledge to either admit or deny the allegations made in the second sentence as alleged, and call upon the plaintiff to prove the same.

36.     As to the first and third sentences, the Defendants state that the Appeals Court decision referenced in Paragraph 36 and the docket speak for themselves and therefore no response is

required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same. To the extent that the second sentence expresses or implies that Attorney DeJuneas alone "investigated and filed" a motion to disqualify the trial judge, such allegations are denied.   Otherwise denied.

37.     The Defendants state that the filings, orders and decisions of the Appeals Court referenced in Paragraph 37 speak for themselves and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same.

38.     Denied.

39.     Denied as phrased.

40.     Admitted that Attorney Sobczak filed a lawsuit against the Defendants in Middlesex County Superior Court. Admitted that Attorney Sobczak filed a notice of lien for attorney's fees in Ms. Wahlstrom's premises liability case. All remaining allegations contained in Paragraph 40 are denied.

41.     Admitted that Attorney Sobczak did not have a fee agreement with Ms. Wahlstrom. As to allegations concerning Attorney Sobczak's rationale for pursuing a lien against Ms. Wahlstrom, the Defendants lack sufficient information to either admit or deny, and call upon the plaintiff to prove the same. All remaining allegations contained in Paragraph 41 are denied.

42.     The Defendants state that Exhibit E speaks for itself and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same. All remaining allegations contained in Paragraph 42 are denied.

43. The Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 43, and call upon the plaintiff to prove the same.

44. The Defendants admit that the lien filed by Attorney Sobczak was dismissed. All remaining allegations contained in Paragraph 44 are denied.

45. Denied.

46. Admitted.

47. Denied as phrased.

48. Denied.

49. The Defendants state that the e-mail of December 17, 2019 speaks for itself and deny the plaintiff's characterizations and/or interpretations of the same. All remaining allegations contained in Paragraph 49 are denied.

50. The Defendants state that Exhibit D speaks for itself and deny the plaintiff's characterizations and/or interpretations of the same. The remaining allegations contained in Paragraph 49 are denied.

   (a) Admitted that The Keenan Law Firm's fee was $4,025,036.50 of the $9,987,683.80 recovery. The remaining allegations contained in Paragraph 50(a) are denied.

   (b) Admitted that Attorney DeJuneas was paid $197,091.52 and that Justice Cordy (Ret.) was paid $16,000. As to the second sentence, admitted that Attorney DeJuneas entered into an engagement agreement with Ms. Wahlstrom. The remaining allegations contained in Paragraph 50(b) are denied.

  (c)  Admitted that Attorney Goren was paid $20,824.00. The Defendants state that the decisions of Justice Wilson as referenced in footnote 1 speak for themselves and deny the plaintiff's characterizations and/or interpretations of the same. The remaining allegations contained in Paragraph 50(c) are denied.

  (d)  Admitted that Attorney Bolan was paid $8,432.39. The remaining allegations contained in Paragraph 50(d) are denied.

  (e)  Admitted that Attorney Goganian was paid $41,231.72. The remaining allegations contained in Paragraph 50(e) are denied.

  (f)  Admitted that Attorney Vail was paid $2,655.00. The remaining allegations contained in Paragraph 50(f) are denied.

  (g)  Admitted that Attorney Giordano was paid $1,316.00. The remaining allegations contained in Paragraph 50(g) are denied.

  (h)  Admitted that the firm of Lewis Brisbois Bisgaard & Smith, LLP was paid $561.24. The remaining allegations contained in Paragraph 50(h) are denied.

51.  The Defendants admit that Ms. Wahlstrom knew and approved a loan to cover litigation expenses. The Defendants admit that Advocate Capital charged interest and fees totaling $238,839.29. The third and fifth sentences appear to refer to the expense accounting provided to Ms. Wahlstrom, which document speaks for itself and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same. The Defendants further admit that expenses for office supplies totaled $1,992.87, copying totaled $9,964.60, and postage totaled $3,030.36. The remaining allegations contained in Paragraph 51 are denied.

52. The Defendants admit that Win Interactive was paid $51,000 to develop an animation video of the attack in the garage and that the Defendants planned to offer the animation video into evidence at the premises liability trial. The remaining allegations contained in Paragraph 52 are denied.

53. The first sentence is denied. The second sentence is a general statement about plaintiff's intention(s), to which no response is required.

54. The Defendants admit that Ms. Wahlstrom signed an itemization of the fees and expenses dated March 27, 2020 and that Attorney Hoey sent Ms. Wahlstrom an e-mail on March 29, 2020 with another copy of the spreadsheet. The Defendants further state that the itemization sheets and e-mails referred to in this paragraph speak for themselves and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same. The remaining allegations contained in Paragraph 54 are denied.

55. The Defendants admit that Ms. Wahlstrom signed and ratified the expense and distributions in March 2020. As to Ms. Wahlstrom's "discovering and understanding" the Defendants lack sufficient knowledge to either admit or deny these allegations and call upon the plaintiff to prove the same. The remaining allegations contained in Paragraph 55 are denied.

56. The Defendants state that Exhibit B speaks for itself and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same. The remaining allegations contained in Paragraph 56 are denied.

57.     Admitted that on May 20, 2020 the Law Offices of David J. Hoey, P.C. sent the Law Office of Austin O'Toole, PC a check for $250,000.00 in satisfaction of the referral fee agreement. The remaining allegations contained in Paragraph 57 are denied as alleged.

58.     Admitted that on March 30, 2021 Attorney O'Toole and his firm filed suit against the Defendants and Ms. Wahlstrom and that the matter is pending in Suffolk Superior Court. The Defendants further state that Attorney O'Toole and his firm's Complaint and the Contingency Fee Agreement speak for themselves and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same.  The remaining allegations contained in Paragraph 58 are denied.

59.     Admitted that on February 23, 2022 Attorney O'Toole and his firm filed an Amended Complaint. The Defendants further state that Attorney O'Toole's Amended Complaint speaks for itself and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same.  The remaining allegations contained in Paragraph 59 are denied.

60.     The Defendants state that Exhibit F speaks for itself and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same. Further, the Defendants deny the allegations of Attorney Sobczak contained in the affidavit to the extent such are incorporated by reference to the Plaintiff's Complaint. The remaining allegations contained in Paragraph 60 are denied.

61.     The Defendants deny the allegation that there was a "plan to reduce O'Toole's referral fee from that promised him." The Defendants admit that Ms. Wahlstrom was not "aware of or

involved in any plan to reduce O'Toole's referral fee from that promised him," as there was no such plan.  The remaining allegations contained in Paragraph 61 are denied.

62. The Defendants admit that the Law Offices of David J. Hoey was paid a fee totaling $750,000 and that the fee was calculated from 33% of the last settlement offer of $2,250,000 made by the JPA defendants prior to the verdict in the premises liability case. The remaining allegations contained in Paragraph 62 are denied.

63. The Defendants admit that Attorney Goganian represented Ms. Wahlstrom in the matter filed by Attorney O'Toole. The remaining allegations contained in Paragraph 63 are denied.

64. Admitted that the Law Offices of David J. Hoey, P.C. paid the first three invoices from Attorney Goganian for time billed in the O'Toole case from March 2021 through May 31, 2021 totaling over $21,000. The remaining allegations contained in Paragraph 64 are denied.

65. To the extent the plaintiff quotes or paraphrases written communications, the Defendants state that the alleged written communications speak for themselves and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations or interpretations of the same. The remaining allegations contained in Paragraph 65 are denied.

66. Admitted.

67. As to the first sentence, the Defendants lack sufficient information to admit or deny these allegations as phrased. As to the second sentence, the Defendants lack sufficient information to either admit or deny the plaintiff's allegations, and call upon the plaintiff to prove the same.

68. The Defendants state that Justice Krupp's decisions on the motions to dismiss filed by Ms. Wahlstrom and Attorney Keenan and his firm in the O'Toole matter speak for themselves, and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same.

69. Footnote 2 is admitted. Otherwise, denied as phrased.

70. Denied.

71. Denied.

72. Denied.

73. The Defendants state that the Contingent Fee Agreements and e-mail communications referenced in Paragraph 73 speak for themselves and therefore no response is required. To the extent a response is required, the Defendants deny the plaintiff's characterizations and/or interpretations of the same. The remaining allegations contained in Paragraph 73 are denied.

74. Denied.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF M.G.L. CHAPTER 93A, SECTION 9

75. The Defendants repeat and re-allege their responses above as if fully set forth herein.

76. Denied.

77. Denied.

78. The Defendants repeat and re-allege their responses above:

      a.    Denied.

      b.    Denied.

      c.    Denied.

      d.    Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## COUNT II

## BREACH OF FIDUCIARY DUTY

83. The Defendants repeat and re-allege their responses above as if fully set forth herein.

84. This paragraph calls for a legal conclusion to which no response is required. However, any allegation of wrongful conduct, either expressed or implied in this paragraph, is denied.

85. Denied.

86. Denied.

87. Denied.

## COUNT III

## FRAUD

88. The Defendants repeat and re-allege their responses above as if fully set forth herein.

89. Denied.

90. Denied.

91. Denied.

92. The Defendants state that the Contingent Fee Agreements speak for themselves and deny the plaintiff's characterizations and/or interpretations of the same. The remaining allegations contained in Paragraph 92 are denied.

93. The Defendants state that the Contingent Fee Agreements speak for themselves and deny the plaintiff's characterizations or interpretations of the same. The remaining allegations are denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## COUNT IV

### CONVERSION

98. The Defendants repeat and re-allege their responses above as if fully set forth herein.

99. Denied.

100. As the allegations in this paragraph are directed to other defendants, no response is required from the Answering Defendants. However, any allegation of wrongful conduct, either expressed or implied in this paragraph, is denied.

101. Denied

102. Denied.

## COUNT V

## DEMAND FOR ACCOUNTING

103. The Defendants repeat and re-allege their responses above as if fully set forth herein.

104. Denied.

105. Portions of this paragraph call for a legal conclusion and demand for judgment, to which no response is required. However, any allegation of wrongful conduct, either expressed or implied, is denied.

106. This paragraph calls for a legal conclusion to which no response is required. However, any allegation of wrongful conduct, either expressed or implied, is denied.

107. Denied.

## COUNT VI

## MONEY HAD AN RECEIVED

108.-111. As the allegations in Count VI are directed to another defendant, no response is required from the Answering Defendants. However, any allegation of wrongful conduct, either expressed or implied in this paragraph, is denied.

The next paragraphs are a demand for judgment to which no response is required.

## **AFFIRMATIVE DEFENSES**

1. And further answering, the Defendants state that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. And further answering, the Defendants state that the Plaintiff's Complaint is not a short and plain statement, in violation of Fed.R.Civ.P. 8.

3. And further answering, the Defendants state that the Plaintiff's Complaint does not comport with Fed.R.Civ.P. 10(b).

4. And further answering, the Defendants state that the Plaintiff's fraud count does not comport with Fed.R.Civ.P. 9(b).

5. And further answering, the Defendants state that some or all of the Plaintiff's Complaint is barred by the applicable statute(s) of limitations.

6. And further answering, the Defendants state that the Plaintiff has failed to mitigate her damages.

7. And further answering, the Defendants state that the Plaintiff's claims are barred by laches.

8. And further answering, the Defendants state that the Plaintiff has not met the statutory prerequisites to maintain their action, including as to M.G.L. Chapter 93A.

9. And further answering, the Defendants state that the Plaintiff's Complaint is barred by estoppel.

10. And further answering, the Defendants state that the Plaintiff has waived her claims against the Defendants.

11. And further answering, the Defendants state that the Plaintiff's claims are barred due to her consent and/or authorization to act on her behalf and/or her ratification.

12. And further answering, the Defendants state that the Plaintiff's claims have been released by accord and satisfaction.

13. And further answering, the Defendants state that if the Plaintiff sustained damages as alleged, which the Defendants deny, such damages were caused by a person or entity whose conduct the Defendants did not control and for whom the Defendants are not legally responsible.

14. And further answering, the Defendants state that they intend to rely upon other defenses to the extent applicable and as reflected through discovery and reserves the right to amend this answer to assert those defenses.

## JURY DEMAND

The Defendants demand a trial by jury on all issues so triable.

Dated:  August 16, 2022

Respectfully submitted,

Defendants,
David J. Hoey and
Law Offices of David J. Hoey, P.C.,
By their attorneys,

*/s/ Christine A. Knipper*

_____

Christine A. Knipper, BBO No. 652638
Christine.Knipper@wilsonelser.com
Thomas A. Murphy, BBO No. 675434
Thomas.Murphy@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker
260 Franklin Street, 14th Fl.
Boston, MA  02110
Tel:  617.422.5300

## **CERTIFICATE OF SERVICE**

I, Christine A. Knipper, certify that the foregoing document was served on counsel of record on August 16, 2022, via the court's CM/ECF filing system. I am unaware of any unregistered parties.

                                                */s/ Christine A. Knipper*
                                                Christine A. Knipper