IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION - BOSTON)

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>Plaintiff,<br><br>-against-<br><br>DAVID J. HOEY, LAW OFFICES OF DAVID J. HOEY, P.C., DON C. KEENAN, D.C. KEENAN & ASSOCIATES, P.C. D/B/A THE KEENAN LAW FIRM, P.C., AND KEENAN'S KIDS FOUNDATION, INC.<br><br>Defendants | Civil Case No. 1:22-cv-10792-RGS |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
AGAINST DEFENDANT KEENAN'S KIDS FOUNDATION, INC.**

Pursuant to Rule 55(a), Fed. R. Civ. P., Plaintiff Kira Wahlstrom, through undersigned counsel, respectfully moves this Court to enter a default against Defendant Keenan's Kids Foundation Inc.

**Relevant Facts**

Plaintiff initiated this case on May 23, 2022 against David J. Hoey, Law Office of David J. Hoey P.C., Don C. Keenan, and D.C. Keenan & Associates, P.C. d/b/a The Keenan Law Firm P.C. Dkt. No. 1. On June 3, 2022, Massachusetts Lawyers Weekly published an article on this case and related litigation involving these parties which reported a statement by Don Keenan's attorney, Ian J. Pinta of Todd & Weld in Boston, stating that "Mr. Keenan denies [Ms. Wahlstrom's] … allegations completely, and he will defend the lawsuits vigorously in court." Dkt. No. 14-4, Lawyers Weekly Article, p. 3.

On August 2, 2022, Plaintiff amended her complaint, as a matter of course, pursuant to Rule 15(a)(1)(B), Fed. R. Civ. P., and added Keenan's Kids Foundation Inc. as a Defendant. Dkt. No. 11. Keenan's Kids Foundation is a Georgia domestic non-profit organization with a principal office address an 148 Nassau Street NW, Atlanta, GA, 30303-2010.  Declaration of Bridget A. Zerner, ¶ 2, Exhibit A.  Defendant Don C. Keenan is listed as the registered agent, CFO, Secretary and CEO of the Foundation. *Id*. Plaintiff's counsel arranged for a process server to serve the Foundation at its principal address. Zerner Dec., ¶3. Three attempts were made to serve the Foundation at its office during regular business hours on August 9, 10, 12, 2022 and each day the office was locked, no one could be seen inside the office, and no one responded to the process server's knocking.  *Id*. and Exhibit B. These three attempts to serve papers at this address were made after Plaintiff had repeatedly attempt service of Mr. Keenan and his law firm at this same address. *See,* Dkt. Nos. 12, 13, 14, and 14-1 describing efforts to serve Mr. Keenan in Plaintiff's motion to allow alternative service of Keenan (which was granted by this Court's Order entered at Dkt. No. 15).  On August 10, 2022, Plaintiff's counsel emailed an attorney who recently appeared in another federal case on behalf of Keenan's Kids Foundation, Inc. to advise of the suit and seek acceptance of service but received no response. Zerner Dec., ¶5. On August 11, 2022, Plaintiff's counsel also forwarded by registered mail a copy of the Summons for the Foundation with a copy of the operative First Amended Complaint with exhibits to registered agent Don C. Keenan at 148 Nassau Street, N.W., Atlanta, Georgia 30303.  *Id.,* ¶6.

Under Georgia law, where an action is against a corporation incorporated or domesticated under the laws of Georgia, like the Foundation, the Secretary of State shall be an agent of such corporation upon whom process may be served if service cannot be effected on an officer or registered agent of the corporation.  Ga. Code Ann. § 9-11-4 (e)(1)(A). Pursuant to this statute,

the Georgia Secretary of State, as agent of Defendant Keenan's Kids Foundation, was served on August 17, 2022. Zerner Dec., ¶¶ 7-10.

Plaintiff filed the executed proof of service on August 18, 2022. Dkt. No. 17. Defendant Keenan's Kids Foundation, Inc.'s answer was due September 7, 2022. *Id*. The Foundation has failed to file an appearance of counsel or answer or respond to the complaint. See, Docket generally; Zerner Dec., ¶11. No one on behalf of the Foundation as contacted Plaintiff's counsel. *Id*.

Therefore, Plaintiff moves for entry of default against Defendant Keenan's Kids Foundation. *See,* Rule 55(a), Fed. R. Civ. P. ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.")

Dated: September 13, 2022               Respectfully submitted,

                                        */s/ Bridget A. Zerner*
                                        Bridget A. Zerner (BBO No. 669468)
                                        John J.E. Markham, II (BBO No. 638579)
                                        MARKHAM READ ZERNER LLC
                                        One Commercial Wharf West
                                        Boston, Massachusetts 02110
                                        Tel: (617) 523-6329
                                        Fax:(617)742-8604
                                        bzerner@markhamreadzerner.com
                                        jmarkham@markhamreadzerner.com
                                        *Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2022 this document was served by electronic delivery through the CM/ECF system on the registered participants as identified on the Notice of Electronic Filing, which will forward copies to Counsel of Record.

                        */s/ Bridget A. Zerner*
                        Bridget A. Zerner