UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID J. HOEY, LAW OFFICES OF<br>DAVID J. HOEY, P.C., DON C. KEENAN,<br>D.C. KEENAN & ASSOCIATES, P.C. d/b/a<br>THE KEENAN LAW FIRM, P.C., AND<br>KEENAN'S KIDS FOUNDATION, INC.,<br><br>        Defendants. | C.A. NO. 1:22-cv-10792-RGS |

**ANSWER, COUNTERCLAIM, AND JURY DEMAND OF
ATTORNEY DON C. KEENAN AND D.C. KEENAN & ASSOCIATES, P.C.
d/b/a THE KEENAN LAW FIRM, P.C.**

The Defendants Attorney Don C. Keenan and D.C. Keenan & Associates, P.C. d/b/a The Keenan Law Firm, P.C. (collectively "Keenan") answer the Plaintiff's First Amended Complaint as follows:

INTRODUCTION

1. Keenan admits that the Plaintiff was assaulted, filed a suit that is a matter of public record, and was represented by Keenan and others. Otherwise, Keenan denies the allegations in this paragraph.

2. Keenan admits that he assisted in the trial and achieved an award, and that the Plaintiff has been sued by her prior counsel. Otherwise, Keenan denies the allegations in this paragraph.

THE PARTIES

3. Keenan admits the truth of the allegations in this paragraph.

1

4. Keenan admits the truth of the allegations of this paragraph.

5. Keenan admits the truth of the allegations of this paragraph.

6. Keenan admits that he has places of business in Florida and Georgia. Otherwise, Keenan denies the allegations in this paragraph.

7. Keenan admits that he has places of business in Florida and Georgia. Otherwise, Keenan denies the allegations in this paragraph.

8. Keenan admits the truth of the allegations of this paragraph.

## JURISDICTION AND VENUE

9. Keenan denies the allegations in this paragraph.

10. Keenan denies the allegations in this paragraph.

## FACTS
### The Underlying Premises Liability Case and Fee Agreements for that Case

11. Keenan admits that the Plaintiff was assaulted, filed suit, and made the allegations that appear in this paragraph. Otherwise, Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Keenan admits the truth of the allegations in this paragraph.

13. Keenan admits that the Plaintiff was assaulted, filed a suit that is a matter of public record, and made the allegations that appear in this paragraph. Otherwise, Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Keenan admits the truth of the allegations in this paragraph.

15. Keenan admits the truth of the allegations in this paragraph.

16. Keenan admits that the referenced agreement speaks for itself. Otherwise, Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17.     Keenan admits that the referenced agreement speaks for itself.  Otherwise, Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.     Keenan admits that the referenced agreement speaks for itself.  Otherwise, Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.     Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.     Keenan admits the truth of the allegations in this paragraph.

21.     Keenan admits the truth of the allegations in this paragraph.

22.     Keenan admits that the emails speak for themselves, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.     Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.     Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.     Keenan admits that the emails speak for themselves, but otherwise denies the allegations in this paragraph.

26.     Keenan admits that the Agreement speaks for itself.  Otherwise, Keenan denies the allegations in this paragraph.

27.     Keenan admits that the emails speak for themselves, but otherwise denies the allegations in this paragraph.

28.     Keenan admits the truth of the allegations in this paragraph.

29. Keenan admits the truth of the allegations in this paragraph.

### Defendants' Trial Misconduct Resulting in a New Trial Motion and Appeal both Substantially Delaying Payment to Plaintiff Wahlstrom

30. Keenan admits that there was a motion and an order that speak for themselves. Otherwise, Keenen denies the allegations in this paragraph.

31. Keenan admits that there was an interlocutory appeal. Otherwise, Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. Keenan denies the allegations in this paragraph.

34. Keenan admits the truth of the allegations in this paragraph.

35. Keenan admits that he did not appear in the Appeals Court. Otherwise, he denies the allegations in this paragraph.

36. Keenan admits that the Appeals Court decision speaks for itself. Otherwise, Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37. Keenan admits that the Appeals Court decision speaks for itself. Otherwise, Keenan denies the allegations in this paragraph.

38. Keenan denies the allegations in this paragraph.

### Attorney's Lien Dispute

39. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## Improper Fees Charged to Ms. Wahlstrom and Taken by Defendants from Monies Held in Trust for Her

46. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47. Keenan denies the allegations in this paragraph.

48. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. Keenan denies the allegations in this paragraph.

## Improper Expenses Charged to Ms. Wahlstrom and Taken by Defendants from the Monies Held in Trust for Her

51. Keenan denies the allegations in this paragraph.

52. Keenan denies the allegations in this paragraph.

53. Keenan denies the allegations in this paragraph.

54. Keenan denies the allegations in this paragraph.

55. Keenan denies the allegations in this paragraph

## The O'Toole Lawsuit

56. Keenan admits that the agreement speaks for itself. Otherwise, Keenan denies the allegations in this paragraph.

57. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58. Keenan admits that O'Toole filed a complaint that speaks for itself. Otherwise, Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59. Keenan admits the allegations in this paragraph.

60. Keenan denies the allegations in this paragraph.

61. Keenan denies the allegations in this paragraph.

62. Keenan denies the allegations in this paragraph.

63. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

64. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

66. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

67. Keenan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

68. Keenan admits that Judge Krupp issued an order that speaks for itself. Otherwise, Keenan denies the allegations in this paragraph.

## Defendants' Willful and Knowing Misconduct

69. Keenan denies the allegations in this paragraph.

70. Keenan denies the allegations in this paragraph.

71. Keenan denies the allegations in this paragraph.

72. Keenan denies the allegations in this paragraph.

73. Keenan denies the allegations in this paragraph.

74. Keenan denies the allegations in this paragraph.

## CAUSES OF ACTION
## COUNT I

75. Keenan repeats, realleges, and incorporates all of the above responses.

76. Keenan denies the allegations in this paragraph.

77. Keenan denies the allegations in this paragraph.

78. Keenan denies the allegations in this paragraph.

79. Keenan denies the allegations in this paragraph.

80. Keenan denies the allegations in this paragraph.

81. Keenan denies the allegations in this paragraph.

82. Keenan denies the allegations in this paragraph.

## COUNT II
## BREACH OF FIDUCIARY DUTY
## (Defendants Hoey, Hoey Law, Keenan, and Keenan Law)

83. Keenan repeats, realleges, and incorporates all of the above responses.

84. Keenan denies the allegations in this paragraph.

85. Keenan denies the allegations in this paragraph.

86. Keenan denies the allegations in this paragraph.

87. Keenan denies the allegations in this paragraph.

## COUNT III
## FRAUD
### (Defendants Hoey, Hoey Law, Keenan, and Keenan Law)

88. Keenan repeats, realleges, and incorporates all of the above responses.

89. Keenan denies the allegations in this paragraph.

90. Keenan denies the allegations in this paragraph.

91. Keenan denies the allegations in this paragraph.

92. Keenan denies the allegations in this paragraph.

93. Keenan denies the allegations in this paragraph.

94. Keenan denies the allegations in this paragraph.

95. Keenan denies the allegations in this paragraph.

96. Keenan denies the allegations in this paragraph.

97. Keenan denies the allegations in this paragraph.

## COUNT IV
## CONVERSION
### (Defendants Hoey, Hoey Law, Keenan, Keenan Law, and Keenan's Kids Foundation)

98. Keenan repeats, realleges, and incorporates all of the above responses.

99. Keenan denies the allegations in this paragraph.

100. Keenan denies the allegations in this paragraph.

101. Keenan denies the allegations in this paragraph.

102. Keenan denies the allegations in this paragraph.

## COUNT V
## DEMAND FOR ACCOUNTING
### (Defendants Hoey, Hoey Law, Keenan, Keenan Law)

103. Keenan repeats, realleges, and incorporates all of the above responses.

104. Keenan denies the allegations in this paragraph.

105. Keenan denies the allegations in this paragraph.

106. Keenan denies the allegations in this paragraph.

107. Keenan denies the allegations in this paragraph.

## COUNT VI
## MONEY HAD AND RECEIVED
### (Defendant Keenan's Kids Foundation)

108. Keenan repeats, realleges, and incorporates all of the above responses.

109. These allegations are directed at another defendant. To the extent a further answer is required, Keenan denies the truth of the allegations in this paragraph.

110. These allegations are directed at another defendant. To the extent a further answer is required, Keenan denies the truth of the allegations in this paragraph.

111. These allegations are directed at another defendant. To the extent a further answer is required, Keenan denies the truth of the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### First

The Complaint fails to state a claim upon which relief may be granted.

### Second

The action is late and barred by the applicable statutes of limitation.

### Third

The action is barred or reduced by the doctrines of voluntary payment, estoppel, res judicata, waiver, unclean hands, accord and satisfaction, and failure to mitigate.

### Fourth

Keenan at all times acted in good-faith reliance on applicable legal principles and authorities.

### Fifth

Any damages or losses claimed or incurred by the Plaintiff were caused by the acts of third parties that were unforeseeable and beyond the control of Keenan and are not the responsibility of Keenan.

### Sixth

Any damages or losses claimed or incurred by the Plaintiff were the result of supervening and intervening causes unrelated to the conduct of Keenan.

### Seventh

The Plaintiff failed to mitigate any damages or losses that she claims.

### Eighth

Any damages or losses that the Plaintiff may have suffered were not proximately caused by Keenan, but were caused by a person or entity for which Keenan is not responsible.

### Ninth

The action is barred because Keenan fairly represented the Plaintiff at all times and the value of the services Keenan provided exceeded all compensation paid by the Plaintiff for those services.

### Tenth

The action is barred because Keenan did not cause the Plaintiff harm and fully complied with all applicable standards of care.

### Eleventh

The Plaintiff has failed to comply with procedural prerequisites to a 93A suit.

### Twelfth

Keenan's conduct was neither unfair, nor deceptive, nor knowing/willful. Keenan did not violate Chapter 93A, and Keenan's conduct caused the Plaintiff no harm or damages.

For the foregoing reasons, the Defendants Attorney Don C. Keenan and D.C. Keenan & Associates, P.C. d/b/a The Keenan Law Firm, P.C. demand that the complaint be dismissed, and judgment entered in their favor, and that they be awarded all attorneys' fees and costs.

### COUNTERCLAIM OF DON C. KEENAN AND D.C. KEENAN & ASSOCIATES, P.C. D/B/A THE KEENAN LAW FIRM

#### PARTIES

1. The Plaintiffs-in-Counterclaim are Attorney Don C. Keenan and his firm D.C. Keenan & Associates, P.C. d/b/a The Keenan Law Firm (collectively "Keenan").

2. The Defendant-in-Counterclaim is Kira Wahlstrom.

#### RELEVANT BACKGROUND

3. In June, 2015, Wahlstrom and Keenan signed a Massachusetts Contingent Fee Agreement ("CFA") in which Wahlstrom engaged Keenan to represent her in the subject premises liability/personal injury matter.

4. Paragraph 4 of the CFA identifies as "Referring/Associated Counsel" the Law Offices of David J. Hoey, P.C. ("Hoey").

5. Paragraph 10 of the CFA provides in pertinent part as follows:

> The Client [Wahlstrom] is responsible for payment of all of the Client's former/prior counsel's reasonable attorney's fees and reasonable costs and expenses and the cost of resolving any dispute between the Client and any other prior counsel over fees or expenses relating to the claim . . . , except if the former/prior counsel is [Hoey].

6. Wahlstrom's former/prior counsel Austin O'Toole has sued Wahlstrom, Keenan, and Hoey in the Superior Court in Suffolk County Civil Action 2184-cv-00741. Among other things, O'Toole alleges that he has not been paid in full and that the defendants there owe him fees and expenses in connection with his prior representation of Wahlstrom; and he seeks damages.

7. Keenan has incurred attorney's fees and expenses in defending and responding to the O'Toole suit; those fees and costs are ongoing.

8. In the instant suit, Wahlstrom alleges among other things that she has incurred damages due to the O'Toole suit. For example, Wahlstrom alleges in pertinent part as follows:

> [Keenan's] wrongful conduct also resulted in Ms. Wahlstrom being sued by [O'Toole,] who claims these same attorneys deceptively and improperly altered their representation agreements with Ms. Wahlstrom for their own benefit . . . . Defendants' fraudulent and unethical conduct and rejection of Ms. Wahlstrom's request for reimbursement . . . have compelled this suit.

(Amend. Comp. ¶ 2.)

Further:

> [Keenan has] taken funds from Ms. Wahlstrom to which [he was] not entitled, and [that] conduct also resulted in her being named a defendant in the O'Toole case in relation to which she has been charged more legal fees.

(Amend. Comp. ¶ 74.)

And:

> [Keenan's] change in the fee agreement and the reduced payment to O'Toole resulted in O'Toole filing a lawsuit claiming his fee was wrongfully reduced and suing Ms. Wahlstrom as one of the defendants, requiring representation, attorney's fees and costs for which Ms. Wahlstrom has been billed over $40,000.

(Amend. Comp. ¶ 93; see generally ¶¶ 56-68) Wahlstrom seeks to hold Keenan liable for these alleged damages from her dispute with her prior counsel O'Toole.

9. In the Suffolk County action brought by O'Toole, the Court (Krupp, J.) recently issued an order on defense motions to dismiss, and in the order the Court discussed the CFA and its paragraphs 4 and 10. The Court ruled in pertinent part as follows:

> [P]aragraph 10 can only be read as an indemnification clause.

*****

> As between Keenan and Wahlstrom, Wahlstrom agreed effectively to hold Keenan harmless from a claim that prior counsel still had to be paid.

(March 25, 2022 Mem. and Order on Motions to Dismiss, pp. 9, 10-11.) The Court thus confirmed as a matter of fact and law that Wahlstrom must defend, indemnify, and hold Keenan harmless against all claims, suits, and damages sought by O'Toole or claims/suits derivative of those brought by O'Toole, such as the instant claims asserted by Wahlstrom.

## COUNTERCLAIM
## CAUSES OF ACTION

### (COUNT I)
### BREACH OF CONTRACT

10. Keenan repeats, realleges, and incorporates all of the above allegations.

11. Wahlstrom is bound by the CFA that she entered into with Keenan. She unambiguously agreed in the CFA to defend, indemnify, and hold Keenan harmless as against claims arising from fee disputes with her prior counsel O'Toole.

12. By demanding relief and payment from Keenan, and by bringing this suit against Keenan seeking damages allegedly due to the O'Toole claim and suit, Wahlstrom has breached the CFA and her promise to defend, indemnify, and hold Keenan harmless.

13. Wahlstrom's breach of contract has caused Keenan harm, damages, and the loss of the consideration he bargained for. Keenan's harm and damages include attorney's fees and costs incurred in defending the O'Toole suit and the instant suit, as well as any award or judgment obtained by O'Toole.

14. Wahlstrom is obligated to indemnify Keenan as against all claims and damages asserted by O'Toole and all claims asserted in the instant action that are derivative of O'Toole's claims. That obligation includes paying all defense costs incurred by Keenan and paying any judgment entered in favor of O'Toole.

15. Keenan's damages continue to grow as O'Toole and Wahlstrom press their suits. Wahlstrom is liable for breach of contract.

(COUNT II)
INDEMNIFICATION

16. Keenan repeats, realleges, and incorporates all of the above allegations.

17. Wahlstrom is bound by the CFA that she entered into with Keenan. She unambiguously agreed in the CFA to defend, indemnify, and hold Keenan harmless as against claims arising from a fee dispute with her prior counsel O'Toole.

18. By demanding relief and payment from Keenan, and by bringing this suit against Keenan seeking damages allegedly due to the O'Toole claim and suit, Wahlstrom has breached the CFA and her promise to defend, indemnify, and hold Keenan harmless against such claims and damages.

19. Wahlstrom's breach of her indemnification agreement has caused Keenan harm, damages, and the loss of the consideration he bargained for. Keenan's harm and damages include attorney's fees and costs incurred in defending the O'Toole suit and the instant suit, as well as any award or judgment obtained by O'Toole.

20. Wahlstrom is obligated to indemnify Keenan as against all claims and damages asserted by O'Toole and all claims asserted in the instant action that are derivative of O'Toole's claims. That obligation includes paying all defense costs incurred by Keenan and paying any judgment entered in favor of O'Toole.

21. Keenan's damages continue to grow as O'Toole and Wahlstrom press their suits. Wahlstrom is liable for breach of her indemnification agreement.

For all of the foregoing reasons, the Defendants Attorney Don C. Keenan and D.C. Keenan & Associates, P.C. d/b/a The Keenan Law Firm demand judgment in their favor on their Counterclaim for:

a) damages;

b) attorney's fees;

c) interest and costs; and

d) such other and further relief as the Court deems just.

<u>JURY DEMAND</u>

The Defendants/Plaintiffs-in-Counterclaim demand a trial by jury.

|  |  |
|---|---|
| | DON C. KEENAN, D.C.<br>KEENAN & ASSOCIATES, P.C. d/b/a<br>THE KEEAN LAW FIRM, P.C.,<br>By their Attorneys, |
| | */s/ John J. O'Connor* |
| Dated: September 16, 2022 | John J. O'Connor<br>BBO #555251<br>PEABODY & ARNOLD, LLP<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA  02210-2261<br>Phone: (617) 951-2100<br>Fax: (617) 951-2125<br>joconnor@peabodyarnold.com |

## **CERTIFICATE OF SERVICE**

      I, John J. O'Connor, hereby certify that a copy of the foregoing document has been served via ECF and email on this 16th day of September, 2022 to:

Bridget A. Zerner, Esq.
John J.E. Markham, II, Esq.
Markham Read Zerner LLC
Once Commercial Wharf West
Boston, MA 02110
bzerner@markhamreadzerner.com
jmarkham@markhamreadzerner.com

     */s/ John J. O'Connor*

John J. O'Connor

2358156
15133-208055