BOSTON, MA 02210

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

7012 3050 0000 7254 6079



U.S. MARSHALS SERVICE
Atlanta, Georgia
SEP 19 2022
CLEARED SECURITY

INC.

```
-R-T-S-    303035246-1N           10/02/22
           RETURN TO SENDER
           UNABLE TO FORWARD
           UNABLE TO FORWARD
           RETURN TO SENDER
```

U.S. DISTRICT COURT
DISTRICT OF MASS.

2022 OCT -7 PM 1:02

IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRA WAHLSTROM,<br>    Plaintiff,<br><br>    v.<br><br>DAVID J. HOEY, LAW OFFICES OF DAVID<br>K. HOEY, P.C., DON C. KEENAN, D.C.<br>KEENAN & ASSOCIATES, P.C, & KEENAN'S<br>KIDS FOUNDATION, INC.<br>    Defendants. | Civil Action No. 1:22-cv-10792-RGS |

### NOTICE OF DEFAULT

STEARNS, D.J.

Upon application of the Plaintiff for an order of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against **Defendant Keenan's Kids Foundation, Inc.**, for failure to answer or otherwise respond to the Complaint filed by the Plaintiff, notice is hereby given that **Defendant Keenan's Kids Foundation, Inc.** have been defaulted on this 13th day of September 2022.

                                                                       ROBERT FARRELL, CLERK,
                                                                       By: /s/ Danielle Kelly
                                                                       Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF MASSACHUSETTS

**KIRA WAHLSTROM**

v.                                CIVIL ACTION NO:1:22-CV-10792-RGS

**DAVID J. HOEY, ET AL.**

### STANDING ORDER REGARDING MOTIONS FOR DEFAULT JUDGMENT

A Notice of Default has been issued to the above named defendant(s) upon request of the plaintiff(s) in the above entitled action.

In anticipation of a Motion for Entry of Default Judgment being filed, counsel are advised of the following requirements for submission of such motion in order to ensure compliance with Rule 55 of the Federal Rules of Civil Procedure:

1. A party making a motion for default judgment shall comply with all the requirements of Fed. R. Civ. P. 55 particularly those related to filing of affidavits. The moving party shall also submit an appropriate form of default judgment in the fashion of the draft order attached hereto as Appendix A. Such compliance shall be completed no later than 14 days after the filing of the motion itself;

2. Within the 14-day period for compliance by the moving party, the party against whom default judgment is sought shall have an opportunity to file substantiated opposition to the default judgment motion and to request a hearing thereon;

3. The Court will take up the motion for default judgment on the papers at the conclusion of the 14 day period. Should the motion for default judgment at that time fail to comply with Fed. R. Civ. P. 55, the motion will be denied with prejudice to any renewal of such motion within six months of the denial. Any renewed motion for default judgment may not include a request for interest, costs, or attorneys' fees in the matter nor will such relief be granted on any renewed motion for default;

4. Necessary and appropriate action with respect to this Standing ORDER shall be taken by the moving party within 30 days of the date of the issuance of this ORDER. If for any reason the moving party cannot take necessary and appropriate action, that party shall file an affidavit describing the status of this case and show good cause why necessary and appropriate action with respect to this Standing ORDER cannot be taken in a timely fashion and further why this case should remain on the docket. Failure to comply with this paragraph will result in the entry of dismissal of the moving party's claims for want of prosecution.

Date: September 13, 2022

By the Court,

/s/ – **Danielle Kelly**
Deputy Clerk

APPENDIX A

*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

_____
Plaintiff(s)

v.　　　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO:

_____
Defendant(s)

FORM OF
DEFAULT JUDGMENT

_____,

Defendant _____ having failed to plead or otherwise defend in this action and its default having been entered,

Now, upon application of plaintiff and affidavits demonstrating that defendant owes plaintiff the sum of $_____ that defendant is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs in the sum of $_____.

It is hereby ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant _____ the principal amount of $_____, with costs in the amount of $_____ and prejudgment interest at the rate of ____% from _____ to _____ in the amount of $_____ for a total judgment of $_____ with interest as provided by law.

By the Court,

_____
DEPUTY CLERK

DATED: September 13, 2022

NOTE: The post judgment interest rate effective this date is ____%.

# United States District Court
# District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:22-cv-10792-RGS

Wahlstrom v. Hoey et al
Assigned to: Judge Richard G. Stearns
Demand: $900,000
Cause: 28:1332 Diversity-Breach of Fiduciary Duty

Date Filed: 05/23/2022
Jury Demand: Both
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

## Plaintiff

**Kira Wahlstrom**　　　　　　　　　　　　represented by　**Bridget A. Zerner**
Markham Read Zerner LLC
One Commercial Wharf West
Boston, MA 02110
617-523-6329
Fax: 617-742-8604
Email: bzerner@markhamreadzerner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John J.E. Markham , II**
Markham Read Zerner LLC
One Commercial Wharf West
Boston, MA 02110
617-523-6329
Fax: 617-742-8604
Email: jmarkham@markhamreadzerner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**David J. Hoey**　　　　　　　　　　　　represented by　**Christine A. Knipper**
Wilson Elser Moskowitz Edelman & Dicker, LLP
260 Franklin Street
14th Floor
Boston, MA 02110-3112
617-422-5300
Fax: 617-423-6917
Email: christine.knipper@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

|  |  | **Thomas A. Murphy**<br>Wilson Elser Moskowitz Edelman & Dicker, LLP<br>260 Franklin Street<br>14th Floor<br>Boston, MA 02110-3112<br>617-422-5300<br>Fax: 617-423-6917<br>Email: thomas.murphy@wilsonelser.com<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| **Defendant**<br>**Law Offices of David J. Hoey, P.C.** | represented by | **Christine A. Knipper**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Thomas A. Murphy**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Don C. Keenan**

**Defendant**

**D.C. Keenan & Associates, P.C.**
*doing business as*
The Keenan Law Firm, P.C.

**Defendant**

**Keenan's Kids Foundation, Inc.**

[Email All Attorneys]
[Email All Attorneys and Additional Recipients]

| Date Filed | # | Docket Text |
|---|---|---|
| 05/23/2022 | 1 | COMPLAINT *for Violations of M.G.L. c. 93A, Breach of Fiduciary Duty, Fraud, Conversion, and Demand for Accounting* against All Defendants Filing fee: $ 402, receipt number AMADC-9335668 (Fee Status: Filing Fee paid), filed by Kira Wahlstrom. (Attachments: # 1 Exhibit A - 2010 Fee Agreement, # 2 Exhibit B - Referral Fee Agreement, # 3 Exhibit C - Hoey Emails, # 4 Exhibit D - 2015 Fee Agreement, # 5 Exhibit E - Hoey Goganian Fee Agreement, # 6 Exhibit F - Affidavit of Krzysztof Sobczak, # 7 Civil Cover Sheet, # 8 Category Form)(Zerner, Bridget) (Entered: 05/23/2022) |
| 05/23/2022 | 2 | NOTICE of Appearance by John J.E. Markham, II on behalf of Kira Wahlstrom (Markham, John) (Entered: 05/23/2022) |

| | | |
|---|---|---|
| 05/24/2022 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge Richard G. Stearns assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Donald L. Cabell. (Finn, Mary) (Entered: 05/24/2022) |
| 05/24/2022 | 4 | Summons Issued as to All Defendants. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Currie, Haley) (Entered: 05/24/2022) |
| 05/26/2022 | 5 | SUMMONS Returned Executed David J. Hoey served on 5/26/2022, answer due 6/16/2022. (Zerner, Bridget) (Entered: 05/26/2022) |
| 05/26/2022 | 6 | SUMMONS Returned Executed Law Offices of David J. Hoey, P.C. served on 5/26/2022, answer due 6/16/2022. (Zerner, Bridget) (Entered: 05/26/2022) |
| 06/16/2022 | 7 | Assented to MOTION for Extension of Time to July 14, 2022 to File Answer *to Plaintiff's Complaint* by David J. Hoey, Law Offices of David J. Hoey, P.C..(Murphy, Thomas) (Entered: 06/16/2022) |
| 06/17/2022 | 8 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 7 Motion for Extension of Time to July 14, 2022 for defendants David Hoey and Law Offices of David Hoey to File a response to Plaintiff's Complaint.<br><br>(Zierk, Marsha) (Entered: 06/17/2022) |
| 07/14/2022 | 9 | ANSWER to 1 Complaint,, with Jury Demand by David J. Hoey, Law Offices of David J. Hoey, P.C..(Murphy, Thomas) (Entered: 07/14/2022) |
| 07/15/2022 | 10 | NOTICE of Appearance by Christine A. Knipper on behalf of David J. Hoey, Law Offices of David J. Hoey, P.C. (Knipper, Christine) (Entered: 07/15/2022) |
| 08/02/2022 | 11 | AMENDED COMPLAINT against All Defendants, filed by Kira Wahlstrom. (Attachments: # 1 Exhibit A - 2010 Fee Agreement, # 2 Exhibit B - Referral Fee Agreement, # 3 Exhibit C - Hoey Emails, # 4 Exhibit D - 2015 Fee Agreement, # 5 Exhibit E - Hoey Goganian Fee Agreement, # 6 Exhibit F - Affidavit of Krzysztof Sobczak)(Zerner, Bridget) (Entered: 08/02/2022) |
| 08/02/2022 | 12 | MOTION for Order to Allow Alternative Service on Defendants Don Keenan and Keenan Law Firm Via Service on Counsel by Kira Wahlstrom.(Zerner, Bridget) (Entered: 08/02/2022) |
| 08/02/2022 | 13 | MEMORANDUM in Support re 12 MOTION for Order to Allow Alternative Service on Defendants Don Keenan and Keenan Law Firm Via Service on Counsel filed by Kira Wahlstrom. (Zerner, Bridget) (Entered: 08/02/2022) |
| 08/02/2022 | 14 | DECLARATION re 12 MOTION for Order to Allow Alternative Service on Defendants Don Keenan and Keenan Law Firm Via Service on Counsel by Kira Wahlstrom. (Attachments: # 1 Ex A - Affidavit of Diligence (GA), # 2 Ex B - Affidavits of Non-Service (FL), # 3 Ex C - Keenan Law Firm Annual Reports, # 4 Ex D - MA Lawyers Weekly Article, # 5 Ex E - Emails with Keenan's Counsel in O'Toole Case, # 6 Ex F - Emails with Keenan's Counsel in This Case, # 7 Ex G - Keenan's Kids Foundation Business Details)(Zerner, Bridget) (Entered: 08/02/2022) |

| 08/05/2022 | 15 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 12 Motion for Order.

In her motion, Kira Wahlstrom asks the court to allow her to effectuate alternative service of Don C. Keenan and his law firm, D.C. Keenan & Associates, P.C. D/B/A The Keenan Law Firm, P.C., on the grounds that she has made diligent (yet unavailing) efforts to serve them and that Keenan has thus far taken willful steps to evade service. Specifically, Wahlstrom requests that the court allow her to serve the parties' retained counsel, Jack O'Connor of the law firm Peabody Arnold. Although it is a somewhat unusual request, the court in its discretion will ALLOW Wahlstrom's motion for the reasons stated below.

"[T]he task of determining when the particularities and necessities of a given case require alternative service of process is placed squarely within the sound discretion of the district court." *Sec. & Exch. Comm'n v. Marvel Partners*, 2008 WL 11511616, at *1 (D. Mass. Dec. 22, 2008) (internal citation omitted). Here, the court readily concludes that alternative service is necessary, given that (1) Wahlstrom has made numerous unsuccessful efforts to serve Keenan and his firm at Keenan's residence and places of business; (2) Keenan is, according to statements made by an attorney representing him in another matter, fully aware of Wahlstrom's litigation; and (3) Keenan has thus far refused to designate an agent, such as Mr. O'Connor, to accept service on his behalf. Thus, the court's sole remaining task is to ascertain whether Wahlstrom's proposed method of alternative service is appropriate.

To meet the requirements of due process, the alternative method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). One of the most common forms of alternative service of process is via electronic mail to the defendant's email address. *See, e.g., Swenson v. Mobilityless, LLC*, 2020 WL 2404835, at *3 (D. Mass. May 12, 2020). However, a cursory review of The Keenan Law Firm's website reveals that there is no email address provided to reach Keenan (or, for that matter, any other employee of the firm). Given Wahlstrom's limited remaining options, the court concludes that service on O'Connor, who has confirmed that he is representing Keenan and The Keenan Law Firm in this matter, is "reasonably calculated... to apprise [Keenan and The Keenan Law Firm] of the pendency of the action." *Mullane*, 339 U.S. at 314. Accordingly, the court hereby allows Wahlstrom to effect alternative service of process on Keenan and The Keenan Law Firm by serving John O'Connor of the law firm Peabody Arnold *and* by certified mail to The Keenan Law Firm's office located at 148 Nassau Street, N.W., Atlanta, Georgia, 30303.

Finally, given that O'Connor has not yet confirmed whether he will be representing The Keenan's Kids Foundation in this matter and Wahlstrom has not demonstrated that she has made diligent efforts to serve the Foundation, the court concludes that alternative service on the Foundation is not warranted at this time. However, the court will entertain a motion for alternative service on the Foundation if such a request ultimately becomes necessary. |

| | | |
|---|---|---|
| | | (RGS, law2) (Entered: 08/05/2022) |
| 08/16/2022 | 16 | ANSWER to 11 Amended Complaint, *and Affirmative Defenses,* by David J. Hoey, Law Offices of David J. Hoey, P.C..(Knipper, Christine) (Entered: 08/16/2022) |
| 08/18/2022 | 17 | SUMMONS Returned Executed Keenan's Kids Foundation, Inc. served on 8/17/2022, answer due 9/7/2022. (Zerner, Bridget) (Entered: 08/18/2022) |
| 08/18/2022 | 18 | Notice of Service of Process filed by Kira Wahlstrom. Individual(s)/Entities served: Don Keenan and The Keenan Law Firm. (Zerner, Bridget) (Entered: 08/18/2022) |
| 08/22/2022 | 19 | Judge Richard G. Stearns: ELECTRONIC ORDER entered. Treating paragraph 3 of the Notice of Service of Process as an assented-to motion for extension of time for Don C. Keenan and Keenan & Associates, P.C. D/B/A The Keenan Law Firm to file a responsive pleading to the First Amended Complaint by September 16, 2022.<br><br>(Zierk, Marsha) (Entered: 08/22/2022) |
| 09/13/2022 | 20 | MOTION for Entry of Default *Against Defendant Keenan's Kids Foundation, Inc.* by Kira Wahlstrom. (Attachments: # 1 Declaration of Bridget A. Zerner, # 2 Ex A - Keenan's Kids Foundation GA Business Details, # 3 Ex B - Affidavit of Diligence, # 4 Ex C - Email to Foundation's Attorney, # 5 Ex D - Letter and Attachments to GA Secretary of State, # 6 Ex E - GA SOS Certificate of Acknowledgement)(Zerner, Bridget) (Entered: 09/13/2022) |
| 09/13/2022 | 21 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 20 Motion for Entry of Default Against Defendant Keenan's Kids Foundation, Inc. (Kelly, Danielle) (Entered: 09/13/2022) |
| 09/13/2022 | 22 | NOTICE: Clerk's ENTRY OF DEFAULT as to Keenan's Kids Foundation, Inc. (Kelly, Danielle) (Entered: 09/13/2022) |
| 09/13/2022 | 23 | Judge Richard G. Stearns: ORDER entered. STANDING ORDER on motions for default judgment re 22 Notice: Clerk's Entry of Default (Kelly, Danielle) (Entered: 09/13/2022) |