UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID J. HOEY, LAW OFFICES OF<br>DAVID J. HOEY, P.C., DON C. KEENAN,<br>D.C. KEENAN & ASSOCIATES, P.C. d/b/a<br>THE KEENAN LAW FIRM, P.C., AND<br>KEENAN'S KIDS FOUNDATION, INC.,<br><br>        Defendants. | C.A. NO. 1:22-cv-10792-RGS |

**ASSENTED-TO MOTION OF DON C. KEENAN AND D.C. KEENAN & ASSOCIATES, P.C. D/B/A THE KEENAN LAW FIRM, P.C. FOR CONTINUANCE OF INTERIM DISCOVERY-SERVICE DEADLINE, AND FOR STATUS CONFERENCE**

INTRODUCTION

The Defendants Don C. Keenan and D.C. Keenan & Associates, P.C. d/b/a The Keenan Law Firm, P.C. (collectively "Keenan") with the assent of their co-defendants, move for an order: (1) continuing the upcoming November 28 interim discovery deadline for service of written discovery requests; and (2) setting a status conference for a date after December 8 to address discovery/scheduling issues going forward. In support of this Motion, Keenan states as follows:

ARGUMENT

1. This is a new suit. The pleadings have just closed. Automatic Disclosures have been exchanged, but no discovery requests have yet been served.

2. This suit arises from an underlying personal-injury action in which the Hoey and Keenan defendants represented the Plaintiff Kira Wahlstrom. The Plaintiff alleges in essence

1

that the Defendants did not properly account for and disburse the proceeds of the underlying action.

3. A related suit that also arises from the same underlying personal-injury action is pending in the Massachusetts Superior Court against the Hoey and Keenan defendants. The Plaintiff there – Attorney Austin O'Toole – formerly was referring counsel to the Plaintiff. He alleges that he is owed a larger share of the proceeds of the underlying action than he received. A true and accurate copy of the Superior Court's docket is attached as <u>Exhibit A</u>.

4. In the Superior Court suit, the Keenan defendants (who are not represented by undersigned defense counsel) have asked the Court there for a stay of discovery on the grounds that Attorney Don Keenan currently is experiencing health issues that prevent him from participating in discovery. The Keenan defendants presented medical information and an affidavit in support of their stay motion. The Court has held one hearing on the matter, and an interim partial stay is in place. A follow-up hearing is scheduled for December 8 so that the Court can consider additional medical evidence to be submitted by the Keenan defendants, and to address procedure going forward. True and accurate copies of the Superior Court's October 5 and 27 procedural orders regarding these events are attached as <u>Exhibit B</u>.

5. The Keenan defendants are in the process of assembling the medical records required by the Superior Court (<u>see</u> the October 27 order), and will file them by November 28. Presumably, the Superior Court will issue an order on the Keenan defendants' stay request at the time of or shortly after the December 8 hearing.

6. In the circumstances, the interests of economy, efficiency, and sound case management are best served by an order of this Court continuing the current interim deadline of November 28 for the service of written discovery requests. This is so because, if the Superior Court finds that Attorney Keenan's health is such that he cannot currently participate in

discovery, that finding will be relevant to this case, and may well justify a similar order here. The requested continuance will simply preserve the status quo while the Superior Court reviews the matter over the next three weeks. Without a continuance of the November 28 deadline, the Keenan defendants will be forced to re-file the same essential motion and materials (with related sealing/impoundment requests) that they have already filed in the Superior Court, and this Court will then be required to repeat the same review and factfinding that the Superior Court has done. This will result in redundant, time-consuming litigation in two Courts over the same issue, and with the possibility of inconsistent decisions. This procedure would be costly and inefficient, and highly likely to lead to further motion practice in the event of clashing decisions.

7. In addition, the requested continuance will avoid prejudice to the Keenan defendants that will otherwise result. Attorney Keenan currently is unable to assist in the discovery process. Without a continuance, the November 28 deadline will pass, and he will have lost the chance to join in this stage of his own defense and discovery. The requested relief will preserve his current discovery rights.

8. At the same time, continuing the November 28 deadline will cause no prejudice to the Plaintiff. The suit is new and no discovery has commenced. At this writing, the Plaintiff has not even served written discovery requests on any defendant. A modest continuance pending the decision on the stay issue will cause the Plaintiff no harm. If the medical/stay issues ultimately are resolved in favor of a stay, she can obtain discovery from the Keenan defendants once the stay is lifted. If there is no stay, the Plaintiff can obtain it much earlier, and well in advance of the current March 17, 2023 fact-discovery deadline. Either way, the requested relief will not unduly prejudice the Plaintiff.

9. Indeed, it presently appears that discovery is a secondary concern for the Plaintiff. This week Plaintiff's counsel disclosed that they plan to challenge the validity of the

counterclaims filed by the Keenan defendants, and will be filing a rule 12 motion. Apparently, the Plaintiff intends to test the Keenan pleadings before undertaking discovery. For this additional reason, the requested continuance will cause neither prejudice nor unreasonable delay.

     For all of the foregoing reasons, this Motion should be granted, and an order should issue that: (1) continues the current November 28 interim discovery-service deadline; and (2) provides for a status conference to follow the Superior Court's expected December decision on the pending motion to stay.

|  |  |
|---|---|
| DON C. KEENAN, D.C.<br>KEENAN & ASSOCIATES, P.C. d/b/a<br>THE KEENAN LAW FIRM, P.C.,<br>By their Attorneys, | Assented to:<br><br>DAVID J. HOEY and<br>LAW OFFICES OF DAVID J. HOEY, P.C.<br>By their Attorneys, |
| /s/ John J. O'Connor<br>John J. O'Connor<br>BBO # 555251<br>Susan M. Silva<br>BBO # 694176<br>PEABODY & ARNOLD, LLP<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210-2261<br>Phone: (617) 951-2100<br>Fax: (617) 951-2125<br>joconnor@peabodyarnold.com<br>ssilva@peabodyarnold.com | /s/ Christine Knipper<br>Christine Knipper<br>BBO # 652638<br>Thomas A. Murphy<br>BBO # 675434<br>Wilson, Elser, Moskowwitz & Dicker, LLP<br>260 Franklin Street, 14th Floor<br>Boston, MA 02110<br>christine.knipper@wilsonelser.com<br>thomas.murphy@wilsonelser.com<br><br>Assented to:<br><br>KEENAN'S KIDS FOUNDATION, INC.,<br>By its Attorneys,<br><br>/s/ Danni Shanel<br>Danni Shanel<br>BBO # 710378<br>Troutman Pepper Hamilton Sanders<br>125 High Street, 19th Floor<br>Boston, MA 02110<br>danni.shanel@troutman.com |

November 16, 2022

## RULE 7.1 CERTIFICATE OF COMPLIANCE

I, John J. O'Connor, attest and certify that I communicated with Plaintiff's counsel in compliance with Local Rule 7.1 in an effort to resolve/narrow all areas of disagreement.

/s/ John J. O'Connor
John J. O'Connor

## CERTIFICATE OF SERVICE

I, John J. O'Connor, hereby certify that a copy of the foregoing document has been served via ECF on this 16th day of November, 2022 to:

Bridget A. Zerner, Esq.
John J.E. Markham, II, Esq.
Markham Read Zerner LLC
Once Commercial Wharf West
Boston, MA  02110
bzerner@markhamreadzerner.com
jmarkham@markhamreadzerner.com

Christine Knipper, Esq.
Thomas A. Murphy, Esq.
Wilson, Elser, Moskowwitz & Dicker, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
christine.knipper@wilsonelser.com
thomas.murphy@wilsonelser.com

Danni Shanel, Esq.
Troutman Pepper Hamilton Sanders
125 High Street, 19th Floor
Boston, MA 02110
danni.shanel@troutman.com

/s/ John J. O'Connor
John J. O'Connor

2403781
15133-208055