# EXHIBIT B

NOTIFY

√ 10\5

NOTICE SENT (6)
10·11·22 DC

### O'Toole v. Hoey
### Suffolk Superior Court No. 2184-CV-00741

**Initial Orders on Plaintiffs' Motion to Compel (No. 63); Keenan Defendants' Cross-Motion for Stay of Discovery (No. 64); and Motion for Extension of Tracking Order (No. 69); and Order on Keenan Defendants' Motion to Impound (No. 61)**

After hearing, the Court ORDERS that Keenan's counsel produce the Supplemental Affidavit of Keenan and the attached doctor's notes to counsel for the plaintiffs and counsel for the Hoey defendants. Counsel for the plaintiffs and counsel for the Hoey defendants are ORDERED not to disclose by any means or in any fashion the contents of the Affidavit or the doctor's notes to any other person or entity.

The Court finds that the information in the Supplemental Affidavit and doctor's notes is insufficient for the Court to act on the Motion to Compel and Cross-Motion to Stay Discovery. Accordingly, the Court further ORDERS that Keenan produce doctor's notes identifying his <u>diagnosis</u> and <u>prognosis for recovery</u>; including, specifically:

1. the likelihood that, by January, 2023, Keenan will be able to (a) review documents and engage with his attorney; and (b) sit for a deposition; and

2. if not by January, 2023, when Keenan is likely to be able to perform the tasks identified in (a) and (b) above.

The doctor's notes must be produced to opposing counsel prior to October 27, 2022, upon the same terms described in the first paragraph, above. The updated doctor's notes may be filed as provisionally impounded.

The hearing on the Motion to Compel and Cross-Motion to Stay Discovery is continued to October 27 at 2 p.m.

Further, the Court finds there is no just cause to impound the various pleadings filed by the Keenan defendants, for the reasons stated at the hearing. Specifically, Keenan's interest in concealing the fact that he is on medical leave from opposing counsel in his other cases does not supersede the presumptive interest in the transparency of judicial proceedings. Therefore, the Court VACATES its order of September 9, 2022, temporarily impounding five prior pleadings (Nos. 64-68), and DENIES the Motion to Impound. However, the Supplemental Affidavit of Don Keenan, Esq. (filed after the Motion to Impound was filed), which contains specific information about his medical condition and attaches two doctor's notes, will be impounded, given their contents.

Finally, the Court will address the competing requests to Extend the Tracking Order – in which all parties agree that the Tracking Order should be extended, but cannot agree whether it should be by 3 months or 6 months – at a future date.

Dated: October 5, 2022

*Jackie Cowin*
Jackie Cowin
Justice of the Superior Court

1

V10|31   NOTIFY 73

## O'Toole v. Hoey
### Suffolk Superior Court No. 2184-CV-00741

### Further Order on Plaintiffs' Motion to Compel (No. 63)

This Court previously ordered that defendant Keenan produce a doctor's note identifying his medical diagnosis and prognosis for recovery; including, specifically, whether he would be able to participate in discovery by January, 2023 and, if not, when he would likely be able to do so.

Keenan did not provide the requested information. Instead, he provided an Affidavit in which he described his medical condition, gave reasons why he could not produce the information requested by the Court, and attached a vague discharge note that allegedly resulted from a medical episode he experienced.

The Court is thus in the same position now as it was following the last hearing on the plaintiffs' motion; that is, it has insufficient information on which to determine whether Keenan's medical condition prevents him from participating in discovery.

Accordingly, after further hearing, the Court ORDERS that Keenan produce medical records supporting his claim that his condition prevents him from participating in discovery by November 28, 2022. If, prior to that date, Keenan obtains information identifying his diagnosis and prognosis, he is to produce that information as well. The records may be filed as provisionally impounded.

The records are to be produced to counsel for the plaintiffs and counsel for the Hoey defendants by November 28, 2022; these counsel are ordered not to disclose by any means or in any fashion the contents of the records to any other person or entity.

Hearing on the plaintiffs' Motion to Compel is continued to December 8, 2022 at 3 p.m., at which the parties shall be prepared to address not only what the medical records show, but also what course of action the Court should take if Keenan is unable to participate in legal proceedings for any significant (or indefinite) period of time.

Written discovery between the plaintiff and the Hoey defendants is to proceed. Depositions are stayed until further Court order.

Dated: October 27, 2022

Jackie Cowin
Justice of the Superior Court

Notice Sent
10/31/22
(5) DC

1