IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION - BOSTON)

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>                            Plaintiff,<br><br>                   -against-<br><br>DAVID J. HOEY, LAW OFFICES OF DAVID J. HOEY, P.C., DON C. KEENAN, D.C. KEENAN & ASSOCIATES, P.C. D/B/A THE KEENAN LAW FIRM, P.C., AND KEENAN'S KIDS FOUNDATION, INC.<br><br>                            Defendants | Civil Case No. 1:22-cv-10792-RGS |

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS ON THE COUNTERCLAIMS OF DEFENDANTS DON C. KEENAN and D.C. KEENAN & ASSOCIATES, P.C. D/B/A THE KEENAN LAW FIRM P.C.**

Pursuant to Rule 12(c), Fed. R. Civ. P., Plaintiff Kira Wahlstrom, through undersigned counsel, respectfully moves for judgment on the pleadings on both counterclaims of Defendants Don C. Keenan and his law firm D.C. Keenan & Associates, P.C. D/B/A The Keenan Law Firm, P.C. (referred to collectively herein as "Keenan"). Ms. Wahlstrom relies on the accompanying memorandum in support of her motion, the Declaration of Bridget A. Zerner and Exhibits 1 to 8.

Keenan has asserted counterclaims for breach of contract and indemnification claiming that Ms. Wahlstrom is obligated to indemnify him against all claims and damages asserted against Keenan by referring attorney Austin O'Toole in the action *O'Toole v. Hoey, et al.*, Civil Action No. 2021-0741, pending in the Superior Court of Suffolk County. Ms. Wahlstrom had entered into a contingent fee agreement with Defendant David Hoey in 2010 under which Hoey would be paid 33.3% of any recovery in her premises liability case with a referral agreement that

1

O'Toole would receive 1/3 of attorney Hoey's fee. O'Toole claims that Keenan and Hoey then conspired to purposely reduce O'Toole's fee by having Ms. Wahlstrom sign a second contingent fee agreement in 2015 whereby Keenan would be the attorney to receive the fee from any recovery in Ms. Wahlstrom's case, rather than Hoey, so that Hoey would then be paid from the fee received by Keenan, thus "rearranging the waterfall of any fee distribution" to reduce O'Toole's 1/3 cut of any fee received by Hoey. Keenan now claims that under the same 2015 contingent fee agreement, Ms. Wahlstrom must indemnify Keenan on O'Toole's claims in the state case and on all claims in the instant action that are derivative of O'Toole's claims, including that Ms. Wahlstrom must pay all defense costs incurred by Keenan and any judgment entered in favor of O'Toole. *See* Dkt. No. 24, Keenan Answer and Counterclaims.

As shown in the accompanying memorandum and supporting documents, Keenan fails to establish a plausible claim for relief against Ms. Wahlstrom under the 2015 Contingent Fee Agreement on which he relies. Moreover, this issue – whether Ms. Wahlstrom can be liable for the referral fee of referring attorney Austin O'Toole under the 2015 Contingent Fee Agreement – has already been decided by the Superior Court of Suffolk County which ruled that Ms. Wahlstrom cannot be liable for O'Toole's referral fee or his disputes with Keenan (and David Hoey). Thus, judgment should enter on the pleadings in favor of Ms. Wahlstrom.

Pursuant to L.R. 7-1(a)(2), undersigned counsel certifies that she attempted to resolve this matter in good faith by conferring with counsel for Keenan, attorney John O'Connor, but was unable to reach a resolution.

Dated: November 18, 2022                    Respectfully submitted,

                                            */s/ Bridget A. Zerner*
                                            Bridget A. Zerner (BBO No. 669468)
                                            John J.E. Markham, II (BBO No. 638579)
                                            MARKHAM READ ZERNER LLC

2

>One Commercial Wharf West
>Boston, Massachusetts 02110
>Tel: (617) 523-6329
>Fax:(617)742-8604
>bzerner@markhamreadzerner.com
>jmarkham@markhamreadzerner.com
>*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022 this document was served by electronic delivery through the CM/ECF system on the registered participants as identified on the Notice of Electronic Filing, which will forward copies to Counsel of Record.

>*/s/ Bridget A. Zerner*
>Bridget A. Zerner