**Exhibit 6 - 1**

```
                                          Volume I
                                          Pages: 1-17
                                          Exhibits: 0


              COMMONWEALTH OF MASSACHUSETTS


SUFFOLK, SS.                      SUPERIOR COURT DEPARTMENT
                                 OF THE TRIAL COURT

*******************************
AUSTIN O'TOOLE, ET AL          *
     Plaintiff                 *
v.                             *    DOCKET NUMBER 2184CV00741
                               *
DAVID HOEY, ET AL              *
     Defendant                 *
*******************************
                 HEARING
                 BEFORE THE HONORABLE PETER B. KRUPP

APPEARANCES:
For the Plaintiff:
Arrowood LLP
10 Post Office Square
7th Floor South
Boston, Massachusetts  02109
By:  Edward F. Foye, Esq.


For the Defendant, Hoey:
Brecher, Wynter, Simons, Fox and Bolan, P.C.
189 Wells Avenue
Newton Center, Massachusetts  02459
By:  Christine A. Knipper, Esq.


(Appearances Continued)


                          Boston, Massachusetts
                          Courtroom 20
                          June 8, 2022


Recording produced by digital audio recording system. Transcript
produced by Approved Court Transcriber, Donna Holmes Dominguez
```

**Exhibit 6 - 2**

```
Appearances Continued:

For the Defendant, Wahlstrom:
Markham Read Zerner LLC
One Commercial Wharf West
Boston, Massachusetts  02110
By:  Bridget A. Zerner, Esq.


For the Defendant, Keenan:
Todd and Weld LLP
One Federal Street, 27th floor
Boston, Massachusetts  02110
By:  Ian J. Pinta, Esq.
```

**Exhibit 6 - 3**

# I N D E X

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---------|--------|-------|----------|---------|

None - Hearing

**Exhibit 6 - 4**

1                         **P R O C E E D I N G S**

2    (Court called to order 3:50:28 p.m.)

3        THE CLERK:  Docket Number 2184CV741, <u>Austin O'Toole et al</u>

4    <u>v. David Hoey et al</u>.

5        This matter is before the Court for a status conference.

6        Counsel, if you'd please state your name for the record,

7    beginning with plaintiff's counsel.

8        MR. FOYE:  Thank you, Your Honor.  Edward Foye for the

9    plaintiff, Austin O'Toole.

10       THE COURT:  Okay.

11       MS. ZERNER:  Good afternoon, Your Honor.  Bridget Zerner

12   for Ms. Kira Wahlstrom.

13       THE COURT:  Okay.  Ms. Zerner.

14       MS. KNIPPER:  Good afternoon, Your Honor.  Christine

15   Knipper for Attorney Hoey and his firm.

16       THE COURT:  Okay.

17       MR. PINTA:  Good afternoon, Your Honor.  Ian Pinta on

18   behalf of Don Keenan and Keenan Law Firm.

19       THE COURT:  Okay.  Mr. Pinta.  I have your motions under

20   advisement.  I know that.  We were scheduling this case, this

21   hearing for all lawyers to be here and to be in a position to

22   advise the Court as to whether a resolution was reached in

23   terms of excusing Ms. Wahlstrom from the case.

24       Are all counsel present?

25       MR. FOYE:  Yes, Your Honor.

**Exhibit 6 - 5**

1        THE COURT:  Okay.

2        MS. ZERNER:  Yes, Your Honor.

3        THE COURT:  Have there been discussions about trying to

4  come to an agreement between counsel to make sure that Ms.

5  Wahlstrom is not subject to any further traumatization with

6  respect to this incident?

7        MR. FOYE:  There have been, Your Honor.

8        THE COURT:  And have they been successful, Mr. Foye?

9        MR. FOYE:  They have not, Your Honor.

10       THE COURT:  Let me see counsel at the sidebar.

11  (DISCUSSION AT SIDEBAR)

12       THE COURT:  Why?

13       MS. KNIPPER:  We've made various proposals.  We spoke

14  after the hearing.  We've communicated since then.  We have an

15  agreement in principal as to us --

16       THE COURT:  As to us, who are us?

17       MS. KNIPPER:  The Hoey defendants, the Keenan defendants,

18  and the plaintiffs to go to mediation.  We have an agreement

19  in principle.  No date has been set.  We proposed a dismissal

20  without prejudice with a tolling agreement which is -- which

21  we agreed to, meaning Ms. Wahlstrom, the Keenan defendants and

22  the Hoey defendants, and the plaintiff does not agree to it.

23       THE COURT:  Why isn't that acceptable?

24       MR. FOYE:  Because, Your Honor, for the same reason that

25  I have to name her in the case in the first place.

**Exhibit 6 - 6**

1        THE COURT:  Why did you have to name her in the case in

2    the first place?

3        MR. FOYE:  Because number one, Your Honor, I've got a

4    declaratory judgment on a contract, she's a party to the

5    contract.  She's a necessary party in the case.

6        Number two, she is a party in the 2015 fee agreement, --

7        THE COURT:  Everybody is -- everybody is agreeable to

8    dismiss with respect to her --

9        MR. FOYE:  The defendants are.  Yes, I mean I would think

10   that the defendants would be agreeable to having them all

11   dismissed.

12       THE COURT:  But if the Court agrees that she can be

13   dismissed, and you can continue to go forward with your

14   declaratory judgment action, why doesn't that solve your

15   problem?

16       MR. FOYE:  Because, Your Honor, under the Massachusetts

17   Rules of Professional Conduct, that 2015 fee agreement

18   allocates responsibility for the payment of Mr. O'Toole's

19   referral fee to Mr. Keenan, or Ms. Wahlstrom (inaudible at

20   3:53:59, low audio at sidebar) possibility.  If we try the

21   case and only Mr. Keenan is present, particularly where the

22   contract itself says that the client shall have responsibility

23   -- I'm sorry, Your Honor, the client shall have responsibility

24   for paying this fee, I've got a problem.  She's liable under

25   the contract.  She should bring a claim over against her

**Exhibit 6 - 7**

1    attorneys for putting her in this position, she has a great

2    malpractice claim. They should be indemnifying her.  But the

3    answer is not just --

4         THE COURT:  Is Mr. Hoey or Mr. Keenan advancing the

5    argument that any claim that can be brought by Mr. O'Toole

6    must be brought against the client?

7         MS. ZERNER:  So Mr. Hoey is not advancing that -- that

8    argument, he's not part of the 2015 agreement, he's not a

9    signatory to it, and so he's not advancing that agreement.

10        THE COURT:  Mr. Keenan's -- is Mr. Keenan?

11        MR. PINTA:  We have not even thought about it, Your

12   Honor.  There's been no cross claims asserted against my

13   client.  We're not at that point yet.  I think it depends on

14   the interpretation of what the model rules provide.

15        THE COURT:  All right.

16        MR. PINTA:  But I have no -- if Mr. Foye's concern is

17   this empty chair defense,  we'll stipulate to not pointing the

18   finger at the empty chair --

19        THE COURT:  This can all be worked out with a written

20   agreement.

21        MR. FOYE:  But, Your Honor, if -- if -- if that contract

22   says what it says, and it clearly does, if Mr. Keenan takes

23   the position I am not liable under that contract --

24        THE COURT:  He says he is not -- he's not going to take

25   the position that it's the -- it's the client that's

**Exhibit 6 - 8**

1    responsible.

2         MR. FOYE:  But my point, Your Honor, is a -- is a bit

3    subtler than that.

4         THE COURT:  Okay.

5         MR. FOYE:  If he takes the position I am not liable under

6    that contract, then he is inevitably taking the position that

7    she is, because those are the only two possibilities under the

8    Rules of Professional Conduct.  He's responsible -- under

9    Malonis v. Harrington, that contract must allocate

10   responsibility for the payment of prior legal fees to either

11   the lawyer or the client.  No third possibility.  And if he

12   takes the position that he's not liable, then -- now if he's

13   willing to stipulate that he's liable under the 2015 agreement

14   and she's not, now my problems are solved.

15        MS. ZERNER:  Your Honor, I just think that's wrong.  I

16   think the way he's reading the contract, we put this in our

17   papers, that paragraph he's relying on applies to when an

18   attorney is terminated and we need to deal with that attorney

19   and the value of their services.  We need to address whether

20   the new attorney or the client has to pay that attorney,

21   counsel.  That is not the position that Mr. O'Toole is in.

22        THE COURT:  Right.

23        MS. ZERNER:  And it also specifically says in the 2015

24   agreement, that Mr. Hoey will be paid something.  And so since

25   Hoey -- Mr. Hoey is to be paid, and Mr. O'Toole is still going

**Exhibit 6 - 9**

1    to get paid from whatever recovery (inaudible at 3:56:49, low

2    audio at sidebar) and I just -- I think it's been shown, he's

3    just using this, Ms. Wahlstrom, to leverage his position with

4    the others.  He's not letting her out because he's trying to

5    use that to get money out of them or some concession or

6    stipulation --

7        THE COURT:  Is there -- is there reason that Mr. Hoey and

8    Mr. Keenan wouldn't hold plaintiff (inaudible at 3:57:11, low

9    audio at sidebar.)

10       MR. PINTA:  I do because (inaudible at 3:57:23, low audio

11   at sidebar.)

12       THE COURT:  (Inaudible at 3:57:25, low audio at sidebar)

13   paid from the plaintiff by -- by Ms. Wahlstrom?

14       MR. PINTA:  Well the language included in the 2015

15   agreement, is really verbatim from the model rules.  I think

16   you have the model rules provide what they provide, and it's

17   -- it's -- (inaudible at 3:57:40, low audio at sidebar)

18   thought about how this will all play out in terms of how it

19   will all play out.  (Inaudible at 3:57:45, low audio at

20   sidebar.)

21       THE COURT:  Now is the time to think about it because Ms.

22   Wahlstrom should not be here.  This is a dispute between

23   lawyers over a fee that should be paid by somebody if it's

24   going to be paid at all.  I don't know what the contract is

25   going to require, I'm going to look at that, I'm going to

**Exhibit 6 - 10**

1   decide the Rule 12 as it relates to Mr. Keenan.  But Ms.

2   Wahlstrom should not be in this case in my view.  And if the

3   lawyers can't work that out, it's for failure of trying,

4   failure of creativity.  It's not -- and failure of will.  It's

5   not because it can't be done.

6       MR. PINTA:  I have one more suggestion, Your Honor.  It's

7   something that we discussed in the past, is if Mr. Foye is not

8   agreeable to the dismissal without prejudice, the tolling

9   agreement, which I think satisfies everyone's concerns,

10  another option is a -- almost like a 176D, severance and stay.

11  Ms. Wahlstrom remains a defendant, but the case is severed and

12  stayed as to her, and then the case goes on.  Ms. Wahlstrom

13  does not have to participate in discovery, she's just a third

14  party to the case.

15      THE COURT:  Until this case is resolved with respect to

16  her, it continues to (inaudible at 3:58:51, low audio at

17  sidebar) it's still out, there's no closure.  It's a continued

18  issue.  I don't see that as a legitimate satisfaction or

19  legitimate resolution of the concerns that I have about the

20  temerity of lawyers naming a client in this kind of a context.

21      MR. FOYE: Your Honor, I don't know if this -- how

22  relevant this is, but the day before our last hearing, Kira

23  Wahlstrom filed another lawsuit in the United States District

24  for the District of Massachusetts, seeking to recover from Mr.

25  Keenan and Mr. Hoey for overpayments that she made in legal

**Exhibit 6 - 11**

1   fees to them.  She says that she paid too much in fees, they

2   took too much in costs, (inaudible at 3:59:38, low audio at

3   sidebar) if the Court wants to look at it.  I understand the

4   Court's solicitude toward Ms. Wahlstrom, I share it and I've

5   said that in open Court to every Judge who will listen.  But

6   to exempt her from discovery when she's filed her own lawsuit

7   down in the Federal District Court against these two

8   individuals, and seems perfectly willing to pursue discovery

9   down there, it would seem to me to be inequitable whether

10   she's in the case or out of the case, she's still the client,

11   we're still going to need to get her deposition.

12        MS. ZERNER:  And our position is, we've made this -- we

13   put this in our papers, the fact that Ms. Wahlstrom is willing

14   and has the strength to stand up to people who have wronged

15   her and pursue claims for damages does not entitle Mr. O'Toole

16   to pursue what we consider merit -- completely meritless

17   claims against her and keep her in this case for leverage.

18   She -- and as we mentioned last time we were in Court, he

19   offered to settle this by having her assign her claims to him,

20   and he's done that again yesterday, even though that was

21   clearly rejected before several months ago.  The offer was,

22   well you can assign your -- all your claims against Hoey and

23   Keenan in the Federal case to us, and we'll take care of that.

24   Of course you're going to have to cooperate because obviously

25   Ms. Wahlstrom can't not participate in that case --

**Exhibit 6 - 12**

1        MR. FOYE:  And we'll pay her a portion of the recovery.

2        MS. ZERNER:  It's that they're willing to consider paying

3    her a portion is what your email said.

4        MR. FOYE:  No, we will.

5        MS. ZERNER:  But just -- I don't think I have to go

6    further why that is not reasonable to put it politely to make

7    that as a settlement offer.

8        THE COURT:  All right.  Okay.  My --

9        MR. FOYE:  My thought, Your Honor, was if she wants an

10   end to litigation, let's get her out of the litigation, let's

11   get her out of all the litigation.

12       MS. ZERNER:  She can -- let her out of this case with a

13   dismissal without prejudice and a tolling agreement that

14   protects whatever possible claim you have while we see no

15   possibility that you could, we're willing to agree with that.

16       MR. FOYE:  Your Honor, (inaudible at 4:01:32, low audio

17   at sidebar) I may need to -- I may need to try to intervene in

18   the Federal Court case just to be sure my rights are protected

19   down there because this involved interpretation of the 2015 --

20       THE COURT:  The Federal Court is not in front of me.

21       MR. FOYE:  I understand, Your Honor.

22       THE COURT:  The Federal Court case is not in front of me.

23       MR. FOYE:  I understand.

24       THE COURT:  Okay.  I'm not sure why a dismissal with a

25   tolling agreement wouldn't solve your problem.

**Exhibit 6 - 13**

1      MR. FOYE:  Because, Your Honor, she is -- she is both the

2  necessary party in litigation, she's liable under the

3  contract.

4      MR. PINTA:  You can still pursue that claim after we --

5      THE COURT:  If there's no resolution with respect to

6  Keenan and Hoey.

7      MS. KNIPPER:  And if his interpretation is the one that

8  the Court would follow.

9      MR. PINTA:  And Mr. O'Toole is made whole through

10  litigation of our clients --

11      MS. KNIPPER:  Then there's no issue.

12      MR. PINTA:  -- then there will be no -- there will be no

13  issue.

14      MR. FOYE:  Again, Your Honor, I come back to the point,

15  the disciplinary rules require the jury to find that either

16  Mr. Keenan is liable or Ms. Wahlstrom is liable and if he

17  points the finger at her, she should be in the courtroom to

18  hear it.

19      MR. PINTA:  And again, Your Honor, we'll stipulate that

20  at trial, we will not point the finger at Ms. Wahlstrom.  That

21  solves that concern.

22      MR. FOYE:  If he says he's not liable, he's pointing the

23  finger at her.

24      MR. PINTA:  The claims -- Mr. O'Toole --

25      THE COURT:  All right.  I've heard enough.

**Exhibit 6 - 14**

1          MR. FOYE:  Thank you, Your Honor.

2          MS. ZERNER:  Thank you, Your Honor.

3     (END OF DISCUSSION AT SIDEBAR)

4          THE COURT:  Counsel, parties to this case who are present

5     in the courtroom, I find it inexcusable that Ms. Wahlstrom is

6     named in this case, and that the parties can't resolve this.

7     There are suitable ways to resolve this case that preserve

8     everybody's rights and that do not put Ms. Wahlstrom through

9     further traumatic litigation in this Court.  There are ways.

10    The parties have articulated them to me at the sidebar.  And I

11    -- I continue to believe that the parties can agree to a

12    resolution that does not continue to claim against Ms.

13    Wahlstrom in this matter, at least it doesn't put her through

14    the difficulties of litigation that will further re-traumatize

15    her.

16         Counsel are officers of the Court, they should understand

17    the consequences of their decisions for somebody who has been

18    through a serious trauma and who was their clients -- who was

19    their client.  And I do think that's the obligation on all

20    counsel in this case to try to work something out that does

21    not continue to drag Ms. Wahlstrom in.

22         I would like to see the parties to continue to discuss

23    how she might be released from the case.  I heard at the

24    sidebar that that -- there were certain quite viable

25    alternatives on the table, including dismissing the case

**Exhibit 6 - 15**

1   against her without prejudice and entering into a tolling

2   agreement so that the claim against her could be brought back

3   if there was no satisfaction in the claims against Mr. Keenan

4   or Mr. Hoey.  That seems like an entirely reasonable way of

5   resolving the matter.

6        I have another matter that I'm going to take up now that

7   I have to take up at 4 o'clock, I think folks are on Zoom.

8   And I will see you shortly after that hearing.  You'll have

9   time to speak outside in the hall about trying to resolve it.

10       THE CLERK:  Second call.

11       MS. ZERNER:  Thank you, Your Honor.

12       MR. FOYE:  Thank you, Your Honor.

13  [Recess taken 4:05:28 p.m.]

14  [Court convenes 4:20:27 p.m.]

15       THE COURT:  All right.  We have the parties on O'Toole

16  outside?

17       THE CLERK:  Recalling Docket Number 2184CV741, Austin

18  O'Toole et al v. David Hoey et al.

19       Any luck?

20       MR. FOYE:  Well, Your Honor, I made one or two proposals.

21  I said that I am willing to dismiss Ms. Wahlstrom out without

22  prejudice if Mr. Keenan will agree and stipulate that if there

23  is liability under the 2015 contract, the liability is his and

24  not hers.  It would be in effect an indemnification except

25  since she wouldn't be a party anymore, he wouldn't have to pay

**Exhibit 6 - 16**

```
1    her legal fees or her -- he is the one who got her into this,

2    he is the one who drafted that contract.  He's the one who put

3    in the representations.

4         THE COURT:  It was a simple question.

5         MR. FOYE:  Well -- I'm sorry.

6         THE COURT:  Did you -- did you reach an agreement?

7         MR. FOYE:  No, Your Honor.  We didn't.

8         THE COURT:  Okay.  All right.  I have two motions before

9    me, and I'll act on them accordingly.  I continue to think

10   it's inexcusable for counsel not to be able to resolve this --

11   this question one way or the other.  That's on the lawyers.

12   That's on the lawyers.  And I hope you will continue the

13   conversations about it.  But I'll act on the Rule 12.  Okay?

14        MS. ZERNER:  Thank you, Your Honor.

15        MR. PINTA:  Thank you, Your Honor.

16        MR. FOYE:  Thank you, Your Honor.

17

18

19

20

21

22

23

24

25                              (Adjourned)
```



**Exhibit 6 - 17**

**The Commonwealth of Massachusetts**
**OFFICE OF COURT MANAGEMENT, Transcription Services**

## <u>AUDIO ASSESSMENT FORM</u>

***For court transcribers:*** *Complete this assessment form for each volume of transcript produced, and include it at the back of every original and copy transcript with the certificate page, word index, and CD PDF transcript.*

**TODAY'S DATE:** September 26, 2022       **TRANSCRIBER NAME:** Donna H Dominguez

**CASE NAME:** O'Toole et al v Hoey et al              **CASE NUMBER:** 2184CV00741

**RECORDING DATE** June 8 2022       **TRANSCRIPT VOLUME:** 1   **OF** 1

---

*(circle one)* **TYPE: CD  TAPE       QUALITY: EXCELLENT   <mark>GOOD</mark>   FAIR   POOR**

*(circle all that apply)* **ISSUES** *(include time stamp):*

**background noise**                 **time stamp:**_____

**low audio**                               _____

**low audio at sidebar**            See comment_____

**simultaneous speech**            _____

**speaking away of microphone**   _____

**other:**_____        **time stamp:**_____

_____        _____

_____        _____

_____        _____

**COMMENTS:**____    There are 10 inaudibles in this transcript, all at sidebar where the audio
was difficult to hear._____
_____
_____
_____
_____

**Exhibit 6 - 18**

**<u>Certificate of Accuracy</u>**

I, Donna Holmes Dominguez, an Approved Court Transcriber, do hereby certify that the foregoing is a true and accurate transcript of the audio recording provided to me by the Suffolk County Superior Court regarding proceedings in the above-entitled matter.

I, Donna Holmes Dominguez, further certify that the foregoing is in compliance with the Administrative Office of the Trial Court Directive on Transcript Format.

I, Donna Holmes Dominguez, further certify that I neither am counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

"/s/ Donna Holmes Dominguez"
Donna Holmes Dominguez, ACT, CET
Notary Public, Commission Expires 5-17-24

 September 26, 2022
Date

 (781) 820-5032

donna@dhreporting.com

# *Keyword Index*

**Exhibit 6 - 19**

## 1

**12** [2] **10:**1 **16:**13
**176d** [1] **10:**10

## 2

**2015** [8] **6:**6,17 **7:**8 **8:**13,23
**9:**14 **12:**19 **15:**23
**2184cv741** [2] **4:**3 **15:**17

## 3

**3:50:28** [1] **4:**2
**3:53:59** [1] **6:**20
**3:56:49** [1] **9:**1
**3:57:11** [1] **9:**8
**3:57:23** [1] **9:**10
**3:57:25** [1] **9:**12
**3:57:40** [1] **9:**17
**3:57:45** [1] **9:**19
**3:58:51** [1] **10:**16
**3:59:38** [1] **11:**2

## 4

**4** [1] **15:**7
**4:01:32** [1] **12:**16
**4:05:28** [1] **15:**13
**4:20:27** [1] **15:**14

## A

**able** [1] **16:**10
**acceptable** [1] **5:**23
**accordingly** [1] **16:**9
**act** [2] **16:**9,13
**action** [1] **6:**14
**address** [1] **8:**19
**adjourned** [1] **16:**25
**advancing** [3] **7:**4,7,9
**advise** [1] **4:**22
**advisement** [1] **4:**20
**afternoon** [3] **4:**11,14,17
**ago** [1] **11:**21
**agree** [4] **5:**22 **12:**15 **14:**11
**15:**22
**agreeable** [3] **6:**7,10 **10:**8
**agreed** [1] **5:**21
**agreement** [17] **5:**4,15,18,
20 **6:**6,17 **7:**8,9,20 **8:**13,24
**9:**15 **10:**9 **12:**13,25 **15:**2 **16:**
6

**agrees** [1] **6:**12
**al** [4] **4:**3,4 **15:**18,18
**allocate** [1] **8:**9
**allocates** [1] **6:**18
**almost** [1] **10:**10
**alternatives** [1] **14:**25
**another** [3] **10:**10,23 **15:**6
**answer** [1] **7:**3
**applies** [1] **8:**17
**argument** [2] **7:**5,8
**articulated** [1] **14:**10
**asserted** [1] **7:**12
**assign** [2] **11:**19,22
**attorney** [5] **4:**15 **8:**18,18,
20,20
**attorneys** [1] **7:**1
**audio** [10] **6:**20 **9:**2,9,10,12,
17,19 **10:**16 **11:**2 **12:**16
**austin** [3] **4:**3,9 **15:**17

## B

**back** [2] **13:**14 **15:**2
**beginning** [1] **4:**7
**behalf** [1] **4:**18
**believe** [1] **14:**11
**between** [2] **5:**4 **9:**22
**bit** [1] **8:**2
**both** [1] **13:**1
**bridget** [1] **4:**11
**bring** [1] **6:**25
**brought** [3] **7:**5,6 **15:**2

## C

**call** [1] **15:**10
**called** [1] **4:**2
**care** [1] **11:**23
**case** [25] **4:**20,23 **5:**25 **6:**1,
5,21 **10:**2,11,12,14,15 **11:**
10,10,17,23,25 **12:**12,18,22
**14:**4,6,7,20,23,25
**certain** [1] **14:**24
**chair** [2] **7:**17,18
**christine** [1] **4:**14
**claim** [7] **6:**25 **7:**2,5 **12:**14
**13:**4 **14:**12 **15:**2
**claims** [7] **7:**12 **11:**15,17,
19,22 **13:**24 **15:**3
**clearly** [1] **7:**22 **11:**21

**clerk** [3] **4:**3 **15:**10,17
**client** [10] **6:**22,23 **7:**6,13,
25 **8:**11,20 **10:**20 **11:**10 **14:**
19
**clients** [2] **13:**10 **14:**18
**closure** [1] **10:**17
**come** [2] **5:**4 **13:**14
**communicated** [1] **5:**14
**completely** [1] **11:**16
**concern** [2] **7:**16 **13:**21
**concerns** [2] **10:**9,19
**concession** [1] **9:**5
**conduct** [2] **6:**17 **8:**8
**conference** [1] **4:**5
**consequences** [1] **14:**17
**consider** [2] **11:**16 **12:**2
**context** [1] **10:**20
**continue** [6] **6:**13 **14:**11,
12,21,22 **16:**9,12
**continued** [1] **10:**17
**continues** [1] **10:**16
**contract** [13] **6:**4,5,22,25 **7:**
21,23 **8:**6,9,16 **9:**24 **13:**3
**15:**23 **16:**2
**convenes** [1] **15:**14
**conversations** [1] **16:**13
**cooperate** [1] **11:**24
**costs** [1] **11:**2
**counsel** [10] **4:**6,7,24 **5:**4,
10 **8:**21 **14:**4,16,20 **16:**10
**course** [1] **11:**24
**court** [51] **4:**2,5,10,13,16,
19,22 **5:**1,3,8,10,12,16,23
**6:**1,7,12,12 **7:**4,10,15,19,
24 **8:**4,22 **9:**7,12,21 **10:**15
**11:**3,5,7,18 **12:**8,18,20,20,
22,22,24 **13:**5,8,25 **14:**4,9,
16 **15:**14,15 **16:**4,6,8
**court's** [1] **11:**4
**courtroom** [2] **13:**17 **14:**5
**creativity** [1] **10:**4
**cross** [1] **7:**12

## D

**damages** [1] **11:**15
**date** [1] **5:**19
**david** [2] **4:**4 **15:**18
**day** [1] **10:**22

**deal** [1] **6:**18
**decide** [1] **10:**1
**decisions** [1] **14:**17
**declaratory** [2] **6:**4,14
**defendant** [1] **10:**11
**defendants** [6] **5:**17,17,21,
22 **6:**9,10
**defense** [1] **7:**17
**depends** [1] **7:**13
**deposition** [1] **11:**11
**difficulties** [1] **14:**14
**disciplinary** [1] **13:**15
**discovery** [3] **10:**13 **11:**6,
8
**discuss** [1] **14:**22
**discussed** [1] **10:**7
**discussion** [2] **5:**11 **14:**3
**discussions** [1] **15:**3
**dismiss** [2] **6:**8 **15:**21
**dismissal** [4] **5:**19 **10:**8
**12:**13,24
**dismissed** [2] **6:**11,13
**dismissing** [1] **14:**25
**dispute** [1] **9:**22
**district** [3] **10:**23,24 **11:**7
**docket** [2] **4:**3 **15:**17
**doesn't** [2] **6:**14 **14:**13
**don** [1] **4:**18
**don't** [1] **10:**18
**done** [2] **10:**5 **11:**20
**down** [2] **11:**7,9 **12:**19
**drafted** [1] **16:**2
**drag** [1] **14:**21

## E

**edward** [1] **4:**8
**effect** [1] **15:**24
**either** [2] **8:**10 **13:**15
**email** [1] **12:**3
**empty** [2] **7:**17,18
**end** [2] **12:**10 **14:**3
**enough** [1] **13:**25
**entering** [1] **15:**1
**entirely** [1] **15:**4
**entitle** [1] **11:**15
**et** [4] **4:**3,4 **15:**18,18
**even** [2] **7:**11 **11:**20
**everybody** [2] **6:**7,7

# Keyword Index

Exhibit 6 - 20

**everybody's** [1] 14:8
**everyone's** [1] 10:9
**except** [1] 15:24
**excusing** [1] 4:23
**exempt** [1] 11:6

## F

**fact** [1] 11:13
**failure** [3] 10:3,4,4
**federal** [5] 11:7,23 12:18, 20,22
**fee** [5] 6:6,17,19,24 9:23
**fees** [4] 8:10 11:1,1 16:1
**filed** [2] 10:23 11:6
**find** [2] 13:15 14:5
**finger** [4] 7:18 13:17,20,23
**firm** [2] 4:15,18
**first** [2] 5:25 6:2
**folks** [1] 15:7
**follow** [1] 13:8
**forward** [1] 6:13
**foye** [30] 4:8,8,25 5:7,8,9, 24 6:3,9,16 7:21 8:2,5 10:7, 21 12:1,4,9,16,21,23 13:1, 14,22 14:1 15:12,20 16:5,7, 16
**foye's** [1] 7:16
**front** [2] 12:20,22
**further** [4] 5:5 12:6 14:9, 14

## G

**got** [3] 6:3,24 16:1
**great** [1] 7:1

## H

**hall** [1] 15:9
**harrington** [1] 8:9
**he's** [17] 7:8,8,9,24 8:8,12, 12,13,16,17 9:2,4,4 11:20 13:22,22 16:2
**hear** [1] 13:18
**heard** [2] 13:25 14:23
**hearing** [4] 4:21 5:14 10: 22 15:8
**hoey** [15] 4:4,15 5:17,22 7: 4,7 8:24,25,25 9:7 10:25 11:22 13:6 15:4,18

**hold** [1] 9:8
**honor** [33] 4:8,11,14,17,25 5:2,7,9,24 6:3,16,23 7:12, 21 8:2,15 10:6,21 12:9,16, 21 13:1,14,19 14:1,2 15:11, 12,20 16:7,14,15,16
**hope** [1] 16:12

## I

**i'll** [2] 16:9,13
**ian** [1] 4:17
**inaudible** [10] 6:19 9:1,8, 10,12,17,19 10:16 11:2 12: 16
**incident** [1] 5:6
**included** [1] 9:14
**including** [1] 14:25
**indemnification** [1] 15: 24
**indemnifying** [1] 7:2
**individuals** [1] 11:8
**inequitable** [1] 11:9
**inevitably** [1] 8:6
**inexcusable** [2] 14:5 16: 10
**interpretation** [3] 7:14 12:19 13:7
**intervene** [1] 12:17
**involved** [1] 12:19
**isn't** [1] 5:23
**issue** [3] 10:18 13:11,13
**it's** [14] 7:25,25 9:2,16,17, 23 10:3,4,4,6,17,17 12:2 16:10
**itself** [1] 6:22

## J

**judge** [1] 11:5
**judgment** [2] 6:4,14
**jury** [1] 13:15

## K

**keenan** [17] 4:18,18 5:17, 21 6:19,21 7:4,10,22 9:8 10:1,25 11:23 13:6,16 15:3, 22
**keenan's** [1] 7:10
**keep** [1] 11:17

**kind** [1] 10:20
**kira** [2] 4:12 10:22
**knipper** [6] 4:14,15 5:13, 17 13:7,11

## L

**language** [1] 9:14
**last** [2] 10:22 11:18
**law** [1] 4:18
**lawsuit** [2] 10:23 11:6
**lawyer** [1] 8:11
**lawyers** [6] 4:21 9:23 10:3, 20 16:11,12
**least** [1] 14:13
**legal** [3] 8:10 10:25 16:1
**legitimate** [2] 10:18,19
**let's** [2] 12:10,10
**letting** [1] 9:4
**leverage** [2] 9:3 11:17
**liability** [2] 15:23,23
**liable** [6] 6:24 7:23 8:5,12, 13 13:2,16,16,22
**listen** [1] 11:5
**litigation** [7] 12:10,10,11 13:2,10 14:9,14
**look** [2] 9:25 11:3
**low** [10] 6:20 9:1,8,10,12, 17,19 10:16 11:2 12:16
**luck** [1] 15:19

## M

**made** [5] 5:13 10:25 11:12 13:9 15:20
**malonis** [1] 8:9
**malpractice** [1] 7:2
**massachusetts** [2] 6:16 10:24
**matter** [4] 4:5 14:13 15:5,6
**mean** [1] 6:9
**meaning** [1] 5:21
**mediation** [1] 5:18
**mentioned** [1] 11:18
**merit** [1] 11:16
**meritless** [1] 11:16
**might** [1] 14:23
**model** [3] 7:14 9:15,16
**money** [1] 9:5
**months** [1] 11:21

**motions** [2] 4:19 16:8
**ms** [39] 4:11,12,13,14,23 5: 2,4,13,17,21 6:19 7:7 8:15, 23 9:3,13,21 10:1,11,12 11: 4,12,13,25 12:2,5,12 13:7, 11,16,20 14:2,5,8,12,21 15: 11,21 16:14
**much** [2] 11:1,2
**must** [2] 7:6 8:9

## N

**name** [3] 4:6 5:25 6:1
**named** [1] 14:6
**naming** [1] 10:20
**necessary** [2] 6:5 13:2
**need** [5] 8:18,19 11:11 12: 17,17
**new** [1] 8:20
**number** [4] 4:3 6:3,6 15: 17

## O

**o'toole** [4] 4:3,9 15:15,18
**obligation** [1] 14:19
**obviously** [1] 11:24
**o'clock** [1] 15:7
**offer** [2] 11:21 12:7
**offered** [1] 11:19
**officers** [1] 14:16
**okay** [10] 4:10,13,16,19 5:1 8:4 12:8,24 16:8,13
**one** [8] 6:3 10:6 13:7 15:20 16:1,2,2,11
**only** [2] 6:21 8:7
**open** [1] 11:5
**option** [1] 10:10
**order** [1] 4:2
**other** [1] 16:11
**others** [1] 9:4
**o'toole** [6] 7:5 8:21,25 11: 15 13:9,24
**o'toole's** [1] 6:18
**out** [13] 7:19 9:4,5,18,19 10: 3,17 11:10 12:10,11,12 14: 20 15:21
**outside** [2] 15:9,16
**over** [2] 6:25 9:23
**overpayments** [1] 10:25

www.protext.com

# *Keyword Index*

Exhibit 6 - 21

**own** [1] 11:6

## P

**p.m** [3] 4:2 **15:**13,14
**paid** [7] 8:24,25 9:1,13,23, 24 11:1
**papers** [2] 8:17 11:13
**paragraph** [1] 8:17
**part** [1] 7:8
**participate** [2] 10:13 11: 25
**particularly** [1] 6:21
**parties** [6] 14:4,6,10,11,22 15:15
**party** [6] 6:4,5,6 10:14 13:2 15:25
**past** [1] 10:7
**pay** [3] 8:20 12:1 15:25
**paying** [2] 6:24 12:2
**payment** [2] 6:18 8:10
**people** [1] 11:14
**perfectly** [1] 11:8
**pinta** [14] 4:17,17,19 7:11, 16 9:10,14 10:6 13:4,9,12, 19,24 16:15
**place** [2] 5:25 6:2
**plaintiff** [4] 4:9 5:22 9:8, 13
**plaintiff's** [1] 4:7
**plaintiffs** [1] 5:18
**play** [2] 9:18,19
**please** [1] 4:6
**point** [4] 7:13 8:2 13:14,20
**pointing** [2] 7:17 13:22
**points** [1] 13:17
**politely** [1] 12:6
**portion** [2] 12:1,3
**position** [10] 4:21 7:1,23, 25 8:5,6,12,21 9:3 11:12
**possibilities** [1] 8:7
**possibility** [3] 6:20 8:11 12:15
**possible** [1] 12:14
**prejudice** [5] 5:20 10:8 12: 13 15:1,22
**present** [3] 4:24 6:21 14:4
**preserve** [1] 14:7
**principal** [1] 5:15

**principle** [1] 5:19
**prior** [1] 8:10
**problem** [3] 6:15,24 12:25
**problems** [1] 8:14
**professional** [2] 6:17 8:8
**proposals** [2] 5:13 15:20
**proposed** [1] 5:19
**protected** [1] 12:18
**protects** [1] 12:14
**provide** [3] 7:14 9:16,16
**pursue** [4] 11:8,15,16 13:4
**put** [6] 8:16 11:13 12:6 14: 8,13 16:2
**putting** [1] 7:1

## Q

**question** [2] 16:4,11
**quite** [1] 14:24

## R

**reach** [1] 16:6
**reached** [1] 4:22
**reading** [1] 8:16
**really** [1] 9:15
**reason** [2] 5:24 9:7
**reasonable** [2] 12:6 15:4
**recalling** [1] 15:17
**recess** [1] 15:13
**record** [1] 4:6
**recover** [1] 10:24
**recovery** [2] 9:1 12:1
**referral** [1] 6:19
**rejected** [1] 11:21
**relates** [1] 10:1
**released** [1] 14:23
**relevant** [1] 10:22
**relying** [1] 8:17
**remains** [1] 10:11
**representations** [1] 16:3
**require** [2] 9:25 13:15
**resolution** [4] 4:22 10:19 13:5 14:12
**resolve** [4] 14:6,7 15:9 16: 10
**resolved** [1] 10:15
**resolving** [1] 15:5
**respect** [4] 5:6 6:8 10:15 13:5

**responsibility** [4] 6:18, 22,23 8:10
**responsible** [2] 8:1,8
**re-traumatize** [1] 14:14
**rights** [2] 12:18 14:8
**rule** [2] 10:1 16:13
**rules** [6] 6:17 7:14 8:8 9:15, 16 13:15

## S

**same** [1] 5:24
**satisfaction** [2] 10:18 15: 3
**satisfies** [1] 10:9
**says** [7] 6:22 7:22,22,24 8: 23 11:1 13:22
**scheduling** [1] 4:20
**second** [1] 15:10
**see** [5] 5:10 10:18 12:14 14: 22 15:8
**seeking** [1] 10:24
**seem** [1] 11:9
**seems** [2] 11:8 15:4
**serious** [1] 14:18
**services** [1] 8:19
**set** [1] 5:19
**settle** [1] 11:19
**settlement** [1] 12:7
**several** [1] 11:21
**severance** [1] 10:10
**severed** [1] 10:11
**shall** [2] 6:22,23
**share** [1] 11:4
**she's** [6] 6:4,5,24 8:14 10: 13 11:6,10,10 13:2
**shortly** [1] 15:8
**shown** [1] 9:2
**sidebar** [15] 5:10,11 6:20 9:2,9,11,12,17,20 10:17 11: 3 12:17 14:3,10,24
**signatory** [1] 7:9
**simple** [1] 16:4
**since** [3] 5:14 8:24 15:25
**solicitude** [1] 11:4
**solve** [2] 6:14 12:25
**solved** [1] 8:14
**solves** [1] 13:21
**somebody** [2] 9:23 14:17

**sorry** [4] 6:23 7:3 13:5
**specifically** [1] 8:23
**spoke** [1] 5:13
**stand** [1] 11:14
**state** [1] 4:6
**states** [1] 10:23
**status** [1] 4:5
**stay** [1] 10:10
**stayed** [1] 10:12
**still** [5] 8:25 10:17 11:10,11 13:4
**stipulate** [4] 7:17 8:13 13: 19 15:22
**stipulation** [1] 9:6
**strength** [1] 11:14
**subject** [1] 5:5
**subtler** [1] 8:3
**successful** [1] 5:8
**suggestion** [1] 10:6
**suitable** [1] 14:7

## T

**table** [1] 14:25
**temerity** [1] 10:20
**terminated** [1] 8:18
**terms** [2] 4:23 9:18
**that's** [5] 7:25 8:15 14:19 16:11,12
**there's** [4] 7:12 10:17 13:5, 11
**third** [2] 8:11 10:13
**though** [1] 11:20
**tolling** [5] 5:20 10:8 12:13, 25 15:1
**took** [1] 11:2
**toward** [1] 11:4
**trauma** [1] 14:18
**traumatic** [1] 14:9
**traumatization** [1] 5:5
**trial** [1] 13:20
**try** [3] 6:20 12:17 14:20
**trying** [4] 5:3 9:4 10:3 15:9
**two** [5] 6:6 8:7 11:7 15:20 16:8

## U

**under** [10] 4:19 6:16,24 7: 23 8:5,7,8,13 13:2 15:23

# *Keyword Index*

**Exhibit 6 - 22**

**understand** [4] **11**:3 **12**: 21,23 **14**:16
**united** [1] **10**:23
**until** [1] **10**:15
**up** [3] **11**:14 **15**:6,7
**using** [1] **9**:3

## V

**value** [1] **8**:19
**various** [1] **5**:13
**verbatim** [1] **9**:15
**viable** [1] **14**:24
**view** [1] **10**:2

## W

**wahlstrom** [22] **4**:12,23 **5**: 5,21 **6**:19 **9**:3,13,22 **10**:2, 11,12,23 **11**:4,13,25 **13**:16, 20 **14**:5,8,13,21 **15**:21
**wants** [2] **11**:3 **12**:9
**way** [3] **8**:16 **15**:4 **16**:11
**ways** [2] **14**:7,9
**we'll** [4] **7**:17 **11**:23 **12**:1 **13**:19
**we're** [3] **7**:13 **11**:11 **12**:15
**we've** [2] **5**:13,14
**whatever** [2] **9**:1 **12**:14
**whether** [3] **4**:22 **8**:19 **11**: 9
**whole** [1] **13**:9
**will** [13] **8**:24 **9**:18,19 **10**:4 **11**:5 **12**:4 **13**:12,12,20 **14**: 14 **15**:8,22 **16**:12
**willing** [6] **8**:13 **11**:8,13 **12**: 2,15 **15**:21
**without** [5] **5**:20 **10**:8 **12**: 13 **15**:1,21
**work** [2] **10**:3 **14**:20
**worked** [1] **7**:19
**wouldn't** [3] **9**:8 **12**:25 **15**: 25
**written** [1] **7**:19
**wronged** [1] **11**:14

## Y

**yesterday** [1] **11**:20
**you'll** [1] **15**:8

## Z

**zerner** [14] **4**:11,11,13 **5**:2 **7**:7 **8**:15,23 **11**:12 **12**:2,5, 12 **14**:2 **15**:11 **16**:14
**zoom** [1] **15**:7