IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION - BOSTON)

| | |
|---|---|
| KIRA WAHLSTROM,<br>   Plaintiff,<br><br>-vs.-<br><br>DAVID J. HOEY,<br>LAW OFFICES OF DAVID J. HOEY, P.C.,<br>DON C. KEENAN,<br>D.C. KEENAN & ASSOCIATES, P.C. D/B/A<br>THE KEENAN LAW FIRM, P.C., &<br>KEENAN'S KIDS FOUNDATION, INC.,<br>   Defendants. | C.A. NO. 1:22-cv-10792-RGS |

**MEMORANDUM IN SUPPORT OF NON-PARTY WITNESS'S MOTION FOR LIMITED PROTECTIVE ORDER REGARDING DEPOSTION**

The undersigned counsel, a non-party witness, and pursuant to Fed.Ct.R.Civ.P. Rules 26 and 45 moves for a limited protective order concerning his deposition, noticed by the Plaintiff for March 21, 2023, so that the deposition be conducted via remote means, such as zoom.

**SUMMARY OF GROUNDS FOR MOTION**

Given then still endemic phase of COVID, zoom depositions (and court hearings) are still the often-preferred practice and easily accomplished, still allowed by right in the Massachusetts state courts, and the noticing party (Plaintiff) has no objection to conducting this deposition via zoom, so the relevant discovery can be obtained without additional burden or expense. And although the Defendants would not be prejudiced in any way by attending this discovery deposition by zoom, they object only to impose additional expense and burden on the non-party witness (their former employee) in retaliation for speaking the truth. There are no special or specific reasons why this deposition should be taken in-person, and thus, given Rule 45's requirement for avoiding undue burden or expense, this motion should be granted.

**CASE SUMMARY**

In this case, Plaintiff, Ms. Wahlstrom, has brought claims against her principal former attorneys (Defendants David Hoey and his firm and Defendant Don Keenan and his firm) for unfair and deceptive acts in violation of Section 2 of Chapter 93A, Massachusetts General Laws, through overcharging and deceiving Ms. Wahlstrom into paying improper, unearned and excessive fees and unreasonable expenses, for breach of their fiduciary duty to Ms. Wahlstrom, and for fraudulent representations inducing Ms. Wahlstrom to pay improper fees and expenses. See, Dkt. No. 11, First Amended Complaint. Based on the Plaintiff's summary, these Defendants (the principal trial attorneys[1] and their firms) took an additional 7% of the recovery in the underlying case as an appeal contingency fee, while double billings for separate appellate counsel as "expenses" and improperly charging for work performed by additional attorneys as "expenses" without advance notice or approval; that some of the additional attorneys services charged to Ms. Wahlstrom included time billed by Defendant Hoey's personal attorney protecting Hoey's interests and time billed by an attorney that appeared on behalf of Defendant Keenan Kid's Foundation to protect the interests of Keenan and his Foundation; as well as other "expenses" that seem exuberant, improper, and not related to the advancement of the Plaintiff's best interests..

**RELEVANT FACTUAL BACKGROUND**

The undersigned counsel was an employee of Defendant David Hoey and his firm in the 2014-2017 timeframe and part of Plaintiff's original trial team (attorney Gould, then employee of Defendant Don Keenan's firm, was the fourth member of the trial team, and also is not a named party in this action). After prevailing for the Plaintiff at trial, and while the post-trial motions and

---

[1] Plaintiff had other, additional, attorneys representing her at trial (and various proceedings), including the undersigned, but they are NOT parties/defendants in this case, as they did not take the Plaintiffs money from her.

appeals were pending, the undersigned separated his employment with Hoey's firm, but what started initially as a planned and amicable separation turned sour as attorney Hoey tried to avoid paid due and earned compensation on various cases and refusing to follow the Massachusetts ethical rules for when attorneys separate (such as informing all active clients and providing them with choice of counsel). In this case, attorney Hoey (without prior consultation or agreement) informed the client (Plaintiff, Ms. Wahlstrom) that attorney Sobczak (undersigned), with her consent and permission, would be remaining as part of the ongoing legal team via his own firm, and the Plaintiff agreed. However, after the rift (over other cases, where Hoey likewise did not follow the required procedure) got deeper, Hoey pressured Plaintiff to discharge the undersigned, after notice of withdrawal was filed, a notice of attorney's lien was also subsequently filed. Upon information and believe, part of the damages sought in this case by the Plaintiff are the fees and expenses that Hoey incurred to fight the lien, charging the Plaintiff expenses in instance were only benefit was for Hoey (and Keenan) to protect a larger portion of the fee for themselves.

**ARGUMENT**

Pursuant to Federal Rules of Civil Procedure, Rule 45 (d)(1) "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Here, the noticing party – the Plaintiff –has no objections to taking this deposition via remote means, such as zoom, but it is the counsel for the Defendants that objected, and thus, once that was communicated, the L.R. 7-1(a)(2) conference was held and this motion followed. There is (or should be) NO dispute that taking deposition remotely (by means such as zoom) is easier, quicker, and cheaper, as no (or little to no) time is spent on travel, parking, etc., and time spend can be focused on the questioning, not logistics. Thus, by default, zoom depositions should be considered means of

avoiding undue burden or expense, and preferred means (unless special circumstances exist).  In fact, since the COVID pandemic breakout in 2020, many courts and jurisdiction made zoom the preferred (or only) means of conducting certain business, such as hearings or depositions.

In our Commonwealth, the highest state Court, issued special orders, including amended orders (the SJC Order OE-144 ("SJC Order") issued on May 26, 2020, entitled "In Re: COVID-19 (Coronavirus) Pandemic ORDER REGARDING REMOTE DEPOSITIONS." and October 23, 2020 UPDATED ORDER REGARDING REMOTE DEPOSITIONS.) making remoted (zoom) depositions the default option, and prohibiting parties trying to force in-person depositions, if anyone objected. These 2020 orders are still in effect and controlling, although amendments are currently pending.  Although no equivalent order was issued in the Massachusetts Federal Courts, the March 12, 2020 General Order 20-2 had a "strong encouragement" to conduct proceedings by telephone or video conferencing where practicable (and has yet to been rescinded or vacated) and even the most recent order, GENERAL ORDER 23-2, as of February of 2023, still requires that certain proceedings by done by remote means only.

This is a simple – although contentious – case, and taking deposition testimony by remote means minimizes the time and expense burden for any non-parties, without causing any prejudice to the litigants.[2] The undersigned is a practicing attorney with obligations to current clients, and thus if there are measures that can minimize disruption of practice, such as cutting out unnecessary travel or expenses – without adding prejudice to anyone – there should be no reason why this deposition cannot be taken by zoom.  Unless the Defendants' insistence on an 'in-person' deposition is for a different reason.

---

[2] Although initially certain litigants were hesitant or uncomfortable with the remote deposition technologies, by now, nearly three years later, all practitioners are likely very well versed in this new reality.

WHEREFORE, for the above stated reasons, the undersigned NON-PARTY witness prays that this Honorable Court Quash/Modify the deposition subpoena and order that the deposition proceed by remote means only, such as zoom, and that the objecting parties (that forced the need for this motion) be ordered to pay all costs (including lost earnings and reasonable attorneys' fees) associated with this motion and deposition.

                                              Respectfully submitted,

                                              Krzysztof G. Sobczak, BBO # 680813
                                              Sobczak Law
                                              619 Boylston St., Newton MA 02459
                                              58 Winter St., Suite 400, Boston MA 02459
                                              T: 617.669.6972 || F: 617.663.6037
                                              E: ksobczak@sobczaklaw.com

Dated:   March 2, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023 this document was served by electronic delivery through the CM/ECF system on the registered participants as identified on the Notice of Electronic Filing, which will forward copies to Counsel of Record.

                                              */s/ Krzysztof G. Sobczak*
                                              Krzysztof G. Sobczak, Esq.