UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

KIRA WAHLSTROM,

Plaintiff,

v.

DAVID J. HOEY, LAW OFFICES OF
DAVID J. HOEY, P.C., DON C. KEENAN,
D.C. KEENAN AND ASSOCIATES, P.C.
D/B/A THE KEENAN LAW FIRM, P.C.,
AND KEENAN'S KIDS FOUNDATION,
INC.

Defendants.

CIVIL ACTION NO.  1:22-CV-10792-RGS

---

## JAMES S. BOLAN, ESQUIRE'S MOTION TO QUASH PLAINTIFF KIRA WAHLSTROM'S DEPOSITION SUBPOENA AND FOR A PROTECTIVE ORDER WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to FRCP 45(d)(3) and 26(c), James E. Bolan, Esquire ("Attorney Bolan"), legal counsel to Defendant David J. Hoey ("Defendant Hoey"), respectfully moves to quash Plaintiff Kira Wahlstrom's ("Plaintiff" or "Ms. Wahlstrom") deposition subpoena to him and for a protective order. There is no legitimate basis for seeking the testimony of Attorney Bolan, particularly since any relevant information either was or could have been obtained from Attorney Bolan's client,  Defendant Hoey, who was deposed on February 20, 2023 and, thus, only privileged and protected information remains if sought from Attorney Bolan. The information that the Plaintiff is seeking is information they can obtain, and in some instances have already obtained, from other sources and is self-explanatory.  A deposition is plainly disproportionate to the needs of this case, an attempt to harass Attorney Bolan and interfere with the attorney-client privilege between Defendant Hoey and Attorney Bolan, and an effort to convert Attorney Bolan, his partners

101140509

and law firm into witnesses in this action so as to create a conflict of interest designed to deprive Defendant Hoey of his counsel of choice.

## INTRODUCTION & FACTS

This action was filed by the Plaintiff against her attorneys and their law firms that represented Plaintiff in an underlying premises liability action involving an incident where the Plaintiff was raped at a hotel garage ("the Underlying Action"). The Underlying Action was filed at Suffolk Superior Court, titled *Wahlstrom v. JPA IV Management Company, Inc. el al*., Docket No. 1084CV01022. In 2015, a plaintiff's verdict was obtained resulting in a total judgment of $6,650,829.58.

In this action, which comes more than seven (7) years post-verdict, and more than two years after the Plaintiff received her portion of the money, the Plaintiff alleges in her Complaint that the Defendants, Attorney David Hoey, Law Offices of David J. Hoey P.C. ("Defendant Hoey Law Office"), and Attorney Don C. Keenan and D.C. Keenan and Associates, P.C. (collectively "the Keenan Defendants"), overcharged her, deceiving her into paying improper, unearned and excessive fees and unreasonable expenses; breached their fiduciary duty to her by putting their own financial interests ahead of hers and using her trust to deceive her into paying unearned fees and fees of other attorneys for which she was not obligated to pay as well as unreasonable expenses; that the Defendants knowingly made false representations to the Plaintiff and induced her to pay more money through the signing of multiple fee agreements, plus falsely represented to the Plaintiff in their itemization that she was obligated to pay fees for attorneys for the Defendants including Attorney Bolan who is counsel for Defendant Hoey; and finally wrongfully exercised

101140509

ownership, control and dominion over the Plaintiff's funds by presenting a misleading and inaccurate itemization of fees and expenses.[1]

The Complaint pled 6 counts, namely Count I Violations of M.G.L. c.93A §9; Count II Breach of Fiduciary Duty; Count III Fraud; Count IV Conversion; Count V Demand for Accounting; and Count VI Money Had and Received against Defendant Keenan's Kids Foundation only. Attorney Bolan was only mentioned under Count III where the Plaintiff alleges that Defendant Hoey and Hoey Law's itemization (that included fees for counsel for Keenan's Kids Foundation Attorney Goren, counsel for Hoey Attorney Goganian and Attorney Bolan) was a false representation to the Plaintiff that she must pay for such fees when Defendant knew the Plaintiff was not obligated to pay these attorneys "because they had performed work on behalf of Hoey and on behalf of Keenan and not Ms. Wahlstrom." See ¶ 95 in Document 11.

Specifically, Plaintiff alleges that Defendant Hoey improperly charged to her $8,432.39 for his "long-time personal attorney" Bolan's fees in connection with defending Defendant Hoey against an attorneys' fee lien claimed by Krzysztof Sobczak, who was of counsel to Defendant Hoey for his work in the Underlying Action. Plaintiff alleges that Attorney Bolan never conferred with her or obtained her agreement for this charge, and was not retained by her.

On February 8, 2023, a deposition subpoena was served upon Attorney Bolan to take his deposition on March 16, 2023.  See **Exhibit A**. The March 16th date was continued by agreement.

---

[1] Defendant Hoey and Attorney Bolan deny all such allegations. Ms. Wahlstrom acknowledged, agreed and signed off on all fees and expenses after they were fully explained on more than one occasion.

101140509

**ARGUMENTS**

There is no legitimate basis for seeking the testimony of Attorney Bolan. It is plainly disproportionate to the needs of this case, an attempt to harass Attorney Bolan and interfere with the attorney-client privilege between Defendant Hoey and Attorney Bolan to which no exception applies, and an effort to convert Attorney Bolan, his partners and law firm into witnesses in this action so as to create a conflict of interest designed to deprive Defendant Hoey of his legal counsel of choice, and a tactic to intimidate Defendant Hoey. Moreover, whatever unprivileged information Plaintiff seeks could have been or was already obtained from Attorney Hoey during his recent deposition. Thus, what remains for the deposition of Attorney Bolan is privileged and otherwise protected. For the reasons stated in detail below, this Court should quash the deposition subpoena and issue a protective order.

## I.      Standard of Review

FRCP 45(d)(3) permits this Court to quash a subpoena that "requires disclosure or privilege or other protected mater, if no exception or waiver applies" (FRCP 45(d)(3)(iii)) and/or "subjects a person to an undue burden" (FRCP 45(d)(3)(iv)). In addition, FRCP 26(c) permits this Court, for good cause, "to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

"In addition to disrupting the adversarial system, [depositions of parties' attorneys] have a tendency to lower the standards of the profession, unduly add to the costs and time spent in litigation, personally burden the attorney in question, and create a chilling effect between the attorney and client." *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). For these reasons, it is appropriate to require the party seeking to depose an attorney to establish a legitimate

101140509

basis for requesting the deposition and demonstrate that the deposition will not otherwise prove overly disruptive or burdensome." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 17 F.R.D. 83, 85 (M.D.N.C. 1987).

"Depositions of opposing counsel are generally disfavored." *Bank of Am., N.A. v. Barnes Hill, LLC*, No. CV 16-11583-DJC, 2018 WL 10247150, at *1 (D. Mass. July 26, 2018), citing *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003). "While the Federal Rules do not prohibit the deposition of a party's attorney, experience teaches that countenancing unbridled depositions of attorneys constitutes an invitation to delay, disruption of the case, harassment, and perhaps disqualification of the attorney". *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987). Depositions of parties' attorneys are typically "both burdensome and disruptive the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed. R. Civ. P., protective order unless the party seeking the deposition can show both the propriety and need for the deposition". *Id.*

The Eighth Circuit in *Shelton v. Am. Motors Corp.* adopted a three-prong test to determine whether the deposition of a party's attorney may be taken. 805 F.2d 1323, 1327 (8th Cir. 1986). In *Bank of Am., N.A. v. Barnes Hill, LLC* this Court applied the Shelton test and stated that deposition of counsel should be limited to "where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information [other] than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Bank of Am., N.A. v. Barnes Hill, LLC*, No. CV 16-11583-DJC, 2018 WL 10247150, at *1 (D. Mass. July 26, 2018); see also *Petrosyan v. Maserati N. Am., Inc.*, No. CV 19-12425-DJC, 2020 WL 8458123, at *2 (D. Mass. Nov. 18, 2020) (noting disruptive

nature of counsel depositions of counsel, and resulting, negative effects on the operation of the legal system).

## II.   The Deposition Subpoena Seeking Attorney Bolan's Testimony Should be Quashed and a Protective Order Issued Because It is an Attempt to Invade Attorney-Client Privilege and No Exception Applies Here

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961). Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Privilege "is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure". *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888).

Here the Plaintiff's issuance of a deposition subpoena to Attorney Bolan, who is counsel to Defendant Hoey, is a clear attempt to probe into the privileged communications between Attorney Bolan and Defendant Hoey protected under the Attorney-Client privilege. Plaintiff's counsel recently deposed Defendant Hoey and made extensive inquiries surrounding Attorney Bolan's work and bills in the Underlying Action:

> Q: …On this one then we have **James Bolan** on there for $8,432.39?
> A: I see that.
> Q: And this indicate, "This was ethics counsel who consulted regarding Wilson, Sobczak, the appeal and other areas," right?
> A: Correct, that's correct.
> Q: Did you tell Kira as of this time that **Mr. Bolan** was also your personal attorney?
> A: She knew that.
> Q: She did. Before this?
> A: She did.
> Q: Okay. And to your knowledge had she met **Mr. Bolan** as of March, 2020?

6

A: As of March 2020? No. She might have met him at one of the court hearings later.

Q: And to your knowledge was there any fee agreement between Kira and **Mr. Bolan**?

A: No.

*See* page 108-109 of Defendant Hoey's deposition transcript (Emphasis added), at **Exhibit B**.

Q: And **James Bolan**, did you get Kira's agreement to pay his legal fees prior to incurring them?

A: Yes and no. So you'll see correspondence in the discovery where I'm telling her that Amy, Patty, myself and **Mr. Bolan** are working collectively as a team to do X, Y, Z.

Q: And does…I'll see that in the emails?

A: You will.

*See* page 114 of Defendant Hoey's deposition transcript (Emphasis added), at **Exhibit B.**

Q: Now, Exhibit 48, do you recognize this as an affidavit of **James Bolan**, Esq, that was filed in support of a motion for costs and fees on behalf of Kira Wahlstrom against Mr. Sobczak?

A: That's right.

Q: And Paragraph 3 says, "I was consulted on behalf of the Law Offices of David J. Hoey, P.C., and David J. Hoey for the benefit of Ms. Kira Wahlstrom due to Mr. Sobczak's allegations relating to certain conduct by my client, David Hoey, who represents Kira Wahlstrom."

A: That's correct.

…

Q: And then this indicates that **Mr. Bolan**'s office billed his legal services to you and then you were reimbursed by Kira; is that accurate?

A: I'd have to match, but I think so.

Q: And it has his billings attached?

A: Yeah. The redactions would be unrelated things.

See pages 256-257 of Defendant Hoey's deposition transcript (Emphasis added), at **Exhibit B**.

Any relevant information could have been and has been sought from Defendant Hoey during his deposition and, thus, only privileged and protected information remains if sought from Attorney Bolan.

101140509

**III.     The Deposition Subpoena Should be Quashed and a Protective Order Issued Because the Deposition Sought is Unduly Burdensome, Disproportional to the Needs of This Case, and an Effort to Create a Conflict of Interest Designed to Deprive Defendant Hoey of his counsel of choice**

As previously stated, depositions of parties' attorneys are typically "both burdensome and disruptive the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c) protective order, unless the party seeking the deposition can show both the propriety and need for the deposition. Here the taking of Attorney Bolan's deposition is disproportional to the needs of this case and is unduly burdensome, as the thrust of Plaintiff's only allegation that is related to Attorney Bolan is that she should not pay for the itemized bills that included legal fees charged to Defendant Hoey.  Attorney Bolan never represented Plaintiff and never billed her (all of his charges were to Defendant Hoey).

This Court has adopted the *Shelton* test in its *Bank of Am., N.A.* decision which limits the taking of a party's counsel's deposition to where the party seeking to take the deposition has shown (1) no other means exist to obtain the information [other] than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."  *Bank of Am., N.A. v. Barnes Hill, LLC*, No. CV 16-11583-DJC, 2018 WL 10247150, at *1 (D. Mass. July 26, 2018). Here the Plaintiff cannot meet any prong of the three-pronged test adopted by this Court.  For prong 1, the itemization of Attorney Bolan's legal fees which the Plaintiff contends should not be charged to her <u>are already in her possession</u>. Moreover, in February 2023 Plaintiff took the deposition of Defendant David Hoey during which she had a full and complete opportunity to examine him about Attorney Bolan's services and invoices.   Therefore, there are other means to obtain information other than to depose Attorney Bolan. For prong 2, as discussed in Argument I, the communications between Attorney Bolan and Defendant Hoey are privileged and no exception applies.  For prong 3, the Plaintiff has not and

8

cannot offer any explanation for why Attorney Bolan's deposition is crucial to the preparation of the case other than she would *prefer* to obtain some information directly from Attorney Bolan and her time at Defendant Hoey's deposition was limited.

Additionally, the Plaintiff's deposition subpoena for the taking of Attorney Bolan's deposition does not limit the scope of the deposition in any way, despite the fact that the allegations that are related to Attorney Bolan's invoices are limited solely to Plaintiff's payment responsibility. The issuance of this subpoena appears to be an effort to convert Attorney Bolan, his partners and law firm into witnesses in this action so as to create a conflict of interest designed to deprive Defendant Hoey of his counsel of choice. This directly reflects the concern of the Court in *Shelton* that allowing the deposition of a party's attorney tends to personally burden the attorney in question, and create a chilling effect between the attorney and client.

In light of these facts and the absence of any legitimate basis to depose Attorney Bolan, the Court should quash Plaintiff's deposition subpoena and issue a protective order.

## <u>CONCLUSION</u>

Because there is no legitimate basis to take Attorney Bolan's deposition, this Court must quash Plaintiff's deposition subpoena and issue a protective order.

9

101140509

Respectfully submitted,

JAMES S. BOLAN

By His Attorneys,


/s/ Alan E. Brown
_____

Alan E. Brown, BBO #665203
abrown@morrisonmahoney.com
Yixian (Veronica) Du, BBO #708709
vdu@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-342-4944


## LOCAL RULES 7.1(a)(2) and 37.1 CERTIFICATE

I, Alan E. Brown, hereby certify that I had conferred with Plaintiff's counsel, Bridget Zerner, during two telephone conferences, on March 10, 2023 (18 minutes) and March 14, 2023 (8 minutes), in good faith seeking to narrow the issues addressed in this Motion.

March 23, 2023                                   /s/ Alan E. Brown
                                                 _____
                                                 Alan E. Brown


## REQUEST FOR ORAL ARGUMENT

Attorney Bolan respectfully requests a hearing on this motion.

10

101140509

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 23, 2022

*/s/ Yixian (Veronica) Du*
Yixian (Veronica) Du

11

101140509