UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KIRA WAHLSTROM,

  *Plaintiff*

v.

DAVID J. HOEY, LAW OFFICES OF
DAVID J. HOEY, P.C., DON C. KEENAN,
AND D.C. KEENAN & ASSOCIATES, P.C.
D/B/A THE KEENAN LAW FIRM, P.C.

  *Defendant*

1:22-cv-10792-RGS

**DEFENDANTS DAVID J. HOEY AND THE LAW OFFICES OF DAVID J. HOEY,
P.C.'S OPPOSITION TO NON-PARTY WITNESS'S SECOND MOTION FOR
PROTECTIVE ORDER REGARDING DEPOSITION**

NOW COME the Defendants, David J. Hoey and the Law Offices of David J. Hoey, P.C. (collectively the "Hoey Defendants") and submit this opposition to the Second Motion for Protective Order Regarding Deposition filed by non-party Krzysztof G. Sobczak, Esq., and Memorandum in Support.  Mr. Sobczak's request that the Defendants should not have access to the video recording of his deposition has no basis in fact or law, and his motion should be denied. Mr. Sobczak seeks once again to be treated differently than any other witness or deponent.  Despite his incorrect claims of "lack of any notice" and "no notice," the Hoey Defendants' Cross-Notice of Deposition of Krzysztof G. Sobczak, Esq. ("Cross-Notice"), reflecting that the deposition would be audio-visually recorded, was emailed to Mr. Sobczak on March 3, 2023 – 18 days before his deposition.[1] See Exhibit A, March 3, 2023 Email to Mr. Sobczak with Cross-Notice. A copy was

---

[1] Mr. Sobczak's claim that the notice sent on March 3 was sent to "Defendants' firm only" is simply incorrect and without basis (and is frankly non-sensical).  See Exhibit B.

also served on counsel for all parties to the case on the same day. See Exhibit B. The Cross-Notice was served *prior* to the Hoey Defendants' opposition to Mr. Sobczak's Motion for Limited Protective Order Regarding Deposition ("Motion for Limited Protective Order").  Notably, in their March 6 opposition to Mr. Sobczak's Motion for Limited Protective Order, the Hoey Defendants explicitly stated that they have cross-noticed Mr. Sobczak's deposition putting Mr. Sobczak on further notice that his deposition had already been cross-noticed.

On March 20, 2023, the day before his deposition, Mr. Sobczak received the Court reporter information for his deposition, which reflected that the deposition was going to be audio-visually recorded.  See Exhibit C.  On the morning of his deposition, he received the anticipated exhibits from counsel for Ms. Wahlstrom, which forwarded the e-mail from the Court reporter, reflecting that the deposition was going to be audio-visually recorded.  See Exhibit D.

Between March 3 and March 21, 2023 (his deposition date), Mr. Sobczak failed to raise any objection to the Cross-Notice.  Mr. Sobczak could also have raised objection after receiving the email from the Court reporter on March 20, allowing the parties that day to address his objection.  Instead, he waited until right before his deposition was to start, on March 21, to object, claiming that the subpoena made no mention of audio-visual recording.  In objecting prior to his deposition, Mr. Sobczak made wholly inappropriate and incorrect statements to and about undersigned counsel and her firm, off the record.

Mr. Sobczak's claims that the Hoey Defendants should have raised their intention to videotape his deposition at the Rule 7.1 conference concerning his objection to appearing in person or in their opposition to his first motion are without basis.  The dispute which precipitated the Rule 7.1 conference was Mr. Sobczak's objection to appearing in person.  Irrespective, the Cross-Notice was served after the conference and prior to the Hoey Defendants' March 6 opposition, and Rule

30(b)(3)(B) allows a party to designate another method for recording.  Mr. Sobczak is looking to create a new improper standard, just for him – his motion and his conduct should not be permitted.

In short, Mr. Sobczak's videotaped deposition was properly and timely noticed.  There are no good grounds to preclude the parties from having access to and use of the video recording in the normal course, as with any other videotaped deposition in any other case.  Mr. Sobczak's motion should be denied.  In further support of the foregoing, the Hoey Defendants state as follows:

## I.   BACKGROUND

1. On March 2, 2023, Mr. Sobczak filed his Motion (and Memorandum) for Limited Protective Order Regarding Deposition ("Motion for Limited Protective Order").  See Docket Nos. 55 and 56. On the same day, Plaintiff filed her response. See Plaintiff's Non-Opposition to Non-Party Witness Krzysztof Sobczak's Motion [Docket No. 57].

2. On March 3, 2023, the Keenan Defendants filed their opposition to Mr. Sobczak's Motion for Limited Protective Order. See Docket No. 59.  Also, on March 3, 2023, the Hoey Defendants filed their Notice of Intent to Oppose Mr. Sobczak's Motion for Limited Protective Order ("Notice") by March 6, 2023. See Docket No. 58.

3. On March 3, 2023, the Hoey Defendants served their Cross-Notice of Deposition of Krzysztof G. Sobczak, Esq. on Mr. Sobczak and counsel in two separate emails. See Exhibits A and B. The Cross-Notice stated that the deposition would be audio-visually recorded. See Exhibit A.

4. The Hoey Defendants filed their opposition to Mr. Sobczak's Motion for Limited Protective Order on March 6, 2023. See Docket No. 60.

5. Shortly thereafter, this Honorable Court granted Mr. Sobczak's Motion for Limited Protective Order, allowing his deposition to proceed remotely. See Judge Richard G. Stearns' Electronic Order dated March 6, 2023 [Docket No. 61].

6. On March 20, 2023, at 10:01 a.m., Dunn Reporting Services, Inc. ("Dunn Reporting") sent an email to counsel and Mr. Sobczak entitled "AV Zoom Deposition of Krzysztof Sobczak." See Exhibit C, March 20, 2023 Email. The email included a Zoom link for the March 21, 2023 deposition and, in bold, stated the topic "AV Deposition of Krzysztof Sobczak." Id.

7. On March 21, 2023, prior to the start of Mr. Sobczak's deposition, Plaintiff's counsel forwarded the exhibits she intended to use to Mr. Sobczak, the stenographer and counsel. See Exhibit D, March 21, 2023 Email. Notably, she replied to the email that Dunn Reporting previously sent and, thus, used the same subject line, "AV Zoom Deposition of Krzysztof Sobczak."

8. Mr. Sobczak's deposition was scheduled to start at 9:30 a.m.; however, right before the start of the deposition, Mr. Sobczak objected to proceeding by video, claiming, in part, that it was never noticed by video. As a result, he was forwarded the previous March 3, 2023 email serving the Cross-Notice which he claimed he had never received.  Due to the dispute, efforts were made by the Hoey Defendants to contact this Court to obtain a ruling on an emergency basis on whether the deposition of Mr. Sobczak may be video-recorded. See Exhibit E, March 21, 2023 Email to Clerk.

9. While waiting to hear back from the Court, Mr. Sobczak and the parties agreed to proceed with his videotaped deposition with the condition that the only entity maintaining the

recording was Dunn Reporting pending a ruling by the Court on Mr. Sobczak's anticipated Motion for a further Protective Order.

10. At approximately 10:53 a.m., the undersigned counsel received a call from the Clerk. In part, the Clerk indicated that she talked to Judge Stearns, and that the deposition should proceed via video. However, because Mr. Sobczak believed that this may not have been based on accurate facts given by undersigned, he requested that the deposition proceed pursuant to the stipulation.[2] Undersigned counsel disagreed that a misrepresentation had been made but agreed to proceed with the original stipulation and understood that Mr. Sobczak intended to move for a protective order.

## II.    ARGUMENT

When warranted, objections to the nonstenographic recording of a deposition may be presented to the court under Fed. R. Civ. P. 26(c). See Fed. R. Civ. P. 30, Notes of Advisory Committee on 1993 amendments. Under Fed. R. Civ. P. 26(c), this Court may, "for good cause, issue an order to protect a… person from annoyance, embarrassment…or undue burden or expense[.]" Id. Rule 26(c) provides this Court with broad discretion "to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). The party or person seeking a protective order, here Mr. Sobczak, bears the burden of demonstrating good cause. Hardy v. UPS Ground Freight, Inc., Civil Action No. 17-30162-MGM, 2018 U.S. Dist. LEXIS 216499, at *6 (D. Mass. Dec. 27, 2018); see also Gill v.

---

[2] In that regard, Mr. Sobczak's claim that undersigned counsel made misrepresentations to the Clerk when calling about seeking potential Court intervention prior to the deposition, is incorrect. Mr. Sobczak knew that counsel placed the call. His objection, position and conduct off the record before the deposition, including threatening criminal prosecution against undersigned counsel if she proceeded, precipitated the need for the call. It was only after the call was placed that Mr. Sobczak agreed to the compromise reached at his deposition concerning the video recording. Further, Mr. Sobczak repeated some of his outrageous, unfounded and incorrect statements about undersigned's firm and colleague on the record, including that counsel's firm somehow had manipulated evidence (statements known to him to be inaccurate).

Gulfstream Park Racing Ass'n, 399 F.3d 391, 402 (1st Cir. 2005) (good cause is a flexible standard requiring "'an individualized balancing of the many interests that may be present in a particular case.'") (citation omitted). To establish good cause, the movant must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (quotations and citation omitted).

Mr. Sobczak's request that this Court order that Defendants not be allowed access to the video recording of his deposition is without basis in fact or law.[3]  The Defendants timely and properly served the notice on March 3, 2023, long before Mr. Sobczak's deposition, and Mr. Sobczak received further notice via the Court reporter information.  His conclusory and unfounded allegation that somehow the Defendants may improperly alter or use the video is without basis and does not in any event amount to good cause warranting his request.[4]

Mr. Sobczak's behavior and tone at deposition do not come across on paper,[5] and his credibility is at issue in this case, for the reasons noted in the Opposition to his first motion for

---

[3] Mr. Sobczak claims that he sought to reach agreement via "Rule 7.1 Conferences" with counsel and was somehow forced to seek court intervention.  The Hoey Defendants note that Mr. Sobczak made different purported proposals, changing the parameters of the proposals, neither of which would be deemed acceptable in light of Mr. Sobczak's lack of proper basis for making the requests in the first place. Thus, immediately following the completion of Mr. Sobczak's deposition, while still on zoom, he proposed that the parties could use the video for this case and the O'Toole case. Then, on March 24, 2023, Mr. Sobczak altered his proposal, stating that the parties would have to stipulate and agree that the video would be treated as Attorney Eyes Only (with no client access), for this case only, if necessary, but which video would have to be destroyed when the case was over.

[4] Mr. Sobczak's allegation that Mr. Hoey secretly records depositions is entirely without merit and completely uncalled for.  Mr. Sobczak sought and seeks to create a false record, by objecting to proceeding with his deposition unless all counsel stated on the record that they would not secretly record the deposition.  Counsel, at the deposition, all agreed to make the statement and undersigned counsel, trying to move the process along, stated on the record "I'm at 260 Franklin Street in Boston with me in the room is Attorney John Liberty, an attorney with my firm, and Attorney David Hoey. I can represent that none of us are recording this deposition by any other means, and I am doing so at the request, as I understand it, of the witness to confirm that." See Exhibit F, Dep. of Sobczak, 5:24-6:11.  This type of behavior by Mr. Sobczak should not be rewarded or condoned.

[5] The Hoey Defendants cannot provide a link or copy of the video to this Court, as it remains in Dunn Reporting's possession and the defendants do not have a copy.

protective order.[6] Not to mention that Mr. Sobczak has a clear bias against Mr. Hoey, as demonstrated by the multiple lawsuits he has filed against him, and he continues to attack him as was done in the motion filed. The video of his deposition is of utmost importance, including to be shown at trial. His claim that somehow Attorney Hoey cannot be trusted to not alter the video favors keeping and using the video, as there could be no argument that somehow his testimony was altered. If this Court allows the parties to have access to the video, the Hoey Defendants agree for Mr. Sobczak to receive a copy directly from the videographer, free of charge to him, so that he cannot claim that counsel or Mr. Hoey altered the video. Finally, it should go without saying that his claims of alleged improper conduct vis-à-vis Attorney Hoey are not at issue here, as Attorney Hoey is not counsel of record.

Fed. R. Civ. P. 30(b)(3)(B) provides that "[w]ith prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise. Fed. R. Civ. P. 30(b)(3)(b). The Notes of Advisory Committee on 1993 amendments further explained Rule 30(b)(3)(B) by stating "Paragraph (3) provides that other parties may arrange, at their own expense, for the recording of a deposition by a means (stenographic, visual, or sound) in addition to the method designated by the person noticing the deposition." Fed. R. Civ. P. 30.

Here, the Hoey Defendants complied with Rule 30(b)(3)(B). As stated above, on March 3, 2023, the Hoey Defendants properly cross-noticed Mr. Sobczak's deposition for March 21, 2023,

---

[6] Mr. Sobczak filed an improper lien against Kira Wahlstrom, which was dismissed and the Appeals Court affirmed in March 2023 holding that Mr. Sobczak "was not a party to the Hoey contingency fee agreement and had no enforceable rights under it[]" and "Mr. Sobczak has not provided any support for the claim that he added value to the case during [the time he was working directly for the plaintiff]." See K.W. v. Laz Parking Limited, LLC, & others, 21-P-626, Memorandum and Order Pursuant to Rule 23.0 dated March 31, 2023.

which indicated their intent to record his deposition audio-visually. See Exhibit A. The Hoey Defendants' counsel provided a copy of the Cross-Notice to Mr. Sobczak via email on March 3, 2023, and a copy was also sent to counsel. See Exhibits A and B. The Hoey Defendants arranged with Dunn Reporting to audio-visually record Mr. Sobczak's Zoom deposition. As a result, on March 20, 2023, Dunn Reporting sent an email to Mr. Sobczak and counsel notifying the parties of the "AV Zoom Deposition of Krzysztof Sobczak." See Exhibit C.

Moreover, to the extent that Mr. Sobczak continues to claim that he did not receive the March 3, 2023 email with the Cross-Notice, such would not warrant the relief requested.  The claim is subject to scrutiny in any event.  Mr. Sobczak and undersigned counsel's office have exchanged emails and somehow this appears to be the only one which Mr. Sobczak claims he did not receive. It is incumbent upon him to check all of his e-mails, including his junk or deleted folders.[7]  Further, it is clear from his deposition transcript that Mr. Sobczak seeks to manipulate. Setting aside his unfounded request that counsel state on the record that they were not recording his deposition, he stated his full name was Krzysztof Drago Sobczak, while he previously identified himself at a deposition in different proceeding as "Krzysztof Grzegorz Sobczak". See Exhibit F, Dep. of Sobczak, 11:2-4.

### III.    CONCLUSION

Krzysztof G. Sobczak has failed to establish good cause justifying that the Defendants not be allowed access to the video recording of his deposition.  Mr. Sobczak's belief that he is entitled to special treatment should not be condoned.  For the reasons set forth herein, all parties should be allowed to access and use the videotape recording of Mr. Sobczak in the normal course, as would be the case for any other videotaped deposition.

---

[7] Notably, ksobczak@sobczaklaw.com is the listed email address in his signature block – the email address used by undersigned counsel's office.

Respectfully submitted,

Defendants,
David J. Hoey and
Law Offices of David J. Hoey, P.C.,

By their attorneys,

/s/ Christine A. Knipper
Christine A. Knipper, BBO # 652638
Christine.Knipper@wilsonelser.com
John P. Liberty, BBO # 703627
John.Liberty@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker
260 Franklin Street, 14th Fl.
Boston, MA  02110
Tel:  617.422.5300

## CERTIFICATE OF SERVICE

I, Christine A. Knipper, hereby certify that on April 28, 2023, the foregoing document was served on the following counsel of record via ECF and Attorney Sobczak via email and ECF:

Bridget A. Zerner, Esq.
John J.E. Markham II, Esq.
Markham Read Zerner LLC
11A Commercial Wharf West
Boston, MA 02110
617-523-6329
bzerner@markhamreadzerner.com
jmarkham@markhamreadzerner.com

Susan M. Silva, Esq.
John J. O'Connor, Esq.
Peabody & Arnold, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
617-951-2100
ssilva@peabodyarnold.com
joconnor@peabodyarnold.com

Danni L. Shanel, Esq.
William M. Taylor, Esq.
Troutman Pepper Hamilton Sanders
125 High Street, 19th Floor
Boston, MA 02114
702-816-7811
danni.shanel@troutman.com
william.taylor@troutman.com

Krzysztof G. Sobczak, Esq.
Sobczak Law
619 Boylston St., Newton, MA 02459
58 Winter St., Suite 400, Boston, MA 02459
617-669-6972
ksobczak@sobczaklaw.com

*/s/ Christine A. Knipper*
Christine A. Knipper

10