Pages: 1-214
Exhibits: 1-11

UNITED STATES DISTRICT
DISTRICT OF MASSACHUSETTS

KIRA WAHLSTROM,
    Plaintiff

VS.                    NO. 1:22-CV-10792-RGS

DAVID J. HOEY, LAW OFFICES OF
DAVID J. HOEY, P.C., DON C. KEENAN
AND D.C. KEENAN & ASSOCIATES, P.C.,
D/B/A THE KEENAN LAW FIRM, P.C.,
    Defendants

    AUDIO-VIDEO ZOOM DEPOSITION OF

KRZYSZTOF G. SOBCZAK, a witness located at

619 Boylston Street, Newton, Massachusetts,

called by and on behalf of the Plaintiff,

Kira Wahlstrom, pursuant to the provisions

of the Rules of Civil Procedure, before

Joan Applegate, a Certified Shorthand

Reporter and Notary Public in and for the

Commonwealth of Massachusetts, on Tuesday,

March 21, 2023 commencing at 10:04 a.m.

## Page 2

```
 1    APPEARANCES BY ZOOM:
 2
 3    Christine A. Knipper, Esq.
      John Liberty, Esq.
 4    Wilson, Elser Moskowitz Edelman & Dicker LLP
      260 Franklin Street, 14th Floor
 5    Boston MA 02110
      Christine.Knipper@wilsonelser.com
 6    On behalf of the Defendants,
      David J. Hoey and Law Offices of
 7    David J. Hoey, P.C.;
 8
 9    Bridget A. Zerner, Esq.
      Markham Read Zerner LLC
10    One Commercial Wharf West
      Boston MA 02110
11    Bzerner@markhamreadzerner.com
      On behalf of the Plaintiff,
12    Kira Wahlstrom;
13
14    John J. O'Connor, Esq.
      Peabody & Arnold LLP
15    Federal Reserve Plaza
      600 Atlantic Avenue
16    Boston MA 02210
      Joconnor@peabodyarnold.com
17    On behalf of the Defendant,
      Don C. Keenan and the Keenan Law Firm;
18
19
      William Taylor, Esq.
20    Troutman Pepper Hamilton Sanders
      125 High Street, 19th Floor
21    Boston MA 02114
      Williamtaylor@troutman.com
22    On behalf of the Keenan Kids Foundation;
23
24
```

## Page 3

```
 1    APPEARANCES BY ZOOM:
 2
      Krzysztof G. Sobczak, Esq., Pro se
 3    58 Winter Street, Suite 400
      Boston MA 02108
 4    ksobczak@kgxs.com
 5
      ALSO PRESENT BY ZOOM:
 6
      Cameron Dunn, Videographer
 7    Dunn Reporting Services, Inc.
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

## Page 4

```
 1              I N D E X
 2    DEPONENT
 3    Krzysztof G. Sobczak
 4    EXAMINATION                         PAGE
 5    (By Ms. Zerner)                   10, 200
 6    (By Ms. Knipper)                  114, 209
 7    (By Mr. O'Connor)                    185
 8    (By Mr. Taylor)                      190
 9
10              E X H I B I T S
11    NO.       DESCRIPTION              PAGE
12    1    2010 Fee Agreement             28
13    2    2010 Referral Agreement        32
14    3    2015 Consulting Fee Agreement  39
15    4    Fee and Expense Breakdown      42
16    5    Lewis Brisbois Invoice         63
17    6    E-mail Chain                   72
18    7    E-mail Chain                   73
19    8    Contract for Legal Representation 79
20    9    Affidavit                      82
21    10   Mass. BBO Printout            125
22    11   Three pages of Frederic Halstrom 174
23         Deposition
24
```

## Page 5

```
 1            P R O C E E D I N G S
 2         THE VIDEOGRAPHER:  We are on the
 3    record.  This is the beginning of Media No. 1
 4    in the deposition of Krzysztof Sobczak in
 5    the matter of Kira Wahlstrom Vs. David Hoey,
 6    Law Offices of David J. Hoey, et als. in the
 7    United States District Court for the District
 8    of Massachusetts, Case No: 122-CV-10792-RGS.
 9         This deposition is taking place with
10    Zoom video conference with all participants
11    attending remotely from various locations on
12    March 21, 2023 at 10:04 a.m.
13         The court reporter is Joan
14    Applegate, I am Cameron Dunn, the
15    videographer, on behalf of Dunn Reporting
16    Services, Incorporated.  This deposition is
17    being audio and video recorded at all times
18    unless specified to go off the record.
19         Would all present please identify
20    themselves and would the reporter please
21    swear in the witness.
22         MS. ZERNER:  Good morning.  This is
23    Bridget Zerner for Plaintiff, Kira Wahlstrom.
24         MS. KNIPPER:  Good morning,
```

Page 6

1  Christine Knipper for the Defendants,
2  Attorney Hoey and the Law Offices of David
3  Hoey. I'm at 260 Franklin Street in Boston,
4  and with me in the room is Attorney John
5  Liberty, an attorney with my firm, and
6  Attorney David Hoey.
7       I can represent that none of us are
8  recording this deposition by any other means,
9  and I am doing so at the request, as I
10 understand it, of the witness to confirm
11 that.
12      MR. TAYLOR: Hi, good morning. This
13 is William Taylor here from the Law Firm of
14 Troutman Pepper. We represent the Keenan
15 Kids Foundation in this litigation, and as
16 Attorney Knipper just referred to, there was
17 a request from the witness today to confirm
18 that there's no other recording methods going
19 on. There's none other, no recording methods
20 going on on my behalf or pursuant to my
21 direction, and there's nobody else in my
22 office other than me, and to my knowledge
23 there is nobody else from my -- appearing on
24 behalf of my client -- no. There's nobody

Page 7

1  else appearing on behalf of my client.
2       MR. O'CONNOR: Jack O'Connor. I
3  represent Don Keenan and the Keenan Law Firm,
4  and I make the same silly representation that
5  the witness has asked all of the lawyers to
6  make here today.
7       MS. ZERNER: Oh, go ahead,
8  Mr. Sobczak. I was going to put the issue
9  on record, but if you want to say something
10 first, go ahead.
11      MR. SOBCZAK: I was going to finish
12 the introduction and put my objection on the
13 record. I am Chris Sobczak, I am the non-
14 party subpoenaed witness here who received a
15 subpoena for this deposition in January of
16 this year in which the only method of
17 recording was notified as stenographer.
18      Subsequently, there was issues in
19 this case as to certain parties that are
20 currently still refusing to put their video
21 on, objecting to this being done by Zoom.
22 Therefore I should request a 71 conference,
23 motion practice ensued and Court allowed this
24 deposition to be done by Zoom.

Page 8

1       Subsequently, today I learned that
2  the same party is requesting that this to be
3  video-recorded of which I received no notice
4  until today. I just received an e-mail from
5  one of the defendant's counsel that allegedly
6  was sent to me a couple of weeks ago, but
7  sent to no other party in this case or no
8  other lawyers the same e-mail. Therefore, I
9  will be seeking a protective order concerning
10 this video and any other recording given the
11 history of the party and some lawyers
12 involved of modifying and manipulating other
13 evidence.
14      But we will proceed subject to the
15 stipulation that was agreed, that for time
16 being until Court rules on my motion for
17 protective order, which I will be requesting
18 a conference for once it's completed, will be
19 addressed by the Court, and the only party
20 maintaining the recordings are the commercial
21 third parties, Dunn Reporting Services and
22 the court reporter.
23      MS. ZERNER: Okay, Mr. Sobczak. Do
24 you want to add in Chris, Miss Knipper?

Page 9

1       MS. KNIPPER: Yes. We cross-noticed
2  the deposition on March 3. We sent it to
3  Mr. Sobczak. We also sent the cross-notice
4  of deposition to all the other counsel of
5  record. We received no objections from
6  Mr. Sobczak to our cross-notice of
7  deposition, and the fact that it was videoed.
8  As was discussed extensively off the record,
9  we reached out to the clerk and sent an
10 e-mail for a ruling on whether or not it can
11 be videoed in the interim. It is being
12 videoed with the assent of Mr. Sobczak, but
13 the court reporter will hold onto the video
14 until there's a ruling.
15      And I will also just say we
16 disagree, lest our silence be misconstrued,
17 with Mr. Sobczak's very handed accusations
18 that are being made.
19      MR. SOBCZAK: And I guess, just to
20 correct the record, since we are on the
21 record, it's not with assent. I do not
22 assent or consent to this audio-video
23 recording. I am proceeding in a good faith
24 effort to -- so we don't waste any more

## Page 10

1    time until further ruling by the Court,
2    since I was ready to start at 9:25 to
3    complete this deposition, and it was the
4    defendant's failure to notice this and
5    properly serve the subpoena that's causing
6    all this extra delay.
7         MS. ZERNER: Okay. Again, Bridget
8    Zerner for the plaintiff. I'm not recording
9    this in any way, and as I alerted everyone
10   off the record, my law student that is
11   working for our firm, Meaghan Lamar may join
12   just to observe the deposition and I'll alert
13   you call when she enters the room, if she
14   does.
15        All right. Is everybody ready to
16   go?
17        KRZYSZTOF G. SOBCZAK, a witness
18   called for examination by counsel for the
19   Plaintiff, being first duly sworn and
20   properly identified, was examined and
21   testified as follows:
22          E X A M I N A T I O N
23   BY MS. ZERNER:
24   Q. Good morning, Mr. Sobczak.

## Page 11

1    A. Good morning.
2    Q. Could you state your full name for the
3       record.
4    A. Krzysztof Drago Sobczak.
5    Q. And can you -- where are you appearing from
6       today?
7    A. I am in my home office in Newton,
8       Massachusetts.
9    Q. All right.
10        And are you a solo practitioner?
11   A. I am.
12   Q. How long have you been practicing law?
13   A. Since 2010.
14   Q. How long have you been a solo practitioner?
15   A. I went out on my own full-time in I believe
16      2017. Prior to that, I worked for two other
17      firms. I had some of my own cases on the
18      side as well.
19   Q. And what were the two other firms you worked
20      for?
21   A. Out of law school I worked for Halstrom Law
22      Offices in Boston, and subsequently I worked
23      for the Law Office of David J. Hoey, P.C.
24   Q. And the first law firm you mentioned, during

## Page 12

1    what period of time did you work for them?
2    A. I started working for them while I was still
3       in law school, so I believe 2008, 2009,
4       2010 time frame. I don't remember my exact
5       date of hire, but it was as a law clerk, and
6       upon graduation I worked for them full-time.
7       Upon being sworn in in Massachusetts Bar, I
8       worked for them full-time as an attorney for
9       approximately three years.
10   Q. And so what year did you start working for
11      Hoey Law?
12   A. I believe in 2013 or '14. Probably '14.
13   Q. And so did I hear correctly that you worked
14      for Hoey Law from 2014 to some point in
15      2017?
16   A. That's very likely, yes.
17   Q. And what position were you hired for by Hoey
18      Law?
19   A. Initially I was hired as a trial attorney
20      with what Mr. Hoey called trial basis because
21      he had a couple of medical malpractice trials
22      going to trial, and neither he nor any of the
23      other lawyers in his office were willing or
24      wanted to try it, so I said I'll try him.

## Page 13

1    After a short trial period, I pretty much
2    came in as a full-time trial attorney, and
3    then continued as his head of litigation
4    department until we separated sometime in I
5    believe early 2017.
6    Q. And I believe I've seen e-mails where your
7       signature lines says Director of Litigation
8       Department?
9    A. Yes.
10   Q. Is that what you --
11   A. Sorry, I apologize.
12   Q. That's okay. Is that what you were referring
13      to when you said "head of litigation
14      department"?
15   A. Yes. From the beginning our arrangement was
16      unique because Mr. Hoey didn't have any
17      benefits for his employees, so I was paid as
18      a 1099 as opposed to a W-2 employee. But
19      upon, I guess, advice from his mentor,
20      Mr. Keenan, he told him that it doesn't look
21      good if the people that work for you don't
22      seem like they work for you, so he re-branded
23      and changed letterheads multiple times. At
24      some point he decided to break up the firm

Page 214

1  COMMONWEALTH OF MASSACHUSETTS
2  COUNTY OF ESSEX
3
4         I, Joan Applegate, a Certified
   Shorthand Reporter and Notary Public in and
5  for the Commonwealth of Massachusetts, do
   hereby certify that the foregoing deposition
6  was taken before me on the date herein before
   set forth; that the witness named in the
7  deposition, prior to being examined, was by
   me first duly sworn; that said deposition was
8  taken before me at the time and place herein
   set forth, and was taken down by me in
9  shorthand and therefore after transcribed
   into typewriting under my direction and
10 supervision; that said deposition is a true
   record of the testimony given by the witness
11 and of all objections made at the time of the
   examination.
12
13        I further certify that I am neither
   counsel for nor related to any party to said
14 action, nor in any way interested in the
   outcome thereof.
15
16        IN WITNESS HEREOF, I have subscribed
   my name and affixed my seal this 10th day of
17 April, 2023.
18
19
                _____
20                    Joan Applegate
                 Certified Shorthand Reporter
21                    Notary Public
22
23
   My commission expires:
24 March 3, 2028.