# Exhibit A

## MASSACHUSETTS CONTINGENT FEE AGREEMENT
### (TO BE EXECUTED IN DUPLICATE)

Date: February 2, 2010

The Client:

| Kira Wahlstrom | 1 Whittier Place | Haverhill, MA 01832 |
|---|---|---|
| (Name) | (Street and Number) | (City or town) |

retains as "Attorney" the Law Offices of David J. Hoey, P.C. with an address of 352 Park St, Suite 105, North Reading MA 01864 and Austin S. O'Toole, Esquire with an address of 18 Tremont Street, Suite 1010, Boston, MA 02108 to perform the legal services referred to in Paragraph (1) below. The Attorney agrees to perform them faithfully and with due diligence.

(1) The claim, controversy, and other matters with reference to which the services are to be performed are: *premises liability and injuries received on or about May 1, 2009 in the Radisson parking garage*

(2) The fee is to be paid only upon recovery.

(3) The Client is not to be liable to pay compensation otherwise than from amounts collected for (him) / (her) by the Attorney except as follows: none.

(4) Reasonable compensation on the foregoing contingency is to be paid by the Client to the Attorney, but such compensation including that of any associated counsel shall be the following percentage of the gross amount collected for the client.

      33.3% of the gross amount recovered;

(5) The Client is to be liable to the attorney for his reasonable expenses and disbursements only if there is a favorable disposition of the legal matter. In the event of a favorable disposition, expenses and disbursements will be deducted after the contingent fee is calculated. The Client acknowledges and agrees that the attorney may borrow funds from time to time to pay certain of the costs associated with pursuing and litigating the case and agree that, in addition to reimbursing the attorney for the amount of such costs, the client also will reimburse the attorney for any interest charges and related expenses the attorney incurs in connection with such borrowings.

The client acknowledges the following with respect to (his) (her) legal representation by the Attorney:

a) It is understood and agreed by the Client that the Client has been referred to and that any fee to be paid pursuant to a matter referred to in Paragraph (1), above, is to be divided in part with AUSTIN S. O'TOOLE, ESQUIRE, pursuant to the applicable provisions of the Code of Professional Responsibility as the same is in force in Massachusetts as Rule 3:08 of the Supreme Judicial Court.

b) AUSTIN S. O'TOOLE, ESQUIRE will receive periodic reports from the Attorney concerning the progress and disposition of the matter referred to in Paragraph (1) above. However, representation of the Client is to be undertaken by the Attorney and not the firm of AUSTIN S. O'TOOLE, ESQUIRE, personally. All questions, comments, inquiries and correspondence and the like concerning the legal matter which is the subject of this Agreement is to be directed to the Attorney and not to AUSTIN S. O'TOOLE, ESQUIRE, personally.

(6) In the event that the Law Offices of David J. Hoey, P.C. makes a recommendation regarding the pursuit of the claim including that a claim not be pursued or that the claim should be settled or that the claim may be dismissed and the Client refuses to accept the recommendation by the Law Offices of David J. Hoey, P.C., the Client agrees to pay all costs and expenses as incurred from that time forward, payable in advance. If the client fails or refuses to pay any such costs or expenses, the Client agrees that the Law Offices of David J. Hoey, P.C. may, at its option, withdraw from representation if permitted by the court to dismiss the claim.

(7) This fee agreement applies to all services rendered in pursing the above referenced claim, but not to matters ancillary to the above claims, such as probate court proceedings, guardianships and trusts or estate services, resolutions of Medicare liens and Medicaid claims.

a) We understand that current law and regulations regarding Medicare, Medicaid or private health insurance plans (healthcare providers) may require all parties involved in this matter (client, law firm defendant, and any insurance companies) to compromise, settle, or execute a release of healthcare providers' separate claim for reimbursement / lien for past and future payments prior to distributing any verdict or settlement proceeds. We agree that the law firm may take all steps in this matter deemed advisable for the handling of our claim, including hiring separate experts / case workers who assist with resolving any healthcare providers' reimbursement claims or liens for past and / or future injury-related medical care. The expense of any such service shall be treated as a case expense and deducted from our net recovery and shall not be paid out of the law firm's contingent fee in this matter.

This agreement and its performance are subject to Rule 1.5 of the Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court.

WE HAVE EACH READ AND AGREED THE ABOVE AGREEMENT BEFORE SIGNING IT. EACH PARTY HERETO ACKNOWLEDGES RECEIPT OF AN EXECUTED DUPLICATE OF THIS AGREEMENT.

Signatures

X _Kira Wahlstrom_
Client (Print)

_[signature]_
(Signature of Client)

_[signature]_
Attorney (Print)

_David Hoey_
(Signature of Attorney)