# Exhibit B



EXHIBIT

*B*
*/sr Amer-l Cmpl*

# MASSACHUSETTS CONTINGENT FEE AGREEMENT
### (TO BE EXECUTED IN DUPLICATE)

Date: 6/1/15   6/19/15

The Client(s):

Kira Wehlstrom          1227 Boston Road          Haverhill, MA 01835
_____
         (Name)              (Street and Number)          (City or town)

following the Court's allowance of the Pro Hac Vice admission motion, retains as "Attorney"
DON C. KEENAN and THE KEENAN LAW FIRM. P.C. with an address of 148 Nassau St.
NW, Atlanta GA to perform the legal services referred to in Paragraph (1) below. The Attorney
agrees to perform them faithfully and with due diligence.

(1)     The claim, controversy, and other matters with reference to which the services are to be
        performed are:
        *Premises liability claims and injuries received as a result of assault on or about May 1,*
        *2009 in the Radisson Hotel Boston parking lot*

        The Attorney will be providing services, including legal services and consulting, to the
        Client in connection with the Claim identified in paragraph 1 above. Because the
        engagement is limited to this specific undertaking, the Attorney's acceptance of this
        engagement does not involve an undertaking to provide any services to the Client or any
        of the Client's interests in any other matter unless specifically requested by the Client and
        agreed to by the Attorney in writing. After completion of this matter, changes may occur
        in pertinent laws or regulations that may have an impact upon your future rights and
        liabilities. Unless the Client engages the Attorney after completion of this matter to
        provide advice on future issues arising from this matter, the Attorney will have no
        obligation to provide any advice to the Client with respect to future legal developments.

        The Client may limit or expand the scope of this engagement from time to time, provided
        that the Attorney must agree in writing to any changes in the scope of the representation.
        Except as otherwise agreed to in writing, the terms of this Agreement apply to all changes
        in the scope of engagement and to all additional engagements for the Client which the
        Attorney may undertake.

(2)     The contingency upon which compensation is to be paid is: recovery of damages,
        whether by settlement, judgment or otherwise.

(3)     The Client is not to be liable to pay compensation otherwise than from amounts collected
        for (him) / (her) by the Attorney except as follows: If no recovery is made, the Client
        shall not owe the Attorney any sum as attorney's fees, nor shall the Client be responsible
        to reimburse the Attorney for any costs, except as provided in Sections 6, 7 and 8.

(4)   Reasonable compensation (including that of any referring and/or associated counsel) on the foregoing contingency is to be paid by the Client to the Attorney, but such compensation including that of any associated counsel shall be the following percentage of the gross amount collected for the client: 

**33 and 1/3 % (thirty-three and one-third percent) of gross amount recovered**

The above stated percentage shall be increased by an additional Two Percent (2%) of gross recovery if the matter is concluded/settled after an appellate brief is filed in an applicable appellate court or body by the Attorney on behalf of the Client, and an additional Five Percent (5%) of gross recovery if matter is retried/concluded/settled following an appellate decision.

The percentage shall be applied to the amount of the recovery not including any attorney's fees awarded by a court or included in a settlement. The lawyer's compensation shall be such attorney's fees or the amount determined by the percentage calculation described above, whichever is greater. The compensation determined is separate and independent from costs and expenses of litigation, detailed in paragraph 5.

<u>Referring/Associated Counsel</u>:
The Client understands that a portion of the compensation payable to the Attorney pursuant to the paragraph above shall be paid to: <u>the Law Offices of David J. Hoey, P.C.</u> and consents to this division of fees. Client understands that the Client will not be charged any additional legal fees. 

(5)   The Client is to be liable to the attorney for his reasonable expenses and disbursements if there is a favorable disposition of the legal matter. In the event of a favorable disposition, expenses and disbursements will be deducted after the contingent fee is deducted. The Client acknowledges and agrees that the attorney may borrow funds from time to time to pay certain costs associated with pursuing and litigating the case and agrees that, in addition to reimbursing the attorney for the amount of such costs, the client also will reimburse the attorney for any interest charges and related expenses the attorney incurs in connection with such borrowings.

The Attorney agrees to advance, on behalf of the Client, all reasonably necessary out-of-pocket costs and expenses of litigation at the discretion of the Attorney. However, this agreement in no way obligates the Attorney to advance/lend any funds on this case. The Attorney may choose to do so, and may choose to cease doing so for any reason whatsoever, with notice to the Client.

(6)   In the event that the Attorney makes a recommendation regarding the pursuit of the claim, including that a claim not be pursued, or that the claim should be settled, or that the claim should be dismissed, and the Client refuses to accept the recommendation by the Attorney, the Attorney may, at its option, withdraw from representation. If the claim 

is in litigation, withdrawal will be subject to Court approval. Should the Attorney continue representation, the Client agrees to reimburse the Attorney for the amount of such costs, reasonable expenses and disbursements incurred thus far, and to pay all costs and expenses as incurred from that time forward, payable in advance.

(7)     This fee agreement applies to all services rendered in pursing the above referenced claim, but not to matters ancillary to the above claims, such as probate court proceedings, guardianships and trusts or estate services, and resolutions of Medicare liens and Medicaid claims.

Pursuant to Massachusetts General Laws, any net proceeds (gross recovery less compensation, costs, and expenses) due to the Client at the time of settlement may, and if applicable, will, be subject to liens/attachment by, but not limited to, Medicare, Medicare Advantage Plans, MassHealth, Medicaid, Department of Revenue, Department of Transitional Assistance, Department of Estate Recovery, Department of Liability Recovery, SSI, private Health Insurance, Short Term/Long Term Disability claims, and medical providers, if any, that may be owed by the Client. All proper Liens will have to be satisfied before the balance of the settlement can be remitted to the Client.

Client hereby acknowledges and understands that current law and regulations regarding Medicare, Medicare Advantage Plans, Medicaid or private health insurance plans (healthcare providers) may require all parties involved in this matter (client, attorney, defendant, and any insurance companies) to compromise, settle, or execute a release of healthcare providers' separate claim for reimbursement / lien for past and future payments prior to distributing any verdict or settlement proceeds. Client agrees that the Attorney may take all steps in this matter deemed advisable for the handling of such claims, including hiring separate experts / case workers who assist with resolving any healthcare providers' reimbursement claims or liens for past and / or future injury-related medical care. The expense of any such service shall be treated as a case expense and deducted from the net recovery and shall not be paid out of the attorney's contingent fee in this matter.

(8)     If the client terminates the attorney-client relationship before the conclusion of the case for any reason, the attorney may seek payment for the work done and expenses advanced. Whether Attorney will receive any payment for the work done before the termination, and the amount of any payment, will depend on the benefit for the client of the services performed by Attorney as well as the timing and circumstances of the termination. Such payment shall not exceed the lesser of (i) the fair value of the legal services rendered by Attorney or (ii) the contingent fee to which the lawyer would have been entitled upon the occurrence of the contingency. This paragraph does not give Attorney any rights to payment beyond those conferred by existing law.

(9)     The Attorney may withdraw from representing the Client if withdrawal can be accomplished without material adverse effect on the interest of the Client, or if:

(a)    the Client persists in a course of action involving the Attorney's services that the Attorney reasonably believes is criminal or fraudulent;

(b)    the Client has used the Attorney's services to perpetuate a crime or fraud;

(c)    the Client insists upon pursuing an objective that the Attorney considers repugnant or imprudent;

(d)    the Client fails substantially to fulfill an obligation to the Attorney regarding its services and has been given reasonable warning that the Attorney will withdraw unless the obligation is fulfilled;

(e)    the representation will result in an unreasonable financial burden on the Attorney or has been rendered unreasonably difficult by the Client; or

(f)    other good cause for withdrawal exists.



(10)    The Client is responsible for payment of all of the Client's former/prior counsel's reasonable attorney's fees and reasonable costs and expenses and the cost of resolving any dispute between the Client and any other prior counsel over fees or expenses relating to the claim identified in paragraph (1), except if the former/prior counsel is identified as the referring or associated counsel in paragraph (4),

(11)    During the course of the engagement, the Attorney shall maintain a file on the Client's behalf that will include both physical documents and electronically stored information ("the file"). The file may include either original or copies of material such as pleadings, transcripts, exhibits, reports, contracts, wills, certificates and other documents as are determined to be reasonably necessary to the representation. The file shall be and remain the Client's property. The Law Firm may also include in the file attorney work product, mental impressions and notes (collectively "work product"). The work product shall be and remain the property of the Attorney.

At the termination of the engagement, if requested in writing by the Client, the Attorney will return to the Client all original documents that were provided. Further, for a period of six (6) years (unless otherwise required by the Rules of Professional Conduct or applicable laws) after termination or upon conclusion of the engagement, and provided there are no outstanding unpaid statements for fees and/or costs or expenses owed by the Client to the Attorney, the Client shall have the right on request to take possession of the file, not including the work product, unless at the conclusion of the engagement, the Client has requested and/or confirmed in writing, that the Attorney properly dispose all or parts of the file (unless otherwise required by the Rules of Professional Conduct or applicable laws). In either such event, the Attorney, at his/her/its expense may make and retain copies of all or portions of the file. If the Client does not request possession of the file within this time period, the Attorney will have no further responsibility for the retention and maintenance of the file and may at its option properly dispose of all or parts of the file without further notice to you.



(12)    The Client hereby acknowledges and confirms, by signature on this agreement, and by initialing by all paragraphs (1-14), that the Attorney has explained the provisions of this agreement, where it differs from the SJC Model Form agreement, and specifically with the respect to responsibility for court costs and expenses of litigation. Additionally, the

Client acknowledges that the Attorney has advised the Client that different forms of agreements may be available, and that the Client selects the provisions as stated herein. By signing below, the Client acknowledges that he or she has carefully read this Agreement, understands its contents, and agrees to be bound by all of its terms and conditions; that the Attorney has made no representation to the Client as to the likelihood of the outcome of any proceeding now pending or to be brought by or against the Client, and that the Client believes this Agreement to be fair and reasonable. The Client understands that the Attorney cannot and does not promise or even predict that its efforts will be successful, and this Agreement is not based upon any such promises or anticipated results. Furthermore, the Client understands it is possible that the cost to the Client of the Attorney's work may exceed the value of whatever the Client may gain.

(13)     This Contingent Fee Agreement (6 pages, 14 paragraphs, and attachments) encompasses the entire agreement of the parties (the Client and the Attorney), and supersedes all previous understandings and agreements between the parties, whether oral or written. The parties hereby acknowledge and represent that said parties have not relied on any representation, assertion, guarantee, warranty, collateral contract or other assurance, except those set out in this agreement, made by or on behalf of any other party or any other person or entity whatsoever, prior to the execution of this agreement.   This agreement may only be modified in writing, signed by all parties the agreement.



(14)     This agreement and its performance are subject to rule 1.5 of the Rules of Professional Conduct as adopted by the Supreme Judicial Court ("SJC") of Massachusetts. (Last updated and effective as of January 1, 2013) (copy attached)



WE HAVE EACH READ, UNDERSTOOD AND AGREED TO THE ABOVE
AGREEMENT BEFORE SIGNING IT. EACH PARTY HERETO ACKNOWLEDGES
RECEIPT OF AN EXECUTED DUPLICATE OF THIS AGREEMENT.

Signatures

Kim Wahlstrom
Client(s) (Print)

(Signature of Client(s))

DON C. KEENAN
for THE KEENAN LAW FIRM, P.C.
(Attorney)

(Signature of Attorney)

THIS AGREEMENT BECOMES EFFECTIVE WHEN RETURNED TO AND SIGNED
BY THE ATTORNEY FOR THE LAW FIRM.