# EXHIBIT M

# SLOANE AND WALSH LLP

### Attorneys at Law

Three Center Plaza, 8th Floor
Boston, Massachusetts 02108
Telephone (617) 523-6010
Fax: (617) 227-0927
www.sloanewalsh.com

Michael J. Kerrigan
Direct Fax: 617-303-1770
E-Mail: mkerrigan@sloanewalsh.com

Boston, Massachusetts
Providence, Rhode Island
Nashua, New Hampshire
Hartford, Connecticut

September 24, 2015

**BY EXPRESS MAIL**

David J. Hoey, Esq.
Krzysztof Sobczak, Esq.
Law Offices of David J. Hoey, PC
352 Park Street, Suite 105
North Reading, MA 01864

Re:   *Kira Wahlstrom v. Jose Ruben Rivera, et al.*
      Suffolk Superior Court, C.A. No.:  2010-01022

Dear Mr. Hoey:

In accordance with Superior Court Rule 9A, enclosed with regard to the above referenced claim please find:

1. Notice of Motions;
2. Certain Defendants' Motion for New Trial; and
3. Certain Defendants' Memorandum of Law in Support of Their Motion for New Trial;
4. Certain Defendants' Motion for Remittitur; and
5. Certain Defendants' Memorandum in Support of Their Motion for Remittitur.

If you intend to oppose the enclosed motions, kindly forward said oppositions to this office (with one copy) within the timeframe allotted under Superior Court Rule 9A.

Thank you for your attention to this matter.

Very truly yours,

Michael J. Kerrigan

MJK:jr
Enclosures
cc:   John J. Jarosak, Esq. (by express mail w/ Enc.)

965746.1

LDH 0014137

# SLOANE AND WALSH LLP

### Attorneys at Law

Three Center Plaza, 8th Floor
Boston, Massachusetts 02108
Telephone (617) 523-6010
Fax: (617) 227-0927
www.sloanewalsh.com

Michael J. Kerrigan
Direct Fax: 617-303-1770
E-Mail: mkerrigan@sloanewalsh.com

Boston, Massachusetts
Providence, Rhode Island
Nashua, New Hampshire
Hartford, Connecticut

September 24, 2015

*BY HAND DELIVERY*

Civil Clerk's Office
Suffolk Superior Court
Three Pemberton Square
Boston, MA 02108

Re:   *Kira Wahlstrom v. JPA IV Management Company, Inc., et al.*
      Suffolk Superior Court, C.A. No.: 2010-01022

Dear Sir or Madam:

Pursuant to Superior Court Rule 9E, I have enclosed a Notice of Motions on behalf of certain of the defendants. Kindly file and docket accordingly.

Thank you.

Very truly yours,

Michael J. Kerrigan

MJK:jr
Enclosure
cc:   David J. Hoey, Esq. (by express mail w/ encl.)
      John J. Jarosak, Esq. (by express mail w/ encl.)

965850.1

LDH 0014138

Boston, MA  02108
Tel:  617-523-6010
wdaileyjr@sloanewalsh.com
lkenney@sloanewalsh.com
mkerrigan@sloanewalsh.com

Date:  9/24/15

## CERTIFICATE OF SERVICE

I, Michael J. Kerrigan, Esq., do hereby certify that on September 24, 2015, I caused to be served a true copy of this Notice of Motions by express mail upon the following counsel of record:

David J. Hoey, Esq.                      John J. Jarosak, Esq.
Krzysztof Sobczak, Esq.                  Bethany Minich, Esq.
Law Offices of David J. Hoey, P.C.       Litchfield Cavo, LLP
352 Park Street, Suite 105               6 Kimball Lane, Suite 200
North Reading, MA 01864                  Lynnfield, MA 01940

                                         Michael J. Kerrigan

2

LDH 0014139

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                               C.A. No. SUCV2010-01022-G

```
                                        )
KIRA WAHLSTROM,                         )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
LAZ PARKING LIMITED, LLC;               )
JPA IV MANAGEMENT COMPANY, INC.,        )
as Trustee of the John Philopoulos Associates Trust;)
and JPA I MANAGEMENT COMPANY, INC.,     )
        Defendants                      )
                                        )
```

## CERTAIN DEFENDANTS' MOTION FOR A NEW TRIAL

The defendants, JPA I Management Co., Inc., and JPA IV Management Co., Inc., hereby move for a new trial pursuant to Mass. R. Civ. P. 59(a) following the judgment in favor of the plaintiff that entered on the docket on September 14, 2015.  (Paper No. 235.)  This motion is based upon, among other things, the plaintiff's attorneys' constant, deliberate, and calculated campaign during the trial to expose the jurors to facts that were not in evidence, to impermissibly inflame the jury against the defendants, to defiantly challenge the Court in front of the jury, to mischaracterize the law and the role of the jury, and to play upon the jurors' passions, sympathies, and prejudices – all of which was done in blatant contravention of evidentiary rules and this Court's orders, rulings, and instructions.  The cumulative effect of counsel's conduct resulted in an excessive verdict that was against the weight of the evidence, arrived at not through the application of reason and the applicable case law, but through the impermissible influence of passion and prejudice.  Moreover, the extensive media coverage of the proceedings – encouraged by the plaintiff – improperly influenced the jury in reaching its decision.

965819.1

LDH 0014140

In support of this motion, JPA I and JPA IV rely upon and incorporate by reference herein the arguments made in, authorities cited to, and exhibits appended to the memorandum of law in support of this motion, which memorandum is attached to the motion.  The defendants also rely upon and incorporate by reference herein the arguments made in, authorities cited to, and exhibits appended to the defendants' motion for remittitur and its accompanying memorandum of law.

For the reasons set forth in these filings, the defendants request that the Court allow their motion and grant a new trial.

Respectfully submitted,
JPA I Management Co., Inc.,
JPA IV Management Co., Inc.,
By their Attorneys,

William J. Dailey, Jr., BBO# 112200
Lawrence J. Kenney, Jr., BBO# 268620
Michael J. Kerrigan, BBO# 658855
Sloane & Walsh, LLP
Three Center Plaza, 8th Floor
Boston, MA  02108
Tel:  617-523-6010
wdaileyjr@sloanewalsh.com
lkenney@sloanewalsh.com
mkerrigan@sloanewalsh.com

Date:  9/24/15

2

LDH 0014141

<u>CERTIFICATE OF SERVICE</u>

I, Michael J. Kerrigan, Esq., do hereby certify that on September 24, 2015, I caused to be served a true copy of the foregoing document by express mail upon the following counsel of record:

David J. Hoey, Esq.
Krzysztof Sobczak, Esq.
Law Offices of David J. Hoey, P.C.
352 Park Street, Suite 105
North Reading, MA 01864

John J. Jarosak, Esq.
Bethany Minich, Esq.
Litchfield Cavo, LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940

Michael J. Kerrigan

3

LDH 0014142

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
C.A. No. SUCV2010-01022-G

|  |  |
|---|---|
| KIRA WAHLSTROM,<br>        Plaintiff, | ) ) ) |
| v. | ) ) |
| LAZ PARKING LIMITED, LLC;<br>JPA IV MANAGEMENT COMPANY, INC.,<br>as Trustee of the John Philopoulos Associates Trust;<br>and JPA I MANAGEMENT COMPANY, INC.,<br>        Defendants | ) ) ) ) ) ) |

## CERTAIN DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A NEW TRIAL

### RELEVANT BACKGROUND

On March 12, 2010, the plaintiff, Kira Wahlstrom, filed a complaint in which she alleged that on May 1, 2009, she was sexually assaulted in a parking garage adjacent to the Radisson Hotel Boston, located at 200 Stuart Street in Boston.  The plaintiff brought negligence claims against several entities, including JPA IV Management Company, Inc. ("JPA IV"), JPA I Management Company, Inc. ("JPA I"), and LAZ Parking Limited, LLC ("LAZ").[1]  These defendants also brought various cross-claims. After an extensive discovery period, the case went to trial on July 14, 2015.  On August 11, 2015, after several weeks of jury selection and evidence, the jury returned a verdict in favor of the plaintiff, finding JPA I and JPA IV negligent, and awarding the plaintiff $4 million in damages.   The jury also found that LAZ was not negligent. At this point in the case, at least one claim remains extant and unresolved: JPA I's

---

[1] JPA IV was the trustee of the trust that owned the hotel and garage in 2009, JPA I was the operator of the hotel and garage, and LAZ was the parking consultant that performed certain functions relating to the garage under a Management Agreement with JPA I.

LDH 0014143

cross-claim for contractual indemnity against LAZ.  This cross-claim and certain other cross-claims were reserved for adjudication until after the trial.

Throughout the several weeks of trial, the plaintiff's attorneys engaged in a constant, deliberate, and calculated campaign to expose the jurors to facts that were not in evidence, to impermissibly inflame the jury against the defendants, to defiantly challenge the Court in front of the jury, to mischaracterize the law and the role of the jury, and to play upon the jurors' passions, sympathies, and prejudices – even telling the jury at the start of trial that the media would be in court to "advocate" for the plaintiff, so important were the issues raised in her lawsuit.  (Jul. 20, 2015 Transcript, Exhibit A at 105.)  All of this was done in blatant contravention of evidentiary rules and this Court's orders, rulings, and instructions.  The cumulative effect of counsel's conduct resulted in an excessive verdict that was against the weight of the evidence, arrived at not through the application of reason and the applicable case law, but through the impermissible influence of passion and prejudice.  Moreover, the extensive media coverage of the proceedings – encouraged by the plaintiff – improperly influenced the jury in reaching its decision.

Because of this, a new trial[2] is warranted under binding appellate law, primarily the Appeals Court decision in *Fyffe v. Massachusetts Bay Transit Authority*, 86 Mass. App. Ct. 457 (2014).  In *Fyffe*, a relatively small number of similar, though lesser, infractions by a plaintiff's counsel over two days of trial were sufficient to render the trial judge's curative instructions impotent and merit a new trial.  Here, the transgressions by the plaintiff's counsel over several weeks of trial were, without question, of significantly greater magnitude than those present in *Fyffe* – both in number and degree.

---

[2] The defendants also served a motion for remittitur on September 24, 2015 on the grounds that the jury's award: (1) is not supported by the evidence at trial; (2) is highly disproportionate to awards and settlements in other Massachusetts cases involving sexual assaults; and (3) was unduly influenced by passion, partiality, and prejudice. The arguments and issued raised in those motion papers are hereby incorporated into this motion.

LDH 0014144

## ARGUMENT

## I.    LEGAL STANDARD.

When ruling upon a motion for new trial based on transgressions committed by opposing counsel, the court must consider a number of factors to determine whether "the errors committed by counsel, considered in their totality, 'injuriously affected the substantial rights' of the [opposing parties] and deprived them of a fair trial." *Fyffe v. Massachusetts Bay Transp. Auth.*, 86 Mass. App. Ct. 457, 458 *review denied*, 470 Mass. 1105 (2014), quoting Mass. Gen. Laws c. 231, §§ 119, 132.   The effect of such errors by counsel should be considered within the framework used to evaluated alleged misconduct by counsel in criminal cases.   *Id.* at 472. Namely, courts consider:

> (1) whether the defendant seasonably objected; (2) whether the error was limited to collateral issues or went to the heart of the case; (3) what specific or general instructions the judge gave to the jury which may have mitigated the mistake; and (4) whether the error, in the circumstances, possibly made a difference in the jury's conclusion.

*Id.*, quoting *Commonwealth v. Lewis*, 465 Mass. 119, 130–131 (2013).

When considering such a motion, the courts apply the prejudicial error standard, which requires that the error "injuriously affected the substantial rights of the parties." M.G.L. c. 231, §§ 119, 132; *Fyffe*, 86 Mass. App. Ct. at 474.   The *Fyffe* court explained that "[t]he substantial rights of a party are adversely affected when, 'viewing the record in a commonsense way,' the misconduct of a party or counsel 'could have made a material difference' in the outcome." 86 Mass. App. Ct. at 474, quoting *DeJesus v. Yogel*, 404 Mass. 44, 48 (1989).   Of importance, there does not need to be conclusive proof that the misconduct altered the verdict in order to warrant a new trial; rather, the court must assess only whether "the misconduct of a party or counsel 'could have made a material difference' in the outcome" of the trial. *Fyffe*, 86 Mass. App. Ct. at 474,

LDH 0014145

quoting *Dejesus*, 404 Mass. at 48-49. The underlying concern, particularly where the error involves the intentional introduction of irrelevant facts by counsel, is that such information invites the jury to base their decision on "extraneous supposed equities" rather than the facts in evidence. *Goldstein v. Gontarz*, 364 Mass. 800, 810 (1974).

## II.    THE PLAINTIFF'S COUNSEL'S DELIBERATE, REPEATED VIOLATIONS OF THE COURT'S RULINGS ON CENTRAL ISSUES AT THE HEART OF THE CASE CREATED IRREPARABLE PREJUDICE TO THE DEFENDANTS.

### (a)    Counsel's Transgressions were Deliberate and Calculated.

Several indisputable facts demonstrate that the plaintiff's counsel engaged in deliberate misconduct as part of their overall trial strategy to inflame the jury. First, the plaintiff's attorneys are experienced trial attorneys and hold themselves out as such, so any errors cannot be explained by lack of trial experience. The lead attorney on the plaintiff's team, for instance, represented to the public as of 2012 that in his 35-plus year career, he has "secured over 217 verdicts and settlements over $1,000,000, including nine over $10,000,000 and one over $100,000,000" across the country. Keenan, D., *The Keenan Edge*, "About the Author" (Balloon Press 2012), Exhibit B. These are not rookies.

Second, the lead attorney on the plaintiff's trial team is the founder of, and has authored several books on, a litigation and trial strategy known as the "Reptile" strategy, and all of the plaintiff's attorneys (who are devotees of the Reptile school) followed this playbook throughout the trial – a concern that the defendants raised with the Court in a bench memorandum at the July 9 final trial conference. Of note, one of the overarching tactics of the Reptile strategy – a tactic that permeated the trial – requires plaintiff's attorneys to present their Reptile case to the jury no matter what, i.e., adverse judicial rulings notwithstanding:

> The defense tall building lawyers around the country and the defense associations have filed massive motions to keep out

4

LDH 0014146

> community safety, the rules, and virtually every part of the new
> Reptile template.  I am not aware of a single loss thus far and will
> soon write about some of the great victories....
>
> As we say in the seminar repeatedly, the key to the Reptile is
> persistence.  If you can't get in through the front door, knock on the
> back door.  If you can't get through the back door then try one of
> the windows.  If that doesn't work try coming down the chimney.
> If the place ain't got a chimney then dig underground.  Whatever it
> takes don't give up until you get in.  You will get in.

Keenan, D., *The Keenan Edge* at pp. 351, 352-53 (Balloon Press 2012), Exhibit B.

Third, this Court held a lengthy, all-day final trial conference on July 9, 2015, in which

some 25 pretrial motions[3] were extensively argued and adjudicated, most of which dealt with

important and central evidentiary issues for the trial.  The Court ruled on each and every one of

the issues raised in the motions and stated its reasoning on the record.  So important were these

matters, that the plaintiff's counsel even supplied the Court with further briefing and motions for

reconsideration on certain issues, and the Court ruled on those supplemental filings.  Thus, more

than a week before the start of the evidence, the plaintiff's counsel were given clear, considered

parameters regarding what would be permissible and impermissible insofar as key evidence and

attorneys' statements were concerned.  As demonstrated more fully below, the plaintiff's counsel

expressly disobeyed the clear directives from the Court on numerous, highly significant issues

that were raised, and disposed of, during pretrial hearings.

True to the Reptile playbook, the plaintiff's counsel, when blocked by adverse Court

rulings at the "front door" during trial, bypassed the Court repeatedly and reached the jury

through the back door, the windows, the chimney, and subterranean tunnels, as set forth below.

---

[3] Many of these motions were motions *in limine* that addressed evidentiary issues central to the case.  "The purpose of the motion *in limine* is to prevent irrelevant, inadmissible or prejudicial matters from being admitted in evidence." *Boston v. Board of Education*, 392 Mass. 788, 796 (1984).  Thus, if rulings on seminal evidentiary issues raised in motions *in limine* are ignored at trial, this defeats entirely the underlying purpose of such motions.

LDH 0014147

(b)     Counsel Deliberately Exposed the Jury to Facts not in Evidence, in Violation of Evidentiary Standards and Court Rulings.

From the start of the trial, the plaintiff's attorneys endeavored mightily to prejudice the jury against the defendants, and they did so despite, and in violation of, this Court's rulings. The stage-setting began with counsel's opening statement, during which counsel presented to the jury facts that were not in evidence or that counsel had no basis to expect would be admissible. He several times violated the well-established rule of opening statements requiring counsel to "outline in a general way the nature of the case which the counsel expects to be able to provide or support by evidence." *Fyffe*, 86 Mass. App. Ct. 462, quoting *Posell v. Herscovitz*, 237 Mass. 513, 514 (1921). Some examples: First, the Court ruled before the trial that only evidence of prior crimes that had taken place *within the hotel or parking garage* within a certain date range would be admissible at trial. (Jul. 17, 2015 Transcript, Exhibit C at 162-72.) This was the subject of considerable argument and motion practice. Ignoring this ruling, the plaintiff's counsel's first words to the empaneled jury were:

> Good morning, everyone. Every four minutes and forty-five seconds someone is a victim of a violent crime inside a commercial parking lot or parking garage. This is according to the U.S. Department of Justice's statistics of crime for the years 2004 to 2008.

(Jul. 20, 2015 Transcript, Exhibit A at 82-83.) He again tried to relay these statistics to the jury in his cross-examination of the defendants' security expert before being cut off. (Aug. 4, 2015 Transcript, Exhibit D at 146-47.)

Second, the Court explicitly ruled and instructed the plaintiff's counsel before trial that none of the statements that the plaintiff's investigator took from the assailant, Jose Rivera, would be admissible at trial. (Jul. 13, 2015 Transcript, Exhibit E at 32-44.) In a blatant contravention of the intent of this ruling, counsel told the jury this during his opening statement:

6

LDH 0014148

The third thing we had to do before we came to trial, we had to consider whether Rivera could have been stopped, whether added security guards or increased lighting or cameras on each floor, or any combination thereof would have made a difference, so we decided to ask the guy who did it. So we met with him, as uncomfortable as that was, but that's all I'm allowed to tell you about that right now.

(Jul. 20, 2015 Transcript, Exhibit A at 98-99.)

Further, in a pretrial ruling, the Court precluded the plaintiff from admitting into evidence the details of a prior sexual assault in the hotel garage on April 19, 2009, including the surveillance video taken of the assailant while on the hotel premises on April 19. (Jul, 21, 2015 Transcript, Exhibit F at 35-36.) Flagrantly violating this ruling, counsel for the plaintiff not only raised the existence of this surveillance video in front of the jury during his examination of a hotel security officer, *but he also misleadingly characterized its contents, claimed that the video made a liar out of the officer, and challenged the judge over his unequivocal rulings:*

|  |  |
|---|---|
| Q. | You had two chances to prevent the first rape? |
| THE COURT: | No, no. I'm sorry Mr. Sobczak, but that question seems inconsistent with my ruling and for that reason and others, I'll ask you not to ask it in that fashion anyway. |
| Q. | Are you aware that you had two chances to prevent the first rape? |
| MR. KENNEY: | Objection, Your Honor. |
| THE COURT: | I'll sustain the objection. |

***

|  |  |
|---|---|
| Q. | So on the night of April 19, 2009, did you have an opportunity to prevent the rape from happening? |
| A. | No, sir. |
| MR. SOBCZAK: | Your Honor, at this time we would offer the April 19 video for the purpose of impeachment. |
| THE COURT: | I'll not allow that. I don't see why it impeaches this statement that he's just made. |
| MR. SOBCZAK: | He's just said that he couldn't prevent the rapes |

7

LDH 0014149

from –

MR. KENNEY:      Your Honor.

THE COURT:       Let's not talk about it in front of the jury.  I made my ruling.   No, you can't show the video to impeach the statement I just heard.  And it seems unlikely to me that you will be able to show the video with any statement that any personnel make, but all have an open mind on that.  But I want you to know that's my instinct.  So move on to the next question.

***

MR. SOBCZAK:     Your Honor, at this time plaintiff again introduces – or moves to introduce the video of the rapist that actually contradicts that's testimony.

MR. KENNEY:      Objection.

THE COURT:       Don't say what it says.  It's not in evidence, Mr. Sobczak.

MR. SOBCZAK:     Well, it's –

THE COURT:       Mr. Sobczak, please.  Please, it's not in evidence.  And, therefore, I've already said, nothing in that report should be said out loud in front of the jury because it's not in evidence.  I specifically ruled it's not –

MR. SOBCZAK:     I'm not talking about the report.

THE COURT:       Mr. Sobczak, please wait for me to finish.  I've already ruled that the report is not coming into evidence.  You can certainly ask again in light of that testimony and I'm going to make the same ruling.  The objection to the report going into evidence is sustained.  Now you can ask other questions.

MR. SOBCZAK:     Your Honor, we'd move to introduce the video, video surveillance from the 4:46 timeframe for purposes of impeachment that show Mr. Lahout visualizing the rape.

MR. KENNEY:      Objection, Your Honor.

THE COURT:       No, don't say what it – don't say what it shows.  Again, if it's not in evidence, you can't say it in front of the jury, Mr. Sobczak.  Do you have that straight?  Okay.  Now you offered the video.  And, again, I'm denying the admission of the video.  So

8

LDH 0014150

please ask another question.

MR. SOBCZAK:   Your Honor, may I get the Court's grounds for denying appropriate evidence –

THE COURT:   I'm sorry.  I'm sorry.

MR. SOBCZAK:   It's being offered for purposes of impeachment.

\*\*\*

MR. SOBCZAK:   Your Honor, at that point again, we want to introduce the video for purposes of impeachment.

THE COURT:   Overruled.  No.

(July 21, 2015 Transcript, Exhibit F at 191-93, 211-15.)

Further still, during his cross-examination of the defendants' security expert, the plaintiff's counsel deliberately informed the jury of subsequent remedial measures undertaken at the hotel by new ownership with respect to the addition of security cameras in the parking garage.  (Jul. 29, 2015 Transcript, Exhibit G at 191.)  This was done in violation of Mass. G. Evid. 407(a) and the Court's order allowing the defendants' motion *in limine* to preclude such references.  (Ruling on Defs.' Mot. *in limine* to Preclude Evidence of Subsequent Measures, Exhibit H.)

All told, these calculated and deliberate contraventions of Court rulings and evidentiary standards had the aggregate effect of building presumption upon presumption against the defendants.   Whether it be (1) instilling in the juror's minds a wholly irrelevant and inflammatory national statistic about violent crime, (2) strongly implying that the assailant, had he been allowed to testify, would have indicated that increased security measures would have deterred him, (3) discussing in front of the jury inadmissible evidence, mischaracterizing it, and challenging the judge's rulings on it; or (4) introducing the subsequent hotel's owner's camera arrangements, the plaintiff's counsel's transgressions, from the outset, unduly prejudiced the defendants on central issues in the case and stoked the jurors' passion against them.

9

(c)   Counsel Impermissibly Prejudiced the Jury Against the Defendants in Violation
of the Court's Rulings.

The plaintiff's counsel's efforts to prejudice the jury against the defendants followed a similar pattern, which consisted of repetition and open defiance of Court rulings in the jury's presence.

(i)   ***Counsel suggested to the jury that the defendants blamed the victim for the rape and accused her of lying about the rape.***   In response to concerns raised by the plaintiff's counsel, defense counsel informed the Court at the final trial conference that there would be no suggestion at trial that the rape was fabricated or that it never occurred.   The court accordingly concluded that "we don't need to worry about this."   (Jul. 9, 2015 Transcript, Exhibit I at 329.) However, over the course of the trial, the plaintiff's counsel sought to question witnesses about the fact that certain of the defendants' pleadings contained the word "alleged" when referencing the rape (Jul. 20, 2015 Transcript, Exhibit A at 129-33, 143-45), and the Court ruled that all pleadings would be kept "out of the case altogether in cross-examination or otherwise." (Jul. 21, 2015 Transcript, Exhibit F at 7-8.)   The Court even confirmed its prior rulings with the plaintiff's counsel before counsel's cross-examination of the former General Manager of the hotel.   (Jul. 27, 2015 Transcript, Exhibit J at 266-69, 270-75.)   Ignoring these multiple rulings, counsel repeatedly questioned the General Manager about whether or not this was an "alleged" assault, and, despite several admonitions from the Court, counsel persisted as if the Court's instructions meant nothing:

> Q.   Was it an alleged assault?
> A.   Say that again?
> Q.   Would you call it an alleged assault?
> A.   Would I call it an alleged assault?
> Q.   Yes.

LDH 0014152

A.  I don't remember the details, so I guess I would have to until I'm re-familiarized with it.

Q.  You agree with Mr. Bates that Ms. Wahlstrom's rape was just an alleged assault?

THE COURT:  Mr. – please.  I'm not going to allow you to start playing with the word "alleged."  Please go on and ask her factual questions and let's not debate allegations.

Q.  As the general manager of the hotel, do you agree with your Corporation's position that Ms. Wahlstrom's rape is just an alleged assault?

MR. KENNEY:  Your Honor.

THE COURT:  I'll sustain Mr. Kenney's objection to that.  Please ask another question that does not involve whether or not it was an alleged rape.

Q.  Do you believe that Ms. Wahlstrom was raped?

A.  Yes, based on what I heard and – yes.

Q.  So if anybody else said something to the contrary in the last six years, you would dispute that?

MR. KENNEY:  Objection, Your Honor.

THE COURT:  Sustained.  Mr. Sobczak, we've had many discussions.  I sustained the objection.  Don't ask the question again.  We had many discussions at sidebar about this.  Please move on to a different topic.

(Aug. 6, 2015 Transcript, Exhibit K at 232-34.)  Additionally, counsel persisted in asking the General Manager if she blamed the plaintiff for the rape, even though the affirmative defense of comparative negligence had been dropped months before the trial.  (Exhibit K at 234.)

   *(ii)*   ***Counsel told the jury the sale value of the hotel.***   Before the trial, the Court allowed the defendants' motion *in limine* to preclude the plaintiff and her attorneys from making any reference at trial to the size, revenues, profits, market share, or assets of any of the defendants.  (Ruling on Defs.' Mot. *in limine*, re Size, Worth, Assets of Defendants, Exhibit L.)  Disregarding this ruling, counsel told the jury during the direct examination of the hotel's former

11

Director of Security: "And it's also my understanding that the complex sold for $143,000,000," which prompted the Court to intervene *sua sponte*. (Jul. 21, 2015 Transcript, Exhibit F at 81.)

      *(iii)*      ***Counsel told the jury that the defendants had sued each other for negligence.***

Before the start of trial, there was extensive discussion regarding the cross-claims brought by certain of the defendants against each other, and the Court ruled that there would be no mention of the cross-claims at trial. (Jul. 9, 2015 Transcript, Exhibit I at 9-17; Jul. 13, 2015 Transcript, Exhibit E at 134.) Disobeying the Court's ruling, the plaintiff's attorney told the jury *twice* during his opening statement that the defendants had sued each other, saying at one point: "Plaintiff is not the only one that alleges that the defendants were negligent. The defendants in this case are suing each other, alleging that each other was negligent there about causing Kira's rape." (Jul. 20, 2015 Transcript, Exhibit A at 94-95, 102.) The Court admonished counsel at sidebar after the opening and repeated that the cross-claims were not to be mentioned at trial. (Jul. 20, 2015 Transcript, Exhibit A at 133-34, 140-41.) And the Court repeated its ruling the next day. (Jul. 21, 2015 Transcript, Exhibit F at 4.) The Court also received briefing on this subject and again ruled in favor of the defendants. (Ruling on Defs.' Mot. to Preclude Questioning on Cross-Claims, Exhibit M.) Defying these multiple rulings, the plaintiff's counsel again raised the cross-claims in front of the jury during his cross-examination of the defendants' liability expert, prompting the Court to say at sidebar, "I'm getting a little bit worried you're going through the back door to try to get to the cross-claim thing again, and I'm not going to allow it.". (Jul. 29, 2015 Transcript, Exhibit G at 161-66.)

      The cumulative prejudicial effects of these deliberate violations of the Court's rulings are clear. The plaintiff's counsel communicated loudly and clearly to the jury that the defendants were large, wealthy entities who cut corners on security and who implicitly acknowledged, by

LDH 0014154

suing each other, that the defendants were negligent in bringing about the rape. Moreover, the plaintiff's counsel falsely conveyed that the defendants blamed the victim (and one another) and doubted that the rape had even occurred. All of this, by design and in violation of Court rulings, impermissibly inflamed the jury and prejudiced them against the defendants, who were, by the plaintiff's depiction, to be punished for such attributes and their refusal to accept responsibility for the rape.

      (d)    <u>Counsel Misstated the Applicable Law to the Jury.</u>

The plaintiff's counsel's transgressions also extended to the legal realm, where the Reptile playbook calls for attorneys to repeatedly provide to the jury so-called "safety rules" which defendants must purportedly follow, supplanting proper negligence concepts of reasonable care under the circumstances with improper concepts of strict liability and maximum safety. This effort arose throughout the trial with the plaintiff's counsel's examination of defense witnesses, particularly the defendants' security expert and the former Director of Security for the hotel. With these notions in place, the Reptile lawyer then deliberately appeals to the primitive, "reptilian" subconscious "fight-or-flight" component of the psyche of each juror, rather than to the evolved, cognitive and evaluative mind of each juror, through use of carefully scripted entreaties to protect the "community" of the jurors and their loved ones from potential violations of the purported "rule" in question: "So remember the major axiom, which we cannot repeat too often: When the Reptile sees a survival danger, she protects her genes by impelling the juror to protect himself and the community." Keenan, D., et al., *Reptile: The 2009 Manual of the Plaintiff's Revolution*, (Balloon Press 2009) at 19, Exhibit N. Here, this tactic manifested itself in several ways.

LDH 0014155

(i)     *In the opening statement and closing argument, counsel repeatedly informed the jury that the defendants were required to follow "safety rules" when no such rules existed.* In his opening statement, the plaintiff's counsel annunciated three so-called "rules" relating to premises security, which he held out to the jury as rules which the defendants were required to follow, and which they did not follow. (Jul. 20, 2015 Transcript, Exhibit A at 83-84, 94.) He did this despite the fact that neither the plaintiff's own premises security expert nor the defendants' security expert had opined – or were expected to opine – that there are any "rules" governing hotel security. In fact, the plaintiff's security expert expressly denied that there were any written standards or rules governing hotel security. (Jul. 22, 2015 Transcript, Exhibit O at 104-5, 140-41.) Counsel persisted with this notion of "safety rules" particularly in the examinations of the defendants' security expert and the former Director of Security for the hotel. The "safety rules" theme returned in the plaintiff's closing argument, as well. (Aug. 10, 2015 Transcript, Exhibit P at 195.)

(ii)     *Counsel played upon the jurors' fears by suggesting to them that they were to protect themselves and the wider society.* Before the trial, the Court allowed the portions of the defendants' motion *in limine* that called for the plaintiff's counsel to be prevented from playing on the jurors' fears or suggesting at trial that the jury was to protect or keep the jurors, their families, and the wider society safe; that a verdict in favor of the plaintiff would help to eliminate risks to themselves and the wider society; and that the jury should use this case as a means of promoting societal safety. (Ruling on Defs.' Mot. *in limine* to Preclude Certain Attorney Statements & Arguments, Exhibit Q; Jul. 9, 2015 Transcript, Exhibit I at 308-9.) Counsel thus knew that they were not permitted to play on the jurors' fears. Ignoring this, the plaintiff's counsel told the jury multiple times in his opening statement that the plaintiff had sued the

14

LDH 0014156

defendants for "violating the safety rules *that protect all of us when we use commercial parking lots and garages*," and he often repeated the mantra that the rules the defendants purportedly broke "protect us" and "protect all of us." (Jul. 20, 2015 Transcript, Exhibit A at 83-84, 94.)

       *(iii)*    ***Counsel told the jury that the media was on the plaintiff's side.***  During his opening statement, the plaintiff's counsel was blunt in telling the jury that the media would be covering the trial because it was so important, and that the media supported the plaintiff.  He said: "The media will be here to be an advocate for her.  That's how important these issues are." (Jul. 20, 2015 Transcript, Exhibit A at 105.)  And representatives of various media outlets, along with a prominently placed video camera, were present in the courtroom throughout portions of the trial.  During the trial, the plaintiff herself gave interviews to two prominent local television stations, WCVB-TV and WXFT-TV, and also spoke to at least one columnist from the *Boston Globe*.  Making such a statement to the jury at the outset of the trial was improper. *See Fyffe*, 86 Mass. App. Ct. at 465-66.

       Again, the aggregate effect of these infractions by the plaintiff's counsel adversely influenced the jury's perception not only of the correct law to be applied in the case, but also their own role as a jury.  Counsel's comments further prejudiced the jury against the defendants and -- in keeping with counsel's "protect the wider society" theme -- conveyed to the jury that its decision would be scrutinized by the media and broadcast to the wider society.  And all of this was done in contravention of established trial practice or the rulings of the Court.

      (e)   <u>Counsel Defiantly Challenged the Judge and Accused Defense Counsel of Wrongdoing in Front of the Jury.</u>

       Adding to the litany of the plaintiff's counsel's improper trial conduct, counsel repeatedly argued with and challenged the Court in front of the jury, something that the Massachusetts Appeals Court has highlighted for particular scorn when assessing the impact of trial counsel's

LDH 0014157

conduct in creating prejudicial error. *See Fyffe*, 86 Mass. App. Ct. at 472, 473, n. 19. On numerous occasions, counsel challenged the Court's rulings in front of the jury. (Aug. 5, 2015 Transcript, Exhibit R at 45-46, 187; Aug. 6, 2015 Transcript, Exhibit K at 224-25.) The plaintiff's counsel even accused defense counsel in front of the jury of "misstating" the facts of a case. (Jul. 29, 2015 Transcript, Exhibit G at 218-19.) Such conduct, in and of itself, is sufficient to merit a new trial, and in the face of "open defiance" to the Court's authority in front of the jury, even an immediate curative instruction may not be sufficient to cure the prejudicial harm. *Fyffe*, 86 Mass. App. Ct. at 473, n. 19, citing *Hess v. Boston Elev. Ry.*, 304 Mass. 535, 541 (1939). Counsel's conduct in this regard is particularly egregious when one considers that the Reptile strategy encourages counsel to provoke objections from opposing counsel in order to create an inference for the jury that a defendant is hiding something by objecting. Keenan, D., et al., *Reptile: The 2009 Manual of the Plaintiff's Revolution*, (Balloon Press 2009), Exhibit N at 57-58 ("A defense objection will imply there's something to hide.").

## III.   ALL OF THESE DELIBERATE TRANSGRESSIONS CUMULATIVELY CREATED IRREPARABLE PREJUDICE AND HARM TO THE DEFENDANTS WHICH THE COURT'S CURATIVE INSTRUCTIONS COULD NOT REMEDY.

Taken altogether, the plaintiff's counsel's many deliberate, calculated violations of the Court's rulings and evidentiary standards produced an incessant flow of prejudicial information to saturate the jury. A new trial is merited here for several reasons. First, courts tend to take particular exception where counsel's transgressions were intentional, rather than inadvertent, and where the improper comments failed to address any probative matter. *See Fyffe*, 86 Mass. App. Ct.. at 463 ("here the improper statements were not probative and were made deliberately—and in contravention of the judge's numerous directives to counsel to confine his statements to the evidence and to the issue at trial"); *Goldstein v. Gontarz*, 364 Mass. 800, 811-12 (1974) (stating

LDH 0014158

that the matter improperly addressed by counsel "was not even inferentially probative of a relevant proposition... was not responsive to any tendentious remark by the defense, and was introduced not by inadvertence but deliberately"); *Leone v. Doran*, 363 Mass. 1, 16-17 *order vacated in part*, 363 Mass. 886 (1973) (noting that counsel's errors "designedly brought immaterial and highly prejudicial matters to the attention of the jury").[4] Here, the intentional nature of the transgressions is beyond dispute, given the plaintiff's counsel's Reptile "playbook" for this.

Further, repeated transgressions, which existed here, are more likely to have a prejudicial effect than an isolated error. *See Fyffe*, 86 Mass. App. Ct. at 475 ("The sheer number of counsel's acts of misconduct cannot be minimized or overlooked."); *Williams v. Drake*, 146 F.3d 44, 49 (1st Cir. 1998) (noting that a new trial is appropriate where "multiple errors synergistically achieve the critical mass necessary to cast a shadow upon the integrity of the verdict")(internal citations omitted).

Further still, the Court's efforts to remedy these many transgressions through curative instructions, though valiant, were ineffectual – an inevitability recognized by the majority in Fyffe when noting that the trial judge in that case did her best to cure the misconduct, but was unable to do so. *Fyffe*, 86 Mass. App. Ct. at 475. Although the existence of curative instructions given by the judge to the jury is a relevant consideration when assessing prejudicial error, such instructions may not be sufficient: "the rubric that jurors are presumed to follow the judge's instructions does not mean that a curative or cautionary instruction always suffices to remove the

---

[4] In *Leone*, only one of three defendants was granted a new trial due to the failure of the other two defendants to file a brief with the Supreme Judicial Court, despite the court's recognition that "the trial was permeated with errors affecting all defendants." 362 Mass. at 9 n. 4. However, that part of the *Leone* opinion dismissing the bill of exceptions and ordering judgment entered for the plaintiff as to the other two defendants was later vacated and all three defendants were granted a new trial in light of counsels repeated errors. *See Leone v. Doran*, 362 Mass. 886, 886 (1973).

LDH 0014159

stain of what otherwise would be prejudicial error." *Id.*, citing *Allen v. Boston Elev. Ry.*, 212 Mass. 191, 194 (1912). In summary, the misconduct by the plaintiff's counsel was too pervasive, egregious, and prejudicial for curative instructions to suffice, as the jury was tainted by the misconduct as a matter of law.

Last, courts may look to the size of the jury verdict in relation to the evidence properly before the jury to support the conclusion that counsel's transgressions might have influenced the jury's decision. *See Fyffe*, 86 Mass. App. Ct. at 473-74; *Goldstein*, 463 Mass. at 814. In *Fyffe*, the court concluded that while the trial judge may not have abused her discretion in denying the defendant's motion for remittitur, the amount awarded was large enough to suggest "a significant risk that the jury's assessment of damages was affected by the numerous improprieties of plaintiff's counsel." 86 Mass. App. Ct. at 473-74; *see also Goldstein*, 463 Mass. at 812 n. 12, 814. The differences between the evidence and the awards in *Goldstein* and *Fyffe* – differences that warranted new trials – are relatively small when compared with the evidence and award in this case, which award was several factors higher than any reported verdict or settlement in Massachusetts.[5]

In light of these facts and the governing standard for granting a motion for a new trial, the defendants' motion should be allowed.

## IV.   MEDIA COVERAGE OF THE TRIAL UNDULY INFLUENCED THE JURY'S VERDICT.

Both the print and television media covered this trial extensively, and the plaintiff kept those media outlets informed of events, giving them intra-trial interviews. As noted above, the plaintiff's attorney had primed the jury for this, blatantly telling the jury in his opening statement that the media was on the plaintiff's side regarding the important issues raised in her lawsuit

---

[5] To illustrate this point, the defendants' memorandum in support of their motion for remittitur contains a comparison of verdicts and settlements in other Massachusetts cases involving sexual assaults.

LDH 0014160

against the defendants. He said, "The media will be here to be an advocate for her. That's how important these issues are." (Jul. 20, 2015 Transcript, Exhibit A at 105.) This effort to turn the jury against the defendants was followed by the presence of print and television media representatives, along with a conspicuous television camera, in the courtroom for significant portions of the trial. The plaintiff also gave interviews to two prominent television stations during the trial, and she provided information to a *Boston Globe* columnist who published a scathing column against the defendants on the day before the jury was scheduled to receive the case for deliberation. This column contained inaccuracies, manifested a blatant bias in favor of the plaintiff's position, posited numerous criticisms of what were purported to be the defendants' litigation positions, and set forth highly prejudicial comments from the Chief Operating Officer and Chief Legal Counsel of the Massachusetts Bar Association. Abraham, Y., *In Negligence Suit, A Lack of Decency*, Boston Globe Online, Aug. 9, 2015, Exhibit S.[6] The publication of the article on the eve of jury deliberations, therefore, posed a grossly prejudicial extraneous influence upon the jury.

The effects of the plaintiff's counsel's priming the jury and the ensuing media coverage cannot but have influenced the jury in favor of the plaintiff in this case, and this proposition finds support in both state and federal case law. The Supreme Judicial Court, for example, has held that in certain circumstances media coverage of an ongoing trial, even absent evidence that jury members were exposed to the coverage, can create so great a possibility of prejudice that a new trial is warranted. *See Commonwealth v. Crehan*, 345 Mass. 609, 615 (1963) (recognizing the possibility of prejudice where extraneous information reaches the jury through media coverage may be greater than the possibility of prejudice where similar information is communicated to

---

[6] Available at http://www.bostonglobe.com/metro/2015/08/08/interest-safety/hj3U0EGaqG0hqhpNuEc2NO/story.html. Accessed on September 24, 2015.

LDH 0014161

the jury by counsel for one of the parties because the media coverage is "not tempered by protective procedures" enacted by the court); *see also Sheppard v. Maxwell*, 384 U.S. 333, 358-63 (1966); *Estes v. Texas*, 381 U.S. 532, 545-546 (1965) (observing that televised media coverage can distract and make jurors self-conscious in the awareness that they are the subject of media coverage, commentary, and criticism).[7]

In this case, the plaintiff's counsel's telling the jury at the outset of the trial that the media (and, by implication, the public) was on the plaintiff's side in her important lawsuit simultaneously brought the jury into the plaintiff's camp and strongly suggested that the jury's decisions would be scrutinized by this plaintiff-friendly media and broadcast to the wider society – the same wider society that benefitted from the "safety rules" articulated by counsel at the trial. This, coupled with the ensuing coverage, the media representatives in the courtroom, the television camera in the courtroom, the intra-trial interviews, and the scathing, biased *Boston Globe* column, all served to unduly influence and prejudice the jury in ways that have been acknowledged by other courts.  Under the governing *Fyffe* standard, the plaintiff's counsel's instances of misconduct in our case far exceeded those at issue in *Fyffe* in number, degree, and significance.  A new trial is therefore warranted.

## CONCLUSION

For the reasons set forth above, the defendants request that the Court allow their motion for a new trial.

---

[7] The power of media coverage over substantive legal rights should not be underestimated.  For instance, extensive pre-trial media coverage may affect the ability of a defendant to receive a fair trial, necessitating a change of venue. *Com. v. Toolan*, 460 Mass. 452, 465-466 (2011).  At other times, extensive media coverage of events related to those at issue at trial may serve to put a potential plaintiff on notice of the existence of the cause of action, affecting the accrual date of the cause of action and thereby raising potential statute-of-limitations concerns. *Donahue v. United States*, 634 F.3d 615, 626-627 (1st Cir. 2011); *Patterson v. United States*, 451 F.3d 268, 271 (1st Cir. 2006).

LDH 0014162

Respectfully submitted,
JPA I Management Co., Inc.,
JPA IV Management Co., Inc.,
By their Attorneys,

William J. Dailey, Jr., BBO# 112200
Lawrence J. Kenney, Jr., BBO# 268620
Michael J. Kerrigan, BBO# 658855
Sloane & Walsh, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
Tel: 617-523-6010
wdaileyjr@sloanewalsh.com
lkenney@sloanewalsh.com
mkerrigan@sloanewalsh.com

Date: 9/24/15

## CERTIFICATE OF SERVICE

I, Michael J. Kerrigan, Esq., do hereby certify that on September 24, 2015, I caused to be served a true copy of the foregoing document by express mail upon the following counsel of record:

David J. Hoey, Esq.                      John J. Jarosak, Esq.
Krzysztof Sobczak, Esq.                  Bethany Minich, Esq.
Law Offices of David J. Hoey, P.C.       Litchfield Cavo, LLP
352 Park Street, Suite 105               6 Kimball Lane, Suite 200
North Reading, MA 01864                  Lynfield, MA 01940

                                         Michael J. Kerrigan

21

LDH 0014163

# EXHIBIT N

8/14/23, 12:26 PM                    Case Details - Massachusetts Trial Court N...

Case 1:22-cv-10792-RGS    Document 94-2    Filed 08/14/23    Page 30 of 121

## 1084CV01022 Wahlstrom, Kira vs. Rivera III, Jose Ruben et al

- Case Type:
- Torts
- Case Status:
- Closed
- File Date
- 03/12/2010
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Negligence - Personal Injury / Property Damage
- Status Date:
- 09/14/2015
- Case Judge:
-
- Next Event:
-



| All Information | Party | Subsequent Action/Subject | Event | Tickler | Docket | Disposition |

**Party Information**

Wahlstrom, Kira
- Plaintiff

| Alias |
|---|

**Party Attorney**
- Attorney
- Bettigole, Esq., Kara Ann
- Bar Code
- 632822
- Address
- Goganian and Associates, P.C.
- 144 Gould St
- Suite 202
- Needham Heights, MA  02494
- Phone Number
- (781)433-9812
- Attorney
- DeJuneas, Esq., Patricia A
- Bar Code
- 652997
- Address
- DeJuneas Law, LLC
- 11A Commercial Wharf West
- Boston, MA  02110
- Phone Number
- (617)529-8300
- Attorney
- Goganian, Esq., Amy E
- Bar Code
- 554754
- Address
- Goganian and Associates, P.C
- 144 Gould St
- Suite 202
- Needham Heights, MA  02494
- Phone Number
- (781)433-9812
- Attorney
- Hoey, Esq., David John
- Bar Code
- 628619
- Address
- Law Offices of David J Hoey PC
- 352 Park St
- Suite 105
- North Reading, MA  01864
- Phone Number
- (978)664-3633

**More Party Information**



**Rivera III, Jose Ruben**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

More Party Information

**Carlson Hotels Management Corp**
- Defendant

| Alias | Party Attorney |
|-------|----------------|
|  | Attorney |
|  | Dailey, Jr., Esq., William J |
|  | Bar Code |
|  | 112200 |
|  | Address |
|  | Sloane and Walsh |
|  | One Boston Place |
|  | 201 Washington Street Suite 1600 |
|  | Boston, MA  02108 |
|  | Phone Number |
|  | (617)523-6010 |
|  | Attorney |
|  | Kerrigan, Esq., Michael J |
|  | Bar Code |
|  | 658855 |
|  | Address |
|  | Sloane and Walsh, LLP |
|  | One Boston Place |
|  | 201 Washington Street Suite 1600 |
|  | Boston, MA  02108 |
|  | Phone Number |
|  | (617)523-6010 |

More Party Information

**Laz Parking Limited LLC**
- Defendant

| Alias | Party Attorney |
|-------|----------------|
|  | Attorney |
|  | Adukonis, Esq., Nora Rose |
|  | Bar Code |
|  | 676932 |
|  | Address |
|  | Litchfield Cavo LLP |
|  | 6 Kimball Lane |
|  | Suite 200 |
|  | Lynnfield, MA  01940 |
|  | Phone Number |
|  | (781)309-1521 |
|  | Attorney |
|  | Jarosak, Esq., John J |
|  | Bar Code |
|  | 545998 |
|  | Address |
|  | Litchfield Cavo, LLP |
|  | 6 Kimball Lane Suite 200 |
|  | Lynnfield, MA  01940 |
|  | Phone Number |
|  | (781)309-1500 |
|  | Attorney |
|  | Massimilla, Esq., Daniella |
|  | Bar Code |
|  | 670106 |
|  | Address |
|  | The Hanover Law Group |
|  | 50 Resnik Rd |
|  | Suite 201B |
|  | Plymouth, MA  02360 |
|  | Phone Number |
|  | (508)335-8311 |
|  | Attorney |
|  | Minich, Esq., Bethany Pierson |
|  | Bar Code |
|  | 648163 |
|  | Address |
|  | Litchfield Cavo LLP |
|  | 6 Kimball Lane Suite 200 |
|  | Lynnfield, MA  01940 |
|  | Phone Number |
|  | (781)309-1500 |

**More Party Information**

**JPA IV Management Company Inc**
**- Defendant**

| Alias | Party Attorney |
|---|---|
| | Attorney<br>Aronsson, Esq., Mark A<br>Bar Code<br>670812<br>Address<br>Boyle Shaughnessy Law PC<br>695 Atlantic Ave<br>Boston, MA 02111<br>Phone Number<br>(617)451-2000 |
| | Attorney<br>Driscoll, Esq., Patrick<br>Bar Code<br>669560<br>Address<br>Boyle Shaughnessy PC<br>695 Atlantic Ave<br>Boston, MA 02111<br>Phone Number<br>(617)428-9652 |
| | Attorney<br>Kaitz, Esq., Robert Marc<br>Bar Code<br>681917<br>Address<br>ABM Industries, Inc.<br>59 Inner Belt Rd<br>2nd Floor<br>Somerville, MA 02143<br>Phone Number<br>(774)641-7460 |
| | Attorney<br>Kenney, Jr., Esq., Lawrence J<br>Bar Code<br>268620<br>Address<br>Sloane and Walsh LLP<br>One Boston Place<br>16th Floor<br>Boston, MA 02108<br>Phone Number<br>(617)523-6010 |
| | Attorney<br>Kerrigan, Esq., Michael J<br>Bar Code<br>658855<br>Address<br>Sloane and Walsh, LLP<br>One Boston Place<br>201 Washington Street Suite 1600<br>Boston, MA 02108<br>Phone Number<br>(617)523-6010 |

**More Party Information**

**Park Square Revival Corp**
**- Defendant**

| Alias | Party Attorney |
|---|---|

**More Party Information**

**JPA 1 Management Co Inc (as amended)**
**- Defendant**

| Alias | Party Attorney |
|---|---|
| | Attorney<br>Aronsson, Esq., Mark A<br>Bar Code<br>670812<br>Address<br>Boyle Shaughnessy Law PC<br>695 Atlantic Ave<br>Boston, MA 02111<br>Phone Number<br>(617)451-2000 |

- Attorney
- Campo, Esq., Anthony M
- Bar Code
- 552093
- Address
- Boyle Shaughnessy & Campo P.C.
- 695 Atlantic Ave
- Boston, MA  02111
- Phone Number
- (617)451-2000
- Attorney
- Dailey, Jr., Esq., William J
- Bar Code
- 112200
- Address
- Sloane and Walsh
- One Boston Place
- 201 Washington Street Suite 1600
- Boston, MA  02108
- Phone Number
- (617)523-6010
- Attorney
- Driscoll, Esq., Patrick
- Bar Code
- 669560
- Address
- Boyle Shaughnessy PC
- 695 Atlantic Ave
- Boston, MA  02111
- Phone Number
- (617)428-9652
- Attorney
- Kenney, Jr., Esq., Lawrence J
- Bar Code
- 268620
- Address
- Sloane and Walsh LLP
- One Boston Place
- 16th Floor
- Boston, MA  02108
- Phone Number
- (617)523-6010
- Attorney
- Kerrigan, Esq., Michael J
- Bar Code
- 658855
- Address
- Sloane and Walsh, LLP
- One Boston Place
- 201 Washington Street Suite 1600
- Boston, MA  02108
- Phone Number
- (617)523-6010

**More Party Information**

### City of Boston (as amended)
- Defendant

| Alias | Party Attorney |
| --- | --- |
|  | - Attorney |
|  | - Maki, Esq., Lisa Skehill |
|  | - Bar Code |
|  | - 675344 |
|  | - Address |
|  | - Boston Public Schools |
|  | - 2300 Washington St |
|  | - Boston, MA  02118 |
|  | - Phone Number |
|  | - (781)492-2139 |

**More Party Information**

### Radisson Hotels International Inc (as amended)I
- Defendant

| Alias | Party Attorney |
| --- | --- |
|  | - Attorney |
|  | - Dailey, Jr., Esq., William J |
|  | - Bar Code |
|  | - 112200 |
|  | - Address |
|  | - Sloane and Walsh |

- One Boston Place
- 201 Washington Street Suite 1600
- Boston, MA 02108
- Phone Number
- (617)523-6010
- Attorney
- Kenney, Jr., Esq., Lawrence J
- Bar Code
- 268620
- Address
- Sloane and Walsh LLP
- One Boston Place
- 16th Floor
- Boston, MA 02108
- Phone Number
- (617)523-6010
- Attorney
- Kerrigan, Esq., Michael J
- Bar Code
- 658855
- Address
- Sloane and Walsh, LLP
- One Boston Place
- 201 Washington Street Suite 1600
- Boston, MA 02108
- Phone Number
- (617)523-6010

**More Party Information**

**JPA I Managment Co Inc**
- Other interested party

| Alias | Party Attorney |
|---|---|
| | |

**More Party Information**

**JPA IV Management Co Inc**
- Other interested party

| Alias | Party Attorney |
|---|---|
| | |

**More Party Information**

**The Keenan's Kids Foundation Inc**
- Other interested party

| Alias | Party Attorney |
|---|---|
| | • Attorney<br>• Goren, Esq., Richard A<br>• Bar Code<br>• 203700<br>• Address<br>• Law Office of Richard Goren<br>• 29 Crafts St Suite 420<br>• Newton, MA 02458<br>• Phone Number<br>• (617)933-9494 |

**More Party Information**

**Gould, Andrew Q**
- Other interested party

| Alias | Party Attorney |
|---|---|
| | |

**More Party Information**

**Keenan, Don C**
- Other interested party

| Alias | Party Attorney |
|---|---|
| | |

**More Party Information**

**Law Offices of David J Hoey PC**
- Other interested party

| Alias | Party Attorney |
|---|---|
| | • Attorney<br>• Bettigole, Esq., Kara Ann<br>• Bar Code<br>• 632822<br>• Address<br>• Goganian and Associates, P.C.<br>• 144 Gould St |

- Suite 202
  Needham Heights, MA  02494
- Phone Number
- (781)433-9812
- Attorney
- Goganian, Esq., Amy E
- Bar Code
- 554754
- Address
- Goganian and Associates, P.C
  144 Gould St
  Suite 202
  Needham Heights, MA  02494
- Phone Number
- (781)433-9812

**More Party Information**

**Sobczak, Krzysztof G**
**- Other interested party**

| Alias | Party Attorney |
|-------|----------------|
|       | - Attorney |
|       | - Sobczak, Esq., Krzysztof G |
|       | - Bar Code |
|       | - 680813 |
|       | - Address |
|       | - Sobczak Law |
|       |   58 Winter St |
|       |   Suite 400 |
|       |   Boston, MA  02108 |
|       | - Phone Number |
|       | - (617)669-6972 |

**More Party Information**

## Subsequent Action/Subject

| Description | Status | SA/Subject # | Status Date | Responding Party | Judgments | Pleading Party |
|-------------|--------|--------------|-------------|------------------|-----------|----------------|
| Crossclaim | Open | 1 | | Laz Parking Limited LLC | 0 | JPA IV Management Co Inc |

## Events

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 02/14/2011 02:00 PM | Civil G | | Hearing | | Held as Scheduled |
| 02/14/2011 02:00 PM | Civil G | | Hearing | | Held as Scheduled |
| 04/11/2011 02:00 PM | Civil G | | Motion Hearing to Amend Complaint | | Held as Scheduled |
| 11/27/2012 02:00 PM | Civil G | | Rule 56 Hearing | | Rescheduled |
| 12/10/2012 02:00 PM | Civil G | | Hearing | | Held as Scheduled |
| 12/17/2012 02:00 PM | Civil G | | Rule 56 Hearing | | Held as Scheduled |
| 01/15/2013 02:00 PM | Civil G | | Status Review | | Held as Scheduled |
| 03/18/2013 02:00 PM | Civil G | | Final Pre-Trial Conference | | Held as Scheduled |
| 06/04/2013 02:00 PM | Civil G | | Hearing RE: Discovery Motion(s) | | Not Held |
| 12/09/2013 02:00 PM | Civil G | | Motion Hearing to Compel | | Held as Scheduled |
| 01/16/2014 02:00 PM | Civil G | | Final Pre-Trial Conference | | Held as Scheduled |
| 06/02/2014 02:00 PM | Civil G | | Pre-Trial Conference | | Held as Scheduled |

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 06/10/2014 02:00 PM | Civil G | | Final Trial Conference | | Rescheduled |
| 06/17/2014 09:00 AM | Civil G | | Jury Trial | | Rescheduled |
| 07/14/2014 02:00 PM | Civil G | | Litigation Control Conference | | Rescheduled |
| 09/15/2014 02:00 PM | Civil G | | Motion Hearing to Compel | | Not Held |
| 10/06/2014 02:00 PM | Civil G | | Motion Hearing to Compel | | |
| 11/12/2014 09:00 AM | Civil G | | Jury Trial | | Canceled |
| 11/12/2014 09:00 AM | Civil G | | Jury Trial | | Rescheduled |
| 12/08/2014 02:00 PM | Civil G | | Rule 56 Hearing | | Held as Scheduled |
| 12/08/2014 02:00 PM | Civil G | | Motion Hearing to Compel | | Held as Scheduled |
| 07/09/2015 02:00 PM | Civil G | | Litigation Control Conference | | Held as Scheduled |
| 07/13/2015 09:00 AM | Civil G | | Jury Trial | | |
| 07/14/2015 09:00 AM | Civil G | | Jury Trial | | |
| 07/15/2015 09:00 AM | Civil G | | Jury Trial | | |
| 07/16/2015 02:00 PM | Civil G | | Jury Trial | | |
| 07/17/2015 09:00 AM | Civil G | | Jury Trial | | |
| 08/03/2015 08:30 AM | Civil G | | Jury Trial | | |
| 08/07/2015 09:00 AM | Civil G | | Jury Trial | | |
| 08/10/2015 09:00 AM | Civil G | | Jury Trial | | Held as Scheduled |
| 08/11/2015 09:00 AM | Civil G | | Jury Trial | | Held as Scheduled |
| 09/08/2015 02:00 PM | Civil G | | Post-Judgment Hearing | | Held as Scheduled |
| 11/04/2015 02:00 PM | Civil G | BOS-10th FL, CR 1008 (SC) | Motion Hearing | Wilson, Hon. Paul D | Held as Scheduled |
| 12/16/2015 10:00 AM | Civil G | BOS-10th FL, CR 1008 (SC) | Motion Hearing for Reconsideration | Wilson, Hon. Paul D | Held as Scheduled |
| 10/30/2019 02:00 PM | Civil D | BOS-3rd FL, CR 314 (SC) | Rule 12 Hearing | Wilkins, Hon. Douglas H | Held as Scheduled |
| 04/21/2020 10:00 AM | Civil G | BOS-10th FL, CR 1008 (SC) | Hearing for Judgment on Pleading | Donatelle, Hon. Sharon | Rescheduled-Covid-19 emergency |
| 10/15/2020 02:00 PM | Civil C | BOS-3rd FL, CR 313 (SC) | Hearing: Sanctions | Gordon, Hon. Robert B | Held as Scheduled |
| 10/21/2020 12:00 PM | Civil D | BOS-3rd FL, CR 314 (SC) | Motion Hearing | | Held via Video/Phone |

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Appeal - No Transcript | 11/25/2020 | 12/09/2020 | 14 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 03/12/2010 | Complaint & Jury Demand on all Issues | 1 | |
| 03/12/2010 | Origin 1, Type B04, Track F. | | |
| 03/12/2010 | Civil action cover sheet filed($1,000,000.00) | 2 | |
| 03/29/2010 | SERVICE RETURNED: Laz Parking Limited LLC(Defendant) in hand to Darhlena Mitchell-agent in charge of service | 3 | |
| 03/29/2010 | SERVICE RETURNED: Carlson Hotels Management Corp(Defendant) in hand to Bernardo Montinez-process clerk, agent in charge of service | 4 | |
| 03/31/2010 | SERVICE RETURNED: Jose Ruben Rivera III(Defendant) delivered to Sergeant Duarte IPS agent in charge of accepting service for Defendant Rivera III currently being held at Bridgewater State Hospital | 6 | |
| 04/01/2010 | Notice of voluntary dismissal (41a.l.i) of deft Park Square Revivial Corp only | 5 | |
| 04/08/2010 | ANSWER: Laz Parking Limited LLC(Defendant) with Jury Claim | 7 | |
| 04/22/2010 | SERVICE RETURNED: JPA IV Management Company Inc(Defendant) (in hand) | 8 | |
| 05/27/2010 | ANSWER & CROSSCLAIM: JPA IV Management Company Inc(Defendant) (jury reqstd) | 9 | |
| 05/27/2010 | ANSWER: Carlson Hotels Management Corp(Defendant) (jury reqstd) | 10 | |
| 06/09/2010 | ANSWER by Laz Parking Limited LLC to CROSSCLAIM of JPA IV Management Company Inc | 11 | |
| 06/22/2010 | Case status changed to 'Needs review for answers' at service deadline review | | |
| 08/02/2010 | Default re: Jose Ruben Rivera III (no answer by 1-88 deadline); Pltf directed to move for appropriate judgement by 09/01/2010. Copies mailed. | 12 | |
| 08/02/2010 | Case status changed to 'Needs discovery' at answer deadline review | | |
| 10/27/2010 | Plaintiff Kira Wahlstrom's MOTION to amend complaint to add as Defendant JPA I Management Company Inc (w/o opp) | 13 | |
| 11/01/2010 | Motion (P#13) Allowed (Frances A. McIntyre, Justice). Notices mailed 10/29/10 (entered 10/29/10) | | |
| 11/01/2010 | First Amended complaint & jury demand (all issues)Filed by Lv (McIntyre,J) (entered 10/29/10) | 14 | |
| 12/17/2010 | ANSWER: JPA 1 Management Co Inc (Defendant) with CrossClaims | 15 | |
| 12/17/2010 | ANSWER (amended complaint): JPA IV Management Company Inc with CrossClaims | 16 | |
| 12/17/2010 | ANSWER (amended complaint): Carlson Hotels Management Corp | 17 | |
| 12/20/2010 | Plaintiff Kira Wahlstrom's MOTION to amend complaint to add as Defendant The City of Boston (w/o opp) | 18 | |
| 12/23/2010 | Motion (P#18) ALLOWED (Frances A. McIntyre, Justice) Notices mailed 12/22/2010 dated 12/22/10 | | |
| 12/23/2010 | Second Amended complaint of Kira Wahlstrom & Jury demand (all issues) | 19 | |
| 12/24/2010 | Amended ANSWER & Jury demand (amended complaint): Defendant Laz Parking Limited LLC (all issues) | 20 | |
| 12/24/2010 | ANSWER & Jury demand by Laz Parking Limited LLC to CROSSCLAIM of JPA IV Management Co Inc (all issues) | 21 | |
| 01/06/2011 | SERVICE RETURNED (summons): Jose Ruben Rivera (in hand on 12/29/10 ) | 22 | |
| 01/21/2011 | ANSWER (second amended complaint): Laz Parking Limited LLC | 23 | |
| 02/01/2011 | SERVICE RETURNED: Laz Parking Limited LLC(Defendant/crossclaim) (in hand) | 24 | |
| 02/10/2011 | Defendant City of Boston (as amended)'s MOTION to stay Discovery pending this court's ruling on the City of Boston's Motion to Dismiss w/opposition | 25 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 02/15/2011 | Certain Defendants' Emergency MOTION to Stay 10 depositions pending the resolution of the City of Boston's dispositive motion - (filed by leave of Court (Hogan, J) 2/11/11 - After hearing, two of the presently scheduled 10 depositions, shall go forward. The remaining 8 depositions are stayed pending a decision on the City's motion to stay. (Hogan, J) Dated 2/14/11 Notice sent 2/15/11 | 26 | |
| 02/15/2011 | Plaintiff's Emergency MOTION for Litigation Control Conference (w/o opp) (Filed by leave 2/11/11 Hogan, J)) | 27 | |
| 02/16/2011 | Defendant City of Boston (as amended)'s MOTION to Dismiss (MRCP 12b) Second Amended Complaint of Kira Wahlstrom (w/opp) | 28 | |
| 02/18/2011 | SERVICE RETURNED: City of Boston (as amended)(Defendant) (accepted by attorney on 2/11/11) | 30 | |
| 02/23/2011 | Joint motion of parties to extend tracking order deadlines | 29 | |
| 02/25/2011 | SERVICE RETURNED (summons): Jose Ruben Rivera III, service made on 2/8/2011 (in hand) | 31 | |
| 03/18/2011 | Motion (P#29) ALLOWED (Maureen B. Hogan, Justice) Dated 3/16/11 Notices mailed 3/17/2011 | | |
| 04/15/2011 | SERVICE RETURNED: JPA 1 Management Co Inc (as amended)(Defendant) (in hand) | 32 | |
| 04/15/2011 | SERVICE RETURNED (summons): Carlson Hotels Management Corp, service made on 1/25/2011 (in hand) | 33 | |
| 04/15/2011 | SERVICE RETURNED (summons): JPA IV Management Company Inc, service made on 1/25/2011 (in hand) | 34 | |
| 04/15/2011 | ANSWER & CROSSCLAIM (2nd amended complaint): JPA IV Management Company Inc (jury reqstd) | 35 | |
| 04/15/2011 | ANSWER & CROSSCLAIM (2nd amended complaint): JPA 1 Management Co Inc (as amended) (jury reqstd) | 36 | |
| 04/15/2011 | ANSWER (2nd amended complaint): Carlson Hotels Management Corp (jury reqstd) | 37 | |
| 04/20/2011 | Motion (P#28) ALLOWED. See Ruling entered this day. (Frances A. McIntyre, Justice) Notices mailed 4/20/2011 (entered 4/19/11) | | |
| 04/20/2011 | MEMORANDUM OF DECISION AND ORDER ON THE CITY OF BOSTON'S MOTION TO DISMISS & ALLOWED as to Count VI Only. (Frances A. McIntyre, Justice). (entered 4/19/11) notices mailed 4/20/11 | 38 | |
| 06/08/2011 | Defendant City of Boston (as amended)'s MOTION for Separate & Final Judgment (MRCP 54B) (w/o opp) | 39 | |
| 06/15/2011 | Motion (P#39) DENIED To Allow this motion would encourage "piecemeal appeals" See Long V Wickett 50 Mass App 380, ( 388 (2008 ) ) (Frances A. McIntyre, Justice) Notices mailed 6/15/2011 | | |
| 03/28/2012 | Defendant Laz Parking Limited LLC's MOTION for Summary Judgment, pursuant to Mass.R.Civ.P. 56, as to Kira Wahlstrom w/opposition | 40 | |
| 03/28/2012 | Affidavit of Michael J. Kerrigan | 41 | |
| 03/28/2012 | Request for hearing filed by Laz Parking Limited LLC | 42 | |
| 04/27/2012 | Parties' joint MOTION to extend discovery deadline | 43 | |
| 05/04/2012 | Motion (P#43) ALLOWED (Frances A. McIntyre, Justice) Notices mailed 5/4/2012 (entered 5/2/12) | | |
| 10/15/2012 | Assented to motio to extend certain deadlines | 44 | |
| 10/22/2012 | Motion (P#44) ALLOWED (Frances A McIntyre) Notices mailed 10/19/2012 | | |
| 11/28/2012 | Application of Kira Wahlstrom for Jose Ruben Rivera III's hospital records from Bridgewater State Hospital (filed 11/13/12) | 45 | |
| 11/28/2012 | Application of Kira Wahlstrom for Jose Ruben Rivera III's hospital records from Boston Medical Care Center (filed 11/13/12) | 47 | |
| 11/29/2012 | Certain Defendants' MOTION to quash the Rule 30(b)(6) deposition subpoena and the Keeper of Records subpoena propounded upon O'Neill and Associates (w/opposition) | 49 | |
| 11/29/2012 | Request for hearing filed by JPA IV Management Company Inc | 50 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 12/03/2012 | Notice sent to appear on [date:date] for a hearing on [specify event] | | |
| 01/07/2013 | Plff's Opposition to the supplemental memorandum of the deft Laz Parking Limited LLC | 51 | |
| 01/18/2013 | ORDER Pretrial Conference Report (Paul Wilson, Justice) (entered 1/15/13) notices mailed 1/17/13 | 52 | |
| 01/23/2013 | Motion (P#49) DENIED (Frances McIntyre, Justice) Notices mailed 1/18/2013 (entered 1/18/13) (see memo filed this day) | | |
| 01/23/2013 | MEMORANDUM OF DECISION AND ORDER ON JPA 1 MANAGEMENT COMPANY INC'S MOTION TO QUASH (Frances McIntyre, Justice). Copies mailed 1/18/13 (entered 1/18/13) | 53 | |
| 02/21/2013 | Plaintiff Kira Wahlstrom's Emergency MOTION to compel Defendant depositions (w/o opposition) | 54 | |
| 02/25/2013 | Defendant Carlson Hotels Management Corp's MOTION for Protective Order (w/opposition) | 55 | |
| 02/25/2013 | Plaintiff Kira Wahlstrom's MOTION to Strike Defendant Carlson Hotels Management Corp.'s motion for protective order (w/opposition) | 56 | |
| 02/25/2013 | Request for hearing filed by Carlson Hotels Management Corp | 57 | |
| 02/28/2013 | Motion (P#54) DENIED for failure to comply with Superior Court Rule 9A, because the "emergency" could have been foreseen. However, if deft fails to produce these witnesses for deposition, plff may move for appropriate sanctions. (Paul D. Wilson, Justice) Notices mailed 2/27/2013 (entered 2/25/13) | | |
| 03/04/2013 | Motion (P#55) Allowed in part depositioin may go forward because various witnesses have discussed involvememt of various "Carlson entities and plaintiff is entittled to explore CHMC's involvememnt by way of deposition.However to avoid undue burden CHMC''sRule 30(b)(6) witnesses need not travel to Ma. depositn is to take place in Minnesota or by video unless CHMC agrees ttherwise (Paul D. Wilson, Justice). Notices mailed 3/1/2013 dated 3/1/13 | | |
| 03/04/2013 | Motion (P#56) DENIED (Paul D. Wilson, Justice) Notices mailed 3/1/2013 dated3/1/13 | | |
| 03/22/2013 | SCHEDULING ORDER (Paul D. Wilson, Justice) (entered 3/18/13) notices mailed 3/21/13 | 58 | |
| 03/26/2013 | Court received a letter to the Honorable Pail Wilson from the plff requesting that all parties be permitted to file the joint pretrial memorandum after the upcoming March 18 2013 pretrial conferernce, filed and ALLOWED on 3/15/13. March 18 pretrial conferernce will be converted to status conference. (Paul Wilson, Justice) notices mailed 3/25/13 | 59 | |
| 04/10/2013 | Memorandum:of Decision on deft Laz Parking limited LLC's Motion for Summary Judgment MRCP 56 Denied (McIntyre,J) Notice sent 4/9/13 (entered 4/9/13 | 60 | |
| 04/11/2013 | Motion (P#40) DENIED See Memorandum (Frances A. McIntyre, Justice) Notices mailed 4/9/2013 (entered 4/8/13) | | |
| 05/16/2013 | Defendant Kira Wahlstrom's MOTION to obtain, copy or inspect mental health records of Defendant Jose Ruben Rivera III (w/o opposition) | 61 | |
| 06/24/2013 | Application of Kira Wahlstorm for Jose Ruben Rivera III's hospital records from Lemuel Shattuck | 62 | |
| 06/27/2013 | Application of Plaintiff Kira Wahlstrom to inspect the Brigham and Women's Faulker Hospital records of deft. Jose Ribera | 64 | |
| 07/17/2013 | Plaintiff Kira Wahlstrom's MOTION to amend complaint to Replace Defendant Carlson Hotels Management Corp. with Radisson Hotels International Inc ( with opposition) | 66 | |
| 07/17/2013 | Request for hearing filed by Non-Party Raddison Hotels International Inc | 67 | |
| 09/26/2013 | Plaintiff Kira Wahlstrom's MOTION to compel production of certain personnel files | 68 | |
| 09/26/2013 | Request for hearing filed by JPA IV Management Company Inc (w/opposition) | 69 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 10/30/2013 | Plaintiff Kira Wahlstrom's MOTION for leave to compel operating manual (w/opposition) | 70 | |
| 10/30/2013 | Request for hearing filed by Carlson Hotels Management Corp | 71 | |
| 11/27/2013 | Request for joint hearing filed by Kira Wahlstrom & JPA IV Management Company Inc on 12/9/13 | 72 | |
| 12/18/2013 | Motion (P#68) The defendant JPA 1 sets forth many reasons why not to allow the motion to compel, all of which are solidly based and persuasive. The motion to compel is DENIED (Frances A. McIntyre, Justice) Dated 12/16/13 Notices mailed 12/17/2013 | | |
| 12/18/2013 | Motion (P#70) The manual is relevant to material issues in the case, the motion is ALLOWED. Parties are ordered to fashion a confidentiality agreement that protects RHI's interests and if unable to do so, apply to the court for assistance. (Frances A. McIntyre, Justice) Dated 12/16/13 Notices mailed 12/17/2013 | | |
| 12/18/2013 | Motion (P#66) ALLOWED (Frances A. McIntyre, Justice) Dated 12/16/13 Notices mailed 12/17/2013 | | |
| 12/18/2013 | Motion (P#72) ALLOWED. Hearing conducted. (Frances A. McIntyre, Justice) Notices mailed 12/18/2013 | | |
| 01/17/2014 | Third Amended complaint of plff & jury demand (all issues) | 73 | |
| 02/03/2014 | SERVICE RETURNED (summons): Laz Parking Limited LLC, service made on 1/23/2014 (1st Class mail by agreement) | 74 | |
| 02/06/2014 | ANSWER of deft Laz Parking Limited LLC to third party complaint crossclaims & jury demand (all issues) | 75 | |
| 02/07/2014 | SERVICE RETURNED: Radisson Hotels International Inc (as amended)l(Defendant) (Attorney excepted First class mail on 1/23/14) | 76 | |
| 02/07/2014 | SERVICE RETURNED (summons ) JPA 1V Management Co Inc Trustee (accept by attorney first class mail on 1/23/14) | 77 | |
| 02/07/2014 | SERVICE RETURNED (summons): JPA 1 Management Co Inc (Accepted by attorney First Class mail on 1/23/14) | 78 | |
| 02/07/2014 | ANSWER of JPA 1 Management Co Inc to the plff's third (amended complaint ) & jury demand (all issues) | 79 | |
| 02/07/2014 | JPA 1 Management Co Inc crossclaim against Laz Parking Limited LLC & jury demand (all issues) | 80 | |
| 02/07/2014 | ANSWER: of JPA 1V Management Co Inc to Third Amended Complaint & jury demand (all issues) | 81 | |
| 02/07/2014 | JPA 1V Management Co Inc crossclaim against Laz Parking Limited LLC & jury demand (all issues) | 82 | |
| 02/07/2014 | ANSWER: Radisson Hotels International Inc to Third Amended Complaint & jury demand (all issues) | 83 | |
| 02/18/2014 | ANSWER by Laz Parking Limited LLC to CROSSCLAIM of JPA IV Management Company Inc | 84 | |
| 02/18/2014 | ANSWER by Laz Parking Limited LLC to CROSSCLAIM of JPA I Managment Co Inc | 85 | |
| 02/18/2014 | ANSWER by Radisson Hotels International Inc (as amended)l to CROSSCLAIM of Laz Parking Limited LLC | 86 | |
| 04/25/2014 | Plaintiff Kira Wahlstrom's emergency MOTION to compel the deposition of Raj Rana | 87 | |
| 04/29/2014 | Opposition to plff's emergency motion to compel deposition of Rajvir Rana filed by Radisson Hotels International Inc (as amended)l | 88 | |
| 05/05/2014 | Deft Laz Parkng Limited LOLC'sM MOTION in limine to preclude evidence of details of assault involvinjg Blanca Parada (w/o opposition) | 89 | |
| 05/05/2014 | Deft Laz Parking Limited LLC's MOTION in limine to preclude evidence of its affiliated entities its profits and content of its website (w/o opposition) | 90 | |
| 05/05/2014 | Deft Laz Parking Limited LLC's MOTION in limine to preclude evidence of Insurance (w/o opposition) | 91 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 05/05/2014 | Deft Laz Parking Limited LLC MOTION in limine to preclude evidence of criminal activity in facilities owned or managed by Laz Parking Limited LLC or its affiliates (w/o opposition) | 92 | |
| 05/09/2014 | Motion (P#87) After hearing, this is ALLOWED, only insofar as deposition may be subject outside discovery deadline. He is not an employee of RHI however, & RHI is NOT obligated to produce him. (Francis A. McIntyre, Justice) Dated 5/7/14 Notices mailed 5/8/2014 | | |
| 05/19/2014 | Plaintiff's Opposition to Defendant, LAZ Parking Limited LLC's Motion In Limine to Preclude Evidence of Details of Assault Involving Blanca Prada | 93 | |
| 05/19/2014 | Plaintiff's Opposition to Defendant, LAZ Parking Limited LLC's Motion In Limine to Preclude Evidence of its Affiliated Entities, Its Profits and Content of its Website | 94 | |
| 05/19/2014 | Plaintiff's Opposition to Defendant, LAZ Parking Limited LLC's Motion In Limine to Preclude Evidence of Insurance | 95 | |
| 05/19/2014 | Plaintiff's Opposition to Defendant, LAZ Parking Limited LLC's Motion In Limine to Preclude Evidence of Criminal Activity in Facilities Owned or Managed by LAZ Parking Limited LLC or its affiliates | 96 | |
| 05/27/2014 | Certain Defendants' MOTION in limine to preclude evidence of insurance (w/opposition) | 97 | |
| 05/27/2014 | Certain Defendants' MOTION in limine to preclude certain attorney statements and arguments (w/opposition) | 98 | |
| 05/27/2014 | Certain Defendants' MOTION in limine to preclude evidence of subsequent measures and certain subsequent events at the hotel and garage (w/opposition) | 99 | |
| 05/27/2014 | Certain Defendants' MOTION in limine to preclude evidence regarding the size, worth, and assets of the Defendants or their affiliated entities or personnel (w/opposition) | 100 | |
| 05/27/2014 | Certain Defendants' MOTION in limine to preclude details of the April 19, 2009 assault and litigation arising out of that assault (w/opposition) | 101 | |
| 05/27/2014 | Certain Defendants' MOTION in limine to preclude evidence of issimilar criminal activity (w/opposition) | 102 | |
| 05/27/2014 | Certain Defendants' MOTION in limine to preclude alter ego-type references (w/opposition) | 103 | |
| 05/27/2014 | Certain Defendants' MOTION in limine to preclude opinion testimony that the Defendants violated any rule, code, regulation, or statute (w/opposition) | 104 | |
| 05/27/2014 | Certain Defendants' MOTION in limine regarding various matters (w/opposition) | 105 | |
| 05/27/2014 | Certain Defendants' MOTION in limine to preclude evidence of website content (w/opposition) | 106 | |
| 05/27/2014 | Defendant Radisson Hotels International Inc's MOTION in limine to preclude any of the Plaintiff's experts from offering any testimony about RHI (w/opposition) | 107 | |
| 05/27/2014 | Request for hearing filed by Certain Defendants | 108 | |
| 05/29/2014 | Non-Party Carlson Holdings Inc's Emergency MOTION for Leave to File a Limited Appearance and an Opposition to Plaintiff's Motion to Amend the Complaint to Add Carlson Holdings Inc as Party Defendant | 109 | |
| 05/30/2014 | Defendant Radisson Hotels International Inc (as amended)l's MOTION to continue the June 17, 2014 Trial (w/opposition) | 110 | |
| 05/30/2014 | Request for hearing filed by Radisson Hotels International Inc (as amended)l | 111 | |
| 05/30/2014 | Opposition to Deft Radisson Hotels INternational INc's motion to co nt ine the June 17, 2014 trial filed by Kira Wahlstrom & cross motion to strike the defts instant motion (w/opposition) | 112 | |
| 06/02/2014 | Plaintiff Kira Wahlstrom's MOTION in liminefor an order replacing the defts from offering Mr. Stoper as an expert witness (w/opposition) | 113 | |
| 06/02/2014 | Plaintiff Kira Wahlstrom's MOTION in liminefor an order precluding the defts from using the terms "GUILTY" and "INNOCENT" in describing | 114 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | the consequences of a finding against the defts (w/opposition) | | |
| 06/02/2014 | Plaintiff Kira Wahlstrom's MOTION in liminefor an order precluding the defts fron offering any evidence concerning negligence of some other unknown third parties and to strike defts' correspondong affirmative defense (w/opposition) | 115 | |
| 06/02/2014 | Plaintiff's MOTION to Quash Second Deposition Notice and for a Protective Order (with opposition) | 116 | |
| 06/02/2014 | Plaintiff's MOTION for Fair Trial and Attorney Conducted Voir Dire (with opposition) | 117 | |
| 06/23/2014 | Papers returned from [code:general:county] Superior Court | | |
| 06/23/2014 | Letter re: Motion in limine To be heard as final trial conference yet to be scheduled Trial is set for 11/19/14 (McIntyre,J) | 118 | |
| 06/23/2014 | Letter - Hearing to be conducted on July 17, 3014 at litigation control conference (McIntyre, J) | 119 | |
| 06/23/2014 | Memorandum: in support of plff's motion for fair trial & Attorney conducted Voir Dire | 120 | |
| 06/23/2014 | Certain defts opposition to the plff's motion in limine for fair trial and attorney conducted voir dire | 121 | |
| 06/24/2014 | Motion (P#110) Continuance ALLOWED, outstanding discovery issues to be heard at 7-14-14 Litigation Control Conference (Francis A. McIntyre, Justice) Dated 6/23/14 Notices mailed 6/23/2014 | | |
| 06/24/2014 | Plaintiff's MOTION to Amend the Complaint to Add Carlson Holdings Inc as a Party Defendant: DENIED, see order on p#122: This judge is persuaded that the Amended complaint would not survive a motion to dismiss. As such, this amendment would be futile. Thus, the motion to amend is DENIED. Moreover, it appears to this judge that all potentially liable parties are before the court, and there is no inequity in this outcome (McIntyre, J.) (dated 6/23/14) notice sent 6/24/14 | 122 | |
| 07/11/2014 | Plaintiff Kira Wahlstrom's MOTION to compel further Discovery from the deft Radisson Hotels International Inc (w/opposition) | 123 | |
| 07/15/2014 | Defendant Radisson Hotels International Inc (as amended)l's MOTION to refer this action to mediation (w/opposition) | 124 | |
| 07/15/2014 | Defendant Radisson Hotels International Inc (as amended)l's MOTION to amend tracking deadlines & establish parameters for remaining discovery (w/opposition) | 125 | |
| 07/18/2014 | Letter Request of plff for leave to file a reply brief & Allowed (Ball,J) Notice sent 7/17/14 (entered 7/16/14) | 126 | |
| 08/04/2014 | Joint Request for a special assignment (pursuant to Standing Order # 9-80, as amended) | 127 | |
| 08/20/2014 | ORDER DENYING REQUEST FOR SPECIAL ASSIGNMENT: Kira Wahlstrom vs. Jose Ruben Rivera III & others - After due consideration of the request for special assignment in the above-captioned case, said request is hereby DENIED. The Clerk-Magistrate's office will notify all counsel of record. (Barbara J. Rouse, Chief Justice Superior Court) Dated: August 18, 2014 Notice sent 8/20/14 | 128 | |
| 08/21/2014 | Request (P#127) This request has been acted upon by separate order dated yesterday. (Carol S. Ball, Justice) Dated 8/19/14 Notices mailed 8/20/14 | | |
| 09/19/2014 | Defendants' MOTION for an order compelling the Plaintiff to submit to a mental examination | 129 | |
| 09/19/2014 | Opposition to motion of the Defendants for an order compelling the Plaintiff to submit to an unspecified examination aftr claose of discovery & CROSS-MOTION for Costs and Fees filed by Kira Wahlstrom | 130 | |
| 10/02/2014 | Defendant Radisson Hotels International Inc (as amended)l's MOTION for Summary Judgment, pursuant to Mass.R.Civ.P. 56, on all claims (Request for Hearing) | 131 | |
| 10/02/2014 | Opposition to Plaintiff's Rule 56(f) motion filed by Radisson Hotels International Inc (as amended) | 135 | |
| 10/02/2014 | Transmittal Declaration of Jeffrey J. Upton in support of Defendant Radisson Hotels International, Inc.'s motion for summary judgment on | 132 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | all claims | | |
| 10/02/2014 | Plaintiff Kira Wahlstrom's Rule 56(f) MOTION for further discovery in liue of an opposition to Radisson Hotels International, Inc.'s motion for summary judgment | 133 | |
| 10/02/2014 | Affidavit of Krzysztof G. Sobczak, Esq. in support of Plaintiff's Rule 56(f) motion | 134 | |
| 10/07/2014 | Motion (P#124) After hearing, DENIED, given that the parties have been unable to agree on the "term" of mediation (Paul Wilson, Justice) (entered 10/6/14) . Notices mailed 10/7/2014 | | |
| 10/07/2014 | Joint pre-trial memorandum filed | 136 | |
| 10/07/2014 | Motion (P#123): After Hearing, DENIED. The parties agree that defendant RHI has now responded adequatley to interrogatory 2, making that portion of the motion moot. RHI has fully complied with the document requests at issue as to 2009 documents and plaintiff has presented no reason why documents form earlier periods, the the contractual agreements were different, (Paul Wilson, Justice). Notices mailed 10/7/2014 | | |
| 10/08/2014 | ORDER on plff;s rule 56(f) Motion for further discovery & DENIED Plff is directed to respond to RHI's summary judgment motion within 21 days A hearing on that motion scheduled for 12/8/14 at 2:PM (Wilson,J) (see P#137)Notice sent 10/8/14 (entered 10/8/14 | 137 | |
| 10/08/2014 | Motion (P#123) After hearing, DENIED. The parties agree thath defendant RHI has now responded adequatley to interrogatory 2, making that portion of the motion moot. RHI has fully complied with the document requests at issue as to 2009 documents and plaintiff has presented no reason why documents from earlier periods, when the contractual arrangements were different, might lead to the discovery of admissable evidence. In addition, plaintiffs have had four years to pursue said documents because of an affiliate of RHI, and the JPA defendants who are the other parties to the documents sought in request 30, have been in the case since 2010 (Paul Wilson, Justice). (entered 10/7/14) Notices mailed 10/7/2014 | | |
| 10/08/2014 | Motion (P#125) After hearing, I ORDER that: (1) the tracking order need not be amended, because the only expected summary judgment motion was just filed and discovery has been over for many months; and (2) any party seeking any further discovery must first seek leave of court, and should expect a heavy burden at this point in the case (Paul Wilson, Justice) (entered 10/7/14). Notices mailed 10/7/2014 | | |
| 10/17/2014 | Court received letter to Judge Wilson from Defendant requesting leave to file 3 page reply memorandum: ALLOWED (Wilson, J.) (filed and entered 10/16/14) notice sent 10/17/14 | 138 | |
| 10/27/2014 | Defendant Radisson Hotels International Inc (as amended)l MOTION to Impound certain exhibt in joint summary judgment appendis and Affidavit. | 139 | |
| 10/27/2014 | Limited Opposition to Defendant Radisson Hotels International Inc.'s motion to impound certain exhibit in joint summary judgment appendix filed by Kira Wahlstrom | 140 | |
| 10/27/2014 | Defendant Radisson Hotels International, Inc.'s reply in further support of its motion to impound certain exhibit in joint summary judgment appendix | 141 | |
| 11/07/2014 | Court received letter addresssed to Hon. Paul D. Wilson from Deft Radisson Hotels International Inc requesting leave to file a twelve-pagememorandum - ALLOWED. (Paul D. Wilson, Justice) Dated 11/4/14 Notice sent 11/7/14 | 142 | |
| 11/24/2014 | Memorandum: in opposition to deft, Radisson Hotels International Inc's motion for summary judgment & motion for reconsiderration of the plff's Rule 56(f) motion filed by Kira Wahlstrom | 143 | |
| 11/24/2014 | defendant Radisson Hotels International Inc (as amended)l MOTION for Impoundment of certain exhibit and portions of asserted material facts contained in the amended & substitute joint summary judgment appendix and statement of material facts. and Affidavit. | 144 | |
| 12/11/2014 | ORDER ON MOTION OF THE DEFTS FOR AN ORDER COMPELLING THE PLFF TO SUBMIT TO A MENTAL EXAMINATION (Paul D. Wilson, Justice) (entered 12/9/14) | 145 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 12/11/2014 | ORDER OF IMPOUNDMENTper per order of court ( Paul D. Wilson, Justice) Order entered on 12/9/14 and copies mailed 12/11/2014 | 146 | |
| 12/12/2014 | Plaintiff's MOTION to Compel the Defendants to Produce Unredacted Documents: DENIED (see P#147) (McIntyre, J.) (dated 12/12/14) notice sent 12/12/14 | 147 | |
| 02/24/2015 | Motion (P#143) Motion for reconsideration of Rule 56(f) motion is DENIED. (Paul D. Wilson, Justice). Dated 2/17/15 Notices mailed 2/24/2015 | | |
| 02/24/2015 | MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF RADISSON HOTELS INTERNATIONAL, INC.'s MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS: Conclusion and Order - On the undisputed facts in the summary judgment record, RHI did not assume a duty to Plaintiff. Nor did RHI have sufficient control over the security arrangements in the parking garage to create a duty to Plaintiff. Nor could RHA be held liable to Plaintiff on any other theory on this record. Defendant Radisson Hotels International, Inc.'s Motion for Summary Judgment on All Claims is ALLOWED. (Robert L. Ullmann, Justice). Dated: February 17, 2015 Copies mailed 2/24/15 (See P#148 for complete decision) | 148 | |
| 02/24/2015 | SUMMARY JUDGMENT MRCP That the complaint of plff is Dismissed against the deft Radisson Hotels International Inc (as amended) ONLY with costs entered on docket pursuant to Mass R Civ P (a) and notice sent to parties pursuant to Mass R Civ P 77(d) | 149 | |
| 03/13/2015 | Plaintiff Kira Wahlstrom's MOTION to admit Don C. Keenan as counsel pro hac vice for Kira Wahlstrom (w/o opposition) | 150 | |
| 03/27/2015 | Motion (P#150) ALLOWED with defts "conditional" assent (Ullmann,J) Notice sent 3/27/16 | | |
| 06/22/2015 | Witness list filed by Plaintiff | 151 | |
| 07/03/2015 | Plaintiff Kira Wahlstrom's MOTION for attorney conducted panel voir dire (w/opposition) | 152 | |
| 07/03/2015 | Certain defts' Opposition to & partial joinder in, the plff's motion for attorney-conducted panel voir dire | 153 | |
| 07/08/2015 | Certain Defendants' Bench Memorandum in regards to Plaintiff's potential improper use of "Reptile" trial tactics | 154 | |
| 07/10/2015 | Defendant JPA IV Management Company Inc, JPA 1 Management Co Inc (as amended)'s MOTION for Protective Order: ALLOWED (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 155 | |
| 07/10/2015 | Plaintiff's MOTION to Use Full Days to Expedite Trial (with opposition): DENIED. The court's schedule cannot accomodate full days (Wilson, J.) (filed and entered 7/9/15)notice sent 7/10/15 | 156 | |
| 07/10/2015 | Plaintiff's MOTION in Limine for an Order Precluding the Defendants from Using the Terms "Guilty" and "Innocent" in Describing the Consequences of a Finding against the Defendants: ALLOWED, no opposition (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 157 | |
| 07/10/2015 | Plaintiff's MOTION in Limine for an Order Precluding the Defendants from Offering Mr. Stoper as an Expert Witness (with opposition) : DENIED. Plaintiffs may object if this fact witness strays into expert testimony: (1) for which he lacks expertise; or (2) that was not disclosed as possible testimony by expert Bates or this witness (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 158 | |
| 07/10/2015 | Certain Defendants' MOTION in Limine to Preclude Evidence of Website Content (with opposition) ALLOWED, no objection (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 159 | |
| 07/10/2015 | Defendant, LAZ Parking Limited LLC's MOTION for Protective Order (with oppositon) : ALLOWED. Parties are to discuss stipulations of corporate necessities and identities of facts to relevant contracts and similar matters (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15) | 160 | |
| 07/10/2015 | Defendant Laz Parking Limited LLC's MOTION for Protective Order (with opposition) : ALLOWED (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 161 | |
| 07/10/2015 | Plaintiff's MOTION for Fair Trial and Attorney Conducted Voir Dire (with opposition): Motion WITHDRAWN as moot (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 162 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 07/10/2015 | Raddison Hotels International Inc's MOTION in Limine to Preclude and of the Plaintiff's Experts for Offering Testimony About RHI (with opposition) : DENIED as Moot (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 163 | |
| 07/10/2015 | Defendant. LAZ Parking Limited LLC's MOTION in Limine to Preclude Evidence of Details of Assault Involving Blance Parada (with opposition): ALLOWED as to detail of the rape (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 164 | |
| 07/10/2015 | Defendant JPA IV Management Company Inc, JPA 1 Management Co Inc (as amended)'s emergency MOTION to Strike the Plaintiff's 63 New Trial Witnesses Recently Disclosed in the Plaintiff's Updated Witness List (with opposition) : at Hearing DENIED (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 165 | |
| 07/10/2015 | Certain Defendants' MOTION in Limine Regarding Various Matters (with opposition) ALLOWED as to #1, no oppositon. DENIED as to #2, subject to objection to particular critereal statements (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 166 | |
| 07/10/2015 | Plaintiff's MOTION in Limine for an Order Precluding the Defendants from Offering any Evidence Concerning Negligence of Some Other Unknown Third Parties and to Strike Defendants' Corresponding Affirmative Defenses (with opposition): ALLOWED as to motion in limine; no objection. Motion to Strike DENIED as unnecessary (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 167 | |
| 07/10/2015 | Defendant Laz Parking Limited LLC's MOTION in limine to to Preclude Evidence of Insurance (with opposition) : ALLOWED, no objection (Wilson,J.) (filed and entered 7/9/15) notice sent 7/10/15 | 168 | |
| 07/10/2015 | ORDER SCHEDULING HEARING CONCERNING JURY LIST REQUEST (Paul D. Wilson, Justice) (entered 7/10/15) notices mailed 7/10/15 | 169 | |
| 07/10/2015 | Certain Defendants' MOTION in Limine to Preclude Evidence Regarding the Size, Worth, and Assets of the Defendants or their Affiliated Entities or Personnell (with opposition) : ALLOWED without prejudice to right of plaintiff to argue at trial that narrow questions regarding "other courts" are admissible eg: feasibilty. Plaintiff will raise any such issue at side bar before raising in from of jury (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 170 | |
| 07/10/2015 | Certain Defendants' MOTION in Limine to Preclude Evidence of Subsequent Measures and Certain Subsequent Events at the Hotel and Garage (with Opposition); ALLOWED by agreement (Wilson. J.) (filed and entered 7/9/15) notice sent 7/10/15 | 171 | |
| 07/10/2015 | Certain Defendants' MOTION in Limine to preclude Alter Ego Type References (with opposition) ALLOWED (Wilson, J.) (filed and entered 7/9/15) notice sen t7/10/15 | 172 | |
| 07/10/2015 | Certain Defendants' MOTION in Limine to Preclude Evidenct of Insurance (with opposition): ALLOWED, no objection (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 173 | |
| 07/13/2015 | Deft Laz Parking Limited LLC's Motion to quash and trial subpoena and for protective order (w/o opposition) | 174 | |
| 07/13/2015 | Certain Non-parties Emergency Motion for protective order regarding the plff's subpoenas for personnel files (w/o opposition) | 175 | |
| 07/13/2015 | Certain non-parties Emergency MOTION for protective order regarding the plff's subpoenas for personel files (w/o opposition) | 175 | |
| 07/13/2015 | Defts JPA 1 Management Co Inc & JPA 1V Management Co Inc Emergency MOTION for Protective order regading the plff's subpoena for documents (w/o opposition) | 177 | |
| 07/13/2015 | Plff's Memorandum of law on the Golden Rule applicability | 178 | |
| 07/13/2015 | Plff's Memorandum of Law on the right to know | 179 | |
| 07/13/2015 | Plff's Memorandum of Law on parties right to suggest damages amounts without restrictions | 180 | |
| 07/13/2015 | Plff's supplemental Memorandum concerning trial testimony of necessary witness -Blanc Parada | 181 | |
| 07/13/2015 | Plff's Memorandum of Law on the deterrence | 182 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 07/13/2015 | Deft Laz Parking Limited LLC's Memorandum of Law regarding the Inapplicability of any "Golden Rule" argumens at trial | 183 | |
| 07/13/2015 | Deft Laz Parking Limited LLC's Memorandum of Law addressing plff's improper suggestion that deterrence is a measure of Tort Law Damages | 184 | |
| 07/13/2015 | Certain defts supplemental Motion in Limine and response to the plff's supplemental memorandum concerning trial testimony of Blanca Parada (w/o opposition) | 185 | |
| 07/13/2015 | Certain defts supplemental Motion in Limine and response to the plff's supplemental memorandum concerning the Golden Rule applicability | 186 | |
| 07/13/2015 | Request for Habeas Corpus or alternative, MOTION to include statement(s) of Defendant, Jose Rivera, III - After hearing, DENIED IN FULL, for reasons stated on the record today. (Paul Wilson, Justice) Dated July 13, 2015 Notice sent 7/13/15 | 187 | |
| 07/15/2015 | Plaintiff Kira Wahlstrom's MOTION to stay Proceedings until interlocutory appeal can be heard | 188 | |
| 07/15/2015 | Plaintiff Kira Wahlstrom's MOTION for reconsideration of Court Order dated concerning jury selection and deliberations, | 189 | |
| 07/15/2015 | Plaintiff Kira Wahlstrom's MOTION for reconsideration of Court Order dated concerning deterrence as one of the purposes of tort law in Massachusetts | 190 | |
| 07/15/2015 | Defendant Laz Parking Limited LLC's MOTION in limine to Preclude Evidence of Criminal Activity in Facilities Owned Or Managed by LAZ Parking Limited, LLC or its Affiliates (with opposition) : ALLOWED, subject to right of Plaintiff to suggest, outside presence of jury, why a particular narrow experience by an affiliate might be admissable. No party shall mention any other rape or crime at another LAZ facility, however (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 191 | |
| 07/15/2015 | Defendant Laz Parking Limited LLC's emergency MOTION to Strike Portions of Plaintiff's Witness List: DENIED. Witnesses were gradually disclosed by category (Wilson, J. ) (filed and entered 7/9/15) notice sent 7/10/15 | 192 | |
| 07/15/2015 | Certain Defendants' MOTION in Limine to Preclude Certain Attorney Statements and Arguments: ALLOWED as to #1 and #4-7. Plaintiff may further argue about whether they can argue that "deterrence" is a proper goal of a negligence jury verdict. DENIED as to #3. Decision reserved as to #2 (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 193 | |
| 07/15/2015 | Defendant Laz Parking Limited LLC's MOTION in limine to Preclude Evidence of its Affiliated Entities, its Profits and Content of its website: ALLOWED as to profits and website, no objection. ALLOWED generally as to affilliated entities, subject to right of Plaintiff to suggest, outside presence of jury, why a particular narrow question to experience of an affiliate might be admissable. No party is to mention the size of the LAZ family of companies (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 194 | |
| 07/15/2015 | Certain Defendants' MOTION in Limine to Preclude Details of the April 19, 2009 Assault and Litigation Arising out of that Assault (with opposition) : ALLOWED as to details of April 19 Assault. ALLOWED without objection as to litigation arising from that assault. Plaintiffs will brief whether any testimony or other topics by the victim of the forced rape should be admitted (Wilson, J.) (filed and entered 7/9/15) notice sent 7/10/15 | 195 | |
| 07/15/2015 | Defendant JPA IV Management Company Inc, JPA 1 Management Co Inc (as amended)'s emergency MOTION for a Protective Order Regarding the Plaintiff's Subpoena of Documents: After hearing, ALLOWED to the extent stated on the record: Defendants need only produce documents whose authenticity they intend to question at trial (Wilson, J.) (filed and entered 7/13/15) notice sent 7/14/15 | 196 | |
| 07/15/2015 | Certain Defendants' MOTION in Limine to Preclude Evidence of Dissimilar Criminal Activity: After hearing and review, DENIED (Wilson, J.) (filed and entered 7/13/15) notice sent 7/14/15 | 197 | |
| 07/15/2015 | Plaintiff's MOTION in Limine Concerning Hearsay Evidence Relating to Alleged Boston Police Instructions: DEFERRED to Trial, if the | 198 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | situation arises (Wilson, J.) (filed and entered 7/13/15) notice sent 7/14/15 | | |
| 07/15/2015 | Certain Non-Parties' Emergency MOTION for Protective Order Regarding the Plaintiffs Subpoenas for Personnel files: After Review, ALLOWED (Wilson, J.) (filed and entered 7/13/15) notice sent 7/14/15 | 199 | |
| 07/15/2015 | Defendant Laz Parking Limited LLC's MOTION to quash Trial Subpeona and For a Protective Order: After Hearing, ALLOWED (Wilson, J.) (filed and entered 7/13/15) notice sent 7/14/15 | 200 | |
| 07/16/2015 | Plaintiff Kira Wahlstrom's MOTION to Stay these Proceedings until Interlocutory Appeal can be heard - DENIED (Paul Wilson, Justice) Dated 7/14/15 Notice sent 7/16/15 | 201 | |
| 07/16/2015 | Plaintiff Kira Wahlstrom's MOTION for Reconsideration of Court Orders concerning jury selection and deliberations - DENIED (Paul Wilson, Justice) Dated 7/14/15 Notice sent 7/16/15 | 202 | |
| 07/16/2015 | Plaintiff Kira Wahlstrom's MOTION to amend Docket Entry #162 - ALLOWED (Paul Wilson, Justice) Dated 7/14/15 Notice sent 7/15/15 | 203 | |
| 07/16/2015 | Plaintiff Kira Wahlstrom's MOTION for Reconsideration of Courts Orders concerning deterrence as one of the purposes of tort law in Massachusetts - DENIED (Paul Wilson, Justice) Dated 7/14/15 Notice sent 7/16/15 | 204 | |
| 07/16/2015 | Plaintiff Kira Wahlstrom's MOTION for Reconsideration of Courts Orders concerning parties right to suggest damages amounts without restrictions - DENIED (Paul Wilson, Justice) Dated 7/14/15 Notice sent 7/16/15 | 205 | |
| 07/17/2015 | Certain Defts' supplemental MOTION in limine and response to the plff's memorandum concerning deterrence | 206 | |
| 07/17/2015 | Request for jury instructions filed by Defendants JPA I Management Co., Inc.and JPA IV Management Co Inc. | 207 | |
| 07/20/2015 | Plff's Motion in Limine to preclude any references to City of Boston /Boston Police Department as a former deft in this action & DENIED (Wilkins,J) Notice Sent 7/20/15 (entered 7/16/15) | 208 | |
| 07/20/2015 | ORDER on defts Motions to preclude trial testimony of Susan Mason ALLOWED IN PART AND DENIED IN PART ( see order) (Wilson,J) Notice Sent 7/20/15 (entered 7/17/15) | 209 | |
| 07/21/2015 | Plff's MOTION in limine to preclude defts and/or defts counsel to mention that either have sympathy for the plff and/or that anyone has/should have sympathy for the defts After hearing DENIED although no party can ask the jury for sympathy it is not inappropriate for a lawyer or witness to express his or her own sympathy for the pff unless a parade of expression of sympathy appears intended to seek the sympathy of the jurors (Wilson,J) notice sent 7/21/15 | 210 | |
| 07/21/2015 | Deft Laz Parking Limited LLC Motion in Limine to preclude use of computer animation as demonstrative aid at trial ALLOWED for the reasons stated on record at length (Wilson,J) Notice sent 7/21/15 | 211 | |
| 07/21/2015 | All defts Motion to preclude the plff's questioning witnesses on the defts crossclaims ALLOWED for the reasons stated on record (Wilson,J) Notice sent 7/21/15 | 212 | |
| 07/24/2015 | Certain Defendants' Objection to and MOTION to Preclude Trial Testimony of Yescenia Bonilla: After hearing, ALLOWED (Wilson, J.) (filed and entered 7/20/15) notice sent 7/20/15 | 213 | |
| 07/24/2015 | Plaintiff's MOTION for Pro Hac Vice Admission of Attorney Andrew Q Gould: ALLOWED without opposition (Wilson, J.) (filed and entered 7/23/15) notice sent 7/24/15 | 214 | |
| 07/24/2015 | Plaintiff's MOTION in Limine to Preclude the Defendants from Offering any Evidence, or Arguments, Concerning Criminal History That Cannot be Substantiated and/or Contradicted or in the Alternative, MOTION for Reconsideration of the Courts Ruling on the Scope of the Admissble Crime Data: After hearing, I clarify my oral ruling of Friday. Only three years of crime statistics shall be admitted into evidence; statistics older than that have little probative value, which is substantially outweighed by possible confusion of the issues. However, expert witnesses may testify that they relied on earlier statistics that is customary for security experts. Defendant may present testimony of no rapes in garage for 38 years, and if they | 215 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | do, plaintiff may present evidence, if it exists, of such rapes. (Wilson, J.) (filed and entered 7/20/15) notice sent 7/20/15 | | |
| 07/29/2015 | Plff's Motion for Judicial notice of U S Department of Justice Bureau of Justice Statistics Crime Statistics Data for years 2004-2008 & DENIED irrelevant (Wilson,J) Notice Sent 7/29/15 | 216 | |
| 08/03/2015 | Certain Defendants' Emergency MOTION to quash trial subpoena purportedly served upon Norman D. Bates on July 31, 2015 | 217 | |
| 08/05/2015 | Defendants' emergency MOTION to quash trial subpoena purportedly served upon Norman D. Bates on 7/31/15, filed on 8/3/15 & After hearing, ALLOWED on 8/4/15 (Paul Wilson, Justice) notices mailed 8/5/15 | 218 | |
| 08/06/2015 | Certain Defendants' MOTION to Preclude the Plaintiff from Suggesting the Negligence Standard of Care Requires the Defendants to Ensure Maximum Safety: After hearing, DENIED IN PART: the parties may submit proposed jury instructions, to supplement the standard instructions to be given at end of trial, if they wish (Wilson, J.) (filed and entered 8/5/15) notice sent 8/6/15 | 219 | |
| 08/11/2015 | Verdict Slip - Dated 8/11/15 | 220 | |
| 08/14/2015 | Request of plff for pre-judgment interest and tazable costs, filed & DENIED, w/o prejudice, after heraing, on 8/13/15, for reasons stated on the record. Plff may serve under Rule 9A a modified version of the request on a motion for entry of seperate & final judgment if necessary. Hearing on this issue will be held on 9/8/15 @ 2:00pm. (Paul Wilson, Justice) notices mailed 8/14/15 | 221 | |
| 08/14/2015 | Certain Defendant's MOTION for Directed Verdict at the Close of the Plaintiff's Evidence: DENIED, without prejudice to later renewal (Wilson, J.) (filed and entered 8/5/15) | 222 | |
| 08/14/2015 | Defendant, LAZ Parking Limited, LLC's MOTION for Directed Verdict at the Close of Plaintiff's Case Pursuant to MRCP 41(b)(2): DENIED without prejudice to later renewal (Wilson, J.) (filed and entered 8/5/15) | 223 | |
| 08/14/2015 | Defendant, LAZ Parking Limited LLC's MOTION for Directed Verdict at the End of All Evidence Pursuant to MRCP 41(b)(2): DENIED without prejudice to later renewal (Wilson, J.) (filed and entered 8/7/15) | 224 | |
| 08/14/2015 | Plaintiff's MOTION for Attorney Conducted Panel Voir Dire: DENIED (Wilson, J.) (filed and entered 8/9/15) | 225 | |
| 08/14/2015 | Certain Defendants' MOTION for Mistrial, or, in the alternative, MOTION for Juror Voir Dire, For an Evidentiary Hearing, For Sanctions, and for Dismissal: After hearing, and voir dire of this jury as a whole, DENIED, because no juror saw this column nor was any juror told about the column by others (Wilson,J.)( filed and entered 8/10/15) | 226 | |
| 08/14/2015 | Plaintiff's MOTION in Limine to Preclude the Defendants from making Improper Arguments, Directly or Indirectly, Concerning the Intervening and Superceding Cause--The criminal Act of the Rapist Rivera: After hearing, ALLOWED IN PART. Defendants represent that they will not argue that Rivera's act was a superceding and intervening cause, and the motion is ALLOWED to that extent, which plaintiff says is the goal of this motion. All parties remain free to mention the first rape and to discuss it the context of arguments about foreseeability of the rape of plaintiff (Wilson, J.) (filed and entered 8/10/15) | 227 | |
| 08/14/2015 | Exhibits removed from courtroom by Michael J. Kerrigan, Esquire (Defendant) on 08/11/2015 | | |
| 08/14/2015 | Plaintiff's MOTION to Safeguard Massachusetts Tort Law: After hearing, DENIED (Wilson, J.) (filed and enteed 8/10/15) | 228 | |
| 08/14/2015 | Plaintiff's MOTION to Include a Jury Instruction on Spoliation of Evidence of the Alleged April 28, 2009 Poster/Sign: After hearing on August 7, 2015, DENIED (Wilson, J.) (filed and entere 8/10/15) | 229 | |
| 08/14/2015 | Certain Defendants' MOTION for Directed Verdict a the Close of all Evidence: DENIED without prejudice to later renewal (Wilson, J.) (filed and entered 8/7/15) | 230 | |
| 08/17/2015 | JUDGMENT ON JURY VERDICT That the plff Kira Wahlstrom recover of the defts JPA IV Management Company Inc as Trustee of the John Philopoulos Associate Trust and JPA 1 Management Company Inc the sum | 231 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | of $4,000,000.00 with statutory interest and costs It is further Ordered and Adjudged That the complaint of plff Kira Walstrom is Dismissed against the deft LAZ Parking Limited LLC entered on docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R Civ P 77(d) | | |
| 08/21/2015 | Certain Defendants' Emergency MOTION to Vacate or Correct the Docket Entry Labelled " Judgment on Jury Verdict ", or, Alternatively, MOTION for Clarification From the Court | 232 | |
| 08/28/2015 | ORDER ON CERTAIN DEFENDANTS' EMERGENCY MOTION TO VACATE OR CORRECT THE DOCKET ENTRY LABELED "JUDGMENT ON JURY VERDICT": For these reasons, I ALLOW the Emergency Motion. As to the document entitled "Jury Verdict" dated August 17, 2015 and entered on the docket as Paper No. 231 on that date, I VACATE only that portion that purports to be a "Judgment...pursuant to the provisions of Mass. R. Civ. P. 58(a)." The $4 million jury verdict with statutory interest and costs remains in effect, of course, as do all other portions of the document entitled "Jury Verdict". (Paul D. Wilson, Justice) Dated: August 26, 2015 Notice sent 8/27/15 (See P#233 for complete order) | 233 | |
| 09/11/2015 | ORDER DIRECTING ENTRY OF SEPARATE AND FINAL JUDGMENT ON JURY VERDICT: (Paul D. Wilson, Justice) Dated: September 10, 2015 Notice sent 9/11/15 (See P#234 for complete order) | 234 | |
| 09/14/2015 | FINAL JUDGMENT PURUSANT TO MRCP 54B It is ORDERED AND ADJUDGED: Seperate and Final Judgment shall enter in favor of Plff and against Deft JPA IV Management Company Inc., As Trustee of the John Philopoulus Associates Trust and JPA 1 Managememnt Company Inc., In the amount of $4 Million plus pre Judgment interest of $2,640,657.53 plus cost of $10,172.05 Judgment Shall also Enter in favor of Deft LAZ Parking Limited LLC.m, and against Plff entered on docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R Civ P 77(d) | 235 | |
| 09/21/2015 | Plaintiff Kira Wahlstrom's Notice of intent to file motion to amend judgment | | |
| 09/24/2015 | Defendant's Notice of intent to file motion Motion for  Remittiur  & Memorandum  in  support  of  & Motion for  new  Trial & Memorandum  of  Law

Applies To: JPA I Managment Co Inc (Other interested party); JPA IV Management Co Inc (Other interested party) | | |
| 10/06/2015 | Plaintiff Kira Wahlstrom's  motion to amend judgment

(w/partial opposition) | 236 | |
| 10/06/2015 | Request for hearing filed

Applies To: Wahlstrom, Kira (Plaintiff) | 237 | |
| 10/08/2015 | Notice of appeal filed

Applies To: JPA IV Management Company Inc (Defendant); JPA 1 Management Co Inc (as amended) (Defendant) | 238 | |
| 10/09/2015 | General correspondence regarding Notice of service of the filing of Notice of Appeal to:  David John Hoey, Esquire Law Office of David J. Hoey, PC;  Krzysztof G. Sobczak, Esquire, Law Office of Krzysztof G. Scobczak; Michael J. Kerrygan, Esquire, William J. Dailey, Esquire,  Lawrence J. Kenney, Sloane & Walsh;

Lisa Skehill Maki, Esquire, City of Boston Law Department;  John J. Jarosak, Esquire Litchfield Cavo; Bethany Pierson Minich, Esquire, Daniella Massimilla, Esquire, Nora Rose Adukonis, Esquire, Litchfield Cavo LLP;  Jeffrey J. Upton, Esquire, Rackermann, Sawyer & Brewster;  John J. Hanify, Esquire, Arivee Vargas, Esquire, Jones Day; Jose Ruben Rivera III, Bridgewater State Hospital | | |
| 10/16/2015 | Court received .
  Attorney for the Defendants Michael Kerrigan I represent Defendants JPA I Management Company, Inc and Defendant JPA IV Management Company in the above-captioned action related to appeal related to appeal

September 24, 2015, I filed with the Court a Notice of Motions under Superior Court Rule 9E regarding Certain Defendants' Motion for Remittitur and Certain Defendants' Motion for New Trial. To date, the motions have not been filed with the Court, and no decision has been rendered on the Motions.  Should the motions be denied , then the defendants will order the entire transcript of the jury trial in the above action, in compliance with  Massachusetts Rule of Appellate Procedure 8(b)(1).The defendants intend to inlude the entire transcript in the appellate record, as set forth under Mass R. A.P8(b)(1) | 239 | |
| 10/19/2015 | Appearance entered
On this date Mark A. Aronsson, Esq. added for Defendant JPA 1 Management Co Inc (as amended) | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 10/19/2015 | Appearance entered<br>On this date Mark A. Aronsson, Esq. added for Defendant JPA IV Management Company Inc | | |
| 10/19/2015 | Appearance entered<br>On this date Patrick Driscoll, Esq. added for Defendant JPA 1 Management Co Inc (as amended) | | |
| 10/19/2015 | Appearance entered<br>On this date Patrick Driscoll, Esq. added for Defendant JPA IV Management Company Inc | | |
| 10/19/2015 | Appearance entered<br>On this date Anthony M Campo, Esq. added for Defendant JPA 1 Management Co Inc (as amended) | | |
| 10/19/2015 | Appearance entered<br>On this date Anthony M Campo, Esq. added for Defendant JPA IV Management Company Inc | | |
| 10/19/2015 | Party(s) file Stipulation<br><br>on Briefing Schedule for Cross-Motions for Summary Judgment on JPA Defendants' Cross-Claim<br><br>Applies To: JPA IV Management Company Inc (Defendant); JPA 1 Management Co Inc (as amended) (Defendant) | 240 | |
| 10/19/2015 | Court received Attorney for the Defendants Michael Kerrigan I represent Defendants JPA I Management Company, Inc and Defendant JPA IV Management Company in the above-captioned action related to appeal related to appeal<br>Court received from Attorney for the Defendants Michael Kerrigan I represent Defendants JPA I Management Company, Inc and Defendant JPA IV Management Company in the above-captioned action On September 24, 2015, I filed with the Court a Notice of Motions under Superior Court Rule 9E regarding Certain Defendants' Motion for Remittitur and Certain Defendants' Motion for New Trial.  To date, the motion have not been filed with the Court because the Defendants are waiting to received the Plaintiff's oppositiion papers, and no decision has been rendered on the Motions.  The Defendants have put in an order with the court reporter for the transcript of the jury trial proceedings in the above action, in compliance with Massachusetts Rule of Appellate Procedure 8(b)(1).  The Defendants intend to include the entire transcript in the appellate record, as set forth under Mass R A P 98(b)(1). | 241 | |
| 10/20/2015 | Appearance entered<br>On this date Richard A Goren, Esq. added for Other interested party The Keenan's Kids Foundation Inc | | |
| 10/20/2015 | Other Interested Party The Keenan's Kids Foundation Inc's  Motion for<br><br>Impoundment or in the Alternative to Expunge Immaterial Matter<br><br>Applies To: The Keenan's Kids Foundation Inc (Other interested party) | 242 | |
| 10/20/2015 | General correspondence regarding Interested Non-Party The Keenan's Kid Foundation Inc Proposed Findings and Rulings on its Trial Court Rule VIII Motion for Impoundment or in the Alternative to Expunge Immaterial Matter<br><br>Applies To: The Keenan's Kids Foundation Inc (Other interested party) | 244 | |
| 10/20/2015 | General correspondence regarding Interested Non-Party The Keenan's Kid Foundation Inc Proposed Order on its Trial Court Rule VIII Motion for Impoundment or in the Alternative to Expunge Immaterial Matter<br><br>Applies To: The Keenan's Kids Foundation Inc (Other interested party) | 245 | |
| 10/21/2015 | Affidavit of Don C Keenan in Support of Interested Non-Party The Keenan's Kid Foundation Inc Motion for Impoundment<br><br>Applies To: The Keenan's Kids Foundation Inc (Other interested party) | 243 | |
| 10/21/2015 | Endorsement on Motion to Amend Judgment (#236.0): ALLOWED<br><br>After review, to the extent that the final judgment entered on the docket on September 14, 2015 shall be amended to reflect pre-judgment interest of $2,647,232.88 (dated 10/15/15) notice sent 10/21/15 | | |
| 10/22/2015 | AMENDED FINAL JUDGMENT ON JURY VERDICT   That the plff Kira Wahlstrom recover of the defts JPA Management Company Inc as Trustee of the John Philopoulos Associate Trust and JPA  I Managment Company Inc  the sum of $4,000,000.00 with prejudgment interest in the amount of $2,647,232.88 and costs  in the amount of $10,172.05  It is Further ORdered and Adjudged  That Judgment shall etner in favor of the deft LAZ Parking Limited LLC  against the plff  It is Furhter ORdered and Adjudged  That this amended judgment shall be entered nunc pro tun as of Sept 14, 2015  entered on docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R CivP 77(d) | 246 | |
| 10/22/2015 | Endorsement on Stipulation for On briefing schedule for Cross-Motions for Summary Judgment on JPA Defts' Cross-Claim (#240.0): ALLOWED<br><br>APPROVED (see P#240) dated 10/21/15 (notice sent 10/22/15) | | |
| 10/26/2015 | General correspondence regarding A letter to the Honorable Paul Wilson from the  defts JPA IV Management Co, Inc & JPA I Management Co Inc re: a procedural matter file don  10/22/15 | 247 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | After review, I order that the JPA defts not file their post-trial motions and the opposition until after (1) the JPA defts have filed their opposition to the Keenan Foundation's motion to impound and (2) I have ruled on that motion to impound. The JPA defts post trial motions will be considered timely filed if they are filed on the schedule contemplated by this order. (entered 10/22/15) notices mailed 10/23/15 | | |
| 10/26/2015 | Opposition to paper #242.0 to the Keenan's Kids Foundation Inc's motion for impoundment or in the alternative to expunge immaterial matter filed by<br><br>by the JPA Defendants | 248 | |
| 10/28/2015 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 10/28/2015 11:09:03 | | |
| 10/28/2015 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 10/28/2015 11:09:23 | | |
| 10/28/2015 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 10/28/2015 11:09:36 | | |
| 10/28/2015 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 10/28/2015 11:12:44 | | |
| 10/28/2015 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 10/28/2015 11:13:28 | | |
| 10/28/2015 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 10/28/2015 11:18:08 | | |
| 10/28/2015 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 10/28/2015 11:19:31 | | |
| 10/29/2015 | Appearance entered<br>On this date Robert Marc Kaitz, Esq. added for Defendant JPA IV Management Company Inc | | |
| 10/29/2015 | Appearance entered<br>On this date William J Dailey, Jr., Esq. dismissed/withdrawn as Private Counsel for Defendant JPA IV Management Company Inc | | |
| 11/02/2015 | Defendant's Notice of intent to file motion JPA Defendants' Superior Court Rule 9E Notice of Motions<br><br>for Remittitur and for New Trial<br><br>Applies To: JPA IV Management Company Inc (Defendant); JPA 1 Management Co Inc (as amended) (Defendant) | 249 | |
| 11/04/2015 | Event Result:<br>The following event: Motion Hearing scheduled for 11/04/2015 02:00 PM has been resulted as follows:<br>Result: Held as Scheduled | | |
| 11/12/2015 | Affidavit of Lawrence J Kenney Jr. | 250 | |
| 11/12/2015 | Affidavit of Robert M Kaitz | 251 | |
| 11/12/2015 | Affidavit of Supplemental Affidavit of Don C Keenan in Support of Interested NonParty The Keenan's Kid's Foundation Inc. in Support of Motion for Impoundment | 252 | |
| 11/12/2015 | General correspondence regarding Response of the Keenan's Kids Foundation to Defendants October 23, 2015 Opposition to Motion for Impoundment or in the Alternative to Expunge Immaterial Matter | 253 | |
| 11/12/2015 | General correspondence regarding JPA Defendants Request that the Court Strike and/or Disregard a Response Filed by the Keenan's Kids Foundation | 254 | |
| 11/16/2015 | General correspondence regarding Letter to Judge Wilson Request for leave to make a filing an opposition to the JPA defts requests to strike the Foundation's November 11, 2015 Foundation DENIED as Moot Notice sent 11/17/15 | 255 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 11/16/2015 | Endorsement on Motion for  (#242.0): DENIED<br>interested   Non-party    Trial Court Rule V111 URIP  FOR  Impoundment    After hearing  and  submission of  affidavits  and  further argument post hearing at  my  request I  DENY this motion<br>The Kerpy and Kratz affidavits describe  the  purchases  of The Keeper  Edge from  a website affiliated with  the  moving  non-party and  establish  that  anyone  could  have  purchased that  publication  without instruction  This  motion  includes  that  the  Reptile  Manuel  is available<br>for  purchase at Amazon  wth only  a standard  copyright notice  and  a boilerplate probilition  in the book itself or  unauthorized reproduction  In  light  of  the  easy  availability of  the  books  at  issue  I conclude  that  the  moving  non-party has  not  adequately  protected these publications  from purchase by  anyone  willing  to  pay  the  price  change  of  the  moving  non-party or  by  Amazon  Therefore  I cannot  make the "good  cause" finding required  for<br>impoundment | | |
| 11/16/2015 | Endorsement on Request to strike and/or Disregard a Response filed by the Keenan's Kids Foundation (#254.0): DENIED<br>I have  considered the  response in making my impoundment ruling dated 11/16/15 notice sent 11/16/15 | | |
| 11/19/2015 | Defendant JPA 1 Management Co Inc (as amended), JPA IV Management Company Inc's  motion for new trial<br>(w/opposition) | 256 | |
| 11/19/2015 | Defendant JPA IV Management Company Inc, JPA 1 Management Co Inc (as amended)'s  motion to remit (w/o opposition) | 257 | |
| 12/03/2015 | Party(s) file Stipulation<br>on Briefing Schedule for Cross-Motion for Summary Judgment on JPA Defendants Cross Claims<br><br>Applies To: JPA 1 Management Co Inc (as amended) (Defendant); JPA I Managment Co Inc (Other interested party) | 258 | |
| 12/08/2015 | Endorsement on Stipulation for Briefing Schedule (#258.0): ALLOWED<br>Schedule Approved. The parties are directed to provide a courtesy copy of the summary judgment packages to me during the first week in January 2016 at Courtroom 630, Middlesex Superior Court, Woburn. Dated Dec. 7, 2015 Notice sent 12/8/15 | | |
| 12/16/2015 | Event Result:<br>The following event: Motion Hearing for Reconsideration scheduled for 12/16/2015 10:00 AM has been resulted as follows:<br>Result: Held as Scheduled | | |
| 12/22/2015 | Defendant JPA 1 Management Co Inc (as amended)'s  Motion for summary judgment, MRCP 56<br>Partial on Count III of its cross-claim against co-defendant LAZ Parking Limited, LLC (w/limited opposition) | 259 | |
| 12/22/2015 | Request for hearing filed<br><br>Applies To: JPA 1 Management Co Inc (as amended) (Defendant) | 260 | |
| 01/08/2016 | Plaintiff Kira Wahlstrom's  Motion to<br>Strike Untimely and Jurisdictionally Barred New Claims and Exhibits Not Included in JPA Defendants' Rule 59 Motions for New Trial and Remittitur | 261 | |
| 01/08/2016 | Kira Wahlstrom's  Memorandum in opposition to<br>to a New Trial or Remittitur and to Address Defendants' Untimely New Claims Raised for First Time at Hearing on Defendants' Rule 59 Motions (Supplemental memorandum) | 262 | |
| 01/13/2016 | Opposition to paper #261.0 The JPA  defts Opposition  to  plff's  Motion  to  strike  untimely  and jurisdictionally  barred new claims and exhibits  not  included  in  JPA defts rule 59 Motions  for  new Trial  and  remittitur filed by | 263 | |
| 01/15/2016 | General correspondence regarding plff's reply to the JPA defts' opposition to plff's motion to strike untimely and  jurisdictionally barred new claims and exhibits not included in JPA defts' Rule 59 motions for new trial and remittitur | 264 | |
| 05/26/2016 | Defendant JPA I Managment Co Inc, JPA IV Management Co Inc's   Motion for<br>Remittitur (filed 11/19/15):  DENIED as MOOT, in light of my decisions of today ordering a new trial (dated 5/19/16) notice sent 5/25/16 | 265 | |
| 05/26/2016 | Endorsement on Motion to Strike Untimely and Jurisdictionally Barred New Claims and Exhibits Not Included in JPA Defendants' Rule 59 Motions for New Trial and Remittitur (#261.0): DENIED<br>Although I relied very little, if at all, on the "new claims and exhibits" cited in this motion, in deciding the new trial motion (dated 5/19/16) notice sent 5/26/16 | | |
| 05/26/2016 | MEMORANDUM & ORDER:<br><br>on: (1) Defendant JPA I Management Company Inc's Motion for Partial Summary Judgment and (2) Defendant LAZ Parking Limited LLC's Motion for Judgment as a Matter of Law on the Cross-Claims: Defendant JPA I Management Company Inc's Motion for Partial Summary Judgment is DENIED. Defendant LAZ Parking Limited LLC's Motion for Judgment as a Matter of Law on the Cross-Claims is ALLOWED as to all cross-claims. To avoid the necessity of piecemeal appeals, however, final judgment will not enter on the cross-claims until the final resolution of Plaitiff's Claims agains Defendants | 266 | <br>Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | (see P#266 for full order) (dated 5/19/16) notice sent 5/26/16 | | |
| 05/26/2016 | MEMORANDUM & ORDER:<br><br>on Certain Defendants' Motion for a New Trial: Certain Defendants' Motion for a New Trial is ALLOWED<br><br>(see P#267 for complete order ) (dated 5/19/16) notice sent 5/26/16 | 267 | Image |
| 06/17/2016 | Attorney appearance<br>On this date Jeffrey J Upton, Esq. dismissed/withdrawn as Private Counsel for Defendant Radisson Hotels International Inc (as amended)l | | |
| 07/21/2016 | Notice of docket entry received from Appeals Court<br>ORDER:  Upon review of the petition and opposition before me, it is ordered that plaintiff be allowed to file a notice of interlocutory appeal the order of the trial court allowing a new trial (Suffolk Superior Court No. 1084CV01022;  May 26, 2016; Gordon, J.) Plaintiff is to file a notice of appeal in the trial court on or before July 29, 2016.  The assembly of the record and entry of the appeal are to proceed in the normal course pursuant to the Massachusetts Rules of Appellate Procedure.  The trial proceedings are stayed pending the outcome of the appeal. (Trainor, J.) | 268 | Image |
| 07/22/2016 | Notice of appeal filed (Interlocutory)<br><br>Applies To: Wahlstrom, Kira (Plaintiff) | 269 | |
| 07/22/2016 | Attorney appearance<br>On this date Patricia A. DeJuneas, Esq. added for Plaintiff Kira Wahlstrom | | |
| 07/27/2016 | General correspondence regarding Notice of service of the filing of notice of Appeal to: David John Hoey, Esquire, Law Office of David J Hoey PC; Patricia A. DeJuneas, Esquire, Sibbison & DeJuneas; Krzysztof G. Sobczak, Esquire, Law Office of Krzysztof G Sobczak; Michael J. Kerrigan, Esquire, Sloane & Walsh; William J Dailey, Esquire; Lisa Skehil Maki, Esquire, City of Boston Law Department; Anthony M Campo, Esquire, Boyle Shaughnessy & Campo P.C.; Lawrence J Kenney, Esquire, Sloane & Walsh; Patrick Driscoll, Esquire, Boyle Shaughnessy Campo PC; Mark A Aronsson, Esquire; Robert Marc Kaitz, Esquire, Davis, Malm & D'Agostine, P.C.; John J Jarosak, Esquire, Litchfield Cavo; Bethany Pierson Minich, Esquire; Daniella Massimilla, Esquire; Nora Rose Adukonis, Esquire; John D Hanify, Esquire, Jones Day; Arivee Vargas, Esquire; Richard A Goren, Esquire, Law Office of Richard Goren; Jose Ruben Rivera III | | |
| 08/02/2016 | Court received Letter received 8/1/16 from Attorney Patricia A. DeJuneas: Plaintiff counsel placed an order for final transcripts with COurt Reporter Elena Mercurio on July 29, 2016 for 23 dates. Please see list of dates included in paper # 270 related to appeal | 270 | |
| 08/25/2016 | List of exhibits<br><br>EXHIBITS prepared for Appeal on AUGUST 25, 2016 | | |
| 03/17/2017 | Attorney appearance<br>On this date Krzysztof G. Sobczak, Esq. dismissed/withdrawn as Private Counsel for Plaintiff Kira Wahlstrom | | |
| 03/30/2017 | Attorney appearance<br>On this date Anthony M Campo, Esq. dismissed/withdrawn for Defendant JPA IV Management Company Inc | | |
| 05/23/2017 | CD Containing PDF Transcript of 7/14/15 7/15/15 7/16/15 7/17/15 7/20/15 7/21/15 7/22/15 7/23/15 7/24/15 7/27/15 7/28/15 7/29/15 8/4/15 8/5/15 8/6/15 8/7/15 8/10/15 8/11/15 7/13/15 7/9/15 received by Court Reporter Elena Mercurio. | 271 | |
| 06/30/2017 | CD containing PDF Transcript of 12/16/15 received from Court Reporter Jessica F. Story | 272 | |
| 10/23/2017 | Plaintiff Kira Wahlstrom's   Motion to<br>Accept Copies of Certain Documents in Lieu of Originals (without opposition) | 273 | |
| 10/23/2017 | Plaintiff Kira Wahlstrom's   Motion to<br>Disqualify Associate Justice Paul D. Wilson (without opposition) | 274 | |
| 11/03/2017 | Plaintiff Kira Wahlstrom's   Motion to<br>Disqualify Associate Justice Paul D. Wilson:  Received and reviewed, However, the Regional Administrative Justice has no role to play in this Type of Motion (dated 11/2/17) notice sent 11/2/17<br><br>Judge: Wilkins, Hon. Douglas H | 275 | Image |
| 11/21/2017 | Endorsement on Motion to accept copies of certain documents in lieu of originals (#273.0): ALLOWED no opposition, and one Defendant assented.  I act on the motion only because it is ministerial and there is no opposition.  Dated: 11/16/17  Notice sent 11/20/17<br><br>Judge: Wilson, Hon. Paul D | | Image |
| 11/21/2017 | Endorsement on Motion to disqualify Associate Justice Paul D. Wilson (#274.0): No Action Taken at this time because, as noted in footnote 1, the only thing pending in this court is the simultaneously - filed ministerial motion about substituting copies, on which I have felt free to act.  Dated: 11/16/17  Notice sent | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | 11/20/17 to all parties. Judge: Wilson, Hon. Paul D | | |
| 11/22/2017 | Appeal: notice of assembly of record | | |
| 12/04/2017 | Notice of docket entry received from Appeals Court In accordance with Massachusetts Rule of Appellate Procedure 10 (a) (3), please note that the above-referenced case (2017-P-1524) was entered in this Court on November 28, 2017. | 276 | Image |
| 09/06/2018 | Attorney appearance On this date Arivee Vargas, Esq. dismissed/withdrawn as Private Counsel for Defendant Radisson Hotels International Inc (as amended)Il | | |
| 09/06/2018 | Attorney appearance On this date John D Hanify, Esq. dismissed/withdrawn as Private Counsel for Defendant Radisson Hotels International Inc (as amended)Jl | | |
| 06/13/2019 | Notice of docket entry received from Appeals Court Please take note that on June 10, 2019, the following entry was made on the docket of the above-referenced case: ORDER: (RE#35) See Full Opinion (Rubin, J.). The appeal is stayed in order to allow the motion to disqualify to be litigated and decided forthwith in the trial court. The parties shall submit a status report to this court in sixty days. *Notice/Attest. | 277 | |
| 06/13/2019 | Notice of attorney 's Krzysztof G. Sobczak, Esq.'s lien filed. Applies To: Sobczak, Esq., Krzysztof G (Attorney) on behalf of Wahlstrom, Kira (Plaintiff) | 278 | Image |
| 06/19/2019 | Plaintiff Kira Wahlstrom's Motion to Disqualify Associate Justice Paul D. Wilson | 279 | |
| 06/19/2019 | Opposition to Plaintiff's Motion to Disqualify (P#279) Associate Justice Paul D. Wilson filed by JPA IV Management Company Inc, JPA 1 Management Co Inc (as amended) | 280 | |
| 08/01/2019 | ORDER: Order of Recusal (see P#281 for order) (dated 7/31/19) notice sent 7/31/19 | 281 | Image |
| 08/12/2019 | Attorney appearance On this date Amy E Goganian, Esq. added for Other interested party Law Offices of David J Hoey PC | | |
| 08/12/2019 | Attorney appearance On this date Kara Ann Bettigole, Esq. added for Other interested party Law Offices of David J Hoey PC | | |
| 09/05/2019 | Attorney appearance On this date Krzysztof G Sobczak, Esq. added for Other interested party Krzysztof G Sobczak | | |
| 09/09/2019 | Attorney appearance On this date Amy E Goganian, Esq. added for Plaintiff Kira Wahlstrom | | |
| 09/09/2019 | Attorney appearance On this date Kara Ann Bettigole, Esq. added for Plaintiff Kira Wahlstrom | | |
| 10/30/2019 | Event Result:: Rule 12 Hearing scheduled on: 10/30/2019 02:00 PM Has been: Held as Scheduled Hon. Douglas H Wilkins, Presiding Staff: Margaret M Buckley, Assistant Clerk Magistrate | | |
| 12/03/2019 | Plaintiff Krzysztof G Sobczak's Notice of Motion  for reconsideration | 290 | Image |
| 12/05/2019 | Rescript received from Appeals Court; judgment REVERSED The stay of the appeal is lifted, and the order allowing the defendants' motion for new trial is reversed. | 291 | Image |
| 12/26/2019 | General correspondence regarding filing in reference to Judgment JUDGMENT SATISFIED; Applies To: Wahlstrom, Kira (Plaintiff) | 292 | Image |
| 01/07/2020 | General correspondence regarding to rule on pending motion to disqualify Judge Wilson; NO ACTION TAKEN; as the request is outside the RAJ's authority; (dated 1/3/20)  notice sent 1/7/20 | 293 | Image |
| 02/13/2020 | Defendants JPA IV Management Company Inc, JPA 1 Management Co Inc (as amended)'s Motion for Entry of Judgment and to Strike Plaintiff's Pleading Entitled "Judgment Satisfied" | 294 | Image |
| 02/13/2020 | Opposition to JPA Defendants' Motion for Entry of Judgment and to Strike Plaintiff's Pleadings Entitled "Judgment [sic] Satisfied" and Plaintiff's Request for Sanctions filed by Kira Wahlstrom | 295 | Image |
| 02/13/2020 | Brief filed:  Reply JPA Defendants' Reply Brief to Plaintiff's Opposition to JPA Defendants' Motion for Entry of Judgment and | 296 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | to Strike Plaintiff's Pleading Entitled "Judgment [(sic)] Satisfied" and Plaintiff's Request for Sanctions<br><br>Applies To: JPA IV Management Company Inc (Defendant); JPA 1 Management Co Inc (as amended) (Defendant) | | |
| 02/24/2020 | Kira Wahlstrom's Motion for leave to File Sur-Reply to Address Misleading Representations and Misstatements of Fact Set forth in JPA Defendants' Reply  Brief to Plaintiff's Opposition to JPA Defendants' Motion for Entry of Judgment and to Strike Plaintiff's Pleadings Entitled "Judgment [(SIC)] Satisfied" and Plaintiff's Request for Sanctions | 297 | Image |
| 02/28/2020 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 02/28/2020 11:43:27 | | |
| 03/04/2020 | Notice of appeal filed.<br><br>Notice sent 3/6/20<br><br>Applies To: Sobczak, Krzysztof G (Other interested party) | 300 | Image |
| 03/09/2020 | Endorsement on Motion for Leave to File Sur Reply (#297.0): ALLOWED (dated 3/5/20) notice sent 3/9/20 | | Image |
| 03/10/2020 | Certification/Copy of Letter of transcript ordered from Court Reporter 10/30/2019 02:00 PM Rule 12 Hearing | 301 | Image |
| 03/30/2020 | Court orders rescheduling due to State of Emergency surrounding the Covid-19 virus.:  Hearing for Judgment on Pleading scheduled on:<br>       04/21/2020 10:00 AM<br>Has been: Rescheduled-Covid-19 emergency<br>Hon. Sharon Donatelle, Presiding<br>Staff:<br>       Timothy C Walsh, Assistant Clerk Magistrate | | |
| 04/30/2020 | General correspondence regarding Plaintiff Surreply in Further Opposition to JPA Defendants Motion for Entry of Judgement and to Strike Plaintiffs Pleading entitled "Judgment(sic) Satisfied" and Plaintiffs Request for Sanctions | 302 | Image |
| 07/27/2020 | Plaintiff Kira Wahlstrom's Motion for<br>Fees and Costs to be Assessed Against Kryzsztof Sobczak Esq (with opposition and reply) FILED UNED SEAL | 303 | |
| 08/10/2020 | Plaintiff Kira Wahlstrom's Motion for<br>Sanctions for Attorney Sobczak's Direct Violation of Impoundment and Seal Orders (with Opposition and Reply) | 304 | |
| 10/01/2020 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  10/01/2020 14:44:00<br>Notice Sent To:  David John Hoey, Esq. Law Offices of David J Hoey PC 352 Park St Suite 105, North Reading, MA 01864<br>Notice Sent To:  Patricia A DeJuneas, Esq. Sibbison, DeJuneas & Allen LLP One Commercial Wharf West, Boston, MA 02110<br>Notice Sent To:  Amy E Goganian, Esq. Goganian & Associates, P.C 144 Gould St Suite 202, Needham Heights, MA 02494<br>Notice Sent To:  Kara Ann Bettigole, Esq. Goganian & Associates, P.C. 144 Gould St Suite 202, Needham Heights, MA 02494<br>Notice Sent To:  Michael J Kerrigan, Esq. Sloane & Walsh, LLP One Boston Place 201 Washington Street Suite 1600, Boston, MA 02108<br>Notice Sent To:  William J Dailey, Jr., Esq. Sloane & Walsh One Boston Place 201 Washington Street Suite 1600, Boston, MA 02108<br>Notice Sent To:  John J Jarosak, Esq. Litchfield Cavo, LLP 6 Kimball Lane Suite 200, Lynnfield, MA 01940<br>Notice Sent To:  Bethany Pierson Minich, Esq. Litchfield Cavo LLP 6 Kimball Lane Suite 200, Lynnfield, MA 01940<br>Notice Sent To:  Daniella Massimilla, Esq. Law Offices of Patricia C. Fraizer 100 High St Suite 610B, Boston, MA 02110<br>Notice Sent To:  Nora Rose Adukonis, Esq. Litchfield Cavo LLP 6 Kimball Lane Suite 200, Lynnfield, MA 01940<br>Notice Sent To:  Lawrence J Kenney, Jr., Esq. Sloane and Walsh LLP One Boston Place 16th Floor, Boston, MA 02108<br>Notice Sent To:  Mark A Aronsson, Esq. Boyle Shaughnessy Law PC 695 Atlantic Ave, Boston, MA 02111<br>Notice Sent To:  Patrick Driscoll, Esq. Boyle Shaughnessy PC 695 Atlantic Ave, Boston, MA 02111<br>Notice Sent To:  Robert Marc Kaitz, Esq. Davis, Malm & D'Agostine, P.C. One Boston Place Suite 3700, Boston, MA 02108<br>Notice Sent To:  Lisa Skehill Maki, Esq. Boston Public Schools 2300  Washington St, Roxbury, MA 02119<br>Notice Sent To:  Richard A Goren, Esq. Law Office of Richard Goren 29 Crafts St Suite 500, Newton, MA 02458-1461<br>Notice Sent To:  Krzysztof G Sobczak, Esq. Sobczak Law 619 Boylston St, Newton Center, MA 02459 | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | Notice Sent To: Jose Ruben Rivera III Bridgewater State Hosptial 20 Administration Rd, Bridgewater, MA 02324 | | |
| 10/01/2020 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 10/01/2020 14:50:24<br>Notice Sent To: David John Hoey, Esq. Law Offices of David J Hoey PC 352 Park St Suite 105, North Reading, MA 01864<br>Notice Sent To: Patricia A DeJuneas, Esq. Sibbison, DeJuneas & Allen LLP One Commercial Wharf West, Boston, MA 02110<br>Notice Sent To: Amy E Goganian, Esq. Goganian & Associates, P.C 144 Gould St Suite 202, Needham Heights, MA 02494<br>Notice Sent To: Kara Ann Bettigole, Esq. Goganian & Associates, P.C. 144 Gould St Suite 202, Needham Heights, MA 02494<br>Notice Sent To: Michael J Kerrigan, Esq. Sloane & Walsh, LLP One Boston Place 201 Washington Street Suite 1600, Boston, MA 02108<br>Notice Sent To: William J Dailey, Jr., Esq. Sloane & Walsh One Boston Place 201 Washington Street Suite 1600, Boston, MA 02108<br>Notice Sent To: John J Jarosak, Esq. Litchfield Cavo, LLP 6 Kimball Lane Suite 200, Lynnfield, MA 01940<br>Notice Sent To: Bethany Pierson Minich, Esq. Litchfield Cavo LLP 6 Kimball Lane Suite 200, Lynnfield, MA 01940<br>Notice Sent To: Daniella Massimilla, Esq. Law Offices of Patricia C. Fraizer 100 High St Suite 610B, Boston, MA 02110<br>Notice Sent To: Nora Rose Adukonis, Esq. Litchfield Cavo LLP 6 Kimball Lane Suite 200, Lynnfield, MA 01940<br>Notice Sent To: Lawrence J Kenney, Jr., Esq. Sloane and Walsh LLP One Boston Place 16th Floor, Boston, MA 02108<br>Notice Sent To: Michael J Kerrigan, Esq. Sloane & Walsh, LLP One Boston Place 201 Washington Street Suite 1600, Boston, MA 02108<br>Notice Sent To: Patrick Driscoll, Esq. Boyle Shaughnessy PC 695 Atlantic Ave, Boston, MA 02111<br>Notice Sent To: Robert Marc Kaitz, Esq. Davis, Malm & D'Agostine, P.C. One Boston Place Suite 3700, Boston, MA 02108<br>Notice Sent To: Lisa Skehill Maki, Esq. Boston Public Schools 2300 Washington St, Roxbury, MA 02119<br>Notice Sent To: Richard A Goren, Esq. Law Office of Richard Goren 29 Crafts St Suite 500, Newton, MA 02458-1461<br>Notice Sent To: Krzysztof G Sobczak, Esq. Sobczak Law 619 Boylston St, Newton Center, MA 02459<br>Notice Sent To: Jose Ruben Rivera III Bridgewater State Hosptial 20 Administration Rd, Bridgewater, MA 02324<br>Notice Sent To: Park Square Revival Corp No addresses available | | |
| 10/15/2020 | Event Result:: Hearing: Sanctions scheduled on:<br>    10/15/2020 02:00 PM<br>Has been: Held as Scheduled<br>Hon. Robert B Gordon, Presiding<br>Staff:<br>    Paul Kennealy, Assistant Clerk | | |
| 10/21/2020 | Event Result:: Motion Hearing scheduled on:<br>    10/21/2020 12:00 PM<br>Has been: Held via Video Conference<br>Hon. Robert L Ullmann, Presiding<br>Staff:<br>    Margaret M Buckley, Assistant Clerk Magistrate | | |
| 10/26/2020 | Endorsement on Motion for sanctions for Attorney Sobczak's Direct Violation of Impoundment and Seal Orders (#304.0): DENIED<br>upon review, and for the reasons stated on the record during the Zoom hearing held on 10/15/20, the court is constrained to DENY this motion. there is no evidence that Mr. Sobczak ever filed documents subject to impoundment in an improper manner, or otherwise violated any specific terms of a court order. there is no protective order in this case, operating to limit Ms. Sobczak's right to serve pleadings on other parties in this case. to the contrary, Ms. Sobczak is presumed to have an obligation to serve any pleadings to be filed on all argues of record in the litigation (even if these parties have no stake or interest in the fee lien dispute. If Ms. Wahlstrom (or the Hoey law firm) wishes to place limits on what Mr. Sobczak may do with discovery materials in this case, a Rule 26 protective order is the appropriate mechanism. no sanctionable violation occurred in this instance.<br><br>(dated 10/15/20) notice sent 10/22/20 | | 🔄<br>Image |
| 10/26/2020 | MEMORANDUM & ORDER:<br><br>on plaintiff Kira Wahlstrom's motion for fees and costs to be assessed against Krysztof Sobczak, Esq. and Sobczak's cross-motion to vacate impoundment order. plaintiff's motion is DENIED. Sobczak's cross-motion is ALLOWED.<br><br>(dated 10/15/20) notice sent 10/22/20<br><br>Judge: Gordon, Hon. Robert B | 305 | 🔄<br>Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 11/04/2020 | Endorsement on Motion for Entry of Judgment and to Strike Pleading Entitled "Judgment Satisfied" (#294.0): ALLOWED<br>in Part. Final Judgment in favor of LAZ Parking on JPA's Cross Claims shall enter. JPA's Motion is DENIED to the extent it seeks an order dismissing plaintiff's claims and Striking pleading #292, without prejudice to JPA's right to argue the merits of its position in the pending Essex County action (dated 10/23/20) notice sent 11/3/20 | | Image |
| 11/04/2020 | Endorsement on Submission of Opposition and Request for Sanctions (#295.0): DENIED<br>Sanctions denied for the reasons stated on the record at the hearing on 10/21/20 (dated 10/23/20) notice sent 11/3/20 | | Image |
| 11/12/2020 | Notice of appeal filed.<br><br>Notice sent 11/17/20<br><br>Applies To: JPA IV Management Company Inc (Defendant) | 306 | Image |
| 11/20/2020 | Plaintiff's Notice of intent to file motion To dismiss Attorneys Sobczak's Appeal from Rulings dated February 5, 2020, February 18, 2019 and August 12, 2019<br><br>Applies To: Wahlstrom, Kira (Plaintiff) | 307 | Image |
| 11/24/2020 | Notice of docket entry received from Appeals Court<br>Please take note that on November 23, 2020, the above referenced matter (2020-J-0517) has been entered on the single justice docket of the Appeals Court. | 308 | Image |
| 11/24/2020 | Notice of appeal filed.<br><br>Notice sent 11/24/2020<br><br>Applies To: Wahlstrom, Kira (Plaintiff) | 309 | Image |
| 11/24/2020 | Certification/Copy of Letter of transcript ordered from Court Reporter 10/15/2020 02:00 PM Hearing: Sanctions | 310 | Image |
| 11/25/2020 | Notice to Court RE: NO transcript ordered | 311 | Image |
| 11/25/2020 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Petition pursuant to G.L. c. 231, s. 118 filed for Kira Wahlstrom by Attorney Robert Elliot Curtis. (Paper #1), on November 25, 2020, the following order was entered on the docket of the above-referenced case: RE#1: Appellate proceedings stayed to 12/24/2020. Status report due 12/24/2020 regarding the disposition of the motion for reconsideration. Notice/Attest/Gordon, J. | 312 | Image<br>Image |
| 11/30/2020 | CD of Transcript of 10/15/2020 02:00 PM Hearing: Sanctions received from Donna Holmes Dominguez. | 313 | |
| 12/22/2020 | Kira Wahlstrom's MOTION for reconsideration of Court Order dated 10/15/2020 re:  paper #304.0. (denial of sanctions) (w/ opposition and reply) | 314 | Image |
| 12/22/2020 | Plaintiff Kira Wahlstrom's Motion for<br>protective order and motion to reinstate impoundment and seal orders. (w/ opposition and reply) | 315 | Image |
| 12/29/2020 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status report filed for Kira Wahlstrom by Attorney Robert Elliot Curtis. (Paper #4), on December 29, 2020, the following order was entered on the docket of the above-referenced case: RE#4: Appellate proceedings stayed to 1/25/2021. Status report due then regarding the disposition of the motion for reconsideration. *Notice/Attest/Gordon, J. | 317 | Image |
| 01/04/2021 | CD of Transcript of 10/30/2019 02:00 PM Rule 12 Hearing received from AIMÉE RUBINOWITZ. | 316 | |
| 01/25/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status report filed for Kira Wahlstrom by Attorney Robert Elliot Curtis. (Paper #5), on January 25, 2021, the following order was entered on the docket of the above-referenced case:RE #5: Appellate proceedings stayed to 2/25/2021. Status report due then regarding the disposition of the motion for reconsideration. *Notice/Attest/Gordon, J. | 318 | Image |
| 02/25/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status report filed for Kira Wahlstrom by Attorney Robert Elliot Curtis. (Paper #6), on February 25, 2021, the following order was entered on the docket of the above-referenced case: RE #6: Appellate proceedings stayed to 3/25/2021. Status report due then regarding the disposition of the motion for reconsideration. *Notice/Attest/Gordon, J. | 319 | Image |
| 03/05/2021 | Endorsement on Motion for reconsideration of denial of sanctions (#314.0): DENIED<br>upon review, plaintiff's motion to reconsider the denial of sanctions is DENIED.<br><br>(dated 3/01/21)  notice sent 3/05/21 | | Image |
| 03/05/2021 | ORDER: on Wahlstrom and Hoey Law's motion for protective order and request to reinstate impoundment and seal records.;<br>parties are directed to meet and confer in good faith to establish mutually satisfactory terms for a protective order. | 320 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | (dated 3/01/21)  notice sent 3/05/21 | | |
| 03/10/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the MOTION to withdraw petition filed for Kira Wahlstrom by Attorney Robert Elliot Curtis. (Paper #7), on March 10, 2021, the following order was entered on the docket of the above-referenced case: RE#7: Pursuant to the within, this petition is withdrawn. *Notice/Attest | 321 | Image |
| 03/12/2021 | Notice of Appeal from Rulings Docketed on October 26, 2020 and March 5, 2021<br><br>Notice sent 3/15/21<br><br>Applies To: Wahlstrom, Kira (Plaintiff) | 322 | Image |
| 03/17/2021 | Plaintiff Kira Wahlstrom's Submission of<br>Certification pursuant to Mass R. App. P8 and P9 | 323 | Image |
| 03/22/2021 | Plaintiff Kira Wahlstrom's Supplemental, Memorandum in<br>Support of Motion for Protective Order and Reinstatement of Impoundment and Seal Orders | 324 | Image |
| 03/22/2021 | Certificate of Compliance Superior Court Rule 9C | 325 | |
| 03/26/2021 | Reply/Sur-reply<br><br>RESPONSE TO PLAINTIFF AND HOEY'S SUPPLEMENTAL MEMORANDUM | 326 | Image |
| 03/31/2021 | ORDER: on Wahlstrom and Hoey Law's motion for protective order<br>(dated 3/29/21)  notice sent 3/31/21 | 327 | Image |
| 06/03/2021 | Notice of assembly of record sent to Counsel | | |
| 06/03/2021 | Notice to Clerk of the Appeals Court of Assembly of Record | | |
| 06/16/2021 | Notice of docket entry received from Appeals Court<br>In accordance with Massachusetts Rule of Appellate Procedure 10(a)(3), please note that the above-referenced case (2021-P-0542) was entered in this Court on June 15, 2021. | 328 | Image |
| 07/09/2021 | Notice of Entry of appeal received from the Appeals Court<br>In accordance with Massachusetts Rule of Appellate Procedure 10(a)(3), please note that the above-referenced case (2021-P-0626) was entered in this Court on July 9, 2021. | 329 | Image |
| 07/09/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Motion for leave to file motion to correct record filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas (transferred from 21P0542). (Paper #7), on July 9, 2021, the following order was entered on the docket: RE#7: Allowed. Appellee/cross-appellant Kira Wahlstrom is given leave to file, and the trial court is given leave to consider, a motion to correct the record. Appellate proceedings stayed to 8/9/21. Status report due then regarding the status of the motion to correct the record. Notice/attest/Gordon, J. | 330 | Image |
| 07/09/2021 | Notice of docket entry received from Appeals Court<br>Please take note that on July 9, 2021, the following entry was made on the docket of the above-referenced case: ORDER (RE:#10): Allowed. The cross-appeals of non-party intervenor/appellant/cross-appellee Krysztof G. Sobczak (notice of appeal filed on 3/4/20) and plaintiff/appellee/cross-appellant Kira Wahlstrom (notice of appeal filed on 3/12/21) are severed from this appeal and entered in docket no. 2021-P-0626. The only appeal remaining in this matter is the appeal of defendants/appellants JPA IV Management Company, Inc. and JPA I Management Company, Inc. (notice of appeal filed on 11/12/20). *Notice/Attest. | 331 | Image |
| 07/09/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Motion for leave to file motion for separate and final judgment and to extend date for filing brief and appendix filed for JPA IV Management Company, Inc. and JPA I Management Company, Inc. by Attorney Mark Aronsson. (Paper #13), on July 9, 2021, the following order was entered on the docket: RE#13: Allowed. The appellants JPA IV Management Company, Inc. and JPA I Management Company, Inc. are granted leave to file, and the trial court is given leave to consider, a motion for entry of separate and final judgment and/or entry of final judgment to the extent all claims have been resolved. Appellate proceedings stayed to 8/9/21. Status report due then concerning the status of the motion. Notice/attest/Ullman, J. | 332 | Image |
| 07/13/2021 | Plaintiff Kira Wahlstrom's Motion to<br>Docket Previously Impounded Filings | 333 | Image |
| 07/14/2021 | Defendants JPA IV Management Company Inc, JPA 1 Management Co Inc (as amended)'s Assented to Motion for<br>Separate and Final Judgment  pursuant to MRCP 54 b | 334 | Image |
| 08/10/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status Report filed for JPA IV Management Company, Inc. and JPA I Management Company, Inc. by Attorney Mark Aronsson. (Paper #14), on August 10, 2021, the following order was entered on the docket: RE#14: Appellate proceedings stayed to 09/10/2021. Status report due then concerning the status of the motion for entry of separate and final judgment recently filed in the trial court. Notice/attest/Ullman, J. | 335 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 08/10/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status Report filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. (Paper #8), on August 10, 2021, the following order was entered on the docket: RE#8: Appellate proceedings stayed to 09/10/2021. Status report due then regarding the status of the motion to correct the record. Notice/attest | 336 | Image |
| 09/13/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status Report filed for JPA IV Management Company, Inc. and JPA I Management Company, Inc. by Attorney Mark Aronsson. (Paper #15), on September 13, 2021, the following order was entered on the docket: RE#15: Appellate proceedings stayed to 10/13/2021. Status report due then concerning the trial court's disposition of the assented-to motion for entry of separate and final judgment, pending since 7/14/21. Notice/attest/Ullman, J. | 337 | Image |
| 09/13/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status Report filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. (Paper #9), on September 13, 2021, the following order was entered on the docket: RE#9: Appellate proceedings stayed to 10/13/2021. Status report due then concerning the trial court's disposition of the motion to docket previously impounded filings, pending since 7/13/21. Notice/attest/Ullman, J. | 338 | Image |
| 10/14/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status Report filed for JPA IV Management Company, Inc. and JPA I Management Company, Inc. by Attorney Mark Aronsson. (Paper #16), on October 14, 2021, the following order was entered on the docket: RE#16: Appellate proceedings stayed to 11/15/2021. Status report due then concerning the trial court's disposition of the assented-to motion for entry of separate and final judgment, pending since 7/14/21. Notice/attest/Ullman, J. | 339 | Image |
| 10/18/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status Report filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. (Paper #10), on October 18, 2021, the following order was entered on the docket: RE#10: Appellate proceedings stayed to 11/15/2021. Status report due then concerning the trial court's disposition of the motion to docket previously impounded filings, pending since 7/13/21. Notice/attest/Ullman, J. | 340 | Image |
| 11/16/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status Report filed for JPA IV Management Company, Inc. and JPA I Management Company, Inc. by Attorney Mark Aronsson. (Paper #17), on November 16, 2021, the following order was entered on the docket: RE#17: Appellate proceedings stayed to 12/15/2021. Status report due then concerning the trial court's disposition of the assented-to motion for entry of separate and final judgment. *Notice/attest/Ullman, J. | 341 | Image |
| 11/17/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status Report filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. (Paper #11), on November 17, 2021, the following order was entered on the docket: RE#11: Appellate proceedings stayed to 12/15/2021. Status report due then concerning the trial court's disposition of the motion to docket previously impounded filings, pending since 7/13/21. Notice/attest/Ullman, J. | 342 | Image |
| 12/16/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status Report filed for JPA IV Management Company, Inc. and JPA I Management Company, Inc. by Attorney Mark Aronsson. (Paper #18), on December 16, 2021, the following order was entered on the docket: RE#18: Appellate proceedings stayed to 1/17/22. Status report due then concerning the trial court's disposition of the pending assented-to motion for entry of separate and final judgment, which has been pending in the trial court since 7/14/21. *Notice/attest/Ullman, J. | 343 | Image |
| 12/16/2021 | Endorsement on Motion for Separate Judgment (#334.0): ALLOWED<br>by Agreement | | Image |
| 12/17/2021 | JUDGMENT pursuant to MRCP 54(b), the Court ORDERED separate and final Judgment. Therefore, it is ORDERED and ADJUDGED that the Complaint of the Plaintiff(s), Kira Wahlstrom be and hereby is dismissed against Defendant(s), JPA IV Management Company Inc, JPA 1 Management Co Inc (as amended) without statutory costs.<br>entered on docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R CivP 77(d) | 344 | Image |
| 12/17/2021 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the Status Report filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. (Paper #12), on December 17, 2021, the following order was entered on the docket: RE#12: Appellate proceedings stayed to 1/17/22. Status report due then concerning the trial court's disposition of the unopposed motion to correct the docket to reflect impounded filings, which has been pending in the trial court since 7/13/21 without action. *Notice/attest/Ullman, J. | 345 | Image |
| 12/30/2021 | Endorsement on Motion to Docket Previously Impounded Filings (#333.0): ALLOWED<br>(Date 12/28/21)<br>Notice 12/30/21 | | Image |
| 01/11/2022 | Endorsement on Motion to Docket Previously Impounded Filings (#333.0): ALLOWED<br>(date 12/28/21) Allowed Notice 1/11/22 | | Image |
| 01/12/2022 | Defendants JPA IV Management Company Inc, JPA 1 Management Co Inc (as amended)'s Notice of appeal | 346 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 01/12/2022 | Notice of appeal filed. (see p#346)<br><br>Applies To: JPA IV Management Company Inc (Defendant); JPA 1 Management Co Inc (as amended) (Defendant) | | |
| 01/13/2022 | Judgment / Order VACATED (#344.0);<br>enter in error  Notice sent 1/18/22 | | Image |
| 01/18/2022 | CORRECTED JUDGMENT  It is hereby Ordered and Adjudged  That the Court having found and determined that there is no just reason for delay in the entry of Final Judgment and therefore the motion is ALLOWED  Separate and Final Judgment hereby enters in favor of LAZ on the cross-claim filed by JPA IV Management Company Inc. and JPA I Management Company Inc against LAZ entered on docket pursuant to Mass R Civ P 58(a)  and notice sent to parties pursuant to Mass R Civ P 77(d)<br><br>Judge: Connolly, Hon. Rosemary | 347 | Image |
| 01/24/2022 | Defendant JPA IV Management Co Inc, JPA I Managment Co Inc's Supplemental Notice of Appeal | 348 | Image |
| 01/24/2022 | Notice of appeal filed. (See p#348)<br><br>Notice sent 1/31/22<br><br>Applies To: JPA IV Management Company Inc (Defendant); JPA 1 Management Co Inc (as amended) (Defendant) | | |
| 03/01/2022 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the MOTION to Dismiss under Rule 29(b) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. (Paper #19), on March 1, 2022, the following order was entered on the docket (2021-P-0626): RE#19: Appeal dismissed with prejudice and without an award of costs or fees to any party, pursuant to M.R.A.P. 29(b). *Notice/Attest/Wilkins, J., Gordon, J., Ullmann, J | 349 | |
| 03/01/2022 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the MOTION to Dismiss under Rule 29(b) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. (Paper #19), on March 1, 2022, the following order was entered on the docket: RE#19 (Revised): Plaintiff/Appellant/Cross-Appellee Kira Wahlstrom's appeal is dismissed with prejudice and without an award of costs or fees to any party, pursuant to M.R.A.P. 29(b). Appellee/Cross-Appellant Krysztof G. Sobczak's brief and appendix are due on or before 4/11/22. Notice/attest. | 350 | Image |
| 04/13/2022 | Notice of docket entry received from Appeals Court<br>Please take note that, with respect to the MOTION to withdraw as counsel filed for Law Offices of David J. Hoey PC by Attorney Amy Goganian. (Paper #21), on April 12, 2022, the following entry was made on the docket of the above-referenced case: RE#21: Treating the within as a motion to withdraw, it is denied without prejudice to renewal with a certificate of service showing service on the client, which also provides the court with the current contact information to send future notices in this case. Please note that a corporation cannot proceed without an attorney to represent it. Accordingly, a corporation will not be able to file a brief and/or participate in oral argument without legal representation. *Notice. | 351 | Image |
| 05/31/2022 | Opposition to Law Offices of David J. Hoey, P.C.'s Ex Parte Motion to Impound (filed 9/19/19) (IMPOUNDED) filed by Krzysztof G Sobczak | 352 | |
| 05/31/2022 | Affidavit of Krzysztof G. Sorczak in Support of Opposition to Law Offices of David J Hoey PC's Ex Parte Motion to Impound (filed 9/19/19) | 353 | |
| 05/31/2022 | Other Interested Party Krzysztof G Sobczak's Motion for Reconsideration, Opposition to Plaintiff, Kira Wahlstrom's Renewed Motion to Dismiss Notice of Attorney's Lien (filed 12/31/19)  -  DENIED to the extent that Attorney Sobczak seeks reconsideration of the 11/18/19 Order.  Dated: 1/16/20  (IMPOUNDED) | 354 | |
| 05/31/2022 | Plaintiff Kira Wahlstrom's Motion for Fees and Costs to be Assessed against Kryzstof Sobczak, Esq. (IMPOUNDED) | 355 | |
| 05/31/2022 | Kira Wahlstrom's Memorandum in support of her Motion for Fees and Costs to be assessed against Kryzsztof Sobczak, Esq. (IMPOUNDED) | 356 | |
| 05/31/2022 | Plaintiff Kira Wahlstrom's Notice to Correct the Record (filed 3/21/20) (IMPOUNDED) | 357 | |
| 05/31/2022 | Opposition to Plaintiff, Kira Wahlstrom's M.G.L. c.231, Sec.6F Motion for Fees and Costs & CROSS-MOTION to VACATE the 8/12/19 Impoundment Order filed by Krzysztof G Sobczak (filed 7/6/20) (IMPOUNDED) | 358 | |
| 05/31/2022 | Opposition to Cross-Motion to Vacate the 8/12/19 Impoundment Order filed by Kira Wahlstrom (filed 7/24/20) (IMPOUNDED) | 359 | |
| 05/31/2022 | Plaintiff Kira Wahlstrom's Reply to Kryzstof Sobczak, Esq.'s Opposition to her Motion for Fees and Costs (IMPOUNDED) | 360 | |
| 05/31/2022 | Affidavit of Amy E. Goganian, Esq. in Support of Plaintiff, Kira Wahlstrom's Motion for Fees and Costs (Supplemental Affidavit) | 361 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 05/31/2022 | Affidavit of Don C. Keenan, Esquire | 362 | |
| 05/31/2022 | Plaintiff Kira Wahlstrom's Submission of Notice of Filing and Superior Court Rule 9A Certificate of Counsel<br><br>Applies To: Goganian, Esq., Amy E (Attorney) on behalf of Wahlstrom, Kira (Plaintiff) | | Image |
| 05/31/2022 | Plaintiff Kira Wahlstrom's Motion for sanctions for Attorney Sobczak's Direct Violations of Impoundment and Seal Orders (IMPOUNDED)<br><br>Applies To: Goganian, Esq., Amy E (Attorney) on behalf of Wahlstrom, Kira (Plaintiff) | 363 | |
| 05/31/2022 | Plaintiff Kira Wahlstrom's Reply to Krzysztof Sobczak's Opposition to Plaintiff, Kira Wahlstrom's Motion to Dismiss Notice of Attorney's Lien and Request for Sanctions (IMPOUNDED)<br><br>Applies To: Goganian, Esq., Amy E (Attorney) on behalf of Wahlstrom, Kira (Plaintiff) | 364 | |
| 05/31/2022 | Opposition to Krzysztof Sobczak, Esq.'s Cross-Motion for Discovery and Evidentiary Hearing filed by Kira Wahlstrom (IMPOUNDED) | 365 | |
| 05/31/2022 | Other Interested Party Krzysztof G Sobczak's Notice of Motion for Reconsideration (IMPOUNDED) | 366 | |
| 05/31/2022 | Renewed Motion:<br><br>Plaintiff, Kira Wahlstrom's Renewed Motion to Dismiss Notice of Attorney's Lien (IMPOUNDED) | 367 | |
| 05/31/2022 | Opposition to Plaintiff, Kira Wahlstrom's Renewed Motion to Dismiss Notice of Attorney's Lien & CROSS-MOTION for Reconsideration of the Court's 11/8/19 Order filed by Krzysztof G Sobczak (IMPOUNDED) | 368 | |
| 05/31/2022 | Opposition to Law Offices of David J Hoey P.C.'s Ex Parte Motion to Impound filed by Krzysztof G Sobczak (IMPOUNDED) | 369 | |
| 05/31/2022 | Affidavit of Kira Wahlstrom | 370 | |
| 05/31/2022 | Opposition to Plaintiff, Kira Wahlstrom's Motion to Dismiss Notice of Attorney's Lien and Request for Sanctions and Cross-Motion for Discovery and Evidentiary Hearing filed by Krzysztof G Sobczak (IMPOUNDED) | 371 | |
| 05/31/2022 | Affidavit of Krzysztof G. Sobczak in Support of Opposition to Motion to Dismiss Notice of Attorney's Lien (IMPOUNDED) | 372 | |
| 05/15/2023 | Rescript received from Appeals Court; judgment AFFIRMED Order dismissing lien affirmed. | 373 | Image |
| 05/15/2023 | Rescript received from Appeals Court; judgment AFFIRMED Judgment affirmed. | 374 | Image |
| 06/28/2023 | JUDGMENT/ORDER after Rescript:  The original judgment (#347.0) is Affirmed. It is hereby Ordered and Adjudged  That the Court having found and determined that there is no just reason for delay in the entry of Final Judgment and therefore the motion is ALLOWED  Separate and Final Judgment hereby enters in favor of LAZ on the cross-claim filed by JPA IV Management Company Inc. and JPA I Management Company Inc against LAZ entered on docket pursuant to Mass R Civ P 58(b) and notice sent to parties pursuant to Mass R Civ P 77(d)<br>entered on docket pursuant to Mass R Civ P 58(b) and notice sent to parties pursuant to Mass R Civ P 77(d) | 375 | Image |
| | | | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Disposed | 09/14/2015 | |

Name search is currently unavailable in Land Court. Case type and case number searches are available. For assistance, contact the Land Court Recorder's Office at 617-788-7470. We apologize for any inconvenience this may cause. ✖

# EXHIBIT O

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.:  1:22-cv-10792-RGS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

KIRA WAHLSTROM,

          Plaintiff,

V.

DAVID J. HOEY, LAW OFFICES OF DAVID J.

HOEY, P.C., DON C. KEENAN, D.C.

KEENAN & ASSOCIATES, P.C. D/B/A THE

KEENAN LAW FIRM, P.C., AND THE KEENAN'S

KIDS FOUNDATION, INC.

          Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DEPOSITION OF PATRICIA DeJUNEAS


Wilson Elser Moskowitz Edelman & Dicker LLP

260 Franklin Street, 14th Floor

Boston, Massachusetts 02110


February 24, 2023

10:05 a.m. - 1:14 p.m.


JENNIFER M. VAILLANCOURT, CSR, RPR

(Pages 2 to 5)

Page 2

```
 1        APPEARANCES
 2  ON BEHALF OF THE PLAINTIFF:
        BRIDGET A. ZERNER, ESQ.
 3      Markham Read Zerner LLC
        One Commercial Wharf West
 4      Boston, Massachusetts  02110
        617.523.6329
 5      bzerner@markhamreadzerner.com
 6  ON BEHALF OF DAVID J. HOEY:
        CHRISTINE A. KNIPPER, ESQ.
 7      JOHN P. LIBERTY, ESQ.
        Wilson Elser Moskowitz Edelman & Dicker LLP
 8      260 Franklin Street, 14th Floor
        Boston, Massachusetts  02110
 9      617.422.5300
        christine.knipper@wilsonelser.com
10      john.liberty@wilsonelser.com
11  ON BEHALF OF THE KEENAN LAW FIRM:
        JOHN J. O'CONNOR, ESQ.
12      Peabody & Arnold
        Federal Reserve Plaza
13      600 Atlantic Avenue
        Boston, Massachusetts  02210
14      617.951.2100
        joconnor@peabodyarnold.com
15
16  ON BEHALF OF THE KEENAN'S KIDS FOUNDATION:
        DANNI SHANEL, ESQ.
17      Troutman Pepper Hamilton Sanders LLP
        High Street Tower
18      125 High Street
        19th Floor
19      Boston, Massachusetts  02110
        617.204.5100
20      danni.shanel@troutman.com
21
22  ALSO PRESENT:
23      DAVID HOEY
24
```

Page 3

```
 1            INDEX PAGE
 2  DEPOSITION OF PATRICIA DeJUNEAS
 3  EXAMINATION                    PAGE
 4  BY MS. KNIPPER                    4
 5  BY MR. O'CONNOR                 105
 6  BY MS. SHANEL                   107
 7
 8
 9            EXHIBIT INDEX
10  EXHIBIT      DESCRIPTION        PAGE
11  Exhibit 1 December 2015 e-mail      15
12  Exhibit 2 Legal services agreement  33
13  Exhibit 3 Retainer agreement        77
14  Exhibit 4 Handwritten note          99
15  Exhibit 5 July 2019 e-mail         103
16  Exhibit 6 June 2019 e-mail         104
17  Exhibit 7 November 2020 e-mail      104
18
19
20  (Exhibits retained by Ms. Knipper.)
21
22
23
24
```

Page 4

```
 1  DEPOSITION OF PATRICIA DeJUNEAS
 2         FEBRUARY 24, 2023
 3
 4      MS. ZERNER:  My name's Bridget Zerner.  I've
 5  known Patty DeJuneas for several years and vouch that
 6  this is the true Patty DeJuneas that has appeared
 7  today to testify.
 8      PATRICIA DeJUNEAS, the witness, having been
 9  satisfactorily identified and duly sworn by the Notary
10  Public, was examined and testified as follows:
11      EXAMINATION
12      BY MS. KNIPPER:
13      Q.   Good morning, ma'am.  Can you please state
14  your name for the record?
15      A.   Sure.  Patty DeJuneas, D-E, capital J,
16  U-N-E-A-S.
17      Q.   And do you have a middle initial?
18      A.   A.
19      Q.   And what does that stand for?
20      A.   Ann.
21      Q.   And is Ann with an E at the end --
22      A.   No.
23      Q.   -- or no E?
24      A.   No E.
```

Page 5

```
 1      Q.   And have you been deposed before, ma'am?
 2      A.   No.
 3      Q.   Where do you live?
 4      A.   I live in Boston.
 5      MS. KNIPPER:  And usual stipulations,
 6  Ms. Zerner?
 7      MS. ZERNER:  Yes.
 8      MS. KNIPPER:  All objections, except as to
 9  form, reserved until the time of trial, stipulations
10  reserved until the time of trial?
11      MS. ZERNER:  Yes.
12      MS. KNIPPER:  Thank you.
13      Q.   And what is your address in Boston?
14      A.   My office address is 11A Commercial Wharf
15  West, Boston 02110.
16      Q.   And what is your personal address?
17      THE WITNESS:  Do I need to give that?
18      MS. ZERNER:  Typically it's given.
19      A.   27 Wareham Street, and the ZIP code is
20  02118.
21      Q.   And what town is that?
22      A.   Boston.
23      Q.   And do you have any intention on moving?
24      A.   No.
```

Page 14

1  before it gets to an appellate issue?
2      A.  No.  I only have one case like that.
3      Q.  And what type of case is it?
4      A.  That's the civil rights case.
5      Q.  Do you share any type of firm bills with the
6  folks that you share office with?
7      A.  I didn't understand your question.
8      Q.  Sure.
9          Do you share any type of bills for your
10 firm, like electricity or anything of that sort?
11     A.  That's considered part of my rent.
12     Q.  Internet?
13     A.  I believe that's part of the rent.  I have
14 my own separate router and Wi-Fi.
15     Q.  And from approximately 2015 to the most
16 recent change in your firm, which started in January
17 2022, who worked at the firm besides you and
18 Ms. Ashley Allen?
19     A.  From 2015, I believe that Wendy Sibbison was
20 still an attorney but had wound down her practice
21 quite a bit, and then we had law students work for us
22 from time to time and I believe younger attorneys as
23 well, but that would be on a contract basis.
24     Q.  And when you say on a contract basis, what

Page 15

1  do you mean?
2      A.  Case-by-case basis.
3      Q.  And, now, at some point, you became involved
4  in the Kira Wahlstrom case; is that correct?
5      A.  Yes.
6      Q.  When were you first contacted?
7      A.  I believe I was first contacted by Kris
8  Sobczak after the defendants filed a motion for a new
9  trial and before he filed the opposition.
10     Q.  Would that have been in late 2015?
11     A.  I'm not sure of the dates.
12         (Exhibit-1, December 2015 e-mail, marked for
13 identification.)
14     Q.  You have in front of you Exhibit 1.  I will
15 not represent to you whether or not this is the first
16 e-mail between you and Mr. Sobczak or Mr. Hoey or
17 Mr. Keenan.  However, I'm showing it to you.  Do you
18 see the date of December 11th, 2015 at the top?
19     A.  (Witness viewing document.) Yes.
20     Q.  Does this refresh your recollection that at
21 least by the end of 2015 you were -- you had been
22 contacted on this case?
23     A.  Yes.
24     Q.  Looking at this e-mail, does this refresh

Page 16

1  your recollection as to what the purpose of the call
2  was or the hearing referenced?
3      A.  (Witness viewing document.) I believe this
4  was an interview, so to speak, with the trial team in
5  Wahlstrom versus JPA to see whether they wanted to
6  retain me to argue against the motion for a new trial
7  after the briefing had been done.
8      Q.  Did you ultimately do that --
9      A.  Yes.
10     Q.  -- argue?
11         Do you remember when the hearing was?
12     A.  I do not.
13     Q.  Did you do any of the papers on the motion
14 for the new trial?
15     A.  Posthearing papers, yes.
16     Q.  Is it your memory, as you sit here today,
17 that when you went to the hearing -- and you argued
18 against the new trial; correct?
19     A.  Uh-huh.
20     Q.  That the motion -- that the motion papers
21 had already been drafted and you did not participate
22 in the drafting of those papers?
23     A.  So this goes back to my first contact with
24 anyone about this case, and as a courtesy, I had

Page 17

1  looked at the defendant's motion for a new trial and
2  gave some advice to Kris about how to respond, just
3  some general principles.  I don't recall if I saw any
4  drafts of that.
5      Q.  Drafts of what?
6      A.  Of the opposition papers that he filed.
7      Q.  And when you went to the hearing on the
8  motion for the new trial, who was the judge?
9      A.  Judge Wilson.
10     Q.  And was that the first hearing that you went
11 to on the Wahlstrom matter?
12     A.  Yes.
13     Q.  And you sat at counsel's table.
14     A.  I did.
15     Q.  And did you introduce yourself as counsel
16 for Kira Wahlstrom?
17     A.  I believe I introduced myself as appellate
18 counsel.
19     Q.  For Kira Wahlstrom?
20     A.  Yes.
21     Q.  You entered an appearance in the Wahlstrom
22 versus JPA case; is that correct?
23     A.  I don't recall specifically.  My general
24 practice is to file a notice of limited appearance and

Page 18

1    identify myself as appellate counsel.
2        Q.   Do you know if you did that here?
3        A.   I don't know offhand.
4        Q.   Irrespective, you were arguing on behalf of
5    Kira --
6        A.   Yes.
7        Q.   -- correct?
8            And at that particular point in time, did
9    you have a fee agreement with Kira Wahlstrom?
10       A.   I did not.
11       Q.   That came later; correct?
12       A.   Yes.
13       Q.   Do you remember what year you had the fee
14   agreement with Kira?
15       A.   I believe it was 2017, but I'm not positive.
16       Q.   And when you came on board at the end of
17   2015, what did you do in terms of either defending
18   against the motions or vis-à-vis the appeal?
19       A.   In addition to what I just explained?
20       Q.   Yes, ma'am.
21       A.   So I had about a week or less to prepare for
22   the oral argument on the motion, so I reviewed
23   whatever draft transcripts were available at that
24   time.

Page 19

1            I reviewed the papers, did some research,
2    and I spoke with the trial team, the entire trial team
3    at least once.  I don't remember having any subsequent
4    conversations with Andrew Gould or gold, I believe his
5    name is, and then I argued it.
6        Q.   And when you say the trial team, who was
7    that?
8        A.   It was Don Keenan, his associate Andrew
9    Gould, David Hoey, and Kris Sobczak.
10       Q.   And after you argued the motion, what did
11   you understand your role to be?
12       A.   That I would be appellate counsel if there
13   was an appeal.  Other than that, it was just to see
14   through the end of the litigation on the motion for a
15   new trial.
16       Q.   And what did that entail?
17       A.   We did some subsequent briefing and, I
18   believe, a couple motions.
19       Q.   And for that briefing and the motions, did
20   you do anything to prepare?
21           Did you obtain a copy of the underlying
22   file, anything of that sort?
23       A.   In 2015?
24       Q.   Well, 2015 or 2016.

Page 20

1        A.   No.  I would have had no reason to obtain
2    the file.
3        Q.   When did you obtain a copy of the underlying
4    file?
5        A.   I think it was over a period of time.
6    First, some documents were e-mailed to me.  At some
7    point, there was a DropBox folder set up for me to
8    download from, and then, I believe, it was around the
9    time that I executed the fee agreement with
10   Ms. Wahlstrom, David brought a paper copy of the file
11   to my office.
12       Q.   And did you make a copy of the file and
13   return it to him or you kept the file?
14       A.   I kept it until the appeal was over, made
15   sure that I had an electronic version of everything
16   that had been provided to me, and then it was
17   shredded.
18       Q.   And before it was shredded, did you keep a
19   copy of the entire file?
20       A.   The paper file?
21       Q.   Yes, ma'am.
22       A.   I did not.
23       Q.   Did you give a copy to Kira?
24       A.   I did not.

Page 21

1        Q.   And before -- so what year did you cause it
2    to be shredded?
3        A.   I don't recall.  It was after the appeal was
4    resolved.
5        Q.   What year was the appeal resolved?
6        A.   2019 I think, the end of 2019.  Just to be
7    clear, what -- the paper file I also had an electronic
8    file of the same documents.
9        Q.   That was my question.  Is did you -- before
10   the file was shredded, did you make or have a copy, an
11   exact copy of the file in electronic format?
12       A.   Yes.  I didn't copy what had been given to
13   me in paper, but what had been given to me in paper
14   had also been made available to me electronically
15   through DropBox and e-mails.
16           And for further clarification, I don't
17   believe I had the entire file.  What I had were the
18   pleadings, motions, memos, and I don't recall whether
19   David provided me with the trial transcripts or
20   whether I had those separately printed.
21       Q.   Up until the time you filed -- you signed
22   the fee agreement with Kira, how were you being paid?
23       A.   I was being paid by David.
24       Q.   And were you just sending him invoices and

Page 30

1   Q.   And where was the meeting?
2   A.   My office.
3   Q.   And do you remember what -- as you sit here
4   today, what you explained to Kira about that document?
5   A.   No.
6   Q.   Do you remember anything about the meeting?
7   A.   I remember -- I remember the meeting itself.
8   I don't remember anything that we discussed.  I can
9   tell you my general practice when meeting with clients
10  at the inception of an appeal.
11  Q.   And what is your general practice?
12  A.   To explain the process, what my job would
13  be, which is to review the record, do legal research,
14  identify issues, file a brief, and argue the appeal.
15       I also explain that, you know, if we go to
16  the appeals court first, what the options are to go to
17  the SJC whether before or instead of or after the case
18  is at the appeals court.
19  Q.   This was not the first time you had met
20  Kira; is that correct?
21  A.   Correct.
22  Q.   How many times had you met her before?
23  A.   In person?
24  Q.   Yes, ma'am.

Page 31

1   A.   I believe just once, but it might have been
2   more than that.
3   Q.   She was at the hearing on a motion for a new
4   trial; correct?
5   A.   Correct.
6   Q.   And you spoke with her during this time
7   period over the telephone.
8   A.   I don't think I did.
9   Q.   Did you e-mail with her?
10  A.   Yes, but pretty infrequently.
11  Q.   You understood her to be your client; is
12  that correct?
13  A.   As of 2017?
14  Q.   No.  As of late 2015.
15  A.   I suppose so, yeah.
16  Q.   You had her e-mail address.
17  A.   Yes.
18  Q.   When you met her at the hearing, how did you
19  introduce yourself to her?
20  A.   By my name I assume.  I don't recall.
21  Q.   Do you remember who you -- in addition to
22  your name, did you express who you were and what your
23  role was?
24  A.   I recall discussing mutual friends that we

Page 32

1   had, but that's -- that's all that I recall.  She
2   wasn't surprised to see me there, so I would assume
3   that she knew what my purpose was.
4   Q.   At that particular point in time, why did
5   you not enter into a fee agreement with Ms. Wahlstrom?
6   A.   Because I believed that David Hoey was
7   paying my fees.
8   Q.   Why did you not believe that that -- why did
9   you believe that that absolved you from entering into
10  a fee agreement with her?
11  A.   Well, because she wasn't paying me and it
12  was a very limited role that I was brought on for just
13  to argue a motion.
14  Q.   Well, you've already testified that you
15  worked on the posthearing papers; correct?
16  A.   Yes.
17  Q.   And you had meetings with the trial
18  team; correct?
19  A.   I had one conference call with all four of
20  them.  Did I -- I don't recall any meetings.
21  Q.   Fair enough.
22  A.   But telephone calls.
23  Q.   Conversations?
24  A.   Yes.

Page 33

1   Q.   And once Judge Wilson's decision came down,
2   do you remember when it came down?
3   A.   I don't.  I believe it was at least six
4   months until the decision came.
5   Q.   And then you started preparing for the
6   appeal; correct?
7   A.   Then I conferred with David and Don, perhaps
8   Kris about what the next -- what the possibilities
9   were for addressing the ruling.
10  Q.   And you were comfortable back in late 2015,
11  2016 not having a fee agreement with Ms. Wahlstrom;
12  correct?
13  A.   Late -- early 2016, yes.
14       (Exhibit-2, Legal services agreement, marked
15  for identification.)
16  Q.   And you have in front of you Exhibit Number
17  2.
18  A.   (Witness viewing document.) Yes.
19  Q.   And this is the fee agreement that we've
20  been talking about that was signed in early 2017.  The
21  date is February 2017; is that correct?
22  A.   (Witness viewing document.) Yes.
23  Q.   Concerning the Wahlstrom appeal?
24  A.   (Witness viewing document.) Uh-huh.

Page 42

1    When did Justice Cordy come on board?
2    A.   I don't remember the date.  It was -- it was
3  shortly after an appellate conference that I cohosted
4  for MCLE, and I know it was prior to the principal
5  brief being filed, but I really don't recall how much
6  earlier than that.
7    Q.   And how did it come about that he came on
8  board?
9    A.   David asked me to get him on board.
10   Q.   And can you tell me what David said and what
11 you said to him in that conversation?
12   A.   I don't remember the specifics other than
13 David had mentioned that he had seen that Bob would be
14 presenting at the appellate conference and that he
15 wanted Bob to become a part of the appellate team.
16   Q.   And you thought that was a good idea.
17   A.   No.  At first, I did not want to have anyone
18 else come on board for the appeal.
19   Q.   And did you express that to David?
20   A.   I did.
21   Q.   So why did you contact Justice Cordy to do
22 so?
23   A.   Well, I must have changed my mind.
24   Q.   You don't remember, as you sit here today.

Page 43

1    A.   I don't remember when I changed my mind.
2    Q.   No.  You said you must have changed your
3  mind.
4    A.   Yes.
5    Q.   Did you change your mind?
6    A.   I would say so, yes, because he did join the
7  appellate team.
8    Q.   And he provided valuable input --
9    A.   He did.
10   Q.   -- is that correct?
11        Why did you think it was not a good idea to
12 bring him on board?
13   A.   I didn't say it was not a good idea.  I said
14 it's not something that I wanted.
15   Q.   I believe you said you did not think that
16 was a good idea.
17        MS. KNIPPER:  If madam reporter can find
18 your answer.
19        (Question and answer read.)
20   Q.   So why did you not think it was a good idea?
21   A.   Well, again, I don't agree with that
22 characterization, but I expressed to David that if he
23 didn't have confidence that I would be able to prevail
24 as the appellate attorney, then he should hire

Page 44

1  Mr. Cordy instead.
2    Q.   So you viewed it as a slight to you;
3  correct?
4    A.   I don't know if I viewed it as a slight so
5  much as that was my practice, was not to engage with
6  other appellate counsel, that I would be the lead
7  counsel or not counsel at all.
8    Q.   Ultimately -- well, what did -- according to
9  you, you expressed this to David.  Was it over
10 telephone?
11        Was it over e-mail, in person?
12   A.   It would have been over telephone.
13   Q.   And what did he respond to you according to
14 you?
15   A.   I don't remember his exact response, but
16 the -- by the end of the conversation, I had agreed to
17 ask Justice Cordy.
18   Q.   What type of input did Justice Cordy
19 provide?
20   A.   Really just revising the brief.  I would say
21 I mostly consulted with him, I think would be how I
22 would characterize it, and he had input in editing the
23 brief.
24   Q.   Did you, David, and Justice Cordy role-play

Page 45

1  the oral argument?
2    A.   No.
3    Q.   As you sit here today, you do not remember a
4  meeting at Justice Cordy's office where that happened.
5    A.   I do recall a meeting at, I believe it was
6  Bob's office, but, no, I was not mooted.
7        MS. KNIPPER:  Can you please reread the
8  witness's answer?  No, it was not?
9    A.   Mooted, M-O-O-T-E-D.
10   Q.   Did you do any type of practice with Justice
11 Cordy, David, and yourself prior to the oral argument?
12   A.   Not that I recall.  It's my practice not to
13 do moot arguments.
14   Q.   No possible questions, possible answers,
15 anything of that sort?
16   A.   Not that I recall.
17   Q.   Now, throughout the appellate process, you
18 had multiple e-mails with David; is that correct?
19   A.   Yes.
20   Q.   And you had e-mails with Justice Cordy as
21 well --
22   A.   Yes.
23   Q.   -- correct?
24        Meetings with Attorney Hoey as well?

Page 46

1    A.   I only recall that one meeting at Bob's
2  office.
3    Q.   But for sure, hundreds of e-mails and many,
4  many phone calls; correct?
5    A.   Definitely more e-mails than phone calls,
6  but, yeah, we were in pretty frequent contact.
7    Q.   And during that time period, Attorney Hoey
8  provided input on the appeal.
9    A.   I would say he interfered with the appeal.
10   Q.   In what way?
11   A.   By frequently and repeatedly asking me to
12  defend the attorney conduct and by suggesting I make,
13  what I believe to be frivolous arguments.
14   Q.   And you so indicated to him that you thought
15  the arguments were frivolous and that he was
16  interfering.
17   A.   I repeatedly told him I was not going to
18  defend any of the conduct, and I think that I rejected
19  a lot of the suggestions that he made.
20   Q.   And you said that to him in writing.
21   A.   Yes.
22   Q.   And did you express to him in writing that
23  you thought the arguments were frivolous?
24   A.   I don't believe so, not in that terminology

Page 47

1  anyway.
2    Q.   And did you so indicate to Kira?
3    A.   No.
4    Q.   Why didn't you tell Kira?
5    A.   Because I didn't make the arguments.
6  Generally, there's not much need for client contact
7  during an appeal because the facts from the record
8  have already been established.  That's the information
9  that I work with.
10        Anything outside of the record is extraneous
11  to what I'm doing, so, generally, I keep clients
12  updated as to when an appeal is docketed, when a brief
13  is due, when it's filed, just consequential events
14  throughout the course of the appeal, but I do not
15  confer with clients about my process or the process of
16  getting a brief ready to be filed.
17   Q.   David reviewed and commented on the briefs.
18   A.   Yes.
19   Q.   And some of the arguments you accepted.
20   A.   The arguments, I don't believe so.
21   Q.   Or changes I should say or comments?
22   A.   Yeah, I think so.
23   Q.   And for purposes of doing the appeal, you
24  had to obtain a lot of information from David's

Page 48

1  office; correct?
2    A.   I had to obtain the file, yeah.
3    Q.   But you also talked to them about the trial
4  and the case and what happened.
5    A.   Well, I didn't ask for any information about
6  what had happened because my review is based on the
7  record, so it doesn't really matter what someone told
8  me happened.  It just matters what the record shows.
9    Q.   So is it your testimony that you did not ask
10  any questions of Attorney Hoey or Attorney Sobczak or
11  Don Keenan or Mr. Gould of anything that happened
12  during the trial?
13   A.   That's not what I said.
14   Q.   Again, my question was:  Did you ever have
15  any conversations or ask them information about what
16  happened during the trial or information that you
17  needed for purposes of doing the appeal?
18   A.   Prior to the trial transcripts being
19  completed probably.
20   Q.   And did you have various strategy calls
21  concerning the appeal?
22   A.   I'm not sure what you mean by strategy.  The
23  strategy had been established prior to the petition
24  for interlocutory appeal being filed.

Page 49

1    Q.   Meaning you had -- where matters are
2  discussed and what directions things are going to go,
3  what arguments may be made, anything involving
4  strategy concerning the appeal?
5    A.   Well, the arguments had been established in
6  the petition for interlocutory review.  I could not
7  raise any arguments that had not already been raised
8  in that.
9        I do recall getting an e-mail from Andrew
10  Gould in which he suggested that I challenge various
11  evidentiary rulings because he thought it was a good
12  idea for me to show the appeals court that Judge
13  Wilson didn't have a lot of experience in torts, and I
14  explained that I was not going to argue issues that
15  were not actually issues for the appeal.
16   Q.   Do you understand the word strategy?
17   A.   You just asked me --
18   Q.   No.  No.  I'm asking you if you understand
19  the word strategy.  If I say the word strategy, do you
20  have an understanding of what that word means?
21   A.   I do know what the word means.  I don't know
22  the context in which you're using it.
23   Q.   Did you have any meetings besides the one
24  meeting we've discussed with Justice Cordy?

Page 50

1    A.    Meeting, in-person meetings?
2    Q.    Yes.
3    A.    I don't recall.  It's possible.  Actually, I
4  do recall a meeting, a second meeting at Bob's office,
5  I think that David sent his associate to attend.
6    Q.    And who was that?
7    A.    Dan.
8    Q.    And last name?
9    A.    I think it's Landry.
10   Q.    At some particular point, Mr. Sobczak was
11 terminated by Ms. Wahlstrom.  Do you remember that?
12   A.    Yes.
13   Q.    And whose decision was it that he be
14 terminated?
15   A.    That he be terminated, so there was -- I
16 don't know that the -- I'm trying to think of when
17 terminated became an issue.
18        The original instruction from me was for the
19 trial lawyers to withdraw their appearances so that
20 they would not show up automatically on the appeals
21 court docket as being counsel for Ms. Wahlstrom.
22   Q.    I understand that.  We'll get to that.
23        My question was:  At some particular point,
24 Mr. Sobczak was terminated by Ms. Wahlstrom.

Page 51

1    A.    I believe so, yes.
2    Q.    Why do you say you believe so?
3    A.    Well, I don't know what was in her mind.  I
4  can tell you what my understanding was.
5    Q.    So but you understood that he was
6  terminated --
7    A.    Yes.
8    Q.    -- correct?
9        Okay.  And whose decision was it for him to
10 be terminated?  And I'm not asking you about whether
11 names should be on the briefs or not.  I'm talking
12 about him stopping to represent Ms. Wahlstrom.
13   A.    Are you asking me when that happened?
14   Q.    No.  Whose decision was it?
15   A.    Well, it would have been Ms. Wahlstrom's
16 decision.
17   Q.    Did you play any role in that decision?
18   A.    Yes.
19   Q.    And what was your role?
20   A.    Well, I had explained that I believed that
21 Mr. -- strike that -- that Mr. Sobczak's reputation
22 was not one that I wanted to be influencing the appeal
23 because his misconduct had been before the appeals
24 court in a prior proceeding and he had something very

Page 52

1  well-publicized about misconduct at a deposition, so I
2  did not want his name associated with the case when it
3  was on appeal, and I didn't want to be perceived as
4  defending any of the trial team's conduct at trial, so
5  that was my reason for wanting him to withdraw.
6        I believe that his continued representation
7  became an issue when he did not obey the instruction
8  and continued to try to contact Ms. Wahlstrom.
9    Q.    Was he the only one that you thought had to
10 stop representing Ms. Wahlstrom?
11   A.    You mean to terminate his representation?
12   Q.    Yes, from the trial team.
13   A.    Well, it wasn't my decision to terminate
14 him.
15   Q.    That wasn't my question.
16        My question was:  Was he the only one from
17 the trial team who you thought his representation had
18 to stop?
19   A.    No.  I instructed that everybody on the
20 trial team withdraw their appearances before the case
21 was docketed in the appeals court.
22   Q.    My question was not about appearance on the
23 docket but termination of representation.
24   A.    And whether --

Page 53

1    Q.    Mr. Sobczak was terminated; correct?
2        He didn't continue to represent
3  Ms. Wahlstrom in any manner whatsoever; correct?
4    A.    That's my understanding, yes.
5    Q.    And I understand your point, and we'll talk
6  about it, about the no attorney from the trial team
7  being on the appeals court docket.  I understand what
8  you're trying to say.
9        My question was:  Did you believe that any
10 of the other trial teams, you referred to the trial
11 team attorneys, should also stop representing
12 Ms. Wahlstrom?
13   A.    At that time?
14   Q.    Yes.
15   A.    No.
16   Q.    At any point in time?
17   A.    Around the time that I was considering what
18 to do with the lien appeal, I did have discussions
19 with Ms. Wahlstrom about her continued representation.
20   Q.    And that would have been in 20 -- late
21 2021/2022.
22   A.    Yes.
23   Q.    Did you have the conversations with
24 Ms. Wahlstrom about Mr. Sobczak being terminated from

|  | Page 110 |
|---|---|

```
 1              C E R T I F I C A T E
 2         I, PATRICIA DeJUNEAS, hereby certify under
 3    the pains and penalties of perjury that I have read
 4    the foregoing transcript of my testimony and further
 5    certify that said transcript is a true and accurate
 6    record of my testimony (with the exceptions of the
 7    corrections noted below.)
 8    PAGE  LINE          CORRECTIONS
 9    ____  ____   _____
10    ____  ____   _____
11    ____  ____   _____
12    ____  ____   _____
13    ____  ____   _____
14    ____  ____   _____
15    ____  ____   _____
16    ____  ____   _____
17    ____  ____   _____
18    ____  ____   _____
19    ____  ____   _____
20         Signed under the pains and penalties of
21    perjury this ____ day of _____ 20__.
22
23         _____
24              PATRICIA DeJUNEAS
```

|  | Page 111 |
|---|---|

```
 1              CERTIFICATION
 2
 3         I, Jennifer M. Vaillancourt, a Certified
 4    Shorthand Reporter, Registered Professional Reporter,
 5    and Notary Public, within and for the State of
 6    Massachusetts, do hereby certify:
 7         That, PATRICIA DeJUNEAS, the witness whose
 8    examination is hereinbefore set forth, was first duly
 9    sworn by me and that this transcript of said testimony
10    is a true record of the testimony given by said
11    witness.
12         I further certify that I am not related to
13    any of the parties to this action by blood or
14    marriage, and that I am in no way interested in the
15    outcome of this matter.
16
17         IN WITNESS WHEREOF, I have hereunto set my
18    hand this 9th day of March, 2023.
19
20
21         _____
22    Jennifer M. Vaillancourt, Notary Public in
23    and for the Commonwealth of Massachusetts.
24    My Commission Expires June 29, 2023.
```

# EXHIBIT P

# Wahlstrom v. JPA IV Management Company, Inc.

Appeals Court of Massachusetts

November 9, 2018, Argued; June 10, 2019, Decided

No. 17-P-1524.

**Reporter**

95 Mass. App. Ct. 445 *; 127 N.E.3d 274 **; 2019 Mass. App. LEXIS 71 ***; 2019 WL 2415182

KIRA WAHLSTROM *vs.* JPA IV MANAGEMENT COMPANY, INC., trustee,[1] & another.[2]

**Notice:** Amended June 21, 2019.

**Prior History: [***1]** Suffolk. CIVIL ACTION commenced in the Superior Court Department on March 12, 2010.

The case was tried before *Paul D. Wilson*, J., and a motion for a new trial, filed on November 19, 2015, was heard by him.

Leave to prosecute an interlocutory appeal was allowed in the Appeals Court by *Trainor*, J.

Wahlstrom v. Laz Parking, Ltd., LLC, 2016 Mass. Super. LEXIS 120 (Mass. Super. Ct., May 19, 2016)

## LexisNexis® Headnotes

Civil Procedure > Attorneys

Civil Procedure > Judgments > Relief From Judgments > Motions for New Trials

Civil Procedure > Judicial Officers > Judges > Discretionary Powers

**HN1**[⤓] **Civil Procedure, Attorneys**

The standard a judge should apply in determining whether to allow a motion for a new trial in a civil case under Mass. R.Civ.P. 59(a), even one based on alleged attorney misconduct, is relatively high. To begin with, if the motion is based upon claims of error that were, or could have been, brought prior to verdict, the judge need not even hear the motion. If, in the judge's discretion, he or she does reach the merits, the standard is the one the appellate court articulated in Evans v. Multicon Constr. Corp.: the judge should not take it upon herself or himself to nullify a jury's verdict by granting a new trial unless it appears on a survey of the whole case that otherwise a miscarriage of justice would result.

Civil Procedure > Judicial Officers > Judges > Discretionary Powers

Civil Procedure > Judgments > Relief From Judgments > Motions for New Trials

**HN2**[⤓] **Judges, Discretionary Powers**

In filing a motion for a new trial in the trial court on the basis of trial error, the losing party seeks a second bite at the trial court apple. And, in order to ensure justice is done, he or she may, at the judge's discretion, be given it. But it is in this light that the standard for allowance of a motion for a new trial can be best understood. It is by no means an impossibly high burden that is placed on the losing party, and motions for new trial are with regularity appropriately allowed by Massachusetts's trial court judges. But the new trial motion is not a mechanism for addressing individual errors at trial. It is an opportunity to allow the judge to take "a survey of the whole case" to ensure that "a miscarriage of justice" has not occurred.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > Judgments > Relief From Judgments > Motions for New Trials

Civil Procedure > ... > Standards of

---

[1] Of the John Philopoulos Associates Trust.

[2] JPA I Management Company, Inc.

95 Mass. App. Ct. 445, *445; 127 N.E.3d 274, **274; 2019 Mass. App. LEXIS 71, ***1

Review > Harmless & Invited Errors > Harmless Error Rule

Civil Procedure > Appeals > Standards of Review > Reversible Errors

Civil Procedure > Appeals > Standards of Review > Prejudicial Errors

**HN3[↓] Standards of Review, Abuse of Discretion**

Fyffe does not articulate a standard to be utilized by trial judges in evaluating motions for a new trial. Rather, it explicates an appellate standard of review, the prejudicial error standard. Fyffe involves two consolidated appeals, one from the denial of a motion for a new trial and one from the underlying judgment. Although the appellate court's review of the denial of the motion for a new trial is limited to determining whether there was an abuse of discretion, a very difficult standard for a complaining party to meet, a less deferential standard is applicable when a party on direct appeal seeks reversal and a new trial. In that circumstance, in a civil case, the appellate court applies to preserved claims of error the well-known "prejudicial error" standard of review. Under that standard, if there has been an error, the appellate court will reverse and, where appropriate, order a new trial unless it can say with substantial confidence that the error would not have made a material difference. Put another way, in the face of error, an appellant can obtain a new trial unless the error is "harmless."

Civil Procedure > Attorneys

Civil Procedure > Appeals > Standards of Review > Reversible Errors

Civil Procedure > Appeals > Standards of Review > Prejudicial Errors

Civil Procedure > Judgments > Relief From Judgments > Motions for New Trials

Civil Procedure > Appeals > Standards of Review

**HN4[↓] Civil Procedure, Attorneys**

The Fyffe factors are simply a way of determining whether a preserved claim of error arising out of attorney misconduct is prejudicial under the appellate prejudicial error standard of review. Where the case is also before the appellate court on direct appeal from the judgment, the deferential standard applicable to review of the new trial motion does not relieve the appellate court of the duty to examine the record to determine whether instructions that were given or not given by the judge when a matter was properly brought to her attention amounted to an error of law, and to assess whether the error was prejudicial. The Fyffe factors have nothing to do with the standard to be applied in trial courts on motions for a new trial. Indeed, the prejudicial error standard of appellate review in Fyffe does not even apply to the appellate court's review of the denial of the motion for a new trial, but only to the appellate court's review of the direct appeal from the judgment. The appropriate standard to be used by a trial judge considering a motion for a new trial is not an appellate standard of review at all.

Civil Procedure > Judicial Officers > Judges > Discretionary Powers

Civil Procedure > Judgments > Relief From Judgments > Motions for New Trials

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Preservation for Review

**HN5[↓] Judges, Discretionary Powers**

In one sense, the judge considering a motion for a new trial is permitted to engage in a broader examination of the proceedings than the appellate court may even on direct appeal. That is because, although unpreserved claims of error that do not touch on jurisdiction are waived for purposes of appeal in almost all circumstances in a civil case, in the interest of justice, a judge evaluating a motion for a new trial is permitted to consider even unpreserved claims of error. While a judge may in his discretion permit such a question to be presented on a motion for a new trial, he cannot be required to consider it. It is discretionary with him whether to consider it or not, having regard to all the requirements of justice. But the question for the trial judge is not whether there has been prejudicial error. Indeed, it is not even whether the more stringent appellate standard of review the appellate court utilizes in criminal cases in which unpreserved claims of error are raised on appeal has been met--whether there has been a substantial risk of a miscarriage of justice. The question is whether an actual miscarriage of justice would result if the verdict were allowed to stand.

95 Mass. App. Ct. 445, *445; 127 N.E.3d 274, **274; 2019 Mass. App. LEXIS 71, ***1

Civil Procedure > ... > Standards of
Review > Harmless & Invited Errors > Harmless
Error Rule

Civil Procedure > Judgments > Relief From
Judgments > Motions for New Trials

**HN6**[⬇] **Harmless & Invited Errors, Harmless Error
Rule**

The appellate court finds a substantial risk of a
miscarriage of justice unless it is persuaded that an
error did not "materially influence" a guilty verdict. In
making that determination, the appellate court considers
the strength of the Commonwealth's case against the
defendant, the nature of the error, whether the error is
sufficiently significant in the context of the trial to make
plausible an inference that the jury's result might have
been otherwise but for the error, and whether it can be
inferred from the record that counsel's failure to object
was not simply a reasonable tactical decision.

Civil Procedure > Attorneys

Civil Procedure > Judgments > Relief From
Judgments > Motions for New Trials

**HN7**[⬇] **Civil Procedure, Attorneys**

The purpose of an order granting a new trial motion is
not to punish attorney misconduct. If, because of
attorney misconduct, it appears on a survey of the
whole case that a miscarriage of justice would result if
the verdict were allowed to stand, such misconduct
may, of course, support an order allowing a motion for a
new trial. But the new trial motion inquiry focuses on the
harmful impact of the errors. It is not the egregiousness
of, or the disrespect to the court shown by, attorney
misconduct that the new trial motion addresses. There
are other remedies for such misconduct available even
in cases where it has not influenced the jury's
consideration of the case to the extent that a
miscarriage of justice has in fact occurred.

Civil Procedure > Judgments > Relief From
Judgments > Motions for New Trials

**HN8**[⬇]  **Relief From Judgments, Motions for New**

Trials

Egregiousness of misconduct absent an effect upon the
jury is not a basis for finding the type of miscarriage of
justice that warrants nullifying the jury's verdict.

Civil Procedure > Judicial
Officers > Judges > Discretionary Powers

Civil Procedure > ... > Judges > Inability to
Proceed > Disqualification & Recusal

**HN9**[⬇]  **Judges, Discretionary Powers**

Motions for recusal are generally left to the discretion of
the trial judge. When faced with a question of his
capacity to rule fairly, the judge must consult first his
own emotions and conscience and then is required to
attempt an objective appraisal of whether this was a
proceeding in which his impartiality might reasonably be
questioned.

## Headnotes/Summary

**Headnotes**

MASSACHUSETTS OFFICIAL REPORTS
HEADNOTES

*Practice, Civil* > New trial > Conduct of
counsel > Disqualification of judge

Discussion of the standard that a trial judge should
apply in determining whether to allow, in a civil action, a
motion for a new trial on the basis of trial error, and of
the differences between that standard and the standard
that an appellate court applies when reviewing for
prejudicial error in circumstances where a party on
direct appeal seeks reversal and a new trial.  [447-450]

This court concluded that a Superior Court judge who
had applied an incorrect standard in assessing a motion
for a new trial in a civil action was in the best position to
rule upon the motion while applying the correct
standard, i.e., to survey the whole case to determine
whether claimed errors in the conduct of the plaintiff's
counsel resulted in a miscarriage of justice [450-453];
however, this court stayed the appeal in order to allow a
motion to disqualify that judge to be litigated and
decided in the trial court [453-454].

**Counsel:** *Patricia A. DeJuneas* (*Robert J. Cordy* also present) for the plaintiff.

*Mark A. Aronsson* for the defendants.

**Judges:** Present: Rubin, Maldonado, & Lemire, JJ.

**Opinion by:** RUBIN

# Opinion

 [**276]  RUBIN, J. Following a four-week jury trial, a verdict was returned in favor of the plaintiff in this case, which arose when she was raped in a parking garage owned and operated by the defendants. An employee of the defendants had been raped in the same parking garage by the same man less than two weeks prior to the rape that forms the basis of this lawsuit. The jury con- [*446] cluded, among other things, that the defendants had failed to take due care to protect the plaintiff, who was a customer of the garage walking back to her car in the early morning hours of May 1, 2009, after completing her work as a lighting technician at a nearby nightclub in downtown Boston.

The defendants filed a postjudgment motion for a new trial. In a detailed opinion, the trial judge concluded that there was misconduct of plaintiff's counsel before [***2] the jury during trial that was not remedied by the judge's curative instructions. The details of what the judge found that amounted to misconduct will be spelled out *infra* in our discussion. The judge painstakingly examined the events at trial. In assessing the motion, he applied, as the defendants urged, the four-factor framework for considering claims of prejudicial attorney misconduct that we articulated in *Fyffe* v. *Massachusetts Bay Transp. Auth.*, 86 Mass. App. Ct. 457, 472, 17 N.E.3d 453 (2014). Critically the fourth factor articulated in *Fyffe* was "whether the error, in the circumstances, possibly made a difference in the jury's conclusion." *Id.*, quoting *Commonwealth* v. *Lewis*, 465 Mass. 119, 130-131, 987 N.E.2d 1218 (2013). Applying  [**277] this test to each of four incidents of what the judge concluded was attorney misconduct, and ultimately "with great regret," he allowed the motion for a new trial.[3][,4]

The standard applied by the judge in assessing the motion for a new trial was the wrong standard. Consequently, the order allowing the motion for a new trial was in error. Although a remand for application of the proper standard by the judge who was present during trial would ordinarily be the appropriate disposition of a case such as this, there is in the trial court a pending motion for disqualification of the trial judge in this case. As we explain [***3] in part 2 of our opinion, we have concluded that the most prudent course, therefore, is to stay the appeal to allow the judge to rule upon the plaintiff's pending motion for his disqualification. Since we are in as good a position as any judge who did not sit on the trial to assess the merits of the new trial motion, this procedure will allow us to determine whether a remand for  [*447] reconsideration under the proper standard is preferable to our simply reaching the merits ourselves. First, though, we turn to the appropriate standard for a trial judge's evaluation in a civil case of a posttrial motion for a new trial, something about which some confusion has arisen in the trial courts, as exemplified by the instant case.

[⬆] 1. *New trial standard.* HN1[⬆] The standard a judge should apply in determining whether to allow a motion for a new trial in a civil case under Mass. R. Civ. P. 59 (a), 365 Mass. 827 (1974), even one based on alleged attorney misconduct, is relatively high. To begin with, if the motion is based upon claims of error that were, or could have been, brought prior to verdict, the judge need not even hear the motion. See *Lonergan* v. *American Ry. Express Co.*, 250 Mass. 30, 38, 144 N.E. 756 (1924). If, in the judge's discretion, he or she does reach the merits, the standard is the one we articulated [***4] in *Evans* v. *Multicon Constr. Corp.*, 6 Mass. App. Ct. 291, 295, 375 N.E.2d 338 (1978): "the judge should not take it upon [herself or] himself to nullify a jury's verdict by granting a new trial unless it appears on a survey of the whole case that otherwise a miscarriage of justice would result."

The reasons this standard is used should be clear. Trial

---

[3] The judge also observed that the defendants had pointed to many instances of alleged misconduct other than the four upon which he rested his ruling.

---

[4] The judge denied the defendants' pending motion for remittitur as moot in light of his ruling on the new trial motion. A single justice of this court allowed the plaintiff's petition under G. L. c. 231, § 118, first par., for leave to prosecute an interlocutory appeal from the judge's allowance of the defendants' motion for a new trial. See *Okongwu* v. *Stephens*, 396 Mass. 724, 728, 488 N.E.2d 765 (1986) ("an order allowing a motion for a new trial is deemed interlocutory in nature and is not immediately appealable").

Case 1:22-cv-10792-RGS   Document 91-2   Filed 08/14/23   Page 77 of 121

Page 5 of 8

95 Mass. App. Ct. 445, *447; 127 N.E.3d 274, **277; 2019 Mass. App. LEXIS 71, ***4

has already been held, and a judgment has entered. Under our adversary system, the losing party has been free during trial to make before the trial judge whatever objections the party thought were appropriate. The judge has already had a chance to rule on these objections. Where he or she has sustained objections and, where appropriate, has had an opportunity to attempt to cure errors that have taken place, the objecting party has also had an opportunity to object to the adequacy of those curative measures, or even to seek a mistrial. The losing party thus has had a full bite of the trial court apple. And, under our system, that party is now entitled to a full bite of the appellate court apple.

**HN2**[⬆] In filing a motion for a new trial in the trial court on the basis of trial error, then, the losing party seeks a second bite at the trial court apple. And, in order to ensure justice is done, he or she may, at the judge's discretion, **[***5]** be given it. But it is in this light that the standard for allowance of a motion for a new trial can be best understood. It is by no means an impossibly **[**278]** high burden that is placed on the losing party, and motions for a new trial are with regularity appropriately allowed by our trial court judges. But the new trial motion is not a mechanism for addressing individual errors at trial. It is an opportunity to allow the judge to take "a survey of the whole case" to ensure that "a miscarriage of justice" has not occurred. *Evans*, 6 Mass. App. Ct. at 295.

**[*448]** By contrast, **HN3**[⬆] *Fyffe* did not articulate a standard to be utilized by trial judges in evaluating motions for a new trial. Rather, it explicated an appellate standard of review, the prejudicial error standard. *Fyffe* involved two consolidated appeals, one from the denial of a motion for a new trial and one from the underlying judgment. *Fyffe, 86 Mass. App. Ct. at 459*. As we explained, although our review of the denial of the motion for a new trial is limited to determining whether there was an abuse of discretion, a very difficult standard for a complaining party to meet, a less deferential standard is applicable when a party on direct appeal seeks reversal and a new trial. See *id. at 470-471*. In that circumstance, in **[***6]** a civil case we apply to preserved claims of error the well-known "prejudicial error" standard of review. *Id. at 472*. Under that standard, if there has been an error, we will reverse and, where appropriate, order a new trial unless we can "say with substantial confidence that the error would not have made a material difference." *DeJesus* v. *Yogel*, 404 Mass. 44, 49, 533 N.E.2d 1318 (1989). Put another way, in the face of error, an appellant can obtain a new trial unless the error is "harmless." *Comeau* v. *Currier*, 35 Mass. App. Ct. 109, 112, 616 N.E.2d 1091 (1993).[5] And it is this standard that the defendants here asked the judge to apply, arguing in reliance on *Fyffe* that, "[w]hen considering … a motion [for a new trial based on attorney misconduct], the courts apply the prejudicial error standard, which requires that the error 'injuriously affected the substantial rights of the parties.' [G. L.] c. 231, §§ 119, 132; *Fyffe*, 86 Mass. App. Ct. at 474."

As *Fyffe* indicates, however, **HN4**[⬆] the *Fyffe* factors are simply a way of determining whether a preserved claim of error arising out of attorney misconduct is prejudicial under the *appellate* prejudicial error standard of review. See *Fyffe, 86 Mass. App. Ct. at 471* ("this case is also before us on direct appeal from the judgment. Therefore, the deferential standard applicable to review of the new trial motion does not relieve us of the duty to examine **[***7]** the record to determine whether instructions that were given or not given by the judge when a matter was properly brought to her attention amounted to an error of law, and to assess whether the error was prejudicial"). They have nothing to do with the standard to be applied in trial courts on motions for a new trial. Indeed, the prejudicial error standard of appellate review in *Fyffe* did not **[*449]** even apply to our review of the denial of the motion for a new trial, but only to our review of the direct appeal from the judgment. The appropriate standard to be used by a trial judge considering a motion for a new trial is not an appellate standard of review at all.

Of course, **HN5**[⬆] in one sense, the judge is permitted to engage in a broader examination of the proceedings than we **[**279]** may even on direct appeal. That is because, although unpreserved claims of error that do not touch on jurisdiction are waived for purposes of appeal in almost all circumstances in a civil case, *Palmer* v. *Murphy*, 42 Mass. App. Ct. 334, 338-339, 677 N.E.2d 247 (1997), in the interest of justice, a judge evaluating a motion for a new trial is permitted to consider even unpreserved claims of error like some of those raised in the motion here. See *Lonergan*, 250 Mass. at 38 ("While a judge may in his discretion permit such **[***8]** a question to be presented on a motion for a new trial, he cannot be required to consider it. It is

---

[5] In the case of preserved constitutional error, in a criminal matter at least, reversal is even more likely, as we must conclude that the error was not only harmless but "harmless beyond a reasonable doubt." *Commonwealth* v. *Vinnie*, 428 Mass. 161, 163, 698 N.E.2d 896, cert. denied, **525 U.S. 1007, 119 S. Ct. 523, 142 L. Ed. 2d 434 (1998)**.

Case 1:22-cv-10792-RGS   Document 91-2   Filed 08/14/23   Page 78 of 121

Page 6 of 8

95 Mass. App. Ct. 445, *449; 127 N.E.3d 274, **279; 2019 Mass. App. LEXIS 71, ***8

discretionary with him whether to consider it or not, having regard to all the requirements of justice"). See also _Cassamasse_ v. _J.G. Lamotte & Son, Inc._, 391 Mass. 315, 320, 461 N.E.2d 785 (1984) (same). But the question for the trial judge is not whether there has been prejudicial error. Indeed, it is not even whether the more stringent appellate standard of review we utilize in criminal cases in which unpreserved claims of error are raised on appeal has been met — whether there has been a "substantial risk of a miscarriage of justice." See _Commonwealth_ v. _Alphas_, 430 Mass. 8, 13, 712 N.E.2d 575 (1999).[6] The question is whether an actual "miscarriage of justice would result" if the verdict were allowed to stand. _Evans_, 6 Mass. App. Ct. at 295.

And, as our discussion implies, **HN7**[⬆️] the purpose of an order granting a new trial motion is not to punish attorney misconduct. If, because of attorney misconduct, "it appears on a survey of the whole case that … a miscarriage of justice would result" if the verdict were allowed to stand, such misconduct may, of course, support an order allowing a motion for a new trial. _Id._ But the **[*450]** new trial motion inquiry focuses on the harmful impact of the errors. It is not the egregiousness of, or the disrespect to the court **[***9]** shown by, attorney misconduct that the new trial motion addresses. There are other remedies for such misconduct available even in cases where it has not influenced the jury's consideration of the case to the extent that a miscarriage of justice has in fact occurred.

Although the judge here did express a conclusion that a new trial was warranted using the appropriate verbal formulation found in _Evans_, 6 Mass. App. Ct. at 295,[7] it is clear from the judge's extended and precise

discussion, described in more detail _infra_, that his conclusion was based only on the application of the "prejudicial error" standard as articulated in _Fyffe_ and argued by the defendants. This was in error.

[⬆️] 2. _Disposition of appeal._ The plaintiff argues that, for two independent reasons, we should not remand the case for application of the appropriate standard.[8] First, **[**280]** she argues that the errors claimed by the defendants could not as a matter of law support allowance of the motion under the proper standard. Second, she argues that there would be no benefit to a remand. There is a pending motion in the trial court to disqualify the judge in this case, and she urges us to rule that he must be disqualified. She posits that if the judge who was **[***10]** present at trial must be disqualified, on a remand the motion would have to be heard by a judge who did not sit on the case. She argues that we are in as good a position as any such judge to assess the merits of the motion under the proper standard, and that rather than remanding we should do so and, she argues, conclude that it should have been denied. We turn to those two arguments in turn.

a. The plaintiff argues first that the four claimed errors relied upon by the judge, even combined with several other claimed errors on which the judge did not rely, could not support a claim under the appropriate standard that the verdict reflects a miscarriage of justice.

The judge, employing all four _Fyffe_ factors, first concluded that a reference in the opening statement by plaintiff's counsel to a **[*451]** discussion he had with the rapist, the contents of which the judge had already ruled were inadmissible as hearsay, violated the "spirit" but not the "letter" of his ruling.[9] The judge reasoned as

---

[6] **HN6**[⬆️] We find a substantial risk of a miscarriage of justice unless we are persuaded that an error did not "materially influence[ ]" a guilty verdict. _Alphas_, 430 Mass. at 13, quoting _Commonwealth_ v. _Freeman_, 352 Mass. 556, 564, 227 N.E.2d 3 (1967). "In making that determination, we consider the strength of the Commonwealth's case against the defendant … , the nature of the error, whether the error is 'sufficiently significant in the context of the trial to make plausible an inference that the [jury's] result might have been otherwise but for the error,' and whether it can be inferred 'from the record that counsel's failure to object was not simply a reasonable tactical decision.'" _Alphas_, supra, quoting _Commonwealth_ v. _Miranda_, 22 Mass. App. Ct. 10, 21, 490 N.E.2d 1195 (1986).

[7] The judge did not cite _Evans_, but quoted an early articulation of the same standard in _Davis_ v. _Boston Elevated Ry. Co._, 235 Mass. 482, 496, 126 N.E. 841 (1920).

[8] The defendants do not argue on appeal that, as a matter of law, the attorney misconduct in this case created an actual miscarriage of justice, but only that, if we find that the trial judge employed the incorrect standard, we should remand for reconsideration.

[9] Plaintiff's counsel told the jury,

"[B]efore we came to trial, we had to consider whether [the rapist] could have been stopped, whether added security guards or increased lighting or cameras on each floor, or any combination thereof, would have made a difference, so we decided to ask the guy who did it. So we met with him, as uncomfortable as that was, but that's all I'm allowed to tell you about that right now. We wanted him to testify before you, but he is incarcerated for fifteen

follows: "First, there was a defense objection" (see *Fyffe*, 86 Mass. App. Ct. at 472 ["(1) whether the defendant seasonably objected" (quotation omitted)]); "Second, the issue of whether [the] [d]efendants should have taken additional security **[***11]** measures after the first rape was at the very heart of the case" (see *id.* ["(2) whether the error was limited to collateral issues or went to the heart of the case"]); "Third, while I did instruct the jury that [they] should ignore what [plaintiff's counsel] had said, I should have gone further …" (see *id.* ["(3) what specific or general instructions the judge gave to the jury which may have mitigated the mistake"]); and "Fourth, … the improper statement may well have made [a] difference in the jury's conclusion" (see *id.* ["(4) whether the error, in the circumstances, possibly made a difference in the jury's conclusion"]).

There was an objection to this aspect of the opening by the third **[***12]** defendant at trial, LAZ Parking Limited LLC (LAZ), which the jury later found not liable, and the judge gave a curative instruction, telling the jury to "put out of your mind anything that [plaintiff's counsel] said about talking to [the rapist] and anything that he may or may not have said." The plaintiff points out that whether that instruction was or was not effective, the subject matter of the hearsay itself — the rapist's statement that he "went back to the property because he didn't see any security" — was elicited by the defendants' counsel in the cross-examination of the plaintiff's criminology witness, was not the subject of a motion to strike, and was not the basis for any claim of error in the motion for a new trial. She argues the reference in plaintiff's counsel's opening was thus in any event cumulative of evidence that was before the jury.

 **[**281]** Next, the judge relied on several instances in which the plaintiff's lawyer, in seeking to introduce a security video recording **[*452]** (video) which was not admitted, made reference to the contents of that video, saying that it would impeach the security guard's testimony that he did not see the rapist on the night of the first rape. The judge, **[***13]** again utilizing all four *Fyffe* factors, wrote, "This behavior raises a serious problem under the four *Fyffe* factors. First, the [d]efendants did object, and strenuously. Second, while the issue of whether the [d]efendants could have prevented the *first* rape was not central to this case as a matter of law, [plaintiff's counsel] nonetheless attempted to make it so in the face of my pretrial ruling to the contrary. Third, I failed to instruct the jury that [they] should ignore what [plaintiff's counsel] had said about

the contents of the video contradicting the witness's testimony. Finally, I fear that the jury's possible misapprehension about the contents of the video may well have made [a] difference in the jury's conclusion." See *Fyffe*, 86 Mass. App. Ct. at 472 (listing four factors).

But, the plaintiff points out, because the transcript was not finalized, the judge misunderstood the plaintiff's attorney to have said that the video showed the guard "visualizing the rape" of the hotel employee — words the judge quoted and which, the judge recognized, would not just be false, but inflammatory. In fact, however, the attorney said that the video showed the guard "visualizing the rap*ist*" (emphasis added). We have **[***14]** examined the video ourselves, which was marked for identification before the trial judge, and the video does show a silhouette of a guard in the same frame as the rapist for several seconds, although it does not show which direction the guard was looking at the time. The plaintiff also points out that defense counsel did not request a curative instruction.

Thirdly, the judge further concluded, again using the *Fyffe* factors, that references by plaintiff's counsel to cross claims in which the defendants and LAZ accused each other of negligence, and referred to the rape of the plaintiff merely as an "alleged rape," supported a new trial. The judge explained,

> "Application of the *Fyffe* factors suggests that this, too, was a serious matter. First, … the [d]efendants objected at trial when [p]laintiff's counsel violated the pretrial order [precluding reference to the cross claims]. Second, I failed to issue adequate curative instructions. Third, the rape was the central fact in the case, and therefore any suggestion that [the] [d]efendants denied its occurrence, or accused each **[*453]** other of negligence that caused the rape, was not a collateral matter. Fourth, these multiple statements by [p]laintiff's **[***15]** counsel … raise a serious danger that the jury's verdict was influenced by those statements."

See *Fyffe*, 86 Mass. App. Ct. at 472 (listing four factors). The plaintiff points out that there was a curative instruction with respect to the references to the cross claims and that the witness who was asked if she thought the rape was merely an "alleged rape" flatly said she believed the plaintiff had been raped.

And finally, with respect to an improper question by plaintiff's counsel asking a witness if the sale price of the defendants' hotel to which the garage was attached was $143 million, the judge, who sustained an objection and

---

years, and it is safer if he stays where he is."

Case 1:22-cv-10792-RGS   Document 91-2   Filed 08/14/23   Page 80 of 121

Page 8 of 8

95 Mass. App. Ct. 445, *453; 127 N.E.3d 274, **281; 2019 Mass. App. LEXIS 71, ***15

instructed the jury to disregard the question before it was answered, acknowledged that, given that the verdict was lower than that sought by the plaintiff, the error might not have made a difference in the jury's conclusion. **[**282]** Nonetheless, in concluding that the *Fyffe* analysis of this misconduct favored a new trial, the judge reasoned that "in the final analysis, [the] [p]laintiff's decision to put the sale price of the hotel before the jury is unconscionable."

But the plaintiff argues correctly that, as we have explained *supra*, HN8[⬆] egregiousness of misconduct absent an effect upon **[***16]** the jury is not a basis for finding the type of miscarriage of justice that warrants nullifying the jury's verdict.

Whatever the strength of the plaintiff's arguments, however, the trial judge remains in the best position to assess the claim that there has been a miscarriage of justice. We therefore would ordinarily simply vacate the order allowing the motion for a new trial and remand to allow the judge to rule upon the motion applying the correct standard. As we have described, in evaluating the motion, the judge must examine the entire course of the proceedings, and the trial judge is in the best position to do so in the first instance.

[⬆] b. The plaintiff, however, argues secondly that a remand would be "futile" because of a pending motion to disqualify the trial judge based on remarks he has made about the trial, the attorneys who appeared before him, and his ruling on the new trial motion. The plaintiff urges us to decide that there has been at least an "appearance of partiality," and to disqualify the judge. And, if the judge who sat on the trial is disqualified, the plaintiff argues, we are in as good a position as any judge to whom the case might be reassigned to assess the defendants' **[***17]** motion.

**[*454]** Because the case has been in this court, the motion for disqualification has not yet been ruled upon. Although we agree that, if it were allowed, we would be in as good a position as any other judge to whom the case might be assigned to assess the claim made in the new trial motion, we decline the plaintiff's invitation to decide the motion to disqualify in the first instance. HN9[⬆] Motions for recusal are "generally left to the discretion of the trial judge." *Haddad* v. *Gonzalez*, 410 Mass. 855, 862, 576 N.E.2d 658 (1991). Accord *id.* ("When faced with 'a question of his capacity to rule fairly, the judge [must] consult first his own emotions and conscience' [and] then [is] required to attempt an objective appraisal of whether this was a proceeding in

which 'his impartiality might reasonably be questioned'" [citations omitted]).

Therefore, while expressing no view on the motion pending before the trial judge, we stay this appeal in order to allow the motion to disqualify to be litigated and decided forthwith. If it is allowed, we will assess the motion for a new trial under the appropriate standard. If it is denied, we will vacate the order allowing the new trial motion and remand the case as described *supra*.[10] The parties shall submit a status **[***18]** report to this court in sixty days.

*So ordered.*

_____

**End of Document**

_____

[10] We note that the defendants did not argue in their memorandum below that they were entitled to a new trial under the appropriate standard.

# EXHIBIT Q

APPEALS COURT
Single Justice
Case Docket

KIRA WAHLSTROM vs. JOSE RUBEN RIVERA & others
2016-J-0267

---

| CASE HEADER | | | |
|---|---|---|---|
| Case Status | Disposed: Case Closed | Status Date | 07/18/2016 |
| Nature | GLc 231, s 118, p 1 | Entry Date | 06/24/2016 |
| Pet Role Below | Plaintiff | Single Justice | Trainor, J. |
| Brief Status | | Brief Due | |
| Case Type | Civil | Lower Ct Number | 1084CV01022 |
| Lower Court | Suffolk Superior Court | Lower Court Judge | Paul D. Wilson, J. |

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| Kira Wahlstrom<br>Plaintiff/Petitioner | David J. Hoey, Esquire<br>Krzysztof G. Sobczak, Esquire<br>Patricia A. DeJuneas, Esquire |
| Jose Ruben Rivera<br>Defendant | |
| Carlson Hotels Management Group<br>Defendant/Respondent | William J. Dailey, Jr., Esquire<br>Michael J. Kerrigan, Esquire |
| LAZ Limited Parking LLC<br>Defendant/Respondent | Nora Rose Adukonis, Esquire<br>John J. Jarosak, Esquire<br>Daniella Massimilla, Esquire<br>Bethany Minich, Esquire |
| JPA IV Management Company, Inc.<br>Defendant/Respondent | Mark A. Aronsson, Esquire<br>Anthony M. Campo, Esquire<br>Patrick Driscoll, Esquire<br>Robert Marc Kaitz, Esquire<br>Michael J. Kerrigan, Esquire |
| Park Square Revival Corp<br>Defendant | |
| JPA 1 Management Co Inc<br>Defendant/Respondent | Mark A. Aronsson, Esquire<br>Anthony M. Campo, Esquire<br>William J. Dailey, Jr., Esquire<br>Patrick Driscoll, Esquire<br>Lawrence J. Kenney, Jr., Esquire<br>Michael J. Kerrigan, Esquire |
| City of Boston<br>Defendant/Respondent | Lisa A. Skehill Maki, Esquire |
| Radisson Hotels International Inc<br>Defendant/Respondent | William J. Dailey, Jr., Esquire<br>John D. Hanify, Esquire<br>Lawrence J. Kenney, Jr., Esquire<br>Michael J. Kerrigan, Esquire<br>Jeffrey J. Upton, Esquire<br>Arivee Vargas, Esquire |
| The Keenan's Kids Foundation Inc.<br>Other/respondent | Richard A. Goren, Esquire |

| DOCKET ENTRIES | | |
|---|---|---|
| Entry Date | Paper | Entry Text |
| 06/24/2016 | #1 | Petition pursuant to M.G.L. c. 231, § 118 with attachments, filed by Kira Wahlstrom ^ |
| 06/29/2016 | | ORDER: Any opposition to be filed on or before July 7, 2016. (Trainor, J). |
| 07/07/2016 | #2 | Opposition to Petition with attachments, filed by JPA IV Management Company, Inc. & JPA 1 Management Co Inc. ^ |
| 07/11/2016 | | **Returned Mail:** Notice of order entered 07/07/2016 sent to John D. Hanify returned as Not deliverable as addressed, unable to forward. Notice resent to address listed on BBO website. |
| 07/14/2016 | #3 | Motion for leave to file a reply memorandum in support of petition for interlocutory review, filed by Kira Wahlstrom ^ |
| 07/14/2016 | #4 | Reply memorandum in support of petition for interlocutory relief, filed by Kira Wahlstrom ^ |
| 07/18/2016 | #5 | Opposition to paper #3, filed by JPA IV Management Company, Inc. and JPA 1 Management Co Inc. |

| 07/18/2016  #6 | ORDER: Upon review of the petition and opposition before me, it is ordered that plaintiff be allowed to file a notice of interlocutory appeal from the order of the trial court allowing a new trial (Suffolk Superior Court No. 1084CV01022; May 26, 2016; Gordon, J.) Plaintiff is to file a notice of appeal in the trial court on or before July 29, 2016. The assembly of the record and entry of the appeal are to proceed in the normal course pursuant to the Massachusetts Rules of Appellate Procedure. The trial proceedings are stayed pending the outcome of the appeal. (Trainor, J.). *Notice/Attest/Wilson, J. |

As of 11/04/2019 8:00pm

# EXHIBIT R

**Sibbison & DeJuneas**
One Commercial Wharf West
Boston, MA 02110

### LEGAL SERVICES AGREEMENT

Per the terms of this Retainer Agreement (Agreement), Kira Wahlstrom (Client), hereby agrees to retain Patricia A. DeJuneas, Esq. (Attorney) of Sibbison & DeJuneas (S&D) in connection with the interlocutory appeal from the judgment ordering a new trial in *Wahlstrom v. JPA, et. al*, 1084CV01022. The Client, Attorney, and S&D further agree to the following terms.

(1)   This Agreement covers the interlocutory appeal, which will be docketed in the Massachusetts Appeals Court and, if the Client and Attorney agree, an Application for Direct Appellate Review, which would be filed in the Supreme Judicial Court.

(2)   The Client agrees to the following pay schedule:

    a.   $425 per hour for services performed by the Attorney;
    b.   $150 per hour for services performed by Ashley Leavitt, J.D. (bar results pending);
    c.   $200 per hour for services performed by associate attorneys; and
    d.   $75 per hour for paralegal services.

(3)   The Client further agrees to be responsible for all costs and expenses associated with S&D's representation, including but not limited to: copying and binding any briefs and/or appendices; court costs and fees; courier fees; and postage.

(4)   The Client agrees to provide a retainer in the amount of $25,000, with $10,000 due within fourteen (14) days of execution of this Agreement, and the balance to be paid within fourteen (14) days of the case being docketed in the Massachusetts Appeals Court. All funds will be placed in a trust account on the Client's behalf and drawn upon as legal work is done or as expenses are incurred, and any unused funds will be returned to the Client or used towards future fees as they are incurred, depending upon the Client's wishes.

(5)   Mass. R. Prof. C. 1.8(f) permits an attorney to accept payment for fees and expenses from a party other than the client so long as (1) the client gives informed consent to the payment arrangement; (2) the payment arrangement does not interfere with the independence or professional judgment of the attorney or with the attorney-client relationship, and (3) the attorney protects the confidentiality of communications with the client concerning the representation as Mass. R. Prof. C. 1.6 requires.

LDH 0033988

(6)    If the Attorney and S&D are discharged by the Client, the Attorney and S&D are entitled to be compensated for the fair value of the services rendered to the Client as well as expenses incurred up to the time of termination of the attorney-client relationship, as set forth above.  Any balance of the retainer which remains in the attorney's trust account after such compensation and expenses shall be returned to the Client, with a full accounting, within 30 days of the termination of the relationship.

(7)    The Attorney has made no promise or guarantee as to the successful resolution, or eventual outcome, of the appeal, but will diligently and zealously pursue the Client's interests to the fullest extent of her abilities.

(8)    This Agreement is to be executed in duplicate, with the Client retaining one executed copy and the Attorney retaining the other.

2/27/17
Date

*Patricia A. DeJuneas, Esq*
Patricia A. DeJuneas, Esq.

2/28/17
Date

Kira Wahlstrom

LDH 0033989

# EXHIBIT S

February 28, 2007

Attorney Krzysztof G. Sobczak
619 Boylston St.
Newton Center, MA 02459

Dear Kris,

I have entered into a contract with attorney Patricia DeJuneas for my appeal. After consultation with her, I think it's best for you to withdraw as counsel in the case, which withdrawal would assist attorney DeJuneas with the appeal.

Please accept this letter as my request that you please withdraw as counsel.

Thank you.

Kira Wahlstrom

LDH 0033987

# EXHIBIT T



Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Robert J. Cordy, PC
Attorney at Law
rcordy@mwe.com
+1 617 535 4033

June 26, 2017


Patty DeJuneas
Sibbison & DeJuneas
1 Commercial Wharf West
Boston, MA 02110

Re:     Engagement Letter

Dear Ms. DeJuneas:

Thank you for selecting McDermott Will & Emery LLP ("McDermott") to assist Sibbison &
DeJuneas in connection with the Petition for Direct Appellate Review in the Kira Wahlstrom v.
JPA I Management Company, Inc., as Trustee of the John Philopolous Assoc. Trust and JPA I
Management Company, Inc. matter.  McDermott is a limited liability partnership registered in
the State of Illinois.  The terms of our representation are set forth in this letter and in the
Additional Terms of Engagement ("Additional Terms") that accompany this letter.  Our
attorney-client relationship will commence when you and McDermott have agreed to the
material terms of our engagement.

It is important that all information provided to us is complete, accurate and up to date so that we
can represent Sibbison & DeJuneas' interests fully.  Accordingly, please ensure that we are
notified of any changes or variations to that information which may arise after the date it is
provided to us, as well as any new circumstances which might be relevant to the work we are
undertaking for Sibbison & DeJuneas.  Pursuant to our agreement, I will bill you at a flat fee of
$6,000 for this work.

In order to avoid misunderstandings concerning potential conflicts of interest, it is our policy to
clarify the identity of our clients and the circumstances under which we may represent other
clients with interests which are or may be adverse to Sibbison & DeJuneas.  Our representation
of Sibbison & DeJuneas does not extend to its parents, subsidiaries, employees, officers,
directors, shareholders, partners, members, entities in which Sibbison & DeJuneas owns an
interest (even a substantial interest), beneficiaries or other affiliates.

McDermott represents, and in the future will represent, many other clients.  During the time we
are working for Sibbison & DeJuneas, one or more existing or future clients may ask McDermott
to represent them in an actual or potential transaction or contested matter, including litigation or

LDH 0024008

Patty DeJuneas
June 26, 2017
Page 2

other dispute resolution proceedings, adverse to Sibbison & DeJuneas' interest. By entering into this engagement, Sibbison & DeJuneas agrees that McDermott can accept all such representations, even if the other client's interests are or may become directly adverse to Sibbison & DeJuneas unless the matter is substantially related to a matter in which we are representing Sibbison & DeJuneas, or will require disclosure of Sibbison & DeJuneas' confidential information. (All such representations are referred to as "Permitted Representations.") Sibbison & DeJuneas waives all actual and potential conflicts of interest that might exist because of any Permitted Representations undertaken by McDermott, and will not assert that any engagement of McDermott for Sibbison & DeJuneas' behalf is a basis to challenge or to disqualify McDermott from undertaking or continuing any Permitted Representation.

Unless we are otherwise instructed by Sibbison & DeJuneas in writing at or prior to the completion of the matter for which Sibbison & DeJuneas has engaged us, we may, after a reasonable period of time has passed, at our discretion, destroy all documents and data (including hard copies, electronically stored information and any other data stored on other forms of media) and any other materials that we have stored or otherwise remain in our possession relating to a matter for which our services have been completed or terminated.

When we complete the services Sibbison & DeJuneas has retained us to perform, our attorney-client relationship will be terminated. If Sibbison & DeJuneas later retains us to perform further or additional services, our attorney-client relationship will be revived subject to these terms of engagement unless we change the terms in writing at that time.

Accompanying this letter are Additional Terms, which are incorporated herein. If Sibbison & DeJuneas has questions concerning any of the information presented here, or should Sibbison & DeJuneas have a concern or question at any time during our representation, please call me.

Sibbison & DeJuneas has the right to consult with other counsel concerning the terms of this engagement letter. By executing this engagement letter, Sibbison & DeJuneas is confirming that it understands and accepts all of the terms set forth in this letter and in the Additional Terms and that this letter has been signed by Sibbison & DeJuneas voluntarily and with the benefit of the information necessary to make a fully informed decision to agree to these terms. Sibbison & DeJuneas' consent is to be effective and fully enforceable and to be relied upon by McDermott in accepting our representation. These terms may not be modified unilaterally and any amendment or modification of these terms will be effective only upon execution of a writing signed by the Sibbison & DeJuneas and within McDermott authorized to approve such changes.

LDH 0024009

Patty DeJuneas
June 26, 2017
Page 3

Please sign and return to us the enclosed copy of this letter.  Note that Sibbison & DeJuneas' request to McDermott to proceed, or acquiescence in McDermott proceeding, will constitute the Sibbison & DeJuneas' full acceptance of the terms set forth herein and in the attached.

Sincerely,

Robert J. Cordy

Enclosure

Agreed to and accepted (including the Additional Terms):

**Sibbison & DeJuneas**

By: _____
Patty DeJuneas

Date: _____

DM_US 82805568-1 T02529.0010

LDH 0024010

# ADDITIONAL TERMS

*This document sets forth McDermott Will & Emery LLP's additional standard terms of engagement for providing legal services. These terms are an integral part of our agreement with you. You should review this document carefully and retain it for your files. If you have any questions, please contact us promptly.*

**OUR SERVICES TO YOU** ~ In our engagement letter with you, we specify the matter in which we will be representing you. It is important that you have a clear understanding of the legal services we will provide. If at any time you have questions regarding the scope of our services, please communicate with your principal contact at the Firm.

We will represent you zealously and act on your behalf to the best of our ability. Whenever we provide you with an expression regarding the potential outcome of your matter, we will use our best professional judgment. However, we cannot guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter or the potential outcome is limited by our knowledge of the facts and based on the law at the time. It is also subject to any unknown or uncertain factors or conditions beyond our control.

**WHO IS OUR CLIENT?** ~ It is our policy to represent only the person or entity identified in our engagement letter. Unless specifically stated to the contrary in that letter, our representation of you does not extend to any of your affiliates.

For example, if you are a corporation, our representation does not include any of your parents, subsidiaries, employees, officers, directors, shareholders, or any entities in which you own an interest (even a substantial interest). If you are a partnership, our representation does not extend to the individual partners of the partnership. If you are a trade association, our representation excludes members of the trade association. If you are an individual, our representation does not include your spouse, siblings, or other family members, successors in interest, or any entities in which you own an interest (even a substantial interest). If you are a trustee or other fiduciary, our representation does not include beneficiaries or other persons to whom you owe a duty.

When we deal with a representative or agent of an entity, we represent only the entity and not the representative or agent.

The advice and communications which we render on your behalf are not intended to be disseminated to or relied upon by any other parties without our written consent. We sometimes include a specific disclaimer in correspondence or other work product to this effect, but the

LDH 0024011

absence of such a disclaimer does not create an exception or otherwise entitle others to rely on our work or advice.

**FEE ESTIMATES** ~ Clients frequently ask us to estimate the total fees and other charges they are likely to incur in connection with a particular matter. We are pleased to respond to such requests whenever possible with an estimate based on our professional judgment. This estimate always carries the understanding that, unless we agree otherwise in writing, it does not represent a maximum, minimum, or fixed-fee quotation. The ultimate cost frequently is more or less than the amount estimated.

**OTHER CHARGES** ~ As an adjunct to providing legal services, we may incur and pay a variety of charges on your behalf or charge for certain ancillary support services. When we incur such charges on your behalf or charge for such ancillary support services, we will include them in our billing statements. These charges may include, among other things, telephone, messenger, courier, express delivery services, facsimile communications (which typically include a per page charge in addition to the cost of the telephone usage), document printing, reproduction, scanning and imaging, data storage and processing (which typically include per gigabyte charges based on the volume of data), filing fees, deposition and transcript fees, witness fees, travel expenses, computer research, and charges by outside experts and consultants.

For certain of these services, particularly those that involve significant technology and/or support services such as imaging and storing electronic data and documents and the use of specialized software for legal research and data processing, we are sometimes able to reduce costs by contracting with vendors to purchase a quantity of service over time that is beyond the needs of any single client. In those instances, we may bill you at a reduced per unit rate that does not fully reflect the quantity discounts we ultimately obtain.

It is our general policy to arrange for outside providers of services (such as the fees of outside consultants, expert witnesses and court reporters) to bill you directly. You agree to pay those bills promptly and to provide us notice that such payment has been made.

**BILLING ARRANGEMENTS, TERMS OF PAYMENT AND RETAINERS**~   We will bill you on a regular basis—normally, each month—for both fees and other charges. You agree to make payment upon receipt of our statement.

Sometimes we ask for an advance retainer which will be credited towards your legal fees and expenses on a monthly basis, unless we agree to a different arrangement. If the retainer proves insufficient to cover current fees and other charges on a regular basis, we may ask you to replenish or increase it, and you agree to do so if asked.

Should your account become delinquent and satisfactory payment terms are not arranged, we may withdraw, or seek to withdraw, from the representation consistent with the applicable rules and pursue collection of the amounts owed. You will remain responsible for payment of our legal fees rendered and charges incurred prior to such withdrawal.

We look to you, the client, for payment regardless of whether you are insured to cover the particular risk or have the right to be reimbursed from someone else. You are responsible to pay us in accordance with the terms agreed to in this engagement, even if you engage us to collect or seek reimbursement from an insurer or other third party pursuant to contracts, statutes or insurance policies.

**TERMINATION** ~ You may terminate our representation at any time, with or without cause, by notifying us, and subject to court approval when required for matters in litigation. We will return your papers and other property to you promptly upon receipt of your request for those materials unless they are subject to a lien under applicable law. We will retain our own files pertaining to the matter or case, including our drafts, notes, internal memos, and work product. Your termination of our services will not affect your responsibility for payment of legal services rendered and other charges incurred before termination and in connection with an orderly transition of the matter.

We have the right to withdraw from our representation of you if, among other things, you fail to honor the terms of our engagement letter and/or the Additional Terms, you fail to make payment of any of our statements in a timely manner, you fail to cooperate or to follow our advice on a material matter, or any fact or circumstance occurs that would, in our view, render our continuing representation unlawful or unethical, or we determine that we are otherwise permitted under applicable law and rules to withdraw from the representation. If we elect to withdraw, you will take all steps necessary to free us of any obligation to perform further services, including the execution of any documents necessary to complete our withdrawal. Notwithstanding such termination, you will remain obligated to pay us for all services provided and to reimburse us for all costs and expenses paid or incurred on your behalf, including those required for the orderly transition of the engagement.

Our representation of you will be considered terminated at the earlier of (a) your termination of our representation and the completion of any work that may be required incidental to withdrawal from an ongoing matter, such as work that is appropriate to accomplish an orderly transition to other counsel, work required to obtain permission to withdraw from a court or other tribunal, and work that is required to be performed prior to the time that such permission is granted, (b) our withdrawal from our representation of you or (c) the completion of our work for you. In addition, in the event there has been no work performed by us on your behalf for six consecutive months, and no more work is contemplated, our attorney-client relationship will have been terminated.

LDH 0024013

**PRIVILEGE -** Our communications to and from you, including billing statements, may include attorney client privileged information or attorney work product. You should take reasonable steps to protect them from disclosure to third parties so as to maintain those privileges and protections.

**MCDERMOTT'S PRIVILEGE~**From time to time, issues may arise that raise questions as to our duties to you.  We believe that it is in our clients' interest, as well as McDermott's interest, that in the event legal ethics or related issues arise during a representation, we receive experienced legal advice concerning our obligations. Accordingly, you agree that if we determine in our sole discretion during the course of the representation that it is necessary or appropriate to consult with McDermott lawyers designated to render legal advice to McDermott and its lawyers or to consult with outside lawyers, we have your consent to do so and any communications among lawyers working on the matter and McDermott lawyers or outside lawyers designated to render legal advice to McDermott and its lawyers will be privileged.

**ANTI-BRIBERY AND ANTI-CORRUPTION ~** We do not tolerate, permit or engage in bribery or corruption of any kind, within our organization or by those with whom we do business.  Our commitment to acting with integrity and transparency applies to every part of our practice throughout the world.  We seek to ensure that everyone with whom we deal has a similar commitment to preventing bribery in their business.  We reserve the right to terminate our engagement if we become aware of bribery and corruption in the course of our engagement.

LDH 0024014

# EXHIBIT U

| | |
|---|---|
| **From:** | David Hoey </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=78C5C2D2D35A48329EE51C1EE28C37A8-DHOEY> |
| **Sent:** | Thursday, June 7, 2018 11:40 AM |
| **To:** | Cordy, Robert <Rcordy@mwe.com> |
| **Cc:** | Patty DeJuneas <dejuneaslaw@gmail.com>; Don Keenan <DKeenan@KeenanLawFirm.com> |
| **Subject:** | RE: Wahlstrom - Appellee's Brief |

Thank you.

**From:** Cordy, Robert [mailto:Rcordy@mwe.com]
**Sent:** Thursday, June 07, 2018 11:35 AM
**To:** David Hoey <dhoey@hoeylaw.com>
**Cc:** Patty DeJuneas <dejuneaslaw@gmail.com>; Don Keenan <DKeenan@KeenanLawFirm.com>
**Subject:** RE: Wahlstrom - Appellee's Brief
I think at this juncture I would probably need $10,000. But will be very mindful and conservative in my billing. Bob
**Robert Cordy**
Partner

**McDermott Will & Emery LLP** | 28 State Street | Boston, MA 02109-1775
Tel +1 617 535 4033 | Mobile +1 617 285 0183 | Fax +1 617 321 4624

Website | vCard | Email | Twitter | LinkedIn | Blog

**From:** David Hoey [mailto:dhoey@hoeylaw.com]
**Sent:** Thursday, June 07, 2018 11:24 AM
**To:** Cordy, Robert
**Cc:** Patty DeJuneas; Don Keenan
**Subject:** RE: Wahlstrom - Appellee's Brief
Bob, (Judge Cordy), I can't shake the habit of not calling you Judge
Not an issue.
What is your retainer requirements?
Thanks.
David.

**From:** Cordy, Robert [mailto:Rcordy@mwe.com]
**Sent:** Thursday, June 07, 2018 11:21 AM
**To:** David Hoey <dhoey@hoeylaw.com>
**Cc:** Patty DeJuneas <dejuneaslaw@gmail.com>; Don Keenan <DKeenan@KeenanLawFirm.com>
**Subject:** RE: Wahlstrom - Appellee's Brief
David and Patty – I fear that in order to keep on working with you on the case during this next phase (which I very much would like to do), I will need another fee retainer. The first ran out some time ago, and I have ignored it, but can't really do that anymore. Happy to discuss further. Bob
**Robert Cordy**
Partner

**McDermott Will & Emery LLP** | 28 State Street | Boston, MA 02109-1775
Tel +1 617 535 4033 | Mobile +1 617 285 0183 | Fax +1 617 321 4624

Website | vCard | Email | Twitter | LinkedIn | Blog

**From:** David Hoey [mailto:dhoey@hoeylaw.com]
**Sent:** Wednesday, June 06, 2018 7:45 PM
**To:** Cordy, Robert
**Cc:** Patty DeJuneas; Don Keenan
**Subject:** Wahlstrom - Appellee's Brief
Bob (Ret. Judge Cordy)-
Appellees' did not include you in their certificate of service. So, here it is!
I am too emotionally attached to the client and the case to read the Brief. I hope that you and Patty can put your heads

together and come up with a solid Reply Brief.

Hope all is well with you.

David.

David J. Hoey, Esq.
Founder / Lead Trial Attorney
**Law Offices of David J. Hoey, P.C.**
352 Park Street, Suite 105
North Reading, MA 01864
p: 978 664 3633 / f: 978 664 3643
dhoey@hoeylaw.com  www.hoeylaw.com

      

**NOTICE REGARDING PRIVILEGED/CONFIDENTIAL COMMUNICATION**
The information contained in this electronic message, including any attachments, is intended solely for the use of the individual or entity named as addressee above and is protected by the law from discovery. The contents of this message may contain information that is confidential, protected by the attorney-client privilege, work product doctrine, joint defense privileges, and/or other applicable protections from disclosure. If you, as the reader, are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution, reproduction, forwarding, or copying of this communication, and any attachments thereto, is strictly prohibited. If you have received this communication in error or no longer have privileges thereto, please immediately notify The Law Offices of David J. Hoey at 978-664-3633 or by return e-mail, and permanently delete the original and any copy of this e-mail message and any printout thereof. Please do not review or take any action other than contacting me. Further, we believe that this email and any attachment are free of any virus or other defect that might affect any computer system into which it is received and opened, but it is your responsibility to ensure that it is virus free and neither I nor The Law Offices of David J. Hoey, P.C. bears any responsibility for any loss or damage arising in any way from its use. Nothing in this email is intended to or shall constitute an "electronic signature", unless there is a specific statement in this e-mail to that effect. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please visit http://www.mwe.com/ for more information about our Firm.

LDH 0020258

# EXHIBIT V

CONFIDENTIAL

**Wahlstrom**

| | | |
|---|---|---|
| Received by Wire | $9,987,683.80 | |
| | | |
| Attorney's Fee | | $4,025,036.50 |
| Expences LODJHPC | | $834,075.89 |
| Expences KLF | | $34,853.88 |
| Loan | | $153,330.00 |
| Kira Wahlstrom | | $4,857,000.00 |
| | | |
| | | $9,904,296.27 |
| | | |
| Remaining | $83,387.53 | To client |
| | | |
| Fee Distribution | $4,025,036.50 | CFA w/ KLF |
| KLF | | $3,275,036.50 |
| Hoey | | $750,000.00   RA w/KLF |
| O'Toole | | $250,000.00   33.3 of net Hoey |

*March 27, 2020*

*Kira Wahlstrom I am aware of the above fee distribution and approve of the same*



EXHIBIT 9

Wahlstrom 1-31-22



ATTORNEY WORK PRODUCT
PRIVILEGED COMMUNICATION
CONFIDENTIAL

CONFIDENTIAL

**Walhstrom v. JPA, etc.**

Case Expenses

| | |
|---|---|
| Filing Fees | $584.20 |
| Postage | $3,030.36 |
| Advocate Capital | $238,839.29 |
| Deposition Transc. | $12,671.85 |
| Travel/Parking/Tolls/Uber | $15,491.45 |
| Ann Burgess, RNC | $14,250.00 |
| Public Documents | $883.20 |
| Patty DeJuneas, Esq. | $197,091.52 |
| Robert Cordy, Esq. | $16,000.00 |
| Hotel | $13,683.94 |
| Atlas Safety and Security | $32,729.93 |
| The Hotel Experts | $6,118.75 |
| Photocopies | $9,964.60 |
| Greystone Investigations | $17,108.61 |
| Trial Transcripts | $47,002.00 |
| Process Server | $2,930.50 |
| Medical Records | $615.36 |
| Amy Goganian, Esq. | $41,231.72 |
| Expert Intel Reports | $4,450.00 |
| Focus Groups | $1,655.09 |
| Richard Goran, Esq. | $20,824.00 |
| MCLE | $752.02 |
| Tom Mullen, Esq. | $2,000.00 |
| Office Supplies, etc. | $1,992.87 |
| James Bolan, Esq. | $8,432.39 |
| Spotters at Trial | $242.25 |
| Dropbox | $99.00 |
| Lewis Brisois Bisgaard Smith | $561.24 |
| Win Interactive | $106,379.79 |
| Sage Loan | $153,330.00 |




ATTORNEY WORK PRODUCT
PRIVILEGED COMMUNICATION
CONFIDENTIAL

CONFIDENTIAL

| | |
|---|---|
| Sheriff | $268.50 |
| Marguerita Reczycki | $5,036.50 |
| Advanced Photo | $309.75 |
| Book/ Manuals | $178.81 |
| John Vail, Esq. | $2,655.00 |
| Catherine Giordano, Esq. | $1,316.00 |
| Mediator | $1,600.00 |
| Pro Hac Fees | $602.00 |
| National Crime Victims | $275.00 |
| Speak Write | $1,636.05 |
| AMEX Misc. | $1,151.96 |
| Video Electronics | $103.00 |
| Dunn and Bradstreet | $103.69 |
| That's Great News | $623.70 |
| Paris Marketing | $600.00 |
| | |
| Keenan Law Firm | $34,853.88 |
| Kira Wahlstrom | $4,857,000.00 |
| Attorney Fee | $4,025,036.50 |

**$9,904,296.27**


$9,987,683.80
($9,904,296.27)
$83,387.53

March 27 2020

Kira Wahlstrom
I approve of the above-itemized
expenses and distribution.

ATTORNEY WORK PRODUCT
PRIVILEGED COMMUNICATION
CONFIDENTIAL

# EXHIBIT W

# THERE IS NO EXHIBIT W

# EXHIBIT X

McDermott
Will & Emery

Nov 29, 2017

Dear Kira —

Thank you for your kind
note. I have enjoyed working with
the other lawyers handling your
case, and know that they are committed
to you and to correcting this miscarriage
of justice.
        Best wishes for the holidays.

Bob Cordy

U.S. practice conducted through McDermott Will & Emery LLP
28 State Street  Boston, MA 02109-1775  Telephone: +1 617 535 4000  Facsimile: +1 617 535 3800  www.mwe.com

LDH 0054003

# EXHIBIT Y

| | |
|---|---|
| **From:** | Patty DeJuneas <dejuneaslaw@gmail.com> |
| **Sent:** | Saturday, June 17, 2017 12:00 PM |
| **To:** | Cordy, Robert <rcordy@mwe.com>; David Hoey <dhoey@hoeylaw.com> |
| **Subject:** | Interlocutory appeal |

Dear Justice Cordy:

Following up on our conversation at the appellate conference, I'd like to "introduce" you to David Hoey, the lead trial attorney in the Radisson garage civil rape case.

We would like to set up a conference call for a preliminary discussion about the case and what we hope to achieve.

Except for Monday, David and I can be available next week, any day and time convenient for you.

I look forward to our discussion.

Best regards,

Patty DeJuneas

Sibbison & DeJuneas
1 Commercial Wharf West
Boston, MA 02110
(617) 529-830 0

LDH 0024160

| | |
|---|---|
| **From:** | David Hoey </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=78C5C2D2D35A48329EE51C1EE28C37A8-DHOEY> |
| **Sent:** | Wednesday, January 31, 2018 3:57 PM |
| **To:** | Patty DeJuneas <dejuneaslaw@gmail.com> |
| **Cc:** | Don Keenan (DKeenan@KeenanLawFirm.com) |
| **Subject:** | Re: Reptile book |

Patty, Don would probably have a lot to say about this however is probably best to say what other courts have said about it. Which is that it's advocacy, and doesn't say what the defense claims it says. I'll get you some court decisions in particular a Nevada case.

Sent from my iPhone

On Jan 31, 2018, at 3:49 PM, Patty DeJuneas <dejuneaslaw@gmail.com> wrote:

> are there any points made in the book that you think would be helpful to counter this narrative that Don teaches lawyers to defy trial judges at every juncture? anything in specific you want me to say about the strategy? it won't be a big part of the brief by any means, but needs to be addressed in some fashion
>
>
>
> Patty DeJuneas
> Sibbison & DeJuneas
> One Commercial Wharf West
> Boston, MA 02110
> (617) 529-8300
> www.sdappeals.com

LDH 0022547

| **From:** | Patty DeJuneas <dejuneaslaw@gmail.com> |
| **Sent:** | Tuesday, February 13, 2018 9:32 AM |
| **To:** | Cordy, Robert <rcordy@mwe.com>; David Hoey <dhoey@hoeylaw.com>; Don Keenan (DKeenan@KeenanLawFirm.com) |
| **Subject:** | Wahlstrom update |

Gentlemen:

I'm still working through my draft, so it looks like it will be ready for review on Wed or Thurs. I will continue to work on it after I send it, so if you can get your comments back to me by Mon or Tues, I will have time to incorporate your comments and suggestions. If that timing doesn't work, let me know and I can push back the filing date by a few days.


Patty DeJuneas
Sibbison & DeJuneas
One Commercial Wharf West
Boston, MA 02110
(617) 529-8300

LDH 0022022

| **From:** | Patty DeJuneas <dejuneaslaw@gmail.com> |
| **Sent:** | Thursday, February 15, 2018 5:31 PM |
| **To:** | Cordy, Robert <rcordy@mwe.com>; David Hoey <dhoey@hoeylaw.com>; Don Keenan (DKeenan@KeenanLawFirm.com) |
| **Subject:** | Wahlstrom appeal - DRAFT |
| **Attach:** | Blue Brief - NEW.docx |

Gentlemen:

Attached is a draft brief - I still have facts and citations to add, as well as arguments, as you will see at the end. Don't bother editing for typos, I am looking more for big picture feedback.

Regarding filing ADAR, the law is more clear cut than I previously realized, but we still have arguments for why the SJC should take up Kira's appeal.

I am on the fence as to whether we want to be in the SJC or the AC. My fear is that the SJC may take this as an opportunity to revamp the Rule 59 standard, or to say that trial judges may order new trials on something less than a miscarriage of justice. My fear comes from Gath, 440 Mass. 482, where the SJC determines that a new trial is not required, but also that it would not have been an abuse of discretion if the judge HAD allowed a new trial. It was the second time, however, that the SJC had occasion to consider the same lawyer's conduct, so it may be that there's no reason for concern. Also, I think we win no matter which prejudice standard applies, but I prefer to stick with the most difficult standard for JPA to meet, for obvious reasons.

I will continue to work on the other arguments, which will be directed to the specific conduct and the judge's weighing of relevant factors, as opposed to the arguments I'm sending, which are addressed to legal errors for application of the wrong standard, failure to apply material factors, etc.

I'll be working on the brief all day tomorrow and all weekend, so let me know when you want to discuss.


Patty DeJuneas
Sibbison & DeJuneas
One Commercial Wharf West
Boston, MA 02110
(617) 529-8300

LDH 0021966

| From: | David Hoey </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=78C5C2D2D35A48329EE51C1EE28C37A8-DHOEY> |
|---|---|
| Sent: | Sunday, February 18, 2018 8:55 AM |
| To: | Patty DeJuneas <dejuneaslaw@gmail.com>; Cordy, Robert <rcordy@mwe.com>; Don Keenan (DKeenan@KeenanLawFirm.com) |
| Subject: | RE: Wahlstrom appeal - DRAFT |
| Attach: | Blue Brief - NEW (DJH).docx |

Patty-
I'm too emotionally attached to this case since I've lived it. It's hard to put that experience and Kira's experience and suffering on paper. I actually wish the trial was videotaped.
Anyhow, I made suggestions in **red** and comments/questions in green.
I'm available as much or little as you need me.
David.

**From:** Patty DeJuneas [mailto:dejuneaslaw@gmail.com]
**Sent:** Thursday, February 15, 2018 5:31 PM
**To:** Cordy, Robert <rcordy@mwe.com>; David Hoey <dhoey@hoeylaw.com>; Don Keenan (DKeenan@KeenanLawFirm.com) <DKeenan@keenanlawfirm.com>
**Subject:** Wahlstrom appeal - DRAFT

Gentlemen:
Attached is a draft brief - I still have facts and citations to add, as well as arguments, as you will see at the end. Don't bother editing for typos, I am looking more for big picture feedback.

Regarding filing ADAR, the law is more clear cut than I previously realized, but we still have arguments for why the SJC should take up Kira's appeal.

I am on the fence as to whether we want to be in the SJC or the AC. My fear is that the SJC may take this as an opportunity to revamp the Rule 59 standard, or to say that trial judges may order new trials on something less than a miscarriage of justice. My fear comes from Gath, 440 Mass. 482, where the SJC determines that a new trial is not required, but also that it would not have been an abuse of discretion if the judge HAD allowed a new trial. It was the second time, however, that the SJC had occasion to consider the same lawyer's conduct, so it may be that there's no reason for concern. Also, I think we win no matter which prejudice standard applies, but I prefer to stick with the most difficult standard for JPA to meet, for obvious reasons.

I will continue to work on the other arguments, which will be directed to the specific conduct and the judge's weighing of relevant factors, as opposed to the arguments I'm sending, which are addressed to legal errors for application of the wrong standard, failure to apply material factors, etc.

I'll be working on the brief all day tomorrow and all weekend, so let me know when you want to discuss.

Patty DeJuneas
Sibbison & DeJuneas
One Commercial Wharf West
Boston, MA 02110
(617) 529-8300

| | |
|---|---|
| **From:** | Patty DeJuneas <dejuneaslaw@gmail.com> |
| **Sent:** | Wednesday, February 21, 2018 3:53 PM |
| **To:** | animation studios <kirawahlstrom@live.com>; David Hoey <dhoey@hoeylaw.com>; Don Keenan (DKeenan@KeenanLawFirm.com) |
| **Subject:** | Update |

ALMOST there...

Cordy has been travelling but will be back on Monday. By then, I will have a complete, almost final draft ready and waiting for him. That gives us a week to incorporate Cordy's and your suggestions, which is plenty of time. I will circulate the draft when or before I send it to Cordy for his review.

I'm available for questions/comments at any time.

Patty DeJuneas
Sibbison & DeJuneas
One Commercial Wharf West
Boston, MA 02110
(617) 529-8300

LDH 0021903

| | |
|---|---|
| **From:** | Patty DeJuneas <dejuneaslaw@gmail.com> |
| **Sent:** | Saturday, February 24, 2018 5:41 PM |
| **To:** | David Hoey <dhoey@hoeylaw.com> |
| **Subject:** | Re: Wahlstrom |

some were no longer relevant because of further revisions, but i did incorporate several

Patty DeJuneas
Sibbison & DeJuneas
One Commercial Wharf West
Boston, MA 02110
(617) 529-8300

On Sat, Feb 24, 2018 at 5:38 PM, David Hoey <dhoey@hoeylaw.com> wrote:
> Were any of my thoughts and suggested edits useful or helpful?
>
> Sent from my iPhone
>
> On Feb 24, 2018, at 5:35 PM, Patty DeJuneas <dejuneaslaw@gmail.com> wrote:
>
>> yep. the brief is looking really good - will circulate tomorrow evening, then we can regroup after
>> Cordy reads it on Monday
>>
>> Patty DeJuneas
>> Sibbison & DeJuneas
>> One Commercial Wharf West
>> Boston, MA 02110
>> (617) 529-8300
>>
>> On Sat, Feb 24, 2018 at 5:20 PM, David Hoey <dhoey@hoeylaw.com> wrote:
>>> You working Sunday?
>>>
>>> Sent from my iPhone

LDH 0021846

**From:**      Patty DeJuneas <dejuneaslaw@gmail.com>
**Sent:**      Tuesday, February 27, 2018 4:20 PM
**To:**        David Hoey <dhoey@hoeylaw.com>
**Cc:**        Don Keenan <DKeenan@keenanlawfirm.com>
**Subject:**   Re: Wahlstrom

---

Why don't we start with bigger picture now, then you can red-line edit the next draft? Cordy's edits are not substantive - mostly language and to reorder Argument II so that the brief sets out the issues in the same order that Wilson addresses them in his decision. His are handwritten and a little difficult to read but I can forward if you like

Kira knows I've been waiting on feedback from you and Cordy and I was planning on sending her the next draft. I wanted to make sure you both saw it first, in case you have any concerns about how she may react to what I've written.


Patty DeJuneas
Sibbison & DeJuneas
One Commercial Wharf West
Boston, MA 02110
(617) 529-8300


On Tue, Feb 27, 2018 at 3:59 PM, David Hoey <dhoey@hoeylaw.com> wrote:
> Please make his changes and flip to me and I�ll have mine done in less than 24 hours
>
> Sent from my iPhone
>
> > On Feb 27, 2018, at 3:43 PM, Patty DeJuneas <dejuneaslaw@gmail.com> wrote:
> >
> > I have Cordy's suggestions - they are minimal. How do you want to proceed?
> >
> > Patty DeJuneas
> > Sibbison & DeJuneas
> > One Commercial Wharf West
> > Boston, MA 02110
> > (617) 529-8300
> >

LDH 0021761

# EXHIBIT Z

APPEALS COURT
Full Court Panel Case
Case Docket

KIRA WAHLSTROM vs. CARLSON HOTELS MANAGEMENT CORP & others
2017-P-1524

---

| CASE HEADER | | | |
|---|---|---|---|
| Case Status | Closed: Rescript issued | Status Date | 12/04/2019 |
| Nature | Real Estate | Entry Date | 11/28/2017 |
| Appellant | Plaintiff | Case Type | Civil |
| Brief Status | | Brief Due | |
| Arg/Submitted | 11/09/2018 | Decision Date | 11/06/2019 |
| Panel | Rubin, Maldonado, Lemire, JJ. | Citation | 96 Mass. App. Ct. 1108 |
| Lower Court | Suffolk Superior Court | TC Number | 1084CV01022 |
| Lower Ct Judge | Paul D. Wilson, J. | TC Entry Date | 03/12/2010 |
| SJ Number | | FAR Number | FAR-26934 |
| SJC Number | | | |

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| **Kira Wahlstrom**<br>Plaintiff/Appellant<br>Blue br, app & reply br filed<br>5 Enls, 60 Days | Patricia A. DeJuneas, Esquire<br>David J. Hoey, Esquire<br>Ashley Allen, Esquire |
| **Carlson Hotels Management Corp**<br>Defendant/Appellee<br>No brief expected | Michael J. Kerrigan, Esquire<br>William J. Dailey, Jr., Esquire |
| **City of Boston**<br>Defendant/Appellee<br>No brief expected | Lisa A. Skehill Maki, Esquire |
| **JPA 1 Management Co Inc**<br>Defendant/Appellee<br>Red brief & appendix filed<br>2 Enls, 59 Days | Michael J. Kerrigan, Esquire<br>William J. Dailey, Jr., Esquire<br>Lawrence J. Kenney, Jr., Esquire<br>Patrick Driscoll, Esquire<br>Mark A. Aronsson, Esquire |
| **JPA IV Management Company Inc**<br>Defendant/Appellee<br>Red brief & appendix filed<br>2 Enls, 59 Days | Michael J. Kerrigan, Esquire<br>Lawrence J. Kenney, Jr., Esquire<br>Patrick Driscoll, Esquire<br>Mark A. Aronsson, Esquire |
| **Laz Parking Limited LLC**<br>Defendant/Appellee<br>No brief expected | John J. Jarosak, Esquire<br>Bethany Minich, Esquire<br>Daniella Massimilla, Esquire<br>Nora Rose Adukonis, Esquire |
| **Park Square Revival Corp**<br>Defendant | |
| **Radisson Hotels International Inc**<br>Defendant/Appellee<br>No brief expected | Michael J. Kerrigan, Esquire<br>William J. Dailey, Jr., Esquire<br>Lawrence J. Kenney, Jr., Esquire<br>John D. Hanify, Esquire<br>Arivee Vargas, Esquire |
| **Jose Ruben Rivera III**<br>Defendant | |
| **Andrew Q Gould**<br>Other interested party | |
| **Don C. Keenan**<br>Other interested party | |
| **The Keenan's Kids Foundation Inc**<br>Other interested party | Richard A. Goren, Esquire |

| DOCUMENTS | |
|---|---|
| Appellant Wahlstrom Brief 📄 | Wahlstrom Reply Brief 📄 |
| Appellee JPA 1 Management Co Inc Others Brief 📄 | |

## DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 11/28/2017 | #1 | Lower Court Assembly of the Record Package |
| 11/28/2017 | | Notice of entry sent. |
| 11/28/2017 | #2 | Civil Appeal Entry Form filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 12/13/2017 | #3 | Docketing Statement received from Kira Wahlstrom. |
| 01/03/2018 | #4 | Motion of Appellant to extend date for filing brief and appendix filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 01/03/2018 | | RE#4: Allowed to 02/06/2018. Notice sent. |
| 02/02/2018 | #5 | Motion of Appellant to extend date for filing brief and appendix filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 02/02/2018 | | RE#5: Allowed to 02/20/2018. Notice sent. |
| 02/20/2018 | #6 | Motion of Appellant to extend date for filing brief and appendix filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 02/21/2018 | | RE#6: Allowed to 03/06/2018. Notice sent. |
| 03/06/2018 | #7 | Motion of Appellant to extend date for filing brief and appendix filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/07/2018 | | RE#7: Allowed to 03/07/2018. Notice sent. |
| 03/15/2018 | #8 | Motion of Appellant for leave to file volumes nine and ten of a ten-volume record appendix late filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/09/2018 | #9 | Motion of Appellant to extend date for filing brief and appendix filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/09/2018 | #10 | Appellant brief filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/09/2018 | #11 | Appendix (Vol I of X) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/09/2018 | #12 | Appendix (Vol II of X) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/09/2018 | #13 | Appendix (Vol III of X) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/09/2018 | #14 | Appendix (Vol IV of X) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/09/2018 | #15 | Appendix (Vol V of X) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/09/2018 | #16 | Appendix (Vol VI of X) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/09/2018 | #17 | Appendix (Vol VII of X) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/09/2018 | #18 | Appendix (Vol VIII of X Trial Transcripts) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/15/2018 | #19 | Appendix (Vol IX of X Trial Transcripts) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/15/2018 | #20 | Appendix (Vol X of X Trial Exhibits) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/15/2018 | | RE#9: Allowed and accepted for filing this date. *Notice. |
| 03/21/2018 | #20.1 | Exhibit 16 (RAX/71) and Identification H (RAX/447) |
| 03/30/2018 | #21 | MOTION of Appellee to extend brief due date filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. |
| 04/02/2018 | | RE#21: Allowed to 05/07/2018. Notice sent. |
| 04/13/2018 | | DAR-26050 opened on DAR APPLICATION filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 04/30/2018 | #22 | MOTION of Appellee to extend brief due date filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. |
| 04/30/2018 | | RE#22: Allowed to 06/06/2018. Notice sent. |
| 05/23/2018 | #23 | MOTION to file supplemental appendix filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. |
| 05/23/2018 | #24 | Proposed appendix filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. |
| 05/24/2018 | | RE#23: Allowed. The supplemental appendix is to be filed with the appellee's brief on or before 6/6/18. *Notice. |
| 06/05/2018 | | **Returned Mail:** Notice of docket entry sent to Jose Ruben Rivera III returned as refused, unable to forward. Notice not resent. |
| 06/06/2018 | #25 | Appellee brief filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. |
| 06/06/2018 | #26 | Supplemental Appendix filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. |
| 07/02/2018 | | DAR DENIED (on 06/29/2018). |
| 08/27/2018 | #27 | Motion of Appellant to extend date for filing Reply Brief filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 08/27/2018 | #28 | Reply brief filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |

| | |
|---|---|
| 08/27/2018 | RE#27: Allowed and accepted for filing this date. *Notice. |
| 08/29/2018 | ORDER: Laz Parking Limited LLC, Radisson Hotels International Inc, City of Boston, Carlson Hotels Management Corp have neither filed a brief nor sought an enlargement of time to file a brief. Accordingly, on or before 09/12/2018, Carlson Hotels Management Corp, City of Boston, Laz Parking Limited LLC, Radisson Hotels International Inc are to submit a motion to enlarge the time to file the appellee's brief to a date certain. If the Carlson Hotels Management Corp, City of Boston, Laz Parking Limited LLC, Radisson Hotels International Inc do not intend to file a brief, Carlson Hotels Management Corp, City of Boston, Laz Parking Limited LLC, Radisson Hotels International Inc should notify the Court, in writing, by that date. If no timely submission is received from Carlson Hotels Management Corp, City of Boston, Laz Parking Limited LLC, Radisson Hotels International Inc this appeal shall be placed in ready status to be considered by a panel. *Notice. |
| 08/30/2018 | **Returned Mail:** Email Notice of Order sent to Lisa A. Skehill Maki returned as "user not known." Notice forwarded to email address listed with BBO. |
| 09/10/2018 | **Returned Mail:** Notice of 08/29/2018 Order sent to Jose Ruben Rivera III returned as released from facility. Notice not resent, no new address on file. |
| 09/12/2018 #29 | Response to order dated 8/29/18 re: do not intend to file brief, filed for Carlson Hotels Management Corp, Radisson Hotels International Inc by Attorney Michael J. Kerrigan. |
| 09/17/2018 | Notice sent seeking information on unavailability for oral argument in November 2018 |
| 09/18/2018 #30 | Letter of Patricia A. DeJuneas, Esquire unavailable for oral argument November 2, 6. . |
| 09/17/2018 #31 | Letter from Bethany P. Minich re: LAZ Parking Limited, LLC has no intention to file a brief. |
| 09/24/2018 | Letter from Mark A. Aronsson, Esquire re: available all dates for oral argument.. |
| 09/25/2018 | **Returned Mail:** Notice of unavailabily sent to Jose Ruben Rivera III returned as released from facility. Notice not resent, no new address on file. |
| 10/01/2018 #32 | Notice of 11/09/2018, 9:30 AM argument at John Adams Courthouse, Courtroom 3 (a3) sent. |
| 10/01/2018 | Letter from Patricia A. DeJuneas, Esquire re: will appear and argue on 11/09/2018. |
| 10/04/2018 | Letter from Mark A. Aronsson, Esquire re: will appear and argue on 11/09/2018. |
| 11/09/2018 | Oral argument held. (Rubin, J., Maldonado, J., Lemire, J.). |
| 01/07/2019 #33 | Letter pursuant to MRAP 16(I) filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. |
| 01/14/2019 #34 | Letter pursuant to MRAP 16(I) filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 03/19/2019 | ORDER: The one hundred and thirty day guideline for the above entitled case is waived by order of the Court.(Rubin, Maldonado & Lemire, JJ.) *Notice |
| 04/01/2019 | **Returned Mail:** Notice of 130 day guideline for the case is waived by order of the Court sent to Jose Ruben Rivera III returned as refused, unable to forward. Notice not re-sent due to no updated address on file. |
| 06/10/2019 | RE#8: Allowed. (Rubin, J., Maldonado, J., Lemire, J.). *Notice. |
| 06/10/2019 #35 | Decision: Full Opinion (Rubin, J.). *Notice/Wilson, J. |
| 06/10/2019 | ORDER: (RE#35) See Full Opinion (Rubin, J.). The appeal is stayed in order to allow the motion to disqualify to be litigated and decided forthwith in the trial court. The parties shall submit a status report to this court in sixty days. *Notice/Attest/Wilson, J. |
| 06/10/2019 | Copy of full opinion sent to Jose Ruben Rivera III. |
| 06/18/2019 #36 | ORDER: The panel has ordered the following change be made to the opinion issued on June 10, 2019. On page 3, at the end of footnote 4, the following has been added: A single justice of this court granted the plaintiff's petition under G. L. c. 231, § 118, first par., for leave to prosecute an interlocutory appeal from the judge's allowance of the defendants' motion for a new trial. See Okongwu v. Stephens, 396 Mass. 724, 728 (1986) ("an order allowing a motion for a new trial is deemed interlocutory in nature and is not immediately appealable"). The Reporter of Decisions has been notified of the revision. A copy of the revised opinion will be issued to the parties on this date. (Rubin, Maldonado & Lemire, JJ.). *Notice |
| 06/18/2019 | Copy of Revised Decision sent to all parties. |
| 06/24/2019 #37 | MOTION to reconsider filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. |
| 06/28/2019 | FAR-26934 opened on FAR APPLICATION filed for JPA IV Management Company, Inc. as Trustee of the John Philopoulos Associates Trust and JPA I Management Company, Inc. by Attorney Mark Aronsson. |
| 07/01/2019 #38 | MOTION to strike motion for reconsideration filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 07/03/2019 #39 | Opposition to Motion to Strike filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. |
| 08/07/2019 #40 | Status Report filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 08/08/2019 #41 | Status Report filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. |
| 11/06/2019 | RE#37: Motion to reconsider: Denied, by the panel. (Rubin, Maldonado, Lemire, JJ.) *Notice |
| 11/06/2019 | RE#38: See action on #37. *Notice. |
| 11/06/2019 | RE#39: See action on #37. *Notice. |
| 11/06/2019 #42 | Decision: Rule 1:28 The stay of the appeal is lifted, and the order allowing the defendants' motion for new trial is reversed. (Rubin, Maldonado, Lemire, JJ.). *Notice. |

| | |
|---|---|
| 11/25/2019  #43 | Letter from Supreme Judicial Court re: FAR-26934 has been withdrawn. |
| 11/29/2019 | **Returned Mail:** Notice of Actions RE#37,38, and 39 as well as the Decisions per Rule 1:28 from 11/06/2019 sent to Jose Ruben Rivera III returned as Refused. Notice not resent. |
| 12/04/2019 | RESCRIPT to Trial Court. |

As of 12/04/2019 4:15pm