# EXHIBIT AA

| From: | Krzysztof Sobczak <ksobczak@hoeylaw.com> |
|---|---|
| Sent: | Monday, July 25, 2016 2:49 PM |
| To: | David Hoey <dhoey@hoeylaw.com> |
| Subject: | RE: 2016-J-0267 - Notice of Docket Entry (Wahlstrom) |

So the last version of the notice of appeal that Patty circulated to us still had all of our names on it (as we were the trial counsel) but the one she filed in court only has her name on it.

Krzysztof G. Sobczak, Esq.
Director, Litigation Department
*Law Offices of David J. Hoey, P.C.*
352 Park Street, Suite 105
North Reading, MA 01864
p: 978-664-3633 | f: 978-664-3643 | m: 617-669-6972
ksobczak@hoeylaw.com
NOTICE REGARDING PRIVILEGED/CONFIDENTIAL COMMUNICATION
The information contained in this electronic message, including any attachments, is intended only for the above-named addressee. The contents of this message are/may be protected by the attorney-client privilege, work product doctrine, joint defense privileges, and/or other applicable protections from disclosure. If the reader is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this communication is strictly prohibited. If you have received this communication in error or no longer have privileges thereto, please immediately notify The Law Offices of David J. Hoey at 978-664-3633.

**From:** Patty DeJuneas [mailto:dejuneaslaw@yahoo.com]
**Sent:** Wednesday, July 20, 2016 5:00 PM
**To:** Krzysztof Sobczak <ksobczak@hoeylaw.com>; David Hoey <DHoey@hoeylaw.com>
**Cc:** Don Keenan <DKeenan@KeenanLawFirm.com>; Andrew Gould <agould@keenanlawfirm.com>; Ashley Leavitt <ashleypl@bu.edu>
**Subject:** Re: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)
It's a little awkward and I'm not sure what you mean by "all associated rulings and orders of the trial court"? Simplified version attached. Also, I very strongly believe that from this point on & until the appeal is resolved, that your names should NOT appear on any pleadings, briefs, etc. When counsel's conduct is at issue, I think their continued involvement is a distraction. I'm willing to be flexible on something like this, but not for the appeal.
Patty DeJuneas
Sibbison & DeJuneas
One McKinley Square
Boston, MA 02109
(617) 529-8300
www.SDappeals.com

CONFIDENTIALITY NOTICE: This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

**From:** Krzysztof Sobczak <ksobczak@hoeylaw.com>
**To:** Patty DeJuneas <dejuneaslaw@yahoo.com>; David Hoey <DHoey@hoeylaw.com>
**Cc:** Don Keenan <DKeenan@KeenanLawFirm.com>; Andrew Gould <agould@keenanlawfirm.com>
**Sent:** Wednesday, July 20, 2016 4:29 PM
**Subject:** RE: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

Here is my proposed draft.



EXHIBIT JV
11
Wahlstrom 1-31-23

LDH 0071282

I am not certain if we should keep or delete the last line "and all associated rulings and orders of the trial court."

Then I think we need to in writing (by mail and email) order the full official transcript from the Court reporter (and add the footnote/reference to the fact that JPA has already represented to the COurt that they already allegedly did so) and then file that cert with the Court.

/kgs

From: Krzysztof Sobczak
Sent: Tuesday, July 19, 2016 7:46 PM
To: Patty DeJuneas; David Hoey
Cc: Don Keenan; Andrew Gould
Subject: RE: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

I was not planning on waiting any more than the rest of this week, so we will get it in well before the deadline

Krzysztof G. Sobczak, Esq.
Director, Litigation Department
Law Offices of David J. Hoey, P.C.
352 Park Street, Suite 105
North Reading, MA 01864
p: 978-664-3633 | f: 978-664-3643 | m: 617-669-6972
ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>

NOTICE REGARDING PRIVILEGED/CONFIDENTIAL COMMUNICATION
The information contained in this electronic message, including any attachments, is intended only for the above-named addressee. The contents of this message are/may be protected by the attorney-client privilege, work product doctrine, joint defense privileges, and/or other applicable protections from disclosure. If the reader is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this communication is strictly prohibited. If you have received this communication in error or no longer have privileges thereto, please immediately notify The Law Offices of David J. Hoey at 978-664-3633.

From: Patty DeJuneas [mailto:dejuneaslaw@yahoo.com]
Sent: Tuesday, July 19, 2016 7:43 PM
To: Krzysztof Sobczak <ksobczak@hoeylaw.com>; David Hoey <DHoey@hoeylaw.com>
Cc: Don Keenan <DKeenan@KeenanLawFirm.com>; Andrew Gould <agould@keenanlawfirm.com>
Subject: Re: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

It has to be filed in the clerk's office no later than 7/29 whether or not Trainor's order is docketed before then.

Patty DeJuneas
Sibbison & DeJuneas
One McKinley Square
Boston, MA 02109
(617) 529-8300
www.SDappeals.com<http://www.SDappeals.com>

CONFIDENTIALITY NOTICE: This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this

LDH 0071283

message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

From: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
To: Patty DeJuneas <dejuneaslaw@yahoo.com<mailto:dejuneaslaw@yahoo.com>>; David Hoey
<DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>
Cc: Don Keenan <DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew
Gould <agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Sent: Tuesday, July 19, 2016 6:14 PM
Subject: RE: 2016-J-0267 – Notice of Docket Entry (Wahlstrom)

Sure,
But I was thinking of waiting until the order shows up on the docket (and see what they wrote in their latest opposition)


Krzysztof G. Sobczak, Esq.
Director, Litigation Department
Law Offices of David J. Hoey, P.C.
352 Park Street, Suite 105
North Reading, MA 01864
p: 978-664-3633 | f: 978-664-3643 | m: 617-669-6972
ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>

NOTICE REGARDING PRIVILEGED/CONFIDENTIAL COMMUNICATION
The information contained in this electronic message, including any attachments, is intended only for the above-named addressee. The contents of this message are/may be protected by the attorney-client privilege, work product doctrine, joint defense privileges, and/or other applicable protections from disclosure. If the reader is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this communication is strictly prohibited. If you have received this communication in error or no longer have privileges thereto, please immediately notify The Law Offices of David J. Hoey at 978-664-3633.

From: Patty DeJuneas [mailto:dejuneaslaw@yahoo.com]
Sent: Tuesday, July 19, 2016 6:11 PM
To: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>; David Hoey
<DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>
Cc: Don Keenan <DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew
Gould <agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Subject: Re: 2016-J-0267 – Notice of Docket Entry (Wahlstrom)

You seem to have a very specific idea of what you think the notice of appeal should state, so would you like to draft it?


Patty DeJuneas
Sibbison & DeJuneas
One McKinley Square
Boston, MA 02109
(617) 529-8300
www.SDappeals.com<http://www.sdappeals.com/>

CONFIDENTIALITY NOTICE: This message is intended only for the designated recipient(s). It may contain

LDH 0071284

confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

From: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
To: Patty DeJuneas <dejuneaslaw@yahoo.com<mailto:dejuneaslaw@yahoo.com>>; David Hoey
<DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>
Cc: Don Keenan <DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew
Gould <agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Sent: Tuesday, July 19, 2016 5:53 PM
Subject: RE: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

I agree that this would be short, but I think we have to address the specific order and be very specific as to what is being appealed, not like the regular, all-encompassing, notices of appeal

Krzysztof G. Sobczak, Esq.
Director, Litigation Department
Law Offices of David J. Hoey, P.C.
352 Park Street, Suite 105
North Reading, MA 01864
p: 978-664-3633 | f: 978-664-3643 | m: 617-669-6972
ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>

NOTICE REGARDING PRIVILEGED/CONFIDENTIAL COMMUNICATION
The information contained in this electronic message, including any attachments, is intended only for the above-named addressee. The contents of this message are/may be protected by the attorney-client privilege, work product doctrine, joint defense privileges, and/or other applicable protections from disclosure. If the reader is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this communication is strictly prohibited. If you have received this communication in error or no longer have privileges thereto, please immediately notify The Law Offices of David J. Hoey at 978-664-3633.

From: Patty DeJuneas [mailto:dejuneaslaw@yahoo.com]
Sent: Tuesday, July 19, 2016 5:51 PM
To: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>; David Hoey
<DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>
Cc: Don Keenan <DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew
Gould <agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Subject: Re: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

Not sure we're on the same page - the notice of appeal is 1-2 sentences long.

Patty DeJuneas
Sibbison & DeJuneas
One McKinley Square
Boston, MA 02109
(617) 529-8300
www.SDappeals.com<http://www.sdappeals.com/>

CONFIDENTIALITY NOTICE: This message is intended only for the designated recipient(s). It may contain

LDH 0071285

confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

From: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
To: Patty DeJuneas <dejuneaslaw@yahoo.com<mailto:dejuneaslaw@yahoo.com>>; David Hoey <DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>
Cc: Don Keenan <DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew Gould <agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Sent: Tuesday, July 19, 2016 5:43 PM
Subject: RE: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

No harm is starting the draft

Krzysztof G. Sobczak, Esq.
Director, Litigation Department
Law Offices of David J. Hoey, P.C.
352 Park Street, Suite 105
North Reading, MA 01864
p: 978-664-3633 | f: 978-664-3643 | m: 617-669-6972
ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>

NOTICE REGARDING PRIVILEGED/CONFIDENTIAL COMMUNICATION
The information contained in this electronic message, including any attachments, is intended only for the above-named addressee. The contents of this message are/may be protected by the attorney-client privilege, work product doctrine, joint defense privileges, and/or other applicable protections from disclosure. If the reader is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this communication is strictly prohibited. If you have received this communication in error or no longer have privileges thereto, please immediately notify The Law Offices of David J. Hoey at 978-664-3633.

From: Patty DeJuneas [mailto:dejuneaslaw@yahoo.com]
Sent: Tuesday, July 19, 2016 5:17 PM
To: David Hoey <DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>; Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
Cc: Don Keenan <DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew Gould <agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Subject: Re: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

Should I go ahead and file the notice of appeal tomorrow?

Patty DeJuneas
Sibbison & DeJuneas
One McKinley Square
Boston, MA 02109
(617) 529-8300
www.SDappeals.com<http://www.sdappeals.com/>

CONFIDENTIALITY NOTICE: This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank

LDH 0071286

you.

_____

From: David Hoey <DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>
To: Patty DeJuneas <dejuneaslaw@yahoo.com<mailto:dejuneaslaw@yahoo.com>>; Krzysztof Sobczak
<ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
Cc: Don Keenan <DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew
Gould <agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Sent: Tuesday, July 19, 2016 1:40 PM
Subject: RE: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

Wait on the media issue until we all discuss together. Knee jerk reactions can hurt us.
Plus, the appeal's court judges read the Globe and Lawyer's Weekly.
Plus, if we toot our horn now and then lose the appeal we will look worse.

From: Patty DeJuneas [mailto:dejuneaslaw@yahoo.com]
Sent: Tuesday, July 19, 2016 1:38 PM
To: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
Cc: David Hoey <DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>; Don Keenan
<DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew Gould
<agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Subject: Re: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

not sure why we'd bring attention to this if the Globe has not already covered it?

Patty DeJuneas
Sibbison & DeJuneas
One McKinley Square
Boston, MA 02109
(617) 529-8300
www.SDappeals.com<http://www.sdappeals.com/>

CONFIDENTIALITY NOTICE: This message is intended only for the designated recipient(s). It may contain
confidential or proprietary information and may be subject to the attorney-client privilege or other
confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this
message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank
you.

_____

From: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
To: Patty DeJuneas <dejuneaslaw@yahoo.com<mailto:dejuneaslaw@yahoo.com>>
Cc: David Hoey <DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>; Don Keenan
<DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew Gould
<agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Sent: Tuesday, July 19, 2016 1:33 PM
Subject: RE: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

No,
Travis said that the story was pulled, but with this new movement, he may do it now

Krzysztof G. Sobczak, Esq.
Director, Litigation Department
Law Offices of David J. Hoey, P.C.
352 Park Street, Suite 105

LDH 0071287

North Reading, MA 01864
p: 978-664-3633 | f: 978-664-3643 | m: 617-669-6972
ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>

NOTICE REGARDING PRIVILEGED/CONFIDENTIAL COMMUNICATION
The information contained in this electronic message, including any attachments, is intended only for the above-named addressee. The contents of this message are/may be protected by the attorney-client privilege, work product doctrine, joint defense privileges, and/or other applicable protections from disclosure. If the reader is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this communication is strictly prohibited. If you have received this communication in error or no longer have privileges thereto, please immediately notify The Law Offices of David J. Hoey at 978-664-3633.

From: Patty DeJuneas [mailto:dejuneaslaw@yahoo.com]
Sent: Tuesday, July 19, 2016 1:30 PM
To: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
Cc: David Hoey <DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>; Don Keenan <DKeenan@KeenanLaw.com<mailto:DKeenan@KeenanLaw.com>>; Andrew Gould <agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Subject: Re: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

I don't recall seeing anything in the Globe on this - did I miss it?

Patty DeJuneas
Sibbison & DeJuneas
One McKinley Square
Boston, MA 02109
(617) 529-8300
www.SDappeals.com<http://www.sdappeals.com/>

CONFIDENTIALITY NOTICE: This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

---

From: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
To: Patty DeJuneas <dejuneaslaw@yahoo.com<mailto:dejuneaslaw@yahoo.com>>
Cc: David Hoey <DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>; Don Keenan <DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew Gould <agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Sent: Tuesday, July 19, 2016 1:26 PM
Subject: RE: 2016-J-0267 - Notice of Docket Entry (Wahlstrom)

I agree, plus that guy from Globe and any other press inquires

Krzysztof G. Sobczak, Esq.
Director, Litigation Department
Law Offices of David J. Hoey, P.C.
352 Park Street, Suite 105
North Reading, MA 01864
p: 978-664-3633 | f: 978-664-3643 | m: 617-669-6972
ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>

NOTICE REGARDING PRIVILEGED/CONFIDENTIAL COMMUNICATION
The information contained in this electronic message, including any attachments, is intended only for the above-named addressee. The contents of this message are/may be protected by the attorney-client privilege, work product doctrine, joint defense privileges, and/or other applicable protections from disclosure. If the reader is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this communication is strictly prohibited. If you have received this communication in error or no longer have privileges thereto, please immediately notify The Law Offices of David J. Hoey at 978-664-3633.

From: Patty DeJuneas [mailto:dejuneaslaw@yahoo.com]
Sent: Tuesday, July 19, 2016 1:22 PM
To: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
Cc: David Hoey <DHoey@hocylaw.com<mailto:DHoey@hoeylaw.com>>; Don Keenan <DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew Gould <agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Subject: Re: 2016-J-0267 - Notice of Docket Entry

I suggest that we let Mass Lawyer's Weekly know about this - thoughts?

Patty DeJuneas
Sibbison & DeJuneas
One McKinley Square
Boston, MA 02109
(617) 529-8300
www.SDappeals.com<http://www.sdappeals.com/>

CONFIDENTIALITY NOTICE: This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

From: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
To: Patty DeJuneas <dejuneaslaw@yahoo.com<mailto:dejuneaslaw@yahoo.com>>
Cc: David Hoey <DHoey@hoeylaw.com<mailto:DHoey@hoeylaw.com>>; Don Keenan <DKeenan@KeenanLawFirm.com<mailto:DKeenan@KeenanLawFirm.com>>; Andrew Gould <agould@keenanlawfirm.com<mailto:agould@keenanlawfirm.com>>
Sent: Tuesday, July 19, 2016 1:06 PM
Subject: FW: 2016-J-0267 - Notice of Docket Entry

FYI

-----Original Message-----
From: Appeals Court Clerk's Office
[mailto:AppealsCtClerk@appct.state.ma.us<mailto:AppealsCtClerk@appct.state.ma.us>]
Sent: Tuesday, July 19, 2016 1:00 PM
To: Krzysztof Sobczak <ksobczak@hoeylaw.com<mailto:ksobczak@hoeylaw.com>>
Subject: 2016-J-0267 - Notice of Docket Entry

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT CLERK'S OFFICE

LDH 0071289

July 19, 2016

RE: No. 2016-J-0267
Lower Ct. No.: 1084CV01022

KIRA WAHLSTROM
vs.
JOSE RUBEN RIVERA & others

NOTICE OF DOCKET ENTRY

Please take note that on July 18, 2016, the following entry was made on the docket of the above-referenced case:

ORDER: Upon review of the petition and opposition before me, it is ordered that plaintiff be allowed to file a notice of interlocutory appeal from the order of the trial court allowing a new trial (Suffolk Superior Court No. 1084CV01022; May 26, 2016; Gordon, J.) Plaintiff is to file a notice of appeal in the trial court on or before July 29, 2016. The assembly of the record and entry of the appeal are to proceed in the normal course pursuant to the Massachusetts Rules of Appellate Procedure. The trial proceedings are stayed pending the outcome of the appeal. (Trainor, J.). *Notice/Attest/Wilson, J.

Very truly yours,

The Clerk's Office

Dated: July 19, 2016

To: David J. Hoey, Esquire
Krzysztof G. Sobczak, Esquire
Patricia A. DeJuneas, Esquire
William J. Dailey, Jr., Esquire
Michael J. Kerrigan, Esquire
Nora Rose Adukonis, Esquire
John J. Jarosak, Esquire
Daniella Massimilla, Esquire
Bethany Minich, Esquire
Mark A. Aronsson, Esquire
Anthony M. Campo, Esquire
Patrick Driscoll, Esquire
Robert Marc Kaitz, Esquire
Lawrence J. Kenney, Jr., Esquire
Lisa A. Skehill Maki, Esquire
John D. Hanify, Esquire
Jeffrey J. Upton, Esquire
Arivee Vargas, Esquire
Richard A. Goren, Esquire
Suffolk Superior Court Dept.

----------------------------------------------------------------
If you have any questions, or wish to communicate with the Clerk's Office about this case, please contact the Clerk's Office at 617-725-8106. Thank you.

LDH 0071290

LDH 0071291

# EXHIBIT BB

## 1781CV01281 Sobczak, Krzysztof G. vs. Law Offices of David J. Hoey, P.C. et al



Case Type:
- Contract / Business Cases
- Case Status:
- Open
- File Date
- 04/28/2017
- DCM Track:
- F - Fast Track
- Initiating Action:
- Employment Contract
- Status Date:
- 04/28/2017
- Case Judge:
- 
- Next Event:
- 



| All Information | Party | Event | Tickler | Docket | Disposition |

### Party Information

**Sobczak, Krzysztof G.**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | Sobczak, Esq., Krzysztof G |
| | Bar Code |
| | 680813 |
| | Address |
| | Sobczak Law |
| | 58 Winter St |
| | Suite 400 |
| | Boston, MA  02108 |
| | Phone Number |
| | (617)669-6972 |

**More Party Information**

**Law Offices of David J. Hoey, P.C.**
- Defendant

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | Bolan, Esq., James S |
| | Bar Code |
| | 048340 |
| | Address |
| | Brecher, Wyner, Simons, Fox and Bolan, PC |
| | 189 Wells Ave |
| | Newton Center, MA  02459-3210 |
| | Phone Number |
| | (617)614-1500 |
| | Attorney |
| | Holden, Esq., Sara Nicole |
| | Bar Code |
| | 658640 |
| | Address |
| | Brecher, Wyner, Simons, Fox and Bolan PC |
| | 189 Wells Ave |
| | Newton Center, MA  02459 |
| | Phone Number |
| | (617)614-1500 |
| | Attorney |
| | Mulvey, Esq., Elizabeth Nevins |
| | Bar Code |
| | 542091 |
| | Address |
| | Libby Hoopes Brooks and Mulvey |
| | 260 Franklin St |

Suite 1920
Boston, MA  02110
- Phone Number
- (617)338-9300

**More Party Information**

**Hoey, David J.**
- Defendant

| Alias | **Party Attorney** |
|---|---|
| | • Attorney |
| | • Bolan, Esq., James S |
| | • Bar Code |
| | • 048340 |
| | • Address |
| | • Brecher, Wyner, Simons, Fox and Bolan, PC |
| | 189 Wells Ave |
| | Newton Center, MA  02459-3210 |
| | • Phone Number |
| | • (617)614-1500 |
| | • Attorney |
| | • Holden, Esq., Sara Nicole |
| | • Bar Code |
| | • 658640 |
| | • Address |
| | • Brecher, Wyner, Simons, Fox and Bolan PC |
| | 189 Wells Ave |
| | Newton Center, MA  02459 |
| | • Phone Number |
| | • (617)614-1500 |
| | • Attorney |
| | • Mulvey, Esq., Elizabeth Nevins |
| | • Bar Code |
| | • 542091 |
| | • Address |
| | • Libby Hoopes Brooks and Mulvey |
| | 260 Franklin St |
| | Suite 1920 |
| | Boston, MA  02110 |
| | • Phone Number |
| | • (617)338-9300 |

**More Party Information**

## Events

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|
| 05/09/2017 10:00 AM | Civil B Rm 720 | Courtroom 720 | Motion Hearing | Billings, Hon. Thomas P | Held as Scheduled |
| 05/17/2017 04:00 PM | Civil B Rm 720 | Courtroom 720 | Status Review | Billings, Hon. Thomas P | Held as Scheduled |
| 08/25/2017 02:00 PM | Civil B Rm 720 | Courtroom 720 | Conference to Review Status | | Held as Scheduled |
| 03/13/2018 02:00 PM | Civil B Rm 720 | Courtroom 720 | Motion Hearing | Krupp, Hon. Peter B | Not Held |
| 05/07/2019 02:00 PM | Civil D Rm 620 | Courtroom 620 | Hearing on Contempt | McCarthy-Neyman, Hon. Kathleen | Not Held |
| 07/16/2019 02:00 PM | Civil J Rm 520 | Courtroom 420 | Hearing on Contempt | Henry, Hon. Bruce R | Held as Scheduled |
| 07/16/2019 02:00 PM | Civil B Rm 720 | Courtroom 720 | Hearing on Contempt | | Rescheduled |
| 12/10/2019 02:00 PM | Civil B Rm 720 | Courtroom 720 | Rule 12 Hearing | Pierce, Hon. Laurence D | Rescheduled |
| 01/29/2020 02:00 PM | Civil B Rm 720 | | Rule 12 Hearing | | Rescheduled |
| 02/05/2020 02:00 PM | Civil B Rm 720 | Courtroom 720 | Rule 12 Hearing | Wilkins, Hon. Douglas H | Held - Under advisement |
| 11/23/2020 03:00 PM | Civil B Rm 720 | Courtroom 720 | Conference to Review Status | | Held - Under advisement |
| 08/23/2021 12:00 PM | Civil L2 CR16 | | Motion Hearing | Sarrouf, Camille | Rescheduled |

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 09/10/2021 12:00 PM | Civil L2 CR16 | | Motion Hearing | Sarrouf, Camille | Held as Scheduled |

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Service | 04/28/2017 | 07/27/2017 | 90 | 09/22/2022 |
| Answer | 04/28/2017 | 08/28/2017 | 122 | 09/22/2022 |
| Rule 12/19/20 Served By | 04/28/2017 | 08/28/2017 | 122 | 02/05/2018 |
| Rule 12/19/20 Filed By | 04/28/2017 | 09/25/2017 | 150 | 02/05/2018 |
| Rule 12/19/20 Heard By | 04/28/2017 | 10/25/2017 | 180 | 02/05/2018 |
| Rule 15 Served By | 04/28/2017 | 08/28/2017 | 122 | 02/05/2018 |
| Rule 15 Filed By | 04/28/2017 | 09/25/2017 | 150 | 02/05/2018 |
| Rule 15 Heard By | 04/28/2017 | 10/25/2017 | 180 | 02/05/2018 |
| Discovery | 04/28/2017 | 02/22/2018 | 300 | 02/05/2018 |
| Rule 56 Served By | 04/28/2017 | 03/26/2018 | 332 | 02/05/2018 |
| Rule 56 Filed By | 04/28/2017 | 04/23/2018 | 360 | 02/05/2018 |
| Final Pre-Trial Conference | 04/28/2017 | 08/21/2018 | 480 | 02/05/2018 |
| Judgment | 04/28/2017 | 04/29/2019 | 731 | 02/05/2018 |
| Under Advisement | 02/05/2020 | 03/06/2020 | 30 | 02/05/2020 |
| Status Review | 02/06/2020 | 03/30/2020 | 53 | 03/23/2020 |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 04/28/2017 | Attorney appearance<br>On this date Krzysztof G. Sobczak, Esq. added for Plaintiff Krzysztof G. Sobczak | | |
| 04/28/2017 | Case assigned to:<br>DCM Track F - Fast Track was added on 04/28/2017 | | |
| 04/28/2017 | Original civil complaint filed.<br><br>IMPOUNDED | 1 | Image |
| 04/28/2017 | Civil action cover sheet filed. IMPOUNDED | 2 | |
| 04/28/2017 | Demand for jury trial entered. | | |
| 05/01/2017 | Attorney appearance<br>On this date James S Bolan, Esq. added for Defendant Law Offices of David J. Hoey, P.C. | | |
| 05/01/2017 | Attorney appearance<br>On this date James S Bolan, Esq. added for Defendant David J. Hoey | | |
| 05/01/2017 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's EMERGENCY, EX PARTE  Motion to Seal and move this Court to permit this Motion to be filed under seal and the Emergency Ex Parte Motion to Impound also to be filed under seal. IMPOUNDED | 3 | |
| 05/01/2017 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's EMERGENCY, EX PARTE  Motion to Impound Plaintiffs Complaint and all future filings and papers related thereto in this action. IMPOUNDED | 4 | |
| 05/01/2017 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's EMERGENCY  Motion for Order That This Matter Be Referred to Arbitration. IMPOUNDED | 5 | |
| 05/02/2017 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  05/02/2017 10:50:40 | | |
| 05/09/2017 | Event Result:<br>The following event: Motion Hearing scheduled for 05/09/2017 10:00 AM has been resulted as follows:<br>Result: Held as Scheduled | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 05/09/2017 | Plaintiff Krzysztof G. Sobczak's EMERGENCY Motion to Disqualify Brecher, Wyner, Simons, Fox & Bolan, LLP as Attorneys for the Defendants. IMPOUNDED | 6 | |
| 05/09/2017 | Opposition to Defendants' Motions to Seal and Impound The Entire Case. filed by Krzysztof G. SobczakIMPOUNDED | 7 | |
| 05/09/2017 | Opposition to Hoey's Motion to Forced Arbitration filed by Krzysztof G. SobczakIMPOUNDED | 8 | |
| 05/09/2017 | ORDER: ORDER ON PENDING MOTIONS - CASE FILE IMPOUNDED AND STAYED PENDING ARBITRATION | 9 |  Image |
| 05/17/2017 | Event Result: The following event: Status Review scheduled for 05/17/2017 04:00 PM has been resulted as follows: Result: Held as Scheduled | | |
| 05/17/2017 | Plaintiff's Notice of intent to file motion for reconsideration.<br><br>Applies To: Sobczak, Krzysztof G. (Plaintiff) | 10 | |
| 05/31/2017 | Opposition to (FILED UNDER SEAL) Defendants Supplement to Opposition to Motion for Reconsideration. (Re: Pleading #12.1) filed by<br><br>Applies To: Law Offices of David J. Hoey, P.C. (Defendant); Hoey, David J. (Defendant) | 11 | |
| 06/01/2017 | Krzysztof G. Sobczak's MOTION for reconsideration of Court Order dated 05/09/2017 re: paper #9.0. on Defendants' Motion to Force Arbitration. (IMPOUNDED) | 12 | |
| 06/01/2017 | Plaintiff Krzysztof G. Sobczak's Reply, Memorandum in Support of Motion for Reconsideration of the Court's May 9, 2017 Order on Defendants' Motion to Force Arbitration. (IMPOUNDED) | 12.1 | |
| 06/01/2017 | Affidavit of Krzystztof G. Sobczak of compliance of Rule 9A (IMPOUNDED) | 12.2 | |
| 07/26/2017 | Endorsement on Motion for Reconsideration of the Court's May 9, 2017 Order on Defendants' Motion to Force Arbitration (Plaintiff's Motion) (#12.0): DENIED (Billings, J., dated 7/21/17) IMPOUNDED | | |
| 08/10/2017 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 08/10/2017 09:42:49 | | |
| 08/17/2017 | Plaintiff Krzysztof G. Sobczak's Motion to Unseal or To Permit Filing of the Complaint and Other Case Filings with the New Hampshire Office of Bar Admissions (FILED UNDER SEAL PER ORDER OF IMPOUNDMENT) | 13 | |
| 08/17/2017 | Opposition to to Plaintiff's Motion to Unseal or to Permit Filing of the Complaint and Other Case Filings with the New Hampshire Office of Bar Admissions (FILED UNDER SEAL PER ORDER OF IMPOUNDMENT) filed by Law Offices of David J. Hoey, P.C. | 13.1 | |
| 08/17/2017 | Affidavit of Krzystztof G. Sobczak, Esquire of Compliance of Rule 9A, List of Papers and Notice of Filing (IMPOUNDED) | 13.2 | |
| 08/25/2017 | Event Result: The following event: Conference to Review Status scheduled for 08/25/2017 02:00 PM has been resulted as follows: Result: Held as Scheduled | | |
| 08/25/2017 | ORDER: ORDER OF APPOINTMENT OF ARBITRATOR (SEALED AND IMPOUNDED) | 14 | |
| 08/25/2017 | ORDER: ORDER ON PLAINTIFF'S MOTION TO RELEASE AMENDED COMPLAINT TO THE NEW HAMPSHIRE OFFICE OF BAR ADMISSIONS (SEALED AND IMPOUNDED) | 15 | |
| 10/30/2017 | Defendant Law Offices of David J. Hoey, P.C., David J. Hoey's Motion to Plaintiff To Participate In Court ORDERED Arbitration or, In The Alternative To Dismiss This Action (IMPOUNDED) | 16 | |
| 10/30/2017 | Law Offices of David J. Hoey, P.C., David J. Hoey's Memorandum in support of Motion To Compel Plaintiff To Participate In Court ORDERED Arbitration Or, In The Alternative, To Dismiss This Action (IMPOUNDED) | 16.1 | |
| 10/30/2017 | Opposition to Defendant Law Offices of David J. Hoey, P.C., David J. Hoey's Motion to Plaintiff To Participate In Court ORDERED Arbitration or, In The Alternative To Dismiss This Action And Cross-Motion For Reconsideration Of The Court's Orders Forcing Arbitration filed by filed by (IMPOUNDED)<br><br>Applies To: Law Offices of David J. Hoey, P.C. (Defendant); Hoey, David J. (Defendant) | 16.2 | |
| 10/30/2017 | Opposition to Opposition to Plaintiff's Second Motion For Reonsideration (IMPOUNDED) filed by | 16.3 | |
| 12/28/2017 | Endorsement on Motion to Compel Plaintiff to Participate in Court Ordered Arbitration Or, In The Alternative, To Dismiss This Action (Defendants Motion) (#16.0): ALLOWED | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | Except that the plaintiff is to comply on or before January 5, 2018. Judge: Billings, Hon. Thomas P | | |
| 01/12/2018 | Defendants's Notice of intent to file motion motion to dismiss (IMPOUNDED) Applies To: Law Offices of David J. Hoey, P.C. (Defendant); Hoey, David J. (Defendant) | 17 | |
| 01/22/2018 | Defendant Law Offices of David J. Hoey, P.C., David J. Hoey's Motion to dismiss (Impounded) | 18 | |
| 01/22/2018 | Opposition to to plaintiffs cross-motion for reconsideration filed by Law Offices of David J. Hoey, P.C., David J. Hoey(IMPOUNDED) | 18.4 | |
| 01/22/2018 | Law Offices of David J. Hoey, P.C., David J. Hoey's Memorandum in support of motion to dismiss (IMPOUNDED) | 18.1 | |
| 01/22/2018 | Opposition to to defendants motion to dismiss and cross-motion for reconsideration of the courts orders forcing arbitration (IMPOUNDED) filed by Krzysztof G. Sobczak | 18.2 | |
| 01/22/2018 | Brief filed: Reply to plaintiffs opposition to defendants motion to dismiss (IMPOUNDED) Applies To: Law Offices of David J. Hoey, P.C. (Defendant); Hoey, David J. (Defendant) | 18.3 | |
| 01/22/2018 | Plaintiff Krzysztof G. Sobczak's Reply in response to defendants' opposition to the cross-motion for reconsideration. (IMPOUNDED) | 19 | |
| 01/30/2018 | The following form was generated: Notice to Appear Sent On: 01/30/2018 10:08:21 | | |
| 02/02/2018 | Endorsement on Motion for Reconsideration of the Courts' Orders Forcing Arbitration (Plaintiffs Cross Motion) (#18.2): DENIED The Cross-Motion is Denied. (IMPOUNDED) Judge: Billings, Hon. Thomas P | | |
| 02/05/2018 | Endorsement on Motion to Dismiss Pursuant to Mass. R. civ. P. 41(b)(2) (Defendants Motion) (#18.0): ALLOWED The plaintiff having now flaunted two Court Orders, the motion is ALLOWED, and the case is DISMISSED. (Billings, J., dated 2/2/18) (IMPOUNDED) Judge: Billings, Hon. Thomas P | | |
| 02/05/2018 | Event Result: Judge: Billings, Hon. Thomas P The following event: Motion Hearing scheduled for 03/13/2018 02:00 PM has been resulted as follows: Result: Not Held Reason: Court Order | | |
| 02/05/2018 | Judgment: It is ORDERED and ADJUDGED:: The Plaintiffs Complaint be and hereby is Dismissed with prejudice pursuant to Mass. R. Civ. P. 41(b)(2). (IMPOUNDED) Judge: Billings, Hon. Thomas P | 20 | |
| 02/09/2018 | Plaintiff's Notice of Appeal from: (a) the judgment on February 5, 2018 dismissing plaintiff's complaint; (b) the Court's Order of May 9, 2017 forcing plaintiff's action into arbitration; (c) the Court's order of May 9, 2017 impounding this matter; (c) the Court's Order of May 9, 2017 restricting plaintiff's freedom of speech; (d) Court's denials of plaintiff's motion for reconsiderations and requests for evidentiary hearings; and (f) all other evidentiary, legal, and other rulings and orders of the court. (impounded) Applies To: Sobczak, Krzysztof G. (Plaintiff) (copy of Notice of Appeal sent to all parties of record 2/9/2018) | 21 |  Image |
| 02/09/2018 | Certification/Copy of Letter of transcript ordered from Court Reporter 05/09/2017 10:00 AM Motion Hearing, 08/25/2017 02:00 PM Conference to Review Status (IMPOUNDED) Applies To: Sobczak, Krzysztof G. (Plaintiff) | 22 | |
| 03/12/2018 | CD of Transcript of 08/25/2017 02:00 PM Conference to Review Status received from Elana Friedman. (IMPOUNDED) | 23 | |
| 03/14/2018 | CD of Transcript of 05/09/2017 10:00 AM Motion Hearing received from Sharona Shapiro-eScribers. | 24 | |
| 04/05/2018 | Appeal: notice of assembly of record sent to Counsel | 25 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 03/15/2018 | Notice to Clerk of the Appeals Court of Assembly of Record | | |
| 04/12/2018 | Appeal entered in Appeals Court on 04/09/2018 docket number A,C. 2018-P-0518. | | |
| 03/11/2019 | Rescript received from Appeals Court; judgment AFFIRMED . | 28 | Image |
| 03/26/2019 | JUDGMENT/ORDER after Rescript:  The original judgment (#20.0) is Affirmed. (This case came for the entry of judgment upon receipt of the rescript from the Appeals Court for the Commonwealth of Massachusetts ( Rule of Appellate Procedure Rule 28)and thereupon, consideration thereof, it is hereby ORDERED and ADJUDGED : That the judgment entered on February 5,2018 be and hereby is affirmed ) | 29 | Image Image |
| 04/03/2019 | Notice of docket entry received from Appeals Court Please take note that on April 1, 2019, the following entry was made on the docket of the above-referenced case: ORDER: Pursuant to the Memorandum and Order dated January 4, 2019 in this case, the defendants filed an application for an award of appellate attorney's fees and costs in accordance with the procedure set forth in Fabre v. Walton, 441 Mass. 9, 10-11 (2004). (2) The defendants seek attorney's fees In an amount in excess of $50,000.00,and costs in excess of $2,000.00. The plaintiff has filed an opposition to the application and requests that no fees or costs be awarded. which see 2 pages | 30 | Image |
| 04/25/2019 | Complaint for contempt filed. | 31 | |
| 04/29/2019 | The following form was generated:  Summons on Contempt Sent On:  04/29/2019 11:15:03 | 32 | |
| 05/06/2019 | Summons on Contempt, returned SERVED 4/30/19 at 619 Boylston Street, Newton Center, MA 02459.  (IMPOUNDED)  Applies To: Sobczak, Krzysztof G. (Plaintiff) | 33 | |
| 05/07/2019 | Event Result::  Hearing on Contempt scheduled on:          05/07/2019 02:00 PM Has been: Not Held      For the following reason: Request of Defendant Comments: Defendant requested leave to file additional motion. Hon. Kathleen McCarthy-Neyman, Presiding Staff:          Martha Fulham, Assistant Clerk Magistrate | | |
| 06/14/2019 | The following form was generated:  Notice to Appear Sent On:  06/14/2019 11:19:28 | | |
| 07/16/2019 | Event Result::  Hearing on Contempt scheduled on:          07/16/2019 02:00 PM Has been: Rescheduled      For the following reason: By Court prior to date Comments: No judge Hon Diane Freniere, Presiding Staff:          Debra J Newman, Assistant Clerk | | |
| 07/16/2019 | Event Result::  Hearing on Contempt scheduled on:          07/16/2019 02:00 PM Has been: Held as Scheduled Hon. Bruce R Henry, Presiding Staff:          Maria Pantos, Assistant Clerk Magistrate | | |
| 07/17/2019 | Endorsement on Complaint  for Civil Contempt. the plaintiff will pay the attorneys' fees of $15,250.00 and costs of $500.00 to counsel for the defendants by the close of business on 7/23/19. Dated: July 16, 2019 and notices mailed 7/17/19  Judge: Henry, Hon. Bruce R | | |
| 07/18/2019 | Endorsement on Complaint (#1.0): Other action taken Dated:07/16/2019, The Plaintiff will pay attorneys fees of $15,250.00 and costs of $500.00 to counsel for the defendants by the close of business on 7/23/2019. Notices mailed on 07/18/2019. | | |
| 09/12/2019 | Defendants's Notice of intent to file motion for fees and costs  Applies To: Bolan, Esq., James S (Attorney) on behalf of Hoey, David J. (Defendant) | 34 | |
| 10/18/2019 | Plaintiff Krzysztof G. Sobczak's Motion to dismiss Defendants' "Verified Complaint for Civil Contempt." | 35 | |
| 10/18/2019 | Opposition to Motion to dismiss Defendants' Verified Complaint for Civil Contempt filed by Law Offices of David J. Hoey, P.C., David J. Hoey and Cross Motion for Fees and Costs Associated with filing this Motion | 35.1 | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 10/18/2019 | Reply/Sur-reply<br><br>in support of Plaintiff's Motion to Dismiss Verified Complaint for Civil Contempt filed by Law Offices of David J. Hoey, P.C., David J. Hoey<br>and Opposition to Cross Motion for Fees and Costs Associated with filing this Motion | 35.2 | |
| 10/18/2019 | Affidavit of compliance with Superior Court Rule 9A<br><br>Applies To: Sobczak, Esq., Krzysztof G (Attorney) on behalf of Sobczak, Krzysztof G. (Plaintiff) | 35.3 | |
| 10/18/2019 | Affidavit of compliance with Superior Court Rule 9C<br><br>Applies To: Sobczak, Esq., Krzysztof G (Attorney) on behalf of Sobczak, Krzysztof G. (Plaintiff) | 35.4 | |
| 10/18/2019 | Request for hearing filed<br><br>Applies To: Sobczak, Esq., Krzysztof G (Attorney) on behalf of Sobczak, Krzysztof G. (Plaintiff) | 35.5 | |
| 10/21/2019 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Motion for Fees and Costs | 36 | |
| 10/21/2019 | Law Offices of David J. Hoey, P.C., David J. Hoey's Memorandum in support of Motion for Fees and Costs | 36.1 | |
| 10/21/2019 | Affidavit of David J. Hoey, Esq. | 36.2 | |
| 10/21/2019 | Opposition to Defendants' Motion for Fees and Costs and CROSS-MOTION for Sanctions and Evidentiary Hearing filed by<br><br>Applies To: Sobczak, Krzysztof G. (Plaintiff) | 36.3 | |
| 10/21/2019 | Opposition to Plaintiff's CROSS-MOTION for Sanctions and opposition to Plff's Request for Evidentiary Hearing and Limited Discovery filed by<br><br>Applies To: Law Offices of David J. Hoey, P.C. (Defendant); Hoey, David J. (Defendant) | 36.4 | |
| 10/24/2019 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  10/24/2019 10:50:32 | | |
| 11/20/2019 | Event Result::  Rule 12 Hearing scheduled on:<br>          12/10/2019 02:00 PM<br>Has been: Rescheduled          For the following reason: By Court prior to date<br>Comments: JUDGE OUT<br>Hon. Laurence D Pierce, Presiding<br>Staff:<br>          Debra J Newman, Assistant Clerk | | |
| 11/20/2019 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  11/20/2019 16:12:52 | | |
| 01/29/2020 | Event Result::  Rule 12 Hearing scheduled on:<br>          01/29/2020 02:00 PM<br>Has been: Rescheduled          For the following reason: Request of Plaintiff<br>Comments: Atty stuck in Bankruptcy Court<br>Hon. Douglas H Wilkins, Presiding<br>Staff:<br>          Debra J Newman, Assistant Clerk | | |
| 02/05/2020 | Matter taken under advisement:  Rule 12 Hearing scheduled on:<br>          02/05/2020 02:00 PM<br>Has been: Held - Under advisement<br>Hon. Douglas H Wilkins, Presiding<br>Staff:<br>          Debra J Newman, Assistant Clerk | | |
| 02/06/2020 | Endorsement on Motion to dismiss defendants' verified complaint for civil contempt (#35.0): Other action taken<br>After hearing, the Complaint for Contempt is Dismissed as MOOT because plaintiff made the payment, provided that the defendant shall retain the right to move for fees, included in the complaint for contempt.<br>Dated 2/5/20<br><br>Judge: Wilkins, Hon. Douglas H | | |
| 02/06/2020 | Endorsement on Motion for Fees and Costs (#36.0): DENIED<br>without prejudice after hearing. The parties may file 9A motions for fees and costs under Wong v. Luu, 472 Mass. 208 (2015). Those motion papers will not be impounded unless the parties comply with Trial Court Rule VIII. Dated 2/5/2020 | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | Judge: Wilkins, Hon. Douglas H | | |
| 02/06/2020 | ORDER: TERMINATING IMPOUNDMENT OF THIS CASE ON MARCH 30, 2020 IN THE ABSENCE OF FURTHER IMPOUNDMENT ORDER: (which see 2 pages) (Douglas H. Wilkins, J.) Dated 2/5/2020<br><br>Judge: Wilkins, Hon. Douglas H | 37 | |
| 02/13/2020 | Defendant Law Offices of David J. Hoey, P.C., David J. Hoey's EMERGENCY Motion of Defendants for extension of time to respond to Plaintiffs motion for Clarification and for an evidentiary hearing on the Impoundment status | 38 | |
| 02/14/2020 | Opposition to Defendants' Emergency Motion (RE:P# 38 filed by<br><br>Applies To: Sobczak, Krzysztof G. (Plaintiff) | 39 | |
| 02/14/2020 | Reply/Sur-reply<br><br>to plaintiff's opposition to the defendants' emergency motion (re: #39)<br><br>Applies To: Law Offices of David J. Hoey, P.C. (Defendant); Hoey, David J. (Defendant) | 40 | |
| 02/18/2020 | Affidavit of compliance with Superior Court Rule 9A<br>"Certificate of Rule 9A Conference"<br><br>Applies To: Holden, Esq., Sara Nicole (Attorney) on behalf of Hoey, David J. (Defendant) | 41 | |
| 02/19/2020 | Endorsement on Motion of Defendants for Extension of Time to respond to Plaintiffs Motion for Clarification and For an Evidentiary Hearing on the Impoundment Status (#38.0): ALLOWED<br>Plaintiffs Refusal to consent to this extension has created an emergency unnecessarily.<br><br>Judge: Wilkins, Hon. Douglas H | | |
| 03/23/2020 | Plaintiff Krzysztof G. Sobczak's Motion for<br>Clarification and for an Evidentiary Hearing on the Impoundment Status | 42 | |
| 03/23/2020 | Krzysztof G. Sobczak's Reply Memorandum in support of<br>Plaintiff's Sobczak's Motion for Clarification and for an Evidentiary Hearing on the Impoundment Status | 42.1 | |
| 03/23/2020 | Request for hearing filed<br><br>Applies To: Sobczak, Krzysztof G. (Plaintiff) | 42.2 | |
| 03/23/2020 | Affidavit of Krzysztof G. Sobczak, Esq. | 42.3 | |
| 03/23/2020 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Motion for<br>Continued Impoundment and response to Plaintiff's Motion for Clarification and for an Evidentiary Hearing on the Impoundment Status | 43 | |
| 03/23/2020 | Opposition to Defendants' Cross-Motion for Continued Impoundment filed by<br><br>Applies To: Sobczak, Krzysztof G. (Plaintiff) | 43.1 | |
| 03/23/2020 | Affidavit of compliance with Superior Court Rule 9A<br><br>Applies To: Sobczak, Krzysztof G. (Plaintiff) | 43.2 | |
| 04/28/2020 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Reply to<br>Opposition to Motion for Continued Impoundment | 44 | |
| 05/13/2020 | Endorsement on Motion for Continued Impoundment and response to plaintiffs motion for clarification (#43.0): Other action taken<br>The provisional Order of Impoundment has outlived its intended life span and is hereby VACATED. Pursuant to Trial court VIII the court orders impoundment of attorney client material and work product. Those materials are truly confidential in a way that overrides the public interest in openness, While the defendant also claims that some of the information is business confidential he has not established good cause with specific or even discernable facts. Defendant shall provide redacted copies of all documents for the clerk to file in the public file. Clearly much of this case involves a relationship between plaintiff and defendant , which is not privileged . Agreement of the parties is not automatically "good cause" . See trial court rule ,VIII (7) (b) . Under Rule VIII Impoundment is Interlocutory and must rest on continued " good cause" . The plaintiffs conduct, failure to arbitrate and use of negative information ( sanction orders)   is not good cause, Nor is the history  of this case which defendant stresses, because the provisional order was the provisional order failed to state its duration if the excepted arbitration did not occur and because of the orders provisional nature this order shall be effective on June 12,2020 | | |
| 07/06/2020 | Plaintiff Krzysztof G. Sobczak's Motion to strike<br>the defendants' late and improper June 17, 2020 filing | 45 | Image |
| 07/07/2020 | Endorsement on Motion to strike the defendants' late and improper June 17, 2020 filing (#45.0): DENIED without prejudice for failure to comply with Superior Court Rule 9A. In the event of refiling, and in light of the letter and spirit of the SJC's orders regarding the COVID-19 Emergency and the Superior Court's standing orders implementing the SJC's directives, the court advises the parties that, if they do not | | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | voluntarily accommodate each other with respect to schedule and timeliness, the court is very likely to grant such accommodation. Dated 7/7/2020<br><br>Judge: Wilkins, Hon. Douglas H | | |
| 07/30/2020 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Motion for fees and costs as sought in the complaint for contempt served and filed by the defendants' against the plaintiff Krzysztof G. Sobczak | 46 | Image |
| 07/30/2020 | Law Offices of David J. Hoey, P.C., David J. Hoey's Memorandum in support of defendants' motion for fees and costs sought in in the complaint for contempt served and filed by the defendants' against the plaintiff Krzysztof G. Sobczak. | 46.1 | Image |
| 07/30/2020 | Opposition to defendants fourth motion for fees and costs & Cross-Motion for sanctions, to strike, and for evidentiary hearing. filed by Krzysztof G. Sobczak | 46.2 | Image |
| 07/30/2020 | Reply/Sur-reply<br><br>Reply/Sur-reply's reply to plaintiff's opposition to defendants' motion for fees and costs and defendants' opposition to plaintiff's cross-motion for sanctions, to strike, and for evidentiary hearing. | 46.3 | Image |
| 07/30/2020 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Notice of Rule 9A index. | 46.4 | Image |
| 08/17/2020 | Endorsement on Motion for Fees and Costs as sought in the Complaint for Contempt served and filed by the defendants' against the plaintiff (#46.0): Other action taken<br>After review of the pleadings, the complete docket, including the February 6, 2020 endorsement of the Court (Wilkins, J.), Defendants' Motion is ALLOWED in Part and Plaintiff's Cross-Motion is DENIED. Plaintiff is hereby Ordered to pay defendant Costs in the amount of $7.50 and Fees in the amount of $3,268.89. Payment of Costs and Fees to be made no later that 9/25/2020. SO ORDERED. Dated 8/7/2020<br><br>Judge: Sarrouf, Camille | | Image |
| 09/08/2020 | Plaintiff Krzysztof G. Sobczak's Notice for motion for reconsideration and clarification of the courts 8/7/20 order on the defendants fourth motion for fees and costs & plaintiffs cross-motion for sanctions, to strike, and foe evidentiary hearing | 47 | Image |
| 09/18/2020 | Plaintiff Krzysztof G. Sobczak's Motion for reconsideration and clarification of the courts 8/7/20 order on the defendants fourth motion for fees and costs  & plaintiffs cross-motion for sanctions, to strike and for evidentiary hearing. | 48 | Image |
| 09/18/2020 | Opposition to to plaintiffs motion for reconsideration and clarification filed by Law Offices of David J. Hoey, P.C., David J. Hoey | 48.1 | Image |
| 09/18/2020 | Reply/Sur-reply<br><br>reply brief in support of plaintiffs motion for reconsideration and clarification<br><br>Applies To: Sobczak, Krzysztof G. (Plaintiff) | 48.2 | Image |
| 09/18/2020 | Plaintiff Krzysztof G. Sobczak's Notice of filing<br><br>Applies To: Sobczak, Krzysztof G. (Plaintiff) | 48.3 | Image |
| 09/18/2020 | Request for hearing filed<br><br>Applies To: Sobczak, Krzysztof G. (Plaintiff) | 48.4 | Image |
| 09/23/2020 | Endorsement on Motion for Reconsideration and Clarification of the Court's 8/7/2020 Order on the defendants fourth motion for fees and costs & plaintiff's cross-motion for sanctions, to strike, and for evidentiary hearing (#48.0): No Action Taken<br>at this time. The prior Order (Wilkins, J.) identified fees and costs could be sought via 9A pursuant to Wong v. Luu, 472 Mass. 208 (2015). The Court will schedule a Rule 16 Conference to determine what factual issues are contested in relation to the underlying motion (paper #46). Dated 9/23/2020<br><br>Judge: Sarrouf, Camille | | Image |
| 09/29/2020 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Request for Leave to File Sur-Reply to Plaintiff's Reply Regarding Order by the Court Allowing Fees/Costs Related to Contempt Complaint | 49 | Image |
| 10/30/2020 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  10/30/2020 16:04:47<br>Notice Sent To:  Krzysztof G Sobczak, Esq. Sobczak Law 619 Boylston St, Newton Center, MA 02459<br>Notice Sent To:  James S Bolan, Esq. Brecher, Wyner, Simons, Fox & Bolan, PC 189 Wells Ave, Newton Center, MA 02459-3210<br>Notice Sent To:  David J. Hoey No addresses available | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 11/23/2020 | Matter taken under advisement:  Conference to Review Status scheduled on: 11/23/2020 03:00 PM<br>Has been: Held - Under advisement<br>Camille Sarrouf, Presiding<br>Staff:<br>      Debra J Newman, Assistant Clerk | | |
| 12/03/2020 | Plaintiff Krzysztof G. Sobczak's Request for<br>leave to file sur-reply in support of plaintiffs motion for reconsideration and clarification of the courts 8/7/20 order | 50 | Image |
| 12/03/2020 | Plaintiff Krzysztof G. Sobczak's Motion to<br>unseal all hearings audio | 51 | Image |
| 12/04/2020 | Attorney appearance<br>On this date Sara Nicole Holden, Esq. added as Private Counsel for Defendant Law Offices of David J. Hoey, P.C. | | |
| 12/04/2020 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Motion for<br>Fees and Costs (Renewed) | 52 | Image |
| 12/04/2020 | Law Offices of David J. Hoey, P.C., David J. Hoey's Memorandum in support of<br>its Renewed Motion for Fees and Costs | 52.1 | Image |
| 12/04/2020 | Opposition to Defendants' Sixth Motion for Fees and Costs & Cross-Motion for Sanctions, Fees, Costs, and Evidentiary Hearing filed by Krzysztof G. Sobczak | 52.2 | Image |
| 12/04/2020 | Opposition to Plaintiff's Cross Motion for Sanctions, to Strike, and for Evidentiary Hearing filed by Law Offices of David J. Hoey, P.C., David J. Hoey | 52.3 | Image |
| 12/04/2020 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Reply in<br>Support of its Renewed Motion for Fees and Costs (Brief) | 52.4 | Image |
| 12/08/2020 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Notice of<br>intent to file opposition(s). | 53 | Image |
| 12/10/2020 | Reply/Sur-reply<br><br>Plaintiff's Reply In Support Of Cross-Motion For Sanctions, Fees, Cost and Evidentiary hearing | 54 | Image |
| 12/10/2020 | Objection to Sobczak's request for leave to file sur reply filed by | 55 | Image |
| 12/15/2020 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Notice to<br>the court of plaintiff Krzysztof G Sobczak's improper filing of a reply without first obtaining leave of court in violation of superior rule 9A | 56 | Image |
| 12/15/2020 | Plaintiff Krzysztof G. Sobczak's Motion to strike<br>& Reject The Defendants' Late and Improper June 17, 2020 Filing | 57 | Image |
| 12/15/2020 | Opposition to Plaintiff's Motion To Strike & Reject The Defendants' Late and Improper June 17, 2020 Filing And<br>Cross-motion To Strike Plaintiff's Motion To Strike & Reject The Defendants' Late and Improper June 17, 2020 Filing filed by Law Offices of David J. Hoey, P.C., David J. Hoey | 57.1 | Image |
| 12/15/2020 | Affidavit of compliance with Superior Court Rule 9A<br><br>Applies To: Sobczak, Esq., Krzysztof G (Attorney) on behalf of Sobczak, Krzysztof G. (Plaintiff) | 57.2 | Image |
| 12/15/2020 | Request for hearing filed<br><br>Applies To: Sobczak, Krzysztof G. (Plaintiff) | 57.3 | Image |
| 12/16/2020 | Opposition to plaintiffs motion to unseal all hearings audio filed by Law Offices of David J. Hoey, P.C., David J. Hoey | 58 | Image |
| 05/26/2021 | Endorsement on Motion for Reconsideration & Clarification of Court's Order 8/7/2020 (which see 3 pages scanned) (#0.0): Other action taken<br>EXPANDED ENDORSEMENT on: (1) plaintiff's motion for reconsideration and clarification of the Court's August 7, 2020 Order on defendants' motion for fees and costs, and (2) defendants' cross-motion for sanctions, to strike, and for evidentiary hearing. (See Paper Nos. 48 and 48.1). After an in-person hearing on November 23, 2020, and upon careful review of the extensive docket, relevant case law and the parties' arguments, the motion for reconsideration and clarification is ALLOWED in part and DENIED in part, and defendants' cross-motion is DENIED.<br>      This Court focuses its attention on defendants' motion for fees and costs (See Paper No. 46),  and the prior court orders of this Court, which issued on February 6, 2020 and August 7, 2020, awarding defendants $7.50 in costs and $3,268.89 in fees. The genesis of these above mentioned Orders is the defendants' complaint for contempt, filed on April 24, 2019 (See Paper No. 31), following an assessment of damages issued by the Appeals Court in favor of defendants ($15,250.00 in attorney's fees and $500.00 in costs). Plaintiff initially failed to pay the damages until ordered by this Court to do so in July 2019. Therefore, the defendants subsequently sought attorney's fees and costs in connection with this action to collect on the Appeals Court's award of damages. | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | During the November 23, 2020 hearing, the court took the above referenced matter under advisement.  However, since then, the parties submitted a barrage of unsolicited motions for the Court to consider. The motions filed are as follows:<br>    Paper No. 49. Defendants' Request for Leave to file Sur-Reply to Plaintiff's Reply Regarding Order by the Court Allowing Fees/Costs Related to Contempt Complaint;<br>    Paper No. 50. Plaintiff's Request for Leave to File Sur-Reply in Support of Plaintiff's Motion for Reconsideration and Clarification of the Court's August 7, 2020 Order;<br>    Paper No. 51. Plaintiff's Motion to Unseal All Hearings Audio;<br>    Paper No. 52. Defendants' Renewed Motion for Fees and Costs;<br>    Paper No. 54. Plaintiff's Reply in Support of Cross-Motion for Sanctions, Fees, Costs and Evidentiary Hearing;<br>    Paper No. 55. Defendants' Objection to Sobczak's Request for Leave to File Sur-Reply;<br>    Paper No. 56. Defendants' Notice to the Court of Plaintiff, Krzysztof G. Sobczak's Improper Filing of a Reply Without Obtaining Leave of Court in Violation of Superior Court Rule 9A;<br>    Paper  No  57. Plaintiff's Motion to Strike & Reject the Defendants' Late and Improper June 17, 2020 Filing;<br>    Paper No. 57.1. Defendants' Opposition to Plaintiff's Motion to Strike & Reject the Defendants' Late and Improper June 17, 2020 Filing and Cross-Motion to Strike Plaintiff's Motion to Strike & Reject the Defendants' Late and Improper June 17, 2020 Filing; and<br>    Paper No. 58. Defendants' Opposition to Plaintiff's Motion to Unseal All Hearings Audio. | | |
| 06/07/2021 | Plaintiff's Notice of Appeal: hereby files this notice of Appeal and hereby appeals to the  Appeal Court from the Court's Order of May 26, 2021, and All other evidentiary, legal, and other rulings and orders of the trial court.<br><br>Applies To: Sobczak, Esq., Krzysztof G (Attorney) on behalf of Sobczak, Krzysztof G. (Plaintiff) | 59 | Image |
| 06/21/2021 | Court received Plaintiff's Transcript Certification: Transcript of the 11/23/2020 hearing was ordered on 6/21/2021 transcripts of the prior related hearings of 5/7/2019 related to appeal | 60 | Image |
| 06/21/2021 | Defendant's Notice of Cross Appeal: Any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires. Plaintiff filed his Notice of Appeal on June 7, 2021 from the Court's Order of May 2, 2021. Defendants, Law offices of David J. Hoey, P.C. and David J. Hoey, hereby files this Notice of Cross Appeal from the Court's Order of May 26, 2021.<br><br>Applies To: Bolan, Esq., James S (Attorney) on behalf of Hoey, David J. (Defendant) | 61 | Image |
| 06/30/2021 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Submission of Transcript Certification: Ordered the full transcripts of the hearings | 62 | Image |
| 07/02/2021 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Motion for Relief Pursuant to Mass. R. Civ. P. 60(a) | 63 | Image |
| 07/02/2021 | Law Offices of David J. Hoey, P.C., David J. Hoey's Memorandum in support of Their Motion for Relief Pursuant to Mass. R. Civ. P. 60(a) | 63.1 | Image |
| 07/02/2021 | Opposition to and Cross-Motion for Relief Pursuant to Mass. R. Civ. P. 60(a) (Limited Opposition) filed by Krzysztof G. Sobczak | 63.2 | Image |
| 07/02/2021 | Reply/Sur-reply<br><br>in Support of Motion for Relief Pursuant to Mass. R. Civ. P. 60(a)<br><br>Applies To: Law Offices of David J. Hoey, P.C. (Defendant); Hoey, David J. (Defendant) | 63.3 | Image |
| 07/02/2021 | Opposition to Plaintiff's Cross-Motion for Relief Pursuant to Mass. R. Civ. P. 60(a) filed by Law Offices of David J. Hoey, P.C., David J. Hoey | 63.4 | Image |
| 07/16/2021 | CD of Transcript of 11/23/2020 03:00 PM Conference to Review Status received from Camille F. Sarrouf, Jr. 1 | 64 | |
| 07/27/2021 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  07/27/2021 09:28:25<br>Notice Sent To:  Krzysztof G Sobczak, Esq. Sobczak Law 619 Boylston St, Newton Center, MA 02459<br>Notice Sent To:  James S Bolan, Esq. Brecher, Wyner, Simons, Fox and Bolan, PC 189 Wells Ave, Newton Center, MA 02459-3210<br>Notice Sent To:  Sara Nicole Holden, Esq. Brecher, Wyner, Simons, Fox and Bolan PC 189 Wells Ave, Newton Center, MA 02459 | | |
| 08/09/2021 | Plaintiff Krzysztof G. Sobczak's EMERGENCY Motion to<br>to reschedule the /23/21 hearing and for leave to appear virtually. | 65 | Image |
| 08/09/2021 | Opposition to plaintiff's emergency motion to reschedule the 8/23/21 hearing and for leave to appear virtually. filed by | 66 | Image |
| 08/10/2021 | Reply/Sur-reply | 67 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | Memorandum in Support of Plaintiff's Emergency Motion to Reschedule the 8/23/21 Hearing and for Leave to Appear Virtually | | |
| 08/18/2021 | Endorsement on Motion to reschedule the 8/23/21 hearing (#65.0): ALLOWED Court is in the midst of a two week trial and will coordinate a date with the parties to appear in person on defendant's motion. Judge: Sarrouf, Camille | | Image |
| 08/18/2021 | Event Result:: Motion Hearing scheduled on: 08/23/2021 12:00 PM Has been: Rescheduled      For the following reason: By Court prior to date Camille Sarrouf, Presiding Staff: Matthew Day, Assistant Clerk Magistrate | | |
| 08/30/2021 | The following form was generated: Notice to Appear Sent On: 08/30/2021 15:11:23 Notice Sent To: Krzysztof G Sobczak, Esq. Sobczak Law 619 Boylston St, Newton Center, MA 02459 Notice Sent To: James S Bolan, Esq. Brecher, Wyner, Simons, Fox and Bolan, PC 189 Wells Ave, Newton Center, MA 02459-3210 Notice Sent To: Sara Nicole Holden, Esq. Brecher, Wyner, Simons, Fox and Bolan PC 189 Wells Ave, Newton Center, MA 02459 | | |
| 09/10/2021 | Attorney appearance On this date Elizabeth Nevins Mulvey, Esq. added for Defendant Law Offices of David J. Hoey, P.C.. | | Image |
| 09/10/2021 | Attorney appearance On this date Elizabeth Nevins Mulvey, Esq. added for Defendant David J. Hoey. | | Image |
| 09/10/2021 | Event Result:: Motion Hearing scheduled on: 09/10/2021 12:00 PM Has been: Held as Scheduled Camille Sarrouf, Presiding Appeared: Plaintiff Krzysztof G Sobczak, Esq., Defendant James S Bolan, Esq., Elizabeth Nevins Mulvey, Esq., Staff: Matthew Day, Assistant Clerk Magistrate | | |
| 09/29/2021 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Supplemental and Memorandum of Law to Their Renewed Motion for Fees and Costs | 68 | Image |
| 10/13/2021 | Reply/Sur-reply Plaintiff's response, per the court's 9/10/2021 order to the defendants' supplementation and memorandum relating to the rule 60(a) motions. | 69 | Image |
| 10/25/2021 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Motion to strike Plaintiff's Untimely Notice of Appeal and for Interest to Apply to the Unpaid Balance | 70 | Image |
| 10/25/2021 | Law Offices of David J. Hoey, P.C., David J. Hoey's Memorandum in support of Motion to Strike Plaintiff's Untimely Notice of Appeal and for Interest to Apply to the Unpaid Balance | 70.1 | Image |
| 10/25/2021 | Opposition to Defendants' Motion to Strike Plaintiff's Untimely Notice of Appeal and for Interest to Apply to the Unpaid Balance filed by Krzysztof G. Sobczak | 70.2 | Image |
| 10/25/2021 | Reply/Sur-reply to Opposition to Motion to Strike Plaintiff's Untimely Notice of Appeal and for Interest to Apply to the Unpaid Balance Applies To: Law Offices of David J. Hoey, P.C. (Defendant); Hoey, David J. (Defendant) | 70.3 | Image |
| 10/25/2021 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Certificate of Superior Court Rule 9C | 70.4 | Image |
| 07/08/2022 | Defendants Law Offices of David J. Hoey, P.C., David J. Hoey's Request for A Rule 16 Conference | 71 | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Dismissed | 02/05/2018 | |

Name search is currently unavailable in Land Court. Case type and case number searches are available. For assistance, contact the Land Court Recorder's Office at 617-788-7470. We apologize for any inconvenience this may cause. ✖

# EXHIBIT CC

SUPREME JUDICIAL COURT
for the Commonwealth
Case Docket

IMPOUNDED CASE
FAR-26616

## CASE HEADER

| | | | |
|---|---|---|---|
| Case Status | FAR denied | Status Date | 03/06/2019 |
| Nature | | Entry Date | 01/24/2019 |
| Appeals Ct Number | 2018-P-0518 | Response Date | 02/06/2019 |
| Appellant | Plaintiff | Applicant | |
| Citation | 481 Mass. 1107 | Case Type | Civil |
| Full Ct Number | | TC Number | |
| Lower Court | Middlesex Superior Court | Lower Ct Judge | Thomas P. Billings, J. |

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| Pro Se Plaintiff/Appellant<br>Party Name Impounded | |
| Defendant/Appellee<br>Party Name Impounded | James S. Bolan, Esquire<br>Sara Holden, Esquire<br>John Vail, Pro Hac Vice Attorney |
| Defendant/Appellee<br>Party Name Impounded | James S. Bolan, Esquire<br>Sara Holden, Esquire<br>John Vail, Pro Hac Vice Attorney |

As of 11/04/2019 8:00pm

# EXHIBIT DD

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO. 1:22-CV-10792-RGS

----------------------------------------
                                       )
KIRA WAHLSTROM,                        )
          Plaintiff,                   )
                                       )
          vs.                          )
                                       )
DAVID J. HOEY, LAW OFFICES OF          )
DAVID J. HOEY, P.C., DON C. KEENAN,    )
AND D.C. KEENAN & ASSOCIATES, P.C.     )
D/B/A THE KEENAN LAW FIRM, P.C.,       )
          Defendant.                   )
                                       )
----------------------------------------

          DEPOSITION OF AMY GOGANIAN, taken before

June Poirier, Shorthand Reporter and Notary Public,

at the offices of Wilson, Elser, 260 Franklin

Street, Boston, Massachusetts, on Monday,

March 27, 2023, commencing at 10:00 a.m.

(Pages 2 to 5)

Page 2

```
1   APPEARANCES:
2   BRIDGET A. ZERNER, ESQ.
    Markham, Read, Zerner, LLC
3   One Commercial Wharf West
    Boston, MA 02110
4   bzerner@markhamreadzerner.com
     For Kira Wahlstrom
5
6   CHRISTINE A. KNIPPER, ESQ.
    Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
7   260 Franklin Street, 14th Floor
    Boston, MA 02110
8   christine.knipper@wilsonelser.com
     For David J. Hoey and Law Offices of
9      David J. Hoey, P.C.
10
11  DANNI SHANEL, ESQ.
    Troutman, Pepper, Hamilton, Sanders
12  125 High Street, 19th Floor
    Boston, MA 02114
13  danni.shanel@troutman.com
     For Don C. Keenan and D.C Keenan & Associates, P.C.
14     d/b/a The Keenan Law Firm, P.C.
15
16  DAVID A. GROSSBAUM, ESQ.
    Hinshaw & Culbertson, LLP
17  53 State Street, 27th Floor
    Boston, MA 02109
18  dgrossbaum@hinshawlaw.com
     For Amy Goganian
19
20  JOHN J. O'CONNOR, ESQ.
    Peabody & Arnold, LLP
21  Federal Reserve Plaza
    600 Atlantic Avenue
22  Boston, MA 02210-2100
    joconnor@peabodyarnold.com
23
24
```

Page 3

```
1              I N D E X
2   WITNESS              DIRECT
3   AMY GOGANIAN
4    By Ms. Knipper    4
5
6
7
8
9           E X H I B I T S
10  EXHIBIT NO.      DESCRIPTION        PAGE NO.
11   1  Confidential Engagement Agreement...   52
12   2  Bettigole E-Mail 11/30/20 Three Pages  56
13   3  Plaintiff's Motion to Dismiss.......   58
14
15
16
17
18
19
20
21
22
23     Attorney Knipper retained the exhibits
24
```

Page 4

```
1            PROCEEDINGS
2       (Whereupon the witness was sworn.)
3    DIRECT EXAMINATION BY ATTORNEY KNIPPER:
4    Q.  Good morning, ma'am.  Could you please
5    state your name for the record?
6    A.  Sure.  Amy Elizabeth Goganian.
7    Q.  I represent Attorney Hoey and his law firm
8    in the lawsuit brought by Miss Wahlstrom, and
9    obviously you know how the deposition process
10   goes.
11      MS. KNIPPER:  Usual stipulations are fine?
12      THE WITNESS:  Yes.
13      MS. KNIPPER:  All objections reserved
14   until the time of trial.  Motions to strike
15   reserved until the time of trial, and the
16   witness will read and sign.
17      MR. GROSSBAUM:  Yes.  Can we do 30 days?
18      MS. KNIPPER:  Yes.  And if you need more
19   time, that's fine by me.  And waive the notary.
20      MR. GROSSBAUM:  As I mentioned before, if
21   the parties could put on the record at least
22   their understanding of what is still protected
23   by the privilege or maybe that's the easiest
24   way.  Is everything else?
```

Page 5

```
1       MS. KNIPPER:  I think that may be a little
2    too broad and some of the questions will have
3    to be treated as they come.  But as reflected
4    in e-mails there is still a privilege
5    protection as to communications in the O'Toole
6    matter, right, that's between -- that's being
7    asserted between Miss Goganian, Attorney Hoey
8    and/or Hoey's counsel, right.  So anyone from
9    Miss Goganian's firm and anybody on behalf of
10   David.
11      THE WITNESS:  In O'Toole.
12      MS. KNIPPER:  Concerning the O'Toole
13   matter.
14      MR. GROSSBAUM:  That would include Patty
15   DeJuneas, Kira's lawyer.
16      MS. KNIPPER:  I believe that Ms. Zerner
17   has asserted a privilege, and that's why I said
18   initially that the questions may be a little
19   bit too broad to answer in that way.  I think
20   that Ms. Zerner has asserted a privilege
21   concerning communications between Miss DeJuneas
22   and Miss Goganian concerning the claims against
23   Mr. Hoey and the defendants.  Did I understand
24   that correctly?
```

Page 14

1   Q.  Do you remember on whose behalf you filed
2   notices of appearance at the outset?
3   A.  I believe I filed limited notices of
4   appearance at the same time for David Hoey and
5   or Kira Wahlstrom.
6   Q.  And why were they limited?
7   A.  Because my representation was going to be
8   limited to the lien issue and the case, the
9   underlying case was this longstanding premises
10  liability matter.
11  Q.  And you considered Kira to be your client
12  when you filed the notice of appearance on her
13  behalf?
14  A.  I did.
15  Q.  Did you file briefs or motions or filings
16  on behalf of Miss Wahlstrom once you -- either
17  at the time or shortly after your appearance?
18  A.  We filed a number of motions, yes.
19  Q.  And there was a -- at the outset,
20  according to my review of the docket, and I'm
21  going to ask if it comports with your memory,
22  you filed a motion for impoundment; do you
23  remember doing that?
24  A.  I do.

Page 15

1   Q.  What was the purpose of the motion for
2   impoundment?
3   A.  I believe we filed a motion for
4   impoundment and seal simultaneously.  When the
5   case came to me for the lien issue the runup to
6   that had been that Attorney Sobczak had filed a
7   lawsuit in Middlesex Superior Court, some type
8   of wage claim act, I don't know quite how he
9   styled it, seeking recovery from a number of
10  files he had worked on when he was with Mr.
11  Hoey, one of them being the Wahlstrom case.  A
12  motion to impound and seal the Middlesex matter
13  was brought by Attorney Bolan and allowed.  The
14  Middlesex matter was dismissed, Attorney
15  Sobczak appealed it, he lost the appeal, he
16  then filed a lawsuit in Suffolk, it was
17  essentially identical to the lawsuit he filed
18  in Middlesex.  Attorney Bolan got that matter
19  impounded and sealed.
20       I was told by Attorney Hoey and
21  Attorney Bolan that they had serious concerns
22  that if this new matter, the lien, was not
23  impounded and sealed that Attorney Sobczak
24  might use it as a vehicle to either disclose

Page 16

1   protected attorney/client communications and/or
2   proprietary business information that he had
3   learned while an employee of Mr. Hoey, to which
4   he was bound by a confidentiality agreement.
5   Q.  And for the attorney/client privilege
6   communications that would have included
7   communications with Miss Wahlstrom?
8   A.  Yes.  I believe he already attached as
9   exhibits in either Middlesex or Suffolk or
10  both, I can't recall, the e-mails that he --
11  communications he had with Miss Wahlstrom.
12  Q.  Did you serve a motion to dismiss at that
13  time, the lien?
14  A.  I believe the first thing that we did was
15  we filed I believe it was ex parte motions to
16  impound and seal, which were allowed, and I
17  believe we served the motion to dismiss I want
18  to say within a day, but I could be wrong about
19  that, but very shortly thereafter we served the
20  motion to dismiss.
21  Q.  Was that a motion to dismiss served and
22  eventually filed on behalf of Miss Wahlstrom?
23  A.  I'm trying to remember how we styled it.
24  I don't specifically recall if it was brought

Page 17

1   on both of their behalfs or just Miss
2   Wahlstrom's, I would have to look at it.
3   Q.  Now, when you first got involved did you
4   sign the fee agreement with Miss Wahlstrom?
5   A.  As to the lien?
6   Q.  Yes.
7   A.  No, the fee agreement was with Attorney
8   Hoey.
9   Q.  Did you ever have a discussion with Miss
10  Wahlstrom about entering into a fee agreement
11  with her on the Sobczak lien -- as I'll refer
12  to it -- matter?
13  A.  I don't think I did.
14  Q.  Why not?
15  A.  Because the way it was presented to me was
16  that I was being retained to get the lien
17  dismissed.  Attorney Hoey and Miss Wahlstrom
18  both had an interest in getting the lien
19  dismissed.  But that Attorney Hoey would be
20  responsible for my bills, that was the way he
21  wanted to handle it.
22  Q.  When you say the way it was presented to
23  you, who are you referring to when you say
24  that?

(Pages 62 to 63)

Page 62

```
1              ERRATA
2    Date of Deposition: March 27, 2023
     Case Name:  Wahlstrom v. Hoey, et al.
3    Deponent's Name: Amy Goganian
4         I, the undersigned, do hereby certify
     that I have read the foregoing deposition
5    transcript and that to the best of my knowledge,
     said deposition transcript is true and accurate
6    (with the exceptions of the following changes listed
     below):
7
8            _____
9             AMY GOGANIAN
10
11    Dated_____
12
13    Page/Line No.____ Correction_____
14    Page/Line No.____ Correction_____
15    Page/Line No.____ Correction_____
16    Page/Line No.____ Correction_____
17    Page/Line No.____ Correction_____
18    Page/Line No.____ Correction_____
19    Page/Line No.____ Correction_____
20    Page/Line No.____ Correction_____
21    Page/Line No.____ Correction_____
22    Page/Line No.____ Correction_____
23    Page/Line No.____ Correction_____
24
```

Page 63

```
1
2              Commonwealth of Massachusetts
3         I, June N. Poirier, Notary Public in
     and for the Commonwealth of Massachusetts, do hereby
     certify that there came before me on the 27th day of
4    March, 2023, the deponent herein, who was duly sworn
     by me; that the ensuing examination upon oath of the
5    said deponent was reported stenographically by me
     and transcribed into typewritten form under my
6    direction and control; and that the within
     transcript is a true record of the questions asked
7    and the answers given at said deposition, to the
     best of my knowledge, skill and ability.
8
9         I FURTHER CERTIFY that I am neither
     attorney nor counsel for, nor related to or employed
     by any of the parties to the action in which this
10   deposition is taken; and, further, that I am not a
     relative or employee of any attorney or financially
11   interested in the outcome of the action.
12        IN WITNESS WHEREOF I have hereunto set
13   my hand and affixed my seal of office this
14   7th day of April, 2023.
15
             _____
16           June N. Poirier, Notary Public
             Commonwealth of Massachusetts
17           My Commission Expires:
             May 25, 2025
18
19
20
21
22
23
24
```

# EXHIBIT EE



09.11   Notify   287

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                               CIVIL ACTION NO.: SUCV2010-01022 - G

KIRA WAHLSTROM,

            Plaintiff,

v.

LAZ PARKING LIMITED, LLC;                      **SUBJECT TO**
JPA IV MANAGEMENT COMPANY, INC., as            **IMPOUNMENT ORDER**
Trustee of the John Philopoulos Associates Trust;
and JPA I MANAGEMENT COMPANY, INC.

            Defendants,

---

## PLAINTIFF, KIRA WAHLSTROM'S, MOTION TO DISMISS NOTICE OF ATTORNEY'S LIEN AND REQUEST FOR SANCTIONS[1]

Plaintiff, Kira Wahlstrom ("Wahlstrom"), moves this Court pursuant to Mass.R.Civ.P. 12(b)(6) and (9) for an Order dismissing, *with prejudice,* Krzysztof Sobczak, Esq.'s ("Sobczak"), Notice of Attorney's Lien ("Lien") and an Order for Sanctions. Sobczak's Lien must be dismissed because he has no contract or fee agreement with Wahlstrom and thus cannot collect any fees from her directly. Sobczak is also prohibited from bringing such Lien against Hoey Law because his claim for attorney's fees and expenses against Hoey Law was *previously adjudicated and dismissed* in both Middlesex and Suffolk Counties. Sobczak's Middlesex Complaint was *dismissed, with prejudice,* by the Honorable Thomas P. Billings on February 5, 2018, and affirmed by the Appeals Court. Sobczak's Suffolk Complaint against Hoey Law for identical

---

[1] This motion is brought by Kira Wahlstrom because she is the plaintiff in the above captioned case. However, it is done so through the cooperation of her counsel, Law Offices of David J. Hoey, P.C. ("Hoey Law"), for reasons that are set forth in the Memorandum in Support of this Motion to Dismiss. The contents of the Memorandum in Support are subject to impoundment by three separate Orders of the Massachusetts Superior Court, Middlesex and Suffolk Counties.

1

LDH 0015378

# EXHIBIT FF

NOTIFY

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO.: SUCV2010-01022

KIRA WAHLSTROM,

          Plaintiff,

v.                                              SUBJECT TO
                                                IMPOUNDMENT ORDER
JPA IV MANAGEMENT COMPANY, INC., as
Trustee of the John Philopoulos Associates Trust;
and JPA I MANAGEMENT COMPANY, INC.

          Defendants,

**PLAINTIFF, KIRA WAHLSTROM'S, RENEWED MOTION TO DISMISS
NOTICE OF ATTORNEY'S LIEN**

Plaintiff, Kira Wahlstrom ("Wahlstrom"), submits her Renewed Motion to Dismiss Notice

of Attorney's Lien and requests that this Honorable Court dismiss Krzysztof Sobczak, Esq.'s

("Sobczak") Notice of Attorney's Lien ("Lien"), *with prejudice*, pursuant to Mass.R.Civ.P.

12(b)(6) and (9) because Sobczak failed to comply with this Court's Order requiring him to

produce information and documents by November 29, 2019 to support his quantum meruit claim

for compensation he alleges he is owed for legal work he completed on behalf of Wahlstrom.

This Court heard arguments on Wahlstrom's Motion to Dismiss Sobczak's Lien on

November 8, 2019[1]. This Court allowed Wahlstrom's Motion to Dismiss, generally, but took no

action with regard to the time period from January 20, 2017 through February 28, 2017 ("Winter

2017 Period"). Rather, this Court ordered Sobczak to "provide information and back-up documents

_____

[1] A copy of Wahlstrom's Motion to Dismiss and Memorandum in Support are attached for the Court's
convenience. *Ex. A, Motion to Dismiss Notice of Attorney's Lien; Memorandum in Support of Motion to
Dismiss Notice of Attorney's Lien.*

1

LDH 0014967

# EXHIBIT GG

| | |
|---|---|
| **From:** | kira wahlstrom <kirawahlstrom@live.com> |
| **Sent:** | Tuesday, February 25, 2020 10:58 AM |
| **To:** | David Hoey <dhoey@hoeylaw.com> |
| **Subject:** | Re: The SOB Lien |

Great! Thank you

Get Outlook for Android

---

**From:** David Hoey <dhoey@hoeylaw.com>
**Sent:** Tuesday, February 25, 2020 7:56:18 AM
**To:** 'kira wahlstrom' <kirawahlstrom@live.com>
**Subject:** RE: The SOB Lien
Ok. I think that's what Don would say too.

**From:** kira wahlstrom <kirawahlstrom@live.com>
**Sent:** Tuesday, February 25, 2020 10:19 AM
**To:** David Hoey <dhoey@hoeylaw.com>
**Subject:** Re: The SOB Lien
Ya fuck him. Lets do option 4 a motion and 93A
I think that sounds good to me.
You?

Get Outlook for Android

---

**From:** David Hoey <dhoey@hoeylaw.com>
**Sent:** Tuesday, February 25, 2020 5:20:45 AM
**To:** 'kira wahlstrom (kirawahlstrom@live.com)' <kirawahlstrom@live.com>
**Subject:** The SOB Lien
Kira-
We have to decide on the next step. He cost you $35,000 in fighting the lien he filed. The lien was found to be invalid and it was dismissed. Under Mass. law that is a per se violation of Chapter 93A consumer protection law. Pursuing this claim you can get double to triple damages using the $35K as the calculator. Another option is to file a motion for fees and costs associated with fighting this lien. I'd hate to do nothing but you are the boss. Its your choice. Here are the options:
   1.  Do nothing
   2.  93A demand letter
   3.  Move for costs by motion
   4.  Do both motion and 93A
Talk soon.
David.



LDH 0042127

# EXHIBIT HH

| | |
|---|---|
| **From:** | David Hoey </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=78C5C2D2D35A48329EE51C1EE28C37A8-DHOEY> |
| **Sent:** | Sunday, March 29, 2020 2:54 PM |
| **To:** | 'kira wahlstrom (kirawahlstrom@live.com)' |
| **Subject:** | FW: Wahlstrom |
| **Attach:** | Motion for Fees and Costs.pdf; Memo re Motion for Fees & Costs.pdf; Affidavit re Motion for Fees & Costs.pdf |



EXHIBIT JV
16
Wahlstrom 1-31-23

LDH 0042077

 Goganian & Associates, P.C.

March 10, 2020

Krzysztof G. Sobczak, Esq.
Sobczak Law
619 Boylston Street
Newton, MA 02459

      Re:   <u>Kira Wahlstrom v JPA IV Management Company, Inc., et.al.</u>
             <u>Suffolk Superior Court, Civil Action No. 2010-01022</u>

Dear Attorney Sobczak:

      Pursuant to Superior Court Rule 9A, enclosed please find copies of the following:

1.    Plaintiff, Kira Wahlstrom's, Motion for Fees and Costs to be Assessed Against Kryzsztof Sobczak, Esq.;

2.    Plaintiff, Kira Wahlstrom's, Memorandum in Support of Her Motion for Fees and Costs to be Assessed Against Kryzsztof Sobczak, Esq.; and

3.    Affidavit of Amy E. Goganian, Esq. in Support of Plaintiff, Kira Wahlstrom's, Motion for Fees and Costs.

      If you intend to oppose this motion, please provide an original and one copy of your opposition to me within the time prescribed by the Rule.

      Thank you.

                Very truly yours,

                Amy E. Goganian

AEG/lps
Enclosures

JPA 0042078

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: SUCV2010-01022

KIRA WAHLSTROM,

    Plaintiff,

v.

JPA IV MANAGEMENT COMPANY, INC., as
Trustee of the John Philopoulos Associates Trust;
and JPA I MANAGEMENT COMPANY, INC.

    Defendants,

**SUBJECT TO
IMPOUNDMENT ORDER**

## PLAINTIFF, KIRA WAHLSTROM'S, MOTION FOR FEES AND COSTS TO BE ASSESSED AGAINST KRYZSZTOF SOBCZAK, ESQ.

Plaintiff, Kira Wahlstrom ("Wahlstrom"), brings this Motion for Fees and Costs pursuant to M.G.L. c. 231, §6F and respectfully requests that this Honorable Court order Attorney Kryzstof Sobczak ("Sobczak") to pay all fees, costs, and expenses which Wahlstrom incurred in defending Sobczak's frivolous Notice of Attorney's Lien ("Lien") which he brought against her, and which this Court dismissed in its entirety on February 5, 2020. Sobczak first attempted to recover attorney's fees by bringing suit against Wahlstrom's attorney, David J. Hoey, Esq., in both Middlesex and Suffolk County Superior Court, and both Courts dismissed Sobczak's claims. Then, in a third attempt to obtain the same attorney's fees which two Superior Court judges had already denied, Sobczak filed a Lien directly against Wahlstrom more than two years after withdrawing from the case, which Wahlstrom was forced to defend. Wahlstrom asserts that Sobczak filed his Lien in bad faith, and that she is entitled to fees and costs associated with her defense against the

1

LDH 0042079

Lien. In support of her Motion, Wahlstrom refers this Court to the attached Memorandum in Support.

KIRA WAHLSTROM and
LAW OFFICES OF DAVID J. HOEY, P.C.

by their attorneys,

*Amy Goganian gs*

Amy E. Goganian, Esq., BBO # 554754
Kara A. Bettigole, Esq., BBO# 632822
Goganian & Associates, P.C.
144 Gould Street, Suite 202
Needham, MA 02494
Tel: (781) 433-9812
Email: agoganian@goganianlaw.com

## CERTIFICATE OF SERVICE

I, Amy E. Goganian, hereby certify that on this day, I forwarded notice of the foregoing document(s) by causing copies to be sent via First Class Mail, postage prepaid, to the following:

Krzysztof G. Sobczak, Esq.
Sobczak Law
619 Boylston Street
Newton, MA 02459

*Amy Goganian gs*

Amy E. Goganian

Dated: 3/10/2020

2

LDH 0042080

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                 SUPERIOR COURT DEPARTMENT
                                             CIVIL ACTION NO.: SUCV2010-01022

KIRA WAHLSTROM,

      Plaintiff,

v.                                           **SUBJECT TO**
                                             **IMPOUNDMENT ORDER**
JPA IV MANAGEMENT COMPANY, INC., as
Trustee of the John Philopoulos Associates Trust;
and JPA I MANAGEMENT COMPANY, INC.

      Defendants,

## PLAINTIFF, KIRA WAHLSTROM'S, MEMORANDUM IN SUPPORT OF HER MOTION FOR FEES AND COSTS TO BE ASSESSED AGAINST KRYZSZTOF SOBCZAK, ESQ.

Plaintiff, Kira Wahlstrom ("Wahlstrom"), brings the instant Motion for Fees and Costs and respectfully requests that this Honorable Court order Attorney Kryzstof Sobczak ("Sobczak") to pay all fees and costs Wahlstrom incurred in defending against the frivolous and bad faith notice of attorney's lien ("Lien") that Attorney Krzysztof Sobczak ("Sobczak") brought against her pursuant to M.G.L. c. 231, §F. This Court dismissed Sobczak's Lien on February 5, 2020.

### FACTS AND PROCEDURAL HISTORY

In 2010, Wahlstrom retained David J. Hoey, Esq. and his firm Hoey Law to represent her in the above captioned action. Sobczak began working for Hoey Law as *Of Counsel* in 2014. The Wahlstrom action was tried before a jury by David J. Hoey, Esq., Don C. Keenan, Esq., and Sobczak, who served as third chair. The jury found the JPA defendants liable. JPA thereafter filed a motion for a new trial which was allowed. On February 27, 2017, Wahlstrom retained Patricia DeJuneas, Esq. to appeal the order for a new trial, and on February 28, 2017, Wahlstrom asked

1

Sobczak to withdraw as her counsel. On June 10, 2019, the Appeals Court held that the Superior Court applied the incorrect standard when ordering a new trial. The Superior Court reinstated the verdict.

Sobczak filed his Lien against Wahlstrom on June 11, 2019, despite knowing that his claim for fees was prohibited pursuant to the doctrine of *res judicata*. Sobczak was under Impoundment orders, which he breached when he filed his lien in the Wahlstrom matter, forcing Kira and her attorney, David J. Hoey, to file additional motions to enforce the impoundment.

Prior to filing his Lien, Sobczak had filed a Complaint against Hoey and Hoey Law in the Massachusetts Superior Court, Middlesex County seeking *identical relief;* namely, compensation he alleged he was owed for cases on which he worked as *Of Counsel* for Hoey Law, one of which was the Wahlstrom matter. The Court in Middlesex ordered Sobczak to arbitrate as required by a Confidentiality Agreement Sobczak had signed. Sobczak refused to arbitrate and the Court dismissed his Complaint *with prejudice*. Sobczak appealed, and the Appeals Court affirmed the Superior Court's decision, deemed Sobczak's appeal frivolous, and awarded Hoey Law and Attorney Hoey fees and costs.

On May 1, 2019, Sobczak filed a nearly identical complaint against Hoey Law, this time in *Suffolk* County, in an attempt to relitigate his claim for fees in Wahlstrom and other cases which were previously disposed of by the Superior Court, Middlesex County, and the Appeals Court. On August 2, 2019, the Superior Court in Suffolk County dismissed his complaint as barred by the doctrine of claim preclusion.

In a *third* attempt to recover the same fees, Sobczak filed his Lien against Wahlstrom herself, and Wahlstrom filed a Motion to Dismiss[1]. On November 8, 2019, this Court dismissed

---

[1] *See Ex. A, Plaintiff, Kira Wahlstrom's, Motion to Dismiss Notice of Attorney's Lien and Request for Sanctions* (exhibits omitted), for full argument concerning the frivolous nature of Sobczak's Lien.

LDH 0042082

Sobczak's lien, generally, but took no action with regard to a brief five-week period from January 20, 2017 through February 28, 2017, and ordered Sobczak to "provide information and back-up documents to plaintiff's counsel by November 29, 2019, showing what value he added to her representation during that period." In dismissing Sobczak's lien the Court (Hon. J. Wilkins) explicitly found that Kira Wahlstrom "had no obligation to pay Sobczak on any theory *Ex. B, Court Order dated November 8, 2019*. Sobczak failed to produce any such information as ordered by the Court, and the Court dismissed Sobczak's Lien[2]. *Ex. D, Court Order dated February 5, 2020*.

<div align="center">ARGUMENT</div>

Wahlstrom is entitled to fees and costs she expended in defending against Sobczak's frivolous Lien which he filed in bad faith. Mass. Gen. Law. c. 231, §6F permits this Court to award Wahlstrom reasonable counsel fees and other costs and expenses if, after a hearing, the Court makes a separate and distinct finding that Sobczak's Lien was "wholly insubstantial, frivolous and not advanced in good faith." Sobczak filed his Lien for the sole purpose of harassing Wahlstrom and her counsel and with knowledge he had no enforceable lien.

In filing the Lien Sobczak also alleged that Wahlstrom owed him monies for work he completed during a five-week post-trial period prior to Wahlstrom firing him. With regard to this claim for fees, the Court ordered Sobczak to provide documentary evidence of fees he alleged he was owed during this limited time period. The Court also ordered that Wahlstrom could renew her Motion to Dismiss if the evidence Sobczak produced did not establish a quantum meruit claim. *Ex. B*. Sobczak *produced no such evidence* to the court by the prescribed deadline, or at any time, in violation of this Court's order. The Court thereafter dismissed Sobczak's Notice of Attorney's Lien. *Ex. D*

---

[2] *See Ex. C, Plaintiff, Kira Wahlstrom's, Renewed Motion to Dismiss Notice of Attorney's Lien* (exhibits omitted), for full argument.

LDH 0042083

Wahlstrom is entitled to reasonable fees and costs associated with defending against Sobczak's Lien because Sobczak not only knew that he had no fee agreement with Wahlstrom when he brought the Lien, he also had no intention of providing documentary evidence to prove his quantum meruit claim, as evidenced by his failure to comply with the Court-ordered deadline to produce same. Sobczak filed his Lien for the sole purpose of harassing Wahlstrom and her counsel. Sobczak, in furtherance of his alleged Lien:

1. Violated Impoundment orders;

2. Revealed Attorney-Client Privileged information without client consent;

3. Filed a lien without a fee agreement;

4. Filed a lien for quantum meruit more than three years after service; and

5. Used a lien as leverage to obtain a fee that cannot be substantiated which is a G.L. ch. 93A violation. (see Gallant v. Cariglia, 84 Mass. App. Ct. 1118 (2013) (unpublished decision; text available at 2013 WL 5925091).

Wahlstrom expended significant resources drafting her motion to dismiss and her renewed motion to dismiss, attending a hearing, preparing  multiple motions for impoundment, and opposing a small handful of frivolous motions and cross motions.

Wahlstrom requests that this Court conduct a hearing pursuant to G.L. c. 231, §F and make a separate and distinct finding that Sobczak's Lien was wholly insubstantial, frivolous and not advanced in good faith, and award reasonable counsel fees, costs, expenses and interest to Kira Wahlstrom accordingly.

LDH 0042084

KIRA WAHLSTROM and
LAW OFFICES OF DAVID J. HOEY, P.C.

by their attorneys,

*Amy Goganian ps*

Amy E. Goganian, Esq., BBO # 554754
Kara A. Bettigole, Esq., BBO# 632822
Goganian & Associates, P.C.
144 Gould Street, Suite 202
Needham, MA 02494
Tel: (781) 433-9812
Email: agoganian@goganianlaw.com

## CERTIFICATE OF SERVICE

I, Amy E. Goganian, hereby certify that on this day, I forwarded notice of the foregoing
document(s) by causing copies to be sent via First Class Mail, postage prepaid, to the following:

Krzysztof G. Sobczak, Esq.
Sobczak Law
619 Boylston Street
Newton, MA 02459

*Amy Goganian ps*

Amy E. Goganian

Dated: 3/10/2020

5

LDH 0042085

# Exhibit A

LDH 0042086

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO.: SUCV2010-01022

---

KIRA WAHLSTROM,

    Plaintiff,

      v.                                    **SUBJECT TO**
                                                **IMPOUNDMENT ORDER**

LAZ PARKING LIMITED, LLC;
JPA IV MANAGEMENT COMPANY, INC., as
Trustee of the John Philopoulos Associates Trust;
and JPA I MANAGEMENT COMPANY, INC.

    Defendants,

---

### PLAINTIFF, KIRA WAHLSTROM'S, MOTION TO DISMISS NOTICE OF ATTORNEY'S LIEN AND REQUEST FOR SANCTIONS[1]

Plaintiff, Kira Wahlstrom ("Wahlstrom"), moves this Court pursuant to Mass.R.Civ.P.

12(b)(6) and (9) for an Order dismissing, *with prejudice,* Krzysztof Sobczak, Esq.'s ("Sobczak"),

Notice of Attorney's Lien ("Lien") and an Order for Sanctions. Sobczak's Lien must be

dismissed because he has no contract or fee agreement with Wahlstrom and thus cannot collect

any fees from her directly. Sobczak is also prohibited from bringing such Lien against Hoey Law

because his claim for attorney's fees and expenses against Hoey Law was *previously adjudicated*

*and dismissed* in both Middlesex and Suffolk Counties. Sobczak's Middlesex Complaint was

*dismissed, with prejudice,* by the Honorable Thomas P. Billings on February 5, 2018, and

affirmed by the Appeals Court. Sobczak's Suffolk Complaint against Hoey Law for identical

---

[1] This motion is brought by Kira Wahlstrom because she is the plaintiff in the above captioned case. However, it is done so through the cooperation of her counsel, Law Offices of David J. Hoey, P.C. ("Hoey Law"), for reasons that are set forth in the Memorandum in Support of this Motion to Dismiss. The contents of the Memorandum in Support are subject to impoundment by three separate Orders of the Massachusetts Superior Court, Middlesex and Suffolk Counties.

1

LDH 0042087

attorney's fees and expenses was deemed barred by the doctrine of claim preclusion *and dismissed* by the Honorable Robert B. Gordon on August 2, 2019.

Further, Sobczak filed the Lien publicly on June 11, 2019 in violation of two separate Impoundment Orders issued by the Superior Court in Middlesex and Suffolk counties. Wahlstrom and Hoey Law seek sanctions for all fees and expenses associated with filing the instant Motion to Dismiss. In further support of her Motion, Wahlstrom respectfully refers this Court to the attached Memorandum in Support.

KIRA WAHLSTROM and
LAW OFFICES OF DAVID J. HOEY, P.C.

by their attorneys,

Amy E. Goganian, Esq., BBO # 554754
Kara A. Bettigole, Esq., BBO# 632822
Goganian & Associates, P.C.
144 Gould Street, Suite 202
Needham, MA 02494
Tel: (781) 433-9812
Email: agoganian@goganianlaw.com

Dated: August 13, 2019

2

LDH 0042088

## CERTIFICATE OF SERVICE

I, Amy E. Goganian, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid, to the following:

> Krzysztof G. Sobczak, Esq.
> Sobczak Law
> 619 Boylston Street
> Newton, MA 02459

Amy E. Goganian

Dated: August 13, 2019

3

LDH 0042089

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                SUPERIOR COURT DEPARTMENT
                                            CIVIL ACTION NO.: SUCV2010-01022

---

KIRA WAHLSTROM,

    Plaintiff,

v.                                          **SUBJECT TO**
                                            **IMPOUNDMENT ORDER**
LAZ PARKING LIMITED, LLC;
JPA IV MANAGEMENT COMPANY, INC., as
Trustee of the John Philopoulos Associates Trust;
and JPA I MANAGEMENT COMPANY, INC.

    Defendants,

---

### PLAINTIFF, KIRA WAHLSTROM'S, MEMORANDUM IN SUPPORT OF HER MOTION TO DISMISS NOTICE OF ATTORNEY'S LIEN AND REQUEST FOR SANCTIONS

Plaintiff, Kira Wahlstrom ("Wahlstrom"), submits this Memorandum in support of her Motion to Dismiss Notice of Attorney's Lien and Request for Sanctions and moves this Court, pursuant to Mass.R.Civ.P. 12(b)(6) and (9), for an Order dismissing, *with prejudice*, Krzysztof Sobczak, Esq.'s ("Sobczak"), Notice of Attorney's Lien ("Lien")[1] and an Order awarding sanctions. *Ex. A, Notice of Attorney's Lien.* Sobczak cannot bring the Lien against Wahlstrom pursuant to G. L. c. 221, §50, the attorney lien statute, because he has no contract with Wahlstrom and thus cannot collect any fees from her directly. Further, he cannot establish a *quantum meruit* claim against Wahlstrom. Sanctions are warranted because Sobczak filed his Lien in open and knowing defiance of a previous court order which dismissed, *with prejudice*,

---

[1] Sobczak filed his Lien on June 11, 2019 but has neither brought a motion to enforce the Lien nor requested that this Court take any action regarding the Lien.

LDH 0042090

his demand for fees against the Law Offices of David J. Hoey, P.C. ("Hoey Law") for his alleged work on numerous cases, one of which was the Wahlstrom case. *Ex. B, Endorsement on Motion to Dismiss; Judgment*. Sobczak then filed a Complaint in Suffolk County claiming identical fees against Hoey Law which the court *dismissed* as barred by the doctrine of claim preclusion. *Ex. C, Memorandum of Decision and Order on Defendant's Motions to Dismiss and to Enjoin, Gordon, J.*

Sobczak's Lien could only derive from his prior working relationship with Hoey Law and concerns alleged compensation Sobczak claims he is owed for legal work he completed as Of Counsel for Hoey Law in the instant action.[2] Sobczak has no independent contract or fee agreement with Wahlstrom, thus he has no basis to bring a Lien against her. *Ex. D, ¶4, Affidavit by Kira Wahlstrom*. Moreover, Sobczak's claim for fees against Hoey Law for his work in the instant action was *previously adjudicated and dismissed* by the Massachusetts Superior Court, in both Middlesex and Suffolk Counties. Thus, his pursuit of this identical claim under the guise of a Lien is barred by *res judicata*. *Ex. B, C.*

I.    FACTS AND PROCEDURAL HISTORY

In 2010, Wahlstrom retained Hoey Law to represent her in the instant action. *Ex. D, ¶2.* In connection with such retention, Wahlstrom entered into a Contingent Fee Agreement ("Agreement") with Hoey Law. *Ex. D, ¶2.* Wahlstrom and David J. Hoey, Esq. ("Hoey") are the sole signatories to the Agreement. *Ex. D, ¶2.* Sobczak was not a signatory to *any* agreement with Wahlstrom. *Ex. D, ¶4, 12.* In fact, Sobczak did not begin working for Hoey Law as Of Counsel

---

[2] Sobczak served as Of Counsel for Hoey Law for a period of time, but terminated his affiliation and left Hoey Law on or about January 20, 2017.

2

LDH 0042091

until 2014, four years after Wahlstrom and Hoey signed the Agreement. The Agreement does not provide for payment to any other individual lawyer working for or with Hoey Law.

After Hoey and Wahlstrom signed the Agreement, the Wahlstrom matter proceeded through litigation and was tried before a jury by Hoey, Don C. Keenan, Esquire, and Sobczak, who served as third chair. *Ex. D, ¶4*. The jury found the defendants, JPA I Management Company, Inc. and JPA IV Management Company, Inc. liable but found Laz Parking Limited, LLC not liable. The JPA defendants brought a motion for a new trial which Superior Court Judge Wilson allowed. On February 27, 2017, Wahlstrom retained Patricia DeJuneas, Esq. to appeal Judge Wilson's order for a new trial. *Ex. D, ¶8*. On February 28, 2017, Wahlstrom asked Sobczak to withdraw as one of her counsel. *Ex. E, Letter from Wahlstrom to Sobczak; Ex. D, ¶10.*[3] Sobczak initially refused to comply with Wahlstrom's request that he withdraw, but after Wahlstrom's multiple demands, he finally withdrew on March 15, 2017. *Ex. D, ¶10; Ex. F, Notice of Withdrawal*. On June 10, 2019, the Appeals Court held that Judge Wilson used the incorrect standard to determine whether a new trial was warranted.[4]

Sobczak filed his Lien against Wahlstrom directly with the court on June 11, 2019, despite knowing that his claim for fees was prohibited pursuant to the doctrine of *res judicata*, and that his public filing was in direct violation of existing Impoundment Orders. *Ex. B; Ex. G, May 9, 2017 Order on Pending Motions, Billings, J.; May 14, 2019 Decision and Order on*

---

[3] Wahlstrom's letter contains a typographical error. She drafted her letter requesting Sobczak withdraw on February 28, 2017, not February 28, 2007.

[4] The Appeals Court stayed the appeal due to the existence of a pending motion to recuse Judge Wilson. Judge Wilson recused himself on July 31, 2019.

LDH 0042092

*Motion to Impound, Squires-Lee, J.*[5] Prior to filing his Lien, Sobczak had filed a Complaint against Hoey and Hoey Law in the Massachusetts Superior Court, Middlesex County seeking *identical relief;* namely, compensation he alleged he was owed for twenty-four cases on which he worked as Of Counsel for Hoey Law, one of which, identified in the Complaint as AB0023, is the Wahlstrom matter.[6] *Ex. H, Case Identification Appendix to Sobczak's Complaint.*[7] The court ordered Sobczak to arbitrate in accordance with a Confidentiality Agreement Sobczak had signed in connection with working on Hoey Law's cases. *Ex. G.* Sobczak refused to submit to arbitration in contravention of the court's Order. Hoey Law and Hoey filed a motion to dismiss Sobczak's Complaint, and the court, noting Sobczak's repeated defiance of its Order to arbitrate, dismissed Sobczak's Complaint *with prejudice. Ex. B.* Sobczak appealed the court's dismissal, and the Appeals Court affirmed the Superior Court's decision, deemed Sobczak's appeal frivolous, and awarded Hoey Law and Hoey fees and costs[8]. *Ex. I, Appeals Court Memorandum and Order; Judgment after Rescript; Award of Fees.* Sobczak filed a petition for rehearing with the Appeals Court, and an application for further appellate review with the Supreme Judicial Court, both of which were denied. *Ex. J, Court decisions on petition and application.*

---

[5] On August 6, 2019, this Court denied Sobczak's motion for reconsideration of the impoundment order. Further, on August 12, 2019, this Court granted Hoey Law's Motion to Impound the Lien and Motion to Seal.

[6] The court in Middlesex County impounded all court filings to maintain the confidentiality of Hoey's clients and related information, including Wahlstrom, thus Sobczak's Complaint refers to all Hoey Law cases by number rather than by name.

[7] Sobczak's complaint is impounded. His complaint references AB0023 in paragraphs 44, 48, 54, and in Footnote 5.

[8] Sobczak refused to comply with the Appeals Court Order to pay fees and costs. Hoey Law and Hoey filed a Complaint for Contempt on April 30, 2019 in Middlesex County and the court ordered Sobczak to pay the fees and costs within 7 days of a hearing which occurred on July 16, 2019. Sobczak has since paid.

4

LDH 0042093

On May 1, 2019, the day after Sobczak was served in-hand with a complaint for contempt of court for failure to abide by the Appeals Court's order awarding fees and costs, he filed a nearly identical complaint against Hoey Law *in Suffolk County* in an attempt to relitigate the claims for fees in Wahlstrom and other cases which were previously disposed of by the Superior Court, Middlesex County, and the Appeals Court. The Suffolk County matter, like the Middlesex County matter, was also impounded. *Ex. G.* On August 2, 2019, the Superior Court in Suffolk County dismissed the complaint as barred by the doctrine of claim preclusion. *Ex. C.*

Then, in what can only be described as a *third* attempted bite of the apple, Sobczak filed the instant Lien on June 11, 2019, just three days after the Appeals Court issued its Order in the Wahlstrom appeal, in an effort to collect fees directly from Wahlstrom which he claims he is entitled to from his work on her case, notwithstanding that 1) he had no fee agreement with Wahlstrom and the Lien is unenforceable against her, 2) he has no *quantum meruit* claim against Wahlstrom, and 3) he is barred, *ab initio*, from filing the Lien on *res judicata* grounds.[9]

## II.   ARGUMENT

### A.   Sobczak is Barred from Enforcing his Lien against Wahlstrom under Principles of Contract and *Quantum Meruit*.

Sobczak has no lawful basis to enforce the Lien against Wahlstrom. "Attorney's liens are devices…which help attorneys deal with the oft-encountered reluctance of certain clients to pay for legal fees at the conclusion of a matter." *Boswell v. Zephyr Lines, Inc.*, 414 Mass. 241, 248 (1993). However, an "attorney must establish a substantive contractual or quantum meruit basis

---

[9] Further, service of the Lien was defective. Sobczak served Patricia DeJuneas, Esq. but failed to serve Hoey and Don C. Keenan, Esq. who represent Wahlstrom. *Ex. D,* ¶¶3, 8. He also served Anthony M. Campo, Esq. (now a Justice of the Superior Court) but did not serve Mark A. Aronsson, Esq. who represents the JPA defendants. Trial counsel Sloane and Walsh, LLP was removed from the case shortly after the verdict.

LDH 0042094

to recover fees from the client as a predicate to filing a lien." *Boswell v. Zephyr Lines, Inc.*, 414 Mass. 241, 249 (1993).

    Sobczak has failed to establish that he has a contract with Wahlstrom. *Ex. D*, ¶¶2, 4. Wahlstrom retained Hoey Law, not Sobczak, to prosecute her case. *Ex. D*, ¶2. Hoey Law and Wahlstrom are the sole signatories to the Agreement. *Ex. D*, ¶¶2, 4. Not only is Sobczak not a signatory to the Agreement, Sobczak did not even begin working as Of Counsel for Hoey Law until 4 years after Hoey and Wahlstrom signed the Agreement. Sobczak cannot sue Wahlstrom based upon the Agreement to which he is not a party. Further, the Agreement contains no provisions stipulating that Wahlstrom is required to pay fees to any attorney working for, or with, Hoey Law. *Ex. D*, ¶4.

    Sobczak is likewise unable to recover legal fees from Wahlstrom under the theory of *quantum meruit*. Sobczak had an arrangement with Hoey Law regarding payment for work he undertook as Of Counsel for Hoey Law. Hoey Law paid Sobczak a weekly salary for his work for Hoey Law. Sobczak's receipt of weekly pay from Hoey Law precludes Sobczak from recovering in *quantum meruit* against Wahlstrom. "[R]ecovery in quantum meruit presupposes that no valid contract covers the subject matter in dispute." *Id.* at 250. Sobczak advanced none of the litigation costs or expenses in the instant action, nor would he be responsible for contributing to any potential losses.

    Further, even if Sobczak had a basis for a *quantum meruit* claim, which Wahlstrom maintains he does not, such claim would be barred by the three-year statute of limitations because Sobczak filed his Lien more than three years after he last worked on the instant action.

LDH 0042095

B.    Sobczak's Lien is Barred by the Doctrine of *Res Judicata*.

Sobczak's Lien against Wahlstrom is also barred by the doctrine of *res judicata* and should be dismissed because Sobczak's claim for fees for his work in the instant action would be against Hoey Law, and this claim was previously adjudicated and twice dismissed by the Superior Court in Middlesex and Suffolk Counties. *Ex. B; Ex. C.* Sobczak may not bring an identical claim for fees in this action under the guise of an attorney's lien where such claim for fees has already been dismissed *with prejudice*.

Under Massachusetts law, an action is barred by *res judicata* if 1) the cause of action is the same, 2) the identity of the parties of the present and prior actions are the same, and 3) there was a final judgment on the merits in the prior action. *Bui v. Ma*, 62 Mass. App. Ct. 553, 579 (2004). "Massachusetts deems causes of action identical for claim preclusion purposes if they grow out of the same transaction, act, or agreement, and seek redress for the same wrong." *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 52 (1st Cir. 2008) (internal quotations and punctuation omitted). Sobczak filed complaints in Middlesex and Suffolk Counties which sought payment of fees from Hoey Law for his work on twenty-four separate cases he was involved with while affiliated with Hoey Law, one of which was the instant action. *Ex. H.* The Lien Sobczak filed against Wahlstrom seeks fees for work Sobczak performed in the instant action. The cause of action (collection of fees for work on the instant action) in the Middlesex County complaint, the Suffolk County Complaint and the Lien are identical. The first element of the *res judicata* doctrine is satisfied.

The second element is also satisfied. While technically the identities of the parties are not the same (Sobczak filed his Lien against Wahlstrom rather than Hoey Law, presumably to avoid the bar entered against him by the Superior Court, Middlesex County and knowing that his

7

LDH 0042096

Suffolk County complaint was pending dismissal and has since been dismissed), in reality, the parties are the same. Assuming, *arguendo*, that Sobczak had a colorable claim for monies owed, any such claim would be against Hoey Law as to any fee Hoey Law may realize in this case because Sobczak is not a party to the Agreement.[10] *Ex. D, ¶¶2, 4.*

The third element of *res judicata*, that a final judgment on the merits occurred in the prior action, is also satisfied because Sobczak's request for fees he claims he is owed for his work on the instant action was previously heard and adjudicated. The Superior Court, Middlesex County ordered Sobczak and Hoey Law to arbitrate. Sobczak refused. Hoey Law filed a motion to dismiss Sobczak's complaint for fees in the instant action as well as twenty-three other cases pursuant to Mass.R.Civ.P. 41(b)(2), which provides that "the court may, in its discretion, dismiss any action for failure of the plaintiff to…comply with…any order of the court." Citing Sobczak's refusal to comply with the court's order to arbitrate, the court dismissed his complaint, *with prejudice*[11].

The court's dismissal of Sobczak's complaint "operates as an adjudication upon the merits" for purposes of claim preclusion. Mass.R.Civ.P. 41(b)(3); *Jarosz v. Palmer*, 436 Mass. 526, 536 (2002). It is settled law in Massachusetts that Rule 41(b)(3) applies to dismissals ordered for violation of a court order and that a dismissal pursuant to 41(b)(2) for failure to comply with a court order constitutes a final judgment on the merits for purposes of claim preclusion. *Morgan v. Evans*, 39 Mass. App. Ct. 465, 469 (1995); *Alston v. Town of Brookline*

---

[10] The instant action was tried to a jury verdict in 2015 resulting in a verdict in favor of Wahlstrom. *Ex. D, ¶6.* However, due to various post-trial motions and appeals, Wahlstrom has yet to collect on her verdict and Hoey Law has not received any fee. Hoey Law advanced all costs of litigation and appeal with no contribution by Sobczak.

[11] The Superior Court, Suffolk County, citing the Middlesex order, dismissed Sobczak's Complaint as barred by the doctrine of claim preclusion.

LDH 0042097

*Massachusetts*, 308 F. Supp. 3d 509, 549 (D. Mass. 2018); *Negron v. Turco*, 354 F. Supp. 3d 1117 (D. Mass. 2019) (holding where superior court dismissed plaintiff's claim for failure to comply with court order to pay filing fee, dismissal operated as an adjudication on the merits). The Court's dismissal of Sobczak's complaint against Hoey Law constitutes a final adjudication on the merits. *See* <u>Santos v. U.S. Bank Nat'l Ass'n</u>, 89 Mass. App. Ct. 687, 692 (2016) ("[c]laim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action"). Sobczak is prohibited from pursuing the same claim via an attorney's lien based on the principles of *res judicata*. Sobczak's Lien against Wahlstrom is in flagrant and knowing violation of clear and final court orders.

C.   <u>Sobczak May Not Use G. L. c. 221, §50 to Establish a Lien Against Hoey Law.</u>

Sobczak also may not use G. L. c. 221, §50 to establish a lien against Hoey Law where he has no independent substantive right to bring such a lien against Wahlstrom. *Id.* at 250-251; *Lebrun v. Farnham*, 22 Mass.L.Rptr. 715, 2007 WL 2367786 (Mass. Super. Ct., *Henry, J.,* 2007) (holding G. L. c. 221, § 50 inapplicable where dispute is between two attorneys concerning an oral agreement regarding the division of a contingent fee). Whatever claim Sobczak had or may have against Hoey Law was adjudicated adversely to Sobczak in the Middlesex and Suffolk actions. Confronted with the Superior Court's dismissals, Sobczak seeks another avenue to collect attorney's fees, but he has no basis to do so. Sobczak's filing of the Lien given the procedural backdrop is not only frivolous, it borders on harassment and abuse of process. The Lien must be dismissed.

9

LDH 0042098

D.    Sanctions are Warranted for Sobczak's Frivolous Filing.

Wahlstrom and Hoey Law are entitled to sanctions for fees and expenses associated with bringing the Motion to Dismiss because Sobczak, a lawyer, filed his Lien knowing that 1) his complaint for identical fees had been dismissed by a Superior Court judge in Middlesex County and was pending dismissal in Suffolk County, and which has since been dismissed, 2) he was not a signatory to the Agreement with Wahlstrom and thus has no right of recovery against her, and 3) G.L. c. 221, §50 does not allow Sobczak to file the Lien against Hoey Law.

Sanctions are further warranted because Sobczak filed the Lien as a public document in violation of two separate Impoundment Orders issued by the Superior Court in Middlesex and Suffolk Counties. Sobczak also failed to properly serve the Lien where 1) he did not serve Hoey or Don C. Keenan, Esq., who were apprised of the Lien by an attorney from a different firm, 2) he served counsel of a defendant (LAZ Parking Limited, LLC) which he knew had been dismissed from the case, and 3) he served Anthony M. Campo, Esq., who had previously served as counsel to one of the defendants but who is currently a sitting Superior Court judge.[12]

III.    CONCLUSION

Based upon the foregoing, Wahlstrom hereby moves this Court for an Order:

1.  Dismissing Sobczak's Notice of Attorney's Lien;

2.  Awarding Wahlstrom and Hoey Law legal fees and costs incurred in bringing the Motion to Dismiss;

---

[12] In addition to these examples of deficiency of service, the Lien has a number of other flaws, which, while arguably minor in nature, are noteworthy for their sheer volume. E.g., the Lien was not served on all counsel of record for Wahlstrom; the Lien asks for Sobczak's "expenses", which do not exist; there is no itemization of Sobczak's time; and, the Lien is untimely as Sobczak withdrew from the instant case in early 2017 and did not file the Lien until June, 2019.

10

LDH 0042099

3.  Make a finding that filing the Notice of Attorney's Lien was frivolous; and

4.  Such other or further remedies that this Court deems just and proper.

KIRA WAHLSTROM and
LAW OFFICES OF DAVID J. HOEY, P.C.

by their attorneys,

Amy E. Goganian, Esq., BBO # 554754
Kara A. Bettigole, Esq., BBO# 632822
Goganian & Associates, P.C.
144 Gould Street, Suite 202
Needham, MA 02494
Tel: (781) 433-9812
Email: agoganian@goganianlaw.com

Dated:  August 13, 2019

11

LDH 0042100

<u>CERTIFICATE OF SERVICE</u>

I, Amy E. Goganian, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid, to the following:

> Krzysztof G. Sobczak, Esq.
> Sobczak Law
> 619 Boylston Street
> Newton, MA 02459

Amy E. Goganian

Dated: August 13, 2019

12

LDH 0042101

# Exhibit B

LDH 0042102

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: SUCV2010-01022

KIRA WAHLSTROM,

Plaintiff,

v.

LAZ PARKING LIMITED, LLC;
JPA IV MANAGEMENT COMPANY, INC., as
Trustee of the John Philopoulos Associates Trust;
and JPA I MANAGEMENT COMPANY, INC.

Defendants,

SUBJECT TO
IMPOUNMENT ORDER

## PLAINTIFF, KIRA WAHLSTROM'S, MOTION TO DISMISS NOTICE OF ATTORNEY'S LIEN AND REQUEST FOR SANCTIONS[1]

Plaintiff, Kira Wahlstrom ("Wahlstrom"), moves this Court pursuant to Mass.R.Civ.P. 12(b)(6) and (9) for an Order dismissing, *with prejudice*, Krzysztof Sobczak, Esq.'s ("Sobczak"), Notice of Attorney's Lien ("Lien") and an Order for Sanctions. Sobczak's Lien must be dismissed because he has no contract or fee agreement with Wahlstrom and thus cannot collect any fees from her directly. Sobczak is also prohibited from bringing such Lien against Hoey Law because his claim for attorney's fees and expenses against Hoey Law was *previously adjudicated and dismissed* in both Middlesex and Suffolk Counties. Sobczak's Middlesex Complaint was *dismissed, with prejudice*, by the Honorable Thomas P. Billings on February 5, 2018, and affirmed by the Appeals Court. Sobczak's Suffolk Complaint against Hoey Law for identical

---

[1] This motion is brought by Kira Wahlstrom because she is the plaintiff in the above captioned case. However, it is done so through the cooperation of her counsel, Law Offices of David J. Hoey, P.C. ("Hoey Law"), for reasons that are set forth in the Memorandum in Support of this Motion to Dismiss. The contents of the Memorandum in Support are subject to impoundment by three separate Orders of the Massachusetts Superior Court, Middlesex and Suffolk Counties.

1

LDH 0042103

# Exhibit C

LDH 0042104

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: SUCV2010-01022

KIRA WAHLSTROM,

     Plaintiff,

v.

JPA IV MANAGEMENT COMPANY, INC., as
Trustee of the John Philopoulos Associates Trust;
and JPA I MANAGEMENT COMPANY, INC.

     Defendants,

**SUBJECT TO**
**IMPOUNDMENT ORDER**

## PLAINTIFF, KIRA WAHLSTROM'S, RENEWED MOTION TO DISMISS NOTICE OF ATTORNEY'S LIEN

Plaintiff, Kira Wahlstrom ("Wahlstrom"), submits her Renewed Motion to Dismiss Notice of Attorney's Lien and requests that this Honorable Court dismiss Krzysztof Sobczak, Esq.'s ("Sobczak") Notice of Attorney's Lien ("Lien"), *with prejudice*, pursuant to Mass.R.Civ.P. 12(b)(6) and (9) because Sobczak failed to comply with this Court's Order requiring him to produce information and documents by November 29, 2019 to support his quantum meruit claim for compensation he alleges he is owed for legal work he completed on behalf of Wahlstrom.

This Court heard arguments on Wahlstrom's Motion to Dismiss Sobczak's Lien on November 8, 2019[1]. This Court allowed Wahlstrom's Motion to Dismiss, generally, but took no action with regard to the time period from January 20, 2017 through February 28, 2017 ("Winter 2017 Period"). Rather, this Court ordered Sobczak to "provide information and back-up documents

---

[1] A copy of Wahlstrom's Motion to Dismiss and Memorandum in Support are attached for the Court's convenience. *Ex. A, Motion to Dismiss Notice of Attorney's Lien; Memorandum in Support of Motion to Dismiss Notice of Attorney's Lien.*

LDH 0042105

to plaintiff's counsel by November 29, 2019, showing what value he added to her representation during that period." *Ex. B, Court Order*. The Court Order provides that Wahlstrom may renew her Motion to Dismiss if Sobczak's information fails to establish a quantum meruit claim. *Ex. B*. In accordance with this Court's Order, Wahlstrom hereby renews her Motion to Dismiss.

Sobczak's Lien must be dismissed because he failed to produce "information and back-up documents" to support his quantum meruit claim for the Winter 2017 Period. In defiance of this Court's Order, Sobczak provided an Affidavit[2] and some correspondence, none of which details the specific value of his representation during the Winter 2017 Period[3]. *Ex. C, Further Affidavit of Krzysztof G. Sobczak in Support of Notice of Attorney's Lien*. Sobczak's Affidavit merely states "based upon his review of contemporaneous records," he worked "approximately" 1020 hours from 2015 through 2017[4]. *Ex. C, ¶17*. This Court specifically ordered Sobczak to provide information and back-up documents detailing his work during the 5-week period from January 20, 2017 through February 28, 2017, yet Sobczak instead provided an estimate for work completed during a 2-year time frame for what appears to be work performed prior to January 20, 2017. Based upon Sobczak's Affidavit, this Court cannot parse which hours (if any) were undertaken during the Winter 2017 Period. Further, Sobczak's Affidavit relies on "contemporaneous records" to

---

[2] Sobczak also filed with his Affidavit a Notice of Motion for Reconsideration. As no motion for reconsideration was served, no opposition is served. Given the amount of time that has passed since this Court ruled on the original Motion to Dismiss, and Sobczak's complete failure to produce the material ordered, the Notice of Motion appears to be little more than yet another effort to breathe life into an attorney's lien that has no support in law or fact.

[3] Sobczak also failed to comply with this Court's deadline of November 29, 2019. Wahlstrom's counsel received Sobczak's Affidavit on December 4, 2019.

[4] Sobczak's Affidavit also states he worked 160 hours under the Hoey fee agreement; however, he has been compensated for these hours. *Ex. C, ¶16*. Regardless, these hours occurred prior to 2015 and are outside the time frame requested by this Court.

LDH 0042106

support his claim for hours he alleges he worked before January 20, 2017, yet he produced none of these contemporaneous records despite this Court's specific order to do so.

Instead, Sobczak reargues his claims against the Law Offices of David J. Hoey, P.C. even though his claims have all been dismissed and even though he was warned not to continue to reargue his claims against it. Moreover, Sobczak also attached attorney-client privileged email communications without client consent. Nonetheless, those attached emails prove nothing.

This Court provided Sobczak with the opportunity to produce information and documents to prove his quantum meruit claim for work he competed during the Winter 2017 Period by November 29, 2019 and he failed to do so. Sobczak has no viable quantum meruit claim, wherefore Wahlstrom respectfully requests that this Court grant her Renewed Motion to Dismiss Notice of Attorney's Lien.

KIRA WAHLSTROM and
LAW OFFICES OF DAVID J. HOEY, P.C.

by their attorneys,

Amy E. Goganian, Esq., BBO # 554754
Kara A. Bettigole, Esq., BBO# 632822
Goganian & Associates, P.C.
144 Gould Street, Suite 202
Needham, MA 02494
Tel: (781) 433-9812
Email: agoganian@goganianlaw.com

Dated: December 6, 2019

3

LDH 0042107

## CERTIFICATE OF SERVICE

I, Amy E. Goganian, hereby certify that on this day, I forwarded notice of the foregoing document(s) by causing copies to be sent via email, and via First Class Mail, postage prepaid, to the following:

>       Krzysztof G. Sobczak, Esq.
>       Sobczak Law
>       619 Boylston Street
>       Newton, MA 02459

Dated: December 6, 2019

Amy E. Goganian

4

LDH 0042108

# Exhibit D

LDH 0042109

NOTIFY

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                          SUPERIOR COURT DEPARTMENT
                                      CIVIL ACTION NO.: SUCV2010-01022

KIRA WAHLSTROM,

      Plaintiff,

v.                                    SUBJECT TO
                                      IMPOUNDMENT ORDER
JPA IV MANAGEMENT COMPANY, INC., as
Trustee of the John Philopoulos Associates Trust;
and JPA I MANAGEMENT COMPANY, INC.

      Defendants,

### PLAINTIFF, KIRA WAHLSTROM'S, RENEWED MOTION TO DISMISS
### NOTICE OF ATTORNEY'S LIEN

     Plaintiff, Kira Wahlstrom ("Wahlstrom"), submits her Renewed Motion to Dismiss Notice

of Attorney's Lien and requests that this Honorable Court dismiss Krzysztof Sobczak, Esq.'s

("Sobczak") Notice of Attorney's Lien ("Lien"), *with prejudice*, pursuant to Mass.R.Civ.P.

12(b)(6) and (9) because Sobczak failed to comply with this Court's Order requiring him to

produce information and documents by November 29, 2019 to support his quantum meruit claim

for compensation he alleges he is owed for legal work he completed on behalf of Wahlstrom.

     This Court heard arguments on Wahlstrom's Motion to Dismiss Sobczak's Lien on

November 8, 2019[1]. This Court allowed Wahlstrom's Motion to Dismiss, generally, but took no

action with regard to the time period from January 20, 2017 through February 28, 2017 ("Winter

2017 Period"). Rather, this Court ordered Sobczak to "provide information and back-up documents

---

[1] A copy of Wahlstrom's Motion to Dismiss and Memorandum in Support are attached for the Court's convenience. *Ex. A, Motion to Dismiss Notice of Attorney's Lien; Memorandum in Support of Motion to Dismiss Notice of Attorney's Lien.*

1

LDH 0042110

*1/16/20 Denied to the extent that Attorney Sobczak seeks reconsideration of the 11/18/19 order.*

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                    *Notify*         SUPERIOR COURT            WILKINS, J
                                                 CIVIL ACTION No: SUCV2010-01022-G

KIRA WAHLSTROM,                              )
   *Plaintiff,*                 )
                                             )
v.                                           )                    SUBJECT TO 5/12/19
                                             )                    IMPOUNDMENT ORDER
                                             )
JOSE RUBEN RIVERA III;                       )
LAZ PARKING LIMITED, LLC;                    )
JPA IV MANAGEMENT COMPANY, INC.,             )           MOTION FOR
as Trustee of the John Philopoulos Associates Trust;)    RECONSIDERATION
and JPA I MANAGEMENT COMPANY, INC.,          )
   *Defendants.*                )

## OPPOSITION TO PLAINTIFF, KIRA WAHLSTROM'S, RENEWED MOTION TO DISMISS NOTICE OF ATTORNEY'S LIEN
### &
### CROSS-MOTION FOR RECONSIDERATION OF THE COURT'S 11/8/19 ORDER

NOW COMES the undersigned attorney, a former counsel for the Plaintiff and now a

non-party interested party, and files his opposition to "allegedly" Plaintiff, Kira Wahlstrom's

(but likley Law Offices Of David J. Hoey, P.C. ("Hoey")) renewed motion to dismiss notice of

attorney's lien and cross-moves for the reconsideration of the Court's **11/8/19 Order**

(denying, *without prejudice,* cross-motion for discovery and allowing, in part, the original

motion to dismiss (without any discovery or evidentiary hearing)) and prays that for the reasons

stated below, this Honorable Court DENY the entire motion to dismiss and order in-camera[1]

discovery and evidentiary hearing to determine the scope of the lien (when its ripe).

In support thereof, the undersigned incorporates by reference, the previously filed August

26, 2019 *AFFIDAVIT of KRZYSZTOF G. SOBCZAK IN SUPPORT OF OPPOSITION TO*

*MOTION TO DISMISS NOTICE OF ATTORNEY'S LIEN* as well as the previously served

---

[1] The undersigned also moves for reconsideration of the Court's in-camera request denial, which although not specifically expressed in the 11/8/19 Order, was apparently a continuation of the 9/5/19 denial.

1

LDH 0042111

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: SUCV2010-01022

_____

KIRA WAHLSTROM,

      Plaintiff,

v.

JPA IV MANAGEMENT COMPANY, INC., as
Trustee of the John Philopoulos Associates Trust;
and JPA I MANAGEMENT COMPANY, INC.

      Defendants,

_____

**SUBJECT TO
IMPOUNDMENT ORDER**

### AFFIDAVIT OF AMY E. GOGANIAN, ESQ. IN SUPPORT OF PLAINTIFF, KIRA WAHLSTROM'S, MOTION FOR FEES AND COSTS

I, Amy E. Goganian, of full age, on my oath depose and state as follows:

1.    I am an attorney in good standing, duly licensed to practice law in the Commonwealth of Massachusetts, and I am counsel of record for Plaintiff, Kira Wahlstrom, and Law Offices of David J. Hoey, P.C.[1]

2.    I represented Kira Wahlstrom and Hoey Law with respect to matters related to Attorney Kryzstof Sobczak's Notice of Attorney's Lien and impoundment of same.

3.    I graduated from Brooklyn Law School in 1989 and was admitted to the Massachusetts bar that same year. I have worked exclusively as a civil litigation attorney, first at the law firm Parker, Coulter, Daley & White from 1989 through 1995; then at the firm

---

[1] The Motion for Fees and Costs is brought by Kira Wahlstrom because she is the plaintiff in the above captioned case. However, it is done so through the cooperation of her counsel, Law Offices of David J. Hoey, P.C. ("Hoey Law"), for reasons that are set forth in the Motion and Memorandum in Support of same.

1

LDH 0042112

Melick & Porter, where I was a senior partner, until 2005. I established my present law firm, Goganian & Associates, P.C., in 2005.

4.   Goganian & Associates, P.C. billed Hoey Law for work performed during the time period of June 2019 through February 2020 with respect to Attorney Sobczak's Notice of Attorney's Lien and impoundment of same at a partner rate of $300 per hour, an associate rate of $225 per hour, and a paralegal rate of $90 per hour.

5.   According to contemporaneous daily time records and monthly client invoices, which have been regularly kept as business records by Goganian & Associates, P.C., the following fees and expenses were incurred in association with drafting and filing multiple motions (including Motions to Impound and Seal, a Motion to Dismiss, a Motion to Compel Compliance with a Court Order, a Motion to Strike, an Opposition to a Cross-Motion, a Reply to an Opposition, and a Renewed Motion to Dismiss), as well as preparation for, and attendance at, a hearing regarding the Motion to Dismiss:

| Timekeeper | Total Hours | Hourly Rate | Total Billed |
|---|---|---|---|
| Amy E. Goganian, Esq., Partner | 68.7 | $ 300.00 | $ 20,610.00 |
| Kara A. Bettigole, Esq., Associate | 87.5 | $ 225.00 | $ 19,687.50 |
| Lauren P. Spinney, Paralegal | 5.4 | $ 90.0 | $ 486.00 |
| Expenses: | | | $ 448.22 |
| | | Total: | $ 41,231.72 |

6.   The number of hours devoted to obtaining dismissal of Attorney Sobczak's Notice of Attorney's Lien is reasonable, particularly in light of the additional work and motion practice that was required to obtain and enforce a Court Order impounding the Lien and all related filings.

LDH 0042113

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 10th DAY OF

MARCH, 2020.

Amy E. Goganian, Esq., BBO # 554754
Goganian & Associates, P.C.
144 Gould Street, Suite 202
Needham, MA 02494
Tel: (781) 433-9812
Email: agoganian@goganianlaw.com


Then appeared before me this 16th day of March, 2020, the within-named Amy E.
Goganian, Esq. and, being personally well known to me, did swear that she made the within
affidavit of her own free act and deed and that all of the information contained in it is true to the
best of her knowledge.

Susan Gormley, Notary Public
My Commission Expires:

SUSAN M. GORMLEY
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
March 26, 2021

3

LDH 0042114

## CERTIFICATE OF SERVICE

I, Amy E. Goganian, Esq. hereby certify that on this day, I forwarded notice of the foregoing document(s) by causing copies to be sent via First Class Mail, postage prepaid, to the following:

Krzysztof G. Sobczak, Esq.
Sobczak Law
619 Boylston Street
Newton, MA 02459

_Amy Goganian gs_
Amy E. Goganian

Dated: 3/10/2020

4

# EXHIBIT II

APPEALS COURT
Full Court Panel Case
Case Docket

K.W. vs. JPA IV MANAGEMENT COMPANY, INC. & others
THIS CASE CONTAINS IMPOUNDED MATERIAL OR PID
2021-P-0626

| CASE HEADER | | | |
|---|---|---|---|
| Case Status | Closed: Rescript issued | Status Date | 05/15/2023 |
| Nature | Contract dispute | Entry Date | 07/09/2021 |
| Appellant | Plaintiff | Case Type | Civil |
| Brief Status | | Brief Due | |
| Arg/Submitted | 11/15/2022 | Decision Date | 03/31/2023 |
| Panel | Wolohojian, Ditkoff, Walsh, JJ. | Citation | 102 Mass. App. Ct. 1115 |
| Lower Court | Suffolk Superior Court | TC Number | 1084CV01022 |
| Lower Ct Judge | Douglas H. Wilkins, J. | TC Entry Date | 03/12/2010 |
| SJ Number | | FAR Number | |
| SJC Number | | | |

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| K.W.<br>Plaintiff/Appellee<br>Stay vacated<br>No brief expected | David J. Hoey, Esquire<br>Amy E. Goganian, Esquire - Withdrawn<br>Kara Ann Bettigole, Esquire - Withdrawn<br>Patricia A. DeJuneas, Esquire |
| JPA IV Management Company, Inc.<br>Defendant | Mark A. Aronsson, Esquire<br>Michael J. Kerrigan, Esquire<br>William J. Dailey, Jr., Esquire<br>Lawrence J. Kenney, Jr., Esquire<br>Patrick Driscoll, Esquire |
| JPA I Management Company, Inc.<br>Defendant | Michael J. Kerrigan, Esquire<br>William J. Dailey, Jr., Esquire<br>Lawrence J. Kenney, Jr., Esquire<br>Patrick Driscoll, Esquire<br>Mark A. Aronsson, Esquire |
| LAZ Parking Limited, LLC<br>Defendant | John J. Jarosak, Esquire<br>Bethany Minich, Esquire<br>Daniella Massimilla, Esquire - Withdrawn<br>Nora Rose Adukonis, Esquire<br>Robert P. Powers, Esquire<br>Michael R. Byrne, Esquire |
| Carlson Hotels Management Corp<br>Defendant | Michael J. Kerrigan, Esquire<br>William J. Dailey, Jr., Esquire |
| City of Boston<br>Defendant | Lisa A. Skehill Maki, Esquire |
| Radisson Hotels International Inc<br>Defendant | Michael J. Kerrigan, Esquire<br>William J. Dailey, Jr., Esquire<br>Lawrence J. Kenney, Jr., Esquire |
| Jose Ruben Rivera III<br>Pro Se Defendant | |
| Andrew Q Gould<br>Other interested party | |
| Don C. Keenan<br>Other interested party | |
| Law Offices of David J. Hoey PC<br>Other interested party<br>Awaiting green brief<br>Due 07/18/2022 | Amy E. Goganian, Esquire - Withdrawn<br>Kara Ann Bettigole, Esquire - Withdrawn<br>Philip N. Beauregard, Esquire<br>Dana Alan Curhan, Esquire |
| Krysztof G. Sobczak<br>Other/Appellant<br>Blue brief & appendix filed<br>2 Enls, 240 Days | Krzysztof G. Sobczak, Esquire |
| The Keenan's Kids Foundation Inc.<br>Other interested party | Richard A. Goren, Esquire |

## ORAL ARGUMENTS



## DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 06/14/2022 | | **IMPOUNDED INFORMATION**: Protective orders issued by the trial court on 3/1/21 and 3/29/21 as to all documents containing or referencing attorney-client communications. |
| 07/09/2021 | #1 | Lower Court Assembly of the Record Package |
| 07/09/2021 | | Notice of entry sent. |
| 07/09/2021 | | Fee Waived per order in case 2021-J-0542. |
| 07/09/2021 | #2 | Copy of Civil Appeal Entry Form for K.W. (transferred from 21P0542). |
| 07/09/2021 | #3 | Copy of Civil Appeal Entry Form for Krzysztof G. Sobczak (transferred from 21P0542). |
| 07/09/2021 | #4 | Docketing Statement filed for Krysztof G. Sobczak by Attorney Krzysztof Sobczak (transferred from 21P0542). |
| 07/09/2021 | #5 | Docketing Statement filed for K.W. by Attorney Patricia A. DeJuneas (transferred from 21P0542). |
| 07/09/2021 | #6 | MOTION of Appellant to stay appellate proceedings filed for K.W. by Attorney Patricia A. DeJuneas (transferred from 21P0542). |
| 07/09/2021 | #7 | Motion for leave to file motion to correct record filed for K.W. by Attorney Patricia A. DeJuneas (transferred from 21P0542). |
| 07/09/2021 | | RE#7: Allowed. Appellee/**cross**-appellant K.W. is given leave to file, and the trial court is given leave to consider, a motion to correct the record. Appellate proceedings stayed to 8/9/21. Status report due then regarding the status of the motion to correct the record. Notice/attest/Gordon, J. |
| 07/09/2021 | | RE#6: See order on #07. *Notice. |
| 08/09/2021 | #8 | Status Report filed for K.W. by Attorney Patricia A. DeJuneas. |
| 08/09/2021 | | **Returned Mail:** Notice of Entry of Appeal sent to Jose Ruben Rivera III, Pro Se Defendant/Appellee returned as Refused. Notice not resent and notices turned off. |
| 08/10/2021 | | RE#8: Appellate proceedings stayed to 09/10/2021. Status report due then regarding the status of the motion to correct the record. Notice/attest |
| 08/30/2021 | | **Returned Mail:** Notice of RE #8 sent to Andrew Q. Gould returned as not deliverable as addressed. Unable to forward. Notice not resent because no current address is available. |
| 09/13/2021 | #9 | Status Report filed for K.W. by Attorney Patricia A. DeJuneas. |
| 09/13/2021 | | RE#9: Appellate proceedings stayed to 10/13/2021. Status report due then concerning the trial court's disposition of the motion to docket previously impounded filings, pending since 7/13/21. Notice/attest/Ullman, J. |
| 10/14/2021 | #10 | Status Report filed for K.W. by Attorney Patricia A. DeJuneas. |
| 10/18/2021 | | RE#10: Appellate proceedings stayed to 11/15/2021. Status report due then concerning the trial court's disposition of the motion to docket previously impounded filings, pending since 7/13/21. Notice/attest/Ullman, J. |
| 11/15/2021 | #11 | Status Report filed for K.W. by Attorney Patricia A. DeJuneas. |
| 11/17/2021 | | RE#11: Appellate proceedings stayed to 12/15/2021. Status report due then concerning the trial court's disposition of the motion to docket previously impounded filings, pending since 7/13/21. Notice/attest/Ullman, J. |
| 11/22/2021 | | **Returned Mail:** Notice of RE #11 sent to Don C. Keenan returned as forward time expired. Notice not resent because no current address is available. |
| 12/16/2021 | #12 | Status Report filed for K.W. by Attorney Patricia A. DeJuneas. |
| 12/17/2021 | | RE#12: Appellate proceedings stayed to 1/17/22. Status report due then concerning the trial court's disposition of the unopposed motion to correct the docket to reflect previously impounded filings, which has been pending in the trial court since 7/13/21 without action. *Notice/attest/Ullman, J. |
| 12/27/2021 | | **Returned Mail:** Notice of docket entry re#12 sent to Andrew Q. Gould returned as forward time exp return to sender. Notice resent to updated address . |
| 01/14/2022 | #13 | Status Report filed for K.W. by Attorney Patricia A. DeJuneas. |
| 01/18/2022 | | RE#13: The stay of appellate proceedings is vacated. Appellant's brief and appendix is due on or before 2/18/22. Notice to counsel. |
| 01/20/2022 | | **Returned Mail:** Notice of Docket Entry RE: #12 sent to Andrew Q. Gould returned as unable to forward. Notice re-sent to updated address on file. |
| 01/25/2022 | #14 | Corrected Certificate of Service filed for K.W. by Attorney Patricia A. DeJuneas. |
| 01/25/2022 | #15 | Second Corrected Certificate of Service filed for K.W. by Attorney Patricia A. DeJuneas. |
| 01/25/2022 | #16 | Motion to Withdraw Corrected Certificate of Service filed for K.W. by Attorney Patricia A. DeJuneas. |
| 01/26/2022 | | RE#16: Noted. *Notice. |

| | | |
|---|---|---|
| 02/11/2022 #17 | Motion of Appellant to extend date for filing brief and appendix filed for Krysztof G. Sobczak by Attorney Krzysztof Sobczak. | |
| 02/11/2022 | RE#17: Allowed to 04/04/2022. Notice sent. | |
| 02/24/2022 #18 | MOTION to Dismiss under Rule 29(b) filed for K.W. by Attorney Patricia A. DeJuneas. | |
| 02/28/2022 | RE#18: Denied without prejudice to renewal as a motion to dismiss the appeal with prejudice pursuant to M.R.A.P. 29(b). Notice | |
| 02/28/2022 #19 | MOTION to Dismiss under Rule 29(b) filed for K.W. by Attorney Patricia A. DeJuneas. | |
| 03/01/2022 | RE#19: Appeal dismissed with prejudice and without an award of costs or fees to any party, pursuant to M.R.A.P. 29(b). *Notice/Attest/Wilkins, J., Gordon, J., Ullmann, J | |
| 03/01/2022 | RE#19 (Revised): Plaintiff/Appellant/Cross-Appellee K.W.'s appeal is dismissed with prejudice and without an award of costs or fees to any party, pursuant to M.R.A.P. 29(b). Appellee/Cross-Appellant Krysztof G. Sobczak's brief and appendix are due on or before 4/11/22. Notice/attest. | |
| 03/28/2022 | **Returned Mail:** Notice of Docket Entry RE: #19 sent to Andrew Q. Gould, Esq. returned as undeliverable (no longer at address). Notice not re-sent as no updated address is on file. Future notices will not be sent to this party. | |
| 03/28/2022 | **Returned Mail:** Notice of Docket Entry RE: #19 (revised) sent to Andrew Q. Gould, Esq. returned as undeliverable (no longer at address). Notice not re-sent as no updated address is on file. Future notices will not be sent to this party. | |
| 03/28/2022 | **Returned Mail:** Notice of Docket Entry RE: #19 (revised) sent to Andrew Q. Gould, Esq. returned as undeliverable (no longer at address). Notice not re-sent as no updated address is on file. Future notices will not be sent to this party. | |
| 03/28/2022 | **Returned Mail:** Notice of Docket Entry RE: #19 sent to Don C. Kennan, Esq. returned as undeliverable (no longer at address). Notice not re-sent as no updated address is on file. Future notices will not be sent to this party. | |
| 03/28/2022 | **Returned Mail:** Notice of Docket Entry RE: #19 (revised) sent to Don C. Kennan, Esq. returned as undeliverable (no longer at address). Notice not re-sent as no updated address is on file. Future notices will not be sent to this party. | |
| 03/28/2022 | **Returned Mail:** Notice of Docket Entry RE: #19 (revised) sent to Don C. Kennan, Esq. returned as undeliverable (no longer at address). Notice not re-sent as no updated address is on file. Future notices will not be sent to this party. | |
| 04/04/2022 | **Returned Mail:** Notice of Docket Entry RE: #18 sent to Don C. Kennan, Esq. returned as undeliverable (no longer at address). Notice not re-sent as no updated address is on file. Future notices will not be sent to this party. | |
| 04/04/2022 | **Returned Mail:** Notice of Docket Entry RE: #18 sent to Andrew Q. Gould, Esq. returned as undeliverable (no longer at address). Notice not re-sent as no updated address is on file. Future notices will not be sent to this party. | |
| 04/11/2022 | Notice of rejection of brief/appendix of Krysztof G. Sobczak as noncompliant for the reasons indicated on the checklist: 33/34. Accordingly, on or before 05/15/2022, you must correct the above-listed nonconformities and submit a conforming brief and/or appendix. *Notice sent. | |
| 04/11/2022 #20 | Notice of withdrawal as counsel filed for K.W. by Attorney Amy Goganian. | |
| 04/11/2022 #21 | MOTION to withdraw as counsel filed for Law Offices of David J. Hoey PC by Attorney Amy Goganian. | |
| 04/12/2022 | RE#21: Treating the within as a motion to withdraw, it is denied without prejudice to renewal with a certificate of service showing service on the client, which also provides the court with the current contact information to send future notices in this case. Please note that a corporation cannot proceed without an attorney to represent it. Accordingly, a corporation will not be able to file a brief and/or participate in oral argument without legal representation. *Notice. | |
| 04/11/2022 #22 | Appellant brief filed for Krysztof G. Sobczak by Attorney Krzysztof Sobczak. | |
| 04/11/2022 #23 | Appendix (Vol I of II) filed for Krysztof G. Sobczak by Attorney Krzysztof Sobczak. | |
| 04/11/2022 #24 | Appendix (Vol II of II) (IMPOUNDED) filed for Krysztof G. Sobczak by Attorney Krzysztof Sobczak. | |
| 05/13/2022 #25 | RESPONSE filed for K.W. by Attorney Patricia A. DeJuneas. | |
| 05/16/2022 | RE#25: It is noted that Plaintiff/Appellee K.W. does not intend to file a responsive brief and that she dismissed her cross-appeal with prejudice on 03/01/2022. *Notice | |
| 05/17/2022 #26 | Notice of withdrawal as counsel filed for K.W. by Attorney David Hoey. | |
| 05/19/2022 #27 | Notice of withdrawal as counsel filed for K.W. by Attorney Kara Bettigole. | |
| 05/24/2022 #28 | Notice of appearance filed for K.W. by Attorney Philip Beauregard. | |
| 06/08/2022 #29 | Notice of withdrawal as counsel filed for Law Offices of David J. Hoey PC by Attorney Amy Goganian. | |
| 06/10/2022 #30 | MOTION for leave to file amicus brief filed for Law Offices of David J. Hoey PC by Attorney Philip Beauregard. | |
| 06/13/2022 #31 | RESPONSE to paper #30 filed for Krysztof G. Sobczak by Attorney Krzysztof Sobczak. | |
| 06/14/2022 | RE#30: To the extent the interested party seeks to file an amicus brief, the procedures outlined in Mass. R. App. P. 17 are to be followed, including that the brief may be conditionally filed with the motion for leave. See Mass. R. App. P. 17(a). Accordingly, the party is to refile the motion, accompanied by the proposed amicus brief, clearly marked PROPOSED, due on or before 7/11/22. Upon submission, the motion and propriety of the brief will be referred to the panel designated to decide this appeal. *Notice | |
| 06/14/2022 | RE#31: Referred to the panel designated to decide this appeal. *Notice | |
| 06/30/2022 #32 | Motion to Access Impounded Appendix filed for Law Offices of David J. Hoey PC by Attorney Philip Beauregard. | |
| 06/30/2022 #33 | Affidavit in Support of paper #32 filed for Law Offices of David J. Hoey PC by Attorney Philip Beauregard. | |
| 07/01/2022 | RE#32: A response is requested from appellant on or before 7/8/22. *Notice. | |

| | | |
|---|---|---|
| 07/08/2022 | #34 | RESPONSE to paper #32 filed for Krysztof G. Sobczak by Attorney Krzysztof Sobczak. |
| 07/08/2022 | | RE#32, #33, #34: Referred to the panel designated to decide this appeal. *Notice |
| 07/11/2022 | #35 | Motion to Extend time to File Amicus Brief filed for Law Offices of David J. Hoey PC by Attorney Philip Beauregard. |
| 07/12/2022 | | RE#35: Allowed to 07/18/22. *Notice. |
| 07/18/2022 | #36 | Amicus brief filed for Law Offices of David J. Hoey PC by Attorney Philip Beauregard. |
| 07/18/2022 | #37 | MOTION for leave to file amicus brief filed for Law Offices of David J. Hoey PC by Attorney Philip Beauregard. |
| 07/19/2022 | | RE#37: Referred to the panel designated to decide this appeal. *Notice |
| 07/20/2022 | #38 | RESPONSE filed for Krysztof G. Sobczak by Attorney Krzysztof Sobczak. |
| 07/20/2022 | | RE#38: Referred to the panel designated to decide this appeal. *Notice |
| 08/08/2022 | | Notice sent seeking information on unavailability for oral argument in October 2022 |
| 08/09/2022 | | Response from Krzysztof G. Sobczak, Esquire re: available all dates for oral argument. |
| 08/16/2022 | #39 | Response from Mark A. Aronsson, Esquire re: unavailable for oral argument October 11, 12, 13, 14, 17, 18. |
| 08/17/2022 | #40 | Motion to Participate in Oral Argument filed for Law Offices of David J. Hoey PC by Attorney Philip Beauregard. |
| 08/17/2022 | #41 | RESPONSE filed for Law Offices of David J. Hoey PC by Attorney Philip Beauregard. |
| 08/19/2022 | | RE#40: Referred to the panel designated to decide this appeal. *Notice |
| 08/19/2022 | | RE#41: Referred to the panel designated to decide this appeal. *Notice |
| 09/14/2022 | | Notice sent seeking information on unavailability for oral argument in November 2022 |
| 09/15/2022 | #42 | Response from Krzysztof G. Sobczak, Esquire re: unavailable for oral argument November 4. |
| 09/16/2022 | #43 | Response from Philip N. Beauregard, Esquire re: unavailable for oral argument November 8, 10, 15. |
| 09/30/2022 | #44 | Notice of 11/01/2022, 9:30 AM argument at John Adams Courthouse (a4) sent. |
| 10/03/2022 | | Response from Krzysztof G. Sobczak, Esquire re: will appear and argue on 11/01/2022. |
| 10/18/2022 | #45 | Email from Attorney Philip N. Beauregard re: status of amicus brief and if permitted to argue. |
| 10/21/2022 | | ORDER: It has come to the court's attention that based on the subject matter of this appeal, it appears the court may be required pursuant to G. L. c. 265, § 24C to withhold from public inspection the name of the plaintiff from the court's records. Ordinarily, this would be accomplished by the court impounding the name of the plaintiff, and the parties withholding the plaintiff's name from the appellate briefs and redacting the plaintiff's name in the record appendix. See Mass. R. A. P. 16(m) & 18(d). In this case, the trial court's notification to this court regarding impounded materials pursuant to Mass. R. A. P. 9(c) & 9(e)(2)(E) did not indicate that the plaintiff's identity was impounded and it appears from the record that the Superior Court did not withhold the plaintiff's identity from public inspection. Similarly, the civil docketing statements from the plaintiff (prior to the dismissal of the plaintiff's appeal pursuant to Rule 29[b]), Krzysztof G. Sobczak, JPA IV Management Company, Inc., and JPA I Management Company, Inc., all did not indicate that the plaintiff's identity was impounded.<br><br>It is ordered that the parties are to jointly confer and notify this court, in writing, on or before 10/25/2022, whether the parties agree that G. L. c. 265, § 24C applies, or alternatively shall show cause to the court why the statute is not applicable in these circumstances. In the event that the court determines the statute does apply, the parties would be required to file revised briefs and appendices in accordance with Mass. R. A. P. 16(m) & 18(d). Pursuant to S.J.C. Rule 1:15, § 1(b), the cases will be held as impounded pending the resolution of this issue. (Wolohojian, Ditkoff, and Walsh JJ.) *Notice. |
| 10/21/2022 | | ORDER RE##37 & 40: The Law Offices of David J. Hoey (LODJH) has filed a motion for leave to file an amicus brief together with the proposed brief (Paper #36), and has also filed a motion seeking leave to participate in oral argument (Paper #40). After review of the papers, the panel has decided to treat Paper #40 as a motion to intervene and, treating it as such, the motion is allowed. The proposed amicus brief (Paper #36) is deemed to be a brief filed on behalf of an intervenor and, as such, is accepted for filing. The Appellant, Krysztof G. Sobczak, shall have until November 4, 2022 to file a reply brief to address the arguments made by LODJH. The case is removed from the November 1, 2022 argument list, and will be rescheduled for argument later in November. The parties will be contacted by the clerk's office regarding rescheduling. (Wolohojian, Ditkoff and Walsh, JJ.) Notice |
| 10/25/2022 | #46 | RESPONSE filed for K.W., JPA IV Management Company, Inc., JPA I Management Company, Inc., LAZ Parking Limited, LLC, Carlson Hotels Management Corp, City of Boston, Radisson Hotels International Inc, Jose Ruben Rivera III, Law Offices of David J. Hoey PC, Krysztof G. Sobczak, The Keenan's Kids Foundation Inc., Andrew Q Gould and Don C. Keenan by Attorney Krzysztof Sobczak. |
| 10/28/2022 | #47 | Revised Notice of 11/15/2022 (Date Change), 9:30 AM argument at John Adams Courthouse sent. |
| 11/01/2022 | #48 | MOTION to withdraw as counsel filed for LAZ Parking Limited, LLC by Attorney Daniella Massimilla. |
| 11/01/2022 | | Response from Krzysztof G. Sobczak, Esquire re: will appear and argue on 11/15/2022. |
| 11/01/2022 | | Response from Robert P. Powers, Esquire re: will appear and argue on 11/15/2022. |
| 11/01/2022 | | Response from Michael R. Byrne, Esquire re: will appear and argue on 11/15/2022. |
| 11/02/2022 | | RE#48: Allowed. Attorney Daniella Massimilla is withdrawn. *Notice. |
| 11/07/2022 | #49 | **Returned Mail:** Notice oral argument sent to Jose Ruben Rivera III, Pro Se Defendant returned as return to sender from BHS. Notice not resent . |

| | | |
|---|---|---|
| 11/08/2022 | | (VACATED AS HAVING BEEN ENTERED IN ERROR) Notice of rejection of brief/appendix of Krysztof G. Sobczak as noncompliant for the reasons indicated on the checklist: Other: No motion seeking leave to file a response to an amicus brief was filed. Accordingly, you must correct the above-listed nonconformities and submit a conforming brief and Motion seeking leave to file said brief. *Notice sent. |
| 11/08/2022 | #50 | MOTION to strike filed for Law Offices of David J. Hoey PC by Attorney Philip Beauregard. |
| 11/08/2022 | #51 | Reply brief filed for Krysztof G. Sobczak by Attorney Krzysztof Sobczak. |
| 11/10/2022 | #52 | Notice of appearance (IMPOUNDED) filed for Law Offices of David J. Hoey PC by Attorney Dana Alan Curhan. |
| 11/10/2022 | #53 | RESPONSE filed for Krysztof G. Sobczak by Attorney Krzysztof Sobczak. |
| 11/10/2022 | | Response from Dana Alan Curhan, Esquire re: will appear and argue on 11/15/2022. |
| 11/14/2022 | | Response from Krzysztof G. Sobczak, Esquire re: (Telephone confirmation) will appear and argue on 11/15/2022. |
| 11/15/2022 | | Oral argument held. (Wolohojian, J., Ditkoff, J, Walsh, J.). |
| 11/22/2022 | | **Returned Mail:** Notice action re#48 sent to Jose Ruben Rivera III, Pro Se Defendant returned as return to sender from BHS. Notice not resent . |
| 02/14/2023 | #54 | Motion for sanctions filed for Law Offices of David J. Hoey PC by Attorney Philip Beauregard. |
| 02/15/2023 | #55 | RESPONSE filed for Krysztof G. Sobczak by Attorney Krzysztof Sobczak. |
| 02/17/2023 | #56 | RESPONSE filed for Law Offices of David J. Hoey PC by Attorney Philip Beauregard. |
| 03/31/2023 | | RE#50: No action needed as the panel's decision does not turn on anything in the reply brief. (Wolohojian, Ditkoff, Walsh, JJ.). *Notice. |
| 03/31/2023 | | RE#54: Denied for the reasons set forth in the memorandum and order of the Appeals Court issued this date. (Wolohojian,Ditkoff, Walsh, JJ.). *Notice. |
| 03/31/2023 | | RE#55: Noted. To the extent Sobczak requests an award of sanctions, said request is denied. (Wolohojian,Ditkoff, Walsh, JJ.). *Notice. |
| 03/31/2023 | #57 | Decision: Rule 23.0 Order dismissing lien affirmed. (Wolohojian, Ditkoff, Walsh, JJ.). *Notice. |
| 05/01/2023 | | **Returned Mail:** Notice decision sent to Jose Ruben Rivera III, Pro Se Defendant returned as return to sender . Notice not resent . |
| 05/15/2023 | | RESCRIPT to Trial Court. |

As of 05/15/2023 3:15pm

# EXHIBIT JJ

## GENERAL RELEASE AGREEMENT

This is a General Release Agreement by and between Krzysztof Sobczak ("Sobczak") and Kira Wahlstrom ("Wahlstrom") (collectively, "Parties") relating to Sobczak's claims for attorney fees and the Attorney Lien he filed *Wahlstrom v. JPA Management, et. al*, SUCV2010-01022 ("*Wahlstrom v. JPA*") as well as the Parties' cross-appeals currently pending in the Massachusetts Appeals Court, Case No. 2021-P-0626.

WHEREAS, the Parties acknowledge and agree that on May 1, 2009, Wahlstrom was brutally raped inside a hotel parking garage owned and operated by JPA IV Management Company, Inc. and  JPA I Management Company, Inc. (collectively, "JPA"), where a JPA employee had been raped just twelve days earlier by the same rapist.

**WHEREAS**, the Parties acknowledge and agree that in or around 2010, Wahlstrom executed a written contingency fee agreement with Attorney David J. Hoey of Hoey Law (collectively, "Hoey"), wherein Wahlstrom would pay Hoey one-third of any settlement or judgment received in connection with her claim for damages; Hoey, in turn, was responsible to pay a referral fee to Attorney Austin O'Toole and any associated counsel.

**WHEREAS**, the Parties acknowledge and agree that in or around 2014 and through 2015, Sobczak spent a substantial number of hours working directly with Wahlstrom in preparation for trial.

**WHEREAS**, the Parties acknowledge and agree that in June 2015, Wahlstrom executed a written contingency fee agreement with Attorney Don C. Keenan of The Keenan Law Firm, P.C. of Atlanta, Georgia (collectively, "Keenan"); that under the new contingency fee agreement, Wahlstrom would be responsible to pay Keenan a percentage of any damages she recovered



EXHIBIT 28
28
Wahlstrom 1-3123

through settlement or a judgment in *Wahlstrom v. JPA*; and that Keenan would be responsible for attorney and referral fees paid to Hoey and other associated counsel.

WHEREAS, the Parties acknowledge and agree that Wahlstrom and Sobczak did not execute a written contingency fee agreement between them in connection with his legal representation of Wahlstrom.

WHEREAS, the Parties acknowledge and agree that after Wahlstrom executed the contingency fee agreement with Keenan, Sobczak continued to work on Wahlstrom's case with Hoey, Keenan and an associate from Keenan's office.

WHEREAS, the Parties further acknowledge that, after a lengthy trial in 2015, the jury found that JPA's failure to increase security after the first rape or warn garage customers were substantial contributing factors in Wahlstrom's rape and awarded her $4,000,000 in compensatory damages.

WHEREAS, the Parties further acknowledge that, in or around January 2017, after Sobczak left Hoey's employment, Wahlstrom approved in writing that Sobczak "stay[] on [the] case."

WHEREAS, the Parties further acknowledge that after Sobczak was instructed by Wahlstrom to file a withdrawal from the *Wahlstrom v. JPA* case, o or around June 2019 Sobczak filed a notice of lien for attorney's fees pursuant to Mass. G. L. ch. 221, sec. 50.

WHEREAS, the Parties further acknowledge and agree that on or around November 19, 2019, JPA or their insurer paid the $4,000,000 verdict plus interest, for a total of approximately ten million dollars.

WHEREAS, the Parties represent and warrant that Wahlstrom has fully satisfied her contractual obligations to pay attorney fees on the *Wahlstrom v. JPA* case to Keenan, Hoey, their

associated counsel, and any other attorney who performed work in connection with *Wahlstrom v. JPA* by paying the total attorneys fees to Keenan to be distributed as necessary.

**NOW THEREFORE,** in consideration of mutual promises, agreements, and the undertakings herein, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1. **Incorporation of Recitals.**

The Parties agree upon the accuracy of the Recitals set forth above, and the Recitals are incorporated herein by reference.

2. **Obligations of Sobczak**

Sobczak represents and warrants that:

> Wahlstrom has fully satisfied her contractual obligation to pay attorney fees under the superseding contingency fee agreement with Keenan and that Wahlstrom does not owe any additional attorney fees to any other person, including Sobczak;
>
> He will not seek equitable relief, damages or attorney fees from Wahlstrom directly concerning work performed in *Wahlstrom v. JPA* other than from the total fee already paid to Keenan from the November 2019 settlement payment; and
>
> He will use his best and good faith efforts to avoid calling Wahlstrom as a witness, or involving her in any way, in any proceeding, including but not limited to those related to the Attorney Lien in *Wahlstrom v. JPA*, in which Sobczak makes a claim for attorney fees for work performed in *Wahlstrom v. JPA*.

3. **Obligations of Wahlstrom**

Wahlstrom represents and warrants that:

> She will file a motion to voluntarily dismiss her pending appeal from the denial of her motion for sanctions against Sobczak;
>
> She will not defend, brief, or argue against Sobczak's cross-appeal regarding issues related to his Attorney Lien; and

Wahlstrom represents and warrants that she will execute the affidavit attached hereto as Exhibit A, contents of which are incorporated herein by reference.

4.   **Effective Date**

This General Release of All Claims is effective as of February 18, 2022.

5.   **General Release of All Claims**.

Sobczak hereby acquits, releases, and forever discharges Wahlstrom, individually, from any and all claims, demands, rights, obligations, and causes of action of any kind and nature, whether known or unknown, which exist or are claimed to exist in relation to attorney fees or Sobczak's Attorney Lien in *Wahlstrom v. JPA,* except for any legal fees potentially due out of the total legal fee already paid from the November 2019 settlement payment as detailed above, which, as stated above in Paragraph 2, Sobczak will not seek equitable relief, damages or attorney fees from Wahlstrom directly. Further, Sobczak covenants not to initiate, pursue, file, or sue upon, any or all of the following: claims, causes of action, complaints, demands, suits, actions, cross-claims, counterclaims, rights, torts, defenses, debts, liabilities, indemnities, damages, offsets, judgments, losses, expenses, attorneys' fees, costs, accounts, covenants, contracts, and agreements, of any nature whatsoever, both at law and in equity, or whatever kind or nature, that were, or could have been, asserted or alleged.

Wahlstrom hereby acquits, releases, and forever discharges Sobczak from any and all claims, demands, rights, obligations, and causes of action of any kind and nature, whether known or unknown, which exist or are claimed to exist in relation to attorney fees or Sobczak's Attorney Lien in *Wahlstrom v. JPA*. Further, Wahlstrom covenants not to initiate, pursue, file, or sue upon, any or all of the following: claims, causes of action, complaints, demands, suits, actions, cross-claims, counterclaims, rights, torts, defenses, debts, liabilities, indemnities, damages, offsets, judgments, losses, expenses, attorneys' fees, costs, accounts, covenants, contracts, and agreements, of any nature whatsoever, both at law and in equity, or whatever kind or nature, that were, or could have been, asserted or alleged.

6.      **Governing Law and Venue**

This General Release of All Claims shall be interpreted and construed under the laws of the Commonwealth of Massachusetts and any dispute relating to or arising from this General Release of All Claims shall be resolved in Massachusetts and before a Massachusetts court.

**THIS IS A FULL AND FINAL RELEASE OF ALL CLAIMS AND MUST BE CAREFULLY READ AND FULLY UNDERSTOOD BEFORE SIGNING.  BY EXECUTING THIS RELEASE, YOU ACKNOWLEDGE THAT YOU HAVE CAREFULLY READ AND FULLY UNDERSTAND ALL OF ITS PROVISIONS.**

*[Signatures follow on next pages.]*

Witness the following signature and seal this _____ day of _____, 2022.

_____

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF MIDDLESEX

     Personally appeared the above-named _____ and made solemn oath that the foregoing document by him/her subscribed is true and accurate to the best of his knowledge and belief.

                  Before me,

                  _____
                  Justice of the Peace/Notary Public

                  * * * * *

Witness the following signature and seal this _____ day of _____, 2022.

_____

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF MIDDLESEX

     Personally appeared the above-named _____ and made solemn oath that the foregoing document by him/her subscribed is true and accurate to the best of his knowledge and belief.

                  Before me,

                  _____
                  Justice of the Peace/Notary Public

Witness the following signature and seal this _22_ day of _Feb._ , 2022.

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF MIDDLESEX

      Personally appeared the above-named _____ and made solemn oath that the foregoing document by him/her subscribed is true and accurate to the best of his knowledge and belief.

                           Before me,

                           _____
                           Justice of the Peace/Notary Public

                   * * * * *

Witness the following signature and seal this ____ day of _____, 2022.

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF MIDDLESEX

      Personally appeared the above-named _____ and made solemn oath that the foregoing document by him/her subscribed is true and accurate to the best of his knowledge and belief.

                           Before me,

                           _____
                           Justice of the Peace/Notary Public

CALIFORNIA NOTARY
PAGE ATTACHED.

Page **6** of **6**

**CALIFORNIA ACKNOWLEDGMENT**                                    CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _____San Luis Obispo_____ }

On __02 / 22 / 2022__ before me, _____     Dipen Brahmbhatt

         *Date*                                    *Here Insert Name and Title of the Officer*

personally appeared _____Wahlstrom Kira_____

                                   *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

> DIPEN A. BRAHMBHATT
> Notary Public - California
> San Luis Obispo County
> Commission # 2389949
> My Comm. Expires Jan 9, 2026

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

               *Signature of Notary Public*

*Place Notary Seal and/or Stamp Above*

─────────────── **OPTIONAL** ───────────────

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: ____General Release Agreement____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer – Title(s): _____ | ☐ Corporate Officer – Title(s): _____ |
| ☐ Partner – ☐ Limited ☐ General | ☐ Partner – ☐ Limited ☐ General |
| ☐ Individual     ☐ Attorney in Fact | ☐ Individual     ☐ Attorney in Fact |
| ☐ Trustee     ☐ Guardian or Conservator | ☐ Trustee     ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer is Representing: _____ | Signer is Representing: _____ |

©2019 National Notary Association

Witness the following signature and seal this __22__ day of __February__, 2022.

_____
Krzysztof G. Sobczak

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF MIDDLESEX

  Personally appeared the above-named __Krzysztof G. Sobczak__ and made solemn oath that the foregoing document by him/her subscribed is true and accurate to the best of his knowledge and belief.

             Before me,

             _____
             Justice of the Peace/Notary Public

> Ashely Maria Goncalves-Amado
> Notary Public
> COMMONWEALTH OF MASSACHUSETTS
> My Commission Expires
> January 8, 2027

            * * * * *

Witness the following signature and seal this ____ day of _____, 2022.

_____

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF MIDDLESEX

  Personally appeared the above-named _____ and made solemn oath that the foregoing document by him/her subscribed is true and accurate to the best of his knowledge and belief.

             Before me,

             _____
             Justice of the Peace/Notary Public

Page 6 of 6

Exhibit A

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT
                                                     CIVIL ACTION No: SUCV2010-01022-G

| | |
|---|---|
| KIRA WAHLSTROM, | ) |
|     *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| JOSE RUBEN RIVERA III; | ) |
| LAZ PARKING LIMITED, LLC; | ) |
| JPA IV MANAGEMENT COMPANY, INC., | ) |
| as Trustee of the John Philopoulos Associates Trust; | ) |
| and JPA I MANAGEMENT COMPANY, INC., | ) |
|     *Defendants.* | ) |

### AFFIDAVIT of KIRA WAHLSTROM
### IN REGARDS TO ATTORNEY SOBCZAK'S LIEN

    I, KIRA WAHLSTROM, being of legal age, do hereby state and aver the following, based on my personal knowledge, that:

1.    After the brutal attack I sought legal help and found attorney Austin O'Toole to help me on this case. He referred the case to LAW OFFICES OF DAVID J. HOEY, P.C. ("HoeyLaw") and in February 2010 I hired attorney Hoey to be my attorney on this case, executing a written contingent fee agreement, under which if the attorneys recover any money for me on this case, they would get paid one-third of the amounts recovered as their legal fees. This one-third of the amount recovered was to be to complete and total legal fee for all attorneys involved, including associated counsel, and with a portion of the fee specifically being directed to be paid to attorney O'Toole.

2.    As my case progressed in litigation, I worked with attorney Hoey, and various other attorneys in his office.

3.    Around 2014 I started to work mostly with attorney Sobczak, who was one of the attorneys at HoeyLaw, as the case was progressing through discovery and towards trial.

4.    Prior to the jury trial in this matter, in early 2015, I was told that Attorney Don C. Keenan, from Atlanta, would also be joining the team in preparation for trial, as he was a well known trial specialist.

5.    While preparing for the trial, in June 2015 I was presented with and signed a new fee agreement with Attorney Don Keenan and The Keenan Law Firm, P.C. ("Keenan"). A copy of that agreement is attached to this Affidavit as Exhibit 1.

6.    After I signed the new agreement with Keenan, Attorneys Sobczak and Hoey continued to work on my case.

7.    My case was tried to a jury verdict in July and August 2015, resulting in verdict for the plaintiff. At trial, I was represented by four attorneys: Don C. Keenan and Andrew Gould, David J. Hoey, and Krzysztof G. Sobczak, and I worked with all of them to various degrees.

8.    Following the jury verdict, the Court granted the JPA Defendants' motion for a new trial. I was represented by appellate counsel at the oral argument on the motion for a new trial, an interlocutory appeal, and an appeal on the merits.

9.    While this case was pending on appeal, on January 20, 2017 I learned that attorneys Hoey and Sobczak were separating their professional relationship, and I was told by Attorney Hoey that if I agreed, attorney Sobczak would remain as one of my attorneys on the team until the conclusion. I responded to both attorneys Hoey and Sobczak that yes, I want attorney Sobczak to stay on as one of the attorneys on my case.

10.    However, in March 2017 I instructed Attorney Sobczak to withdraw from the case to assist with the appeal.

11.    In 2019, the Appeals Court overturned the ruling which had granted a new trial to the JPA Defendants and the original verdict was restored. Around this same time, I learned that attorney Sobczak had filed a notice of lien in the case.

12.    Although I am not aware of the details of the various agreements between the numerous attorneys that have worked on my case, it is my understanding that I owed only one legal fee, the agreed upon continency fee stated in the attached written fee agreement, to be apportioned among all of the attorneys as appropriate.

13.    I have no position one way or another as to whether Attorney Sobczak should be paid for the work he performed on my case other than that I should not have to personally pay additional fees as I have already paid the agreed upon fee under the attached written fee agreement.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 22 DAY OF FEBRUARY 2022.

KIRA WAHLSTROM

2

Exhibit I

# MASSACHUSETTS CONTINGENT FEE AGREEMENT
## (TO BE EXECUTED IN DUPLICATE)

Date: 6/1/15  6/9/15

The Client(s):

| Kira Wahlstrom | 1227 Boston Road | Haverhill, MA 01835 |
|---|---|---|
| (Name) | (Street and Number) | (City or town) |

Following the Court's allowance of the Pro Hac Vice admission motion, retains as "Attorney" **DON C. KEENAN and THE KEENAN LAW FIRM, P.C.** with an address of 148 Nassau St. NW, Atlanta GA to perform the legal services referred to in Paragraph (1) below. The Attorney agrees to perform them faithfully and with due diligence.

(1) The claim, controversy, and other matters with reference to which the services are to be performed are:
*Premises liability claims and injuries received as a result of assault on or about May 1, 2009 in the Radisson Hotel Boston parking lot*

The Attorney will be providing services, including legal services and consulting, to the Client in connection with the Claim identified in paragraph 1 above. Because the engagement is limited to this specific undertaking, the Attorney's acceptance of this engagement does not involve an undertaking to provide any services to the Client or any of the Client's interests in any other matter unless specifically requested by the Client and agreed to by the Attorney in writing. After completion of this matter, changes may occur in pertinent laws or regulations that may have an impact upon your future rights and liabilities. Unless the Client engages the Attorney, after completion of this matter to provide advice on future issues arising from this matter, the Attorney will have no obligation to provide any advice to the Client with respect to future legal developments.

The Client may limit or expand the scope of this engagement from time to time, provided that the Attorney must agree in writing to any changes in the scope of the representation. Except as otherwise agreed to in writing, the terms of this Agreement apply to all changes in the scope of engagement and to all additional engagements for the Client which the Attorney may undertake.

(2) The contingency upon which compensation is to be paid is: **recovery of damages, whether by settlement, judgment or otherwise.**

(3) The Client is not to be liable to pay compensation otherwise than from amounts collected for (him) / (her) by the Attorney except as follows: If no recovery is made, the Client shall not owe the Attorney any sum as attorney's fees, nor shall the Client be responsible to reimburse the Attorney for any costs, except as provided in Sections 6, 7 and 8.



Page 1 of 6

(4)    Reasonable compensation (including that of any referring and/or associated counsel) on
the foregoing contingency is to be paid by the Client to the Attorney, but such
compensation including that of any associated counsel shall be the following percentage
of the gross amount collected for the client:

**33 and 1/3 % (thirty-three and one-third percent) of gross amount recovered**

The above stated percentage shall be increased by an additional Two Percent (2%) of
gross recovery if the matter is concluded/settled after an appellate brief is filed in an
applicable appellate court or body by the Attorney on behalf of the Client, and an
additional Five Percent (5%) of gross recovery if matter is retried/concluded/settled
following an appellate decision.

The percentage shall be applied to the amount of the recovery not including any
attorney's fees awarded by a court or included in a settlement. The lawyer's
compensation shall be such attorney's fees or the amount determined by the percentage
calculation described above, whichever is greater. The compensation determined is
separate and independent from costs and expenses of litigation, detailed in paragraph 5.

Referring/Associated Counsel:

The Client understands that a portion of the compensation payable to the Attorney
pursuant to the paragraph above shall be paid to: the Law Offices of David J. Hoey, P.C.
and consents to this division of fees.  Client understands that the Client will not be
charged any additional legal fees.

(5)    The Client is to be liable to the attorney for his reasonable expenses and disbursements if
there is a favorable disposition of the legal matter. In the event of a favorable disposition,
expenses and disbursements will be deducted after the contingent fee is deducted. The
Client acknowledges and agrees that the attorney may borrow funds from time to time to
pay certain costs associated with pursuing and litigating the case and agrees that, in
addition to reimbursing the attorney for the amount of such costs, the client also will
reimburse the attorney for any interest charges and related expenses the attorney incurs in
connection with such borrowings.

The Attorney agrees to advance, on behalf of the Client, all reasonably necessary out-of-
pocket costs and expenses of litigation at the discretion of the Attorney. However, this
agreement in no way obligates the Attorney to advance/lend any funds on this case. The
Attorney may choose to do so, and may choose to cease doing so for any reason
whatsoever, with notice to the Client.

(6)    In the event that the Attorney makes a recommendation regarding the pursuit of the
claim, including that a claim not be pursued, or that the claim should be settled, or that
the claim should be dismissed, and the Client refuses to accept the recommendation by
the Attorney, the Attorney may, at its option, withdraw from representation. If the claim

Page 2 of 6

is in litigation, withdrawal will be subject to Court approval. Should the Attorney continue representation, the Client agrees to reimburse the Attorney for the amount of such costs, reasonable expenses and disbursements incurred thus far, and to pay all costs and expenses as incurred from that time forward, payable in advance.

(7) This fee agreement applies to all services rendered in pursuing the above referenced claim, but not to matters ancillary to the above claim, such as probate court proceedings, guardianships and trusts or estate services, and resolutions of Medicare liens and Medicaid claims.

Pursuant to Massachusetts General Laws, any net proceeds (gross recovery less compensation, costs, and expenses) due to the Client at the time of settlement may, and if applicable, will, be subject to liens/attachment by, but not limited to, Medicare, Medicare Advantage Plans, MassHealth, Medicaid, Department of Revenue, Department of Transitional Assistance, Department of Estate Recovery, Department of Liability Recovery, SSI, private Health Insurance, Short Term/Long Term Disability claims, and medical providers, if any, that may be owed by the Client. All proper Liens will have to be satisfied before the balance of the settlement can be remitted to the Client.

Client hereby acknowledges and understands that current law and regulations regarding Medicare, Medicare Advantage Plans, Medicaid or private health insurance plans (healthcare providers) may require all parties involved in this matter (Client, attorney, defendant, and any insurance companies) to compromise, settle, or execute a release of healthcare providers' reimbursement claims or liens for past and / or future injury-related claims, including hiring separate experts / case workers who assist with resolving any claims. Attorney may take all steps in this matter deemed advisable for the handling of such payments prior to distributing any verdict or settlement proceeds. Client agrees that the defendant, and any insurance companies separate claim for reimbursement / lien for past and future medical care. The expense of any such service shall be treated as a case expense and deducted from the net recovery and shall not be paid out of the attorney's contingent fee in this matter.

(8) If the client terminates the attorney-client relationship before the conclusion of the case for any reason, the attorney may seek payment for the work done and expenses advanced. Whether Attorney will receive any payment for the work done before the termination, and the amount of any payment, will depend on the benefit for the Client of the services performed by Attorney as well as the timing and circumstances of the termination. Such payment shall not exceed the lesser of (i) the fair value of the legal services rendered by Attorney or (ii) the contingent fee to which the lawyer would have been entitled upon the occurrence of the contingency. This paragraph does not give Attorney any rights to payment beyond those conferred by existing law.

(9) The Attorney may withdraw from representing the Client if withdrawal can be accomplished without material adverse effect on the interest of the Client, or if:

(a)   the Client persists in a course of action involving the Attorney's services that the Attorney reasonably believes is criminal or fraudulent;

(b)   the Client has used the Attorney's services to perpetuate a crime or fraud;

(c)   the Client insists upon pursuing an objective that the Attorney considers repugnant or imprudent;

(d)   the Client fails substantially to fulfill an obligation to the Attorney regarding its services and has been given reasonable warning that the Attorney will withdraw unless the obligation is fulfilled;

(e)   the representation will result in an unreasonable financial burden on the Attorney or has been rendered unreasonably difficult by the Client; or

(f)   other good cause for withdrawal exists.

(10)   The Client is responsible for payment of all of the Client's former/prior counsel's reasonable attorney's fees and reasonable costs and expenses and the cost of resolving any dispute between the Client and any other prior counsel over fees or expenses relating to the claim identified in paragraph (1), except if the former/prior counsel is identified as the referring or associated counsel in paragraph (4).

(11)   During the course of the engagement, the Attorney shall maintain a file on the Client's behalf that will include both physical documents and electronically stored information ("the file"). The file may include either original or copies of material such as pleadings, transcripts, exhibits, reports, contracts, wills, certificates and other documents as are determined to be reasonably necessary to the representation. The file shall be and remain the Client's property. The Law Firm may also include in the file attorney work product, mental impressions and notes (collectively "work product"). The work product shall be and remain the property of the Attorney.

At the termination of the engagement, if requested in writing by the Client, the Attorney will return to the Client all original documents that were provided. Further, for a period of six (6) years (unless otherwise required by the Rules of Professional Conduct or applicable laws) after termination of the engagement or upon conclusion of the engagement, and provided there are no outstanding unpaid statements for fees and/or costs or expenses owed by the Client to the Attorney, the Client shall have the right on request to take possession of the file, not including the work product, unless at the conclusion of the engagement, the Client has requested and/or confirmed in writing, that the Attorney properly dispose all or parts of the file (unless otherwise required by the Rules of Professional Conduct or applicable laws). In either such event, the Attorney, at his/her/its expense may make and retain copies of all or portions of the file. If the Client does not request possession of the file within this time period, the Attorney will have no further responsibility for the retention and maintenance of the file and may at its option properly dispose of all or parts of the file without further notice to you.

(12)   The Client hereby acknowledges and confirms, by signature on this agreement, and by initialling by all paragraphs (1-4), that the Attorney has explained the provisions of this agreement, where it differs from the SJC Model Form agreement, and specifically with the respect to responsibility for court costs and expenses of litigation. Additionally, the

Client acknowledges that the Attorney has advised the Client that different forms of agreements may be available, and that the Client selects the provisions as stated herein. By signing below, the Client acknowledges that he or she has carefully read this Agreement, understands its contents, and agrees to be bound by all of its terms and conditions; that the Attorney has made no representation to the Client as to the likelihood of the outcome of any proceeding now pending or to be brought by or against the Client, and that the Client believes this Agreement to be fair and reasonable. The Client understands that the Attorney cannot and does not promise or even predict that its efforts will be successful, and this Agreement is not based upon any such promises or anticipated results. Furthermore, the Client understands it is possible that the cost to the Client of the Attorney's work may exceed the value of whatever the Client may gain.

(13)     This Contingent Fee Agreement (6 pages, 14 paragraphs, and attachments) encompasses the entire agreement of the parties (the Client and the Attorney), and supersedes all previous understandings and agreements between the parties, whether oral or written. The parties hereby acknowledge and represent that said parties have not relied on any representation, assertion, guarantee, warranty, collateral contract or other assurance, except those set out in this agreement, made by or on behalf of any other party or any other person or entity whatsoever, prior to the execution of this agreement. This agreement may only be modified in writing, signed by all parties the agreement.



(14)     This agreement and its performance are subject to rule 1.5 of the Rules of Professional Conduct as adopted by the Supreme Judicial Court ("SJC") of Massachusetts. (Last updated and effective as of January 1, 2013) (copy attached).

**WE HAVE EACH READ, UNDERSTOOD AND AGREED TO THE ABOVE AGREEMENT BEFORE SIGNING IT. EACH PARTY HERETO ACKNOWLEDGES RECEIPT OF AN EXECUTED DUPLICATE OF THIS AGREEMENT.**

Signatures

Kim Wahlstrom
Client(s) (Print)

(Signature of Client(s))

DON C. KEENAN
for THE KEENAN LAW FIRM, P.C.
(Attorney)

(Signature of Attorney)

**THIS AGREEMENT BECOMES EFFECTIVE WHEN RETURNED TO AND SIGNED BY THE ATTORNEY FOR THE LAW FIRM.**

# EXHIBIT KK

# Wahlstrom v. JPA IV Management Company, Inc.

Appeals Court of Massachusetts

November 6, 2019, Entered

17-P-1524

**Reporter**

2019 Mass. App. Unpub. LEXIS 741 *; 96 Mass. App. Ct. 1108; 138 N.E.3d 1045; 2019 WL 5788001

KIRA WAHLSTROM *vs.* JPA IV MANAGEMENT COMPANY, INC., trustee,[1] & another.[2]

**Notice:** SUMMARY DECISIONS ISSUED BY THE APPEALS COURT PURSUANT TO ITS RULE 1:28, AS AMENDED BY 73 MASS. APP. CT. 1001 (2009), ARE PRIMARILY DIRECTED TO THE PARTIES AND, THEREFORE, MAY NOT FULLY ADDRESS THE FACTS OF THE CASE OR THE PANEL'S DECISIONAL RATIONALE. MOREOVER, SUCH DECISIONS ARE NOT CIRCULATED TO THE ENTIRE COURT AND, THEREFORE, REPRESENT ONLY THE VIEWS OF THE PANEL THAT DECIDED THE CASE. A SUMMARY DECISION PURSUANT TO RULE 1:28 ISSUED AFTER FEBRUARY 25, 2008, MAY BE CITED FOR ITS PERSUASIVE VALUE BUT, BECAUSE OF THE LIMITATIONS NOTED ABOVE, NOT AS BINDING PRECEDENT. SEE *CHACE* V. *CURRAN, 71 MASS. APP. CT. 258, 260 N.4, 881 N.E.2d 792 (2008)*.

PUBLISHED IN TABLE FORMAT IN THE MASSACHUSETTS APPEALS COURT REPORTS

PUBLISHED IN TABLE FORMAT IN THE NORTH EASTERN REPORTER.

**Prior History:** Wahlstrom v. Laz Parking, Ltd., LLC, 2016 Mass. Super. LEXIS 120 (Mass. Super. Ct., May 19, 2016)

**Judges:** Rubin, Maldonado & Lemire, JJ. **[*1]**

# Opinion

*MEMORANDUM AND ORDER PURSUANT TO RULE 1:28*

---

[1] Of the John Philopoulos Associates Trust.

[2] JPA I Management Company, Inc.

After she was raped in a parking garage owned and operated by the defendants, in which the very man who raped her had raped another woman less than two weeks earlier, the plaintiff, Kira Wahlstrom, brought suit alleging that her rape resulted from the defendants' negligence. A jury found for the plaintiff and awarded her $4 million in damages. The defendants filed a motion for new trial alleging misconduct by the plaintiff's attorneys. The motion judge, who was also the trial judge, allowed the motion. The plaintiff appealed from that decision. We issued an opinion holding that the motion judge's analysis applied the wrong legal standard. See *Wahlstrom* v. *JPA IV Mgt. Co., 95 Mass. App. Ct. 445, 450, 127 N.E.3d 274 (2019)*. At the time our opinion issued, there was in the trial court a pending motion to disqualify the motion judge based on public statements he had made about the case. We reasoned that, if the disqualification motion was denied, the motion judge would be in the best position to consider the motion for new trial under the appropriate standard, but if it was allowed then we would be in as good a position as any trial judge to assess it. *Id.* at 453-454. Consequently, we stayed the appeal pending a **[*2]** decision on the motion for disqualification. On August 8, 2019, the defendants reported to us the motion judge had recused himself from the case. Consequently, we lift the stay and decide the case on the merits.

As we explained in *Wahlstrom*, a motion for new trial based on attorney misconduct may be allowed only if "an actual 'miscarriage of justice would result' if the verdict were allowed to stand." 95 Mass. App. Ct. at 449, quoting *Evans* v. *Multicon Constr. Corp., 6 Mass. App. Ct. 291, 295, 375 N.E.2d 338 (1978)*.[3] The focus of

---

[3] We held that the motion judge mistakenly applied the "prejudicial error" standard of review of *Fyffe* v. *Massachusetts Bay Transp. Auth., 86 Mass. App. Ct. 457, 472, 17 N.E.3d 453 (2014)*, which articulated an appellate standard of review applicable to direct appeals from the judgment, not a standard of review to be used by trial court judges in assessing motions for new trial. *Wahlstrom, 95 Mass. App. Ct. at 448-449*. In

such a motion is not on the "egregiousness of, or the disrespect to the court shown by, attorney misconduct," but "the harmful impact of the errors." *Wahlstrom, supra* at 450.

On appeal, the defendants point to several instances of alleged misconduct they say warrant a new trial. The judge granted a new trial based on four of them and did not rely on the rest. Those on which the judge relied are discussed at some length in our prior opinion, and we need not repeat all details of that discussion here. See *Wahlstrom, supra* at 450-453.

First, before the trial, the judge held inadmissible the contents of a discussion plaintiff's counsel had had with the rapist. Plaintiff's counsel said in opening statements that he had spoken with the rapist but did **[*3]** not say what the rapist told him. See *Wahlstrom, supra* at 451 n.9. Whether or not this violated the "spirit" of the judge's ruling, as the judge found it did, *id.* at 451, any harm stemming from it was minimal.

Second, plaintiff's counsel repeatedly, in violation of the judge's rulings and in front of the jury, attempted to impeach a security guard's testimony that he did not see the rapist on the night of the first rape by referring to video footage (video) that, according to plaintiff's counsel, showed the security guard viewing the rapist. According to the defendants, the "[m]ost important[ ]" reason this misconduct warranted a new trial is that the video did not show the guard observing the rapist. We have examined the video, and it shows the silhouette of a guard in the same frame as the rapist for several seconds, but it is not possible to determine where the guard is looking. This shows at a minimum that the guard was in a position to view the rapist. The

defendants also argue that plaintiff's counsel's statements "would permit [an] inference" that the guards should have apprehended the rapist on the first night, but we disagree. While his conduct was no doubt inappropriate, plaintiff's counsel did **[*4]** not say that the guard saw the rapist doing anything that would have warranted his being apprehended.[4]

Third, the defendants refer to comments made by counsel for the plaintiffs suggesting to the jury that the defendants did not accept responsibility for the rape. The first is a reference by plaintiff's counsel in opening statements to cross claims the defendants had made against each other, in violation of a pretrial order. But the judge gave an unobjected-to curative instruction to the jury that those cross claims were "not for the jury to consider." The other is a series of questions to the defendants' general manager regarding whether she thought the rape was merely "alleged," but the witness responded that she thought the plaintiff had been raped. Due to the judge's instructions and the witness's response, this behavior did not create a miscarriage of justice.

Fourth, plaintiff's counsel asked a witness whether he was aware that the sale price of the hotel was $143 million. The judge interjected before the witness could answer, and in his decision found that, because the damages sought were substantially higher than what the jury awarded, this question might not have made a difference **[*5]** to the jury's decision. Again, there was no miscarriage of justice.

We turn now to the instances of alleged misconduct raised by the defendants but not addressed by the judge. In opening statements, plaintiff's counsel referred to Department of Justice statistics concerning the frequency with which people are victims of violent crimes in parking garages, and stated that "[t]he media will be here to be an advocate for [the plaintiff]. That's how important these issues are." The defendants objected to neither statement. While the absence of an objection is not always dispositive, see *Wahlstrom, 95 Mass. App. Ct. at 449*, in this case, especially given the absence of any objection, the comments were not so

---

*Fyffe*, we applied the more defendant-friendly prejudicial error standard to evaluate arguments relevant to the motion for new trial because that case was also on direct appeal from the judgment, to which those arguments were also relevant. See *Wahlstrom, 95 Mass. App. Ct. at 448-449*. In a motion for reconsideration filed on June 24, 2019, the defendants argued that we overlooked *Gath* v. *M/A-Com, Inc.*, 440 Mass. 482, 802 N.E.2d 521 (2003), which they argue imposes a lesser standard of "prejudicial misconduct of counsel that is not cured by the judge's instructions to the jury." *Id.* at 492. Whether or not there is any difference between that standard and the one we articulated in *Wahlstrom*, *Gath*, like *Fyffe* but unlike the instant case, was also on direct appeal from the judgment. See *Gath, supra* at 499. The motion for reconsideration also insists that using the prejudicial error standard will avoid the prospect of successive appeals. This is not a sufficient reason to overrule *Evans*.

---

[4] The motion judge, working from an unfinalized transcript, incorrectly stated that plaintiff's counsel said that the video would show the guard visualizing the first rape, which might have raised both problems the defendants argue apply to the statement plaintiff's counsel actually made. We need not and do not decide whether that comment would have created a miscarriage of justice.

2019 Mass. App. Unpub. LEXIS 741, *5

inappropriate as to create a miscarriage of justice.

Next, in opening, plaintiff's counsel said, "[T]he other reason we are here is that one of the benefits of having a tort law is that people who hear about decisions or have decisions rendered against them will be deterred from acting in the same way in the future." This statement was allowed by the judge but objected to by the defendants.[5] The defendants argue that the statement was an attempt to "communicate to jurors that they should use their verdict to punish Defendants **[\*6]** and safeguard the community." But whether or not this is true — deterrence and punishment are different concepts, and plaintiff's counsel did not mention punishment — the judge also foreclosed that interpretation by instructing the jury that "the purpose of negligence law in the Commonwealth of Massachusetts is to compensate a victim for her injuries if you find that there was negligence and she was injured as a result. The purpose of the tort law is not to punish any defendant and it's not to reward, give a windfall to the plaintiff." The defendants also complain about the following statement, to which they did not object, made by plaintiff's counsel in closing, which they say is an "indirect reference to concepts of punishment and deterrence": "Maybe you'll be going in a parking garage, maybe you'll hear of a rape. I don't know, but your mind will flashback to August 2015 in Suffolk County Court House. And when it does, we want you to smile and hold your head up high and say, I did the right thing." We disagree that the statement has any improper undertones concerning deterrence or punishment.

The defendants also argue that a new trial was warranted because of statements in opening **[\*7]** and closing involving plaintiff's counsel's references to "safety rules," which the defendants argue were "improper and unfairly prejudicial" because they were attempts to "supplant the governing law — traditional negligence concepts of reasonable care — and replace it with a standard of 'maximum safety.'" We disagree that they have this implication. In his opening statement, immediately before his reference to safety rules, plaintiff's counsel said, "It is up to you, the jury, to determine what is reasonable as the Court will tell you later." In any event, as a result of the defendants' objection, the judge instructed the jury in accordance with Mass. G. Evid. § 414 (2015), which provides that

"[s]afety rules . . . may be offered by either party in civil cases as evidence of the appropriate care under the circumstances." The judge then elaborated, "That means that assuming some witness testifies to a particular industry standard or safety regulation or law, if there is testimony like that from a witness, you need to determine whether in fact there is a safety standard. That is, whether the witness has said there is a safety standard, and you would accept that as true. . . . And then, secondly, if that happens, **[\*8]** if you hear evidence that there is a safety standard or regulation or rule and you find that it is true, then if you find that it was violated by these defendants, you can consider that as one piece of evidence about whether or not they were negligent." Given these thorough contemporaneous instructions, we are confident the jury were correctly apprised of their role following opening statements.

Also, the defendants complain of plaintiff's counsel's use of "safety rules" in closing because, they claim, there was no evidence of any such rules. But the plaintiff's security expert testified that "standards of care" are "also referred to as best practice and sometimes rules or regulations," and that in the security field "best practices" are used, implying that there exist industry standards, albeit not in written form. That plaintiff's counsel referred to them as "rules," while perhaps somewhat inaccurate, is not enough to warrant a new trial.

Finally, the defendants complain that plaintiff's counsel unjustifiably put evidence of subsequent remedial measures before the jury in violation of a pretrial ruling. Plaintiff's counsel asked a witness, "You're aware that there's cameras on each **[\*9]** parking level in that garage now, aren't you?" The judge instructed the witness not to answer the question and the jury to disregard it. While this question should not have been asked, it did not create a miscarriage of justice.

For the foregoing reasons, none of the actions by plaintiff's counsel individually created a miscarriage of justice. Moreover, after careful consideration and "a survey of the whole case," Wahlstrom, 95 Mass. App. Ct. at 447, quoting Evans, 6 Mass. App. Ct. at 295, we conclude that the cumulative effect of the attorneys' misconduct does not meet the "relatively high" burden necessary to warrant a new trial. Wahlstrom, supra.

Our stay of the appeal is lifted, and the order allowing the defendants' motion for new trial is reversed.

*So ordered.*

---

[5] Earlier the judge had precluded references to deterrence. The judge later said that he was confused during opening statements, but that it was "not [plaintiff's counsel's] fault, my own fault."

2019 Mass. App. Unpub. LEXIS 741, *9

By the Court (Rubin, Maldonado & Lemire, JJ.[6]),

Entered: November 6, 2019.

_____

**End of Document**

---

[6] The panelists are listed in order of seniority.

# EXHIBIT LL

SUPREME JUDICIAL COURT
for the Commonwealth
Case Docket

KIRA WAHLSTROM vs. CARLSON HOTELS MANAGEMENT CORP & others
FAR-26934

## CASE HEADER

| | | | |
|---|---|---|---|
| Case Status | FAR applic withdrawn | Status Date | 11/22/2019 |
| Nature | Real property dispute | Entry Date | 06/28/2019 |
| Appeals Ct Number | 2017-P-1524 | Response Date | 07/12/2019 |
| Appellant | Plaintiff | Applicant | Defendant |
| Citation | | Case Type | Civil |
| Full Ct Number | | TC Number | 1084CV01022 |
| Lower Court | Suffolk Superior Court | Lower Ct Judge | Paul D. Wilson, J. |

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| Kira Wahlstrom<br>Plaintiff/Appellant | Patricia A. DeJuneas, Esquire<br>David J. Hoey, Esquire<br>Ashley Allen, Esquire |
| Carlson Hotels Management Corp<br>Defendant/Appellee | Michael J. Kerrigan, Esquire<br>William J. Dailey, Jr., Esquire |
| City of Boston<br>Defendant/Appellee | Lisa A. Skehill Maki, Esquire |
| JPA 1 Management Co Inc<br>Defendant/Appellee | Michael J. Kerrigan, Esquire<br>William J. Dailey, Jr., Esquire<br>Lawrence J. Kenney, Jr., Esquire<br>Patrick Driscoll, Esquire<br>Mark A. Aronsson, Esquire |
| JPA IV Management Company Inc<br>Defendant/Appellee | Michael J. Kerrigan, Esquire<br>Lawrence J. Kenney, Jr., Esquire<br>Patrick Driscoll, Esquire<br>Mark A. Aronsson, Esquire |
| Laz Parking Limited LLC<br>Defendant/Appellee | John J. Jarosak, Esquire<br>Bethany Minich, Esquire<br>Daniella Massimilla, Esquire<br>Nora Rose Adukonis, Esquire |
| Park Square Revival Corp<br>Defendant | |
| Radisson Hotels International Inc<br>Defendant/Appellee | Michael J. Kerrigan, Esquire<br>William J. Dailey, Jr., Esquire<br>Lawrence J. Kenney, Jr., Esquire<br>John D. Hanify, Esquire<br>Arivee Vargas, Esquire |
| Jose Ruben Rivera III<br>Defendant | |
| Andrew Q Gould<br>Other interested party | |
| Don C. Keenan<br>Other interested party | |
| The Keenan's Kids Foundation Inc<br>Other interested party | Richard A. Goren, Esquire |

## DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 06/28/2019 | | Docket opened. |
| 06/28/2019 | #1 | FAR APPLICATION filed for JPA IV Management Company, Inc. as Trustee of the John Philopoulos Associates Trust and JPA I Management Company, Inc. by Attorney Mark Aronsson. |
| 07/01/2019 | #2 | MOTION to dismiss appellee's application for further appellate review filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. (Referred to the Quorum) |
| 07/03/2019 | #3 | OPPOSITION to Paper #2 filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. |

| 11/06/2019 | #4 | Status Report filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 11/19/2019 | #5 | LETTER filed for Kira Wahlstrom by Attorney Patricia A. DeJuneas. |
| 11/22/2019 | #6 | MOTION to withdraw application for further appellate review filed for JPA 1 Management Co Inc and JPA IV Management Company Inc by Attorney Mark Aronsson. (ALLOWED). |
| 12/09/2019 | #7 | Returned Mail: Notice of Docket Entry (paper #6) sent to Jose Ruben Rivera, III was returned by the post office. "Return to Sender. Not Deliverable as Addressed. Unable to Forward.". |

As of 12/24/2019 12:20pm

# EXHIBIT MM

| | |
|---|---|
| **From:** | David Hoey </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=78C5C2D2D35A48329EE51C1EE28C37A8-DHOEY> |
| **Sent:** | Tuesday, December 17, 2019 3:15 PM |
| **To:** | 'Tara Vary' <tvary@neirg.com> |
| **Cc:** | Nick Giacoumakis <nick@neirg.com>; kirawahlstrom@live.com |
| **Subject:** | RE: Secure: RE: Wahlstrom - Wire instructions |

I just authorized a wire in the amount of $4.85 million. (More to come later). The wire should come from Hancock Whitney Bank. The contact there is:
**James "Scott" Lawrence**
*Banking Officer, Financial Service Associate II*
Scott.Lawrence@hancockwhitney.com
3063 US HWY 98 W, Santa Rosa Beach, FL 32459
Office 850-278-2420
Int. Ext: 4662424
Fax 850-622-4026
NMLS #708799



**From:** Tara Vary <tvary@neirg.com>
**Sent:** Tuesday, December 17, 2019 11:22 AM
**To:** David Hoey <dhoey@hoeylaw.com>
**Cc:** Nick Giacoumakis <nick@neirg.com>; kirawahlstrom@live.com
**Subject:** RE: Secure: RE: Wahlstrom - Wire instructions
Hello David,
Sorry to bother you again. I spoke to Charles Schwab this morning they still don't have the wire. They said if you can give us the bank sending the funds, the exact amount and roughly the date/time it was sent they could do a better job of tracking it through the system. Is there anyway you could provide me with that information?
Any help you can provide would be appreciated. Have a nice day.
Tara Vary
Client Service Associate

New England
Investment & Retirement
Group, Inc.
231 Sutton Street
Suites 2A and 2B
North Andover, MA 01845
Main Line: 978-975-2559
Fax: 978-975-2789
tvary@neirg.com
*The information contained herein is based upon sources believed to be true and accurate, but no guarantee is made to the completeness and accuracy of this information. Past performance is not indicative of future results.*
*This message contains confidential information and is intended for the recipient. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Email transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of any email transmission sent or received. If verification is required, please request a hard-copy version.*

**From:** Tara Vary
**Sent:** Monday, December 16, 2019 11:42 AM
**To:** David Hoey <dhoey@hoeylaw.com>
**Cc:** Nick Giacoumakis <nick@neirg.com>; kirawahlstrom@live.com
**Subject:** RE: Secure: RE: Wahlstrom - Wire instructions
David – Thank you so much for the heads up. It is very much appreciated.
Tara Vary
Client Service Associate

LDH 0042194

# EXHIBIT NN

| **From:** | David Hoey </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=78C5C2D2D35A48329EE51C1EE28C37A8-DHOEY> |
|---|---|
| **Sent:** | Sunday, March 29, 2020 2:53 PM |
| **To:** | 'kira wahlstrom (kirawahlstrom@live.com)' |
| **Subject:** | CONFIDENTIAL COMMUNICATION ATTORNET CLIENT |
| **Attach:** | Wahlstrom expenses final.xlsx |

Kira- here is Excel accounting sheet.

If you have any questions or dispute any of the expenses please let me know.

If you approve of the expenses and distribution please indicate so by signing at the bottom of the excel sheet.

If you need me to mail it to you I can do that as well.

We are actively pursuing fees and costs against Sobczak associated with his frivolous lien.

Patty expenses continue to go up because JPA are still fighting the Judgment. As you know that hearing is set for April 21 at 10:00AM

Talk soon.

David.

David J. Hoey, Esq.
Law Office of David J. Hoey, P.C.
352 Park Street, Suite 105
North Reading, MA 01864
p: 978-664-3633 | f: 978-664-3643
dhoey@hoeylaw.com
www.hoeylaw.com

NOTICE REGARDING PRIVILEGED/CONFIDENTIAL COMMUNICATION

*The information contained in this electronic message, including any attachments, is intended solely for the use of the individual or entity named as addressee above and is protected by the law from discovery. The contents of this message may contain information that is confidential, protected by the attorney-client privilege, work product doctrine, joint defense privileges, and/or other applicable protections from disclosure. If you, as the reader, are not the intended recipient, or the employee or other agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution, reproduction, forwarding, or copying of this communication, and any attachments thereto, is strictly prohibited. If you have received this communication in error or no longer have privileges thereto, please immediately notify The Law Offices of David J. Hoey at 978-664-3633 or by return e-mail, and permanently delete the original and any copy of this e-mail message and any printout thereof. Please do not review or take any action other than contacting me. Further, we believe that this email and any attachment are free of any virus or other defect that might affect any computer system into which it is received and opened, but it is your responsibility to ensure that it is virus free and neither I nor The Law Office of David J. Hoey, P.C. bears any responsibility for any loss or damage arising in any way from its use. Nothing in this email is intended to or shall constitute an "electronic signature", unless there is a specific statement in this e-mail to that effect. Thank you.*



EXHIBIT
6
Wahlstrom 1-31-

LDH 0042117

Walhstrom v. JPA, etc.

Case Expenses

| | |
|---|---|
| Filing Fees | $584.20 |
| Postage | $3,030.36 |
| Advocate Capital | $238,839.29 |
| Deposition Transc. | $12,671.85 |
| Travel/Parking/Tolls/Uber | $15,491.45 |
| Ann Burgess, RNC | $14,250.00 |
| Public Documents | $883.20 |
| Patty DeJuneas, Esq. | $197,091.52 |
| Robert Cordy, Esq. | $16,000.00 |
| Hotel | $13,683.94 |
| Atlas Safety and Security | $32,729.93 |
| The Hotel Experts | $6,118.75 |
| Photocopies | $9,964.60 |
| Greystone Investigations | $17,108.61 |
| Trial Transcripts | $47,002.00 |
| Process Server | $2,930.50 |
| Medical Records | $615.36 |
| Amy Goganian, Esq. | $41,231.72 |
| Expert Intel Reports | $4,450.00 |
| Focus Groups | $1,655.09 |
| Richard Goran, Esq. | $20,824.00 |
| MCLE | $752.02 |
| Tom Mullen, Esq. | $2,000.00 |
| Office Supplies, etc. | $1,992.87 |
| James Bolan, Esq. | $8,432.39 |
| Spotters at Trial | $242.25 |
| Dropbox | $99.00 |
| Lewis Brisois Bisgaard Smith | $561.24 |
| Win Interactive | $106,379.79 |
| Sage Loan | $153,330.00 |

LDH 0042118

| Item | Amount |
|---|---|
| Sheriff | $268.50 |
| Marguerita Reczycki | $5,036.50 |
| Advanced Photo | $309.75 |
| Book/ Manuals | $178.81 |
| John Vail, Esq. | $2,655.00 |
| Catherine Giordano, Esq. | $1,316.00 |
| Mediator | $1,600.00 |
| Pro Hac Fees | $602.00 |
| National Crime Victims | $275.00 |
| Speak Write | $1,636.05 |
| AMEX Misc. | $1,151.96 |
| Video Electronics | $103.00 |
| Dunn and Bradstreet | $103.69 |
| That's Great News | $623.70 |
| Paris Marketing | $600.00 |
| | |
| Keenan Law Firm | $34,853.88 |
| Kira Wahlstrom | $4,857,000.00 |
| Attorney Fee | $4,025,036.50 |
| | |
| | **$9,904,296.27** |
| | |
| | $9,987,683.80 |
| | ($9,904,296.27) |
| | $83,387.53 |

LDH 0042119

Opened 6/7/2010 - present

This is the lender for the majority, but not all, of the litigation expenses.

The appeal and subsequent judgment motions
The appeal Consultant

Plaintiff Crimininalogist expert
Experts against Radisson (Judge Wilson let Radisson out of the case)

Private Investigator. Went to prison with me to interview The Asshole

This is who we hired to fight the Sobczak lien.
Defense experts background search

This is who we hired to fight Intellectual Property, Patent, Trademark infringment and confidentiality

Your Estate Plan

This was Ethics counsel who consulted regarding Wilson, Sobczak, the Appeal and other areas of concern.

Related to Sobczak and complaint to the Board
Annimation, courtroom IT services and other demonstrative evidence
loan

LDH 0042120

Constitutional Law attorney
Research and writing attorney

Media
Media

Keenan's firm's out of pocket expenses
Includes the $2,000.00 and $5,000.00 advanced and the $4,850,000.00 to New England Investments
Not yet paid

Wired from Zurich

Remaining

# EXHIBIT OO

| | |
|---|---|
| **From:** | David Hoey </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=78C5C2D2D35A48329EE51C1EE28C37A8-DHOEY> |
| **Sent:** | Monday, March 30, 2020 12:09 PM |
| **To:** | 'kira wahlstrom' <kirawahlstrom@live.com> |
| **Subject:** | RE: CONFIDENTIAL COMMUNICATION ATTORNET CLIENT |

thanks

**From:** kira wahlstrom <kirawahlstrom@live.com>
**Sent:** Monday, March 30, 2020 12:05 PM
**To:** David Hoey <dhoey@hoeylaw.com>
**Subject:** Re: CONFIDENTIAL COMMUNICATION ATTORNET CLIENT
Oh i could use an outing ill come by this week

Get Outlook for Android

**From:** David Hoey <dhoey@hoeylaw.com>
**Sent:** Monday, March 30, 2020 12:00:05 PM
**To:** 'kira wahlstrom' <kirawahlstrom@live.com>
**Subject:** RE: CONFIDENTIAL COMMUNICATION ATTORNET CLIENT
Ok. Thank you.
Can you sign off on it from your location or should I send you a hard copy for signature?
Or, you can always stop by the office. I'm the only one here.

**From:** kira wahlstrom <kirawahlstrom@live.com>
**Sent:** Monday, March 30, 2020 11:42 AM
**To:** David Hoey <dhoey@hoeylaw.com>
**Subject:** Re: CONFIDENTIAL COMMUNICATION ATTORNET CLIENT
Happy Monday!
I dont think i really have any questions about this.

Get Outlook for Android

**From:** David Hoey <dhoey@hoeylaw.com>
**Sent:** Sunday, March 29, 2020 2:52:40 PM
**To:** 'kira wahlstrom (kirawahlstrom@live.com)' <kirawahlstrom@live.com>
**Subject:** CONFIDENTIAL COMMUNICATION ATTORNET CLIENT
Kira- here is Excel accounting sheet.
If you have any questions or dispute any of the expenses please let me know.
If you approve of the expenses and distribution please indicate so by signing at the bottom of the excel sheet.
If you need me to mail it to you I can do that as well.
We are actively pursuing fees and costs against Sobczak associated with his frivolous lien.
Patty expenses continue to go up because JPA are still fighting the Judgment. As you know that hearing is set for April 21 at 10:00AM
Talk soon.
David.
David J. Hoey, Esq.
Law Office of David J. Hoey, P.C.
352 Park Street, Suite 105
North Reading, MA 01864
p: 978-664-3633 | f: 978-664-3643
dhoey@hoeylaw.com
www.hoeylaw.com
NOTICE REGARDING PRIVILEGED/CONFIDENTIAL COMMUNICATION



EXHIBIT 7
Wahlstrom 1-31-23

*The information contained in this electronic message, including any attachments, is intended solely for the use of the individual or entity named as addressee above and is protected by the law from discovery. The contents of this message may contain information that is confidential, protected by the attorney-client privilege, work product doctrine, joint defense privileges, and/or other applicable protections from disclosure. If you, as the reader, are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution, reproduction, forwarding, or copying of this communication, and any attachments thereto, is strictly prohibited. If you have received this communication in error or no longer have privileges thereto, please immediately notify The Law Offices of David J. Hoey at 978-664-3633 or by return e-mail, and permanently delete the original and any copy of this e-mail message and any printout thereof. Please do not review or take any action other than contacting me. Further, we believe that this email and any attachment are free of any virus or other defect that might affect any computer system into which it is received and opened, but it is your responsibility to ensure that it is virus free and neither I nor The Law Office of David J. Hoey, P.C. bears any responsibility for any loss or damage arising in any way from its use. Nothing in this email is intended to or shall constitute an "electronic signature", unless there is a specific statement in this e-mail to that effect. Thank you.*

LDH 0042072

# EXHIBIT PP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION – BOSTON)

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>                          Plaintiff,<br><br>          -against-<br><br>DAVID J. HOEY, LAW OFFICES OF<br>DAVID J. HOEY, P.C., DON C. KEENAN,<br>D.C. KEENAN & ASSOCIATES, P.C.<br>D/B/A THE KEENAN LAW FIRM, P.C.,<br>AND KEENAN'S KIDS FOUNDATION,<br>INC.<br>                          Defendants. | Civil No. Civil No. 1:22-cv-10792-RGS |

## PLAINTIFF KIRA WAHLSTROM'S RESPONSE TO DEFENDANT DAVID J. HOEY'S AND DEFENDANT LAW OFFICES OF DAVID J. HOEY, P.C.'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiff Kira Wahlstrom ("Plaintiff") herein responds to the First Set of Interrogatories propounded by Defendant David J. Hoey ("Attorney Hoey") and Defendant Law Offices of David J. Hoey, P.C. ("Hoey Firm").

Ms. Wahlstrom responds with the information available to her now and will supplement as appropriate as more information is developed during discovery including after receiving document production from Defendants and any other appropriate third-parties and after the taking of depositions.

## RESPONSES TO INTERROGATORIES

1. **Please identify yourself, including stating your full name and any other names by which you have ever been known, date of birth, home address, and employer.**

**Response:**

1

Full Name: Kira Wahlstrom
Other Names: N/A
Date of Birth: 11/29/1973
Home Address: 5375 Sunny Ridge Place, Paso Robels, California 93446
Employer: N/A

**2. Please identify all witnesses (other than experts) whom you expect to call at the trial of this case, including in your answer each witness's name and address, and the substance of the facts, and opinions to which each witness is expected to testify.**

**Response:**

Discovery is ongoing and a final determination as to witnesses to be called at trial has not been made as of this time. However, witnesses may include:

1. Kira Wahlstrom – c/o counsel at Markham Read Zerner, One Commercial Wharf West, Boston, MA 02110, (617)-523-6329

   Expected to testify to: the underlying premises liability case, her trauma and difficulties in recovery from the attack and rape including trust issues; legal representation by David Hoey and Don Keenan; the fee agreements that Hoey and Keenan had her execute; the referral agreement between Hoey and O'Toole; her understanding of fees and expenses; the representations made by Hoey and Keenan as to fees and expenses owed in the underlying premises liability case; her trust in Hoey and Keenan and her reliance on them during their representation; the appeal in the underlying case and her appellate counsel; her understanding of the Krzysztof Sobczak lien dispute between Sobczak and Hoey and Hoey's retention of Goganian & Associates; being sued by O'Toole, distress caused by that suit, and Hoey's initial payment of legal fees; her discovery that she was misled by Hoey and Keenan as to fees and expenses.

2. David J. Hoey – Law Office of David J. Hoey, P.C. – 352 Park Street, Suite 105, North Reading, MA 01864 – (978)-664-3633

   Expected to testify to: his representations when he had Ms. Wahlstrom sign the 2010 Contingent Fee Agreement and Referral Agreement with O'Toole; his representations when he had Ms. Wahlstrom sign the 2015 Contingent Fee Agreement; his fee arrangement with Keenan under the 2015 Contingent Fee Agreement; the purpose of the 2015 Contingent Fee Agreement; referral fee payment to O'Toole; the Advocate Capital loan, charges and fees and what the loan was used to pay and his ongoing relationship with Advocate Capital; litigation over the attorney lien filed by Krzysztof Sobczak and his retention of Goganian & Associates; all expenses and fees billed and paid from the recovery in the underlying premises liability case and representations made to Ms. Wahlstrom as to fees and expenses.

3. Don C. Keenan – D.C. Keenan & Associates – d/b/a - The Keenan Law Firm – 148 Nassau Street, N.W., Atlanta, GA 30303 – (404)-523-2200

Expected to testify to: his and his law firm's representation of Kira Wahlstrom in premises liability case; his knowledge of the 2010 Contingent Fee Agreement and Referral Agreement with O'Toole and the decision made by him and Hoey to have Ms. Wahlstrom sign the 2015 Contingent Fee Agreement; his fee arrangement with Hoey under the 2015 Contingent Fee Agreement; the purpose of the 2015 Contingent Fee Agreement; the referral fee payment to O'Toole; his direction and control over Keenan's Kids Foundation / Keenan Trial Institute / Keenan Edge; intellectual property rights of Keenan's Kids Foundation / Keenan Trial Institute / Keenan Edge; all expenses and fees billed and paid from the recovery in the underlying premises liability case and representations made to Ms. Wahlstrom as to fees and expenses.

4.  Austin O'Toole – Law Offices of Austin O'Toole, P.C. - 18 Tremont St, Boston, MA 02108 - (617) 263-1000.

    Expected to testify as to: the 2010 Contingent Fee Agreement and his Referral Agreement with Hoey; the payment he received for the referral and his lawsuit filed against Hoey, Keenan, and Wahlstrom.

5.  Krzysztof Sobczak – Sobczak Law - 58 Winter Street, Ste. 400, Boston, MA 02108 – 617-669-6972.

    Expected to testify to: the contents of his Affidavit filed as Exhibit F to the Amended Complaint; his representation of Kira Wahlstrom in premises liability case; the 2010 Contingent Fee Agreement and Referral Agreement with O'Toole, and his knowledge of the purpose of the 2015 Contingent Fee Agreement that Hoey and Keenan had Ms. Wahlstrom execute; representations made to Ms. Wahlstrom about the 2015 Contingent Fee Agreement and fees and expenses; the relationship between Hoey and Keenan; his attorney lien and dispute with Hoey over payment in the underlying premises liability case and the litigation over the lien and his position that he was never trying to obtain payment directly from Ms. Wahlstrom but rather has always contended that Hoey owes him additional fees for his legal services on the Wahlstrom case.

6.  Patricia DeJuneas– DeJuneas Law LLC, One Commercial Wharf West, Boston, MA 02110 - (617) 529-8300

    Expected to testify to: Ms. Wahlstrom's appeal and the work she and her team performed including drafting and filing a petition for interlocutory review, drafting and filing the appellate briefs, arguing the appeal, and communications with Hoey and Keenan concerning the appeal and that neither Hoey nor Keenan were integral or necessary to the interlocutory appeal application, the drafting of the appellate briefs or the appellate arguments that she handled; her assessment of how the most effective and cost-efficient way to handle the Sobczak attorney's lien; and how Ms. Wahlstrom raised with her concerns that she was still paying for litigation that did not really involve her but rather involved fights between the various attorneys.

7. Robert J. Cordy – McDermott Will & Emery LLP, 200 Clarendon Street, Floor 58, Boston, MA  02116-5021 – 617-535-4033

   Expected to testify to: the work performed for Ms. Wahlstrom's appeal.

8. Amy Goganian – Goganian & Associates, P.C. – 144 Gould Street, Suite 202, Needham, MA 02494 – (781)-433-9812

   Expected to testify to: being retained by Hoey to handle the attorney lien dispute with Sobczak; communications with Hoey on strategy and litigation of the Sobczak lien; billings for the Sobczak lien dispute; being retained to represent Ms. Wahlstrom in O'Toole case; her communications with Hoey and with James Bolan regarding litigation strategy and Hoey paying Goganian's fees for the O'Toole case and raising the conflict of interest concern because of her prior representation of Hoey and representation of Ms. Wahlstrom; her billings including her outstanding invoices in the O'Toole case.

9. Richard Goren – 225 Friend Street, Boston, MA 02110

   Expected to testify to: his representation of Keenan's Kids Foundation, billings, and payment of fees in the amount of $20,824.00 and how he did not confer directly with Ms. Wahlstrom and did not have a fee agreement with her.

10. James Bolan – Brecher, Wyner, Simons, Fox & Bolan, P.C. – 189 Wells Avenue, Newton, MA, 02459 – (617) 614-1500

    Expected to testify to: representing Hoey and his consultation with Hoey on the new trial motion and order in the Wahlstrom premises liability case and consulted with Hoey on Hoey's concerns about the Board of Bar Overseers regarding the new trial order; his consultation with Hoey on the Sobczak lien dispute and the O'Toole dispute; his receipt of $8,432.39 for fees billed to Ms. Wahlstrom and how he did not have a fee agreement with Ms. Wahlstrom.

11. Andromedia Sweeney – 5375 Sunny Ridge Place, Paso Robles, California 93446

    Expected to testify to: Ms. Wahlstrom's reaction when she realized that her attorneys Hoey and Keenan deceived her and overcharged her, taking fees to which they were not entitled and charged her unreasonable expenses.


**3. Please identify all expert witnesses that you intend to consult and/or call at trial, stating the expert witnesses' name, address, the subject matter on which the expert is expected to consult or testify, the substance of the facts as to which the expert is expected to consult or testify, the substance of the opinion that the expert is expected to testify to, and a summary of the grounds for all such opinions.**

**Response:**

Objection as premature. Pursuant to Judge Stearns' Scheduling Order at Dkt. No. 25: "If a party intends to utilize an expert, they must file a notice on the docket no later than 2/9/23, in order for the court to consider whether an expert is appropriate and, if so, to alter the existing schedule."  Ms. Wahlstrom will comply with the Court's Order.

4. **If you allege that Attorney Hoey / the Hoey Firm did not work or provide legal services on your behalf in furtherance of the appeal of the Trial Court's decision of the motion for new trial in *Wahlstrom v. Laz Parking Ltd., LLC*, C.A. No. 2010-1022, please state the complete basis for this allegation, including in your answer the facts upon which you base or which support the allegation and the identity of individuals who may have witnessed or have knowledge with respect to these allegations.**

**Response:**

I retained Patty DeJuneas to handle the appeal, I had a fee agreement with her, and paid her for her legal services on the appeal and was aware that attorney Ashley (Leavitt) Allen, who was part of Patty's firm at that time, was working on the appeal with her. The fee agreement specifically identified DeJuneas and her firm as the attorneys handling the appeal and did not state that either Hoey or Keenan were also appellate attorneys. I also approved the retention of Robert J. Cordy to work on the appeal with Patty DeJuneas. The appellate briefs were signed by Patty DeJuneas and Robert Cordy and Patty DeJuneas argued the appeal. I was not told by David Hoey or Don Keenan that they were also my appellate attorneys nor was I told by Hoey or Keenan that they would be taking an additional fee for working on the appeal in addition to what I was paying for DeJuneas and Cordy to handle the appeal.

While I was not personally party to all the communications between Patty DeJuneas and Hoey and Keenan during the appeal, I am now aware of specific communications that reenforce that Hoey and Keenan were not acting as appellate attorneys or handling my appeal and those are being gathered, reviewed and produced in response to the document requests served by Defendants.

I am aware that in an email sent on April 15, 2016, Don Keenan stated (with Hoey, DeJuneas and others copied) in reply to an email from DeJuneas:

> *Y'all know me so my first reaction is to attack and hit 'em hard. However I'm not an appellate lawyer, don't pretend to be, don't see the world through the POV of an appellate lawyer.*

> *So since we've got a very good appellate lawyer, one who has impressed me, I would suggest we listen to her and do what she says.*

> *Papa Don*

I have not seen any email from Hoey in response disagreeing or stating that he was the appellate lawyer himself.

<u>Witnesses / Persons with Knowledge</u>:

1.  Patricia DeJuneas– DeJuneas Law LLC, One Commercial Wharf West, Boston, MA 02110 - (617) 529-8300

2.  Robert J. Cordy – McDermott Will & Emery LLP, 200 Clarendon Street, Floor 58, Boston, MA  02116-5021 – 617-535-4033

3.  Ashley P. Allen - Law Office of A.P. Allen, 19 Hemlock Road, Boxford, Massachusetts 01921 (617) 925-7888

4.  Don C. Keenan – D.C. Keenan & Associates – d/b/a - The Keenan Law Firm – 148 Nassau Street, N.W., Atlanta, GA 30303 – (404)-523-2200

5.  David J. Hoey – Law Office of David J. Hoey, P.C. – 352 Park Street, Suite 105, North Reading, MA 01864 – (978)-664-3633


**5.  Please state the complete basis for the allegations in ¶38 of your Amended Complaint that you lost the use of the funds from the judgment entered against the JPA Defendants or were otherwise harmed by delays related to the Appeal, including in your answer the facts upon which you base or which support the allegations and the identity of individuals who may have witnessed or have knowledge with respect to these allegations.**

**Response:**

      In that paragraph, I was explaining that at the time, during the pendency of the appeal, I was obviously not able to use the funds that had been awarded to me by the jury at my premises liability trial.  However, in this case, I am not claiming as damages lost use of funds as to the recovery I was owed from the JPA defendants between the verdict and when payment of the judgment was finally made but rather this case is about the money wrongfully taken from me by my attorneys after the recovery was paid.

      As is further stated in paragraph 38 of the Amended Complaint, during the pendency of the appeal, I did suffer the emotional distress that came with uncertainty over how the appeal would turn out and with the prospect of a second trial and the accompanying time and costs that would be involved and the prospect of publicly reliving my trauma and enduring cross-examination by defense counsel yet again.

**6.  Please identify any medical or mental health treatment you received in regards to the allegations in ¶38 of your Amended Complaint that you "suffered emotionally," including in your answer the name and address of all such providers of the medical or mental health treatment.**

**Response:**

None.

7.  **In regards to the payments for legal services identified in ¶50 of your Amended Complaint, please identify and state which amounts were paid by you prior to the recovery of the judgment against the JPA Defendants.**

**Response:**

None were paid prior to the recovery. As is made clear in the Amended Complaint, these charges were improperly taken from the recovery that was paid directly to my attorneys before anything was disbursed to me, and Hoey, whom I had long trusted as my attorney and protector, represented that these charges were proper and induced me to approve them.

8.  **In regards to any expenses for the prosecution of the action *Wahlstrom v. Laz Parking Ltd., LLC*, C.A. No. 2010-1022, please identify and state the expenses that were paid by you prior to the recovery of the judgment against the JPA Defendants.**

**Response:**

None. As is made clear in the Amended Complaint, these charges were improperly taken from the recovery that was paid directly to my attorneys before anything was disbursed to me, and Hoey, whom I had long trusted as my attorney and protector, represented that these charges were proper and induced me to approve them.

9.  **Regarding the itemization of the fees and expenses referred to in ¶54 of your Amended Complaint, please state whether you read the itemization before signing it, and discussed it with anyone before signing the itemization, detailing such communications, if any.**

**Response:**

On March 27, 2020, I reviewed the itemization that was provided to me by David Hoey at his office with him present, which I signed, trusting my attorney's representation that these expenses were appropriate and required under our fee agreement.

On March 29, 2020, I received David Hoey's email with the spreadsheet itemization attached. I do not have a specific memory of reviewing each item again at that time after I had already reviewed and signed the itemization at Hoey's office with him present. I also fully trusted my attorney, David Hoey, at that time, and his representations to me that he was appropriately charging me for expenses I was required to pay.

10. **Please identify any actions you took to discover and understand that "certain fees and expenses charged were improper" as alleged in ¶55 of your Amended Complaint, including in your answer the identity and address of any person consulted regarding the same as well as the date such conversations took place.**

**Response:**

As soon as I was told by David Hoey about the attorney lien and litigation with Krzysztof Sobczak (which I have referred to as the "SOB case"), I was questioning why I was involved. This happened again when I was told by Hoey about the lawsuit brought by Austin O'Toole in March 2021.  I was questioning why I was involved in these cases. I had no one I felt at the time I could turn to to ask.  In or around June of 2021, Patty DeJuneas advised that she needed me to send I think it was a fee of around $15,000 for the SOB case in order to appeal something from the lower court as that dispute was still going on. That is when I really started to question why I was spending more money on a case that David Hoey kept telling me was really about him and Sobczak. And Sobczak was not working for him anymore and they were fighting over other cases not just mine. So, I was thinking why do I have to pay to fight Sobczak and why wasn't Hoey paying for it. That's when I started to look at everything and I first went to attorney Amy Goganian in June of 2021 and asked her why was I even involved in any of the cases if they really were about David Hoey. As I understood it then, I had fulfilled my contract when Hoey and Keenan took their payment from my recovery in the premises liability case. Attorney Goganian said she would discuss the matter with Patty DeJuneas. I wanted to save the money I had and not keep spending it on litigation over attorney fights.

I was still pretty confused as I stated in an email to Amy Goganian at this time in June 2021. I thought on it the rest of the summer and started reading back over all the things David Hoey had sent me in the past regarding fees, expenses and ongoing litigation. That is when I started to question the payout amounts made in my premises liability case. While I am aware now that David Hoey testified at a deposition in the O'Toole case in September 2021 and was questioned about the fees and expenses in my premises liability case, I was not informed of that testimony then. In October 2021, I traveled from California to Boston to speak at Boston College. I asked Patty DeJuneas to meet with me if she had time and I raised some of my concerns about David.  At that point I just brought up the two pending cases – the SOB case and the O'Toole case. Closer to the end of the year (2021), the beginning of winter, is when I sent Patty the breakout of expenses and fees charged to me by Hoey and Keenan from the recovery in my premises liability case for her to review because I felt there were things that were not right on there. The biggest thing that stuck out to me was paying Keenan and Hoey for an appeal that I also paid Patty for because Patty was the one that appealed my case and won it for me after the first judge tried to overturn the verdict on the grounds of misconduct by my trial lawyers at the time.

After I provided the spreadsheet of charges to Patty, we started dissecting where the recovery money went and confirmed what I had suspected – that I had been overcharged by Hoey and Keenan and they had taken advantage of me.

**11. Please state the basis for your allegation that Attorney Hoey / the Hoey Firm kept more than the fee owed under the 2015 Contingent Fee Agreement as alleged in ¶72 of your Amended Complaint, including in your answer the facts upon which you base or which support the allegations and the identity of individuals who may have witnessed or have knowledge with respect to these allegations.**

**Response:**

The allegation in paragraph 72 of my Amended Complaint that Hoey / Hoey Law, in collaboration with Keenan, kept more than the fee owed to them is clearly explained in paragraphs 50 to 52 of the same Amended Complaint.

Hoey and Keenan, rather than the 33.33% agreed to in the fee agreement as their fee in the 2015 Contingent Fee Agreement improperly charged the following fees and improper expenses and they took these amounts from me that they were holding in trust from the payments of the judgment made by the insurance carriers:

(a) Hoey and Keenan improperly took $4,025,036.50 of the $9,987.683.80 recovery as an attorney fee, or 40.33 % of the total recovery when they were only entitled to 33.33% (or $3,329,227.93), adding an additional $695,808.57 or 7% to their fee for the successful appeal. Hoey and Keenan were not entitled to any additional fee much less to the $695,808.57 that they took. Neither Hoey or Keenan participated at all on the appeal, neither Hoey nor Keenan filed the appellate brief, nor appeared for or handled the appellate argument. Rather, Ms. Wahlstrom retained and paid separate appellate counsel to handle the appeal. Moreover, the appeal was only required because of the trial judge's problems with the conduct of Hoey and Hoey Law during trial.

(b) Hoey and Keenan improperly charged to Ms. Wahlstrom $20,824.00 for attorney Richard Goren to appear on October 20, 2015 for Keenan's foundation, Defendant Keenan's Kids Foundation, Inc.  Attorney Goren's participation in the case was strictly limited to defending Keenan's Kids Foundation, Inc. and Keenan's copyright for his litigation strategy manual. Ms. Wahlstrom was not involved whatsoever in this matter, nor did she have an interest in Keenan's ability to protect his intellectual property. This motion benefited only Defendants Keenan and Keenan's Kids Foundation and not Ms. Wahlstrom. Attorney Goren never conferred with Ms. Wahlstrom about the taking of this fee nor did he have a fee agreement with her. Yet, Defendant Keenan's Kids Foundation had their attorney's legal fees paid by Ms. Wahlstrom.

(c) Hoey and Keenan improperly charged to Ms. Wahlstrom $8,432.39 for fees for Hoey's long-time personal attorney, James Bolan, in connection with defending Hoey against the Sobczak attorney lien caused by Hoey's dispute with Sobczak over payment for Sobczak's work as described above. Bolan never conferred with Ms. Wahlstrom much less obtained her agreement for this charge nor was he retained by her.

(d) Hoey and Keenan improperly charged to Ms. Wahlstrom at least $41,231.72 for attorney Amy Goganian's fees to defend against the Sobczak lien where the fee agreement was between Goganian and Hoey / Hoey Law as the client obligated to pay Goganian's fees. It now appears, from Hoey's own more recent expense itemization summaries, that he took additional money from Ms. Wahlstrom, without her knowledge, to pay attorney Goganian another $31,490.10 for his dispute with Sobczak thereby defrauding her of that additional money.

(e) Hoey and Keenan also improperly charged to Ms. Wahlstrom $2,655.00 for "constitutional law attorney" John Vail, even though her case did not involve any constitutional issues. Defendant Hoey now falsely claims Vail provided necessary consultation on the appeal while Keenan falsely claims that Ms. Wahlstrom approved and agreed to engage Vail to research and review the jury charge and other matters in the case when Wahlstrom did not. Vail never conferred with Ms. Wahlstrom, nor did he seek or obtain a representation agreement with her.

(f) Hoey and Keenan also improperly charged to Ms. Wahlstrom $1,316.00 for attorney Catherine Giordano for "research and writing" when this should have been paid out of the agreed upon attorney fee. Hoey and Keenan have falsely claimed that Ms. Wahlstrom approved and agreed to engage Giordano to research and review the jury charge and other matters in the case when she did not. Giordano never conferred with Ms. Wahlstrom.

(g) Hoey and Keenan also improperly charged to Ms. Wahlstrom $561.24 for the firm Lewis Brisbois Bisgaard & Smith LLP, a firm understood to be involved with the Sobczak lien dispute and other matters concerning Hoey and Hoey Law. These attorneys never conferred with Ms. Wahlstrom and never sought or obtained a representation agreement with her.

(h) The unjustified expenses improperly charged to Ms. Wahlstrom included a loan from Advocate Capital to fund case costs during litigation. While Ms. Wahlstrom knew and approved a loan to cover litigation expenses, Hoey did not tell her that the company charges exorbitant fees and finance charges: on a principal loan of $415,761.58, Advocate Capital charged fees totaling $238,839.29, over 50% of the principal. Additionally, Hoey and Keenan's expense accounting does not show what the $415,761.58 covered during the litigation. The use of this money should be subject to the accounting prayed for in the Amended Complaint because Ms. Wahlstrom was required to directly and separately pay all expenses, such as approved experts. Thus the need for this large loan is suspect because Hoey informed Ms. Wahlstrom that Advocate Capital was "the lender for the majority, but not all, of the litigation expenses" and then he separately billed to Ms. Wahlstrom over $800,000 more for expenses, including his internal firm costs such as office supplies ($1,992.87), copying ($9,964.60) and postage ($3,030.36) as well as billed Ms. Wahlstrom for media interview assistance and plaques commemorating the trial victory neither of which she received. None of these expenses were authorized or proper.

(i) Hoey and Keenan also improperly charged Ms. Wahlstrom $51,000 to pay Win Interactive, a litigation support firm, to develop an animation video of the attack in the garage that Hoey and Keenan planned to offer into evidence at the premises liability trial which was deemed inadmissible. Hoey and Keenan have claimed that this was an effort to prevent Ms. Wahlstrom from having to testify about the attack at trial. Yet, admissibility of this video was clearly impossible as a matter of evidence law, as well as completely detrimental to Plaintiff's case were she not to be seen by the jury describing the horrible events and details of the assault, and it is doubtful that

Hoey and Keenan truly believed they could win this case without Ms. Wahlstrom testifying about the attack and her damages. Ms. Wahlstrom was always prepared and ready to testify as she understood she would need to do so if the case went to trial. Further, this significant expense was undertaken for a demonstrative exhibit that had no chance to be admitted and was incurred before establishing its admissibility.

As to the specific amount of the fee that Hoey/Hoey Law actually kept for themselves, we have not seen the records on that yet.

Persons with Knowledge

1. Kira Wahlstrom – c/o counsel at Markham Read Zerner, One Commercial Wharf West, Boston, MA 02110, (617)-523-6329

2. David J. Hoey – Law Office of David J. Hoey, P.C. – 352 Park Street, Suite 105, North Reading, MA 01864 – (978)-664-3633

3. Don C. Keenan – D.C. Keenan & Associates – d/b/a - The Keenan Law Firm – 148 Nassau Street, N.W., Atlanta, GA 30303 – (404)-523-2200

4. Austin O'Toole – Law Offices of Austin O'Toole, P.C. - 18 Tremont St, Boston, MA 02108 - (617) 263-1000.

5. Krzysztof Sobczak – Sobczak Law - 58 Winter Street, Ste. 400, Boston, MA 02108 – 617-669-6972.

6. Patricia DeJuneas– DeJuneas Law LLC, One Commercial Wharf West, Boston, MA 02110 - (617) 529-8300

7. Robert J. Cordy – McDermott Will & Emery LLP, 200 Clarendon Street, Floor 58, Boston, MA  02116-5021 – 617-535-4033

8. Ashley P. Allen - Law Office of A.P. Allen, 19 Hemlock Road, Boxford, Massachusetts 01921 (617) 925-7888

9. Amy Goganian – Goganian & Associates, P.C. – 144 Gould Street, Suite 202, Needham, MA 02494 – (781)-433-9812

10. Richard Goren – 225 Friend Street, Boston, MA 02110

11. James Bolan -   Brecher, Wyner, Simons, Fox & Bolan, P.C. – 189 Wells Avenue, Newton, MA, 02459 – (617) 614-1500

12. John Vail – John Vail Law, PLLC – 1025 Thomas Jefferson Street, NW Suite 810, Washington, DC 20007 – (202) 589-1300

13. Catherine Giordano – PO Box 412 – North Reading, MA 01864 – (978) 276-0645

12. **Please state the basis for your allegation that Attorney Hoey / the Hoey Firm used funds to pay attorneys that represented his own interests as alleged in ¶72 of your Amended Complaint, including in your answer the facts upon which you base or which support the allegations and the identity of individuals who may who may have witnessed or have knowledge with respect to these allegations.**

**Response:**

See response to No. 11 above which is adopted and incorporated herein specifically with regard to the fees charged for James Bolan, John Vail, the Sobczak lien dispute and fees charged by Amy Goganian, and the O'Toole case.

13. **Please state the basis for your allegation that Attorney Hoey / the Hoey Firm engaged in unfair and deceptive acts, as alleged in ¶76 of your Amended Complaint, including in your answer the facts upon which you base or which support the allegations, outlining each action, alleged misconduct or conduct, and the identity of individuals who may have witnessed or have knowledge with respect to these allegations.**

**Response:**

See responses to No. 11 above and No. 14 below which are both adopted and incorporated herein.

14. **Please identify all "false representations" made to you by Attorney Hoey / the Hoey Firm as alleged in your Amended Complaint, including in your answer the facts upon which you base or which support the allegations, outlining each representation or alleged misconduct, and the individuals who may have witnessed or have knowledge with respect to these allegations.**

**Response:**

On June 11, 2015, David Hoey emailed saying he needed me to stop by to sign a new fee agreement and I asked him via email "What is the new fee agreement?" And he falsely responded: "It's the same fee agreement as before but with Don's name since he is also trying the case with me on July 13th. It doesn't change your percentage or cost you more money." Thereafter, I went in to Hoey's office to sign the agreement and he reiterated then the same thing – that the new agreement did not change anything for me and he induced me to sign stating that I would not be paying any more in fees rather that the agreement only added Don Keenan to the agreement so that he could represent me in the case and at trial.

On March 27, 2020, Hoey provided me an itemization falsely representing that all the fees and expenses taken from my recovery were properly charged and owed by me. Hoey induced me to sign off on the expenses knowing that I trusted him and his representations that these expenses were appropriate and required under our fee agreement.

On March 29, 2020, Hoey emailed the spreadsheet itemization again falsely representing that the fees and expenses charged to me were proper and not fully explaining all the charges in

the line items, knowing that I trusted him and his representations that these expenses were appropriate and required under our fee agreement.

       <u>Persons with Knowledge</u>

1. Kira Wahlstrom
2. David Hoey

**15. If you contend that Attorney Hoey's / the Hoey Firm's actions caused you to be sued by Austin O'Toole, please state the basis for your claim, describing in detail all facts and evidence in support of that contention and itemizing alleged damages and losses as a result therefrom.**

**Response:**

       I was only sued by O'Toole because he believes Hoey and Keenan purposely rearranged the fee agreements in my case to reduce the referral fee owed to O'Toole. I did not propose a new fee agreement, I did not propose that Keenan be the attorney paid first from the recovery rather than Hoey. Whether O'Toole and his counsel genuinely believed I was a necessary party under the law because of Hoey and Keenan's conduct with the fee agreements or whether O'Toole and his counsel believed that suing me would put pressure on Hoey, either way, but for Hoey's handling of the fee agreements and O'Toole's referral fee, I would not have been sued. My first attorney in the O'Toole case agreed and wrote a letter on August 30, 2021 to Hoey's attorney James Bolan which stated in part

       Ms. Wahlstrom hereby respectfully requests that your clients, David Hoey and the Law Offices of David J. Hoey, PC, pay all legal fees and expenses associated with Kira Wahlstrom's defense in the O'Toole matter, including fees and expenses incurred to date as well as any future fees and expenses Ms. Wahlstrom may incur during the pendency of this lawsuit. …

       …regardless of the merits of Attorney O'Toole's allegations against your clients, I think we all can agree that Ms. Wahlstrom should never have been put in a position that exposed her to any claim for fees above and beyond what she has paid to date.

       Nor did Hoey take the actions available to him that could have released me from the O'Toole case much earlier, as Judge Krupp made clear in stating:

       THE COURT: Ms. Knipper? Where's Ms. Knipper?

       [Hoey's Counsel] MS. KNIPPER: Yes, Your Honor.

       THE COURT: Your client won't indemnify Ms. Wahlstrom so that Ms. Wahlstrom can be out of this case given the continuing issues that this -- being in this case is almost surely to have?

MS. KNIPPER: We have expressed openly in Court that we agree that Ms. Wahlstrom should be dismissed from the case and that she does not belong in the case. Ms. Wahlstrom has asserted a claim against Attorney Hoey. And -- which we anticipate –

THE COURT: Why can't this be worked out with respect to Ms. Wahlstrom? I don't understand.

MR. FOYE: I've been trying, Your Honor. I've been trying. I don't understand either. I'll tell you this. I can tell you this, it's not --

THE COURT: All right. Hold on. Hold on. Hold on.

MR. FOYE: I'm sorry.

THE COURT: I'm raising it because I think it can be resolved and I'm going to see you in a week to see if it has been resolved.

\* \* \* \* \*

THE COURT: All right. I'm going to take -- I'm going to take the motions to dismiss under advisement. I'm going to see you in a week to find out why Ms. Wahlstrom is still in this case. And the parties are going to work together to figure out some arrangement where she is out of the case, because there is -- it's inexcusable that counsel have not prioritized that as the highest number one thing to do in this case, is to make sure that she is not going to part with a dime given that -- given the circumstances. Okay. You do not have to name her. And Mr. Hoey should be in a position of protecting her from any claim by you, by the plaintiff, okay, as against Ms. Wahlstrom.

Transcript of Motion Hearing in O'Toole Case, 5/24/2022, pp. 11–13, 19.

**16. Regarding the fees charged by Patricia DeJuneas and Robert Cordy for their appellate work as referred to in paragraph 50(b) of your amended complaint, please state whether you ever disputed the reasonableness of their charges, including in your answer when you disputed their charges and if you have sought repayment of those charges from either Attorney DeJuneas or Judge Cordy.**

**Response:**

I did not raise any dispute with the reasonableness of the charges by Patty DeJuneas or Robert Cordy for their handling of my appeal and I do not dispute the reasonableness of the fees they charged now.

## **VERIFICATION**

I certify under penalty of perjury under the laws of the United States of America that the foregoing Responses to Interrogatories are true and correct to the best of my knowledge and belief.

Executed this 20th day of December, 2022 in Paso Robels, California.

Kira Wahlstrom

Date: December 20, 2022

*/s/ Bridget A. Zerner*
Bridget A. Zerner (BBO #669468)
Markham Read Zerner LLC
One Commercial Wharf West
Boston, MA 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
bzerner@markhamreadzerner.com
*Counsel for Plaintiff Kira Wahlstrom*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2022, this document was served by electronic mail on counsel of record using the email addresses registered on the CM/ECF system.

*/s/ Bridget A. Zerner*
Bridget A. Zerner

16

# EXHIBIT QQ



 Call ⬛PhoneBank anytime for
account information, current rates and
answers to your questions.

**Business Account
Statement**

**2** OF 5

Beginning May 01, 2020
through May 31, 2020

*Business Checking continued from previous page*

**Deposits & Credits**

| Date | Amount | Description |
|---|---|---|
| 05/15 | 750,000.00 | Incoming Wire Transfer (Mts No.200515010732) |

LAW OFFICE OF DAVID J HOEY, P.
OPERATING ACCOUNT
**Analysis Business Checking**



(+)  Total Deposits & Credits

(=)  Current Balance

**Daily Balance**

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|

**NEWS FROM** ⬛

--IMPORTANT NOTICE ABOUT YOUR ACCOUNTS
Changes to our Funds Availability Disclosure
Effective July 1, 2020 we are increasing the amount of funds available to you by the next
business day when a longer delay may be applied to your deposits. The amount available
increases from $200 to $225 and from $5,000 to $5,525. The first $225 of your deposit
will normally be available on the next business day after the day of your deposit. In
the case of large deposits totaling more than $5,525, the first $5,525 will normally be
available on the next business day after the day of your deposit if the deposit meets
certain conditions. For additional information or to obtain our full disclosures on this
topic call us any time at the number on your statement or visit your local branch.

Member FDIC ⌂ Equal Housing Lender

# EXHIBIT RR



## HOEYLAW

### LAW OFFICES OF DAVID J. HOEY, P.C.

May 20, 2020

Austin O'Toole, Esq.
LEGAL COUNSEL
Law Offices of Austin S. O'Toole, PC
18 Tremont Street
SIXTH FLOOR
Boston, MA 02108

Re:    Kira Wahlstrom

Dear Attorney O'Toole,

The Wahlstrom case is still an active case with motions pending to amend judgment and for attorney's lien. However, after discussion with the client and advice from Appellant counsel that the pending matters will soon be resolved, disbursement can be made at this time. (COVID-19 delays and extensions considered).

Enclosed please find a check in the amount of two hundred fifty thousand dollars ($250,000.00) which represents 1/3 of my net fee.

Thank you for introducing Kira Wahlstrom to me. She now has the closure she needs to move on with her life.

Sincerely,

DAVID J. HOEY

---

**LAW OFFICES OF DAVID J. HOEY, P.C.**
OPERATING ACCOUNT
352 PARK STREET, SUITE 105
N. READING, MA 01864
1-978-664-3633

**Citizens Bank**

5-7017/2110

1547

PAY TO THE ORDER OF     Law Office of Austin O'Toole, PC

05/20/2020

$ **250,000.00

Two hundred fifty thousand and 00/100************************************************************     DOLLARS

Law Office of Austin O'Toole, PC
18 Tremont Street, #602
Boston, MA 02108

VOID AFTER 60 DAYS

MEMO     Wahlstrom

AUTHORIZED SIGNATURE

⑈001547⑈ ⑆211070175⑆ 113491011⑈

LDH 0000078

# EXHIBIT SS

## 2184CV00741 O'Toole, Austin et al vs. Hoey, David et al

- Case Type:
- Contract / Business Cases
- Case Status:
- Open
- File Date
- 03/30/2021
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Contract Action
- Status Date:
- 03/30/2021
- Case Judge:
- 
- Next Event:
- 09/18/2023



| All Information | Party | Event | Tickler | Docket | Disposition |

### Party Information

**O'Toole, Austin**
**- Plaintiff**

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | Foye, Esq., Edward F |
| | Bar Code |
| | 562375 |
| | Address |
| | Arrowood LLP |
| | 10 Post Off Square |
| | 7th Floor South |
| | Boston, MA 02109 |
| | Phone Number |
| | (617)849-6200 |

**More Party Information**

**Law Offices of Austin Scott O'Toole PC**
**- Plaintiff**

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | Foye, Esq., Edward F |
| | Bar Code |
| | 562375 |
| | Address |
| | Arrowood LLP |
| | 10 Post Off Square |
| | 7th Floor South |
| | Boston, MA 02109 |
| | Phone Number |
| | (617)849-6200 |

**More Party Information**

**Hoey, David**
**- Defendant**

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | Bolan, Esq., James S |
| | Bar Code |
| | 048340 |
| | Address |
| | Brecher, Wyner, Simons, Fox and Bolan, PC |
| | 189 Wells Ave |
| | Newton Center, MA 02459-3210 |
| | Phone Number |
| | (617)614-1500 |
| | Attorney |

- Holden, Esq., Sara Nicole
- Bar Code
- 658640
- Address
- Brecher, Wyner, Simons, Fox and Bolan PC
- 189 Wells Ave
- Newton Center, MA  02459
- Phone Number
- (617)614-1500
- Attorney
- Knipper, Esq., Christine A
- Bar Code
- 652638
- Address
- Wilson Elser Moskowitz Edelman and Dicker LLP
- 260 Franklin St
- 14th Floor
- Boston, MA  02110
- Phone Number
- (617)422-5300
- Attorney
- Liberty, Esq., John P
- Bar Code
- 703627
- Address
- Wilson Elser Moskowitz Edelman and Dicker LLP
- 260 Franklin St 14th Floor
- Boston, MA  02110
- Phone Number
- (617)422-5300

**More Party Information**

**Law Offices of David Hoey PC**
- Defendant

| Alias | **Party Attorney** |
|---|---|
| | - Attorney<br>- Bolan, Esq., James S<br>- Bar Code<br>- 048340<br>- Address<br>- Brecher, Wyner, Simons, Fox and Bolan, PC<br>- 189 Wells Ave<br>- Newton Center, MA  02459-3210<br>- Phone Number<br>- (617)614-1500<br>- Attorney<br>- Holden, Esq., Sara Nicole<br>- Bar Code<br>- 658640<br>- Address<br>- Brecher, Wyner, Simons, Fox and Bolan PC<br>- 189 Wells Ave<br>- Newton Center, MA  02459<br>- Phone Number<br>- (617)614-1500<br>- Attorney<br>- Knipper, Esq., Christine A<br>- Bar Code<br>- 652638<br>- Address<br>- Wilson Elser Moskowitz Edelman and Dicker LLP<br>- 260 Franklin St<br>- 14th Floor<br>- Boston, MA  02110<br>- Phone Number<br>- (617)422-5300<br>- Attorney<br>- Liberty, Esq., John P<br>- Bar Code<br>- 703627<br>- Address<br>- Wilson Elser Moskowitz Edelman and Dicker LLP<br>- 260 Franklin St 14th Floor<br>- Boston, MA  02110<br>- Phone Number<br>- (617)422-5300 |

**More Party Information**

**Wahlstrom, Kira**
- Defendant

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | Markham, II, Esq., John J |
| | - Bar Code |
| | 638579 |
| | - Address |
| | Markham Read Zerner LLC |
| | 11A Commercial Wharf West |
| | Boston, MA  02110 |
| | - Phone Number |
| | (617)523-6329 |
| | Attorney |
| | Zerner, Esq., Bridget A |
| | - Bar Code |
| | 669468 |
| | - Address |
| | Markham Read Zerner LLC |
| | One Commercial Wharf West |
| | Boston, MA  02110 |
| | - Phone Number |
| | (617)523-6329 |

**More Party Information**

**Don Keenan (as amended)**
- Defendant

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | Shanel, Esq., Danni |
| | - Bar Code |
| | 710378 |
| | - Address |
| | Troutman Pepper Hamilton Sanders |
| | 125 High St |
| | 19th Floor |
| | BOSTON, MA  02110 |
| | - Phone Number |
| | (702)816-7811 |
| | Attorney |
| | Taylor, Esq., William M |
| | - Bar Code |
| | 624981 |
| | - Address |
| | Troutman Pepper Hamilton Sanders LLP |
| | 125 High St 19th Floor High St Tower |
| | Boston, MA  02110 |
| | - Phone Number |
| | (617)204-5100 |

**More Party Information**

**Keenan Law Firm P.C. (as amended)**
- Defendant

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | Shanel, Esq., Danni |
| | - Bar Code |
| | 710378 |
| | - Address |
| | Troutman Pepper Hamilton Sanders |
| | 125 High St |
| | 19th Floor |
| | BOSTON, MA  02110 |
| | - Phone Number |
| | (702)816-7811 |
| | Attorney |
| | Taylor, Esq., William M |
| | - Bar Code |
| | 624981 |
| | - Address |
| | Troutman Pepper Hamilton Sanders LLP |
| | 125 High St 19th Floor High St Tower |
| | Boston, MA  02110 |
| | - Phone Number |
| | (617)204-5100 |

**More Party Information**

**Sobczak, Krzystof G**
- Other interested party

| Alias | Party Attorney |
|-------|----------------|
|       | • Attorney |
|       | • Sobczak, Esq., Krzysztof G |
|       | • Bar Code |
|       | • 680813 |
|       | • Address |
|       | • Sobczak Law |
|       | • 58 Winter St |
|       | • Suite 400 |
|       | • Boston, MA  02108 |
|       | • Phone Number |
|       | • (617)669-6972 |

**More Party Information**

## Events

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 04/08/2021 11:00 AM | Civil F | BOS-10th FL, CR 1006 (SC) | Motion Hearing | Ames, Hon. Mary K | Held via Video/Phone |
| 04/28/2021 10:30 AM | Civil F | BOS-10th FL, CR 1006 (SC) | Motion Hearing | Ames, Hon. Mary K | Held via Video/Phone |
| 11/29/2021 02:30 PM | Civil F | BOS-10th FL, CR 1006 (SC) | Rule 12 Hearing | | Held - Under advisement |
| 11/29/2021 02:30 PM | Civil F | BOS-10th FL, CR 1006 (SC) | Hearing for Protective Order | | Held - Under advisement |
| 02/16/2022 02:45 PM | Civil F | BOS-10th FL, CR 1006 (SC) | Motion Hearing to Amend Complaint | Ames, Hon. Mary K | Held - Under advisement |
| 05/24/2022 03:00 PM | Business Litigation 1 | BOS-13th FL, CR 1309 (SC) | Rule 12 Hearing | Krupp, Hon. Peter B | Held - Under advisement |
| 06/08/2022 03:30 PM | Business Litigation 1 | BOS-13th FL, CR 1309 (SC) | Conference to Review Status | Krupp, Hon. Peter B | Held as Scheduled |
| 10/03/2022 11:00 AM | Civil F | BOS-10th FL, CR 1006 (SC) | Motion Hearing | Cowin, Hon. Jackie | Rescheduled |
| 10/04/2022 02:00 PM | Civil F | BOS-10th FL, CR 1006 (SC) | Motion Hearing | Cowin, Hon. Jackie | Held via Video/Phone |
| 10/27/2022 02:00 PM | Civil F | BOS-10th FL, CR 1006 (SC) | Motion Hearing to Compel | Cowin, Hon. Jackie | Held as Scheduled |
| 12/08/2022 03:00 PM | Civil F | BOS-10th FL, CR 1006 (SC) | Motion Hearing to Compel | Cowin, Hon. Jackie | Held as Scheduled |
| 05/15/2023 02:00 PM | Civil F | BOS-10th FL, CR 1006 (SC) | Motion Hearing to Compel | Ames, Hon. Mary K | Held as Scheduled |
| 05/15/2023 02:00 PM | Civil F | BOS-10th FL, CR 1006 (SC) | Hearing for Protective Order | Ames, Hon. Mary K | Held as Scheduled |
| 06/08/2023 02:00 PM | Civil F | BOS-10th FL, CR 1006 (SC) | Rule 16 Conference | Ames, Hon. Mary K | Held as Scheduled |
| 09/18/2023 02:00 PM | Civil C | BOS-3rd FL, CR 313 (SC) | Motion Hearing to Compel | Squires-Lee, Hon. Debra A | |
| 01/24/2024 02:00 PM | Civil F | BOS-10th FL, CR 1006 (SC) | Final Pre-Trial Conference | Ames, Hon. Mary K | |
| 04/11/2024 02:00 PM | Civil F | BOS-10th FL, CR 1006 (SC) | Final Trial Conference | Ames, Hon. Mary K | |
| 04/16/2024 09:00 AM | Civil F | BOS-10th FL, CR 1006 (SC) | Jury Trial | Ames, Hon. Mary K | |

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Service | 03/30/2021 | 06/28/2021 | 90 | |
| Answer | 03/30/2021 | 07/28/2021 | 120 | |
| Rule 12/19/20 Served By | 03/30/2021 | 07/28/2021 | 120 | |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Rule 12/19/20 Filed By | 03/30/2021 | 08/27/2021 | 150 | |
| Rule 12/19/20 Heard By | 03/30/2021 | 09/27/2021 | 181 | |
| Rule 15 Served By | 03/30/2021 | 07/28/2021 | 120 | |
| Rule 15 Filed By | 03/30/2021 | 08/27/2021 | 150 | |
| Rule 15 Heard By | 03/30/2021 | 09/27/2021 | 181 | |
| Discovery | 03/30/2021 | 09/29/2023 | 913 | |
| Rule 56 Served By | 03/30/2021 | 10/31/2023 | 945 | |
| Rule 56 Filed By | 03/30/2021 | 11/30/2023 | 975 | |
| Final Pre-Trial Conference | 03/30/2021 | 01/24/2024 | 1030 | |
| Judgment | 03/30/2021 | 03/30/2023 | 730 | |
| Under Advisement | 11/29/2021 | 12/29/2021 | 30 | 12/20/2021 |
| Under Advisement | 11/29/2021 | 12/29/2021 | 30 | 03/16/2022 |
| Under Advisement | 02/16/2022 | 03/18/2022 | 30 | 03/16/2022 |
| Under Advisement | 05/24/2022 | 06/23/2022 | 30 | 07/18/2022 |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 03/30/2021 | Attorney appearance<br>On this date Edward F Foye, Esq. added for Plaintiff Austin O'Toole | | |
| 03/30/2021 | Attorney appearance<br>On this date James S Bolan, Esq. added for Defendant Law Offices of David Hoey PC | | |
| 03/30/2021 | Attorney appearance<br>On this date Edward F Foye, Esq. added for Plaintiff Law Offices of Austin Scott O'Toole PC | | |
| 03/30/2021 | Case assigned to:<br>DCM Track F - Fast Track was added on 03/30/2021 | | |
| 03/30/2021 | Original civil complaint filed. | 1 | Image |
| 03/30/2021 | Civil action cover sheet filed.<br><br>($859,742.64) | 2 | Image |
| 03/30/2021 | Demand for jury trial entered. | | |
| 03/30/2021 | Defendant Law Offices of David Hoey PC's Motion for<br>Protective Order and to Impound and Seal (w/opposition) | 3 | Image |
| 04/01/2021 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 04/01/2021 09:21:20<br>Notice Sent To: Edward F Foye, Esq. Arrowood LLP 10 Post Off Square 7th Floor South, Boston, MA 02109<br>Notice Sent To: James S Bolan, Esq. Brecher, Wyner, Simons, Fox and Bolan, PC 189 Wells Ave, Newton Center, MA 02459-3210 | | |
| 04/08/2021 | Reply/Sur-reply<br><br>Defendants' Joint Reply to Plaintiff's Opposition to Defendants' Motion for Protective Order and to Impound and Seal | 4 | Image |
| 04/08/2021 | Event Result:: Motion Hearing scheduled on:<br>    04/08/2021 11:00 AM<br>Has been: Held via Video/Teleconference<br>Hon. Mary K Ames, Presiding<br>Staff:<br>    Anh T Bungcayao, Assistant Clerk Magistrate | | |
| 04/09/2021 | Attorney appearance<br>On this date Amy E Goganian, Esq. added for Defendant Kira Wahlstrom | | |
| 04/09/2021 | Attorney appearance<br>On this date Kara Ann Bettigole, Esq. added for Defendant Kira Wahlstrom | | |

Case Details - Massachusetts Trial Court NF

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 04/09/2021 | The following form was generated: <br><br> Notice to Appear <br> Sent On: 04/09/2021 09:40:57 <br> Notice Sent To: Edward F Foye, Esq. Arrowood LLP 10 Post Off Square 7th Floor South, Boston, MA 02109 <br> Notice Sent To: James S Bolan, Esq. Brecher, Wyner, Simons, Fox and Bolan, PC 189 Wells Ave, Newton Center, MA 02459-3210 <br> Notice Sent To: Amy E Goganian, Esq. Goganian and Associates, P.C 144 Gould St Suite 202, Needham Heights, MA 02494 <br> Notice Sent To: Kara Ann Bettigole, Esq. Goganian and Associates, P.C. 144 Gould St Suite 202, Needham Heights, MA 02494 | | |
| 04/12/2021 | Defendant Kira Wahlstrom's Motion to <br> Join Co-Defendants' Motion to Impound and Seal | 5 | Image |
| 04/28/2021 | Event Result:: Motion Hearing scheduled on: <br>     04/28/2021 10:30 AM <br> Has been: Held via Video/Teleconference <br> Comments: Joint Proposed Order re: Impoundment to be filed with the court in the next couple of weeks. <br> Hon. Mary K Ames, Presiding <br> Staff: <br>     Anh T Bungcayao, Assistant Clerk Magistrate | | |
| 05/04/2021 | Defendants David Hoey, Law Offices of David Hoey PC's Notice of <br> Motion to Dismiss | 6 | Image |
| 05/04/2021 | Defendant Kira Wahlstrom's Notice of <br> Motion to Dismiss | 7 | Image |
| 05/14/2021 | Defendants(s) David Hoey, Law Offices of David Hoey PC EMERGENCY motion filed to Stay Discovery | 8 | Image |
| 05/14/2021 | David Hoey, Law Offices of David Hoey PC's Memorandum in support of <br> Emergency Motion to Stay Discovery | 9 | Image |
| 05/19/2021 | Opposition to the Hoey Defendants' Emergency Motion for a Protective Order filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC | 10 | Image |
| 05/24/2021 | Defendant David Hoey, Law Offices of David Hoey PC's Notice of <br> Filing | 11 | Image |
| 05/24/2021 | Plaintiff Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Request to <br> Submit Opposition to Motion to Dismiss | 14 | Image |
| 05/24/2021 | Defendants David Hoey, Law Offices of David Hoey PC's Motion to dismiss all counts | 12 | Image |
| 05/24/2021 | David Hoey, Law Offices of David Hoey PC's Memorandum in support of <br> Motion to Dismiss | 13 | Image |
| 05/24/2021 | Defendants David Hoey, Law Offices of David Hoey PC's Submission of <br> Rule 9A Affidavit of No Opposition | | Image |
| 05/24/2021 | Defendants David Hoey, Law Offices of David Hoey PC's Submission of <br> Rule 9C Certificate | | Image |
| 05/24/2021 | Attorney appearance <br> On this date James S Bolan, Esq. added for Defendant David Hoey | | |
| 05/24/2021 | Attorney appearance <br> On this date Sara Nicole Holden, Esq. added for Defendant David Hoey | | |
| 05/24/2021 | Attorney appearance <br> On this date Sara Nicole Holden, Esq. added for Defendant Law Offices of David Hoey PC | | |
| 05/24/2021 | Opposition to to the Hoey Defendants' Motion to Dimiss filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC | 15 | Image |
| 05/26/2021 | Reply/Sur-reply <br><br> Reply to Plaintiff's Opposition to Defendants' Motion for a Protective Order <br><br> Applies To: Hoey, David (Defendant); Law Offices of David Hoey PC (Defendant) | 16 | Image |
| 05/26/2021 | Reply/Sur-reply <br><br> Supplement to Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for a Protective Order <br><br> Applies To: Hoey, David (Defendant); Law Offices of David Hoey PC (Defendant) | 17 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 05/28/2021 | Endorsement on Request to submit opposition to motion to dismiss (#14.0): ALLOWED (dated 5/26/21) notice sent 5/28/21 | | Image |
| 06/01/2021 | Opposition to to Plaintiff's Request for Leave filed by David Hoey, Law Offices of David Hoey PC | 18 | Image |
| 06/07/2021 | Reply/Sur-reply  Defendants' Reply in Support of Motion to Dismiss | 19 | Image |
| 06/07/2021 | Defendant Kira Wahlstrom's Motion to dismiss all counts pursuant to MRCP 12(b) (w/ opposition and reply). | 20 | Image |
| 06/07/2021 | Kira Wahlstrom's Memorandum in support of motion to dismiss | 20.1 | Image |
| 06/07/2021 | Opposition to to defendant's motion to dismiss filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC | 20.2 | Image |
| 06/07/2021 | Reply/Sur-reply  to plaintiff's opposition to Kira Washington's motion to dismiss. | 20.3 | Image |
| 06/07/2021 | Defendant Kira Wahlstrom's Certificate of Rule 9C | | Image |
| 06/07/2021 | Affidavit  of compliance with Superior Court Rule 9A.  Applies To: Wahlstrom, Kira (Defendant) | | Image |
| 06/07/2021 | Defendant Kira Wahlstrom's Request for hearing | | Image |
| 06/07/2021 | Defendant Kira Wahlstrom's Notice of filing | | Image |
| 06/09/2021 | Endorsement on Motion for Protective Order and to Impound and Seal (w/opposition) (#3.0): ALLOWED (date 6/8/21) allowed see order of 6/2/21Notice 6/7/21 | | Image |
| 06/09/2021 | Endorsement on Motion to Stay Discovery (#8.0): DENIED (date 6/2/21) After careful review of all submissions Denied. Response shall be served on or before 6/28/21  Notice 6/7/21 | | Image |
| 06/09/2021 | ORDER: Protective Order Notice 6/7/21 | 21 | Image |
| 08/03/2021 | The following form was generated:  Notice to Appear Sent On:  08/03/2021 14:52:18 Notice Sent To:  Edward F Foye, Esq. Arrowood LLP 10 Post Off Square 7th Floor South, Boston, MA 02109 Notice Sent To:  Sara Nicole Holden, Esq. Brecher, Wyner, Simons, Fox and Bolan PC 189 Wells Ave, Newton Center, MA 02459 Notice Sent To:  James S Bolan, Esq. Brecher, Wyner, Simons, Fox and Bolan, PC 189 Wells Ave, Newton Center, MA 02459-3210 Notice Sent To:  Amy E Goganian, Esq. Goganian and Associates, P.C 144 Gould St Suite 202, Needham Heights, MA 02494 Notice Sent To:  Kara Ann Bettigole, Esq. Goganian and Associates, P.C. 144 Gould St Suite 202, Needham Heights, MA 02494 | | |
| 08/30/2021 | Opposition to "DEFENDANTS' JOINT MOTION TO FILE CERTAIN PORTIONS OF THE EXHIBITS TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY AND FOR PROTECTIVE ORDER UNDER SEAL . . ." filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC (limited opposition) | 22 | Image |
| 09/03/2021 | Defendants Law Offices of David Hoey PC, David Hoey, Kira Wahlstrom's Joint Motion to File Certain Portions of the Exhibits to Plaintiffs' Opposition to Defendants' Motion to Stay and for Protective Order Under Seal Pursuant to the Protective Order Issued by this Court on June 2, 2021 (w/limited opposition) | 23 | Image |
| 09/03/2021 | David Hoey, Law Offices of David Hoey PC, Kira Wahlstrom's Memorandum in support of Joint Motion to File Certain Portions of the Exhibits to Plaintiffs' Opposition to Defendants' Motion to Stay and for Protective Order under Seal Pursuant to the Protective Order issued by this Court on June 2, 2021 | 24 | Image |
| 09/03/2021 | Opposition to "Defendants" Joint Motion to File Certain Portions of the Exhibits to Plaintiffs' Opposition to Defendants' Motion to Stay and for Protective Order Under Seal filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC | 25 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 09/03/2021 | Brief filed: Reply<br>in Support of Defendants' Joint Motion to File Certain Portions of the Exhibits to Plaintiffs' Opposition to Defendants' Motion to Stay and for Protective Order Under Seal Pursuant to the Protective Order Issued by this Court on June 2, 2021<br><br>Applies To: Hoey, David (Defendant); Law Offices of David Hoey PC (Defendant); Wahlstrom, Kira (Defendant) | 26 | Image |
| 10/21/2021 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  10/21/2021 12:33:40<br>Notice Sent To:  Edward F Foye, Esq. Arrowood LLP 10 Post Off Square 7th Floor South, Boston, MA 02109<br>Notice Sent To:  Sara Nicole Holden, Esq. Brecher, Wyner, Simons, Fox and Bolan PC 189 Wells Ave, Newton Center, MA 02459<br>Notice Sent To:  James S Bolan, Esq. Brecher, Wyner, Simons, Fox and Bolan, PC 189 Wells Ave, Newton Center, MA 02459-3210<br>Notice Sent To:  Amy E Goganian, Esq. Goganian and Associates, P.C 144 Gould St Suite 202, Needham Heights, MA 02494<br>Notice Sent To:  Kara Ann Bettigole, Esq. Goganian and Associates, P.C. 144 Gould St Suite 202, Needham Heights, MA 02494 | | |
| 10/26/2021 | Defendants David Hoey, Law Offices of David Hoey PC's Motion to<br>Stay and for Protective Order (filed with memo in support and opposition) :  The dates referenced herein having long past, the motion is moot. However, a hearing is scheduled for 11/29/21 at 2:45pm with regard to any request that counsel has not yet resolved (dated 10/21/21) notice sent 10/28/21 | 27 | Image |
| 10/26/2021 | Endorsement on Motion to File Certain Portions of Exhibits to Opposition to Motion to Stay and for Protective order Under Seal (#23.0): ALLOWED<br>pending further hearing on 11/29/21 at 2:45pm as to whether impoundment order shall be extended. Parties are reminded that any impoundment request must comply with the Uniform Rules on Impoundment Procedure and that the mere fact that parties have designated a document as "confidential" will not support its impoundment (dated 10/21/21) notice sent 10/25/21 | | Image |
| 11/01/2021 | Law Offices of David Hoey PC's Motion for leave to propound additional interrogatories to plaintiff Austin O'Toole<br>(w/opposition). | 28 | Image |
| 11/01/2021 | Law Offices of David Hoey PC's Memorandum in support of<br>motion for leave to propound additional interrogatories to plaintiff Austin O'Toole | 29 | Image |
| 11/01/2021 | Opposition to defendant's motion for leave to propound additional interrogatories to plaintiff Austin O'Toole filed by Austin O'Toole | 30 | Image |
| 11/01/2021 | Reply/Sur-reply<br><br>to opposition to motion to propound additional interrogatories to plaintiff Austin O'Toole<br><br>Applies To: Law Offices of David Hoey PC (Defendant) | 31 | Image |
| 11/01/2021 | Defendants Law Offices of David Hoey PC, David Hoey, Kira Wahlstrom's Joint Motion to<br>file certain portions of the exhibits to plaintiff's opposition to defendant's motion for leave to propound additional interrogatories to plaintiff Austin O'Toole under seal (w/opposition).<br><br>Applies To: Law Offices of David Hoey PC (Defendant) | 32 | Image |
| 11/01/2021 | Law Offices of David Hoey PC, David Hoey, Kira Wahlstrom's Memorandum in support of<br>joint motion to file certain portions of the exhibits to plaintiffs' opposition to defendant's motion for leave to propound additional interrogatories to plaintiff Austin O'Toole under seal | 33 | Image |
| 11/01/2021 | Opposition to motion to impound filed by Austin O'Toole | 34 | Image |
| 11/01/2021 | Reply/Sur-reply<br><br>to plaintiff's limited opposition to defendant's joint motion to file certain portions of the exhibits to plaintiff's opposition to defendant's motion for leave to propound additional interrogatories to plaintiff Austin O'Toole under seal<br><br>Applies To: Hoey, David (Defendant); Law Offices of David Hoey PC (Defendant); Wahlstrom, Kira (Defendant) | 35 | Image |
| 11/17/2021 | Attorney appearance<br>On this date Christine A Knipper, Esq. added for Defendant David Hoey | | |
| 11/17/2021 | Attorney appearance<br>On this date Christine A Knipper, Esq. added for Defendant Law Offices of David Hoey PC | | |
| 11/29/2021 | Matter taken under advisement:  Rule 12 Hearing scheduled on:<br>11/29/2021 02:30 PM | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | Has been: Held - Under advisement<br>Hon. Janet L Sanders, Presiding<br>Staff:<br>    Anh T Bungcayao, Assistant Clerk Magistrate | | |
| 11/29/2021 | Matter taken under advisement: Hearing for Protective Order scheduled on:<br>    11/29/2021 02:30 PM<br>Has been: Held - Under advisement<br>Hon. Janet L Sanders, Presiding<br>Staff:<br>    Anh T Bungcayao, Assistant Clerk Magistrate | | |
| 12/09/2021 | Plaintiff Austin O'Toole's Notice of<br>Service of Motion to Amend Complaint | 36 | Image |
| 12/17/2021 | Plaintiff Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Motion to amend the<br>Complaint ( Memorandum Incorporated) | 37 | Image |
| 12/17/2021 | Opposition to of Defendants David J. Hoey and the Law Offices of David J. Hoey P.C. to Plaintiffs<br>Motion to Amend Complaint ( RESPONSE /LIMITED OPPOSITION) filed by David Hoey, Law Offices of<br>David Hoey PC | 38 | Image |
| 12/17/2021 | Opposition to Plaintiffs Motion to Amend Complaint filed by Kira Wahlstrom | 39 | Image |
| 12/17/2021 | Reply/Sur-reply<br><br>Reply Memorandum in support of Motion to amend | 40 | Image |
| 12/17/2021 | Affidavit no opposition received<br><br>Applies To: Foye, Esq., Edward F (Attorney) on behalf of Law Offices of Austin Scott O'Toole PC (Plaintiff) | | Image |
| 12/17/2021 | Affidavit of Compliance with Rule 9A | | |
| 12/17/2021 | Plaintiff Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Notice of<br>Filing | | Image |
| 12/17/2021 | Plaintiffs Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Submission of<br>List of Documents Pursuant to Superior Court Rule 9A | | Image |
| 12/20/2021 | Endorsement on Motion to Impound (#32.0): DENIED<br>Motion does not comply with Uniform Rules of Impoundment (dated 12/7/21) notice sent 12/16/21 | | |
| 01/21/2022 | Plaintiffs, Defendants Austin O'Toole, Law Offices of Austin Scott O'Toole PC, David Hoey, Law Offices of<br>David Hoey PC, Kira Wahlstrom's Joint Motion to Enlarge the Time for Discovery and Associated<br>Deadlines Under the Tracking Order( First Enlargement) | 41 | Image |
| 01/24/2022 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 01/24/2022 10:17:23 | | |
| 02/10/2022 | Endorsement on Motion to Enlarge the Time for Discovery and Associated Deadlines Under the Tracking<br>Order( First Enlargement) (#41.0): ALLOWED<br>(date 2/1/22)<br>Notice 2/8/22 | | Image |
| 02/16/2022 | Matter taken under advisement: Motion Hearing to Amend Complaint scheduled on:<br>    02/16/2022 02:45 PM<br>Has been: Held - Under advisement<br>Hon. Mary K Ames, Presiding<br>Staff:<br>    Beatriz E Van Meek, Assistant Clerk Magistrate | | |
| 02/23/2022 | Amended: amended complaint filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC | 42 | Image |
| 02/24/2022 | Endorsement on Motion to amend the<br>Complaint ( Memorandum Incorporated) (#37.0): ALLOWED<br>(date 2/16/22) After hearing and careful consideration of all submissions and arguments allowed for the<br>good and sufficient reasons and cited herein Notice 2/18/22 | | Image |
| 02/24/2022 | Attorney appearance<br>On this date Thomas Murphy, Esq. added for Defendant David Hoey | | |
| 02/24/2022 | Attorney appearance<br>On this date Thomas Murphy, Esq. added for Defendant Law Offices of David Hoey PC | | |
| 03/02/2022 | Attorney appearance<br>On this date Bridget A Zerner, Esq. added for Defendant Kira Wahlstrom | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 03/02/2022 | Attorney appearance<br>On this date Kara Ann Bettigole, Esq. dismissed/withdrawn for Defendant Kira Wahlstrom | | |
| 03/02/2022 | Attorney appearance<br>On this date Amy E Goganian, Esq. dismissed/withdrawn for Defendant Kira Wahlstrom | | |
| 03/04/2022 | Party(s) file Stipulation<br>to extend time to respond to first amended complaint<br><br>Applies To: Wahlstrom, Kira (Defendant) | 43 | Image |
| 03/07/2022 | Attorney appearance electronically filed.<br><br>Applies To: Cooper, Esq., Howard (Attorney) on behalf of Don Keenan (as amended), Keenan Law Firm P.C. (as amended) (Defendant) | | Image |
| 03/07/2022 | Attorney appearance electronically filed.<br><br>Applies To: Pinta, Esq., Ian J (Attorney) on behalf of Don Keenan (as amended), Keenan Law Firm P.C. (as amended) (Defendant) | | Image |
| 03/07/2022 | Party(s) file Stipulation<br>to extend time to respond to first amended complaint<br><br>Applies To: Don Keenan (as amended) (Defendant); Keenan Law Firm P.C. (as amended) (Defendant) | 44 | Image |
| 03/07/2022 | Attorney appearance<br>On this date Howard Cooper, Esq. added for Defendant Don Keenan (as amended) | | |
| 03/07/2022 | Attorney appearance<br>On this date Ian J Pinta, Esq. added for Defendant Don Keenan (as amended) | | |
| 03/07/2022 | Attorney appearance<br>On this date Howard Cooper, Esq. added for Defendant Keenan Law Firm P.C. (as amended) | | |
| 03/07/2022 | Attorney appearance<br>On this date Ian J Pinta, Esq. added for Defendant Keenan Law Firm P.C. (as amended) | | |
| 03/07/2022 | Answer to amended complaint<br><br>Applies To: Hoey, David (Defendant); Law Offices of David Hoey PC (Defendant); Holden, Esq., Sara Nicole (Attorney) on behalf of Hoey, David, Law Offices of David Hoey PC (Defendant); Knipper, Esq., Christine A (Attorney) on behalf of Hoey, David, Law Offices of David Hoey PC (Defendant); Bolan, Esq., James S (Attorney) on behalf of Hoey, David, Law Offices of David Hoey PC (Defendant); Murphy, Esq., Thomas (Attorney) on behalf of Hoey, David, Law Offices of David Hoey PC (Defendant) | 45 | Image |
| 03/17/2022 | Attorney appearance electronically filed.<br>Attorney appearance<br>On this date John J Markham, II, Esq. added for Defendant Kira Wahlstrom (E-filed 03/17/2022) | | Image |
| 03/25/2022 | Plaintiffs Don Keenan (as amended), Keenan Law Firm P.C. (as amended)'s Notice of Intent to File Motion to Dismiss | 46 | Image |
| 03/29/2022 | Defendant Kira Wahlstrom's Notice of<br>Motion to Dismiss | 47 | Image |
| 04/12/2022 | Defendant Kira Wahlstrom's Motion to<br>Dismiss Plaintiffs' First Amended Complaint | 48 | Image |
| 04/12/2022 | Kira Wahlstrom's Memorandum in support of<br>its Motion to Dismiss Plaintiffs' First Amended Complaint | 49 | Image |
| 04/12/2022 | Affidavit of Bridget A. Zerner<br><br>Applies To: Zerner, Esq., Bridget A (Attorney) on behalf of Wahlstrom, Kira (Defendant) | 50 | Image |
| 04/12/2022 | Opposition to Kira Wahlstrom's Motion to Dismiss First Amended Complaint filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC | 51 | Image |
| 04/12/2022 | Reply/Sur-reply<br><br>Reply in support of Defendant Kira Wahlstrom's Motion to Dismiss Plaintiffs' First Amended Complaint<br><br>Applies To: Wahlstrom, Kira (Defendant) | 52 | Image |
| 04/12/2022 | Defendant Kira Wahlstrom's Submission of<br>Superior Court Rule 9C Certificate of Counsel<br><br>Applies To: Zerner, Esq., Bridget A (Attorney) on behalf of Wahlstrom, Kira (Defendant) | | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 04/12/2022 | Affidavit of Compliance with Superior Court Rule 9A<br><br>Applies To: Zerner, Esq., Bridget A (Attorney) on behalf of Wahlstrom, Kira (Defendant) | | Image |
| 04/12/2022 | Defendant Kira Wahlstrom's Request for Hearing | 53 | Image |
| 04/12/2022 | Defendant Kira Wahlstrom's Notice of Filing | | Image |
| 04/12/2022 | Defendant Kira Wahlstrom's Submission of Document List | | Image |
| 04/12/2022 | Defendant Kira Wahlstrom's Certificate of Service | | Image |
| 04/21/2022 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  04/21/2022 11:53:21 | | |
| 05/16/2022 | Defendants Don Keenan (as amended), Keenan Law Firm P.C. (as amended)'s Notice of Filing and Rule 9A (b)(2) List of Documents Filed<br><br>Affidavit of Compliances with Superior Court Rule 9A<br><br>Request for a Hearing | | Image |
| 05/16/2022 | Defendants Don Keenan (as amended), Keenan Law Firm P.C. (as amended)'s Motion to dismiss all counts | 54 | Image |
| 05/16/2022 | Don Keenan (as amended), Keenan Law Firm P.C. (as amended)'s Memorandum in support of their Motion to Dismiss | 55 | Image |
| 05/16/2022 | Opposition to defendants Don Keenan and the Keenan law Firm's Motion to Dismiss filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC | 56 | Image |
| 05/16/2022 | Reply/Sur-reply<br><br>Defendants Don Keenan and The Keenan Law Firm, P.C.'s Reply in Support of their Motion to Dismiss | 57 | Image |
| 05/16/2022 | Affidavit of Ian J. Pinta | 58 | Image |
| 05/24/2022 | Matter taken under advisement:  Rule 12 Hearing scheduled on:<br>        05/24/2022 03:00 PM<br>Has been: Held - Under advisement<br>Hon. Peter B Krupp, Presiding<br>Staff:<br>        Gloria Brooks, Assistant Clerk Magistrate | | |
| 06/08/2022 | Event Result::  Conference to Review Status scheduled on:<br>        06/08/2022 03:30 PM<br>Has been: Held as Scheduled<br>Hon. Peter B Krupp, Presiding<br>Staff:<br>        Gloria Brooks, Assistant Clerk Magistrate | | |
| 07/19/2022 | Endorsement on Motion to Dismiss First Amended Complaint (#48.0): ALLOWED<br>after hearing. See Memorandum and order of same date (dated 7/14/22) notice sent 7/18/22 | | Image |
| 07/19/2022 | Endorsement on Motion to Dismiss (#54.0): DENIED<br>after hearing. See Memorandum and Order of same date (dated 7/14/22) notice sent 7/18/22 | | Image |
| 07/19/2022 | MEMORANDUM & ORDER:<br><br>on Motions to Dismiss:   Kira Walstrom's Motion to Dismiss (p#48) is ALLOWED; Defendants' Don Keenan and the Keenan Law Firm PC's Motion to Dismiss (P#54) is DENIED<br><br>Judge: Krupp, Hon. Peter B<br><br>(see P#59 for full decision) (dated 7/14/22) notice sent 7/18/22 | 59 | Image |
| 07/25/2022 | Received from<br>Defendants Don Keenan (as amended), and Keenan Law Firm P.C. (as amended):  Answer, Affirmative defenses and jury demand; | 60 | Image |
| 09/06/2022 | Defendants Don Keenan (as amended), Keenan Law Firm P.C. (as amended)'s EMERGENCY Motion to Impound (Memorandum Incorporated) | 61 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 09/07/2022 | Opposition to Defendant Don Keenan's Emergency Motion to Impound filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC | 62 | Image |
| 09/13/2022 | Endorsement on Motion to Impound (#61.0): ALLOWED A hearing will be scheduled on this motion, in accordance with Trial Court Rule 8, at the same time as a hearing on the forthcoming discovery motions. Until further order, the pleadings identified in Exh. B hereto shall be Impounded Temporarily. Counsel filing the forth coming pleadings shall note this order of temporary Impoundment on the Pleadings.  Dated: 9/9/22  Notice sent 9/12/22 | | Image |
| 09/13/2022 | Plaintiff Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Motion to Compel Production of Documents from The Defendant Don Kenan (Memorandum Incorporated) | 63 | Image |
| 09/13/2022 | Defendant Don Keenan (as amended), Keenan Law Firm P.C. (as amended)'s Cross Motion for Temporary Stay of Discovery and Extension of Tracking Order | 64 | |
| 09/13/2022 | Opposition to (i) Plaintiff's Motion to Compel Production of Documents (Limited) and (ii) Memorandum in support of Cross Motion for Temporary Stay of Discovery and Extension of Tracking Order filed by Don Keenan (as amended), Keenan Law Firm P.C. (as amended) | 65 | |
| 09/13/2022 | Request for hearing filed<br><br>Applies To: Don Keenan (as amended) (Defendant); Keenan Law Firm P.C. (as amended) (Defendant) | 66 | |
| 09/13/2022 | Defendant David Hoey, Law Offices of David Hoey PC's Response to Cross-Motion of Co-Defendants Don Keenan and the Keenan Law Firm, P.C. For Temporary Stay of Discovery and To Extend Tracking Deadlines | 67 | |
| 09/13/2022 | Opposition to (1) the Keenan Defendants' Cross-Motion for a Stay of Discovery and (2) Reply Memorandum in Support of Their Motion to Compel Production of Documents filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC | 68 | |
| 09/13/2022 | Plaintiff Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Motion to Enlarge the time for discovery and associated deadlines under the tracking order. | 69 | Image |
| 09/13/2022 | Defendant Don Keenan (as amended), Keenan Law Firm P.C. (as amended)'s Response to plaintiff's motion to enlarge time for discovery and associated deadlines. | 70 | Image |
| 09/13/2022 | Defendant David Hoey, Law Offices of David Hoey PC's Response to plaintiff's motion to enlarge time for discovery and associated deadlines. | 71 | Image |
| 09/13/2022 | Affidavit of compliance with Rule 9A | | Image |
| 09/13/2022 | Plaintiff Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Notice of filing. | | Image |
| 09/13/2022 | Plaintiff Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Submission of list of documents pursuant to superior court Rule 9A. | | Image |
| 09/21/2022 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  09/21/2022 14:29:49 | | |
| 10/03/2022 | Event Result::  Motion Hearing scheduled on:<br>    10/03/2022 11:00 AM<br>Has been: Rescheduled    For the following reason: By Court prior to date<br>Hon. Jackie Cowin, Presiding<br>Staff:<br>    Anh T Bungcayao, Assistant Clerk Magistrate<br>    Leontina Limone, Assistant Clerk Magistrate | | |
| 10/04/2022 | Event Result::  Motion Hearing scheduled on:<br>    10/04/2022 02:00 PM<br>Has been: Held via Video/Teleconference<br>Hon. Jackie Cowin, Presiding<br>Staff:<br>    Anh T Bungcayao, Assistant Clerk Magistrate<br>    Leontina Limone, Assistant Clerk Magistrate | | |
| 10/05/2022 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  10/05/2022 12:07:39 | | |
| 10/05/2022 | Endorsement on Motion to Impound (#61.0): DENIED After hearing, denied. See separate order. (10/5/22) (Notice sent 10/11/22) | | Image |
| 10/05/2022 | ORDER: Initial Orders on Plaintiffs' Motion to Compel (No. 63); Keenan Defendants' Cross-Motion for Stay of Discovery (No. 64); and Motion for Extension of Tracking Order (No. 69); and Order on Keenan Defendants' Motion to Impound | 72 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | See paper #72 <br> (10/5/22) (Notice sent 10/11/22) | | |
| 10/17/2022 | Transcript of 10/4/22 received from Transcriber Donna Holmes Dominguez (via email and CD copy) | | |
| 10/27/2022 | Event Result:: Motion Hearing to Compel scheduled on: <br>     10/27/2022 02:00 PM <br> Has been: Held as Scheduled <br> Hon. Jackie Cowin, Presiding <br> Staff: <br>     Anh T Bungcayao, Assistant Clerk Magistrate <br>     Leontina Limone, Assistant Clerk Magistrate | | |
| 10/27/2022 | The following form was generated: <br><br> Notice to Appear <br> Sent On: 10/27/2022 14:47:35 | | |
| 10/31/2022 | The following form was generated: <br><br> Notice to Appear <br> Sent On: 10/31/2022 12:08:52 | | |
| 10/31/2022 | ORDER: further Order on plaintiff's motion to compel (No.63). <br> (dated 10/27/22) notice sent 10/31/22 | 73 | Image |
| 12/08/2022 | Affidavit of Mindy Bish | 74 | |
| 12/08/2022 | Event Result:: Motion Hearing to Compel scheduled on: <br>     12/08/2022 03:00 PM <br> Has been: Held as Scheduled <br> Hon. Jackie Cowin, Presiding <br> Staff: <br>     Anh T Bungcayao, Assistant Clerk Magistrate <br>     Leontina Limone, Assistant Clerk Magistrate | | |
| 12/14/2022 | Attorney appearance electronically filed. | | Image |
| 12/20/2022 | Endorsement on motion to compel Production of Documents (#63.0): from the Defendant Don Keenan (Memorandum Incorporated) ALLOWED <br> See separate order of this date. Dated: 12/16/22 Notice sent 12/20/22 <br><br> Applies To: O'Toole, Austin (Plaintiff); Law Offices of Austin Scott O'Toole PC (Plaintiff) | | Image <br> Image |
| 12/20/2022 | Endorsement on Motion for temporary stay of discovery and extension of tracking order (#64.0): DENIED Cross-Motion for stay of discovery is Denied. See separate order. Dated: 12/16/22 Notice sent 12/20/22 <br><br> Applies To: O'Toole, Austin (Plaintiff); Law Offices of Austin Scott O'Toole PC (Plaintiff) | | Image |
| 12/20/2022 | ORDER: Further Order on Plaintiffs' Motion to Compel and Defendant's Cross-Motion to Stay Discovery (Nos. 63 and 64) <br> ORDER - It is hereby ORDERED that the plaintiffs' Motion to Compel is ALLOWED, and the defendant's Cross-Motion to Stay Discovery is DENIED. Dated: December 16. 2022 Notice sent 12/20/22 (See P#75 for complete order) <br><br> Applies To: O'Toole, Austin (Plaintiff); Law Offices of Austin Scott O'Toole PC (Plaintiff) | 75 | Image |
| 12/20/2022 | Plaintiff Austin O'Toole's Reply to <br> Defendant Don Keenan's "Response to Supplemental Memorandum and Motions Regarding Discovery, and Request for Sanctions" | 80 | Image |
| 12/22/2022 | Attorney appearance electronically filed. | | |
| 12/23/2022 | Attorney appearance electronically filed. | | Image |
| 01/03/2023 | Attorney appearance <br> On this date John P Liberty, Esq. added for Defendant David Hoey | | Image |
| 01/03/2023 | Attorney appearance electronically filed. <br> On this date John P Liberty, Esq. added for Defendant Law Offices of David Hoey PC | | Image |
| 03/27/2023 | Rule 9A List Of Documents | | Image |
| 03/27/2023 | Affidavit Of Compliance With Massachusetts Superior Court Rule 9A | | Image |
| 03/27/2023 | Defendants Don Keenan (as amended), Keenan Law Firm P.C. (as amended)'s Motion to Compel Compliance With Subpoena Duces Tecum Served on Krzysztof G. Sobczak | 81 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 03/27/2023 | Defendant David Hoey, Law Offices of David Hoey PC's Response in support of co-defendants' motion to compel compliance with subpoena served on Krzysztof G. Sobczak. | 81.1 | Image |
| 03/27/2023 | Non-Party / Case Participant Krzysztof G Sobczak's Submission of Opposition to defendants' Motion to Compel & cross-Motion for Protective Order and for Costs. | 81.2 | |
| 03/27/2023 | Defendant Don Keenan (as amended), Keenan Law Firm P.C. (as amended)'s Reply in further support of their Motion to Compel compliance with subpoena Duces Tecum served on Krzysztof Sobczak & opposition to cross-motion for protective Order and Costs. | 81.3 | |
| 03/27/2023 | Defendant David Hoey, Law Offices of David Hoey PC's Submission of opposition to Non-Party Krzysztof Sobczak's cross- motion for protective order and costs. | 81.4 | |
| 03/31/2023 | Plaintiff Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Request for a Rule 16 Litigation Conference | 82 | Image |
| 04/04/2023 | Opposition to Plaintiffs' March 31, 2023 Motion filed by Don Keenan (as amended), Keenan Law Firm P.C. (as amended) | 83 | Image |
| 04/05/2023 | Exhibits/Appendix

Exhibits to Document 83 | | Image |
| 04/25/2023 | Opposition to Motion To Enlarge The Discovery Deadline filed by David Hoey, Law Offices of David Hoey PC | 84 | Image |
| 04/25/2023 | Affidavit Of No Opposition Received From The Keenan Defendants | | Image |
| 04/25/2023 | Affidavit Of Compliance With Rule 9A | | Image |
| 04/25/2023 | Reply/Sur-reply

Memorandum In Support Of Motion To Enlarge The Discovery Deadline | 85 | Image

Image |
| 04/25/2023 | Notice Of Filing | | Image |
| 04/25/2023 | List Of Documents | | Image |
| 04/25/2023 | Plaintiff Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Motion to enlarge the Discovery Deadline (Hearing Requested) | 86 | Image |
| 04/28/2023 | Defendants Don Keenan (as amended), Keenan Law Firm P.C. (as amended)'s Motion to amend the Protective Order | 87 | Image |
| 04/28/2023 | Rule 9A List Of Documents | | Image |
| 04/28/2023 | Affidavit Of Compliance With Rule 9A | | Image |
| 04/28/2023 | Exhibits/Appendix | | Image |
| 04/28/2023 | Opposition to Motion To Amend Protective Order filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC | 88 | Image |
| 05/12/2023 | Plaintiffs Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Motion to Compel Production Of Documents From The Defendant Don Keenan (Memorandum Incorporated) | 89 | Image |
| 05/12/2023 | Opposition to Motion To Compel Production Of Documents, And Cross-Motion For A Protective Order filed by Don Keenan (as amended), Keenan Law Firm P.C. (as amended) | 90 | Image |
| 05/12/2023 | Reply/Sur-reply

Memorandum In Support Of Plaintiffs' Motion To Compel Production Of Documents From The Defendant Don Keenan | 91 | Image |
| 05/12/2023 | List Of Documents Pursuant To Superior Court Rule 9A | | Image |
| 05/12/2023 | Affidavit Of Compliance With Rule 9A | 92 | Image |
| 05/15/2023 | Event Result::  Hearing for Protective Order scheduled on: 05/15/2023 02:00 PM Has been: Held as Scheduled Hon. Mary K Ames, Presiding Staff: Anh T Bungcayao, Assistant Clerk Magistrate Leontina Limone, Assistant Clerk Magistrate | | |
| 05/15/2023 | Event Result::  Rule 16 Conference scheduled on: 05/15/2023 02:00 PM | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| | Has been: Held as Scheduled<br>Hon. Mary K Ames, Presiding<br>Staff:<br>Anh T Bungcayao, Assistant Clerk Magistrate<br>Leontina Limone, Assistant Clerk Magistrate | | |
| 05/15/2023 | Event Result::  Motion Hearing to Compel scheduled on:<br>05/15/2023 02:00 PM<br>Has been: Held as Scheduled<br>Hon. Mary K Ames, Presiding<br>Staff:<br>Anh T Bungcayao, Assistant Clerk Magistrate<br>Leontina Limone, Assistant Clerk Magistrate | | |
| 05/16/2023 | Endorsement on Motion to compel compliance with Subpoena Duces Tecum served on Krzysztof G. Sobczak (#81.0): ALLOWED<br>After hearing ALLOWED for the reasons stated by the court on the record and for the good and sufficient reason cited defendant Keenan and Keenan Law firm in their memo with the limitations place on document production stated on the record the in person deposition shall be held on July 11, 2023 at 9:30 AM at Keenan Law Firm.<br>(Dated 5/15/2023) Notice sent 5/16/2023 | | Image |
| 05/16/2023 | Endorsement on Motion for Protective Order and Costs (#81.3): DENIED<br>Attorney Sobczak's Motion for Protective Order and costs is DENIED.<br>(Dated 5/15/2023) Notice sent 5/16/2023 | | Image |
| 05/16/2023 | Affidavit of Compliance with Massachusetts Superior Court Rule 9A | | |
| 05/26/2023 | Defendant Don Keenan (as amended), Keenan Law P.C. (as amended)'s Assented to Motion for Entry Of A Protective Order Governing The Production Of Don. C. Keenan's Medical Information | 93 | Image |
| 06/02/2023 | Endorsement on Motion for Entry of a Protective Order Governing the Production f Don C. Keenan's Medical Information (#93.0): ALLOWED<br>(Ames, J.,) 5/31/2023 notice sent 6/2/2023 | | Image |
| 06/02/2023 | ORDER: Protective Order Governing the Production of Don C. Keenan's Medical Information<br>(Ames, J.,) 5/31/2023 notice sent 6/2/2023<br><br>Judge: Ames, Hon. Mary K | 94 | Image |
| 06/06/2023 | Plaintiff Austin O'Toole, Law Offices of Austin Scott O'Toole PC's Motion to Authorize the Remote videotaping of the Deposition of Kira Wahlstrom | 95 | Image |
| 06/06/2023 | Opposition to Plaintiff's Motion to authorize the Remote Videotaping of the Deposition of Kira Wahlstrom (Limited Opposition) filed by David Hoey, Law Offices of David Hoey PC | 96 | Image |
| 06/06/2023 | Opposition to Plaintiff's Motion to authorize the Remote Videotaping of the Deposition of Kira Wahlstrom (Limited Opposition) filed by Don Keenan (as amended), Keenan Law P.C. (as amended) | 97 | Image |
| 06/06/2023 | Affidavit of Compliance with Rule 9A | | Image |
| 06/06/2023 | List of Documents Pursuant to Superior Court Rule 9A | | Image |
| 06/06/2023 | Notice of Filing | | Image |
| 06/08/2023 | Event Result::  Rule 16 Conference scheduled on:<br>06/08/2023 02:00 PM<br>Has been: Held as Scheduled<br>Hon. Mary K Ames, Presiding<br>Staff:<br>Anh T Bungcayao, Assistant Clerk Magistrate<br>Leontina Limone, Assistant Clerk Magistrate | | |
| 06/09/2023 | Endorsement on Motion to authorize the remote videotaping of the deposition of Kira Wahlstrom (#95.0): No Action Taken<br>After hearing NO ACTION TAKEN. The issues are not yet ripe.<br>(Dated 6/8/2023) Notice sent 6/9/2023 | | Image |
| 06/14/2023 | ORDER: Proposed Amended Tracking Order<br>See page #98<br>SO ORDERED.<br>(Dated 6/14/2023) Notice sent 6/14/2023 | 98 | Image |
| 06/30/2023 | Defendants David Hoey, Law Offices of David Hoey PC's Motion for Leave to Amend Answer to Add an Affirmative Defense | 99 | Image |
| 06/30/2023 | David Hoey, Law Offices of David Hoey PC's Memorandum in support of Motion for Leave to Amend Answer to Add an Affirmative Defense | 100 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 06/30/2023 | Opposition to Motion for Leave to Amend Answer to Add an Affirmative Defense filed by Austin O'Toole, Law Offices of Austin Scott O'Toole PC | 101 | Image |
| 06/30/2023 | Reply/Sur-reply<br><br>To Motion for Leave to Amend Answer to Add an Affirmative Defense | 102 | Image |
| 06/30/2023 | Affidavit of Compliance with Superior Court Rule 9A | | Image |
| 06/30/2023 | Rule 9A Document List | | Image |
| 06/30/2023 | Rule 9A Certificate of Notice of Filing | | Image |
| 07/24/2023 | Endorsement on Motion for Leave to Amend Answer to Add an Affirmative Defense (#99.0): ALLOWED<br>Upon consideration, Motion Allowed<br>(Dated: 7/24/23) | | Image |
| 07/25/2023 | Endorsement on Motion for Leave to Amend Answer to Add an Affirmative Defense (#99.0): ALLOWED<br>Upon consideration, Motion Allowed.<br>(Dated: 7/24/23) Notice Sent 07/26/23 | | Image |
| 07/25/2023 | Amended Answer<br><br>Applies To: Hoey, David (Defendant); Law Offices of David Hoey PC (Defendant) | 103 | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

Name search is currently unavailable in Land Court. Case type and case number searches are available. For assistance, contact the Land Court Recorder's Office at 617-788-7470. We apologize for any inconvenience this may cause. ✖

# EXHIBIT TT

**CONFIDENTIAL**



 Goganian & Associates, P.C.

---

April 6, 2021

Kira Wahlstrom

███████████████

      Re:    <u>Austin O'Toole & the Law Offices of Austin Scott O'Toole v. David Hoey and</u>
             <u>Kira Wahlstrom, Individually and Law Offices of David J. Hoey, PC</u>

Dear Ms. Wahlstrom:

    Enclosed please find a copy of the executed Engagement Agreement.

    Thank you.

                  Very truly yours,

                  *Amy E Goganian* LRD
                  Amy E. Goganian

AEG/lrd
Enc.

---

144 Gould Street, Suite 202    Needham, Massachusetts 02494    Phone:  781.433.9812    Fax:  781.433.9818

KW003505

## ENGAGEMENT AGREEMENT

This engagement agreement contains the terms under which Kira Wahlstrom (the "Client") agrees to retain Goganian & Associates, P.C. ("the Firm") to provide, and the Firm agrees to provide, legal representation with respect to the March 1, 2021 demand for attorney's fees by Austin O'Toole, Esq. and the Law Offices of Austin Scott O'Toole relative to the matter of *Kira Wahlstrom v. Jose Ruben Rivera, III, et al.*, Suffolk Superior Court Civil Action No. 2010-01022, as well as any ensuing litigation.

1.    Consistent with Mass. R. Prof Conduct 1.5(b), the Firm requires execution and delivery of this Agreement before it undertakes legal representation of the Client.

2.    The Firm will issue monthly invoices to Kira Wahlstrom for its fees on a time-expended basis and for all out-of-pocket expenses it incurs in its representation of the Client. Payment is due within 30 days. The Firm reserves the right to charge interest on any overdue payments at the rate of 18% per annum.

3.    The Client acknowledges that it is impossible to determine in advance the specific amount of time or expense that will reasonably be needed to provide it with proper representation in connection with the above-described matter, that the total amount of fees and expenses cannot accurately be predicted, and that no estimate of the total amount of fees and expenses has been made.

4.    All time devoted by the Firm to the above-described matter, including among other things time devoted to meetings, conferences, telephone calls, paper and electronic correspondence, factual and legal research and analysis, preparation for and participation in mediations and other alternative dispute resolution proceedings, settlement negotiations, and reasonably necessary travel will be billed on an hourly basis in multiples of tenths of an hour.

5.    Hourly billing rates will be as follows:

| | |
|---|---|
| Amy E. Goganian | $300/hour |
| Associates | $225/hour |
| Paralegals | $90/hour |

The Firm anticipates that Amy E. Goganian will bear primary responsibility for handling the above-described matter, but the services of others may be used in circumstances where the Firm judges that by doing so representation of equal quality can be provided at lower cost to the Client. The hourly rates quoted in this paragraph are subject to change upon 30 days advance written notice.

KW003506

**CONFIDENTIAL**

6.    The Client agrees to pay all out-of-pocket expenses reasonably incurred on its behalf in connection with the above-described matter, including among other things automobile mileage expense at the federally-approved rate, parking charges, tolls, other reasonable travel expenses, mediator or arbitrator fees and charges, investigative expenses, experts' and consultants' fees, on-line research charges, copying charges, delivery and/or courier fees, and extraordinary postage expense.  The Firm will not retain any technical expert, consultant, or outside investigator without first obtaining the Client's approval.

7.    Subject to the provisions of any applicable court rules and subject to the provisions of the Massachusetts Rules of Professional Conduct, the Client may at any time, with or without cause, discharge the Firm and the Firm may at any time, with or without cause, terminate its representation of the Client.

8.    The Firm's representation of the Client is limited to the above-described matter.  The Client acknowledges that the Firm does not represent her in connection with other matters in which she is or may become involved.

Kira Wahlstrom                            Goganian & Associates, P.C.

By: Kira Wahlstrom                 By:  Amy E. Goganian, Esq.
Address:                                144 Gould Street, Suite 202
                                     Needham, MA 02494
Tel:                                Tel:  (781) 433-9812

Dated: 4/1/2021                    Dated: 4/6/21

KW003507

# EXHIBIT UU



LDH 0042016

# EXHIBIT VV

```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
                    NO. 1:22-CV-10792-RGS


    ----------------------------------------
                                            )
    KIRA WAHLSTROM,                         )
             Plaintiff,                     )
                                            )
             vs.                            )
                                            )
    DAVID J. HOEY, LAW OFFICES OF           )
    DAVID J. HOEY, P.C., DON C. KEENAN,     )
    AND D.C. KEENAN & ASSOCIATES, P.C.      )
    D/B/A THE KEENAN LAW FIRM, P.C.,        )
             Defendant.                     )
                                            )
    ----------------------------------------
```

            DEPOSITION OF ERIN HIGGINS, ESQ., taken before

    June Poirier, Shorthand Reporter and Notary Public,

    at the offices of Wilson, Elser, 260 Franklin

    Street, Boston, Massachusetts, on Wednesday,

    June 28, 2023, commencing at 10:00 a.m.

(Pages 2 to 5)

Page 2

```
1    APPEARANCES:
2    BRIDGET A. ZERNER, ESQ.
     Markham, Read, Zerner, LLC
3    One Commercial Wharf West
     Boston, MA 02110
4    bzerner@markhamreadzerner.com
      For Kira Wahlstrom
5
6    CHRISTINE A. KNIPPER, ESQ.
     JOHN P. LIBERTY, ESQ.
7    Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
     260 Franklin Street, 14th Floor
8    Boston, MA 02110
     christine.knipper@wilsonelser.com
9     For David J. Hoey and Law Offices of
          David J. Hoey, P.C.
10
11   DANNI SHANEL, ESQ.
     Troutman, Pepper, Hamilton, Sanders
12   125 High Street, 19th Floor
     Boston, MA 02114
13   danni.shanel@troutman.com
      For Keenan's Kids Foundation, Inc.
14
15   JOHN J. O'CONNOR, ESQ.
     Peabody & Arnold, LLP
16   Federal Reserve Plaza
     600 Atlantic Avenue
17   Boston, MA 02210-2100
     joconnor@peabodyarnold.com
18    For Don C. Keenan and D.C. Keenan & Associates,
          P.C., d/b/a The Keenan Law Firm, P.C.
19
20   ALSO IN APPEARANCE:
21   DAVID HOEY
22
23
24
```

Page 3

```
1              I N D E X
2    WITNESS      DIRECT/REDIRECT   CROSS
3    ERIN HIGGINS
4    By Ms. Knipper    4   204
5    By Mr. O'Connor        140
6    By Ms. Shannel         197
7    By Ms. Zerner          202
8
9            E X H I B I T S
10   EXHIBIT NO.    DESCRIPTION      PAGE NO.
11   1  Report of Erin Higgins, Esq....... 26
12   2  Rule 1.4........................  39
13   3  Contingent Fee Agreement 2/2/10... 48
14   4  Contingent Fee Agreement 6/1/15... 48
15   5  ABA Formal Opinion 484 11/27/18... 52
16   6  H. LaVigne Financing Litigation... 55
17
18
19
20
21
22
23   Attorney Knipper retained the exhibits
24
```

Page 4

```
1             PROCEEDINGS
2        (Whereupon the witness was sworn.)
3    DIRECT EXAMINATION BY ATTORNEY KNIPPER:
4        Q.  Good morning, Attorney Higgins, how are
5    you?
6        A.  Good morning.
7        Q.  Thank you for being here.  Could you
8    please state your name for the record?
9        A.  Erin K. Higgins.
10       Q.  I believe you've been retained as an
11   expert in this case; is that correct?
12       A.  Yes.
13       Q.  Who retained you?
14       A.  Attorney Zerner.
15       Q.  When were you retained?
16       A.  I don't remember the date.
17       Q.  Has it been more than a month, more than
18   two months, more than a year?
19       A.  Definitely not more than a year.  I would
20   say somewhere between two months and a year.
21       Q.  Was it before the end of 2022?
22       A.  I don't remember.
23       Q.  Did you know Miss Zerner prior to being
24   retained?
```

Page 5

```
1        A.  No.
2        Q.  Do you know how it came about that Miss
3    Zerner retained you?
4        A.  I don't remember.
5        Q.  Are you consulting in the bad faith case?
6        A.  No.
7        Q.  Are you consulting on the Helmeke case?
8        A.  I don't know what that is.
9        Q.  I'll represent to you there is a state
10   court case involving the children of Miss
11   Wahlstrom, are you serving as a consultant on
12   that case?
13       A.  No.
14       Q.  Are you aware that Miss Zerner has
15   submitted you're an expert for the filing in
16   that case?
17       A.  No.
18       Q.  Have you ever met Kira Wahlstrom?
19       A.  No.
20       Q.  In terms of -- and obviously I have your
21   report and that has the list of the documents
22   that you reviewed.  Did you review Mr. Hoey's
23   deposition from the O'Toole matter?
24       A.  Yes, I believe that's on my list.  Was
```

Page 146

1   analysis?
2   A.  Well, depending on the stage of the
3   investigation often there is an interview under
4   oath of the respondent so the respondent
5   testimony as to what was explained to the
6   client and other testimony that relates to the
7   fee agreement that would certainly be a part of
8   it.
9   Q.  Testimonial evidence and obviously any
10  documents, any correspondence would be
11  relevant?
12  A.  Yep.
13  Q.  Focusing on specific kinds of evidence,
14  again, the question of how you evaluate
15  reasonableness, would you look at course of
16  conduct between the parties, their relationship
17  and their history of dealings with each other,
18  for example, is that something that might be
19  relevant?
20  A.  Not necessarily to fee agreements.  The
21  agreements are different, they're governed by a
22  specific rule and in my experience bar counsel
23  is quite inflexible on Rule 1.5.  So the course
24  of conduct, no.  Again, we're -- I mentioned

Page 147

1   communications so certainly if there's
2   documentation that in terms of the fee
3   agreement were explained to a client either at
4   a meeting or maybe an attorney has a note or in
5   an e-mail that would be relevant but course of
6   conduct I'm not sure what you mean by that.
7   Q.  Safe to say you would consider all of the
8   relevant circumstances as you saw them?
9   A.  Again, certainly what would be relevant
10  but Rule 1.5 is sort of different in it's a
11  very specific rule.
12  Q.  I'm focusing on the reasonableness concept
13  --
14  A.  I guess I'm struggling --
15  Q.  In your prior BBO matters, not confined to
16  just Rule 1.5.
17  A.  Okay.  Again, I can't answer that question
18  generally because you're making different
19  arguments under the different rules.  As Miss
20  Knipper -- Attorney Knipper pointed out she
21  spent quite a bit of time on Rule 1.4 which
22  talks about reasonableness.  1.5 talks about
23  reasonableness in terms of the total amount of
24  fees, right, so there is a reasonableness

Page 148

1   analysis.  But the flip side is with respect to
2   contingent fee agreements in particular Rule
3   1.5 there is no reasonableness standard, right,
4   it's you have to follow the form or if you're
5   firm diverges you have to explain how it
6   diverges, it doesn't matter if -- you know,
7   harkening back to her question if you're
8   dealing with -- even if I'm dealing with a very
9   sophisticated client I would still have to have
10  that discussion.
11  Q.  When you're dealing with reasonableness
12  under 1.4, 1.5 safe to say you're looking at
13  all the circumstances you consider relevant or
14  all of the evidence from any source you
15  consider relevant on the issue; fair enough?
16  A.  Well, that's certainly true in the
17  capacity which I'm here today.  When I'm
18  representing someone, you know, I'm going to
19  look to anything I think I can get bar counsel
20  to listen to whether it's relevant or not.
21  Q.  Of course you are.  Maybe I wasn't clear.
22  When you were sitting in an adjudicative
23  position you are acting as the tribunal how did
24  your reasonableness analysis work and what

Page 149

1   would you take into account?  It sounds like
2   you're agreeing with me you would consider all
3   of the evidence and all of the pertinent
4   circumstances, correct me if I'm wrong.
5   A.  If it's relevant.
6   Q.  Right.  All of the evidence and all of the
7   circumstances, course of conduct, course of
8   dealing, industry, trade, and custom, usage,
9   those are all things in theory in a given case
10  that could be pertinent, couldn't they, in how
11  to evaluate reasonableness?
12      MS. ZERNER:  Objection.
13  A.  I would consider anything that I found to
14  be relevant.
15  Q.  Okay.  Were you asked to opine in this
16  case as to whether either the defendants had
17  committed fraud?
18  A.  So I was asked to evaluate the conduct of
19  both attorneys in the way that I described and
20  nobody asked me to determine that there was
21  fraud.  But as I noted -- as my report says in
22  one instance I concluded there was a
23  misrepresentation.
24  Q.  Okay.  Beyond that one instance, any other

Page 150

1  findings or opinions that you express in the
2  report as to fraud?
3  A.  I wouldn't know -- no, I did not see
4  sufficient information to reach that conclusion
5  other than in that one instance.
6  Q.  Same question as to alleged violations of
7  Chapter 93A, unfair and deceptive conduct, 93A,
8  any opinions on that?  Were you asked to render
9  any opinions on that issue?
10  A.  On whether the conduct described in my
11  report rose to the level of a 93A violation?
12  Q.  Right.
13  A.  I was not asked to express an opinion.
14  Q.  In fact, you never expressed that opinion
15  on that issue; correct?
16  A.  In my report, no.
17  Q.  Were you given sort of free rein to just
18  evaluate the matter and identify issues as you
19  saw them or did you have a more confined
20  mandate?
21  A.  The former.
22  Q.  To the extent we don't see a concern or
23  critique expressed in your report you don't
24  have anything more to say in that respect; is

Page 151

1  that correct?
2  A.  That's correct.  I didn't have sufficient
3  information to make -- to render opinions other
4  than what's there.
5  Q.  You don't render an opinion as to whether
6  the breaches in the standard of care you talked
7  about in your report made any difference to the
8  results of the trial, the jury verdict, do you?
9  A.  No.
10  Q.  Do you have evidence that if Attorneys
11  Hoey and Keenan had conducted themselves in the
12  way in your report you say they should have
13  that that would have changed the result or any
14  of the ultimate disbursements in any way in the
15  case?
16  A.  Yes.
17  Q.  You do have evidence.  What is that
18  evidence?
19  A.  As I said when Attorney Knipper was asking
20  me questions if the attorneys had interpreted
21  the fee agreement in a way that I think a
22  reasonable client would have interpreted the
23  fee agreement more of the recovery would have
24  gone to Miss Wahlstrom.

Page 152

1  Q.  So you're assuming that she would have
2  insisted on some kind of different result if
3  she had different or additional information; is
4  that what you're saying?
5  MS. ZERNER:  Objection.
6  A.  I'm not saying that, no.
7  Q.  So I'm not hearing you describe evidence
8  that the result would have been different, I'm
9  hearing a theory that Miss Wahlstrom perhaps
10  would have conducted herself differently; is
11  that correct?
12  A.  I don't agree with you so here's one
13  example.  Attorneys Hoey and Keenan when the
14  money had been wired and was in their
15  possession I think, you know, had they -- had
16  they recognized that their disclosures to Miss
17  Wahlstrom up to that point had been inadequate
18  that the standard of care would have required
19  them to say we can't interpret the fee
20  agreement in this way, we never explained to
21  her we would interpret it in that way and
22  therefore incumbent on us to interpret it in
23  her favor, which means she definitely would
24  have gotten more of the money.

Page 153

1  Q.  Do you have evidence that if there had
2  been additional communication here of the sort
3  you say was required that she would have said
4  those terms are unacceptable to me, as opposed
5  to doing what she did?
6  A.  I think that more probably than not --
7  again, I wasn't asked to render an opinion on
8  this but I am a lawyer, a trial lawyer, I think
9  probably more than not had Miss Wahlstrom been
10  told there are significant changes to this fee
11  agreement that could work against you, you
12  should consult with your own counsel, separate
13  attorney on that, had she done that another
14  attorney would have negotiated a different fee
15  agreement, I think that's very much more likely
16  than not.
17  Q.  Correct me if I'm wrong but it sounds like
18  you're assuming that she didn't understand the
19  agreement when she read it.  Is that an
20  assumption you're making?
21  A.  Well, I'll answer that question in two
22  parts.  I don't think that's an assumption on
23  my part, she was told it was the same
24  agreement, there was no -- there was no

Page 170

1   don't we?
2        MS. ZERNER: Objection.
3   A.  That the misconduct rose to the level of
4   the jury verdict should be vacated?
5   Q.  Yeah.
6   A.  Yes.
7   Q.  That's all I'm asking, thank you.
8   Paragraph 48 on the page, Page 12.
9   A.  Okay.
10  Q.  Miss DeJuneas filed a notice of appeal on
11  Miss Wahlstrom's behalf, neither Hoey or Keenan
12  filed a notice of appearance after the appeal.
13  Do you happen to know why it was they didn't
14  file a notice of appeal?
15  A.  You mean a notice of appearance?
16  Q.  Notice of appearance, excuse me.
17  A.  I think I saw some testimony -- I don't
18  know.
19  Q.  Well, there was a decision made as a
20  matter of the litigation strategy to leave
21  their names off the record; correct?
22       MS. ZERNER: Objection.
23  A.  There may have been, I don't remember if
24  there was agreement on that point.

Page 171

1   Q.  Do you remember testimony by Mr. Hoey and
2   Miss DeJuneas on that issue?
3   A.  I do think I remember Attorney Hoey
4   testifying to that.
5   Q.  Do you recall Miss DeJuneas testifying she
6   was concerned about having on the brief and on
7   the appeals court docket attorneys who were
8   accused as part of the appeal with misconduct?
9   A.  I do remember her saying that with respect
10  to the brief, I just wasn't sure if she
11  specifically mentioned -- you had asked me
12  about the notice of appearance and I couldn't
13  remember if there was testimony with that.
14  Q.  The notice of appearance in the appeals
15  court?
16  A.  Right.
17  Q.  So the difference -- reasonable minds can
18  differ about strategy; right?  That's kind of a
19  truism in our business?  By our business I mean
20  defending attorneys in malpractice cases.  Is
21  that a fair statement?
22  A.  That it's a truism, yeah.
23  Q.  Generally, is it also fair to say just
24  because there is a difference of opinion of the

Page 172

1   strategy it doesn't follow that there is
2   automatically a deviation from the standard of
3   care?
4   A.  I think that yes, I agree with that.
5   Q.  By the way, to the extent that you're
6   talking about the standard of care here and
7   citing ethical rules are you opining that as a
8   matter of fact there were violations of the
9   rules or are you doing something different?
10  A.  I'm doing something different in the sense
11  that I think the point of what I've been asked
12  to do is render an opinion as to whether
13  attorneys met the standard of care in terms of
14  their behavior conforming to the ethical voice.
15  Q.  Okay.  So that you are not opining on the
16  ultimate factual issue as to whether rules were
17  violated; correct?
18  A.  Correct.
19  Q.  Do you have an opinion as to the
20  reasonableness of the fee that Patty DeJuneas
21  and Bob Corde charged?
22       MS. ZERNER: Objection.
23  A.  No, I was not asked to render an opinion
24  on that.

Page 173

1   Q.  Do you have one you care to share with us
2   today?
3        MS. ZERNER: Objection.
4   A.  No.  I don't even remember what they
5   charged off the top of my head.
6   Q.  All right.  For that matter with respect
7   to all other attorneys that contributed to the
8   matter, Goren, Bolan, Giacomo, et cetera, I'm
9   probably leaving some out, are you opining as
10  to the reasonableness to the specific fees they
11  charged, is that part of what you're doing
12  here?
13  A.  So I'm not opining as to the
14  reasonableness of the fees charged by any of
15  those attorneys.
16  Q.  Paragraph 72, please, on Page 16.
17  A.  Okay.  Yes, I'm there.
18  Q.  I just want to get some clarification.
19  You're not purporting to identify a specific
20  chronology as to when from the time that the
21  funds were received by plaintiff's counsel
22  through the time they were fully disbursed
23  exactly what went where when, you're not
24  opining on that, are you?  This paragraph 72 is

Page 194

1   Q.  Right.  Right.  Okay.  In any event, it
2   sounds like you're essentially I think
3   confirming what you said earlier, which is the
4   person who works on appeal is the -- should be
5   the focus and the recipient of the appellate
6   fees, in other words, distinct from semantics
7   over who filed the brief.
8   A.  Well, I don't really have that opinion.
9   My opinion is what I just said, which is you
10  can't have it both ways.  You can't have the
11  7 percent up charge and then ding the client
12  for the fees that were paid to appellate
13  counsel.
14  Q.  Would you agree with me that if the client
15  was agreeable to that, had full disclosure up
16  front and she knew on the one hand you're going
17  to pay an extra 7 percent and on the other hand
18  you're going to pay Miss DeJuneas and Bob Corde
19  for the appeal and she agreed to that, then
20  that's enforceable in good faith and
21  non-problematic agreement; right?
22  A.  If there was compliance with 1.8.
23  Q.  Right.  If there was full and complete
24  disclosure of all these details that she knows

Page 195

1   going into it with eyes open you're going to
2   pay me 7 percent, you're going to pay them
3   another 230,000 or so and she agrees to that
4   that's enforceable and no breach of duty; is
5   that fair?
6   A.  Well, you're missing an important
7   component of 1.8 in all of what you just said
8   to me which is that the client at the time the
9   version of 1.8 that was in effect the client
10  has to be given a reasonable opportunity to
11  consult with independent counsel about a change
12  in the fee agreement, that did not happen here.
13  Q.  Okay.  Let's assume for a minute 1.8 even
14  applies and let's assume further that she
15  consults with counsel or has access to counsel,
16  an opportunity to ask independent counsel, all
17  of those things happen, all of those ducks are
18  lined up, she understands that she's going to
19  get a fee from essentially two sets of
20  attorneys on the appellate team.
21  A.  She's going to pay double, okay.
22  Q.  There's no breach of duty, that's an
23  enforceable contract?
24  A.  I'm not going to go into the enforceable

Page 196

1   contract piece of this but I agree with you
2   that I wouldn't see a breach of the standard of
3   care based on a failure to conform to the
4   ethical rules in the circumstances you just
5   described.
6   Q.  And Rule 1.8 requires a modification;
7   right?
8   A.  Yes.
9   Q.  And you understand that the Keenan Firm
10  communicated, exchanged e-mails both with David
11  Hoey and with Patty DeJuneas about the post
12  trial motions and the appeal; correct?
13  A.  I think I answered this question earlier
14  perhaps.  I think I remember Attorney Hoey
15  testifying to Attorney Keenan having some
16  involvement.  I can't -- I can't recall right
17  now what you just said, which is there were
18  e-mails, those aren't coming to mind.  If you
19  are representing that those e-mails existed
20  then I'm not going to doubt you.
21  Q.  Okay.  If I told you there were a lot of
22  e-mails as a matter of record you wouldn't
23  disagree with me, would you?
24  A.  I'll accept your representation there were

Page 197

1   e-mails, I don't know what many means.
2   Q.  Finally, you would agree with me the
3   quote/unquote filing of a brief by itself, that
4   notion to the abstract, is not terribly
5   meaningful or helpful to any of us in trying to
6   interpret this paragraph for the 2015
7   agreement?
8   A.  I don't have an opinion.  I can't agree
9   with that.
10  Q.  Do you have an opinion on that issue?
11  A.  The words are there so, again, whoever --
12  if Attorney Keenan despite the language of the
13  agreement had a different understanding what
14  this says that's something he has an obligation
15  to explain to Miss Wahlstrom.
16  Q.  Right.  That's still not responsive to my
17  question.  My question is what's your opinion
18  as to the significance, if any at all, the
19  language about the filing of the brief, what's
20  your opinion on that?
21  A.  I don't have an opinion on that.
22  MR. O'CONNOR:  Thank you, I'm all set.
23  CROSS-EXAMINATION BY ATTORNEY SHANNEL:
24  Q.  Attorney Higgins, my name is Danni



Page 206

1    Q.  Yes, let's presume that for the purposes
2    of my question, that you're making the
3    presumption that nobody explained the 2015
4    agreement to her; correct?
5    A.  The differences between the 2015 and the
6    2010 agreement.
7    Q.  Or just explained to her the agreement in
8    general?
9    A.  Well, there's two different things there.
10   A duty to explain and a duty to explain how it
11   is different from the 2010 agreement, and also
12   provide her with the reasonable opportunity to
13   seek independent counsel on whether she should
14   agree to those changes, all that stuff is in my
15   report.
16   Q.  I understand your opinion.  Are you making
17   the presumption nobody explained to her the
18   2015 CFA?
19   A.  My reading of the testimony that did not
20   happen.
21   Q.  Your report reflects what each individual
22   says, right, meaning Mr. Sobczak what he says,
23   what Mr. Hoey says, and what Miss Wahlstrom
24   says; correct?

Page 207

1    A.  Correct.
2    Q.  And they all three have different
3    versions; correct?
4    A.  I think Mr. Sobczak and Miss Wahlstrom
5    agreed with each other.
6    Q.  Mr. Sobczak did not give any opinion as to
7    what Mr. Hoey allegedly said in the meeting,
8    correct, he just said he did not meet with her
9    and Attorney Hoey?
10   A.  On that point they agreed.
11   Q.  Okay.  Are you aware Mr. Sobczak gave an
12   affidavit in support of the O'Toole litigation
13   that is being used in this litigation?
14   A.  Yes.
15      MS. KNIPPER:  I have no further questions
16   for you.  Thank you.
17   (Whereupon the deposition of Erin Higgins, Esq.
18   concluded at 3:45 p.m.)
19
20
21
22
23
24

Page 208

1             ERRATA
2    Date of Deposition: June 28, 2023
     Case Name:  Wahlstrom v. Hoey, et al.
3    Deponent's Name: Erin Higgins, Esq.
4        I, the undersigned, do hereby certify
     that I have read the foregoing deposition
5    transcript and that to the best of my knowledge,
     said deposition transcript is true and accurate
6    (with the exceptions of the following changes listed
     below):
7
8        _____
9        ERIN HIGGINS, ESQ.
10
11       Dated_____
12
13   Page/Line No.____ Correction_____
14   Page/Line No.____ Correction_____
15   Page/Line No.____ Correction_____
16   Page/Line No.____ Correction_____
17   Page/Line No.____ Correction_____
18   Page/Line No.____ Correction_____
19   Page/Line No.____ Correction_____
20   Page/Line No.____ Correction_____
21   Page/Line No.____ Correction_____
22   Page/Line No.____ Correction_____
23   Page/Line No.____ Correction_____
24

Page 209

1          Commonwealth of Massachusetts
2
3        I, June N. Poirier, Notary Public in
     and for the Commonwealth of Massachusetts, do hereby
3    certify that there came before me on the 28th day of
     June, 2023, the deponent herein, who was duly sworn
4    by me; that the ensuing examination upon oath of the
     said deponent was reported stenographically by me
5    and transcribed into typewritten form under my
     direction and control; and that the within
6    transcript is a true record of the questions asked
     and the answers given at said deposition, to the
7    best of my knowledge, skill and ability.
8
9        I FURTHER CERTIFY that I am neither
     attorney nor counsel for, nor related to or employed
10   by any of the parties to the action in which this
     deposition is taken; and, further, that I am not a
11   relative or employee of any attorney or financially
     interested in the outcome of the action.
12       IN WITNESS WHEREOF I have hereunto set
13   my hand and affixed my seal of office this
14   30th day of June, 2023.
15
16       _____
     June N. Poirier, Notary Public
17   Commonwealth of Massachusetts
     My Commission Expires:
18   May 25, 2025
19
20
21
22
23
24