UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>            Plaintiff,<br><br>v.<br><br>DAVID J. HOEY, LAW OFFICES OF DAVID J. HOEY, P.C., DON C. KEENAN, D.C. KEENAN & ASSOCIATES, P.C. d/b/a THE KEENAN LAW FIRM, P.C., AND KEENAN'S KIDS FOUNDATION, INC.,<br><br>            Defendants. | C.A. NO. 1:22-cv-10792-RGS |

**DEFENDANT KEENAN'S KIDS FOUNDATION, INC.'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS SUBMITTED IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

Defendant Keenan's Kids Foundation Inc. ("KKF" or the "Foundation") submits this response to the Statement of Facts of Plaintiff Kira Wahlstrom ("Wahlstrom") (Doc. 94).

Paragraphs 1-38: KKF adopts, incorporates, and relies on the responses of Defendants Don C. Keenan and D.C. Keenan & Associates, P.C. d/b/a The Keenan Law Firm, P.C. (hereinafter, the "Keenan Defendants") to these paragraphs.

39. JPA attached as exhibits to their new trial motion excerpts from Keenan's book *The Keenan Edge* and from Keenan's book *Reptile: The 2009 Manual of the Plaintiff's Revolution*. Exhibit 15, JPA's Memorandum of Law in Support of Their Motion for New Trial, pp. 7, 16 (citing to the exhibits).

KKF Response: Undisputed. On September 24, 2015, the garage managers/operators (hereinafter, the "JPA Defendants") filed a motion arguing they should be granted a new trial

1

based on attorney misconduct by Ms. Wahlstrom's trial attorneys. Pl. Kira Wahlstrom's L.R. 56.1 Statement of Facts (Doc. 94) ("Pl.'s SOF") ¶ 38. The central theme of the JPA Defendants' motion was that Plaintiff's counsel had engaged in improper tactics by employing what is known as the "Reptile" strategy. *See, e.g.*, JPA Defs.' Mem. of Law in Supp. of Their Mot. for a New Trial (Doc. 96-15) at 4, 5, 13, 14, 17. The JPA Defendants attacked the Reptile strategy throughout their request for new trial, arguing that it colored Plaintiff's entire case. *See, e.g., id.* at 4 ("Of note, one of the overarching tactics of the Reptile strategy - a tactic that permeated the trial - requires plaintiffs attorneys to present their Reptile case to the jury no matter what, i.e., adverse judicial rulings notwithstanding ….").

40. Defendant Keenan's Kids Foundation is the owner of the intellectual property rights in *The Keenan Edge* and *Reptile* books which are offered for sale. Exhibit 16, KKF's Answers to Plaintiff Kira Wahlstrom's First Set of Interrogatories, No. 4; Exhibit 17, pp. 19-22, Supplemental Affidavit of Don C. Keenan.

KKF Response: Undisputed.

41. Keenan and Hoey engaged Attorney Richard Goren to file and litigate a motion for impoundment of *The Keenan Edge* and *Reptile* book materials. Exhibit 17, Engagement Letter, p 1 to 6; Exhibit 5, Keenan Response in Lieu of Deposition, No. 4; Exhibit 18, Deposition of Attorney Richard Goren ("Goren Dep."), p. 17 line 18 to p. 19, line 18, and p. 24, line 10 to 21; Exhibit 17, pp. 1-6, Engagement Agreement; Exhibit 17, pp. 8-18, Motion for Impoundment.

KKF Response: Disputed. On October 13, 2015, the Law Offices of David J. Hoey formally retained Attorney Richard Goren. Pl.'s SOF ¶ 41; Law Office of Richard Goren Engagement Letter to Law Offices of David J. Hoey, P.C. (October 13, 2015) (Doc. 96-17). The engagement letter states that Attorney Goren would "take direction from" and that "[b]ills will be sent to"

"Krzystof G. Sobczak or someone else the Law Offices of David J. Hoey, P.C. may designate."

Law Office of Richard Goren Engagement Letter, at 17-2.

> 42. The motion for impoundment sought to put the book materials under seal because "the owners of the proprietary material believed that it would harm their economic interests or their copyrights." Exhibit 18, Goren Dep., p. 29, lines 13-21; Exhibit 17, pp. 8-18, Motion for Impoundment (The filing in the public records of the Foundation's works will create a substantial risk of harm that cannot be remedied by an action at law. And because the market for these two works is compromised solely of trial lawyers, the availability of these works in the Clerk's Office for reading and copying will tend to interfere with the marketability of both works." Exhibit 17, p. 9).

KKF Response: Disputed. The JPA Defendants' attack on the Reptile strategy was part of their motion for a new trial, which was consistent with their pre-trial and trial strategy. Attorney Hoey testified that "they were introducing or trying to introduce [the *Reptile*] book, Keenan's trial blog articles, industry articles by the defense, in a way to improperly influence the judge …." Tr. of David J. Hoey Dep. (Doc. 96-4), at 102:20–103:3. Attorney Hoey explained that Plaintiff's counsel in the premises liability case believed that it was in Plaintiff's best interests to fight the JPA Defendants' use of the Reptile materials, and that Plaintiff agreed to that strategy. He testified that "during the trial and during the motion for new trial the defense was trying to put a wedge between Kira [Wahlstrom] and Don [Keenan] and Don and the court by attaching a lot of Mr. Keenan's book and trial blog articles and we felt it was necessary and in her best interest at that time to fight it and she agreed. Everything was fight, fight, fight, and so that's what we did. She understood it at the time; had a few choice words as usual." *Id*. at 107:21–108:16. As they had done in the pre-trial and trial stages, Plaintiff's premises liability counsel had to decide how to best neutralize the JPA Defendants' attack on the Reptile strategy. *Id*. They consulted with Attorney Richard Goren, who reviewed JPA Defendants' motion for a new trial, and conferred with them about how to address the material from the *Reptile* and *The Keenan Edge* that the JPA Defendants had put before the judge. Hoey Dep. 102:20–103:3, 107:21–108:16; Law Office of

3

Richard Goren Invoice 32B (November 10, 2015) (Doc. 96-55); Tr. of Richard Goren Dep. (Doc. 96-18), at 13:1–14:12. Plaintiff agreed that, to preserve the jury verdict in her favor, it was necessary to defend the strategies that her counsel had employed at trial. Tr. of Kira Wahlstrom Dep. (Doc. 96-2), at 232:3–233:12.

43. Attorney Goren filed an appearance only on behalf of the Keenan's Kids Foundation. Exhibit 17, Notice of Appearance, p. 7.

KKF Response: Undisputed.

44. Attorney Goren never met Kira Wahlstrom, had no fee agreement with Wahlstrom, and directed his invoices to Hoey, not Wahlstrom. Exhibit 18, Goren Dep., p. 17, line 1 to 23.

KKF Response: Undisputed.

45. Attorney Goren required a release from Hoey (and his firm), Keenan (and his firm) and the Keenan's Kids Foundation before he would produce any documents from his files to Kira Wahlstrom concerning the impoundment motion in the instant case. Exhibit 18, Goren Dep., p. 8, line 22 to p. 11, line 16.

KKF Response: Disputed. Attorney Goren sought authorization to release his file to Plaintiff's counsel in this litigation. Goren Dep. 11:11–16.

46. The motion for impoundment filed in the premises liability case on behalf of the Keenan's Kids Foundation was denied. Exhibit 17, Motion for Impoundment, p. 8 to 18. 89.

KKF Response: Undisputed.

Paragraphs 47–125: KKF adopts, incorporates, and relies on the responses of the Keenan Defendants to these paragraphs.

126. Hoey and Keenan charged Ms. Wahlstrom $20,824.00 for attorney Richard Goren to appear for Keenan's Kids Foundation, Inc. (that does business as the Keenan Trial Institute) and file a motion to impound book materials to protect the Foundation's proprietary and economic interest. Exhibit 52, Hoey Email to Wahlstrom, 3/29/2020 with Final Fee and Expense Itemization; Exhibit 55, Attorney Richard Goren Invoices ("Goren Invoices").

4

KKF Response: Disputed. Attorney Goren's invoices were sent to the Law Offices of David J. Hoey. Goren Invoice 32B (November 10, 2015); Goren Dep. 19:8–18; 22:12–17. The Law Offices of David J. Hoey paid Attorney Goren. Goren Dep. 19:8–18; 22:12–17.

Paragraphs 127–148: KKF adopts, incorporates, and relies on the responses of the Keenan Defendants to these paragraphs.

149. Ms. Wahlstrom would not have agreed to pay for the fees incurred for Richard Goren if she had been fully informed of all the facts and circumstances involved in his engagement and the work he performed. Wahlstrom Declaration, ¶36.

KKF Response: Disputed. Ms. Wahlstrom was informed about the facts and circumstances involved in Attorney Goren's engagement and agreed to pay Attorney Goren's fees. Plaintiff contemporaneously agreed with her counsel's approach to preserving the trial verdict in her favor, and knew that approach included contesting the JPA Defendants' use of *The Reptile Manual* and *The Keenan Edge*. Attorney Hoey testified that "during the trial and during the motion for new trial the defense was trying to put a wedge between Kira [Wahlstrom] and Don [Keenan] and Don and the court by attaching a lot of Mr. Keenan's book and trial blog articles and we felt it was necessary and in her best interest at that time to fight it and she agreed. Everything was fight, fight, fight, and so that's what we did. She understood it at the time; had a few choice words as usual." Hoey Dep. at 107:21–108:16. Then, after her appeal was successful and her verdict was reinstated, Plaintiff specifically agreed to Attorney Goren's fees. Plaintiff and Attorney Hoey met in December of 2019 to discuss the accounting of all the expenses in her

5

case. Wahlstrom Dep. 40:20–41:9, 45:13–18; Hoey Dep. 104:8–19. Plaintiff asked him questions about the expenses, and Attorney Hoey answered them. Hoey Dep. 105:13–20. On March 27, 2020, Attorney Hoey provided the Plaintiff an updated itemization of the fees and expenses. List of Distributions and Expenses (signed March 27, 2020) (Doc. 96-54). Plaintiff met with Attorney Hoey and again went over the expenses and attorneys' fees in the spreadsheet. Wahlstrom Dep. 45:13–18. After Plaintiff reviewed the specific fees and expenses, she initialed the settlement statements and also wrote/signed two notes of approval: (1) one dated March 27, 2020 and stating "Kira Wahlstrom I am aware of the above fee distribution and approve"; and (2) a second dated March 27 and stating "Kira Wahlstrom, I approve of the above itemized expenses." First Am. Compl. ¶ 55; List of Distributions and Expenses (signed March 27, 2020), at 54-3. On March 29, 2020, Attorney Hoey sent a spreadsheet with additional details regarding the charges. First Am. Compl. ¶ 54; March 29, 2020 Email from D. Hoey to K. Wahlstrom (Doc. 96-52). The March 29 spreadsheet explicitly stated the purposes of Attorney Goren's work. *Id*. at 52-2. Attorney Hoey asked Plaintiff if she had any questions or disputes regarding any of the expenses listed. March 29, 2020 Email, at 52-1. On March 30, 2020, Plaintiff stated in writing that she had no questions about the expenses and attorneys fees. March 30, 2020 Email from D. Hoey to K. Wahlstrom (Doc. 96-52). Specifically, the Plaintiff did not raise any concerns regarding the fees and work of Attorney Edward Goren. *Id*. Plaintiff agrees that she read the statements regarding the attorneys fees and expenses, had the opportunity to ask

6

questions about them, understood them, and approved them.  Wahlstrom Dep. at 4:20–41:13, 45:12–18.

Paragraphs 150–153: KKF adopts, incorporates, and relies on the responses of the Keenan Defendants to these paragraphs.

154. On February 24, 2022 and March 2, 2022, Ms. Wahlstrom made demand on Hoey and Keenan, respectively, for return of: the appeal overcharge ($695,808.57), Goganian's fees for the Sobczak lien ($41,231.72), Goren's fees ($20,824.00), Bolan's fees ($8,432.39), Vail's fees ($2,655.00), Giordano's fees ($1,316.00), and Lewis Brisbois Bisgaard's fees ($561.25) which all total $770,828.93 and making demand for an accounting including for the Advocate Capital charge.  Exhibit 60, 93A Demand Letter to Hoey; Exhibit 61, 93A Demand Letter to Keenan.

<u>KKF Response</u>: Undisputed.

Paragraphs 155-158: KKF adopts, incorporates, and relies on the responses of the Keenan Defendants to these paragraphs.

Dated: September 22, 2023

Respectfully Submitted,

*/s/ William M. Taylor*
John M. Bowler (pro hac vice)
William M. Taylor (Bar No. 624981)
Danni L. Shanel (Bar No. 710378)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
William.Taylor@troutman.com
Danni.Shanel@troutman.com

7

162723824v3

**CERTIFICATE OF SERVICE**

I, Danni L. Shanel, hereby certify that a copy of the foregoing document has been served via ECF on this 22nd day of September, 2023 to:

Bridget A. Zerner, Esq.
John J.E. Markham, II, Esq.
Markham Read Zerner LLC
Once Commercial Wharf West
Boston, MA 02110
bzerner@markhamreadzerner.com
jmarkham@markhamreadzerner.com

Christine Knipper, Esq.
Dennis Maher, Esq.
Wilson, Elser, Moskowitz & Dicker, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
christine.knipper@wilsonelser.com

John J. O'Connor
Kristyn K. St. George
PEABODY & ARNOLD, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
Phone: (617) 951-2100
Fax: (617) 951-2125
joconnor@peabodyarnold.com
kstgeorge@peabodyarnold.com

                                                      */s/ Danni L. Shanel*
                                                      Danni L. Shanel (Bar No. 710378)

162723824v3