UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID J. HOEY, LAW OFFICES OF<br>DAVID J. HOEY, P.C., DON C. KEENAN,<br>D.C. KEENAN & ASSOCIATES, P.C. d/b/a<br>THE KEENAN LAW FIRM, P.C., AND<br>KEENAN'S KIDS FOUNDATION, INC.,<br><br>        Defendants. | C.A. NO. 1:22-cv-10792-RGS |

**DEFENDANT KEENAN'S KIDS FOUNDATION, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Kira Wahlstrom moves for summary judgment on her conversion claim against defendant Keenan's Kids Foundation, Inc. ("KKF" or the "Foundation"), which is the only claim she asserts against KKF. Pl.'s Mot. for Partial Summ. J. (Doc. 92). Plaintiff alleged in her First Amended Complaint that KKF took about $21,000 of Plaintiff's funds to pay a lawyer whose work allegedly only benefited KKF. First Am. Compl. (Doc. 11) ¶ 100. Discovery in this matter has shown that KKF never took any of Plaintiff's funds. Discovery also shows that Plaintiff understood the reason for the expenditure and approved it.

In light of this evidence, there is no possible way for Plaintiff to prove any of the required elements of a conversion claim. In particular, Plaintiff cannot prove her allegation that KKF took her funds, or that KKF intentionally or wrongfully exercised control or dominion over her funds.

For these reasons, expanded upon more fully below, KKF requests this Court deny Plaintiff's Motion for Summary Judgment as it pertains to KKF.

## I. PERTINENT FACTS

### A. KKF's Background

1. Keenan's Kids Foundation (d/b/a The Keenan Trial Institute) is a charitable organization founded by Don C. Keenan. First Am. Compl. ¶ 8. Keenan's Kids Foundation's mission is charity work, community awareness, and child advocacy, with a focus on child safety and at-risk children. *Id.*

2. KKF is the owner of the intellectual property rights to *The Keenan Edge* and *Reptile* textbooks written by Mr. Keenan. Pl. Kira Wahlstrom's L.R. 56.1 Statement of Facts (Doc. 94) ("Pl.'s SOF") ¶ 40.

### B. The Attack on Plaintiff's Trial Strategy

3. Don Keenan and Andrew Gould, from the Keenan Law Firm, and David Hoey and Krysztof Sobczak, from the Law Offices of David J. Hoey, tried the premises liability case in July 2015. Pl.'s SOF ¶ 36.

4. The trial ended with a verdict in Plaintiff's favor on August 11, 2015. *Id.* Plaintiff obtained a jury verdict of $4 million against the garage owners and operators (JPA) that, with prejudgment interest and costs, resulted in a total judgment of $6,650,829.58 in 2015. *Id.* ¶ 37.

5. On September 24, 2015, the garage managers/operators (hereinafter, the "JPA Defendants") filed a motion for new trial arguing they should be granted a new trial based on attorney misconduct by Ms. Wahlstrom's trial attorneys. *Id.* ¶ 38.

6. The central theme of the JPA Defendants' motion was that Plaintiff's counsel had engaged in improper tactics by employing what is known as the "Reptile" strategy.

*See, e.g.*, JPA Defs.' Mem. of Law in Supp. of Their Mot. for a New Trial (Doc. 96-15) at 4, 5, 13, 14, 17.

7. The JPA Defendants attacked the Reptile strategy throughout their request for new trial, arguing that it colored Plaintiff's entire case. *See, e.g., id*. at 4 ("Of note, one of the overarching tactics of the Reptile strategy - a tactic that permeated the trial - requires plaintiffs attorneys to present their Reptile case to the jury no matter what, i.e., adverse judicial rulings notwithstanding….").

8. The JPA Defendants attached as exhibits to their new trial motion excerpts from Keenan's book *The Keenan Edge* and from Keenan's book *Reptile: The 2009 Manual of the Plaintiff's Revolution*. Pl.'s SOF ¶ 39.

C. **Wahlstrom's Counsel Hires Attorney Goren to Help Fight the JPA Defendants' Motion for a New Trial**

9. The JPA Defendants' attack on the Reptile strategy was part of their motion for a new trial, which was consistent with their pre-trial and trial strategy. Attorney Hoey testified that "they were introducing or trying to introduce [the *Reptile*] book, Keenan's trial blog articles, industry articles by the defense, in a way to improperly influence the judge …." Tr. of David J. Hoey Dep. (Doc. 96-4), at 102:20–103:3.

10. Attorney Hoey explained that Plaintiff's counsel in the premises liability case believed that it was in Plaintiff's best interests to fight the JPA Defendants' use of the *Reptile* materials, and that Plaintiff agreed to that strategy. He testified that "during the trial and during the motion for new trial the defense was trying to put a wedge between Kira [Wahlstrom] and Don [Keenan] and Don and the court by attaching a lot of Mr. Keenan's book and trial blog articles and we felt it was necessary and in her best interest at that time to fight it and she agreed.

3

Everything was fight, fight, fight, and so that's what we did. She understood it at the time; had a few choice words as usual." *Id*. at 107:21–108:16.

11. As they had done in the pre-trial and trial stages, Plaintiff's premises liability counsel had to decide how to best neutralize the JPA Defendants' attack on the Reptile strategy. *Id*. They consulted with Attorney Richard Goren, who reviewed JPA Defendants' motion for a new trial, and conferred with them about how to address the material from the *Reptile* and *The Keenan Edge* books that the JPA Defendants had put before the judge. Hoey Dep. (Doc. 96-4), at 102:20–103:3, 107:21–108:16; Law Office of Richard Goren Invoice 32B (November 10, 2015) (Doc. 96-55); Tr. of Richard Goren Dep. (Doc. 96-18), at 13:1–14:12.

12. Plaintiff agreed that, to preserve the jury verdict in her favor, it was necessary to defend the strategies that her counsel had employed at trial. Tr. of Kira Wahlstrom Dep. (Doc. 96-2), at 232:3–233:12.

13. On October 13, 2015, the Law Offices of David J. Hoey formally retained Attorney Richard Goren. KKF Response to Pl.'s Statement of Facts ("KKF SOF") ¶ 41; Law Office of Richard Goren Engagement Letter to Law Offices of David J. Hoey, P.C. (October 13, 2015) (Doc. 96-17).

14. The "scope of the engagement" states that the Law Offices of David J. Hoey "asked [Goren] to assist [it] in preparing a motion for impoundment of copyrighted material included in defendant's rule 59 motion for a new trial. You may or may not request that I also assist you in preparing an opposition to the rule 59 motion." Law Office of Richard Goren Engagement Letter, at 17-1.

15. Attorney Goren ultimately prepared and filed a motion entitled "Interested Non-Party Trial Court Rule VIII URIP Motion for Impoundment or In the Alternative to

4

Expunge Immaterial Matter" (Doc. 96-17). The Motion explained that there was nothing in the *Reptile* and *The Keenan Edge* that would "assist the Court in either any conceivably requisite assay of the weight of the credible evidence or in its consideration of the conduct of plaintiffs' counsel during the trial proceedings." *Id*. at 17-9. The motion requested the Court either impound or expunge the material. *Id*. at 17-8–17-17.

16. Attorney Goren's invoices were sent to the Law Offices of David J. Hoey. Goren Invoice 32B; Goren Dep. 19:8–18, 22:12–17.

17. A number of entries in the Goren invoices show that his work was not limited to the impoundment issue. *See, e.g.*, Goren Invoice 32B October 13, 2015 entry ("Partial review of defendant's brief"); October 15, 2015 entry ("Review defendant motion and brief for new trial. Review plaintiff draft opposition. Cursory review of my rule 59 law. Email comments to client."); October 16, 2015 entry ("Research striking materials as opposed to impounding."); November 4, 2015 entry ("Receipt of 10-28-15 motion for new trial in light of amended entry of judgment"); November 20, 2015 entry ("Review Wilson decision. Email to David, Kris and Don strategic issues implicated by Don's question of whether to appeal or take further legal action.").

18. The Law Offices of David J. Hoey paid Attorney Goren. Goren Dep. 19:8–18, 22:12–17.

**D.** **Plaintiff Approved the Goren Fees**

19. Plaintiff and Attorney Hoey met in December of 2019 to discuss the accounting of all the expenses in her case. Hoey Dep. 104:8–19. Plaintiff asked him questions about the expenses, and Attorney Hoey answered them. *Id*. at 105:13–20.

5

20. On March 27, 2020, Attorney Hoey provided the Plaintiff an updated itemization of the fees and expenses. List of Distributions and Expenses (signed March 27, 2020) (Doc. 96-54). Plaintiff met with Attorney Hoey and again went over the expenses and attorneys' fees in the spreadsheet. Wahlstrom Dep. 40:20–41:9, 45:13–18.

21. After Plaintiff reviewed the specific fees and expenses, she initialed the settlement statements and also wrote, and then signed, two notes of approval. The first was dated March 27, 2020 and stated "Kira Wahlstrom I am aware of the above fee distribution and approve"; the second was similarly dated March 27 and stated "Kira Wahlstrom, I approve of the above itemized expenses". First Am. Compl. ¶ 55; List of Distributions and Expenses, at 54-3.

22. On March 29, 2020, Attorney Hoey sent a spreadsheet with additional details regarding the charges. First Am. Compl. ¶ 54; March 29, 2020 Email from D. Hoey to K. Wahlstrom (Doc. 96-52). The March 29 spreadsheet explicitly stated the purposes of Attorney Goren's work. March 29, 2020 Email 52-2.

23. Plaintiff admitted that she read the description of Attorney Goren's work in the spreadsheets that Attorney Hoey provided to her. Wahlstrom Dep. 58:9–14.

24. Attorney Hoey asked Plaintiff if she had any questions or disputes regarding any of the expenses listed. March 29, 2020 Email 52-1.

25. On March 30, 2020, Plaintiff stated in writing that she had no questions about the expenses and attorneys fees. March 30, 2020 Email from K. Wahlstrom to D. Hoey (Doc. 96-52) at 52-1.

26. Specifically, the Plaintiff did not raise any concerns regarding the fees and work of Attorney Edward Goren. *Id.*

6

27. Plaintiff agrees that she read the statements regarding the attorneys fees and expenses, had the opportunity to ask questions about them, understood them, and approved them. Wahlstrom Dep. 40:20–41:9, 45:13–18.

## II. ARGUMENT

### A. Summary Judgment Standard

A movant is only entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While the Court views the record "in the light most favorable to the non-moving party," the nonmovant "may not rely on conclusory allegations, improbable inferences, or unsupported speculation" but must, instead, 'set forth specific facts showing that there is a genuine issue for trial.'" *Pineda v. Toomey*, 533 F.3d 50, 53 (1st Cir. 2008).

### B. Plaintiff Is Not Entitled to Summary Judgment Because She Cannot Establish the Elements of a Conversion Claim

Plaintiff's conversion claim alleges KKF took Plaintiff's funds to pay an attorney, Richard Goren, who allegedly performed work only for KKF and not for Plaintiff. First Am. Compl. ¶ 100. This claim fails because the evidence establishes that KKF never took any of Plaintiff's funds and Plaintiff consented to David Hoey paying Attorney Goren for the work that Goren performed with respect to the JPA Defendants' motion for a new trial.

#### 1. The Evidence Shows that KKF Did Not Take Plaintiff's Funds

The evidence shows that KKF did not take Plaintiff's funds. To the contrary:

- Attorney Goren's engagement letter was with the Law Offices of David J. Hoey. Law Office of Richard Goren Engagement Letter (October 13, 2015).

- Attorney Goren invoiced the Law Offices of David J. Hoey. Goren Invoice 32B; Goren Dep. 19:8–18, 22:12–17.

7

- The Law Offices of David J. Hoey paid Attorney Goren. Goren Dep. 19:8–18, 22:12–17.

In light of this evidence, which *all* comes from Plaintiff's exhibits to her motion for summary judgment, Plaintiff cannot prove her allegation that KKF took her funds or establish that KKF "exercised acts of ownership, control or dominion over personal property" of Plaintiff, which is one of the required elements of a claim for conversion under Massachusetts law. *Grand Pac. Fin. Corp. v. Brauer*, 57 Mass. App. Ct. 407, 412 (2003) (providing required elements of a conversion claim).

2. **Plaintiff's Consent to Goren's Fees Defeats the Conversion Claim**

A property owner's consent to the defendant's actions defeats a claim for conversion. *Pearson v. Hodges*, 363 F. Supp. 3d 197, 207 (D. Mass. 2018) (quoting *Edinburg v. Allen-Squire Co.*, 299 Mass. 206, 211 (1938)). Here, the evidence shows that Plaintiff contemporaneously agreed with her counsel's approach to preserving the trial verdict in her favor, and knew that approach included contesting the JPA Defendants' use of *The Reptile Manual* and *The Keenan Edge*. Attorney Hoey testified that "during the trial and during the motion for new trial the defense was trying to put a wedge between Kira [Wahlstrom] and Don [Keenan] and Don and the court by attaching a lot of Mr. Keenan's book and trial blog articles and we felt it was necessary and in her best interest at that time to fight it and she agreed. Everything was fight, fight, fight, and so that's what we did. She understood it at the time; had a few choice words as usual." Hoey Dep. 107:21–108:16.

Then, after her appeal was successful and her verdict was reinstated, Plaintiff specifically agreed to Attorney Goren's fees. As explained above in Section I(D), Attorney Hoey met with Plaintiff on several occasions and explained the attorneys fees and expenses that were accrued in

8

her case. Hoey Dep. 104:8–19, 105:13–20; List of Distributions and Expenses (signed March 27, 2020); Wahlstrom Dep. 41, 45.

After Plaintiff reviewed the specific fees and expenses, which included Attorney Goren's fees, she initialed the settlement statements and also executed two notes of approval. First Am. Compl. ¶ 55; List of Distributions and Expenses (signed March 27, 2020). She also reviewed and approved a spreadsheet which had additional detail about expenses and fees, including a description of the purpose of Attorney Goren's fees. First Am. Compl. ¶ 54; March 29, 2020 Email from D. Hoey to K. Wahlstrom, at 52-1, 52-2. Plaintiff admitted that she read the statements regarding the attorneys fees and expenses, had the opportunity to ask questions about them, understood them, and approved them. Wahlstrom Dep. 40:20–41:9, 45:13–18.

Plaintiff's consent to Attorney Goren's work, and to his fees, defeats Plaintiff's conversion claim. *Pearson*, 363 F. Supp. 3d at 207 ("And, because Plaintiffs have conceded that they voluntarily agreed to pay [defendant's] fees, their claim for conversion cannot stand."). Also, the evidence of Plaintiff's consent precludes her from meeting two of the elements of a conversion claim, namely that the defendants had no right of possession, and acted wrongfully or intentionally. *Grand Pac. Fin. Corp.*, 57 Mass. App. Ct. at 412 (providing elements of conversion claim under Massachusetts law).

### III. KKF INCORPORATES ALL ARGUMENTS BY THE KEENAN DEFENDANTS

KKF adopts, incorporate, and relies upon here all arguments, authorities, and points presented by Attorney Keenan and his firm. *See* Fed. R. Civ. P. 10(c).

### IV. CONCLUSION

For all the foregoing reasons, this court should deny Plaintiff's Motion for Summary Judgment as to Defendant Keenan's Kids Foundation.

Dated: September 22, 2023                                     Respectfully Submitted,

*/s/ William M. Taylor*
John M. Bowler (*pro hac vice*)
William M. Taylor (Bar No. 624981)
Danni L. Shanel (Bar No. 710378)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
John.Bowler@troutman.com
William.Taylor@troutman.com
Danni.Shanel@troutman.com

10

163106742v3

**CERTIFICATE OF SERVICE**

I, Danni L. Shanel, hereby certify that a copy of the foregoing document has been served via ECF on this 22nd day of September, 2023 to:

Bridget A. Zerner, Esq.
John J.E. Markham, II, Esq.
Markham Read Zerner LLC
Once Commercial Wharf West
Boston, MA 02110
bzerner@markhamreadzerner.com
jmarkham@markhamreadzerner.com

Christine Knipper, Esq.
Dennis Maher, Esq.
Wilson, Elser, Moskowitz & Dicker, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
christine.knipper@wilsonelser.com

John J. O'Connor
Kristyn K. St. George
PEABODY & ARNOLD, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
Phone: (617) 951-2100
Fax: (617) 951-2125
joconnor@peabodyarnold.com
kstgeorge@peabodyarnold.com

                                              */s/ Danni L. Shanel*
                                              Danni L. Shanel